# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:19-cv-767-ECM-SMD |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC; ) | |
| HYUNDAI ENGINEERING AMERICA, INC.; ) | |
| and DYNAMIC SECURITY, INC. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT HYUNDAI ENG AMERICA INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Hyundai ENG America, Inc. ("HEA"), incorrectly identified in Plaintiff's Complaint and Jury Demand (the "Complaint") as "Hyundai Engineering America, Inc.," by and through its attorneys, moves the Court to dismiss the claims asserted against HEA in the Complaint by Plaintiff Davita M. Key in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, HEA states as follows:

### I. INTRODUCTION

The Complaint alleges that the Defendants have unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). In particular, the Complaint alleges that: (i) Plaintiff was treated differently than her white and male co-workers in that she was prohibited from wearing her natural hair; (ii) that Plaintiff was unlawfully discharged due to her pregnancy; and (iii) that Plaintiff was unlawfully retaliated against as a result of exercising legal rights. (Compl. ¶¶ 13, 22-24, and 27).

The Complaint should be dismissed for two reasons. First, the Complaint fails to properly allege that HEA employed the Plaintiff, which is a prerequisite for recovery under Title VII, and, in fact, fails to allege any actionable misconduct at all against HEA. The Complaint's conclusory assertion that HEA is an employer within the meaning of Title VII of the Civil Rights Act is insufficient to establish any employment relationship between HEA and Plaintiff. (Compl. at ¶ 7). This unsupported legal conclusion is also the only allegation made by Plaintiff in the Complaint that specifically refers to HEA in any respect. The Complaint neither alleges any unlawful acts on the part of HEA nor advances any theory of vicarious liability under which HEA may be held responsible for the acts or omissions of its co-defendants. Even if Plaintiff were able to show that a joint-employment arrangement between HEA and another defendant existed in this action, Plaintiff must still allege actionable conduct on the part of each defendant to establish a viable claim. Accordingly, Plaintiff's claims against HEA are due to be dismissed for failure to state a claim.

Second, the Complaint fails to state a claim against HEA because it does not contain any allegations demonstrating that the Plaintiff exhausted her administrative remedies with respect to HEA. Administrative exhaustion is a precondition for recovery under Title VII. The Complaint alleges only that the Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission (the "EEOC") and received a right-to-sue letter from the EEOC on or around July 15, 2019. (Compl. ¶¶ 3-4). Plaintiff specifically does not (and cannot, truthfully) state that she filed a charge of discrimination against HEA or that she received a right-to-sue letter with respect to HEA, and the right-to-sue letter attached to Plaintiff's complaint references only Hyundai Motor Manufacturing of Alabama, LLC ("HMMA"), rather than HEA. (Doc. 1-1).

Given that the Complaint fails to allege an employment relationship with HEA or any actionable misconduct on HEA's part and fails to demonstrate that the Plaintiff has satisfied the prerequisites for filing claims under Title VII, the Court should dismiss Plaintiff's claims against HEA in their entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

To state a viable claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, stating a claim requires more than a "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings offering labels, legal conclusions, or naked assertions devoid of further factual enhancement (such as this Complaint with respect to HEA) do not state a claim upon which relief may be granted. *Id.*; *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) ("plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions….") (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. But courts need not accept legal conclusions as true, nor will a formulaic recitation of the elements of a cause of action do. *Id*. Claims have factual plausibility only when they contain sufficient factual content to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Though a *pro se* plaintiff is held to less stringent standards than formal pleadings drafted by lawyers, he or she must still adhere to the Federal Rules of Civil Procedure. *Brown v. ATG, Inc.*, 2:15-cv-00161- AKK, 2015 U.S. Dist. LEXIS 73467, at *2-3 (N.D. Ala. June 8, 2015), *citing Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. <u>ARGUMENT</u>

A. <u>The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because It Does Not Sufficiently Allege that the Plaintiff Was Employed by HEA or that HEA Engaged in Actionable Misconduct.</u>

For a plaintiff to obtain relief under Title VII, he or she must properly allege the requisite employment relationship. *Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 661 (11th Cir. 2009), *citing Hishon v. King Spalding*, 467 U.S. 69 (1984) and 42 U.S.C. § 2000e-2.

Here, however, the Complaint fails to properly allege that HEA employed Plaintiff. All of Plaintiff's factual allegations relating to her employment either involve defendants HMMA and Dynamic Security, Inc ("Dynamic Security") or unnamed "supervisors," "trainers," and other passive-voiced actors. The Complaint states that Plaintiff was hired by HMMA through Dynamic Security as a mail clerk. (Compl. ¶ 12). Plaintiff alleges that she informed Ms. Gloria Robinson and Mr. Maurice Chambliss (Dynamic Security employees) of her pregnancy. (Compl. ¶ 14). Plaintiff alleges that she was told by an unnamed supervisor that her hairstyle violated an HMMA policy. (Compl. ¶ 19). Plaintiff alleges that she was told by an "HR representative for HMMA and Dynamic Security" that she was not wanted back at the work site (Compl. ¶ 25). There are no facts alleged in Plaintiff's Complaint from which a relationship of any kind between Plaintiff and HEA may be fairly inferred, much less the employer-employee relationship required by Title VII.

Because the Complaint contains no allegation of employment by HEA, the Complaint should be dismissed as a matter of law for failure to state a claim under Title VII. *Brown* at *8-9 (dismissing plaintiff's Title VII and ADA claims against defendant under Fed. R. Civ. P. 12(b)(6) because plaintiff failed to show that defendant was an employer); *Arrington v. Ala. Power Co.*, No. 2:16-cv-01355-JEO, 2017 U.S. Dist. LEXIS 6679, at *8 (N.D. Ala. Jan. 18, 2017) (ruling that

party was not a proper defendant under Title VII or ADA when plaintiff failed to show that party employed her and instead alleged that party was parent company).

In addition to Plaintiff's failure to plead an employment relationship between herself and HEA, Plaintiff fails to allege that HEA is directly responsible for any discriminatory or retaliatory acts, any adverse employment actions, or any other action that might give rise to liability under Title VII. Nor has Plaintiff pled any facts from which joint employer status with or vicarious liability for its co-defendants on the part of HEA may be plausibly inferred. Given the absence of any factual allegations pertaining to HEA, Plaintiff's claims against HEA should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**B.    Plaintiff's Claims Against HEA Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because Plaintiff Failed to Exhaust Her Administrative Remedies Against HEA.**

It is well-settled law that before a plaintiff may file a lawsuit under Title VII, he or she must first file a charge with the EEOC alleging a Title VII violation. *Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1358 (11th Cir. 1994); *Arrington*, 2017 U.S. Dist. LEXIS 6679, at *8 ("it is well-settled that before an individual may pursue a Title VII claim or an ADA claim, she must first exhaust her administrative remedies by filing an EEOC charge"). Generally, a party not named in the EEOC charge may not be sued in a later civil action. *Virgo*, 30 F.3d at 1358; *Arrington*, 2017 U.S. Dist. LEXIS 6679, at *8-9 (dismissing party from action because it was not identified in plaintiff's charge). That naming precondition "serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII" or the ADA. *Virgo*, 30 F.3d at 1358.

A party not named in an EEOC charge may be sued, however, if doing so fulfills the purposes of Title VII or the ADA. *Lewis v. Asplundh Tree Expert Co.,* 402 Fed. Appx. 454 (11th

Cir. 2010). Courts will consider several factors when determining whether the purposes of Title VII or the ADA have been met:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation [sic] process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

*Id*. at 456-57. Courts may also analyze whether an investigation of the unnamed party "could have reasonably grown out of [the EEOC] charge." *Id*. at 457 (citing *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 650 (11th Cir. 1983)).

As discussed above, the Complaint alleges only that the Plaintiff filed a charge of employment discrimination with the EEOC within 180 days of the alleged unlawful employment practices, and that Plaintiff received a right-to-sue letter on or around July 15, 2019. (Compl., ¶¶ 3-4). The Complaint is silent as to against whom the charge was filed and the letter issued. The only additional factual background provided by Plaintiff with regard to the administrative process is the attachment of a right-to-sue letter issued by the EEOC against HMMA.

There is no allegation in the Complaint that HEA was named in Plaintiff's EEOC charges. There is nothing in Plaintiff's Complaint to suggest that permitting the Plaintiff to sue HEA despite her failure to name it as a party in her EEOC charges would further the purposes of Title VII. Indeed, the Complaint offers no reason to believe that any of the above-referenced factors weigh in the Plaintiff's favor. Plaintiff has provided no facts demonstrating any similarity of interests between HEA and any other defendant named in Plaintiff's EEOC charges. Nor does the

Complaint allege that the Plaintiff or the EEOC attempted to include or invite HEA to participate in the investigation or conciliatory process.

Furthermore, the Complaint does not allege that HEA had notice of the Plaintiff's charges or any potential claims against it. Even now, after Plaintiff has filed her Complaint, it remains impossible to determine the precise nature of the claims Plaintiff desires to pursue against HEA. HEA should not be required to "fac[e] a lawsuit without notice from [the Plaintiff] that [she] would seek to impose Title VII liability against [it] and without an adequate opportunity to participate in the conciliation process." *Lewis*, 402 F. App'x at 457 (affirming district court's decision to grant summary judgment in defendant's favor when plaintiff failed to name defendant in charge of discrimination); *Waltz v. Dunning*, No. 2:13-cv-00517-JEO, 2014 U.S. Dist. LEXIS 178660, at *16 (N.D. Ala. Dec. 31, 2014) (dismissing plaintiff's claims against party who was not identified in EEOC charge because "[a]llowing plaintiff to pursue a dilatory claim against [the party] would not advance the purposes of Title VII or the EEOC").

Because the Complaint fails to demonstrate that Plaintiff exhausted her administrative remedies with respect to HEA, Plaintiff's claims against HEA are due to be dismissed.

## V. **CONCLUSION**

For the foregoing reasons, HEA respectfully asks the Court to grant this Motion and dismiss Plaintiff's Complaint in its entirety.

DATED: January 27, 2020.

                          Respectfully submitted,

                          */s/ Yurie Yeoul Bae*
                          Yurie Yeoul Bae (ASB-3264-J96L)
                          Richard L. DeWeese, Jr. (ASB-0448-K16H)
                          *Attorneys for Defendant Hyundai ENG America, Inc.*

OF COUNSEL:

**DEWEESE & BAE, LLC**
8191 Seaton Place
Montgomery, AL  36116
Telephone: (334) 239-7994
Email:  yurie@deweesebae.com
              richard@deweesebae.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 27th day of January, 2020, the foregoing was filed with the Clerk of the Court via the CM/ECF system, and a true and correct copy has been furnished by U.S. First Class Mail for service upon the following parties and/or counsel of record:

Davita M. Key
6940 Wrangler Rd, Apt. C
Montgomery, AL 36117
(334) 200-7078

Hyundai Motor Manufacturing Alabama LLC
700 Hyundai Blvd
Montgomery, AL 36105

Dynamic Security, Inc.
1102 Woodward Ave
Muscle Shoals, AL 35661

                                        */s/ Yurie Yeoul Bae*
                                        Of Counsel