IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 2:19-cv-767-ECM |
| ) | |
| HYUNDAI MOTOR ) | |
| MANUFACTURING ) | |
| ALA., LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS BY DEFENDANT DYNAMIC SECURITY, INC.**

Pursuant to Federal Rules of Civil Procedure 8(a), 9(c), and 12(b)(6), Defendant Dynamic Security, Inc. ("Dynamic"), by and through undersigned counsel, respectfully moves this Court to dismiss Plaintiff Davita Key's ("Plaintiff") claims against it on grounds set forth below.

**I.      SUMMARY OF GROUNDS FOR DISMISSAL**

Plaintiff's claims against Dynamic, all brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), must be dismissed because Plaintiff failed to plead satisfaction of conditions precedent with regard to Dynamic and because she failed to file a lawsuit against Dynamic within the statutory period prescribed by Title VII.    While Plaintiff pled generally that she satisfied administrative

1

prerequisites, she did not plead that she did so with regard to Dynamic (See Doc. 1, ¶¶ 3, 4). Further, while she had filed EEOC Charges against both Dynamic and Hyundai Motor Manufacturing of Alabama, LLC ("HMMA") and had received notices of right to sue from both, she attached to her Complaint only the Notice of Right to Sue with regard to the EEOC Charge against HMMA (See Doc. 1-1). Plaintiff omitted from her Complaint any reference to the Dismissal and Notice of Rights to Plaintiff with regard to her EEOC Charge against Dynamic. Had Plaintiff attached the Notice of Rights against Dynamic, she would have revealed that she missed the filing deadline by over 100 days and that she could not in good faith have pled that she satisfied administrative prerequisites to filing suit under Title VII. The EEOC mailed the Dismissal and Notice of Rights regarding Defendant Dynamic on March 1, 2019,[1] and she received the Dismissal and Notice of Rights on or before March 4, 2019. In order to pursue Title VII claims in federal court, Title VII requires a plaintiff to file those claims on or before 90 days following receipt of the Notice of Rights, which in this case was June 3, 2019. Plaintiff did not meet the June 3, 2019, deadline, waiting instead until October 10, 2019, to file any lawsuit against Dynamic, failing to satisfy administrative prerequisites. Plaintiff's claims against Defendant Dynamic must therefore be dismissed.

---

[1] See Exhibit C to this motion.

## II.     RELEVANT FACTUAL ALLEGATIONS[2]

1. Plaintiff's Complaint alleges, "Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the commission of the unlawful employment practice alleged in this claim." (Doc. 1, ¶ 3)

2. Plaintiff's EEOC Charge against HMMA, filed in October of 2018, is identified as Charge No. 420-2019-00128 and is attached to this Motion as Exhibit A (hereinafter referred to as the "HMMA Charge").[3]

3. Plaintiff's EEOC Charge against Dynamic, filed on August 3, 2017, is identified as Charge No. 846-2017-32787 and is attached to this Motion as Exhibit B (hereinafter referred to as the "Dynamic Charge").[4]

---

[2] Defendant Dynamic does not admit Plaintiff's factual allegations as true; rather Defendant considers them as true only for purposes of this Rule 12(b)(6) motion. Defendant's act of filing this Rule 12(b)(6) motion does not waive any defenses to Plaintiff's Complaint.

[3] For purposes of a 12(b)(6) motion, consideration is limited to the four corners of the complaint, which encompasses the complaint, itself, and any documents referenced therein or attached thereto that are central to the Plaintiffs' claims. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009).  Because the EEOC Charge is referenced in Plaintiff's Complaint, it may be attached as an exhibit to a motion to dismiss without converting the motion to dismiss to a motion for summary judgment.  Plaintiff's EEOC Charge against HMMA is attached as Exhibit A to this Motion.

[4] Because Plaintiff referenced an EEOC Charge in the Complaint, filed the Complaint against two defendants, and did not specify that her reference to an EEOC Charge applied to one defendant, Defendants must assume she intended to reference Charges as to both defendants. Defendant Dynamic therefore attaches the Dynamic EEOC Charge as an exhibit to this motion to dismiss without converting the motion to dismiss to a motion for summary judgment. See Exhibit B.

4. Plaintiff alleges she "received notification of the right-to-sue letter from the EEOC on or about July 15, 2019 and has filed this complaint within 90 days of receiving the EEOC's notice of the right to sue." (Doc. 1, ¶ 4)

5. Plaintiff attached as an exhibit to her Complaint the Notice of Right to Sue as to the HMMA Charge ("HMMA Notice of Rights") (Doc. 1-1), and the mailing date stamped on that Notice is July 12, 2019.

6. Plaintiff failed to attach as an exhibit the Dismissal and Notice of Right to Sue as to the Dynamic Charge ("Dynamic Notice of Rights"); therefore Defendant attaches that notice to this motion as Exhibit C.[5]

7. The mailing date stamped on the Dynamic Notice of Rights is March 1, 2019 (Ex. C).

8. Presuming three days for receipt after mailing by the EEOC, receipt of the Dynamic Notice of Rights is attributed to Plaintiff on March 4, 2019.

9. Ninety days after March 4, 2019, is June 3, 2019.[6]

---

[5] Plaintiff's Complaint did not specifically reference a right-to-sue letter with regard to Defendant Dynamic; however, the Middle District of Alabama's Pro Se instructions for filing employment lawsuits instruct plaintiffs as follows: "[w]hen filing your complaint with the Clerk's Office, you must present the Right to Sue Notice which will be included as part of your case." www.almd.uscourts.gov/faq/there-special-information-about-employment-discrimination-cases. Plaintiff failed to attach the Right to Sue Notice with regard to her claims against Defendant Dynamic; therefore, Defendant Dynamic may attach it without converting the motion into a motion for summary judgment.

[6] June 2, 2019, was a Sunday, thus, the deadline for filing moved to Monday, June 3, 2019.

10. Plaintiff filed the Complaint on October 10, 2019, which was well over 200 days after she presumptively received the Dynamic Notice of Rights and over 100 days after the limitations period expired.

## III. LAW AND ARGUMENT

### A. **Legal Standards.**

Federal Rule of Civil Procedure 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P*. 8(a)(2). The Supreme Court elaborated on this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), affirming that a plaintiff's complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Fed. R. Civ. P. 9(c) requires that a plaintiff must generally allege in his complaint that "all conditions precedent to the institution of the lawsuit have been fulfilled."

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests whether a cognizable claim has been adequately stated in the complaint in compliance with Rule 8(a). *See Twombly*, 550 U.S. at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* at 679. "All reasonable inferences are drawn in favor of the plaintiff; however, unsupported conclusions of law or of mixed fact and law have long been recognized

not to prevent a Rule 12(b)(6) dismissal." *Mims v. Monroe Cty. Bd. of Educ.*, No. 13-643-KD-M, 2014 U.S. Dist. LEXIS 76456, at *4-5 (S.D. Ala. May 20, 2014) (citing *Abraham v. Greater Birmingham Humane Soc'y, Inc.*, No. 2:11-CV-4358-SLB, 2014 U.S. Dist. LEXIS 34174, 2014 WL 1043230, *1 (N.D. Ala. Mar. 17, 2014) (*citing Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(citation omitted)).

The lack of any law upon which to base a claim against a defendant requires dismissal for failure to state a claim under *Fed. R. Civ. P*. 12(b)(6). *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). Further, dismissal for failure to file a lawsuit within 90 days after receipt of the notice-of-right-to-sue letter from the EEOC is also grounds for dismissal pursuant to Rule 12(b)(6). *Roach v. AKAL Sec., Inc.,* 2008 U.S. Dist. LEXIS 81869, at *4 (M.D. Ala. Oct. 15, 2008); *Keith v. Talladega City Bd. of Educ.*, No. 1:18-CV-1311-KOB, 2019 U.S. Dist. LEXIS 66311, at *12 (N.D. Ala. Apr. 17, 2019) (where, upon a Rule 12(b)(6) motion to dismiss, a defendant contests that the plaintiff filed the complaint within 90 days of receiving the EEOC's right-to-sue letter, the plaintiff must show that the complaint was timely filed or face dismissal).

B.   **Legal Analysis.**[7]

    1.   Plaintiff's claims against Dynamic must be dismissed because Plaintiff failed to plead that she satisfied administrative prerequisites with regard to Defendant Dynamic.

To proceed with her case, Plaintiff must plead and establish that she has met conditions precedent prior to filing this lawsuit. *See Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed. R. Civ. P. 9(c) and noting that "a plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'") For a plaintiff to maintain an action under the Title VII, she must have alleged and established administrative prerequisites: that she filed the Complaint within ninety days of receiving the EEOC's Notice-of-Right-to-Sue letter. *Kerr v. McDonald's Corp.*, 333 F. Supp. 2d 1352, 1358 (N.D. Ga. 2004) (citing *Green v. Union Foundry Co.*, 281 F.3d 1229 (11th Cir.), *cert. denied*, 537 U.S. 953, 123 S. Ct. 422, 154 L. Ed. 2d 302 (2002)). Further, where there are multiple defendants, a plaintiff must establish that she has met administrative prerequisites with regard to each defendant. *Reguero v. Airport Terminal Serv.*, No. 2:13-cv-97-FtM-38DNF, 2013 U.S. Dist. LEXIS 84064, at *4

---

[7] At present, there may be various additional grounds for dismissal under Rule 12; however, Dynamic does not wish to unduly burden the Court or the parties by filing motions to dismiss claims that are not in fact asserted in the Complaint or are too vague for Defendant to respond. Defendant reserves the right to file any and all other required motions pursuant to Rule 12(b) after this Court rules on the instant motion. The filing of the instant motion should not be interpreted to, nor does it waive, Defendant's right to file additional motions under Rule 12(b) if necessary. Moreover, the absence of subject matter jurisdiction is never waived.

(M.D. Fla. June 14, 2013)(requiring plaintiff to attach supporting documentation showing that he received a notice-of-right-to-sue letter with regard to each defendant).

Here, Plaintiff failed to plead that "all conditions precedent to the institution of the lawsuit have been fulfilled" with regard to Defendant Dynamic. Her allegation that she satisfied administrative prerequisites referenced only the date she received the HMMA Notice of Rights, and thus her allegations were limited to Defendant HMMA. (Doc. 1, ¶ 4). Plaintiff alleges that she received notification of the right-to-sue letter from the EEOC on or about July 15, 2019, and that she has filed this Complaint within 90 days of receiving the EEOC's notice of the right to sue (Doc. 1, ¶ 4). Plaintiff attached to her Complaint the HMMA Notice of Rights, and it is dated as having been mailed on July 12, 2019, which comports with the date Plaintiff alleges she received it (Doc. 1-1). The HMMA Notice of Rights gave Plaintiff 90 days to file a Title VII lawsuit against HMMA seeking to remedy the allegations included in the HMMA EEOC Charge.

Plaintiff's Complaint is devoid of any reference to the Dynamic EEOC Charge or the Dynamic Notice of Rights. By omission, Plaintiff failed to plead that she satisfied administrative prerequisites for her claims against Dynamic, failed to plead the date she received the Dynamic Notice of Rights, and failed to attach the Dynamic Notice of Rights as an exhibit. These pleading omissions alone require dismissal of

Dynamic as a defendant in this lawsuit.

> 2. <u>Plaintiff's claims against Dynamic must be dismissed because Plaintiff failed to file the Complaint within 90 days after receiving the Notice of Suit Rights as to the EEOC Charge against Dynamic</u>.

The indisputable evidence shows that Plaintiff missed the filing deadline as to Dynamic by over 100 days, which is an additional and independent reason for this Court to dismiss Plaintiff's lawsuit against Defendant Dynamic. When a defendant contests this issue, as Dynamic is doing here, the plaintiff bears the burden of establishing satisfaction of the ninety-day filing requirement. *Mims,* 2014 U.S. Dist. LEXIS 76456, at *6-7 (citing *Green*, 281 F.3d at 1234 (*citing Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982))). The determination of what constitutes "receipt" of a notice of right to sue must be decided based on "the individual characteristics of a given fact pattern." *Henderson v. NCO Fin. Sys.*, No. CA-09-769-CG-C, 2010 U.S. Dist. LEXIS 32462, 2010 WL 1382737, at *4 (S.D. Ala. Mar. 12, 2010); *see also Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir. 1982)(determination of when an EEOC letter is received is on a case-by-case basis and ninety day clock started running upon the arrival of the letter to the address provided by the would-be plaintiff). Where there is no evidence to the contrary, the court will assume that the plaintiff received the right-to-sue letter three days after it was issued. *Kerr*, 427 F.3d at 953, n. 9; *Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 335-36 (11th Cir. 2018) (where the date of receipt by mail is in dispute,

9

the court presumes that the plaintiff received the right-to-sue-letter three days after it was issued, which meant that the plaintiff was deemed to have filed his complaint on the 98th day, making it untimely).

Here, the Dynamic Notice of Rights, attached to this motion as Exhibit C, forecloses any possibility for Plaintiff to establish satisfaction of the ninety-day filing requirement. The Dynamic Notice of Rights reflects that the EEOC mailed it to Plaintiff on March 1, 2019. Plaintiff's Complaint does not allege that she received the Dynamic Notice of Rights on a certain date. Therefore, the presumptive three-day rule applies, requiring this Court to presume that Plaintiff received the Notice on March 4, 2019. Ninety days after March 4, 2019, was June 2, 2019, which was the last day Plaintiff could have filed a timely lawsuit arising out of her EEOC Charge against Dynamic. Since Plaintiff did not file her Complaint until over 100 days later, on October 10, 2019 (Doc. 1), her lawsuit against Dynamic is untimely and must be dismissed.

WHEREFORE, for these reasons set forth above, this motion to dismiss all claims against Defendant Dynamic Security is due to be granted.

Respectfully submitted,

*/s/Susan W. Bullock*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP

10

>420 20th Street North, Suite 2560
>Birmingham, AL  35203
>wredmond@fordharrison.com
>sbullock@fordharrison.com
>Phone: 205-244-5905
>           205-244-5904
>Facsimile: 615-709-3139
>
>Counsel for Defendant Dynamic Security, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on 28th day of January, 2020, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System, and a true and correct copy to the following by U.S. Mail:

>Davita M. Key (Pro Se)
>6940 Wrangler Road, Apt. C
>Montgomery, AL 36117
>(334) 200-7078
>
>Plaintiff, *pro se*

>>*/s Susan W. Bullock*
>>Of Counsel

WSACTIVELLP:11250071.1