## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:19-cv-00767-ECM-SMD |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC; | ) | |
| HYUNDAI ENG AMERICA, INC.; | ) | |
| and DYNAMIC SECURITY, INC. | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANT HYUNDAI ENG AMERICA INC.'S ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Hyundai ENG America, Inc. ("HEA") answers Plaintiff's First Amended

Complaint (Doc. 28) as follows:

### I. JURISDICTION AND VENUE

1.      Defendant Hyundai ENG America, Inc. ("HEA") does not dispute that this Court

has subject matter jurisdiction over this action. Defendant denies that it violated any of the laws

cited in Paragraph 1 or engaged in any unlawful conduct toward Plaintiff. HEA further denies that

Plaintiff is entitled to the relief she seeks. Except as expressly admitted, HEA denies the remaining

allegations in Paragraph 1.

### II. PARTIES

2.      HEA admits that Plaintiff is a Black female over the age of 18. HEA lacks

knowledge or information sufficient to form a belief as to Plaintiff's residency, and, on this basis,

denies such allegation.

3.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, on this basis, denies those allegations.

4.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, on this basis, denies those allegations.

5.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 5 and, on this basis, denies those allegations.

6.     HEA admits that it is a foreign corporation registered to do business in the State of Alabama. HEA denies the remaining allegations contained in Paragraph 6.

7.     HEA admits that it provided certain services at the facilities of Hyundai Motor Manufacturing Alabama, LLC ("HMMA") in Montgomery, Alabama in 2017. HEA denies the remaining allegations contained in Paragraph 7.

8.     HEA admits that its employees performed work on the premises at HMMA. HEA denies the remaining allegations contained in Paragraph 8.

9.      HEA employees are subject to certain HMMA policies applicable to persons on HMMA premises while providing services thereon. HEA denies the remaining allegations in Paragraph 9 and specifically denies the allegation that HEA employees were generally subject to HMMA policies or procedures.

10.    HEA denies the allegations in Paragraph 10.

11.    HEA denies the allegations in Paragraph 11.

12.    HEA denies the allegations in Paragraph 12.

13.    Paragraph 13 consists of Plaintiff's explanation of terminology, to which no response is required. To the extent that Paragraph 13 may be deemed to require a response, it is denied.

2

14.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on this basis, denies those allegations.

15.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on this basis, denies those allegations.

16.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on this basis, denies those allegations.

17.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, on this basis, denies those allegations.

18.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, on this basis, denies those allegations.

19.     HEA admits the allegations in Paragraph 19.

20.     HEA denies the allegations in Paragraph 20.

21.     Dynamic Security Inc, ("Dynamic") employees were subject to certain HMMA and/or HEA policies applicable to persons on HMMA premises while providing services thereon. HEA denies the remaining allegations in Paragraph 21 and specifically denies the allegation that Dynamic employees were generally subject to HMMA or HEA policies or procedures.

22.     HEA denies the allegations in Paragraph 22.

23.     HEA denies the allegations in Paragraph 23.

### III.  CONDITIONS PRECEDENT

24.     Paragraph 24 consists of Plaintiff's characterization of her claim, to which no response is required. To the extent the allegations in Paragraph 24 may be deemed to require a response, they are denied.

25.      To the extent the allegations of Paragraph 25 reflect the contents of the document, the document speaks for itself, and HEA denies the allegations to the extent that they are inconsistent with that document. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and, on this basis, denies those allegations.

26.      To the extent the allegations of Paragraph 26 reflect the contents of the document, the document speaks for itself, and HEA denies the allegations to the extent that they are inconsistent with that document. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and, on this basis, denies those allegations.

27.      To the extent the allegations of Paragraph 27 reflect the contents of the document, the document speaks for itself, and HEA denies the allegations to the extent that they are inconsistent with that document. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and, on this basis, denies those allegations.

28.      To the extent the allegations of Paragraph 28 reflect the contents of the document, the document speaks for itself, and HEA denies the allegations to the extent that they are inconsistent with that document. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and, on this basis, denies those allegations.

29.      HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and, on this basis, denies those allegations.

30.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and, on this basis, denies those allegations.

31.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and, on this basis, denies those allegations.

32.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and, on this basis, denies those allegations.

33.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and, on this basis, denies those allegations.

34.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and, on this basis, denies those allegations.

35.     HEA denies the allegations in Paragraph 35.

36.     HEA admits that there are no administrative prerequisites to file a claim under 42 U.S.C. § 1981. HEA denies the remaining allegations in Paragraph 36.

## IV. FACTS

37.     HEA admits that Plaintiff is Black.

38.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, on this basis, denies those allegations.

39.     HEA admits that it contracted with HMMA to provide security services at HMMA's premises located at 700 Hyundai Blvd, Montgomery, AL 36105, and that it formerly subcontracted certain of those services to Dynamic. HEA denies the remaining allegations in Paragraph 39.

40.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, on this basis, denies those allegations.

41.     HEA admits that Dynamic provided certain staff to the facility located at 700 Hyundai Blvd at the time Plaintiff was assigned to the Hyundai Plant.

42.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, on this basis, denies those allegations.

43.     HEA admits that Plaintiff was interviewed at the HMMA plant. HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, on this basis, denies those allegations.

44.     HEA admits that Plaintiff was interviewed at the HMMA plant on or around July 19, 2017 by Gloria Robinson and Lt. Maurice Chambliss. HEA denies that Cassandra Williams interviewed Plaintiff.

45.     HEA admits that Plaintiff wore her hair in a dreadlocks style on the date of her interview. HEA denies the remaining allegations in Paragraph 45.

46.     HEA admits that at the conclusion of the interview, Ms. Robinson requested that Ms. Cassandra Williams enter the interview room to review Plaintiff's hairstyle. HEA denies the remaining allegations in Paragraph 46.

47.     HEA denies the allegations in Paragraph 47.

48.     HEA admits that Plaintiff showed Ms. Williams and Ms. Robinson a photo on her cellphone of a hairstyle she had worn in the past where the dreadlocks were styled in a way that was approved by both Ms. Williams and Ms. Robinson. HEA denies the remaining allegations in Paragraph 48.

49.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to emails between Robinson and Plaintiff, and, on this basis, denies those

allegations. HEA further denies that Dynamic worked under the umbrella and direction of HEA or HMMA.

50.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and, on this basis, denies those allegations.

51.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and, on this basis, denies those allegations.

52.     HEA admits that Plaintiff reported to her first day of work on July 31, 2017 at the Hyundai Plant wearing her hair in same style as she had worn during her interview. HEA denies the remaining allegations in Paragraph 52.

53.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and, on this basis, denies those allegations.

54.     HEA admits that Plaintiff initiated a conversation with Ms. Williams, and Ms. Williams did not mention her hairstyle in response to Plaintiff's inquiries. HEA denies the remaining allegations in Paragraph 54.

55.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and, on this basis, denies those allegations.

56.      HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and, on this basis, denies those allegations.

57.      HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and, on this basis, denies those allegations.

58.     HEA denies the allegations in Paragraph 58.

59.     HEA denies the allegations in Paragraph 59.

60.     HEA denies the allegations in Paragraph 60.

61.     HEA denies the allegations in Paragraph 61.

62.     HEA denies the allegations in Paragraph 62.

63.     HEA admits that a Dynamic employee named Latunya Howell was assigned to train Plaintiff in the mailroom. All references in the Amended Complaint to "Tanya" are construed to refer to Latunya Howell.

64.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and, on this basis, denies those allegations.

65.     HEA admits that Ms. Robinson and Plaintiff came to Ms. Williams' office to discuss HEA's appearance policy. HEA denies the remaining allegations in Paragraph 65.

66.     HEA admits that Ms. Williams showed Plaintiff the appearance policy applicable to Plaintiff and informed Plaintiff that her hairstyle violated that policy. HEA denies the remaining allegations in Paragraph 66.

67.     HEA denies the allegations in Paragraph 67.

68.     HEA denies the allegations in Paragraph 68.

69.     HEA admits that Ms. Williams gave Plaintiff the option to wear a ball cap until she could get an appointment with her stylist. HEA admits that Ms. Williams did not instruct Plaintiff to go home. HEA denies the remaining allegations in Paragraph 69.

70.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and, on this basis, denies those allegations.

71.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and, on this basis, denies those allegations.

72.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and, on this basis, denies those allegations.

73.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and, on this basis, denies those allegations.

74.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and, on this basis, denies those allegations.

75.     HEA admits that Ms. Williams did not acknowledge Key or raise any concern with Plaintiff's hairstyle or hat on August 1, 2017. HEA denies the remaining allegations in Paragraph 75.

76.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and, on this basis, denies those allegations.

77.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and, on this basis, denies those allegations.

78.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and, on this basis, denies those allegations.

79.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and, on this basis, denies those allegations.

80.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and, on this basis, denies those allegations.

81.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and, on this basis, denies those allegations.

82.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 pertaining to what Ms. Robinson told Plaintiff and, on this basis, denies those allegations. HEA specifically denies that any such memos were ever sent.

83.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and, on this basis, denies those allegations.

84.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and, on this basis, denies those allegations.

85.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and, on this basis, denies those allegations.

86.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and, on this basis, denies those allegations.

87.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and, on this basis, denies those allegations.

88.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the subject matter of the conversation between Plaintiff and Ray Cureton in Paragraph 88, and, on this basis, denies those allegations.

89.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and, on this basis, denies those allegations.

90.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and, on this basis, denies those allegations.

91.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and, on this basis, denies those allegations.

92.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and, on this basis, denies those allegations.

93.     HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and, on this basis, denies those allegations.

94.     HEA denies the allegations in Paragraph 94.

95.     HEA denies the allegations in Paragraph 95.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### Count One: Title VII – Pregnancy Discrimination

96.     Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 96 require a response, HEA adopts and realleges its responses to Paragraphs 1-95 as if fully set forth herein.

97.     Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 97 require a response, they are denied.

98.     Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 98 require a response, they are denied.

99.     Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 99 require a response, they are denied.

100.    Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 100 require a response, they are denied.

101.    Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 101 require a response, they are denied.

102.    Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 102 require a response, they are denied.

103.    Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 103 require a response, they are denied.

104.    Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 104 require a response, they are denied.

105.     Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 105 require a response, they are denied.

106.     Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 106 require a response, they are denied.

107.     Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 107 require a response, they are denied.

108.     Count One has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 108 require a response, they are denied.

Count One has been dismissed as to HEA and therefore no response is required to Plaintiff's prayer for relief. To the extent that it requires a response, HEA denies that Plaintiff is entitled to judgment or any of the relief requested.

### Count Two:  Title VII – Race Discrimination

109.     Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 109 require a response, they are denied.

110.     Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 110 require a response, they are denied.

111.     Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 111 require a response, they are denied.

112.     Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 112 require a response, they are denied.

113.     Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 113 require a response, they are denied.

114.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 114 require a response, they are denied.

115.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 115 require a response, they are denied.

116.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 116 require a response, they are denied.

117.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 117 require a response, they are denied.

118.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 118 require a response, they are denied.

119.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 119 require a response, they are denied.

120.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 120 require a response, they are denied.

121.    The disparate impact claim in Count Two has been dismissed and therefore no response is required. To the extent that the allegations in Paragraph 121 require a response, they are denied.

122.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 122 require a response, they are denied.

123.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 123 require a response, they are denied.

124.    Count Two has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 122 require a response, they are denied.

13

Count Two has been dismissed as to HEA and therefore no response is required to Plaintiff's prayer for relief. To the extent that it requires a response, HEA denies that Plaintiff is entitled to judgment or any of the relief requested.

**Count Three: 42 U.S.C. § 1981 Discrimination**

125.    HEA adopts and realleges its responses to Paragraphs 1 – 95 as if fully set forth herein.

126.    To the extent that the allegations in Paragraph 126 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and, on this basis, denies those allegations.

127.    HEA admits that Plaintiff was hired by Dynamic to provide services at the mail room at the Hyundai Plant. HEA denies the remaining allegations in Paragraph 127.

128.    HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and, on this basis, denies those allegations.

129.    To the extent that the allegations in Paragraph 129 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 and, on this basis, denies those allegations.

130.    To the extent that the allegations in Paragraph 130 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 and, on this basis, denies those allegations.

131.    HEA admits that Plaintiff wore her hair in dreadlocks style. HEA denies the remaining allegations in Paragraph 131.

132.   To the extent that the allegations in Paragraph 132 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 and, on this basis, denies those allegations.

133.   To the extent that the allegations in Paragraph 133 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and, on this basis, denies those allegations.

134.   To the extent that the allegations in Paragraph 134 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134 and, on this basis, denies those allegations.

135.   The disparate impact claim in Count Three has been dismissed, and therefore no response is required. To the extent that the allegations in Paragraph 135 require a response, they are denied.

136.   HEA denies the allegations in Paragraph 136.

137.   HEA denies the allegations in Paragraph 137.

138.   HEA denies the allegations in Paragraph 138.

To the extent Plaintiff's prayer for relief requires a response, HEA denies that Plaintiff is entitled to judgment or any of the relief requested.

### Count Four: Title VII – Race Retaliation

139.   HEA adopts and realleges its responses to Paragraphs 1 – 95 as if fully set forth herein.

140.   Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 140 require a response, they are denied.

141.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 141 require a response, they are denied.

142.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 142 require a response, they are denied.

143.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 143 require a response, they are denied.

144.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 144 require a response, they are denied.

145.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 145 require a response, they are denied.

146.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 146 require a response, they are denied.

147.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 147 require a response, they are denied.

148.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 148 require a response, they are denied.

149.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 149 require a response, they are denied.

150.     Count Four has been dismissed as to HEA and therefore no response is required. To the extent that the allegations in Paragraph 150 require a response, they are denied.

Count Four has been dismissed as to HEA and therefore no response is required to Plaintiff's prayer for relief. To the extent that it requires a response, HEA denies that Plaintiff is entitled to judgment or any of the relief requested.

16

**Count Five: 42 U.S.C. § 1981 Race Retaliation**

151.    HEA adopts and realleges its responses to Paragraphs 1 – 95 as if fully set forth herein.

152.    To the extent that the allegations in Paragraph 152 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 and, on this basis, denies those allegations.

153.    To the extent that the allegations in Paragraph 153 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153 and, on this basis, denies those allegations.

154.    To the extent that the allegations in Paragraph 154 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 and, on this basis, denies those allegations.

155.    To the extent that the allegations in Paragraph 155 are directed to HEA, they are denied. HEA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 and, on this basis, denies those allegations.

156.    HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and, on this basis, denies those allegations.

157.    To the extent that the allegations in Paragraph 157 are directed to HEA, they are denied. To the extent that the allegations are directed to other defendants, HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 and, on this basis, denies those allegations.

158.    HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, on this basis, denies those allegations.

159.     To the extent that the allegations in Paragraph 159 are directed to HEA, they are denied. To the extent that the allegations are directed to other defendants, HEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, on this basis, denies those allegations.

160.     HEA denies the allegations in Paragraph 160.

161.     HEA denies the allegations in Paragraph 161.

162.     HEA denies the allegations in Paragraph 162.

To the extent Plaintiff's prayer for relief requires a response, HEA denies that Plaintiff is entitled to judgment or any of the relief requested.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

HEA states the following affirmative and additional defenses. HEA expressly reserves its right to assert other affirmative and additional defenses and/or supplement or amend its Answer upon discovery of facts and evidence.

## FIRST DEFENSE

Plaintiff's Complaint and each cause of action therein fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff failed to state a claim for race discrimination or retaliation under 42 U.S.C § 1981 with respect to HEA.  Plaintiff has failed to engage in a protected activity by complaining (or having a reasonable belief that Plaintiff complained) of race discrimination under 42 U.S.C § 1981.

## THIRD DEFENSE

All actions taken by HEA with regard to Plaintiff were justified, taken in good faith and for lawful, non-retaliatory, legitimate, non-discriminatory reasons. HEA would have made some

or all of the decisions and/or actions alleged as discriminatory or retaliatory even if Plaintiff had not been in a protected class in individuals or engaged in the alleged protected conduct.

## FOURTH DEFENSE

Assuming *arguendo* any employee of HEA engaged in discrimination or other unlawful conduct toward Plaintiff, HEA neither knew nor reasonably should have known of the unlawful conduct and did not authorize, ratify, or consent to any unlawful conduct.

## FIFTH DEFENSE

Assuming *arguendo* any employee of HEA engaged in discrimination, retaliation, or any unlawful conduct toward Plaintiff, that conduct was contrary to HEA's express policies against discrimination and retaliation, occurred outside the scope of any employment relationship, and cannot be attributed to HEA.

## SIXTH DEFENSE

HEA at all times acted reasonably and in good faith towards Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims for equitable relief are barred by the doctrines of unclean hands, estoppel, waiver, consent, laches, and/or accord and satisfaction.

## EIGHTH DEFENSE

Plaintiff did not suffer any adverse employment action or damages because of any alleged discrimination or retaliation. Any alleged damages suffered by Plaintiff were caused by and/or were contributed to by the acts or omissions of Plaintiff or those other than HEA.

## NINETH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent she failed to use reasonable means to mitigate her alleged damages. Plaintiff's alleged claims are barred, in whole or in part,

by the right of Defendants to a set-off against such alleged damages and/or damages recovered from other Defendants.

## TENTH DEFENSE

The Complaint should be dismissed to the extent that any of Plaintiff's claims are barred by the applicable statute of limitations.

## ELEVENTH DEFENSE

HEA avers that any award of punitive damages to Plaintiff would violate the Constitution of the United States.

## TWELFTH DEFENSE

Race or any alleged engagement in protected activity was not the "but for" cause of any adverse decision against Plaintiff or any alleged injury suffered by Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff does not have standing to seek injunctive relief.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead special damages with the specificity required by the Federal Rules of Civil Procedure.

## FIFTEENTH DEFENSE

HEA was not a direct or joint employer of Plaintiff at any time.

## SIXTEENTH DEFENSE

Assuming *arguendo* any other defendant or an employee thereof engaged in discrimination, retaliation, or any unlawful conduct toward Plaintiff, such conduct cannot be attributed to HEA.

## SEVENTEENTH DEFENSE

Plaintiff did not engage in a protected activity generally because she could not have had a reasonable belief that a policy against dreadlocks was unlawful.

### **EIGHTEENTH DEFENSE**

Policies restricting certain hairstyles, including dreadlocks, are not unlawful. *EEOC v. Catastrophe Mgmt. Solutions*, 852 F.3d 1018 (11th Cir. 2016).

**WHEREFORE**, Defendant HEA respectfully requests that the Court (a) dismiss Plaintiff's claims against HEA with prejudice; (b) enter judgment against Plaintiff and in favor of HEA; (c) assess costs against Plaintiff; and (d) award HEA any other relief deemed just and proper, including, but not limited to, attorney's fees and costs incurred in the defense of this action.

DATED:  September 14, 2021

Respectfully submitted,

*/s/ Yurie Yeoul Bae*
Yurie Yeoul Bae (ASB-3264-J96L)
Richard L. DeWeese, Jr. (ASB-0448-K16H)
*Attorneys for Defendant Hyundai ENG America, Inc.*

OF COUNSEL:

**DEWEESE & BAE, LLC**
8191 Seaton Place
Montgomery, AL  36116
Telephone: (334) 239-7994
Email:  yurie@deweesebae.com
        richard@deweesebae.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this September 14, 2021, the foregoing was filed with the Clerk of the Court via the CM/ECF which will send notification of such filing to the following counsel of record:

Heather Newsom Leonard, Esq.
Heather Leonard, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243

Leslie Palmer, Esq.
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233

Wesley C. Redmond, Esq.
Susan W. Bullock, Esq.
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL 35203

David J. Middlebrooks, Esq.
Whitney R. Brown, Esq.
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL 35202


*/s/ Yurie Yeoul Bae*
OF COUNSEL