IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) | |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING | ) | |
| ALABAMA, LLC, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES TO PLAINTIFF'S
## AMENDED COMPLAINT

Dynamic Security, Inc. ("Dynamic"), by and through undersigned counsel, respectfully responds to Plaintiff Davita Key's ("Plaintiff") First Amended Complaint (Doc. 28) alleging as follows:

Except as admitted, qualified or affirmatively alleged in this Answer, Dynamic denies each and every allegation in the Amended Complaint.

## I.    JURISDICTION AND VENUE

1.    Dynamic admits that the Court has subject matter jurisdiction over the federal claims asserted in this action and that the Plaintiff seeks relief under these claims, but Dynamic denies the remainder of the allegations set forth in Paragraph One of the Complaint.

## II.    PARTIES

2.    Dynamic admits Plaintiff correctly stated her race and age, but is without sufficient information to admit or deny Plaintiff's residency.

3.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph Three of the Amended Complaint.

4.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph Four of the Amended Complaint.

5.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph Five of the Amended Complaint.

6.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph Six of the Amended Complaint.

7.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph Seven of the Amended Complaint.

8.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph Eight of the Amended Complaint.

9.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph Nine of the Amended Complaint.

10.    Dynamic is without sufficient information to admit or deny the allegations set for in Paragraph Ten of the Amended Complaint.

11.    Dynamic is without sufficient information to admit or deny the allegations set for in Paragraph Eleven of the Amended Complaint.

12.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 12 of the Amended Complaint.

13.    Dynamic acknowledges Plaintiff refers to Defendant HEA and Defendant HMMA jointly as "Hyundai."

14.    Dynamic admits the allegations set forth in Paragraph 14 of the Amended Complaint.

15.    Dynamic admits the allegations set forth in Paragraph 15 of the Amended Complaint.

16.    Dynamic admits the allegations set forth in Paragraph 16 of the Amended Complaint.

17.    In response to Paragraph 17 of the Amended Complaint, Dynamic admits that its website identifies the services set forth in Paragraph 17 of the Amended Complaint.

18.    In response to Paragraph 18 of the Complaint, the language set forth is an incomplete statement, so Dynamic denies the allegations set forth in Paragraph 18 of the Amended Complaint.

19.    Dynamic admits the allegations set forth in Paragraph 19 of the Amended Complaint.

20.    Dynamic admits the allegations set forth in Paragraph 20 of the Amended Complaint.

21.    Dynamic admits the allegations set forth in Paragraph 21 of the Amended Complaint.

22.    Dynamic admits the allegations set forth in Paragraph 22 of the Amended Complaint.

23.    Dynamic denies the allegations set forth in Paragraph 23 of the Amended Complaint.

### III.    CONDITIONS PRECEDENT

24.    Dynamic denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25.    Dynamic admits the allegations set forth in Paragraph 25 of the Amended Complaint.

26.    Dynamic admits the allegations set forth in Paragraph 26 of the Amended Complaint.

27.    Dynamic admits the allegations set forth in Paragraph 27 of the Amended Complaint.

28.    Upon information and belief, Dynamic admits the allegations set forth in Paragraph 28 of the Amended Complaint.

29.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30.    Dynamic admits the allegations set forth in Paragraph 30 of the Amended Complaint.

31.    Dynamic is without sufficient information to admit or deny the allegations in Paragraph 31 of the Amended Complaint and therefore denies them.

32.    Dynamic is without sufficient information to admit or deny Plaintiff's beliefs. Dynamic denies that the notice of right to sue referenced in Paragraph 32 of the Amended Complaint applies to Plaintiff and denies any remaining allegations set forth in Paragraph 32 of the Amended Complaint.

33.    Dynamic is without sufficient information to admit or deny Plaintiff's beliefs. Dynamic denies that the notice of right to sue referenced in Paragraph 33 of the Amended Complaint applies to Plaintiff and denies any remaining allegations set forth in Paragraph 33 of the Amended Complaint.

34.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 34 of the Amended Complaint and therefore denies them.

35.    Dynamic denies the allegations set forth in Paragraph 35 of the Amended Complaint.

36.    Dynamic admits that the statute cited does not require satisfaction of administrative prerequisites. Defendant denies Plaintiff is entitled to bring this action or recover damages pursuant to the statute cited and denies any remaining allegations set forth in Paragraph 36 of the Amended Complaint.

## IV.   FACTS

37.    Dynamic admits the allegation set forth in Paragraph 37 of the Amended Complaint.

38.    Dynamic admits the allegations set forth in Paragraph 38 of the Amended Complaint.

39.    Dynamic denies that Dynamic contracts with Defendant HEA to perform work at the identified site. Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 39 of the Amended Complaint and therefore denies them.

40.    Upon information and belief, Dynamic admits the allegations in Paragraph 40 of the Amended Complaint.

41.    Dynamic admits the allegations set forth in Paragraph 41 of the Amended Complaint.

42.    In response to Paragraph 42 of the Amended Complaint, Dynamic admits the Plaintiff applied for a position and was selected for an interview.

Dynamic denies the remaining allegations set forth in Paragraph 42 of the Amended Complaint.

43.    Dynamic admits that, based on Plaintiff's application, she was approved for an interview at the Hyundai Plaintiff. Defendant denies any remaining allegations set forth in Paragraph 43 of the Amended Complaint.

44.    Dynamic admits that Gloria Robinson and Maurice Chambliss interviewed Plaintiff on July 19, 2017. Dynamic denies the remaining allegations set forth in Paragraph 44 of the Amended Complaint.

45.    In response to Paragraph 45 of the Complaint, Dynamic admits the Plaintiff wore her hair in a dreadlock style at the interview and denies the remainder of the allegations of Paragraph 45 of the Amended Complaint.

46.    In response to Paragraph 46 of the Amended Complaint, Dynamic admits that Robinson brought in Williams to provide a second opinion, but denies Dynamic the remainder of the allegations set forth in Paragraph 46 of the Amended Complaint.

47.    Dynamic denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48.    In response to Paragraph 48 of the Amended Complaint, Dynamic admits that Robinson and Williams approved the hair style Plaintiff showed in a

picture, but denies the remaining allegations set forth in Paragraph 48 of the Amended Complaint.

49.    Dynamic admits only that it offered Plaintiff a job and assigned her to the Hyundai plant. Dynamic denies the remaining allegations set forth in Paragraph 49 of the Amended Complaint.

50.    Dynamic admits the allegations set forth in Paragraph 50 of the Amended Complaint.

51.    Defendant denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52.    Dynamic admits only that Plaintiff's first day of assignment to the Hyundai Plant was July 31, 2017. Dynamic denies the remaining allegations set forth in Paragraph 52 of the Amended Complaint.

53.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 54.

55.    Dynamic denies the allegations set forth in Paragraph 55 of the Amended Complaint.

56.    In response to Paragraph 56 of the Amended Complaint, Dynamic admits that Plaintiff asked to speak to Robinson regarding a personal matter and told

Robinson and Chambliss she was pregnant, but denies the remaining allegations set forth in Paragraph 56 of the Amended Complaint.

57.    Dynamic denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58.    Dynamic denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 59 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60.    Dynamic is without sufficient information to admit or deny what Plaintiff told Williams and therefore denies the same. Dynamic denies the remaining allegations set forth in Paragraph 60 of the Amended Complaint.

61.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 61 of the Amended Complaint and therefore denies them.

62.    Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 62 of the Amended Complaint and therefore denies them.

63.     In response to Paragraph 63 of the Amended Complaint, Dynamic admits that Plaintiff began working with LaTonya Howell a mailroom employee and trainer.

64.     Dynamic denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65.     In response to Paragraph 5 of the Amended Complaint, Dynamic admits that Key met with Robinson and Chambliss, but denies the remaining allegations set forth in Paragraph 65 of the Amended Complaint.

66.     Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 66 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 66 of the Amended Complaint.

67.     Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 67 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68.     Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 68 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 68 of the Amended Complaint.

69.     Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 69 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 69 of the Amended Complaint.

10

70.    In response to Paragraph 70, Dynamic admits that Plaintiff told Williams that she could wear an appropriate hat, that Plaintiff was released for the day, and that Robinson stated they would go from there once Plaintiff contacted her hair stylist. Dynamic denies the remaining allegations set forth in Paragraph 70 of the Amended Complaint.

71.    Dynamic admits Plaintiff could not continue to work at the Hyundai Plant because her hair style did not conform to the client's grooming policy and left after the approximate time stated. Defendant denies the remaining allegations set forth in Paragraph 71 of the Amended Complaint.

72.    In response to Paragraph 72 of the Amended Complaint, Dynamic admits Robinson called Plaintiff and asked when she was due, but denies the remaining allegations set forth in Paragraph 72 of the Amended Complaint.

73.    In response to Paragraph 73 of the Amended Complaint, Dynamic admits Plaintiff told Robinson she was due in January, but denies the remaining allegations set forth in Paragraph 73 of the Amended Complaint.

74.    Dynamic admits Plaintiff returned to the Hyundai Plant on August 1, 2017, wearing a hat, and worked with a trainer. Dynamic denies the remaining allegations set forth in Paragraph 74 of the Amended Complaint.

75.    In response to Paragraph 75, Dynamic admits that Plaintiff and Howell came to the office where Robinson was and that Robinson did not speak to Plaintiff

or discuss her hairstyle. Dynamic is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 79 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 579 of the Amended Complaint.

76.     Dynamic is without sufficient information to admit or deny what Tanya or Plaintiff said to each other and therefore denies the same. Dynamic denies the remaining allegations set forth in Paragraph 62 of the Amended Complaint.

77.     Dynamic admits Chambliss directed Plaintiff to the conference room. Defendant denies the remaining allegations set forth in Paragraph 77 of the Amended Complaint.

78.     Dynamic admits only that Robinson and Chambliss met with Plaintiff. Dynamic denies the remaining allegations set forth in Paragraph 78 of the Amended Complaint.

79.     Dynamic denies the allegations set forth in Paragraph 79 of the Amended Complaint.

80.     In response to Paragraph 80 of the Amended Complaint, Dynamic admits Robinson inquired whether Plaintiff felt she was being discriminated against, but denies the remaining allegations set forth in Paragraph 80 of the Amended Complaint.

81.     In response to Paragraph 81 of the Amended Complaint, Dynamic admits Plaintiff stated no comment and was told that a co-worker said she felt that way, but denies the remaining allegations set forth in Paragraph 81 of the Amended Complaint.

82.     Dynamic denies the allegations set forth in Paragraph 82 of the Amended Complaint.

83.     Dynamic denies the allegations set forth in Paragraph 83 of the Amended Complaint.

84.     Dynamic admits that Howell confirmed she told Robinson about the complaint, that she spoke again to Robinson, that Plaintiff handwrote a complaint, and that Plaintiff was told to speak with Ray Cureton. Dynamic denies the remaining allegations set forth in Paragraph 84 of the Amended Complaint.

85.     Dynamic admits only that Plaintiff was sent to speak with Ray Cureton. Dynamic denies the remaining allegations set forth in Paragraph 85 of the Amended Complaint.

86.     Dynamic admits Plaintiff met with Cureton and that Scavella was present. Dynamic denies the remaining allegations set forth in Paragraph 86 of the Amended Complaint.

87.     Dynamic denies the allegations set forth in Paragraph 87 of the Amended Complaint.

88.     Dynamic admits only that Cureton stated her hair did not comply with the client's grooming policy. Dynamic denies the remaining allegations set forth in Paragraph 88 of the Amended Complaint.

89.     Dynamic denies the allegations set forth in Paragraph 89 of the Amended Complaint.

90.     Dynamic denies the allegations set forth in Paragraph 90 of the Amended Complaint.

91.     In response to Paragraph 91 of the Amended Complaint, Dynamic admits that Plaintiff was not allowed to return to the Hyundai facility and that her hair did not conform to the client's grooming policy, but denies the remaining allegations set forth in Paragraph 91 of the Amended Complaint.

92.     Dynamic admits the allegations set forth in Paragraph 92 of the Amended Complaint.

93.     Dynamic denies the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Dynamic admits the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Dynamic admits the allegations set forth in Paragraph 95 of the Amended Complaint.

## V.    STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE
### TITLE VII – PREGNANCY DISCRIMINATION

96.    Dynamic incorporates by reference its responses to paragraphs 1 – 95 as if fully set forth herein.

97.    Dynamic denies the allegations set forth in Paragraph 97 of the Amended Complaint.

98.    Dynamic denies the allegations set forth in Paragraph 98 of the Amended Complaint.

99.    Dynamic denies the allegations set forth in Paragraph 99 of the Amended Complaint.

100.    In response to Paragraph 100 of the Amended Complaint, Dynamic admits it was notified of Plaintiff's pregnancy; Dynamic is without sufficient information to admit or deny whether the other defendants were aware of the pregnancy and, therefore, denies those allegations; and denies the remaining allegations set forth in Paragraph 100 of the Amended Complaint.

101.    Dynamic denies the allegations set forth in Paragraph 101 of the Amended Complaint.

102.    Dynamic denies the allegations set forth in Paragraph 102 of the Amended Complaint with respect to it, but admits that Plaintiff's assignment to the Hyundai plant was terminated.

15

103.   Dynamic denies the allegations set forth in Paragraph 103 of the Amended Complaint.

104.   Dynamic denies the allegations set forth in Paragraph 104 of the Amended Complaint.

105.   Dynamic denies the allegations set forth in Paragraph 105 of the Amended Complaint.

106.   Dynamic denies the allegations set forth in Paragraph 106 of the Amended Complaint.

107.   Dynamic denies the allegations set forth in Paragraph 107 of the Amended Complaint.

108.   Dynamic denies the allegations set forth in Paragraph 108 of the Amended Complaint.

## COUNT TWO
## TITLE VII RACE DISCRIMINATION

109.   Dynamic incorporates by reference its responses to paragraphs 1 – 95 as if fully set forth herein.

110.   Dynamic denies the allegations set forth in Paragraph 110 of the Amended Complaint.

111.   Dynamic denies the allegations set forth in Paragraph 111 of the Amended Complaint.

16

112.   Dynamic denies the allegations set forth in Paragraph 112 of the Amended Complaint.

113.   Dynamic denies the allegations set forth in Paragraph 113 of the Amended Complaint.

114.   Dynamic denies the allegations set forth in Paragraph 114 of the Amended Complaint.

115.    In response to Paragraph 115, Dynamic admits that it was made aware that Plaintiff's hair was not within its client's grooming policy and acted pursuant to its client's request and denies the remaining allegations set forth in Paragraph 115 of the Amended Complaint.

116.   Dynamic denies the allegations set forth in Paragraph 116 of the Amended Complaint.

117.   Dynamic is without sufficient information to admit or deny the allegations set forth in paragraph 117 of the Amended Complaint.

118.   Dynamic denies the allegations set forth in Paragraph 118 of the Amended Complaint.

119.   Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 119 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 119 of the Amended Complaint.

120.   Dynamic denies the allegations set forth in Paragraph 120 of the Amended Complaint.

121.   Dynamic denies the allegations set forth in Paragraph 121 of the Amended Complaint.

122.   Dynamic denies the allegations set forth in Paragraph 122 of the Amended Complaint.

123.   Dynamic denies the allegations set forth in Paragraph 123 of the Amended Complaint.

124.   Dynamic denies the allegations set forth in Paragraph 124 of the Amended Complaint.

**COUNT THREE**
**42 USC § 1981 DISCRIMINATION**

125.   Dynamic incorporates herein by reference its responses to Paragraphs 1 – 95.

126.   Dynamic denies the allegations set forth in Paragraph 126 of the Amended Complaint.

127.   Dynamic denies the allegations set forth in Paragraph 127 of the Amended Complaint.

128.   Dynamic denies the allegations set forth in Paragraph 128 of the Amended Complaint.

129.   Dynamic denies the allegations set forth in Paragraph 129 of the Amended Complaint that are directed at it.   Dynamic is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 129 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 129 of the Amended Complaint

130.   In response to Paragraph 130 of the Amended Complaint, Dynamic admits Plaintiff was no longer allowed to work at the Hyundai facility on the dates stated due to its client's request.  Dynamic is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 130 of the Amended Complaint.

131.   Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 131 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 131 of the Amended Complaint.

132.   Dynamic denies the allegations set forth in Paragraph 132 of the Amended Complaint.

133.   Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 133 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 133 of the Amended Complaint.

134.   Dynamic denies the allegations set forth in Paragraph 134 of the Amended Complaint.

19

135.   Dynamic denies the allegations set forth in Paragraph 135 of the Amended Complaint.

136.   Dynamic denies the allegations set forth in Paragraph 136 of the Amended Complaint.

137.   Dynamic denies the allegations set forth in Paragraph 137 of the Amended Complaint.

138.   Dynamic denies the allegations set forth in Paragraph 138 of the Amended Complaint.

## COUNT FOUR
## TITLE VII RACE RETALIATION

139.   Dynamic incorporates herein by reference its responses to Paragraphs 1 – 95.

140.   Dynamic denies the allegations set forth in Paragraph 140 of the Amended Complaint.

141.   Dynamic denies the allegations set forth in Paragraph 141 of the Amended Complaint.

142.   Dynamic denies the allegations set forth in Paragraph 142 of the Amended Complaint.

143.   In response to Paragraph 143 of the Complaint, Dynamic admits that Plaintiff stated she wanted to file a complaint, but denies the remaining allegations set forth in Paragraph 143 of the Amended Complaint.

144.   In response to Paragraph 144 of the Complaint, Dynamic admit Plaintiff was instructed to leave the Hyundai facility and see Dr. Cureton.  Dynamic denies the remaining allegations set forth in Paragraph 144 of the Amended Complaint.

145.   In response to Paragraph 145 of the Amended Complaint, Dynamic admits Plaintiff was no longer allowed to work at the Hyundai facility after she left the facility due to its client's request.  Dynamic is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 145 of the Amended Complaint.

146.   Dynamic denies the allegations set forth in Paragraph 145 of the Amended Complaint.

147.   Dynamic denies the allegations set forth in Paragraph 146 of the Amended Complaint.

148.   In response to Paragraph 147 of the Complaint, Dynamic admits that Plaintiff stated she wanted to file a complaint, but denies the remaining allegations set forth in Paragraph 147 of the Amended Complaint.

149.   Dynamic denies the allegations set forth in Paragraph 148 of the Amended Complaint.

150.   Dynamic denies the allegations set forth in Paragraph 149 of the Amended Complaint.

## COUNT FIVE
## 42 USC § 1981 RACE RETALIATION

151.   Dynamic incorporates herein by reference its responses to Paragraphs 1 – 95.

152.   Dynamic denies the allegations set forth in Paragraph 152 of the Amended Complaint.

153.   Dynamic is without sufficient information to admit or deny the allegations set forth in Paragraph 153 of the Amended Complaint and, therefore, denies the allegations set forth in Paragraph 153 of the Amended Complaint.

154.   Dynamic denies the allegations set forth in Paragraph 154 of the Amended Complaint.

155.   In response to Paragraph 155 of the Complaint, Dynamic admits that Plaintiff stated she wanted to file a complaint, but denies the remaining allegations set forth in Paragraph 154 of the Amended Complaint.

156.   In response to Paragraph 156 of the Complaint, Dynamic admit Plaintiff was instructed to leave the Hyundai facility and see Dr. Cureton.  Dynamic denies the remaining allegations set forth in Paragraph 156 of the Amended Complaint.

157.   In response to Paragraph 157 of the Amended Complaint, Dynamic admits Plaintiff was no longer allowed to work at the Hyundai facility after she left the facility due to its client's request.  Dynamic is without sufficient information to

admit or deny the remaining allegations set forth in Paragraph 157 of the Amended Complaint.

158.   Dynamic denies the allegations set forth in Paragraph 158 of the Amended Complaint.

159.   Dynamic denies the allegations set forth in Paragraph 159 of the Amended Complaint.

160.   Dynamic denies the allegations set forth in Paragraph 160 of the Amended Complaint.

161.   Dynamic denies the allegations set forth in Paragraph 161 of the Amended Complaint.

162.   Dynamic denies the allegations set forth in Paragraph 162 of the Amended Complaint.

With regard to the Relief clauses under Counts One, Two, Three, Four, and Five, Dynamic denies Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

### Second Defense

To the extent Plaintiff has failed or refused to mitigate her damages, she is not entitled to relief.

### Third Defense

Defendant affirmatively has made a good faith effort to comply with all federal and state laws.

### Fourth Defense

This Court is without jurisdiction to hear Title VII claims that were not timely brought before the EEOC and investigated by that agency.

### Fifth Defense

Defendant denies that Plaintiff's race or any other impermissible factor played any role with respect to any employment decision, practice, or term or condition of employment complained of by Plaintiff.

### Sixth Defense

Even if Plaintiff could prove intentional discrimination, or retaliation, which Defendant denies, Defendant would demonstrate that it would have taken the same employment actions in the absence of any unlawful motivating factors.

### Seventh Defense

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

## Eighth Defense

Plaintiff has not stated a claim for sex or race discrimination or for unlawful retaliation.  Among other reasons, Plaintiff did not engage in any protected activity.

## Ninth Defense

To the extent that Plaintiff's Amended Complaint challenges employment decisions affecting her, such decisions were made on the basis of legitimate, non-discriminatory and non-retaliatory factors.

## Tenth Defense

Some of Plaintiff's claims are barred by the statute of limitations.

## Eleventh Defense

Plaintiff was not subjected to any adverse terms and conditions of her employment.

## Twelfth Defense

Defendant is not liable for punitive damages as it has have made good faith efforts to enforce any anti-discrimination laws and policies.  Defendant cannot be held vicariously liable for punitive damages for any allegedly discriminatory decision of its agents where such decisions are contrary to Defendant's good faith efforts to prevent discrimination in the workplace and comply with Title VII. Defendant, in no way, acted with malice or reckless disregard for the federal laws

preventing harassment and discrimination.  *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 546, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999).

### Thirteenth Defense

Defendant reserves the right to assert any additional affirmative defenses that may be determined during discovery.

### Fourteenth Defense

Plaintiff was an employee-at-will.

### Fifteenth Defense

Plaintiff cannot establish a *prima facie* case of discrimination based on sex, race, or in retaliation for any complaint of discrimination.

### Sixteenth Defense

Defendant affirmatively avers that all of its actions were taken in good faith.

### Seventeenth Defense

Plaintiff's claims for damages may be barred by the after-acquired evidence doctrine.

### Eighteenth Defense

Plaintiff has failed to satisfy the conditions precedent to maintaining some of the claims in this action.

### Nineteenth Defense

Plaintiff has not suffered any injuries or damages caused by Dynamic, but

26

were the result of Plaintiff's own actions or actions of other entities.

### Twentieth Defense

Dynamic denies that Plaintiff's sex or any other impermissible factor played any role with respect to any employment decision, practice, or term or condition of employment complained of by Plaintiff.

### Twenty-First Defense

Plaintiff's claims for punitive damages are barred because she cannot prove by clear and convincing evidence that Defendant acted with actual malice relative to her.

### Twenty-Second Defense

Defendant, without admitting that any employees engaged in any of the acts or conduct attributed to it in the Complaint, did not ratify any alleged intentional conduct by its employees.

### Twenty-Third Defense

To the extent Plaintiff failed to make any reasonable attempts to mitigate her damages, Defendant is entitled to a setoff, should it prevail. In addition, any recovery must be set off and/or reduced by wages, commissions, pay and benefits, other earning or remuneration, regardless of form received, that were paid or due to Plaintiff or receivable with exercise of due diligence.

### Twenty-Fourth Defense

Defendant adopts all defenses under Alabama statutory law and common law and under federal law relating to limitation of punitive damages.

### Twenty-Fifth Defense

Any award of punitive damages in this case would violate Defendant's rights under the United States Constitution and the State of Alabama Constitution.

### Twenty-Sixth Defense

Plaintiff's Title VII claims are barred by the statute of limitations.

### Twenty-Seventh Defense

Some of Plaintiff's Title VII claims are barred by the statute of limitations because they were not included in a timely-filed charge.

### Twenty-Eighth Defense

Some of Plaintiff's Title VII claims are barred by the statute of limitations and because claims and allegations in the Amended Complaint were not within the scope of the EEOC Charge.

### Twenty-Ninth Defense

Plaintiff's Title VII retaliation claims fail because she cannot establish that her complaints were the "but for" cause of her purported termination. *See Nassar v. Univ. of Texas Southwestern Med. Center,* 570 U.S. 338 (2013).

**Thirtieth Defense**

This action is not maintainable under Title VII with respect to any event or alleged event occurring more than 180 days prior to the filing of the EEOC Charge upon which this action is based.

**Thirty-First Defense**

All of the actions challenged by Plaintiff were made by another entity and not by Dynamic.

**Thirty-Second Defense**

Dynamic cannot be liable for a retaliation claim because it was not informed of complaints made by Dynamic.

**Thirty-Third Defense**

Dynamic took no actions to condone or ratify another entity's decisions regarding Plaintiff.

Respectfully submitted,

*/s/Susan W. Bullock*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: 205-244-5905
         205-244-5904

29

Facsimile: 205-244-5901

*Counsel for Dynamic Security, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 14th day of September, 2021, she electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System, which provides notice to all counsel of record:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiffs*

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL  35202

*Counsel for Hyundai Motor Manufacturing Alabama, LLC*

Yurie Yeoul Bae
Richard L. DeWeese, Jr.
Deweese & Bae, LLC
8191 Seaton Place
Montgomery, AL 36116

*Counsel for Hyundia ENG America, Inc.*

> */s/ Susan W. Bullock*
> Of Counsel

WSACTIVELLP:12576836.1

31