# Exhibit 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **DAVITA KEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **2:19-cv-00767-ECM** |
| **HYUNDAI MOTOR** | ) | |
| **MANUFACTURING, ALABAMA,** | ) | |
| **LLC; HYUNDAI ENG AMERICA,** | ) | |
| **INC. and DYNAMIC SECURITY,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO HYUNDAI ENG AMERICA, INC.

Defendant Hyundai ENG America, Inc. ("HEA" or "Defendant") responds to Plaintiff Davita Key's First Requests for Admission, Interrogatories, and Requests for Production as follows:

## GENERAL OBJECTIONS

1.      In responding to Plaintiff's Interrogatories and Requests for Admissions and Requests for Production ("Requests"), words and phrases are interpreted in accordance with their usual definitions and usages. To the extent Plaintiff intended any word to have a meaning other than that which is generally accepted, Defendant objects because the discovery containing those words are vague and ambiguous, and they cannot be understood, even in context.

2.      Defendant objects to each of Plaintiff's Requests to the extent they ask for information, documents, or other materials that concern, reflect, embody, or constitute confidential or competitively sensitive information.   Information, documents, and other materials that have been determined to be confidential will be disclosed only in the event of the entry of an appropriate protective order that governs the dissemination of such information in this case.

3.      Inadvertent production of privileged information and documents by Defendant shall not constitute a waiver of any applicable privilege.

4.      Defendant objects to each of Plaintiff's Requests to the extent they ask for communications between Defendant and its lawyers; these attorney-client communications are privileged and not subject to disclosure. Defendant objects to the Plaintiff's Requests to the extent they ask for the disclosure of material prepared by or for Defendant's lawyers or their representatives in the course of providing or securing legal counsel or in anticipation and defense of litigation; this material is protected from disclosure by the work-product doctrine.

5.      Defendant objects to Plaintiff's Requests to the extent the Request is vague, ambiguous, overly broad, unduly burdensome, and/or oppressive.

6.      Defendant objects to Plaintiff's Requests to the extent they seek documents or things not within Defendant's possession, custody, or control or are easily obtainable from other sources by the Plaintiff in relation to the burden that

would be imposed on Defendant to obtain and produce.

7.     Defendant reserves the right to supplement these Responses in accordance with the *Federal Rules of Civil Procedure* and as additional information is obtained through investigation and discovery.

8.     Subject to the foregoing objections, which are specifically incorporated by reference into each of the following responses, Defendant responds to Plaintiff's Requests for Admissions, Interrogatories and Requests for Production as follows:

## REQUESTS FOR ADMISSION TO DEFENDANT

**REQUEST:**

1.     Admit that each document this Defendant produced as part of its Rule 26 disclosures (and supplements thereto) and/or in response to the Plaintiff's request for production of documents is authentic under Rule 901(a) of the Federal Rules of Evidence. For each document Defendant does not admit is authentic, identify the document and describe why Defendant cannot admit that it is authentic.

**RESPONSE:**

HEA objects to this Request for Admission on the ground that it does not separately state each matter as required under FRCP 35(a)(2).  Subject to and without waiving its objection, HEA admits that documents HEA0001-HEA0052 produced as part of HEA's initial disclosures are authentic.  HEA cannot admit with certainty that documents HEA0053-HEA0066 produced as part of HEA's Rule 26 disclosures are

authentic under FRE 901(a) as those documents appear to have originated from Defendant Dynamic Security.  HEA cannot currently admit or deny the authenticity of each document it will produce pursuant to Plaintiff's request for production under Rule 901(a), however, HEA will address any specific document as to which Plaintiff has questions.

**REQUEST:**

2.     Admit that Defendant HEA is Hyundai AMCO America, Inc.

     **RESPONSE:**

     HEA denies this Request for Admission as worded.  However, HEA admits that in or around 2014 Hyundai AMCO America, Inc. changed its legal name to Hyundai ENG America, Inc.

**REQUEST:**

3.     Admit that in 2017, HEA was a party to the Contract for Services produced by Defendant HMMA (Bates Nos. HMMA000013-76).

     **RESPONSE:**

     HEA denies this Request for Admission as HMMA000013-76 is a document that by its terms would have terminated prior to 2017.

**REQUEST:**

4.     Admit that pursuant to the Contract for Services produced by Defendant HMMA (Bates Nos. HMMA000013-76) HEA contracted with Defendant Dynamic Security.

**RESPONSE:**

HEA denies this Request for Admission but admits that Dynamic Security provided independent contractor services. See response to Request for Admission No. 3.

**REQUEST:**

5.     Admit that Plaintiff Davita Key was placed in HMMA's mailroom to perform work pursuant to the provisions of the Contract for Services produced by Defendant HMMA (Bates Nos. HMMA000013-76).

**RESPONSE:**

Defendant HEA admits that Plaintiff was initially placed in HMMA's mailroom in connection with Dynamic Securities provision of independent contractor services, but denies this Request for Admission as the contract referred to as HMMA000013-76 was not in effect at the time Plaintiff was placed in HMMA's mailroom.

**REQUEST:**

6.     Admit that in 2017, HMMA required HEA to comply with Title VII of the Civil Rights Act of 1964 as a term of a contract between the two entities.

**RESPONSE:**

HEA objects to this request because there is no claim against it under Title VII. Subject to and without waiving its objections, Defendant HEA denies this Request for Admission. See response to Request for Admission No. 3.

**REQUEST:**

5

7.      Admit that prior to receiving the Plaintiff's EEOC Charge, HEA did not investigate whether Davita Key experienced pregnancy discrimination.

**RESPONSE:**

Defendant HEA objects to this request on the grounds that it is not relevant as there are no pregnancy discrimination claims remaining in this case against Defendant HEA.

**REQUEST:**

8.      Admit that prior to receiving the Plaintiff's lawsuit, HEA did not investigate whether Davita Key experienced race discrimination.

**RESPONSE:**

HEA objects to this Request for Admission because it contains an implied assumption that Plaintiff complained of race discrimination to HEA, which she did not. Moreover, such allegation would not have been in good faith given that HEA's security services manager is the same race as Key.

**REQUEST:**

9.      Admit that prior to receiving the Plaintiff's lawsuit, HEA did not investigate whether Davita Key experienced unlawful retaliation.

**RESPONSE:**

HEA objects to this Request for Admission because it contains an implied assumption that Plaintiff complained of retaliation to HEA, which she did not.

**REQUEST:**

10.     Admit that Hyundai Engineering America, Inc.'s Employee Handbook (HEA0004-48) applied to Davita Key in July 2017.

    **RESPONSE:**

    HEA denies that Davita Key was employed by HEA at any time; however, HEA admits that employees of Dynamic Security assigned to work at HMMA's facility were expected to follow certain policies and procedures of Dynamic Security, HMMA, and HEA applicable to persons on HMMA's premises.

**REQUEST:**

11.     Admit that after Plaintiff showed Cassandra Williams a photo of a hairstyle, she had worn her dreadlocks, Ms. Williams approved Ms. Key to wear that hairstyle at work.

    **RESPONSE:**

    Defendant HEA objects to this Request for Admission as confusingly phrased and unclear as to what hairstyle "that hairstyle" refers to.  Subject to and without waiving its objection, Defendant HEA admits that Plaintiff showed Cassandra Williams an image of a hairstyle that appeared neat and professional.  Defendant HEA further admits that Ms. Williams approved that Key could style her hair in the manner depicted in the image, but Ms. Key did not do so during her time at the HMMA facility.

**REQUEST:**

12.     Admit that on July 19, 2017, when the Plaintiff interviewed at HMMA, her hair

7

was in dreadlocks.

**RESPONSE:**

Admitted that when Key came to the HMMA facility on or about July 19, 2017 her hair was in dreadlocks.

**REQUEST:**

13.     Admit that on July 19, 2017, Cassandra Williams reviewed Plaintiff's hairstyle.

**RESPONSE:**

Admitted that on or about July 19, 2017, Cassandra Williams saw Ms. Key's hair in dreadlocks and advised her that her hairstyle was not in compliance with hairstyle policies.

**REQUEST:**

14.     Admit that on July 31, 2017, Cassandra Williams observed Plaintiff wearing her hair in dreadlocks at work.

**RESPONSE:**

Admitted that on or around July 31, 2017, Cassandra Williams observed Plaintiff wearing the same non-compliant hairstyle she had worn during her interview.

**REQUEST:**

15.     Admit that on or about July 31, 2017, Cassandra Williams learned the Plaintiff was pregnant.

**RESPONSE:**

Defendant HEA objects to this request on the grounds that it is not relevant as

8

there are no pregnancy-related claims remaining against Defendant HEA.

Respectfully submitted,

*/s/ T. Matthew Miller*
T. Matthew Miller
Cortlin L. Bond
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL  35203
Telephone: (205) 521-8000
Email:  mmiller@bradley.com
Email:  cbond@bradley.com
*Attorneys for Defendant*
*Hyundai ENG, Inc.*

9