IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVITA M. KEY,                             )
                                           )
      Plaintiff,                     )
                                           )
v.                                         )   Case No. 2:19-cv-767-ECM-SMD
                                           )
HYUNDAI MOTOR MANUFACTURING )
ALABAMA, LLC, *et al.*,                    )
                                           )
      Defendants.                    )

### DEFENDANT DYNAMIC SECURITY, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      Defendant Dynamic Security, Inc. ("Dynamic" or "Defendant") replies to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (doc. 82[1]) as follows.

> **A.**      **Plaintiff's Self-Serving Testimony That She Did Not Receive the Right to Sue Letter Fails to Overcome the Presumption of Timely Receipt and Untimely Filing of Her Title VII Claims.**

      "Absent evidence to the contrary, it is ordinarily presumed that a mailing is received three days after it was sent, and it is presumed to be sent on the date posted." *Washington v. City of* Adamsville, No. 2:21-CV-1658-RDP, 2022 WL 468039, at

---

[1] Dynamic refers herein to "Plaintiff's Opposition to Defendants' Motions for Summary Judgment" (doc. 82) as Plaintiff's "opposition" or her "opposition brief."

*4 (N.D. Ala. Feb. 15, 2022) (citing *Hayes v. Houston Cty. Sch. Dist*., 2022 WL 327754, at *2 (M.D. Ga. Feb. 3, 2022) (*citing Kerr v. McDonald's Corp*., 427 F.3d 947, 953 n.9 (11th Cir. 2005))). Evidence to the contrary includes items such as "the envelope with the return address of the EEOC and a postmark showing a later mailing date." *Washington,* at * 4 (citing *Martinez v. City of Birmingham*, No. 2:18-CV-0465-JEO, 2018 WL 5013861, at *2 (N.D. Ala. Oct. 16, 2018)). It also includes other evidence that can establish the notice was delayed or not sent to him "through no fault of his own," which requires the plaintiff to show affirmative steps taken to ensure delivery to his address. *Washington*, at * 4 (*citing Lewis v. Conners Steel Co*., 673 F.2d 1240, 1243 (11th Cir. 1982). Dynamic presented evidence that it received the notice of right to sue bearing the same mailing date as the one the EEOC file reflects as having been sent to Plaintiff. (*See* Doc. 75-30). Yet Plaintiff's only evidence is her testimony she checked her mail and did not receive the right to sue notice. Plaintiff attempts to remove any responsibility from herself, arguing, "[n]o one from the EEOC informed Key that her charges had been bifurcated, that the Dynamic charge had been issued, or even that separate dismissals would be mailed" (doc. 82 at 47), but she presents no authority that the EEOC has any responsibility to take affirmative steps prior to issuing a notice of right to sue to ensure that a Charging Party fully comprehends the meaning of having filed two separate EEOC Charges. Moreover, less than six months before the March 1, 2019, mailing date of

the Dynamic notice of right to sue Plaintiff filed on October 16, 2018, a separate EEOC Charge against Hyundai bearing a distinct charge number. She had also sent an email to the EEOC on March 22, 2018, inquiring about the status of her EEOC Charge against Dynamic, and the EEOC responded an hour later that, "in the near future," the Commission would either make a determination, seek additional information, or issue a "Rights to Sue which allows you to move into federal district court to pursue this matter." Indeed, Plaintiff should have been on alert regarding further communication from the EEOC, including the possibility that the next action would be receipt by mail of a notice of right to sue. Yet, Plaintiff claims she did not know the Dynamic Charge and Hyundai Charge were separate and did not learn of receipt of a notice of right to sue regarding the Dynamic charge until January 2020, several months after filing this lawsuit. Plaintiff has failed to overcome the presumption of proper mailing and receipt, as she has presented no evidence of unreliability in the EEOC's mailing process or evidence that the EEOC did not mail the notice on the date indicated.

In the end, Plaintiff's own self-serving sworn deposition testimony speculating that her notice of right to sue was lost in the mail and self-serving sworn declaration testimony that she checked her mail and did not receive the Dynamic notice of right to sue is unreliable evidence that unfairly relieves Plaintiff of any responsibility to be engaged in the EEOC process she initiated. *See Zillyette v. Cap.*

3

*One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999) (placing on the plaintiff the burden of communicating with family members to be on the lookout for an "important letter related to their pending claim" in attempt to "insure against the possibility of manipulation when the time of receipt is uniquely within the plaintiff's control"); *see also Taylor v. Yellen*, No. CV 1:20-00583-CG-N, 2021 WL 6135491, at *3–4 (S.D. Ala. Nov. 23, 2021), report and recommendation adopted, No. CV 20-583-CG-N, 2021 WL 6202563 (S.D. Ala. Dec. 30, 2021), appeal dismissed sub nom. *Taylor v. Sec'y, U.S. Dep't of the Treasury*, No. 22-10248-AA, 2022 WL 1257155 (11th Cir. Apr. 22, 2022) (granting summary judgment on untimeliness grounds because the plaintiff's "shifting, inconsistent declarations regarding her receipt of the EEOC's right to sue letter," including declarations submitted to rebut the defendant's motion for summary judgment, failed to meet her burden of rebutting the defendant's challenge to the timeliness of the suit).

As the plaintiff in *Taylor v. Yellen*, Plaintiff has no evidence to dispute that the EEOC issued its decision and mailed the notice of rights to the parties on the date appearing on the notice. Applying the standard three-day presumption for receipt by mail, Plaintiff is presumed to have received notice of the EEOC's decision more than six months before she filed her lawsuit bringing Title VII claims against Dynamic, and she had plenty of notice to contacted the EEOC to inquire if she did not think she had received it. *Taylor*, at *4 (citing *Kerr*, 427 F.3d at 953). And under

the "fair and reasonable" framework of *Green v. Union Foundry Co*. used to evaluate when a complainant receives notice of an EEOC's decision, Plaintiff fails to establish that she did not receive the right to sue notice three days after the mailing date. 281 F.3d 1229, 1234 (11th Cir. 2002) (affirming dismissal of an untimely Title VII suit where the plaintiff failed to "rebut the fact that ninety-seven days elapsed from the date of mailing to the date of filing"). Also like the plaintiff in *Taylor*, Plaintiff bears some "minimal responsibility" to ensure "expeditious resolution of her EEOC claims, and purporting to receive notice nearly a year after the EEOC issued its decision fails even that standard." *Taylor*, at *4 (citing *Kerr*, 427 F.3d at 953).

*Carter v. Jack Daniel's Distillery*, a case from the Eastern District of Tennessee, is persuasive because there are similar facts before this Court. 2002 U.S. Dist. LEXIS 26887, *4 (E.D. Tenn. Nov. 26, 2002). In Carter, the court entered judgment because the plaintiff's evidence that consisted only of her own unsubstantiated, self-serving affidavit failed to rebut the applicable five-day mailing presumption. There, the plaintiff filed her complaint 109 days after the issuance of the right to sue notice but in response to the defendant's motion for summary judgment submitted her own sworn affidavit stating she had in fact received the notice twenty-one days after the EEOC's issuance, making her claims timely. *Id*. Although the plaintiff in *Carter* submitted a declaration of her own, the court found it determinative that she did not proffer any other probative evidence to prove she

5

received the notice when she alleged. *Id*. at *4-5. The Court held the plaintiff's affidavit was insufficient to rebut the presumption that the notice was delivered to plaintiff within five days after mailing and dismissed the complaint because it was time-barred. *Id*. at *8. Here, Plaintiff also points to nothing other than her own self-serving declaration to support her contention she never received the right to sue notice in the mail. This case bolsters the above-cited authority that the Eleventh Circuit's three-day presumption of receipt rule applies here and that Plaintiff failed to overcome that presumption of receipt. Plaintiff's Title VII claims against Dynamic must be dismissed because they are time-barred.

### B. **Plaintiff Fails to Establish Her EEOC Charge against Dynamic Satisfies Administrative Prerequisites Sufficient to Sustain Any Claim that Dynamic Terminated Her Employment (Counts One (Pregnancy Discrimination), Two (Race Discrimination), and Four (Retaliation).**

Dynamic moved for summary judgment as to each discrimination and retaliation claim in the Amended Complaint to the extent she seeks redress against Dynamic for having terminated her employment on grounds that she failed to make that allegation in her EEOC Charge and thus failed to satisfy administrative prerequisites with regard to Counts One, Two, and Four. (*See* Doc. 74 at 18-26). Plaintiff introduces her opposition argument by misstating Dynamic's articulated grounds for dismissal. (*See* Doc. 82 at 41). Her response to this repackaged version of Dynamic's argument fails to establish an issue of fact as to the administrative

viability of Counts One, Two, and Four against Dynamic and includes misplaced legal arguments and multiple fatal flaws. Plaintiff did not address Dynamic's actual grounds for judgment as a matter of law on administrative prerequisite grounds with regard to Title VII discrimination claims (Counts One and Two) or retaliation (Count Four), essentially waiving any argument in opposition. Dynamic did not move for summary judgment with regard to Counts One, Two, and Four because Plaintiff did not check correct boxes on her Charge. Dynamic highlighted that information to demonstrate that, while Plaintiff alleged Dynamic discriminated against her based on her race and sex and retaliated against her for making complaints, she did not attempt to seek administrative remedies for any discrete adverse action by Dynamic, including that Dynamic terminated her employment.

1.   Plaintiff's failure to respond to Dynamic's grounds for dismissal of her discrimination claims abandons those claims.

Plaintiff's responsive argument relies solely on legal authority addressing retaliation claims potentially relevant only to Count Four and cannot save her discrimination claims. Plaintiff has not cited a single case that holds that a plaintiff can satisfy administrative prerequisites for bringing in federal court under Title VII a *discriminatory* termination claim after failing to state in the underlying EEOC Charge that she was terminated in violation of Title VII. Plaintiff thus has not satisfied her burden of demonstrating she satisfied the administrative prerequisites to stating any claim that Dynamic discriminated against her by terminating her

employment in violation of Title VII.

> 2.   <u>Plaintiff fails in her attempts to salvage her purported Title VII retaliation claims by arguing Dynamic terminated her employment because she filed an EEOC Charge because the Amended Complaint contains no such claim.</u>

In responding to Dynamic's administrative grounds for dismissal of Count Four, Plaintiff attempts to survive summary judgment through what is essentially an untimely attempt to amend the pleadings to bring new claims against Dynamic. Plaintiff argues at summary judgment that Dynamic terminated her employment because she engaged in the protected activity of filing an EEOC Charge. (*See* Doc. 82 at 85). Such claims are not included in Counts Four or Five, and legal precedent does not permit Plaintiff to pursue claims she did not bring in her lawsuit or use an opposition brief to amend the pleadings. *Sanders v. City of Union Springs*, 405 F. Supp. 2d 1358, 1371 (M.D. Ala. 2005), aff'd, 207 F. App'x 960 (11th Cir. 2006) ("It is axiomatic that a party cannot amend its pleadings by arguments made in briefs in opposition to summary judgment.")

> a. Plaintiff's Amended Complaint does not include a claim that Dynamic retaliated against her for the protected activity of filing an EEOC Charge.

Plaintiff argues the fact that she filed an EEOC Charge is sufficient to satisfy prerequisite protected activity. (Doc. 82 at 85). Specifically, Plaintiff argues that she satisfied administrative prerequisites against Dynamic sufficient to maintain retaliation claims under Count Four because "if the claims were included in the

EEOC [*sic*.] or were like or related to the allegations in the charge 'limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charge[.]'" (Doc. 82, quoting *Chanda v. Engelhard/ICC*, 234 F. 3d 1219, 1225 (11th Cir. 2000)). However, assuming, *arguendo*, that Plaintiff was not required to amend the EEOC Charge or file a new EEOC Charge based on the ["grow out of" line of cases,] she is not relieved of her pleading requirements to include those claims in her lawsuit.

The Amended Complaint pled generally that the "Defendants" terminated her employment in retaliation for the purported protected activity of making race discrimination complaints on August 1, 2017. It does not allege Dynamic or any other defendant terminated Plaintiff's employment because she filed an EEOC Charge. Count Four (Title VII Retaliation) states, "Defendants discriminated against Plaintiff in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended 42 USC § 2000e, by terminating Plaintiff's employment when she complained of discrimination on the basis of a racially protected trait and a racially disparate grooming policy." (Doc. 28, ¶ 140). Significantly, Plaintiff used the same language to plead Count Five (Section 1981 retaliation), a claim that requires no administrative prerequisite of filing an EEOC Charge, stating, "Defendants discriminated against Plaintiff in retaliation for engaging in protected activity in violation of 42 USC § 1981, by terminating

Plaintiff's employment when *she complained of discrimination* on the basis of her race because of her African-American hairstyle and because of a racially disparate grooming policy." (Doc. 28, ¶ 152).

Recognizing that she did not meet her burden to satisfy Title VII's administrative prerequisites, Plaintiff has now completely changed her retaliation theory. Plaintiff's Amended Complaint makes clear that she is asserting a claim for retaliation based on Plaintiff's alleged internal complaints of discrimination as an "opposition" claim. (Doc. 28 at Paragraphs 142-47, 154-59). Plaintiff does not allege anywhere in the Amended Complaint that she was terminated because she filed an EEOC Charge. The Amended Complaint sets forth no facts or theories that point toward Plaintiff being terminated because she filed an EEOC Charge or that Plaintiff otherwise is asserting a "participation" claim. This is a last-second attempt to save Plaintiff's retaliatory termination claim that was not asserted in the EEOC Charge, but Plaintiff cannot assert new claims in a response to a motion for summary judgment. *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.") (citation omitted).

Plaintiff cites only cases in which the court ruled a plaintiff has no obligation to file a new EEOC charge as a prerequisite to filing in federal court a claim that suffered retaliation for filing the first EEOC Charge. (Doc. 82 at 41-42). But that is

not the situation before this Court. Here, Dynamic does not argue Plaintiff was required to file a second EEOC Charge in order to bring a claim that Dynamic terminated her for filing the first EEOC Charge. The very first time Dynamic has heard of Plaintiff's purported claim that Dynamic terminated her employment because she filed an EEOC Charge is in her Opposition Brief.

Finally, the fact that Plaintiff separately notified the Equal Employment Opportunity Commission ("EEOC") in a letter about her purported termination by Dynamic is not sufficient to raise the claim. An unverified questionnaire or any other form of informal communication in writing or otherwise does not satisfy the statutory conditions precedent to filing an EEOC charge. To satisfy the conditions precedent for filing a charge, a charge must be verified – given under oath or affirmation. 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.9; *Bost v. Fed. Express Corp*., 372 F.3d 1233, 1241 (11th Cir. 2004) (intake questionnaire filed along with an affidavit not sufficient since plaintiff later filed another charge and no investigation began until after charge filed); *Pijnenburg v. West Georgia Health Sys, Inc*., 255 F.3d 1304, 1305 (11th Cir. 2001) ("[A]s a general matter, an intake questionnaire is not intended to function as a charge."); *Vason v. City of Montgomery*, 240 F.3d 905, 907 (11th Cir, 2001); *Wilson v. Sprint/United Mgmt. Co*., 2011 WL 2670184 at *7 (M.D. Fla. July 8, 2011) (unverified intake questionnaire is not a charge).

Plaintiff argues that *Patterson v. Ga. Pac., LLC*, 38 F.4th 1336 (11th Cir.

2022) requires this Court to find the content of her EEOC Charge against Dynamic exhausted administrative remedies because it permitted a reasonable investigator to conclude she "was complaining about retaliation for complaining of discrimination." (Doc. 82, p. 39). The *Patterson* decision has no bearing on this case and does not save Plaintiff's failure to raise her termination in her EEOC Charge; instead, *Patterson* demonstrates the importance of articulating facts to support a claim. In that case, the court allowed plaintiff to pursue a legal theory of retaliation because the plaintiff set forth in the Charge facts of her participation in a pregnancy discrimination claim and the facts regarding her employer's response. *Id.* at 1345-46. In so holding, the court stated that "[t]he facts alleged in the charge matter most for determining what can reasonably be expected to grow out of an EEOC Charge; the legal theory the charging party articulates is far less important." *Id.* at 1345.[23] In this case, the Plaintiff failed to allege any fact that she was terminated thus

---

[2] Even more telling, the court in *Freeman v. Koch Foods of Alabama, LLC*, 777 F. Supp. 2d 164, 1276 (M.D. Ala. 2011), also cited by Plaintiff (doc. 82 at 42), held that the plaintiff could not assert a claim of disability harassment because plaintiff failed to include such a claim in her EEOC Charge. The court held so despite the fact that the plaintiff checked the "disability" box because "nowhere does she allege any acts of harassment – as opposed to discrete instances of discrimination – based upon her disability." *Id.*; see also *Id.* at 1273 (noting that plaintiff checked the "DISABILITY" box).

[3] Similarly, in *Gregory v. Georgia Dep't of Human Resources,* 355 F.3d 1277 (11th Cir. 2004), the court was deciding the issue not before this Court, which was what legal theories could be applied to the facts of the case. In that case, the plaintiff – unlike the Plaintiff in this case – alleged in the EEOC Charge that she was terminated. The issue decided in that case was that plaintiff's retaliation claim "was not administratively barred by her failure to mark the retaliation space on the EEOC template form." *Id.* at 1280. In the present case, the issue is completely different, whether Plaintiff's failure to identify factually that she was terminated prevents her from pursuing a claim based on her termination, a question not addressed in either *Gregory* or *Patterson*.

preventing her from pursuing that claim.

Similarly, in *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277 (11th Cir. 2004), the court was deciding the issue not before this Court, which was what legal theories could be applied to the facts of the case. In that case, the plaintiff – unlike the Plaintiff in this case – alleged in the EEOC Charge that she was terminated. The issue decided in that case was that plaintiff's retaliation claim "was not administratively barred by her failure to mark the retaliation space on the EEOC template form." *Id*. at 1280. In the present case, the issue is completely different, whether Plaintiff's failure to identify factually that she was terminated prevents her from pursuing a claim based on her termination, which is a question not addressed in either *Gregory* or *Patterson*.

      b. Plaintiff's Amended Complaint does not include a claim that Dynamic Violated Title VII or Section 1981 by not reassigning Plaintiff to another position.

Plaintiff also argues that she is not required to satisfy administrative remedies with regard to a claim that Dynamic failed to assign her to another assignment after she was terminated from Hyundai. (Doc. 82 at 37, 85). Yet Plaintiff's Amended Complaint clearly purports to bring claims for termination from employment,[4] and Plaintiff's summary of claims set forth in the Report of Parties' Planning Meeting references only that Dynamic disciplined her and terminated her employment and

---

[4] See Doc. 28, ¶¶ 1, 104, 120-21, 133-34, 140, 147, 152, and 159.

that Dynamic fired her. (Doc. 46, p. 1). Like her improper attempt to effectively amend her Amended Complaint to alleged the protected activity underlying her retaliation claim as the filing of her EEOC Charge, Plaintiff's new claim that a jury should decide whether Dynamic refused to reassign her an untimely attempt to amend the pleadings in opposition to summary judgment.

### 3.   Dynamic did not waive its arguments that Counts Two, Three, Four, and Five do not assert claims against Dynamic.

Plaintiff claims that Dynamic has waived any argument that Counts Two, Three, Four, and Five do not state a claim for discrimination or retaliation against it, claiming that Dynamic waived any such argument by not including it in a motion to dismiss prior to filing its answer. (Doc. 82 at 53). That argument misconstrues Dynamic's argument and is contrary to the Federal Rules of Civil Procedure. Dynamic's argument is not that Plaintiff did not state sufficient facts to state a claim under those Counts; Dynamic's argument is that Plaintiff simply did not attempt to assert a claim against Dynamic under those Counts. That argument was expressly reserved in Dynamic's Eighth Defense in its Answer and Defenses to Plaintiff's Amended Complaint which states: "Plaintiff has not stated a claim for sex or race discrimination or for unlawful retaliation." (Doc. 43 at 25). Dynamic did not waive this defense by expressly including it in the Answer to Plaintiff's Amended Complaint.

14

Moreover, Plaintiff's argument that Dynamic waived any defense based on a Rule 12(b)(6) failure to state a claim is inaccurate. Dynamic preserved these defenses in its Answer and Defenses to Plaintiff's Amended Complaint in the Eighth Defense cited above and in its Seventh Defense ("Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.") Plaintiff correctly cited the language of Rule 12)(b), but ignored the language of Rule 12(h)(2), which expressly allows that a defense of failure to state a claim upon which relief can be granted "may be raised: (A) in any pleading allowed or ordered under Rule 7(a)." An answer to a complaint is one of the pleadings allowed under Rule 7(a)(2) of the Federal Rules of Civil Procedure. The language the Plaintiff cites from Rule 12(b) only provides that a motion under the Rule must be made before a responsive pleading; that language does not declare that the defense is waived if not raised in a 12(b)(6) motion. *See Cochran v. Five Points Temporaries, LLC*, 907 F. Supp. 2d 1260, 1264 n. 2 (N.D. Ala. 2012) ("[T]he comments to Rule 12(h) explain that 'the more substantial defense [ ] of failure to state  a claim upon relief can be granted . . . [is] expressly preserved against waiver by amended subdivision (h)(2) and (3).'"); *see also Caldwell v. Compass Entertainment Group, LLC*, Case No. 6:14-cv-1701-OrL-41TBS, 2015 WL 12820412  *2 (M.D. Fla. February 20, 2015) (Defense of failure to state a claim was not waived when filed in post-answer motion "construed as a motion for judgment on the pleadings"); *Byron v. National Railroad Passenger*

*Corp.,* Case No. 6:14-cv-1370-OrL-41DAB, 2015 WL 13792224 *2 (M.D. Fla. January 14, 2015) ("However, the defense – failure to state a claim upon which relief can be granted – is not waived by failure to include the defense in a pre-answer motion and can be raised in a responsive pleading . . . .") (citing Rule 12(h)(2)).

As for the factual allegations Plaintiff sets forth on page 48 of her Opposition (doc. 82 at 54), none of those allegations allege that Dynamic terminated her, and none of the allegations in Counts Two, Three, Four, and Five allege that Dynamic discriminated or retaliated against Plaintiff. More importantly, the language in each of the Counts referenced has specific allegations that HMMA and HEA terminated Plaintiff and discriminated or retaliated against Plaintiff, but no allegations that Dynamic terminated her or discriminated or retaliated against her. The best Plaintiff can allege is some general statements –without any citation - that "Defendants' conduct caused Key's damage" (doc. 82 at 54-55), but no allegation that Dynamic terminated Key or discriminated against her or retaliated against her or that those claims are asserted against Dynamic. Plaintiff's Amended Complaint consists of 162 Paragraphs, but Plaintiff's Opposition does not point to any allegations that demonstrate Counts Two, Three, Four, and Five are being asserted against Dynamic. A complaint with that much detail lacks any detail that it asserts Counts Two, Three, Four, and Five against Dynamic. A reference that Defendants collectively took action or acted unlawfully without any factual support for the actions taken is no

16

factual allegation at all as it violates the pleading rules of the Federal Rules of Civil Procedure. *See Joseph v. Bernstein,* 612 Fed. Appx. 551, 553 (11th Cir. 2015); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Henry v. Glasscock*, Case No. 2:21-cv-107-WKW-SMD, 2022 WL 1514438 *3 (M.D. Ala. May 25, 2022); *Hamilton v. Judicial Correction Services LLC*, Case No. 2:18-cv-00933-RDP, 2019 WL 5964977 *3 (N.D. Ala. Nov. 13, 2019) (lumping all defendants together without "specifying which Defendant took which actions" is an impermissible pleading).

The reference to all Defendants causing damage should also not be read to include claims against Dynamic. For instance, Count Two alleges that "[a]s a result of Defendants' unlawful conduct, Plaintiff suffered damages." (Doc. 28 at 18). But Count Two does not allege any discrimination or unlawful conduct by Dynamic. (*Id*. at 17). Similarly, Count Three alleges that "[a]s a consequence of Defendants' unlawful conduct, Plaintiff suffered damages." (*Id*. at 20). But Count Three does not allege any actions by Dynamic only by HMMA and HEA. (*Id*. at 19). Counts Four and Five contain similar allegations about Plaintiff suffering damages due to "Defendants' unlawful conduct" (Doc. 28 at ¶¶ 148, 160), but those Counts contain no allegation that Dynamic terminated Plaintiff or retaliated against her with the only allegation against Dynamic being that "Dynamic made statements demeaning or undermining Plaintiff's complaint and discouraging her from filing a formal complaint." (Doc. 28 at ¶¶ 146, 158). With the only adverse action in this action

being Plaintiff's termination the lack of any allegation that Dynamic took that action and did no unlawfully requires the finding that those Counts are not asserted against Dynamic.

Finally, this is not a Rule 56 evidentiary issue as the Plaintiff argues. (Doc. 82 at 55-56). Thus, Plaintiff's arguments regarding what the evidence shows is not controlling. This is a more fundamental issue of Plaintiff stating the termination claims in Counts Two, Three, Four, and Five against HMMA and HEA, but no such claim being stated against Dynamic. Plaintiff's unsupported reference that is absent any citations to Dynamic's participation in the proceedings does not control this matter if the claims referenced above were not asserted against Dynamic. In the *Lennon* case cited in Dynamic's Memorandum in Support of its Motion for Summary Judgment (Doc. 74 at 23-24) the parties actively briefed and conducted discovery on the harassment claim. Yet, at summary judgment based on the lack of any claim for harassment being raised in the Complaint – despite many factual allegations in the Complaint that plaintiff used to support such a claim – this Court found that no harassment claim was alleged against the defendant.

### C. <u>Plaintiff Failed to Establish an Issue of Fact as to Her Retaliation Claims.</u>

    1. <u>Plaintiff failed to establish an issue of fact that her internal complaints amounted to protected activity</u>.

Plaintiff contends that she engaged in protected activity, despite the Eleventh Circuit law on hairstyle that is devastating to her claim, *Equal Emp't Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018 (11th Cir. 2016), because the Court should consider whether Plaintiff actions in complaining about discrimination based on her hairstyle is protected based on a view of the law on a national basis. (Doc. 82 at 70). Plaintiff does not cite a single case that follows this argument and applies or considers the law outside of the applicable circuit in deciding whether the plaintiff had a reasonable basis for believing the complaints stated a viable claim of discrimination. HMMA and HEA have already demonstrated that Plaintiff has not engaged in protected activity because Plaintiff's complaints were about her hairstyle and not race; a complaint about hairstyle is not protected by state or federal law; that the statements Plaintiff alleged in her complaint were not part of her complaint but a response by Gloria Robinson; that the Plaintiff had no subjective or objective basis for believing her complaints were about her race (because she personally was not aware of any legal protection in Alabama about her hairstyle, was not aware of any discriminatory application of the policy, and the alleged actors were the same race as Plaintiff) (Doc. 85 at 18-19; Doc. 86 at 11-13)

Moreover, in applying the standard that "the reasonableness of her belief that the employer 'engaged in an unlawful employment practice must be measured against existing substantive law,'" *McNeal*, 2022 WL 5434274 at *5 (citing *Howard*

*v. Walgreen Co*. 605 F.3d 1239, 1244 (11th Cir. 2010) (quoting *Clover v. Total Sys.*

*Serv., Inc*., 176 F.3d 1346, 1351 (11th Cir. 1999)), the Eleventh Circuit and this

Court have explicitly focused on whether a plaintiff's complaints were objectively

reasonable based on Eleventh Circuit precedent law. *See Butler v. Alabama*

*Department of Transp.,* 536 F.3d 1209, 1214 (11th Cir. 2008). In *Butler*, the Eleventh

Circuit stated as follows:

> While a plaintiff can prevail on a retaliation claim based on opposition
> to an employment practice that is not actually unlawful, we have to
> consider the controlling substantive law *in this circuit* when we assess
> whether a plaintiff's mistaken belief is objectively reasonable . . . .
> Where binding precedent squarely holds that particular conduct is not
> an unlawful employment practice by the employer and no decision *of*
> *this Court* or the Supreme Court  has called that precedent into question
> or undermined its reasoning, an employee's contrary belief that the
> practice is unlawful is unreasonable.

*Id.* at 1214 (emphasis added); *Tatt v. Atlanta Gas Light Co.*, 138 F. App'x 145, 148

(11th Cir. 2005) ("Tatt has  not established a  good-faith *and* an  objectively

reasonable belief that Donaldson's conduct constituted sexual harassment under the

law of this Circuit."); *Pritchett v. Heat Transfer Products, LLC,* Case No. 2:20-cv-

01733-AKK, 2021 WL 2042950 *4 (N.D. Ala. May 21, 2021) (quoting *Little v.*

*United Tech. Carrier Transicold Div,* 103 F.3d 956. 960 (11th Cir. 1997)) ("Eleventh

Circuit precedent holds that "a racially derogatory remark by a co-worker, without

more, does not constitute an unlawful employment practice under the opposition

clause of Title VII.'"); *Matthews v. Faurecia Automotive Seating, Inc*., 2018 WL

3041831 at *8 (N.D. Ala. June 19, 2018) (quoting *Coutua v. Martin Cty. Bd. Cty. Com'rs*, 47 F.3d 1068. 1074 (11th Cir. 1994)) ("Pursuant to Eleventh Circuit precedent, Matthews' filing of a grievance with her union does not qualify as protected activity within the ambit of Title VII."); *also U.S. Equal Employment Opportunity Commission v, Autozone, Inc.*, No. 06-00607-KD-C, 2007 WL 9717742 *9 (S.D. Ala. Oct. 30, 2007) ("Thus, while these comments may be offensive to some, when compared to Eleventh Circuit precedent, the inevitable conclusion is that these comments are not 'close enough' to support an objectively reasonable belief that they constitute sexual harassment.")

As Eleventh Circuit precedent holds that a complaint about hairstyle does not state a claim for race discrimination, Plaintiff has not engaged in protected activity to support a retaliation claim under Title VII or 42 U.S.C. §1981. The one decision cited by Plaintiff does not establish that the Court should engage in a nationwide view of the law. (Doc. 82 at 64). The portion of the decision in *Munoz v. Selig Enters.*, 981 F.3d 1265, 1285 (11th Cir, 2020), was from the concurrence and not the majority opinion. And the decision referenced in the concurrence, *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1285, 1388 (11th Cir. 1998), did not refer to the law outside of the Eleventh Circuit in determining that the plaintiff's complaint about the grooming policy was not objectively reasonable. The decision in *Harper* noted instead that every other circuit followed the Eleventh Circuit's

21

decision on this issue to demonstrate that "[t]he reasonableness of the plaintiffs' belief in this case is belied by the unanimity with which the courts have declared grooming policies like Blockbuster non-discriminatory." *Id*. The *Harper* decision was also cited by the Eleventh Circuit majority in *Butler*, 536 F.3d at 1214, in holding that the issue of objectively reasonable belief is decided by the law in the Eleventh Circuit.

Plaintiff further contends that the statements offered regarding the reason for the grooming policy is evidence that the policy was "a proxy for race discrimination." (Doc. 82 at 71). Plaintiff's brief is clear that the argument does not apply to Dynamic, with Plaintiff stating that the "statement is offered against HMMA and HEA." (Doc. 82 at 75). Similarly, Plaintiff's final argument about Plaintiff having her hair chemically treated but not requiring white employees to have their hair chemically treated is only asserted against HMMA. (Doc. 82 at 71) ("HMMA does require White employees to chemically treat their hair as part of the grooming policy, requiring Key to chemically treat her hair is a discriminatory practice.")

**D.** **Wearing Dreadlocks Is Not a Protected Characteristic Sufficient to Support a Race Discrimination Claim Regardless of the Method of Proof Plaintiff Applies.**

Plaintiff has not shown that there is any genuine issue with respect to any material fact as to Plaintiff's race discrimination claims, and Dynamic is entitled to

a summary judgment for the reasons set forth in its Memorandum of Law in Support of its Motion for Summary Judgment as to All Claims, particularly that Plaintiff's claim of race discrimination based on her hair style (dreadlocks) is under Eleventh Circuit law not a protected characteristic. (Doc. 74 at 26-28). Plaintiff's Opposition does not address that issue directly, but instead approaches it under an argument that she has presented a mosaic of race discrimination. (Doc. 82 at 72-76 and n. 16). In a footnote, Plaintiff attempts to avoid the controlling Eleventh Circuit law by claiming that the discrimination against Plaintiff was because she wanted to wear her dreadlocks in a natural un-styled fashion not involving any chemical treatments. Plaintiff has not asserted any case law for this argument as the case law draws no distinction between the two, but addresses grooming policies in general.

HMMA and HEA have adequately pointed out the deficiencies in this argument, particularly that it is contrary to the case law and to the Plaintiff's deposition testimony that the her dreadlocks were not in a natural state, but created by her. (Doc. 85 at 20-22; Doc. 86 at 2-3). The Co-defendants' reply briefs also correctly point out that the reference to evidence of other African Americans allowed to wear dreadlocks is not evidence of race discrimination, but of actions in favor African Americans. (Doc. 85 at 3 n. 2; Doc. 86 at 4). As HMMA and HEA have already set out, *Equal Emp't Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 (11th Cir. 2016), still controls the outcome, even if the issue is

23

whether it is natural or styled, with the court stating "[t]hat dreadlocks are a 'natural outgrowth' of black hair does not make them an immutable characteristic because of race."). *See also Rogers v. American Airlines, Inc.*, 527 F.Supp. 229, 231-32 (S.D.N.Y. 1981) (ban on all-braided hair styles was not discriminatory even if those styles were associated with or more commonly worn by members of one race).

Finally, as pointed out previously, Plaintiff's argument that the intention of the no–dreadlocks policy to prevent African Americans from wearing their hair in dreadlocks is what renders it discriminatory (Doc. 82 at 74-76) has no application to Dynamic and does not prevent entry of summary judgment in Dynamic's favor on any race discrimination claims. The evidence is that Dynamic did not create the policy, and Plaintiff has not attempted to make that argument. The basis for that argument is an alleged statement by Gloria Robinson, but as Plaintiff's Opposition makes clear, "the statement is offered against HMMA and HEA" with no reference to it applying to any claim asserted against Dynamic.

### E.    Conclusion.

For these reasons and the grounds set forth in its principal brief, Defendant Dynamic Security Inc.'s Motion for Summary Judgment is due to be granted.

Respectfully submitted,

/s/Wesley C. Redmond
WESLEY C. REDMOND
SUSAN W. BULLOCK
FORDHARRISON LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
Phone: (205) 244-5905
          (205) 244-5904
Email: wredmond@fordharrison.com
          sbullock@fordharrison.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on November 14, 2022, he

electronically filed a true and correct copy of the foregoing with the Clerk of Court

using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL  35202

*Counsel for Hyundai Motor Manufacturing Alabama, LLC*

T. Matthew Miller
Bradley Arant Boult Cummings
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203

*Counsel for Hyundai ENG America, Inc.*

*/s/Wesley C. Redmond*
Wesley C. Redmond

WSACTIVELLP:13558730.1