IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:19-cv-767-ECM |
| | ) |
| HYUNDAI MOTOR MANUFACTURING ALA., LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO STRIKE DECLARATION OF DAVITA KEY

Defendant Dynamic Security, Inc. ("Dynamic") moves this Court pursuant to Fed. R. Civ. P. 56(e)(1) to strike the following references in Plaintiff Davita Key's Declaration in Plaintiff's Evidentiary Materials submitted in Opposition to Defendants' Motion for Summary Judgment (Doc. 81-19) that are not based on personal knowledge and are conclusory and speculative.

**I.     STANDARD OF REVIEW**

In responding to a summary-judgment motion, the nonmoving party may rely on sworn pleadings, including affidavits, declarations, and interrogatory answers. *See* Fed. R. Civ. P. 56(c). Affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Little v. Comput. Scis. Corp.,* No. 1:15-

1

cv-659-MHT-GMB, 2017 U.S. Dist. LEXIS 65841, at *11-12 (M.D. Ala. Apr. 28, 2017)*(*citing Fed. R. Civ. P. 56(c)(4); *see also Home Depot U.S.A., Inc. v. United States Fire Ins. Co.*, 299 Fed. Appx 892, 895 (11th Cir. 2008); Fed. R. Evid. 602 (a non-expert witness must limit testimony to facts of which he has first-hand knowledge). "Evidence that does not comply with the requirements of Rule 56(c)(4) may be subject to a motion to strike." *Little*, at *11-12 (quoting *Short v. Mando Am. Corp.*, 805 F. Supp. 2d 1246, 1265 (M.D. Ala. 2011))[1]. The district court should not consider affidavits of persons who lack personal knowledge. *See Corwin v. Walt Disney Co.*, 475 F. 3d 1239, 1249 (11th Cir. 2007) ("Even on summary judgment, a court is not obligated to take as true testimony that is not based upon personal knowledge.") (citation omitted). Personal knowledge requirement is mandatory, and a declaration must therefore consist of facts and occurrences the declarant has had the opportunity to observe and perceive with her own senses.

Furthermore, a court cannot consider inadmissible hearsay when ruling on a summary judgment motion. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge [and] set out facts that would be admissible in evidence."). Under the Federal Rules of

---

[1] "[I]f an affidavit contains some improper material, the court need not strike the entire affidavit, rather it may strike or disregard the improper portions . . . ."). *Hawthorne v. Sears Termite & Pest Control, Inc.,* 309 F. Supp. 2d 1318, 1334 (M.D. Ala. 2003).

Evidence, hearsay is a statement "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is generally inadmissible with a few exceptions that do not apply here. *See* Fed. R. Evid. 802 and 803. Finally, conclusory statements based on the declarant's "beliefs" do not comply with the personal knowledge requirement. *See Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) ("Belief, no matter how sincere, is not equivalent to knowledge.") (citation omitted).

The Court should strike and disregard all references by Plaintiff in her Declaration to hearsay statements made by third persons, including the following:

Paragraph 27:  Plaintiff purports to testify that to what Cureton said during and unemployment hearing, which is both hearsay and fails to satisfy the best evidence rule, since a transcript of that hearing exists.

Paragraph 27:  Plaintiff purports to testify that she told the EEOC in a written rebuttal in October 2017 that Dynamic Security had fired her, which is hearsay and fails to satisfy the best evidence rule since the rebuttal to which she refers exists.

WHEREFORE, Defendant respectfully requests that this Court strike and disregard Paragraph 27 and all other inadmissible portions of the Plaintiff's Declaration (Doc. 81-19) on which she relies to oppose Defendant Dynamic's Motion for Summary Judgment.

Respectfully submitted,

/s/Susan W. Bullock
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: 205-244-5905
        205-244-5904
Facsimile: 205-244-5901

*Counsel for Dynamic Security, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on 14th day of November, 2022, she electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System, and a true and correct copy to counsel of record:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL  35202

*Counsel for Hyundai Motor Manufacturing Alabama, LLC*

T. Matthew Miller
Bradley
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203

*Counsel for Hyundai ENG America, Inc.*

                                                          */s/ Wesley C. Redmond*
                                                          Of Counsel

WSACTIVELLP:13558491.1