IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-767-ECM |
| | ) | |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, et al | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT DYNAMIC SECURITY, INC.'S**
## **MOTION TO STRIKE JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 12(f) and 39(a), Defendant Dynamic Security, Inc. ("Dynamic") moves the Court for entry of an Order striking Plaintiff's demand for a trial by jury asserted in Plaintiff's Complaint (doc. 1) and First Amended Complaint. (Doc. 28). In support of this Motion, Dynamic relies on the following Memorandum of Law and the exhibits attached to this Motion, which include. Those exhibits include:

Exhibit 1    Security Officer's Handbook excerpt entitled, "Waiver of Trial by Jury Policy" (Excerpts from Exhibit 10 to Plaintiff's Deposition, Bates Labeled Key 000332-000336, 000373-000375)

Exhibit 2    Plaintiff's Acknowledgment and Receipt of Employee Handbook (Excerpt from Exhibit 10 to Plaintiff's Deposition, Bates Labeled Dynamic - Key 00041)

Exhibit 3     Pre-Employment Screening (Bates Labeled Dynamic - Key 00041-00042 and Key 000332 – 000382)

Exhibit 4     Excerpts from Deposition Transcript of Plaintiff Davita Key with Deposition Exhibit 2, Pre-Application Screening Form signed July 21, 2017 (Bates Labeled Dynamic - Key 000028[1] and Key 000013[2]) and Deposition Exhibit 10, Security Guard Handbook (Bates Labeled Dynamic - Key 00041-00042 and Key 000332 - 000382)

## <u>MEMORANDUM OF LAW</u>

### A.     <u>Plaintiff Signed a Waiver of Trial by Jury.</u>

As a condition of her employment, Plaintiff Davita Key ("Plaintiff" or "Ms. Key") agreed in writing to waive a trial by jury in the event of litigation arising out of her employment. Dynamic gave Ms. Key its Security Officer's Handbook ("Handbook") to read, and it included a section entitled "Waiver of Trial By Jury Policy" ("Jury Waiver Policy") (Exhibit 1, Security Officer's Handbook excerpt entitled, "Waiver of Trial by Jury Policy," pp. 37-39, Key 000373-000375). A two-page "Contents" index at the beginning of the Handbook listed seven "Policies," one of which was "Waiver of Trial by Jury" directing the reader to page 37. (*Id.* at *i*, Key 000335) The Jury Waiver Policy beginning on page 37 of the Handbook states in full:

---

[1] Documents identified by Bates labels with the title "Dynamic – Key" were produced in discovery by Dynamic Security, Inc.
[2] Documents identified by Bates labels with the title "Key" were produced in discovery by Plaintiff Davita Key.

## WAIVER OF JURY TRIAL POLICY

It is the desire of Dynamic Security to resolve disputes, whenever possible, in a fair and expeditious manner reflecting the interest of the concerned parties. Although there is no outstanding dispute at this time between the parties, it is recognized that as in any relationship, difference may arise which are not resolved and result in litigation.

In consideration of Dynamic Security, Inc. offering you employment and employing you, you and Dynamic Security each agree that in the event either party (or its successors or assigns) brings an action against the other relating to your recruitment, employment, or termination of employment from Dynamic Security Inc. the plaintiff in such action agrees to waive his/her rights to a trial by jury and future [*sic*] agrees that no demand, request or motion will be made for trial by jury.

This waiver of jury trial will cover:

1.   All actions, claims, and demands directly or indirectly related to recruitment, employment or termination from Dynamic Security Inc.

2.   All issues and causes of actions brought in any lawsuit in which an employment related claim is made.

3.   Initial, subsequent, and future proceeding related to (1) and (2) above….

By waiving the right to a jury trial an employee is not limiting their rights to trial by judge. However, the right to a jury is of value. Security Officers may wish to consult an attorney prior to signing this agreement. If so, the Officer may take this handbook with him/her; however, employment will not be offered until this is agreed upon; and in the event that the individual does not agree to the

3

> Rules and Regulations outlined in this handbook, the handbook must be returned immediately.

(Ex. 1, pp. 37-39); Exhibit 4, Plaintiff's Depo. Transcript, pp. 53-54, referring to Deposition Exhibit 10, which included the Handbook and her signed Acknowledgment). Notably, the Jury Waiver Policy specifically informed Ms. Key that she could choose to take the handbook with her to consult with an attorney prior to accepting it. (Ex. 1 at 7).

On July 21, 2017, Ms. Key signed an "Acknowledgement and Receipt of Employee Handbook" that stated she had received and read the Handbook and agreed to be bound by the rules, regulations, and policies set forth in the Handbook, which included the Jury Waiver Policy. (Ex. 2, Plaintiff's Acknowledgment and Receipt of Employee Handbook).

> Q.    I show you what's marked as Defendants'
> ·      Exhibit Number 10. Ms. Key, this is
>        Bates-numbered Dynamic-Key D41 through
>        -   on the first page, which is an acknowledgment.
>        And then on the next page, it's also Dynamic-Key
>        Bates number 42. Then the third page starts
>        with Bates numbers Key 332 through 382.
>        Now, this appears to be an acknowledgment
>        for your receipt of Dynamic Security's employee
>        handbook; is that correct?
>
> A.    Yes.
>
> Q.    That's your signature at the bottom?
>
> A.    Yes.

Q.      And did you read it before you signed
        it, the acknowledgment?

A.      Yes.

Q.      And the second page, which is
        Dynamic-Key Bates number 42, that's your
        signature as well?

A.      Yes.

Q.      And after that is the Dynamic handbook
        you were provided by Dynamic?

A.      Yes.

Q.      Did you read their handbook?

A.      Yes.

(Exhibit 4, Plaintiff's Depo. Transcript, pp. 53-54, referring to Deposition Exhibit

10). Ms. Key specifically testified that she read the Jury Waiver Policy and

understood what it meant.

Q.      . . . Look, if you would, at Key number 373.
        And it's the policy, "Waiver of Trial by Jury
        Policy." Did you read that policy?

A.      Yes.

Q.      What was your understanding as to what
        it meant?

A.      Waiver of trial by jury.

5

(Ex. 4, p. 55). The above testimony establishes that Ms. Key confirmed under oath that she signed the acknowledgement of having received the Jury Waiver Policy and that she also had read and understood the Jury Waiver Policy.

Ms. Key understood that compliance with Dynamic's Policies and Procedures was a condition of her employment and her continued employment, testifying she read Dynamic's Pre-Employment Screening when she signed it on July 21, 2017. (Exhibit 3, Pre-Application Screening Form, p. 2; Ex. 4, pp 23-25). She specifically confirmed in deposition she had read the sentence stating, "I understand that compliance with the company's policies and procedures is a condition of my employment." *Id*. The Security Officer's Handbook Ms. Key testified to having read at the time she was hired stated, "[c]ontinued employment is contingent upon compliance with all Rules and Regulations. . ." (Ex. 1, p. 3, Key 000339).

### B.   Plaintiff's Jury Waiver Was Knowing and Voluntary.

"As a matter of black-letter law, '[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution ... is preserved to the parties inviolate.' Rule 38(a), Fed. R. Civ. P." *Nettles v. Daphne Utilities*, No. CIV.A. 13-0605-W-C, 2014 WL 3845072, at *2 (S.D. Ala. Aug. 5, 2014). However, the Eleventh Circuit has held that "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc., et al. v. Villager Franchise Sys., Inc*., 164 Fed.Appx. 820, 823 (11th Cir. 2006) (citing *Brookhart v.*

*Janis*, 384 U.S. 1, 4-5, 86 S.Ct. 1245, 1246-47, 16 L.Ed.2d 314 (1966)). "In making this assessment, courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Brown v. Bd*., No. CV 16-093-KD-M, 2016 WL 4870541, at *2 (S.D. Ala. Aug. 22, 2016), report and recommendation adopted, No. CV 16-093-KD-M, 2016 WL 4771085 (S.D. Ala. Sept. 13, 2016)(upholding jury trial waiver in employee handbook)(quoting *Bakrac*, 164 Fed. Appx. 820, 823 (citations omitted)). "In this consideration, it is not whether any particular number of factors have been satisfied, but whether, 'in light of all of the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Brown v. Bd.*, at *2 (citing *Allyn v. Western United Life Ass. Co*., 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004)). Ms. Key's testimony that she read and understood the Jury Waiver Policy satisfies the "knowing and voluntary" requirements of the law to effect a waiver of her right to a jury trial.

In *Bakrac, Inc. v. Villager Franchise Systems, Inc.,* the Eleventh Circuit held that a jury waiver conspicuously set forth in a franchise agreement in large type and plain language was a valid knowing and voluntary waiver of right to a jury trial. 2006 WL 41282, *3 (11th Cir. Jan. 6, 2006). In *Colonial BancGroup Inc. v. PriceWaterhouseCoopers LLP*, this Court upheld a jury waiver contained within an engagement letter between a bank and an accounting firm as "knowing and

7

voluntary" because it was listed in a separate paragraph containing only the waiver language under the heading "Agreement not to demand jury trial.". No. 2:11-CV-746-BJR, 2017 WL 4175027, at *2 (M.D. Ala. Feb. 7, 2017) (underlining in original) (enforcing the jury waiver against a third-party beneficiary who was a non-signatory). *See also LEAF Cap. Funding, LLC v. Tuskegee Univ*., No. 3:20-CV-538-ECM, 2020 WL 7129036, at *3 (M.D. Ala. Dec. 4, 2020) (court reserved ruling on motion to strike jury trial because validity of waiver depended on the validity of the lease containing the jury trial waiver, and the court had not yet determined if both parties to the lease had knowingly and willingly signed it). In *RREF RB-AL SLDL, LLC v. Saxon Land Dev*., LLC, this Court upheld as valid a jury waiver where the waiver clauses in contracts were prefaced with 'JURY WAIVER' or 'WAIVE JURY' in all-caps and bold type and were presented in paragraphs separate from other provisions of the contracts. No. 2:11-CV-925-MEF, 2012 WL 1366720, at *2 (M.D. Ala. Apr. 19, 2012).

Pursuant to the legal standards imposed by the Eleventh Circuit in *Bakrac, Inc. v. Villager Franchise Systems, Inc.*, the Southern District of Alabama has upheld jury waivers contained in employee handbooks. In *Brown v. Bd*., the Southern District of Alabama upheld a jury waiver in an employee handbook where the plaintiff had signed an acknowledgement clearly stating he "expressly waive[s] any and all rights to a trial by jury." 2016 WL 4870541, at *3 (S.D. Ala. Aug. 22, 2016),

report and recommendation adopted, No. CV 16-093-KD-M, 2016 WL 4771085 (S.D. Ala. Sept. 13, 2016). In *Nettles v. Daphne Utilities*, the Southern District of Alabama upheld a jury waiver signed by employees that stated in bold-type and all-caps, "I acknowledge and agree that in the event I seek the involvement of a court of law, I expressly waive any and all rights to a trial by jury. Instead, I agree that if I pursue legal action in a court of competent jurisdiction, any and all matters related to my employment will be resolved by a judge." No. CIV.A. 13-0605-W-C, 2014 WL 3845072, at *1 (S.D. Ala. Aug. 5, 2014).

This Court should strike Plaintiff's jury demand in accordance with *Bakrac* and its prior rulings enforcing jury waivers and in following guidance from the Southern District's application of those standards to the employment context. The Jury Waiver Policy in the Handbook clearly identifies the Waiver of Trial by Jury Policy in the Contents, presents it separately from the other six policies under an all-caps, bolded heading of "**WAIVER OF TRIAL BY JURY POLICY**." There is no dispute that Ms. Key knew her acceptance of employment waived any trial by jury arising out of her employment because she admitted in deposition that she had read the Jury Waiver Policy and that she understood it. (Ex. 3, Plaintiff's Depo. Transcript, p. 55). There is also no dispute that Ms. Key voluntarily consented to the waiver because the evidence shows she accepted employment with the knowledge and understanding that her employment and continued employment was contingent

upon accepting and abiding by Dynamic's policies, which clearly included the

**WAIVER OF TRIAL BY JURY POLICY**. (Ex. 4, at 26, 55; Ex. 2,

Acknowledgement; Ex. 3, Pre-Employment Screening).

      **WHEREFORE**, Dynamic requests the Court grant its Motion to Strike

Plaintiff's Jury Trial Demand and that this matter proceed as a non-jury action.

            Respectfully submitted,

            */s/Susan W. Bullock*
            Wesley C. Redmond
            Susan W. Bullock
            FordHarrison LLP
            420 20th Street North, Suite 2560
            Birmingham, AL  35203
            wredmond@fordharrison.com
            sbullock@fordharrison.com
            Phone: 205-244-5905
                   205-244-5904
            Facsimile: 205-244-5901

            *Counsel for Defendant Dynamic Security,*
            *Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 27th day of December, 2022, she electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL  35202

*Counsel for Hyundai Motor Manufacturing Alabama, LLC*

T. Matthew Miller
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203

*Counsel for Hyundai ENG America, Inc.*

Kurt S. Fischer, Esq.
U.S. Equal Employment Opportunity Commission

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205

*/s Susan W. Bullock*
Of Counsel

WSACTIVELLP:13246676.1