IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-767-ECM |
| | ) | |
| HYUNDAI MOTOR | ) | Oral Argument Requested |
| MANUFACTURING, ALABAMA, | ) | |
| LLC; HYUNDAI ENG AMERICA, | ) | |
| INC.; and DYNAMIC SECURITY, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT DYNAMIC SECURITY'S MOTION TO STRIKE JURY TRIAL

## I.     INTRODUCTION

After litigating this matter for over three years, Defendant Dynamic

Security, Inc. ("Dynamic Security") moved this Court to Strike Plaintiff's Jury

Demand. Plaintiff asserted her jury demand in her initial pleading filed in October

of 2019. Dynamic Security's request conflicts with Dynamic Security's conduct

throughout the litigation and misconstrues the content of the alleged waiver.

Dynamic Security's' request, if granted, would prejudice the Plaintiff by requiring

intertwined claims to proceed partially to a jury and partially to the bench. For

these reasons, more fully stated below, the Court should DENY Dynamic

1

Security's motion and allow this cause to proceed to the jury trial currently scheduled.

## II.   DYNAMIC SECURITY WAIVED ANY RIGHT TO STRIKE PLAINTIFF'S JURY DEMAND

Dynamic Security's conduct during litigation and more than three-year delay in asking the Court to strike the jury demand make any jury waiver unenforceable. While a party has latitude on when it can file a motion to strike a jury demand, whether the motion is timely is ultimately a matter within the Court's discretion. *Burton v. GMC*, No. 1:95-cv-1054-DFH-TAB, 2008 U.S. Dist. LEXIS 62758, at *24 (S.D. Ind. Aug. 15, 2008). The Court's decision should include a consideration of judicial economy, prejudice to the plaintiff created by not having a jury, and other issues. *Id.* Dynamic Security's representations to the Court and other parties during the creation of the litigation plan and discovery period, and Dynamic Security's unexplained dilatory conduct, support a finding that Dynamic Security did not intend to act on the alleged jury waiver.

In similar circumstances courts have denied motions to strike jury demands finding that the moving parties' delays or inconsistencies functioned as a waiver of their right to assert the demand. In *Coleman v. Lazy Days RV Ctr., Inc.,* No. 8:05-CIV-930-T-17TBM, 2007 U.S. Dist. LEXIS 673211, at *5-6 (M.D. Fla. Sep. 12, 2007), the district court denied defendant's motion to strike the jury demand where the defendant waited more than two years after the case was filed and designated

for jury trial. The court noted that the defendant agreed to a jury trial in the Case Management Report when it signed the report and provided no reason why it did not challenge the plaintiff's jury demand from the beginning. Likewise, in *Madura v. Countrywide Home Loans, Inc.*, No. 8:06-cv-2073-T-24-TBM, 2008 U.S. Dist. LEXIS 11422, at *2-3 (M.D. Fla. Jan. 15, 2008), the district court denied defendant's delayed motion to strike the jury demand where the defendant waited more than a year to enforce the waiver, the case management report indicated the plaintiff had demanded a jury trial, and defendant did not object to the court's scheduling order setting the case for jury trial. The court noted that these facts supported a finding that the defendant had waived any right to object to a jury demand.

These cases mirror the facts in the case before this Court. Plaintiff filed a jury demand against all parties, including Dynamic Security, when she filed her complaint on October 10, 2019. (Doc. 1). On September 23, 2021, Dynamic Security consented to electronic signature on the Report of the Parties' Planning Conference which noted in the heading/case style "Jury Trial" and requested on page 10, paragraph 8, that the case be set on the Court's November 14, 2022, trial calendar. (Doc. 46). The parties participated in an in person planning conference with the Court on November 19, 2021, where Dynamic Security did not raise any issue concerning Plaintiff's jury demand or the demand in the planning report.

(Doc. 50). The Court entered its Uniform Scheduling Order on November 19, 2021, which noted in bold lettering at the beginning of the Order that each party should read the Order carefully and was expected to comply with each and every provision. (Doc. 51). Section 1 of the Order set the case for Jury Selection and Trial on the Court's November 14, 2022 calendar and Section 13 noted the parties' voir dire obligations and deadlines. (Doc. 51). Dynamic Security did not object to the Court's Order. Discovery commenced over the next ten months without objection to the jury demand by Dynamic Security. Dynamic Security questioned Plaintiff about the waiver section of the handbook at her deposition on June 20, 2022, but raised no objection at that time. Discovery closed on September 9, 2022, with no objection to the jury demand by Dynamic Security. The parties concluded dispositive briefing on November 14, 2022, with no objection to the jury demand by Dynamic Security. Dynamic Security waited more than 40 days after the conclusion of dispositive briefing to move to strike Plaintiff's jury demand.

| Court or Party Action | Date | Days Before Dynamic Security Motion to Strike |
|---|---|---|
| Complaint with Jury Demand | 10/10/19 | 1174 days (3+ years) |
| Court's Scheduling Order with Jury Setting | 11/19/21 | 403 days (1+ year) |
| Plaintiff's Deposition | 6/20/22 | 190 days (6+ months) |
| Discovery Closed | 9/9/22 | 109 days (3+ months) |
| Dispositive Motions Concluded | 11/14/22 | 43 days (1+ month) |

Plaintiff proceeded with discovery and a litigation plan in this case as though claims against all parties would be tried to a jury. Plaintiff developed her case around the intertwined nature of the actions between the three parties. The case is currently set on the Court's March 27, 2023 trial calendar – just 60 days after Dynamic Security's current reply deadline. (Doc. 57, Doc. 90). The parties have pretrial documents (witness/exhibit lists, motions in limine, and deposition designations) and a proposed pretrial order due to this Court by January 26, 2023 – one week from the filing of this response. (Doc. 57). Plaintiff has begun preparing these documents as though claims against all parties will proceed to a jury. Striking Plaintiff's jury demand against only one party in a claim that is so intertwined would stand only to confuse the issues, convolute the case, and prejudice the Plaintiff by requiring additional time, expense, and planning. Additionally, striking the jury demand this late in the litigation process on intertwined claims could disrupt the Court's current trial schedule causing further delay in this already protracted litigation. The Court should deny Dynamic Security's motion because Dynamic Security's dilatory and inconsistent conduct stands to prejudice Plaintiff and the Court.

## III.   PLAINTIFF DID NOT WAIVE HER RIGHT TO TRIAL BY JURY

Even if the Court determines Dynamic Security's delay does not require denial of its motion, the Court should deny the motion because Plaintiff did not

knowingly waive her right to a jury trial. Plaintiff has a fundamental right to a trial by jury secured by both the United States Constitution and federal law.[1] Accordingly, courts analyze waivers of this right with "exacting scrutiny, indulging all reasonable presumptions against a finding of waiver." *Graves v. Avis Budget Grp., Inc.*, No. 8:20-cv-270-CEH-JSS, 2022 U.S. Dist. LEXIS 129849, at *7 (M.D. Fla. July 21, 2022). *See also Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393 (1937); *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995). In analyzing a potential waiver, the "court's discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." *Borgh v. Gentry*, 953 F.2d 1309, 1311 (11th Cir. 1992). A plaintiff may, however, waive her right to a jury trial if the Court determines, based on the facts of the case, that her waiver is knowing and voluntary. *Tracinda Corp. v. DaimlerChrysler AG,* 502 F.3d 212, 222 (3rd Cir. 2007); *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006).

Dynamic Security's argument does not rest on an employment contract signed by Key in which there is an express waiver of a jury trial in exchange for consideration, such as employment. Instead, the argument rests on language in a

---

[1] "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . " U.S. Const. amend. VII. The Civil Rights Act of 1991 amended Title VII, in relevant part, by creating a right to trial by jury. *See* 42 U.S.C. §§ 1981a(a)(1) & (c); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17; *Goodgame v. American Cast Iron Pipe Co.,* 75 F.3d 1516, 1518 (11th Cir. 1996).

Security Guard Handbook provided to Key after Dynamic Security hired her. These facts to not allow the conclusion that Key knowingly and voluntarily waived her right to a jury trial.

When determining if a waiver is knowing and voluntary, courts consider factors such as whether the waiver was conspicuous, the bargaining power and sophistication of the parties, and whether the terms were negotiable. *See Brown v. Bd.*, No. 16-093-KD-M, 2016 U.S. Dist. LEXIS 123646, at \*5-6 (S.D. Ala. Aug. 22, 2016). While the court in *Brown* found that the plaintiff's waiver was enforceable, *Brown* is distinguishable from the current case. In *Brown*, the plaintiff signed a one-page document titled "Acknowledgment and Waiver of Right to Trial By Jury" followed by an express and clear waiver of any potential right to a jury trial resulting in resolution by a judge. *Id.* at \*5. Additionally, the plaintiff only argued that her signature was not voluntary because it was given to her when she was under investigation with a threat of termination. *Id.* at \*6.

Unlike *Brown*, Plaintiff in the instant action did not sign a conspicuous one-page waiver provision, or any waiver at all. Instead, Dynamic Security included its waiver of trial by jury section at pages 37-39 of a more than 45-page security officer's handbook. (Ex 1, Dynamic Security Officers Handbook).[2] Though

---

[2] Dynamic Security included only excerpts from the handbook at Doc. 89-1, in the interest of completeness, and because context matters, Plaintiff has attached the handbook in its entirety.

scanned/filed images in the docket appear full size, the handbook is actually a type of "pocket manual" measuring 4 inches by 5 inches – no larger than a passport book. The handbook does not contain a place for an employee to sign acknowledging any of the twenty-five provisions contained therein.

Instead, Dynamic Security presented Plaintiff with a separate document at some time during her onboarding titled "Acknowledgement and Receipt of Employee Handbook." (Doc. 89-2). This acknowledgment is not a part of the handbook, is not attached to the handbook, and only references the handbook. The acknowledgment does not require the Plaintiff to sign acknowledging that she read the contents of the handbook. Instead, it only acknowledges that the plaintiff received a copy of the handbook and at the time of signing, that she had some future responsibility to read the handbook "and become familiar with the contents."

Dynamic Security did have Plaintiff sign other separate and specific documents.[3] Plaintiff signed a two-page Rules and Regulations that did not include

---

[3] Notably, this defendant, represented by this same law firm, recently litigated a jury waiver issue in the Eastern District of Tennessee. In the Tennessee case, Dynamic Security had presented the employee/plaintiff with a "Standard Employee Packet" to sign that included a copy of the jury trial waiver on the *first* page of the packet. *Underwood v. Dynamic Sec., Inc.*, No. 18-00017, 2020 U.S. Dist. LEXIS 181798, at *27-28 (E.D. Tenn. Sep. 30, 2020). Dynamic Security did not provide Plaintiff Key the same Employee Packet and only included the waiver buried in the Security Officer's Handbook.

the jury waiver, a one-page Performance Standards that did not include the jury waiver, and a one-page Harassment in the Workplace that did not include the jury waiver. (Ex 2, Dynamic Security Signed Documents). Dynamic Security did not include the jury waiver in any of the documents requiring Plaintiff's signature.[4]

The handbook's states "an Officer's acceptance of employment does not constitute an employment contract with Dynamic Security for any specific period of time." (Ex 1 p3) The separate "Acknowledgement and Receipt of Employee Handbook" specifies that while Plaintiff agrees to abide by the rules, regulations, and policies, the handbook does not create a contract and instead represents a "summary of the more important company guidelines" and is "not intended to be all-inclusive." (Doc. 89-2). The acknowledgment does not restate or specifically point to the jury waiver. The handbook policy section notes that the included 7 policies are "select relevant Company Policies" taken from the "Policy manual" but Dynamic Security did not produce any policy manual or additional jury waiver policy. (Ex 1 p34). Finally, and most importantly, the acknowledgment that

---

[4] The other cases Dynamic Security relies on are similar in nature, each having the plaintiff *sign* a document that contained the specific waiver including a signed franchise agreement (*Bakrac, Inc. v. Villager Franchise Sys, Inc.*, 164 F. App'x, 820, 822 (11th Cir. 2006)), a signed engagement letter (*Colonial BancGroup, Inc. v. PriceWaterhouseCoopers, LLC*, No. 2:11-cv-746-BJR-WC, Doc. 479-2 (M.D. Ala. Oct. 14, 2016)), and a signed promissory note and guaranty (*RREF RB-AL SLDL, LLC v. Saxon Land Dev., LLC*, No. 2:11-cv-925-MEF [WO], 2012 U.S. Dist. LEXIS 54701, at *5 (M.D. Ala. Apr. 19, 2012)). Plaintiff in this action did not sign any document that contained any written provision waiving a jury trial.

Plaintiff signed specifies that Dynamic Security's "employment practices are governed by applicable state and federal laws, regulations, and constitutional provisions and the Company at all times will abide by those legal requirements." (Doc. 89-2). This statement alone represents that the Dynamic Security would abide by Plaintiff's fundamental right to a jury trial.

Dynamic Security relies on portions of Plaintiff's deposition to support its position that Plaintiff knowingly waived her right to a jury trial. In making this argument however, Dynamic Security excluded the above facts about the handbook itself and a portion of Plaintiff's testimony quantifying her understanding of the waiver section. When asked during her deposition about the handbook and acknowledgement, Plaintiff testified she read *the acknowledgment* before she signed it. (Doc. 68-12, Pl Depo, 54:7-19).[5] Plaintiff testified she read the handbook, but her testimony did not elicit any facts surrounding when she read the handbook and if she read the handbook before or after signing the acknowledgment of receipt. (Doc. 68-12, Pl Depo, 54:20-24). She also testified she read the waiver portion, but her testimony did not elicit any facts surrounding when she read the waiver portion, and if she did so before or after signing acknowledgment of receipt of the 45-page handbook. (Doc. 68-12, Pl Depo, 55:10-

---

[5] Dynamic Security attached portions of Plaintiff's deposition to its motion, but Plaintiff's entire deposition can be found at Doc. 68-12.

13).

Instead, when asked specifically about what she understood the waiver provision to mean, Plaintiff pointed out a clause in the waiver stating the waiver would apply "whenever is possible, in a fair and expeditious manner reflecting the interest of the concerned parties." (Doc 68-12, Pl Depo, 55:14-25). Neither the signed acknowledgment of receipt nor Plaintiff's testimony support an unequivocal finding that Plaintiff knowingly waived her right to a jury trial. Instead, Plaintiff's testimony supports a reasonable presumption that she did not knowingly waive her right and believed the policy would be applied only in a fair and expeditious manner, subject to state and federal laws, regulations, and constitutional provisions, and considering the interest of all parties. This Court should deny Dynamic Security's motion.

## IV.  THE WAIVER PROVISION IS AMBIGIOUS OR INCONSISTENT AND DOES NOT CREATE A WAIVER

Because waivers must be voluntarily and knowingly made, provisions that contain ambiguous or inconsistent statements cannot suffice to waive the Plaintiff's right to a jury. The waiver provision in the security officer's handbook states "By waiving the right to a jury trial an employee is not limiting their rights to trial by judge." (Ex 1, Handbook, p38). This sentence, among a section claiming to waive the plaintiff's right to a jury trial represents to the plaintiff that she is *not* limited to a trial by judge only.

Generally, under drafting principles, "ambiguities in contracts are construed against their drafters." *Key v. Allstate Ins. Co.*, 90 F.3d 1546, 1549 (11th Cir. 1996) (cleaned up). Under this analysis, the ambiguity in whether the waiver does or does not limit the Plaintiff to a judge only trial must be construed against Dynamic Security. The same results if the sentence was included in error. "[E]rrors in drafting contracts are construed against the drafter." *McGregor v. Board of Commissioners of Palm Beach County*, 956 F.2d 1017, 1022 (11th Cir. 1992). As the drafting party, Dynamic Security had the opportunity to verify its intention before presenting the handbook to Plaintiff or any other employee. Instead, this provision existed as above for more than 16 years from its creation in 2001to the date it was given to Plaintiff in 2017. Assuming this sentence was included in error, the error must be construed against Dynamic Security. Additionally, Dynamic Security cannot rationally argue the waiver was obvious when it took their lawyers over three years to act on the alleged waiver. Because Dynamic Security represented to the Plaintiff that she was not limited to a trial by judge only, through ambiguity or error, Plaintiff did not knowingly and voluntarily waive her right to a jury trial and the Court must DENY Dynamic Security's motion.

## V.    CONCLUSION

A plaintiff's waiver of the fundamental right to a jury trial must be made knowingly and voluntarily. The Court is required to make every presumption

toward non-waiver. Because Dynamic Security's delayed and inconsistent action with regard to this request acts as a waiver of Dynamic Security's right to assert the claim and Dynamic Security cannot establish that Plaintiff knowingly and voluntarily waived her fundamental right to a jury trial, the Court must DENY Dynamic Security's motion.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the Court DENY Dynamic Security's Motion to Strike Plaintiff's Jury Demand and maintain the case as currently set for Jury Trial on the March 27 trial calendar.

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

*/s/ Leslie A. Palmer.*
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

## **Certificate of Service**

I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 19th day of January, 2023.

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
PO Box 11945
Birmingham, AL 35202
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
Phone: (205) 326-3002
Counsel for Hyundai Motor Manufacturing Alabama, LLC

T. Matthew Miller
Cortlin Bond
Bradley, Arant, Boult Cummings, LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
mmiller@bradley.com
cbond@bradley.com
Phone: (205) 521-8000
Counsel for Hyundai ENG America, Inc.