IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| ALABAMA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO STRIKE JURY TRIAL**

Defendant Dynamic Security, Inc. ("Dynamic") replies to Plaintiff's Response to Defendant's Motion to Strike Jury Trial ("Plaintiff's Response") (doc. 91) as follows.

### A. The Timing of Dynamic's Motion Did Not Waive Its Right to Move to Strike Key's Jury Demand.

This Court has clearly stated there is no limit when, during the course of litigation, a party may move to strike a jury demand and unambiguously stated it can do so even on the eve of trial. *Colonial BancGroup Inc. v. PriceWaterhouseCoopers LLP*, No. 2:11-CV-746-BJR, 2017 WL 4175027, at *3 (M.D. Ala. Feb. 7, 2017) ("'it is well-established that a party (or the Court on its own initiative) may move to strike a jury demand at any time, even on the eve of trial.'" *Colonial BancGroup Inc. v.*

1

*PriceWaterhouseCoopers LLP* at *3 (quoting *Mowbray v. Zumot*, 536 F. Supp. 2d 617, 621 (D. Mary. 2008) (citing *James Moore et al., Moore's Federal Practice*, § 39.13[2][c] (3d. ed. 2007))).

> 1. <u>Courts have discretion to strike jury demands and deny trial by jury at any time during the litigation, even up to the eve of trial</u>.

As Plaintiff articulates, while the United States Constitution guarantees a person's right to a trial by jury (doc. 91 at 6) and courts analyze waivers with scrutiny, the right to a jury trial is not absolute and may be knowingly and voluntarily waived. (*Id.*) (Plaintiff's citations omitted). The Federal Rules of Civil Procedure expressly affirm this Seventh Amendment right, Fed. R. Civ. P. 38(a), but they also expressly limit the right to trial by jury by requiring affirmative action within a specific time period in order to preserve it. Fed. R. Civ. P. 38(b) ("[o]n any issue triable of right by a jury, a party may demand a jury trial by serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served). Further, Fed. R. Civ. P. 39(a)(2) affirms that a party's jury demand on such triable issues will guarantee a jury trial unless the court finds the party has no such right: "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Importantly, while Rule 38(a) imposes a time limit for making a jury demand, Rule 39(a)(2) imposes no time constraint for a party to file a motion to strike a jury demand or for a court to find the party has no such right.

2

Plaintiff strongly argues Dynamic was untimely in filing its Motion and therefore waived its right. She fails to cite to any binding precedent, and the vast majority of opinions deciding the issue permit a party to file a motion to strike a jury demand well into the litigation, often years and even on the eve of trial. *See Colonial Bancshares* and other cases cited throughout Dynamic's Motion and this Reply. Instead, Plaintiff bases her untimeliness argument on factors set forth in a decision from the Southern District of Indiana, which she urges this Court to apply. (Doc. 91 at 2) (citing *Burton v. Gen. Motors Corp.*, No. 1:95CV1054DFH-TAB, 2008 WL 3853329, at *3 (S.D. Ind. Aug. 15, 2008)) (addressing the court's discretion to deny a motion to strike a jury demand due to late filing and disruption of trial preparation). (Doc. 91 at 2). The factors in *Burton,* which Plaintiff describes as "judicial economy, prejudice to the plaintiff created by not having a jury, and other issues," *id.* (citing *Burton* at *24), are not binding precedent in this Court.[1] Moreover, the facts in *Burton* are not analogous; there, the defendants filed a motion to strike the jury demand <u>two days</u> before the jury trial began, and the Court chose not to rule until it denied the motion after the jury trial. *See also Integrated Mgmt. Sys., Inc. v. Basavegowda*, No. 17-13764, 2020 WL 7075279, at *4 (E.D. Mich. Dec. 3, 2020)

---

[1] *Accord Ex parte Warren Averett Companies, LLC,* No. 1210010, 2022 WL 2188198, at *8 (Ala. June 17, 2022) (granting defendant's petition and issuing a writ of mandamus directing the trial court to vacate its order denying its motion to strike the plaintiff's jury demand, which the trial court entered on untimeliness grounds, and directed the trial court to enter an order granting the motion to strike jury trial; in its opinion, the court specifically distinguished *Burton*).

3

(rejecting the factors of *Burton v. Gen. Motors Corp.* because the decision was not binding precedent and granting the motion to strike the jury demand on grounds of a jury trial waiver contained in an employment agreement even though the motion to strike was filed over two years after the jury demand).

Plaintiff relies on non-binding decisions from Middle District of Florida, one from 2007 and one from 2008, *Coleman v. Lazy Days RV Center, Inc.*, 2007 WL 2696789 at * 2 (M.D. Fla. Sept. 12, 2007) and *Madura v. Countrywide Home Loans, Inc.*, 2008 WL 151850 *1–2 (M.D. Fla. Jan. 15, 2008), holding the defendants consented to jury trial by failing to raise the issue in the case management reports. However, neither case is binding or instructive. Importantly, a later decision in the same court, *Acciard v. Whitney*, No. 2:07-CV-00476-FTM-36, 2011 WL 4902972, at *3 (M.D. Fla. Oct. 13, 2011), expressly declined to follow *Coleman* and *Madura*, stating that both cases "do not create binding precedent that a party automatically waives the right to enforce a jury trial waiver after exhibiting specific conduct or waiting for a defined amount of time" and that the decision remains in the court's discretion. The *Acciard* court emphasized that "Fed. R. Civ. P. 39(a)(2) "provides 'no time limit' by which a party must object to a jury demand." *Acciard v. Whitney* at *3 (citing *JPA, Inc. v. USF Processors Trading Corp. Inc.*, 2006 WL 740401 at *12 (N.D. Tex. Mar. 15, 2006); and *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 227 (3rd Cir. 2007) (granting motion to strike jury trial where defendant

4

filed its motion after the close of discovery because "a party may file a motion to strike a jury demand at any time under Rule 39(a)."). Notably, the *Acciard* court also unequivocally rejected *Burton*, 2008 WL at *7, and granted the defendant's motion to strike the plaintiffs' jury demand even though it was filed <u>over four years</u> after the lawsuit was filed. *Acciard* at *3.

In a recent opinion than *Coleman* and *Madura*, the Middle District of Florida granted a defendant's motion to strike a plaintiff's jury demand pursuant to Rule 39(a) of the Federal Rules of Civil Procedure over the plaintiff's protest of untimeliness. *Schmidt v. Wells Fargo Bank, N.A.*, No. 8:20-CV-150-T-33AAS, 2020 WL 1911466, at *2 (M.D. Fla. Apr. 20, 2020). The *Schmidt* court stated, contrary to the plaintiff's argument, "the majority of authority on the issue holds that motions to strike jury trial waivers can be filed at any time, as permitted by Rule 39." *Schmidt v. Wells Fargo*, 2020 WL at *2 (citing Fed. R. Civ. P. 39(a)(2) ("The trial on all issues so demanded must be by jury unless...the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.")). In denying the plaintiff's untimeliness challenge, the *Schmidt* court incorporated and adopted relevant reasoning in other opinions from cases in the Middle District of Florida, an opinion from the Southern District of Alabama, and an opinion from a case outside the Eleventh Circuit. Importantly, *Schmidt* adopted the reasoning from *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d at 226–27, a case relied on by

Dynamic in its Motion and by Plaintiff in her Response ("[a] plaintiff may waiver her right to a jury trial if the Court determines, based on the facts of the case, that her waiver is knowing and voluntary.") (Doc. 91 at 6). The *Tracinda* court permitted the defendant to file a motion to strike a jury demand three years after the plaintiff made the demand. *Tracinda Corp.*, 502 F.3d at 226–27 ("the defendant's motion was not untimely even though it was filed three years after plaintiff made jury demand" (emphasis added), holding that "a party may file a motion to strike a jury demand at any time under Rule 39(a).")). *Schmidt* also cited *Green v. Wyndham Vacation Resorts, Inc.*, No. 6:08-cv-01997-Orl-22DAB, 2010 WL 11507353, at *3 (M.D. Fla. July 12, 2010)("Because the Court may consider the matter on its own initiative, Wyndham's motion to strike Green's jury demand will not be denied on timeliness grounds, even though it was filed more than a year after Green demanded a jury trial in her amended complaint." (citation omitted))) and *Nettles v. Daphne Utilities*, No. CIV.A. 13-0605-W-C, 2014 WL 3845072, at *2 (S.D. Ala. Aug. 5, 2014)("To the extent that Nettles and Butler balk that Daphne Utilities should not be permitted to challenge their jury demand 'at this late stage of the case,' their objection is not well-taken. After all, numerous courts have concluded that a defendant may move to strike a jury demand at any time, *even late in the lifespan of a lawsuit*." (emphasis added).

     Plaintiff's brief sets forth a chart of the filing dates she believes demonstrate

untimeliness and prejudice to her. She first presents the date she filed her initial complaint in this matter, which was October 10, 2019, noting Dynamic did not file its Motion until "1174 days (3+ years)" thereafter. Doc. 91 at 4. However, she did not serve the Complaint on Dynamic until January 9, 2020 (doc. 6) and did not file and serve her Amended Complaint until June 1, 2020. (Doc. 28). Further, the last pleading in this case as to Dynamic (as defined by Rule 7(a)) was Dynamic's Answer to the Amended Complaint (doc. 41), which it filed and served on September 14, 2021 (Doc. 43). Thus, Dynamic filed its Motion to Strike the Jury Demand two years and 11 months after receiving service of Plaintiff's Complaint, two years and six months after Plaintiff filed her Amended Complaint, and just one year and three months after Dynamic timely filed the last pleading, five weeks prior to the pretrial conference, and three months prior to the trial term commencing on March 27, 2023. (Doc. 57).

> **B.** **Plaintiff Admitted under Oath That She Had Read the Jury Trial Waiver in the Handbook and Understood That She Had Agreed to Waive Any Trial by Jury.**

Plaintiff's second argument is that "the Court should deny the motion because Plaintiff did not knowingly waive her right to a jury trial." (Doc. 91 at 5-6). She acknowledges that, even though "Plaintiff has a fundamental right to a trial by jury secured by both the United States Constitution and federal law" and that courts analyze waivers with "exacting scrutiny" (quoting *Graves v. Avis Budget Grp., Inc.*,

7

No. 8:20-cv-270-CEH-JSS, 2022 U.S. Dist. LEXIS 129849, at *7 (M.D. Fla. July 21, 2022)[2], she may "may waive her right to a jury if the Court determines, based on the facts of the case, that her waiver is knowing and voluntary." (Doc. 91 at 6) (citing *Tracinda Corp.*, 502 F.3d at 222 and *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006)).

The undisputed facts before this Court are that Plaintiff testified under oath she read the Jury Waiver Policy before she signed an acknowledgement of having read it and that, at the time she signed the acknowledgement, she understood it to mean that she was waiving her right to a jury trial:

> Q. . . . Look, if you would, at Key number 373. And it's the policy, "Waiver of Trial by Jury Policy." Did you read that policy?
>
> A. Yes.
>
> Q. What was your understanding as to what it meant?
>
> A. Waiver of trial by jury.

(Ex. 4, p. 55). Plaintiff acknowledges that facts showing a "knowing and voluntary" waiver relinquish her right to a jury trial and then clearly admits in deposition that she read and understood Dynamic's Jury Waiver Policy. These undisputed facts end the "knowing and voluntary" analysis. These admissions moot the remaining

---

[2] Holding that the defendant showed the plaintiff waived his right to a jury trial through and explicit jury waiver contained in his signed employment application.

challenges to the waiver Plaintiff presents on pages six through 11 of her brief, including: Key's Jury Trial Waiver was not an employment contract (doc. 81 at 6-7, 9); that continued employment is insufficient consideration for waiver (*id.*); that Dynamic failed to establish the waiver was conspicuous, the parties had equal bargaining power, the Plaintiff was sophisticated enough, and that the terms were negotiable (*id*. at 7); that the paper on which it was printed measured 4 inches by 5 inches (*id*. at 7-8); and that the "Acknowledgement and Receipt of Employee Handbook" "does not restate or specifically point to" the Jury Trial Waiver on pages 37-38 of the Employee Handbook (*id*. at 9). Dynamic will address together all Plaintiff's arguments from Sections III. and IV (*id*. at 10 – 13) in which she quibbled with certain language in the Employee Handbook by claiming the waiver provision itself was ambiguous and the date when she signed it was not established.

### C. **Plaintiff's Cited Legal Authority Is Not Controlling**

Out of an abundance of caution, Dynamic will address Plaintiff's argument that, in spite of Plaintiff having admitted to have knowingly and voluntarily waived her right to a jury trial arising out of her employment, her signed Acknowledgement that she was bound by the policies set forth in the Employee Handbook was insufficient to establish waiver. Plaintiff's argument that the Jury Trial Waiver was not knowing and voluntary has no factual or legal basis. Plaintiff has not cited a single case to support her contention that the Jury Trial Waiver was not knowing and

voluntary and also has not cited a single case that has not enforced a jury trial waiver arising out of a handbook or employment policies.

Plaintiff claims the Jury Trial Waiver is not knowing and voluntary, primarily because the Handbook is "no larger than a passport" and is "buried" in a multi-page document. (Doc. 91 at 9, n. 3). Nothing could be further from the truth, as the Jury Trial Waiver is not hidden or buried in a complicated legal document (which is the situation many courts are faced with when determining whether a jury trial waiver is conspicuous enough to be knowing and voluntary). The Handbook is a manageable 45 pages. At the beginning of the Handbook is a Table of Contents that contains "Waiver of Trial by Jury" with the page number. The Jury Trial Waiver is a separate section with the title, "**WAIVER OF TRIAL BY JURY POLICY**" in all caps and bolded letters. Further, the fact that the Handbook is a convenient size for keeping in a purse or pocket arguably makes it more readable and less intimidating than a complex legal document such as a lease or sales contract.

The Eleventh Circuit in *Aponte v. Brown & Brown of Fla., Inc.*, 806 F. App'x 824, 827 (11th Cir. 2020), affirmed the district court's granting of the defendant's motion to strike a jury trial based on a very similar jury-trial waiver provision contained in an employment agreement between the two parties. In *Aponte*, the Eleventh Circuit agreed with the district court that the provision amounted to a "knowing and voluntary" waiver of the plaintiff's Seventh Amendment right to a

trial by jury. The Court described the waiver as follows, noting that the plaintiff did not dispute that he signed the agreement:

> Here, the record evidence demonstrates that Aponte's jury-trial waiver was knowing and voluntary. The jury-trial waiver provision in the employment agreement where it was written in bold and all-capital letters and set apart in a paragraph labeled "WAIVER OF JURY TRIAL. The waiver's language was straightforward, and Aponte does not dispute that he signed the agreement. Further, Aponte doesn't raise any contract defenses, such as fraud, duress, or unconscionability.

*Aponte v. Brown & Brown of Fla., Inc.*, 806 F. App'x at 827.

Furthermore, as set forth above, Plaintiff's argument has no importance as she clearly admitted she read the Jury Trial Waiver and understood she had waived her right to a jury trial. Compounding Plaintiff's weak argument is the undisputed evidence that Plaintiff signed an Acknowledgment stating that she had received the handbook that contains the Jury Trial Waiver and would read those documents. In her Response, Plaintiff admits she read that she read the Acknowledgement before she signed it and that she read the Handbook, but also inexplicably argues that Dynamic "did not elicit any facts surrounding when she read the waiver portion, and if she did so before or after signing acknowledgement . . ." (Doc. 91 at 10) (citing Doc. 68-12, Pl Depo, 54:20-24). Plaintiff's argument is absurd. She confirmed in deposition that the Acknowledgement she signed on July 21, 2017, was over a week before she began work, and it was two years before this lawsuit was filed.

Plaintiff had sufficient opportunity to provide as an exhibit to her Response

brief a declaration stating when she read the Jury Trial Waiver and if the date she signed it bore any relevance to its enforcement. Her failure to do so shows that she cannot support her legal arguments with fact, which is a key admission given that Plaintiff articulated in her Response that "[a] plaintiff may, however, waive her right to a jury trial if the Court determines, *based on the facts of the case*, that her waiver is knowing and voluntary. (Doc. 91 at 6) (citing *Tracinda Corp.* at 222 and *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x at 823) (emphasis added).

Also, Plaintiff signed and dated the Acknowledgment one week before she began work; confirmed that she received the Jury Trial Waiver in 2017; worked for two days in 2017 (as relevant to this action); and then filed this action in 2019. It is pure speculation that Plaintiff did not read the Jury Trial Waiver at any time that would have prevented its enforcement. Finally, since Plaintiff signed the Acknowledgement on July 21, 2017, she admits she received the Handbook that included the Jury Trial Waiver was subject to the Waiver as of that date.

Next, Plaintiff contends that the opening sentence of the Waiver of Trial by Jury Policy somehow prevents its enforcement. The sentence, found on page 37 of the Policy, reads, "[i]t is the desire of Dynamic Security to resolve disputes, whenever possible, in a fair and expeditious manner reflecting the interest of the concerned parties." (Doc. 91-1 at 23). In making this argument, Plaintiff is asking the Court to engage in a tortured reading of the sentence (in addition to other

language contained in the Waiver). The plain meaning places no limitation on the Jury Trial Waiver. Reading the Waiver of Trial by Jury Policy in its entire context demonstrates the sentence is not a limitation on the waiver, and if anything, sets forth Dynamic's reasons for the requiring the Waiver as a condition of employment. Moreover, any argument Plaintiff makes that a bench trial is not a fair or expeditious proceeding has no basis in the law and should be summarily rejected by the Court.

> **D.** **The Jury Trial Policy That Waived Plaintiff's Right to a Trial by Jury Arising out of Her Employment Is Not Ambiguous.**
>> 1. Acknowledgement's statement that Dynamic Security's employment practices are governed by laws, regulations, and constitutional provisions does not negate her waiver of her Seventh Amendment right to trial by jury.

Plaintiff argues that "the following statement alone [in the Acknowledgement] represents that the Dynamic Security would abide by Plaintiff's fundamental right to a jury trial: "Dynamic Security's 'employment practices are governed by applicable state and federal laws, regulations, and constitutional provisions and the Company at all times will abide by those legal requirements.' (Doc. 89-2)." Plaintiff's interpretation again misconstrues the clear meaning of the language she quoted and does not pass the "straight face test." This phrase is obviously a restatement of Dynamic's commitment to abide by all relevant employment laws, such as the FLSA, Title VII, state payroll laws, and others. As noted multiple times above, Plaintiff acknowledges that, while an employee has a right to a trial by jury

13

under the Seventh Amendment, the law permits an employee to knowingly and voluntarily waive that Constitutional right. Dynamic's choice to enforce the Jury Trial Waiver in this dispute arising out of her employment is clearly not a violation of her rights and is not inconsistent with the Constitution or any other law or statute.

> 2. <u>Acknowledgement and Plaintiff's testimony establish she submitted to the Jury Trial Waiver at the time she was hired and that her hiring and continued employment was conditional on submission to the Waiver</u>.

The Acknowledgement Plaintiff signed specified the conditions of her employment, and the Handbook to which it referred clearly stated that submission to the Waiver of Trial by Jury Policy was a condition of her employment. That Policy also clearly noted that Plaintiff was free to take the Waiver to an attorney for review before choosing to waive the right to a trial by jury as to disputes arising out of her employment by Dynamic. Further, the Acknowledgement specified that "[c]ontinued employment is contingent upon compliance with all Rules and Regulations. . ." (Ex. 1, p. 3, Key 000339). Finally, the fact that the Handbook did not contain the Acknowledgement within its binding but instead was a separate page is irrelevant and not probative of any issue. *See* Plaintiff's arguments at page 8 of her Response.

> 3. <u>Waiver of Trial by Jury Policy does not place any limit on a trial by judge</u>.

Plaintiff's argument that the language of the Waiver of Trial by Jury also

14

limits her right to trial by judge is another tortured reading of the Waiver language in an attempt to avoid the fact that it is a clearly worded and well-communicated policy. Again, a contextual reading of the entire Jury Trial Waiver demonstrates that the language Plaintiff challenges does not limit its enforceability in any way. In fact, the very sentence upon which Plaintiff relies states that she has waived her right to a jury trial: "*By waiving the right to a jury trial* an employee *is not limiting their rights to trial by judge*." (Doc. 91 at 11) (quoting Ex 1, Handbook, p. 38) (emphasis added). And the next sentence cautions the "right to trial by jury is of value" and advises consultation with counsel before agreeing to the Jury Trial Waiver. (Handbook at 38) (Doc. 91-1 at 24). The language Plaintiff cites could not be clearer that, even though she forfeited her right to a jury trial, she could still have employment claims or disputes heard by a court rather than through some form of alternative dispute resolution.

Finally, although not necessary for the Court to address in light of the arguments above, Plaintiff fails to identify any way these purported limitations and tortured reading of the Waiver prevent its enforcement in this action. To make this argument, she is left only with the convoluted position that the Court should completely ignore the plain language of the Jury Trial Waiver, which the Court will not do.

### E. Plaintiff Fails to Articulate How Enforcement of the Jury Trial Waiver Well before Trial Prejudices Her.

Plaintiff claims she is prejudiced by the matter being handled by a judge instead of a jury, citing "time, expense, and planning," but she does not identify how she is prejudiced and does not cite any authority to support this argument. A bench trial arguably is easier and requires less time and preparation and more flexibility than a jury trial. Plaintiff does not articulate a single specific prejudice that she would suffer from a bench trial as to her claims against Dynamic or due to the timing of Dynamic's Motion, which is well before trial. Moreover, Plaintiff makes this argument despite the language in the Jury Trial Waiver that places on Plaintiff an affirmative agreement and obligation to not file a demand a jury in any legal dispute with Dynamic.

### F. Conclusion.

For these reasons and the grounds set forth in its principal brief, Defendant Dynamic Security Inc.'s Motion to Strike Jury Trial is due to be granted.

Respectfully submitted,

*/s/Susan W. Bullock*
WESLEY C. REDMOND
SUSAN W. BULLOCK
FORDHARRISON LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
Phone: (205) 244-5905
        (205) 244-5904
Email: wredmond@fordharrison.com
        sbullock@fordharrison.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 26, 2023, she electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL  35202

*Counsel for Hyundai Motor Manufacturing Alabama, LLC*

T. Matthew Miller
Bradley Arant Boult Cummings
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203

*Counsel for Hyundai ENG America, Inc.*

/s/Susan W. Bullock
Susan W. Bullock

WSACTIVELLP:13751785.1