# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 2:19-cv-00767-ECM-SMD |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, HYUNDAI ) | |
| ENGINEERING AMERICA, INC. and ) | |
| DYNAMIC SECURITY, INC. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT HMMA'S OBJECTION TO PLAINTIFF'S WITNESS LIST (Doc. 101)

Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), one of the defendants in the above litigation, objects to one member of Plaintiff's witness list (Doc. 101) for the reasons stated below:

Chris Hargrove, who is #9 on Plaintiff's "May Call" list. (Doc. 101, p. 3). First, Hargrove's contact information is not proper as only counsel, but not Dynamic's counsel, is listed for him. Hargrove came up in the depositions of HEA's 30(b)(6) deponent Cassandra Williams and Dynamic's 30(b)(6) depositions only in connection with a few emails, at least one of them completely unrelated to Plaintiff, on which he apparently took no action relative to Plaintiff. In Riddle's 30(b)(6) deposition for Dynamic, she identified Hargrove as a lead salesperson over Alabama and the Florida Gulf Coast. (Riddle, 112:13-18). The other recipients of the emails Hargrove has been identified in related to Plaintiff have been identified as witnesses. Thus it appears that Hargrove's testimony would be irrelevant as well as redundant, duplicative, and cumulative in violation of Fed. R. Evid. 403.

If Hargrove's testimony were not subject to these objections, then it ought to be excluded on the grounds that such probative testimony has not been previously identified in Plaintiff's Initial Disclosures and amendments or her discovery responses. Federal Rule of Civil Procedure 37(c) "states that when 'a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial . . . .'" *Mitchell v. Ford Motor Co*., 318 F. App'x 821, 823 (11th Cir. 2009). Hargrove was not identified on Plaintiff's most recent amended Rule 26 disclosures. While Plaintiff did identify "Employees of Defendants not otherwise identified," given that Dynamic has 1,300 employees, this can hardly be said to have given Defendants advanced knowledge of his relevance to this litigation. No party has attempted to depose Hargrove, demonstrating that the failure to identify him as a potential witness before now is not harmless and is prejudicial.

                      Respectfully Submitted,

                      s/ Whitney R. Brown
                      David J. Middlebrooks ASB- 8553-D58D
                      Whitney R. Brown ASB-4431-H71B

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008
Email: dmiddlebrooks@lehrmiddlebrooks.com
       wbrown@lehrmiddlebrooks.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Heather Newsom Leonard, Esq.
Heather Leonard, P.C.
2105 Devereux Circle, Suite 1111
Birmingham, AL 35243

Wesley C. Redmond, Esq.
Susan W. Bullock, Esq.
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL 35203

Leslie Palmer, Esq.
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233

T. Matthew Miller, Esq.
Cortlin Bond, Esq.
Sarahanne Vaughan, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

                                                s/ Whitney R. Brown
                                                OF COUNSEL

757277.docx