**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DAVITA M. KEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | **2:19-cv-00767-ECM-SMD** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, HYUNDAI** | ) | |
| **ENGINEERING AMERICA, INC. and** | ) | |
| **DYNAMIC SECURITY, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANT HMMA'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST (Doc. 102)**</u>
<u>**and DEFENDANT DYNAMIC'S AMENDED EXHIBIT LIST (Doc. 105)**</u>

Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), one of the defendants in the

above litigation, objects to the following exhibits on Plaintiff's exhibits on her exhibit list (Doc.

102) and Dynamic's amended exhibit list (Doc. 105) for the reasons summarized herein, and

without prejudice to the filing of future motions *in limine* regarding the same:

<u>**INTRODUCTION and SUMMARY**</u>

While specific objections by exhibit follow below, due to the volume of certain repeated

objections, HMMA summarizes those repeated thematic objections here:

**I.     Inaccurate or Misleading Document Titles**

HMMA presumes that the parties' document titles used in exhibit identification were

intended as confirmatory references subservient to document numbers and other unambiguous

identifiers. To the extent that any party would assert that document titles used in these exhibit

identification filings are appropriate identifiers for anything submitted to a jury, however,

HMMA asserts the following objections: First, that documents should be catalogued and

referenced by exhibit number; second, if a document has a clear title, that title should be used; alternatively, a neutral title should be used.

A.    E-mails Where Recipients Are Grouped as "Others" or By a Title Without a Company Identifier ("HR")

Plaintiff's exhibit list contains a number of e-mails where the recipient list is either "HR" or ends with "and Others." HMMA objects as it creates confusion in violation of Fed. R. Evid. 403 which could create the incorrect inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it or in any post termination activities, like responding to Plaintiff's claim for unemployment benefits. HMMA similarly objects to the use of "HR" without a preceding company name as it could create the incorrect inference that an HMMA department was included, when HMMA's Human Relations and Team Relations Departments were without knowledge of Plaintiff's assignment or its termination until HMMA received her charge around fourteen months after it had ended. HMMA asserts this objection as noted below, including with respect to Plaintiff's Exhibit List (Doc. 102) §A, ##16, 20, 21, 22, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, §B #44.

B.    Misleading Document Titles

HMMA objects to document titles which are inaccurate. These include, for instance, Plaintiff's mis-identification of the "Contract for Services (Security Services) between Hyundai Motor Manufacturing Alabama, LLC hereinafter referred to as "HMMA" and Hyundai AMCO America, Inc. hereinafter referred to as 'Contractor,' February 4th, 2013" as "HMMA Service Contract," completely obscuring the role of its contracting partner, HEA. *See* Doc. 102, §A, #3. Plaintiff similarly mischaracterizes HEA's Employee Handbook as the "Hyundai Employee Handbook," inviting an inaccurate false connection between the two entities. *See* Doc. 102, §B,

#4; *see also* Doc. 11-3 (listing dozens of entities registered to do business in Alabama with the word "Hyundai" in the company name). Plaintiff also improperly groups and mislabels Plaintiff's Intake Questionnaire, which doesn't name "HMMA," as the "HMMA EEOC Charge and Intake Questionnaire." *See* Doc. 102, §B, #14. These are the most egregious examples. HMMA asserts this objection as noted below, including with respect to Plaintiff's Exhibit List (Doc. 102) §A, ##3, 16, 23, §B ##4, 14, 20; Dynamic's Amended Exhibit List (Doc. 105), #10.

## II.   E-mail Chains Containing Robinson's Apparent Retyping of an Allegedly Posted Document for Which No Author Has Been Identified

Due to the nature of e-mail, where a reply or forward may create a new document or document spur, certain passages appear multiple times in multiple proposed exhibits. Of particular concern to HMMA is a portion of an e-mail from Gloria Robinson (Dynamic) to Sherry Spires (Dynamic), Ray Cureton (Dynamic), Tracy Peoples (Dynamic), and Chris Hargrove (Dynamic), on August 2, 2017, at approximately 6:56am. In this email, Robinson writes, "This is an excerpt from what all personnel are briefed on here, and posted on our board in the roll call room." What follows are hair guidelines for men and women which appear to be typed, *i.e.*, it is not a photograph of a posted policy, containing the statement, "…Dreads are not allowed." The document that Robinson appears to be recreating has not been located.[1] While Robinson does not claim the guidelines are authored or enforced by HMMA, she writes in response to an e-mail from Sherry Spires, "Let's make sure there is a clear written policy from HMMA that her hair style is not acceptable at their job site." Robinson's description or re-typing of the alleged posted document is hearsay under Fed. R. Evid. 802 and it may not be used with respect to HMMA to argue that HMMA maintained or enforced a policy against dreadlocks.

---

[1] Nor does any portion violate any law. *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030, 1032-33 (11th Cir. 2016).

HMMA asserts this objection as noted below, including with respect to Plaintiff's Exhibit List (Doc. 102) §A, ##16, 26, §B #45; Dynamic's Amended Exhibit List (Doc. 105), ##56, 58, 72, 93, 97, 99.

### III. All Statements Where a Document Author or a Contextual Reading of an E-Mail Chain Incorrectly Identifies HMMA or "Hyundai" As Maintaining a Policy Against Dreadlocks or Taking Any Employment Action Against Plaintiff.

Similarly, HMMA objects to the admissibility of any communication or other document which mis-identifies it as maintaining a policy against dreadlocks. It is undisputed that at the time of Plaintiff's employment with Dynamic, HMMA had one policy regarding employee hair at all, that the policy concerns itself only with safety issues germane to a manufacturing environment, and that HMMA did not have a policy against dreadlocks. As discussed in HMMA's objections to Plaintiff's and Dynamic's deposition designations, certain of Dynamic's corporate employees assumed at this time, incorrectly, that Dynamic fulfilled security services through an agreement with HMMA, not HEA as was actually the case. Those employees, without any foundation from Williams, HEA, or HMMA, misinterpreted Williams as an HMMA employee. While the circumstances under which such misstatements were made are not universal, these were all generally hearsay or hearsay-within-hearsay (or further layers of hearsay) statements of non-HMMA employees (and thus not admissible as an admission by HMMA) and not admissible under Fed. R. Evid. 802 to argue that HMMA maintained or enforced any rule against dreadlocks or that it took (on its own or even through Williams) any action against Plaintiff. HMMA asserts this objection as noted below, including with respect to Plaintiff's Exhibit List (Doc. 102) §A, ##18, 19, 25, 26, 27, 28, 30, 35, §B ##14, 19, 35; Dynamic's Amended Exhibit List (Doc. 105), ##10, 13, 14, 22, 27, 37, 38, 39, 43, 56, 57, 58, 72, 90, 91, 92, 93, 94, 95, 97, 99.

IV.    **All References to the EEOC's Adverse Finding Against HMMA.**

Plaintiff and Dynamic propose to offer documents containing, discussing, or relating to the EEOC's cause finding against HMMA. HMMA objects because the EEOC's investigation against HMMA was untimely, the product of bias, and bears markers of untrustworthiness, including but not limited to the lack of any identifiable evidence or witness supporting the EEOC's conclusion that HMMA played any role in Plaintiff's employment; the EEOC investigating Plaintiff's Charge against Dynamic only within the statutory charge-filing period, which is an apparent decision that HMMA was not a valid employer; the EEOC then assisting Plaintiff in filing an out of date Charge against HMMA even as it investigated her timely Charge against Dynamic; the inherent contradiction in finding no cause to find Dynamic—her direct employer—discriminated against Plaintiff; the EEOC's withholding of the Charge Detail Inquiry summary pages in response to HMMA's FOIA request, which the EEOC still has not provided to HMMA under verification; the EEOC's investigator e-mailing Plaintiff, "Again, I am sorry that we can't force [HMMA] to pay up or engage in settlement negotiations with us, but with the cause finding, if you want to pursue this on your own, you will have no problem getting an attorney to take the charge for you!  😊"; and the EEOC's failure to include this biased correspondence in its investigative file. *Barfield v. Orange Cnty.*, 911 F.2d 644, 649-650 (11th Cir. 1990) (EEOC determinations should not be admitted where they arise from "circumstances indicat[ing a] lack of trustworthiness.") (citing, *inter alia*, *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) and Fed. R. Evid. 803(8)(C)); *Ulysse v. Waste Mgmt.*, 2013 U.S. Dist. LEXIS 196765 (S.D. Fla.) (excluding EEOC determination in part because it lacked trustworthiness since it did not reference any evidentiary basis for its conclusion, and the tremendous prejudice and confusion it would cause). Further, HMMA has sought to depose the

EEOC's investigators to develop rebuttal information concerning the lack of merit of this investigation. HMMA's request is pending in the Northern District of Alabama, 2:22-cv-00505-MHH. Finally, HMMA objects that the admission of EEOC determinations intrudes on the province of the jury to reach their own factual determinations, which should be avoided in general, but especially where there are significant concerns regarding the quality of the investigation and the impartiality of the investigators. Accordingly, these should not be admitted pursuant to Fed. R. Evid. 401, 402, 403, 802 and as discussed above. HMMA asserts this objection as noted below, including with respect to Plaintiff's Exhibit List (Doc. 102) §B ##11, 13, 14, 17, 20, 32; Dynamic's Amended Exhibit List (Doc. 105), ##19, 21, 76, 78, 79-86.

## INDIVIDUAL OBJECTIONS

### I.       Objections to Plaintiff's Exhibit List (Doc. 102)

#### A.      Objections to Plaintiff's Exhibit List (Doc. 102) – Expects to Offer

#3 – "HMMA Service Contract (HMMA 013-076)": HMMA objects to Plaintiff's characterization of the document as misleading. The title of the document is "Contract for Services (Security Services) between Hyundai Motor Manufacturing Alabama, LLC hereinafter referred to as "HMMA" and Hyundai AMCO America, Inc. hereinafter referred to as 'Contractor,' February 4th, 2013."

#16 – "E-mail 8/2/17 between Cureton, Robinson and others asking Key not to return to site for hair (Dynamic-Key 31)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA further objects to this email because the author of the

primary email,[2] Robinson, purports to transcribe "an excerpt from what all personnel are briefed on here, and posted on our board in the roll call room," and is therefore hearsay and inadmissible pursuant to Fed. R. Evid. 802 for the purpose of establishing that HMMA maintained the policy alleged therein. There is no applicable exception. HMMA further objects that the description of these e-mails is not accurate, interjecting unnecessary confusion in violation of Fed. R. Evid. 403.

#18 – "Robinson Removal Memorandum (Dynamic-Key 33-35)": HMMA objects to the use of a portion of this memo – Robinson's recollection that Williams told Plaintiff that "…HMMA had a personal appearance policy for the security officers…" Assuming the memo generally is admissible as Robinson's then-present-sense impression, this statement interjects another layer of hearsay with no exception and which may not be used to evidence the truth of the matter asserted (that HMMA had an appearance policy specific to security officers). Fed. R. Evid. 802.

#19 – "Dynamic Statements RE: Key 8/14/17 (Dynamic-Key 36-37)": HMMA objects to these as a grouped exhibit. HMMA objects to a portion of Dynamic-Key 00036 further because, even assuming the statement is admissible as to Dynamic as the statement of a party opponent or as Cureton's then-present-sense impression, the statement that dreadlocks were against HMMA policy interjects another layer of hearsay with no exception and which may not be used to evidence the truth of the matter asserted (that HMMA had an appearance policy which Plaintiff's hairstyle violated – someone would have had to tell Cureton or he would have had to have read about such a policy). Fed. R. Evid. 802.

---

[2] The email consists of a response by Robinson to an email not appearing on this page and Cureton's reply to Robinson's email of "Thanks[,] Gloria!"

#20 – "E-mail 8/8/17 Between Cureton, Spires and others with Key Internal Complaint (Dynamic-Key 054-55)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403, which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it.

#23 – "Key Removal from Hyundai – Discipline Report": HMMA objects to Plaintiff's characterization of the document as misleading and therefore violating Fed. R. Evid. 403. The title of the document is "Dynamic Security Services Employee Disciplinary Report."

#25 – "E-mail 8/7/17 Between Cureton, Spires, others Notifying of Threats to Sue (Dynamic-Key 069-70)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA further objects that the emails are hearsay and that statements by Spires and Cureton which refer incorrectly to an HMMA policy are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#26 – "E-mail 8/1/17 between Cureton, Robinson, Spires, and others Regarding Reason for Removal (Dynamic-Key 073-77)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA further objects that the emails are hearsay and that statements by Spires and Cureton which refer incorrectly to an HMMA policy are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or

8

prohibiting dreadlocks. Fed. R. Evid. 802. HMMA further objects that Robinson purports to transcribe "an excerpt from what all personnel are briefed on here, and posted on our board in the roll call room," and is therefore hearsay and inadmissible pursuant to Fed. R. Evid. 802. There is no applicable exception. HMMA further objects that the description of these e-mails is not accurate.

#27 – "E-mail 8/1/17 between Cureton, Williams, and Others (HEA 168-172)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA further objects that the emails are hearsay and that statements by Robinson and Cureton which refer incorrectly to an HMMA standard are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#28 – "E-mail between Robinson, Hargrove and others Concerning Pregnancy and Hair including Return to Work Note (Dynamic-Key 078-81):" HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA further objects that the emails are hearsay and any statement by Robinson which suggests an HMMA policy existed applicable to Plaintiff's hairstyle are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#29 – "E-mail Dynamic Transmittal to HR with Complaint (Dynamic-Key 082-084)": HMMA objects to the use of "HR" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that an HMMA department might be implicated when of

course no notice was provided to HMMA of Plaintiff's complaint and HMMA did not participate in Plaintiff's assignment or the end of it.

#30 – "E-mail 7/31/17 Robinson to Hargrove and others Concerning Recourse for Not Reporting Pregnancy (Dynamic-Key 085-087)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA further objects that the emails are hearsay and any mistaken statement by Robinson or Cureton which suggests an HMMA policy existed applicable to Plaintiff's hairstyle are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#32 – "E-mail 8/11/17 Spires Cureton, and others Concerning EEOC Response (Dynamic-Key 3227-3230):" HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. 403 which could lead to the inference that any HMMA employee might be included in "others," when HMMA had no knowledge of or participation in Dynamic's EEOC Response.

#33 – "E-mail 8/11/17 Spires, Cureton, and other Concerning Work Verification of Key for Government Benefits (Dynamic-Key 3233-3239)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when HMMA had no participation in these communications.

#34 – "E-mail 8/22/17 Spires, Cureton and Others Concerning Unemployment (Dynamic-Key 3241-3245)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee

might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it and had no role in Key's pursuit of unemployment benefits.

#35 – "E-mail 8/29/17 Spires, Cureton and Others Concerning Unemployment Rebuttal (Dynamic-Key 3248-3251)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA further objects that the email is hearsay and any mistaken statement by Spires which suggests an HMMA policy existed applicable to Plaintiff's hairstyle are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#36 – "E-mail 11/13/18 Williams, Spires, and others Concerning Dynamic EEOC Charge and Notice of HMMA Charge (HEA173-176)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA objects to this email thread as irrelevant to any matter of fact to be resolved. Fed. R. Evid. 401. HMMA objects to this email thread to the extent that Plaintiff may intend to use it suggest that she should have been excused from timely filing a Charge against HMMA. Riddle is not a lawyer and any pseudo-legal comments she makes could be confused for legal analysis and she has not been offered as an expert witness in this case nor would she be qualified as one generally. Fed. R. Evid. 601, 702.

#37 – "Email 11/13/18 Williams, Spires, and other Concerning Dynamic EEOC Charge and Notice of HMMA Charge (Dynamic-Key 3280-3282)": HMMA objects to the use of "others" as it creates confusion in violation of Fed. R. Evid. 403 which could lead to the

inference that any HMMA employee might be included in "others," when in fact no HMMA employee participated in Plaintiff's assignment or the end of it. HMMA objects to this email thread as irrelevant to any matter of fact to be resolved. Fed. R. Evid. 401, 402. HMMA objects to this email thread to the extent that Plaintiff may intend to use it suggest that she should have been excused from timely filing a Charge against HMMA. Riddle is not a lawyer and any pseudo-legal comments she makes could be confused for legal analysis. Fed. R. Evid. 601. HMMA objects that #37 is cumulative and repetitive to #36. Fed. R. Evid. 403.

B.      Objections to Plaintiff's Exhibit List – May Offer

#4 – HMMA objects to Plaintiff's characterization of the document as misleading in violation of Fed. R. Evid. 403. The title of the document is "Hyundai Engineering America, Inc. Employee Handbook."

#11 – "HMMA EEOC Determination (F001-002)": HMMA objects to this because the EEOC's whole investigation against it was untimely, the product of bias, and bears markers of untrustworthiness, including the lack of any identifiable evidence or witness supporting the EEOC's conclusion that HMMA played any role in Plaintiff's employment; the EEOC assisting and investigating Plaintiff's Charge against Dynamic only within the statutory charge-filing period, which is an apparent decision that HMMA was not a valid employer; the EEOC then assisting Plaintiff in filing an out of date Charge against HMMA even as it investigated her timely Charge against Dynamic; the inherent contradiction in finding no cause to find Dynamic—her direct employer—discriminated against Plaintiff; the EEOC's withholding of the Charge Detail Inquiry summary pages in response to HMMA's FOIA request, which the EEOC still has not provided to HMMA under verification; the EEOC's investigator e-mailing Plaintiff, "Again, I am sorry that we can't force [HMMA] to pay up or engage in settlement negotiations

with us, but with the cause finding, if you want to pursue this on your own, you will have no problem getting an attorney to take the charge for you! 😊"; and the EEOC's failure to include this biased correspondence in its investigative file. *Barfield v. Orange Cnty.*, 911 F.2d 644, 649-650 (11th Cir. 1990) (EEOC determinations should not be admitted where they arise from "circumstances indicat[ing a] lack of trustworthiness.") (citing, *inter alia*, *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) and Fed. R. Evid. 803(8)(C)); *Ulysse v. Waste Mgmt.*, 2013 U.S. Dist. LEXIS 196765 (S.D. Fla.) (excluding EEOC determination in part because it lacked trustworthiness since it did not reference any evidentiary basis for its conclusion, and the tremendous prejudice and confusion it would cause). Further, HMMA has sought to depose the EEOC's investigators to develop rebuttal information concerning the lack of merit of this investigation. HMMA's request is pending in the Northern District of Alabama, 2:22-cv-00505-MHH. Finally, HMMA objects that the admission of EEOC determinations intrudes on the province of the jury to reach their own factual determinations, which should be avoided in general, but especially where there are significant concerns regarding the quality of the investigation and the impartiality of the investigators. Accordingly, these should not be admitted pursuant to Fed. R. Evid. 401, 402, 403, 802 and as discussed above.

#12 – "EEOC Notice of Failed Conciliation (F003-4)": HMMA objects that this is a grouped exhibit of two letters, one to Plaintiff and one to HMMA's counsel. HMMA further objects that the EEOC's letter noting the failed conciliation has no relevance to any question of fact that could be submitted to a jury and should be excluded under Fed. R. Evid. 401 and 402 as failing to meet this most minimal standard of relevance.

#13 – "HMMA Notice of Right to Sue (F005)": HMMA objects that this document contains the statement that the EEOC found reasonable cause to believe that violations occurred,

which, as noted above in response to #11, was completely unfounded, biased, or both. HMMA reasserts its objections in May Call #11 as if fully re-stated herein.

#14 – "HMMA EEOC Charge and Intake Questionnaire (F007-016)": HMMA objects to this exhibit as an improper grouped exhibit which could lead to confusion. Specifically, F0007 is the untimely Charge against HMMA. By attempting to group it with Plaintiff's intake questionnaire (F0009-12) written over a year earlier, it suggests that the charge against HMMA was either a timely or inevitable outcome of Plaintiff's intake questionnaire. F00013-16 is an unsigned typed statement by Plaintiff dated one day before her intake questionnaire and it was not part of the Charge served on HMMA and it is not clear its relation to the intake questionnaire and typewritten statement.   F0008 is a copy of a handwritten complaint Plaintiff wrote at Dynamic's Montgomery office and it was not part of the Charge served on HMMA and it is not clear its relation to the intake questionnaire and typewritten statement. HMMA further objects that this title is misleading: "HMMA" appears nowhere in the intake questionnaire. HMMA further objects as follows:

HMMA objects that the Charge against it (F0007) contains the deliberately false misidentification of Cassandra Williams as an HMMA employee, which contradicts Charging Party's own intake questionnaire. HMMA's pending proposed deposition by written questions to the EEOC investigator seeks an explanation – other than bias or mistake—why this was written. Since HMMA has thus far been denied appropriate discovery on this, it may not be offered as a true, factual conclusion of Williams' employer.

HMMA objects that this title is misleading and inaccurate, in violation of Fed. R. Evid. 403, improperly suggesting that the August 2, 2017, intake questionnaire led inevitably to the charge, fourteen months later, against HMMA. HMMA objects that the Intake Questionnaire

contains unattributed multiple levels of in admissible hearsay under Fed. R. Evid. 802 that Plaintiff "was told the Koreans who own the company didn't want Blks wearing their hair a certain way." (F00010). Plaintiff has later attributed this statement to Gloria Robinson, Dynamic's on-site manager. Not only has this been refuted by Robinson under oath, but it is also not admissible as a hearsay exception: it is neither the statement of a party opponent (Robinson not being an employee or agent of HMMA), nor a statement of Robinson's then-state of mind (since Key contends she is describing the state of minds of others). Further, especially since Key has ultimately claimed that this statement appeared in "little memos," (Doc. 28, ¶82), this hearsay and alleged statement is the product of an additional one-to-two levels of also-inadmissible hearsay consisting of Robinson reflecting some other alleged writing, or what someone else allegedly told her was in some other alleged writing or statement, and after thorough discovery, no such other witness, or memo, or its author has been identified. This alleged statement, assigned to and refuted by Robinson, also lacks probative value under Fed. R. Evid. 401, since there is no indication that "the Koreans" is synonymous with HMMA, as opposed to any other Korean population or corporation (or those perceived to be Korean).

HMMA objects that the August 1, 2017, unsigned letter attributed to Plaintiff (F0013-16) contains multiple levels of hearsay that Robinson said that "Koreans were a different breed of animals and they send little memos" that they do not want African Americans to have dreadlocked hairstyles. HMMA objects that Plaintiff's recounting of Robinson's alleged statements (refuted by Robinson) are hearsay without exception and inadmissible pursuant to Fed. R. Evid. 802, as explained in the immediately preceding paragraph. HMMA objects also to the portions of Plaintiff's letter where she claims that Robinson told her she would have to go by

"Hyundai's" criteria as hearsay and vague and confusing and thus lacking probative value under Fed. R. Evid. 401.

#17 – "EEOC Letter to HMMA Finding Retaliation (F022)": HMMA objects that this document contains the statement that the EEOC found reasonable cause to believe that violations occurred, which, as noted above in response to #11, was completely unfounded, biased, or both. HMMA reasserts its objections in May Call #11 as if fully re-stated herein.

#19 – "Dynamic Security Position Statement (HEA053-056)": HMMA objects that this document is hearsay, not subject to any exception as to HMMA, especially with respect to any statements or alleged policies which were ultimately misattributed to HMMA. The position statement's author, Riddle, admitted under oath she had no basis for any conclusion that HMMA had any policy against dreadlocks, that it employed Williams, or that it any way sought Plaintiff's removal. (Riddle, 139:19-21, 185:4-192:18, 193:6-197:14, PX-24, PX-38, HMMA ex. 2). Riddle's unresearched conclusions could also confuse a jury in violation of Fed. R. Evid. 403, and Riddle's confusion is not probative (contrary to what Plaintiff will argue) because Riddle was not on-site, and, as evidenced by her deposition testimony, lacked personal knowledge for the mistaken conclusions she drew on these topics. Fed. R. Evid. 602. Riddle is not qualified as an expert. Fed. R. Evid. 702. Dynamic's and HEA's employees, including Plaintiff, were clear on their employers and responsibilities as distinct from HMMA.

#20 – "Various E-mails between Plaintiff and EEOC investigators concerning pending charge (Key 093-113)": HMMA objects to this as an improper grouping. HMMA objects to the title as inaccurate. HMMA objects to the reference to a recommended cause finding at Key00095 which, as noted above in response to #11, was completely unfounded, biased, or both. HMMA reasserts its objections in May Call #11 as if fully re-stated herein. HMMA objects to the

16

references to cause findings or support of Plaintiff's claims against it in the e-mail chain at Key00107-108 because the EEOC's so-called findings against HMMA were completely unfounded, biased, or both. HMMA reasserts its objections in May Call #11 as if fully re-stated herein. HMMA objects to the e-mail chain at Key00112-113 as hearsay and also because the discussed recommendation for a charge filing was completely unfounded, biased, or both. HMMA reasserts its objections in May Call #11 as if fully re-stated herein.

#22 – "Prior EEOC Charges (HMMA078-134)": HMMA objects to this as a group exhibit. HMMA objects that the other charges are not relevant to Plaintiff's claims because there is no identity of decisionmakers or policy between any of the prior Charges and Plaintiff's claims. HMMA contends these documents are prejudicial to it, without probative value to Plaintiff's claims, and that to provide fair context would result in several distracting mini-trials as to the merits—or lack thereof—of these prior complaints, violating Fed. R. Evid. 401, 402, 403, and 404(b). Such "me too" evidence is routinely excluded where there is a lack of commonality of circumstances, especially the lack of a common decisionmaker, because then the "me too" evidence isn't probative to consistent intent. *See Jamar v. Jacobs Technology, Inc.*, 2012 U.S. Dist. LEXIS 143655, **9-12 (N.D. Ala.);  *Ulysse v. Waste Management Inc. of Florida*, 2013 U.S. Dist. LEXIS 196766, **2-3 (S.D. Fla.) (excluding witness testimony from remaining plaintiff's former co-plaintiffs  as to their own alleged discrimination because it "would unfairly prejudice the jury and [it was] not relevant as it fails to prove or disprove a material fact as to Plaintiff's own claim"); *Davis v. Dunn Const. Co., Inc.,* 872 F. Supp. 1291, 1318 (N.D. Ala. 2012) (excluding "me too" evidence when incidents involved different decisionmakers, dissimilar facts and were not close enough in time to the plaintiff's alleged discrimination); *Johnson v. Ala. Comm. Coll. Sys.*, 2011 U.S. Dist. LEXIS 124296 (M.D. Ala.)

17

(Albritton, J.) *and at* 2011 U.S. Dist. LEXIS 123744, *5 (M.D. Ala.) (Albritton, J.) ("…the court finds the evidence of prior settled lawsuits, Consent Decrees, and EEOC charges to be minimally relevant."); *Linn v. ST Mobile Aerospace Engineering, Inc.*, 2008 U.S. Dist. LEXIS 60139, n.23 (S.D. Ala.) (complaints about different supervisors by employees in different circumstances was not admissible, and court wanted to avoid "mini-trial" on other employees' allegations); *Davis v. Int'l Paper Co.*, 997 F.Supp.2d 1225, 1243 (M.D. Ala. 2014) (Watkins, C.J.) (evidence of previous lawsuits about discriminatory failures to promote to same position were not admissible because previous failures to promote involved different decisionmakers and decisions made a number of years earlier); *Denney v. City of Albany*, 247 F.3d 1172, 1189-90 (11th Cir. 2001) ("courts are reluctant to consider 'prior bad acts' in this context where those acts do not relate directly to the plaintiffs."); *Godwin v. Wellstar Health Sys.*, 2015 U.S. Dist. LEXIS 156720, **13-14 (N.D. Ga.) (noting use and dangers of me too evidence); *Adams v. Austal U.S.A., L.L.C.*, 754 F.3d 1240, 1258 (admissibility of alleged discrimination by other supervisors is fact intensive and complex, and such evidence could be "unduly prejudicial, confusing, misleading, or cumulative" in violation of Fed. R. Evid. 403). Further, charges that do not result in lawsuits (as well as lawsuits that don't lead to factual findings on the merits) are mere claims and allegations, which are not particularly probative. *See Davis v. Dunn Constr.*, 872 F.Supp. 1291, 1318.

  #24 – "E-mails and Letter Regarding HMMA Notice of Charge and HEA Indemnification Requirement (HMMA 236-245)": HMMA objects to this as an improperly grouped exhibit, which is unnecessarily confusing in violation of Fed. R. Evid. 403. HMMA further objects that each portion of this item—emails regarding Williams' statement that she has been HEA's employee at all times relevant and HMMA's invocation of indemnification

obligations in its agreement with HEA—have no probative value to any of the factual issues present in Plaintiff's complaint and thus should not be admitted pursuant to Fed. R. Evid. 401 and 402.

#25 – "E-mails Regarding Dynamic Charge to HEA (HMMA 246-249)": HMMA objects to this email thread as irrelevant to any matter of fact to be resolved. Fed. R. Evid. 401, 402. HMMA objects to this email thread to the extent that Plaintiff may intend to use it suggest that she should have been excused from timely filing a Charge against HMMA, which is a question of law and not before the jury. Riddle is not a lawyer and any pseudo-legal comments she makes could be confused for legal analysis where she is not a qualified expert. Fed. R. Evid. 601, 602, 702. HMMA objects that #37 here is cumulative and repetitive to #36 and #37 on Plaintiff's Expects to Offer list. Fed. R. Evid. 403.

#26 – "Emails Regarding Dynamic Charge Status to HEA (HMMA 250-251)": HMMA objects to this email thread as irrelevant to any matter of fact to be resolved. Fed. R. Evid. 401, 402.

#27 – "Security Detail Reports dated 7/19/17, 7/21/17, 7/24/17, 7/31/17, 8/1/17, 8/29/17 (HMMA 355-356, 360-362, 368-371, 393-398, 467-471)": HMMA objects these are not probative to any factual issue to be resolved by the jury; or, to the extent probative, are cumulative and contain so much irrelevant information to be excluded on that basis. Fed. R. Evid. 401, 402, 403. HMMA further objects that while it retains these as business records, the authorship of these records are not established and may not be admissible in full or in part as to HMMA.

#32 – "E-mail Between Whitehead and Dynamic Concerning Cause Finding for HMMA (HEA 215-216)": HMMA objects to this email thread as irrelevant to any matter of fact to be

resolved. Fed. R. Evid. 401, 402. HMMA further objects that Whitehead's description of what the EEOC told him of its intentions is hearsay within hearsay, and that, for the reasons asserted in "May Offer," #11, *supra.*, all references to the EEOC's cause finding against HMMA should be excluded as prejudicial, not probative, and invading the province of the jury. HMMA incorporates all arguments in response to "May Offer" #11 as if fully stated here.

#33 – "E-mail dated 5/8/19 between Whitehead and Williams regarding Declaration (HEA 217-218)": HMMA objects that this e-mail has no probative value to any of the factual issues present in Plaintiff's complaint and thus should not be admitted pursuant to Fed. R. Evid. 401 and 402.

#35 – "HMMA Policy Regarding Appearance 2004 (HEA 247-251)": HMMA objects to this item because it predates Plaintiff's employment with Dynamic by thirteen years, was not operative during Plaintiff's employment, and is not probative to her Complaint. Fed. R. Evid. 401, 402, 403.

#45 – "E-mail 8/29/17 Cureton RE: Unemployment Rebuttal (Dynamic-Key 140-141)": HMMA objects to the use of Cureton's unfounded statements suggesting that HMMA is responsible for the policy on dreadlocks that Robinson transcribed in an email. Just as Robinson's transcription of the mystery policy against dreadlocks is not attributable to HMMA and thus is inadmissible hearsay against it, Fed. R. Evid. 802, so is Cureton's summary description of the same. Similarly, Cureton's summary conclusion that Plaintiff made a "formal complaint of discrimination against HMMA, Ms. Williams, and Gloria Robinson" is hearsay and may not be used as evidence that Plaintiff actually experienced discrimination of any type, that she complained against HMMA or believed HMMA was responsible for the same (her

handwritten complaint said "Hyundai," and identified only Williams and Robinson as the bad actors), or that this information was shared with HMMA at around this time (it was not).

#50 – "Gloria Robinson Resume (Dynamic-Key 428-431)": HMMA objects that for a matter concerning a Dynamic employee's interview, orientation, and assignment over the course of two weeks, the parties have identified a surprising number of exhibits, potential exhibits, deposition designations, and witnesses, and, in light of this, HMMA objects that Robinson's resume is not probative to Plaintiff's claims and is especially unnecessary in light of the apparent volume of evidence and testimony being contemplated in this matter. Fed. R. Evid. 401, 402, 403.

#51 – "Gloria Robinson Employment Discipline or Complaints (Dynamic-Key 464-468)": HMMA objects that for a matter concerning a Dynamic employee's interview, orientation, and assignment over the course of two weeks, the parties have identified a surprising number of exhibits, potential exhibits, deposition designations, and witnesses, and, light of this, HMMA objects that Robinson's disciplinary/complaint history does not contain any probative evidence relevant to Plaintiff's claims and is especially unnecessary in light of the apparent volume of evidence and testimony being contemplated in this matter. Fed. R. Evid. 401, 402, 403, 404(b).

C.    Objections to Plaintiff's Exhibit List - Plaintiff's Demonstratives

HMMA reserves the right to object to Plaintiff's Demonstrative Exhibits once they are prepared. HMMA preliminarily objects to #2 on this list as, following extensive discovery, there are no "Key Names" who hold a position with HMMA.

## II.      Objections To Dynamic's Amended Exhibit List (Doc. 105)

#10 – "EEOC Intake Questionnaire dated August 2, 2017, against Hyundai (DX 13 to Plaintiff's Deposition); Key 00049-56": HMMA objects that this title is misleading and inaccurate, in violation of Fed. R. Evid. 403, improperly suggesting that the August 2, 2017, intake questionnaire led inevitably to the charge, fourteen months later, against HMMA. HMMA objects that the Intake Questionnaire contains unattributed multiple levels of in admissible hearsay under Fed. R. Evid. 802 that Plaintiff "was told the Koreans who own the company didn't want Blks wearing their hair a certain way." (Key00050). Plaintiff has later attributed this statement to Gloria Robinson, Dynamic's on-site manager. Not only has this been refuted by Robinson under oath, but it is also not admissible as a hearsay exception: it is neither the statement of a party opponent (Robinson not being an employee or agent of HMMA), nor a statement of Robinson's then-state of mind (since Key contends she is describing the state of minds of others). Further, especially since Key has ultimately claimed that this statement appeared in "little memos," (Doc. 28, ¶82), this hearsay and alleged statement is the product of an additional one-to-two levels of also-inadmissible hearsay consisting of Robinson reflecting some other alleged writing, or what someone else allegedly told her was in some other alleged writing or statement, and after thorough discovery, no such other witness, or memo, or its author has been identified. This alleged statement, assigned to and refuted by Robinson, also lacks probative value under Fed. R. Evid. 401, since there is no indication that "the Koreans" is synonymous with HMMA, as opposed to any other Korean population or corporation (or those perceived to be Korean).

HMMA further objects that the August 1, 2017, unsigned letter attributed to Plaintiff (Key00053-56) contains multiple levels of hearsay that Robinson said that "Koreans were a

different breed of animals and they send little memos" that they do not want African Americans to have dreadlocked hairstyles. HMMA objects that Plaintiff's recounting of Robinson's alleged statements (refuted by Robinson) are hearsay without exception and inadmissible pursuant to Fed. R. Evid. 802, as explained in the immediately preceding paragraph. HMMA objects also to the portions of Plaintiff's letter where she claims that Robinson told her she would have to go by "Hyundai's" criteria as hearsay and vague and confusing and thus lacking probative value under Fed. R. Evid. 401.

#12 – "EEOC Charge Number 420-2019-00128 filed October 16, 2018 against HMMA (DX 15 to Plaintiff's Deposition); Key 00047": HMMA objects that the Charge against it (F0007) contains the deliberately false misidentification of Cassandra Williams as an HMMA employee, which contradicts Charging Party's own intake questionnaire. HMMA's pending proposed deposition by written questions to the EEOC investigator seeks an explanation – other than bias or mistake—why this was written. Since HMMA has thus far been denied appropriate discovery on this, it may not be offered as a true, factual conclusion of Williams' employer.

#13 - "Handwritten letter from Plaintiff dated August 8, 2017, to EEOC refuting items in statement of Gloria Robinson 'concerning my discharge from HMMA' (DX 17 to Plaintiff's Deposition); Dynamic-Key 00058-63": HMMA objects that Plaintiff's statement is hearsay, and no exception permits it to be admitted against HMMA to prove that Plaintiff was discharged from HMMA, as Plaintiff erroneously states in the first sentence of her letter.

#14 – "Plaintiff's 'official complaint of discrimination against Hyundai, Ms. Cassandra Williams, and Ms. Gloria Robinson' (DX 18 to Plaintiff's Deposition) handwritten complaint - 8-1-2017; Dynamic-Key 000063": HMMA objects that Plaintiff's statement is hearsay, and no exception permits it to be admitted against HMMA to prove that HMMA discriminated against

23

Plaintiff or that it was informed—prior to Plaintiff's untimely EEOC Charge against it—that Plaintiff had any complaint against it. Fed. R. Evid. 802. Further, HMMA objects that Plaintiff's use of the term "Hyundai" is vague and confusing and may not be used to prove she believed HMMA—as opposed to HEA—had committed any harm against her. Fed. R. Evid. 403.

#19 – "Letter of Determination mailed by the EEOC (EEOC Charge No. 420-2019-00128) to Plaintiff and HMMA on June 10, 2019, reporting a finding of reasonable cause to conclude Respondent HMMA violated Title VII (DX 23 to Plaintiff's Deposition)": HMMA incorporates by reference its objections to Plaintiff's identification of the same functional exhibit(s) at Plaintiff's May Offer, #11.

#20 – "Letter mailed by the EEOC (EEOC Charge No. 420-2019-099128) to Plaintiff and HMMA on July 12, 2019, reporting unsuccessful conciliation efforts (DX 24 to Plaintiff's Deposition)": HMMA incorporates by reference its objections to Plaintiff's identification of the same functional exhibit(s) at Plaintiff's May Offer, #12.

#21 – "Notice of Right to Sue – Conciliation Failure (EEOC Charge No. 420-2019-099128) mailed by the EEOC to Plaintiff and Respondent HMMA on July 12, 2019 (DX 25 to Plaintiff's Deposition)": HMMA incorporates by reference its objections to Plaintiff's identification of the same functional exhibit(s) at Plaintiff's May Offer, #13.

#22 - " 'Rebuttal' letter from Plaintiff to EEOC dated 'October 4, 2017' responding to Dynamic's Statement of Position (Charge Number 846-2017-32787) (DX 26 to Plaintiff's Deposition)": HMMA objects to any portion of this rebuttal being used as evidence that it maintained any policy affecting Plaintiff's assignment. Any such statement or implication by Plaintiff is contextually, the result of representations of others (i.e., inadmissible double hearsay, Fed. R. Evid. 802) and outside of Plaintiff's personal knowledge as Plaintiff did not have any

basis to know what standards, if any, HMMA held for mail room personnel (HMMA held no separate standards of appearance for mail room personnel). Fed. R. Evid. 602.

#27 – "August 1, 2017, email from Cassandra Williams to Gloria Robinson and Ray [Cureton]; Dynamic-Key 000085": HMMA objects that this email chain (which extends from Dynamic-Key 000085-87) are hearsay and any mistaken statement by Robinson or Cureton which suggests an HMMA policy existed applicable to Plaintiff's hairstyle are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#32 and #33 - "Exhibits to Deposition of Ray Cureton – Part 1 of 2; Exhibits to Deposition of Ray Cureton – Part 2 of 2": HMMA objects to this as an improperly grouped exhibit and cumulative. To the extent that any individual exhibit to Cureton's deposition (or its close equivalent) has been the subject to any objection by HMMA, HMMA reasserts that objection here. HMMA also does not waive its right to object to any exhibit Dynamic seeks to introduce based on this improper umbrella.

#34 - "Exhibits to Deposition of Kristal Riddle": HMMA objects to this as an improperly grouped exhibit and cumulative. To the extent that any individual exhibit to Riddle's deposition (or its close equivalent) has been the subject to any objection by HMMA, HMMA reasserts that objection here. HMMA also does not waive its right to object to any exhibit Dynamic seeks to introduce based on this improper umbrella.

#35 - "Exhibits to Deposition of Sherry Spires": HMMA objects to this as an improperly grouped exhibit and cumulative. To the extent that any individual exhibit to Spires' deposition (or its close equivalent) has been the subject to any objection by HMMA, HMMA reasserts that

objection here. HMMA also does not waive its right to object to any exhibit Dynamic seeks to introduce based on this improper umbrella.

#36 - "August 1, 2017, email from Sherry Spires to Ray [Cureton]": HMMA objects that this exhibit is not adequately identified. Without waiving its right to proper identification, to the extent that this document (or its close equivalent) has been the subject to any objection by HMMA, HMMA reasserts that objection here.

#37 – "July 31, 2017, email from Ray [Cureton] to Gloria Robinson; Dynamic-Key 000086": HMMA objects that this email chain (which extends from Dynamic-Key 000085-87) are hearsay and any mistaken statement by Robinson or Cureton which suggests an HMMA policy existed applicable to Plaintiff's hairstyle are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#38 – "July 31, 2017, email from Gloria Robinson to Ray [Cureton]": HMMA objects that this exhibit is not adequately identified. Without waiving its right to proper identification, to the extent that this document (or its close equivalent) has been the subject to any objection by HMMA, HMMA reasserts that objection here. Specifically, to the extent this refers to an e-mail in Dynamic-Key00086-87, HMMA objects that this email chain (which extends from Dynamic-Key 000085-87) are hearsay and any mistaken statement by Robinson or Cureton which suggests an HMMA policy existed applicable to Plaintiff's hairstyle are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#39 – "Gloria Robinson statement regarding removal (Dynamic-Key 000033-35)": HMMA objects to the use of a portion of this memo – Robinson's recollection that Williams told

Plaintiff that "…HMMA had a personal appearance policy for the security officers…" Assuming the memo generally is admissible as Robinson's then-present-sense impression, this statement interjects another layer of hearsay with no exception and which may not be used to evidence the truth of the matter asserted (that HMMA had an appearance policy specific to security officers). Fed. R. Evid. 802.

#43 – "Ray [Cureton] Statement (Dynamic-Key 000036)": HMMA objects to a portion of Dynamic-Key 00036 because, even assuming the statement is admissible as Cureton's then-present-sense impression, the statement that dreadlocks were against HMMA policy interjects another layer of hearsay with no exception and which may not be used to evidence the truth of the matter asserted (that HMMA had an appearance policy which Plaintiff's hairstyle violated – someone would have had to tell Cureton or he would have had to have read about such a policy). Fed. R. Evid. 802.

#56 – "Email from Gloria Robinson to Sherry Spires and Ray [Cureton] dated August 2, 2017 (Dynamic-Key 00031)": HMMA objects to this email chain (which extends from Dynamic-Key00031- because the author of the primary email, Robinson, purports to transcribe "an excerpt from what all personnel are briefed on here, and posted on our board in the roll call room," and is therefore hearsay and inadmissible pursuant to Fed. R. Evid. 802. There is no applicable exception. HMMA further objects that the description of these e-mails is not accurate, interjecting unnecessary confusion in violation of Fed. R. Evid. 403.

#57 – "Emails between Gloria Robinson and Ray [Cureton] (HEA0051-52)": HMMA objects that the emails are hearsay and that statements by Robinson and Cureton which refer incorrectly to an HMMA standard are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#58 – "August 2, 2017, email from Gloria Robinson to Ray [Cureton] and Sherry Spires (Dynamic-Key 000073)": HMMA objects that the email chain (which extend to Dynamic-Key 00074) is hearsay and that statements by Spires which refer incorrectly to an HMMA policy are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802. HMMA further objects to this email because Robinson purports to transcribe "an excerpt from what all personnel are briefed on here, and posted on our board in the roll call room," and is therefore hearsay and inadmissible pursuant to Fed. R. Evid. 802. There is no applicable exception.

#72 – "Email dated 8/2/2017 re: personnel briefing posted in roll call room" (Dynamic-Key 003216-3219)": HMMA objects that the email chain is hearsay and that statements by Spires which refer incorrectly to an HMMA policy are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802. HMMA further objects to this email because Robinson purports to transcribe "an excerpt from what all personnel are briefed on here, and posted on our board in the roll call room," and is therefore hearsay and inadmissible pursuant to Fed. R. Evid. 802. There is no applicable exception.

#76 – "Correspondence received from EEOC (Key 00041-45)": HMMA objects that this is cumulative to #19 and #20 above and reasserts and incorporates its objections to the same exhibits here.

#78 – "Emails to and from EEOC and Key (Key 00094-113)": HMMA objects that this exhibit is an improper grouping of emails over the course of nearly two years concerning two distinct charges. HMMA objects to the reference to a recommended cause finding at Key00095 which, as noted above in response to Plaintiff's May Call #11, was completely unfounded,

biased, or both. HMMA reasserts its objections in Plaintiff's May Call #11 as if fully re-stated herein. HMMA objects to the references to cause findings or support of Plaintiff's claims against it in the e-mail chain at Key00107-108 because the EEOC's so-called findings against HMMA were completely unfounded, biased, or both. HMMA reasserts its objections in Plaintiff's May Call #11 as if fully re-stated herein. HMMA objects to the e-mail chain at Key00112-113 as hearsay and also because the discussed recommendation for a charge filing was completely unfounded, biased, or both. HMMA reasserts its objections in May Call #11 as if fully re-stated herein.

#79-#86—these consist of the documents identified by Dynamic in #78 above. HMMA incorporates its response to specific documents in #78 as applicable to each.

#88 – "Transcript of unemployment compensation hearing (Key1051-1075)": HMMA objects that any inaccurate statements regarding the employer of Williams or that it had any additional appearance standards applicable to security or mailroom personnel are hearsay third party statements which cannot be used against it. Fed. R. Evid. 802. HMMA further preserves the objection that the transcript has not been authenticated.

#90, 91 – Emails between Ray Cureton and Sherry Spires (Dynamic-Key 00051): HMMA objects that Cureton's misstatement that Williams showed Plaintiff that HMMA had a hair policy applicable to Plaintiff is hearsay not admissible to prove that HMMA had such a policy (which it did not) in violation of Fed. R. Evid. 802 and not based on Cureton's personal knowledge in violation of Fed. R. Evid. 602.

#92 – "Email from Ray Cureton to Sherry Spires dated August 8, 2017 (Dynamic-Key 000056-66)": HMMA objects to the use of a portion of Robinson's memo – Robinson's recollection that Williams told Plaintiff that "…HMMA had a personal appearance policy for the

security officers…" Assuming the memo generally is admissible as Robinson's then-present-sense impression, this statement interjects another layer of hearsay with no exception and which may not be used to evidence the truth of the matter asserted (that HMMA had an appearance policy specific to security officers). Fed. R. Evid. 802.

#93 – "August 1, 2017, email from Sherry Spires to Gloria Robinson to Ray [Cureton] (Dynamic-Key 000073-74)": HMMA objects that the emails are hearsay and that statements by Spires and Cureton which refer incorrectly to an HMMA policy are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802. HMMA further objects to this email because Robinson purports to transcribe "an excerpt from what all personnel are briefed on here, and posted on our board in the roll call room," and is therefore hearsay and inadmissible pursuant to Fed. R. Evid. 802. There is no applicable exception. HMMA further objects that the description of these e-mails is not accurate.

##94 and 95 – July 31, 2017, emails (Dynamic-Key 00078-79): HMMA objects that the email from Robinson doesn't claim to excerpt another written policy (that excerpt appears in #93 and many other places cited herein). HMMA objects that the emails are hearsay and any statement by Robinson which suggests an HMMA policy existed applicable to Plaintiff's hairstyle are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802.

#97 – "August 29, 2017, email from Ray [Cureton] to Sherry Spires (Dynamic-Key 140-141)": HMMA objects to the use of Cureton's unfounded statements suggesting that HMMA is responsible for the policy on dreadlocks that Robinson transcribed in an email. Just as Robinson's transcription of the mystery policy against dreadlocks is not attributable to HMMA

and thus is inadmissible hearsay against it, Fed. R. Evid. 802, so is Cureton's summary description of the same. Similarly, Cureton's summary conclusion that Plaintiff made a "formal complaint of discrimination against HMMA, Ms. Williams, and Gloria Robinson" is hearsay and may not be used as evidence that Plaintiff actually experienced discrimination of any type, that she complained against HMMA or believed HMMA was responsible for the same (her handwritten complaint said "Hyundai," and identified only Williams and Robinson as the bad actors), or that this information was shared with HMMA at around this time (it was not).

#99 – "August 1, 2017, email from Sherry Spires to Ray [Cureton] and Gloria Robinson (Dynamic-Key 003218-3219)": HMMA objects to this partial email chain (which extends from Dynamic-Key 003216-3219) is hearsay and that statements by Spires which refer incorrectly to an HMMA policy are not admissible against HMMA to prove that HMMA in fact had any policy affecting Plaintiff's assignment or prohibiting dreadlocks. Fed. R. Evid. 802. HMMA further objects to this email because Robinson purports to transcribe "an excerpt from what all personnel are briefed on here, and posted on our board in the roll call room," and is therefore hearsay and inadmissible pursuant to Fed. R. Evid. 802. There is no applicable exception.

Respectfully Submitted,

s/ Whitney R. Brown
David J. Middlebrooks ASB- 8553-D58D
Whitney R. Brown ASB-4431-H71B

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008
Email: dmiddlebrooks@lehrmiddlebrooks.com
       wbrown@lehrmiddlebrooks.com

## CERTIFICATE OF SERVICE

     I hereby certify that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

          Heather Newsom Leonard, Esq.
          Heather Leonard, P.C.
          2105 Devereux Circle, Suite 1111
          Birmingham, AL 35243

          Wesley C. Redmond, Esq.
          Susan W. Bullock, Esq.
          FordHarrison LLP
          420 20th Street North, Suite 2560
          Birmingham, AL 35203

          Leslie Palmer, Esq.
          Palmer Law, LLC
          104 23rd Street South, Suite 100
          Birmingham, AL 35233

          T. Matthew Miller, Esq.
          Cortlin Bond, Esq.
          Sarahanne Vaughan, Esq.
          Bradley Arant Boult Cummings LLP
          One Federal Place
          1819 Fifth Avenue North
          Birmingham, AL 35203

          s/ Whitney R. Brown
          OF COUNSEL

757347.docx