IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY,       )<br>        Plaintiff,       )<br>                              )<br>v.                            )<br>                              )<br>                              )<br>HYUNDAI  MOTOR MANUFACTURING )<br>ALABAMA, LLC, et al.,        )<br>                              )<br>        Defendants.     ) | **Case No.**<br>**2:19-cv-767-ECM-SMD** |

**PLAINTIFF'S OB JECTIONS TO DEFENDANT HYUNDAI MOTOR
MANUFACTURING'S WITNESS AND EXHIBIT LISTS**

COMES NOW the Plaintiff and raises the following objections to Defendant Hyundai Motor Manufacturing Alabama, LLC's ("HMMA's) witness list (Doc. 93) and amended exhibit list (Doc. 116).

1. The Plaintiff objects to Defendant HMMA calling as a witness at trial any persons not included on their Rule 26 disclosures.

    a. Rule 26(a)(1)(A)(i) of the Federal Rules of Evidence requires a party to disclose witnesses it "may use to support its claims or defenses, unless the use would be solely for impeachment." A party is required to supplement this information if it "learns that in some material respect the disclosure … is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. Pro. 26(e)(1)(A). "If a party fails to provide information or identify a witness

        as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1).

    b.    Defendant's Rule 26 disclosures only disclosed the Plaintiff, Robert Burns, and Cassandra Williams. (Doc. 81-1, p. 3). Defendant HMMA did not supplement or amend its disclosures.

    c.    Plaintiff, therefore, objects to Defendant HMMA calling as a witness at trial any of the following witnesses identified on their witness list:[1]

        i.    Gloria Robinson

        ii.    Maurice Chambliss

        iii.    Nicole Scavella

        iv.    Ray Cureton

        v.    Latunya Howell

        vi.    Sherry Spires

        vii.    Kristal Riddle

2.    The Plaintiff objects generally to the contents of the Defendant's exhibit list because without seeing the context in which the Defendant is offering an exhibit or through whom the exhibit is being offered, the Plaintiff cannot know if the exhibit is relevant, hearsay, and/or authenticated. Therefore, the Plaintiff generally reserves the right to raise objections under Rules 401, 402, 403, 801, 802, and/or 901 at the time a specific exhibit is offered so that it will be clear the purpose for which the exhibit is being offered and the

---

[1] Plaintiff does not object to Defendant HMMA cross examining any of these witnesses if they are called to testify by a party who timely disclosed them.

context in which it is being offered. This better permits the Court to rule on an exhibit in the context of the trial.

3. The Plaintiff raises the following objects to the Defendant's amended exhibit list:

| Exhibit No. | Exhibit | Objection |
|---|---|---|
| 1 | Deposition Excerpts of Davita M. Key dated June 20,2022 | Plaintiff objects to portions of her deposition being admitted into evidence as physical exhibits under Rules 401, 402, and 403. The transcript contains information that is not relevant, risks confusion and/or undue prejudice, is cumulative of oral testimony and/or exhibits admitted into evidence, and risks placing undue emphasis on certain pieces of evidence over others.<br><br>Plaintiff is filing separate objections to the individual deposition designations. |
| 2 | Exhibit 1 to Deposition of Davita M. Key dated June 20, 2022: First Amended Complaint dated June 1, 2020. | The final pretrial order supersedes all prior pleadings and controls the subsequent course of an action. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 454, 127 S. Ct. 1397, 167 L. Ed 2d 190 (2007). Further, pleadings are not evidence. *See Thomas v. Cvs/Pharmacy*, No. 2:06-cv-4878-JHH, 2007 U.S. Dist. LEXIS 115200, at *28 (N.D. Ala. July 14, 2008) (noting pleadings written by counsel are not evidence). Depending on the rulings of this Court on the pending motions for summary judgment, the pleading may contain facts and/or allegations that are not before the jury. Therefore, the Plaintiff objects to this exhibit under Rules 401, 402, and 403. |
| 3 | Exhibit 2 to Deposition of Davita M. Key dated June 20, 2022: Pre-Application Screening Form dated July 21, 2014 (Dynamic-Key000028; Key 000013). | No Objection |
| 4 | Exhibit 3 to Deposition of Davita M. Key dated June 20, 2022: Paycheck and stub to Key from Dynamic Security, Inc. dated August 22, 2017 (Key 000001). | No Objection |

| | | |
|---|---|---|
| 5 | Exhibit 4 to Deposition of Davita M. Key dated June 20, 2022: Email to Key from Robinson re: Mailroom Position dated July 21, 2021 (Key 000254-000255). | No Objection |
| 6 | Exhibit 5 to Deposition of Davita M. Key dated June 20, 2022: Plaintiff's Amended Initial Disclosures dated January 28, 2022. | Plaintiff objects to this designation under Rules 401, 402, 403, 801, and 803 of the Federal Rules of Evidence. Initial disclosures are not evidence, but rather, designations of persons who may be used as witnesses to allow opposing counsel the opportunity to evaluate if discovery should be pursued with the witness, identification of documents within the party's possession and control that may be used so that the opposing party has a fair opportunity to examine those documents and not be unfairly surprised, a statement concerning damages claimed and how they will be calculated, and a statement concerning insurance. It is a tool to help focus and streamline discovery. The goal of the initial disclosure requirement is to get out basic information about the case at an early point. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2053. This exhibit does not help prove or disprove a material disputed fact that the jury must resolve. It is an out-of-court, unsworn statement. Its use as an exhibit will put information before the jury that is not relevant, confusing, and unduly prejudicial. |
| 7 | Exhibit 6 to Deposition of Davita M. Key dated June 20, 2022: Diagram of the First Floor of the Administration Building (HMMA000077). | No Objection |
| 8 | Exhibit 7 to Deposition of Davita M. Key dated June 20, 2022: Decision on Unemployment Compensation Claim dated September 27, 2017 (Key 000129-000130). | Plaintiff objects to this exhibit under Rules 401, 402, 403, 801, and 802. This is an out-of-court statement focusing on the narrow issue of whether the Plaintiff was disqualified from receiving unemployment compensation benefits. The document summarizes out of court statements made in a hearing where the Federal Rules of Evidence did not apply on that issue. The hearing did not evaluate or concern whether unlawful discrimination or retaliation caused the Plaintiff's unemployment. |

4

| | | |
|---|---|---|
| 9 | Exhibit 8 to Deposition of Davita M. Key dated June 20, 2022: HEA Appearance Standards for Security Personnel Policy (HEA 0001-003). | No Objection |
| 10 | Exhibit 9 to Deposition of Davita M. Key dated June 20, 2022: HMMA's PPE & Dress Code Matrix dated July 22, 2013 (HMMA 0000003). | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. HMMA's 30(b)(6) deponent testified that the contents of this document applied to persons working in the production areas (stamping, welding, painting, general assembly, and engine shops) at the HMMA plant as opposed to persons working in the administrative building, like the Plaintiff. (Doc. 68-2, pp. 59-30, at 228:14-231:16). Because the contents of this document would not apply to the Plaintiff, it is not relevant to the factual disputes to be resolved by the jury and it risks confusion and undue prejudice |
| 11 | Exhibit 10 to Deposition of Davita M. Key dated June 20, 2022: Acknowledgment and Receipt of Employee Handbook dated July 21, 2017 (Dynamic-Key 000041-000042); Dynamic Security Officer's Handbook (Key 000332-000382). | No Objection |
| 12 | Exhibit 11 to Deposition of Davita M. Key dated June 20, 2022: Hyundai Engineering America, Inc. Employee Handbook (HEA0004-0005). | No Objection |
| 13 | Exhibit 12 to Deposition of Davita M. Key dated June 20, 2022: Hyundai Motor Manufacturing Alabama Safety, Security and Fire Protection Handbook (Key 000277 - 000331) | No Objection |
| 14 | Exhibit 13 to Deposition of Davita M. Key dated June 20, 2022: U.S. Equal Employment Opportunity Commission Intake | No Objection |

|    |                                                                                                                                                                                                  |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | Questionnaire dated August 2, 2017 (Key 000049-000056).                                                                                                                                          |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
| 15 | Exhibit 14 to Deposition of Davita M. Key dated June 20, 2022: EEOC Charge of Discrimination to Dynamic Security Incorporated dated August 3, 2017, Charge No. 846-2017-32787 (Dynamic-Key 000046-000047). | No Objection                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
| 16 | Exhibit 15 to Deposition of Davita M. Key dated June 20, 2022:  EEOC Charge of Discrimination to Hyundai Motor Manufacturing Alabama dated October 16, 2018, Charge No. 420-2019-00128 (Key 000047). | No Objection                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
| 17 | Exhibit 16 to Deposition of Davita M. Key dated June 20, 2022: Plaintiff's Response to Defendant HMMA's Interrogatories and Plaintiff's Response to Defendant HMMA's Request for Production of Documents dated December 6, 2021. | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat discovery responses as they would treat a deposition transcript at trial, and rather than entering the entire document into evidence, permit the document to be used to impeach or refresh a witness's memory by showing the witness the relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5-6 (M.D. Fla. Nov. 12, 2019)(sustaining objections to written discovery responses being used as trial exhibits but permitting relevant portions to be read at trial to the extent relevant). |
| 18 | Exhibit 17 to Deposition of Davita M. Key dated June 20, 2022:  Key Handwritten Statement dated August 8, 2017 | No Objection                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |

6

|    |    |    |
|----|----|----|
|    | (Dynamic-Key 000058-000063). |    |
| 19 | Exhibit 18 to Deposition of Davita M. Key dated June 20, 2022: Key Handwritten Complaint dated August 1, 2017. | No Objection |
| 20 | Exhibit 19 to Deposition of Davita M. Key dated June 20, 2022: Acknowledgement of Receipt of Dynamic Security Inc.'s Security Officer's Manual dated July 21, 2017 (Dynamic-Key 000040). | No Objection |
| 21 | Exhibit 20 to Deposition of Davita M. Key dated June 20, 2022: Dynamic Security, Inc. Harassment In the Workplace Policy signed by Key dated July 21, 2017 (Dynamic-Key 000042). | No Objection |
| 22 | Exhibit 21 to Deposition of Davita M. Key dated June 20, 2022: Dynamic Security, Inc. Rules and Regulations for Security Officers Policy signed by Key dated July 21, 2017 (Dynamic-Key 000038-000039). | No Objection |
| 23 | Exhibit 22 to Deposition of Davita M. Key dated June 20, 2022: U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights of Charge No. 846-2017-32787 dated March 1, 2019 | The Plaintiff objects to the Defendants' use of this exhibit under Rules 401, 402, and 403 of the Federal Rules of Evidence. The EEOC's lack of determination as to whether or not there had been a violation of federal anti-discrimination law is not probative on an issue to be resolved by the jury, and because of the Plaintiff's testimony she did not receive this document, risks confusing the jury and/or causing undue prejudice.<br><br>However, if it is admitted, it should be accompanied with the determination reached by the EEOC as to the claims against HMMA. The admissibility of EEOC |

| | | findings is subject to the sound discretion of the district court, and a court can refuse to admit an EEOC report if it contains legal conclusions in addition to its factual content, or if presents issues of trustworthiness. *Barfield v. Orange Cnty*, 911 F.2d 644, 650 (11th Cir. 1990). The Eleventh Circuit has held a district court does not abuse its discretion in admitting an EEOC determination that concerns the same discrimination as before the jury where sufficient evidence was adduced at trial to place the determination in its proper context, and the district court instructed the jury as to the appropriate use of the determination by explaining that it is not an adjudication of rights and liabilities. *See Blanton v. Univ of Fla.*, 273 Fed. Appx. 797, 804 (11th Cir. 2008); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288-1289 (11th Cir. 2008). |
|---|---|---|
| 24 | Exhibit 26 to Deposition of Davita M. Key dated June 20, 2022: Key Rebuttal to EEOC regarding Charge No. 846-2017-32787 (against Dynamic Security) dated October 4, 2017. | The Plaintiff objects to this exhibit under Rules 801-803 of the Federal Rules of Evidence to the extent the Defendant is using this document to get into hearsay statements made by Dynamic Security employees that were submitted to the EEOC. In this Rebuttal, the Plaintiff references or summarizes arguments raised by those employees so that she can then provide her response. |
| 25 | Exhibit 27 to Deposition of Davita M. Key dated June 20, 2022: Photos of Key (Key 000028-29). | No Objection. |
| 26 | Exhibit 28 to Deposition of Davita M. Key dated June 20, 2022: Key Letter to Board of Appeals, Alabama Department of Labor re: Case Number 07549-AT-17 dated October 4, 2017 (S000145-146). | Plaintiff adopts and incorporates by reference her objections to documents concerning her pursuit of unemployment compensation benefits and the related appeal as set forth in response to exhibit 8 above and adds she further objects to this document as containing inadmissible hearsay in that it references out-of-court statements. The document is hearsay if offered for the truth of the matter asserted, is not probative on any issue to be resolved by the jury, and any probative value is outweighed by the potential for confusion and undue prejudice it creates. |
| 27 | Exhibit 29 to Deposition of Davita M. Key dated June 20, 2022: State Board of Appeals, Alabama Department of Labor, Disallowance of | Plaintiff adopts and incorporates by reference her objections to documents concerning her pursuit of unemployment compensation benefits and the related appeal as set forth in response to exhibit 8 above. |

|    | | |
|----|--------------------------------|--------------------------------|
|    | Application for Leave to Appeal to the Board of Appeals dated October 5, 2017 (S000151). | |
| 28 | Exhibit 30 to Deposition of Davita M. Key dated June 20, 2022: Plaintiff's Response to Defendant HEA's First Discovery Requests dated March 27, 2022. | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat discovery responses as they would treat a deposition transcript at trial, and rather than entering the entire document into evidence, permit the document to be used to impeach or refresh a witness's memory by showing the witness the relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5-6 (M.D. Fla. Nov. 12, 2019)(sustaining objections to written discovery responses being used as trial exhibits but permitting relevant portions to be read at trial to the extent relevant). |
| 29 | Exhibit 31 to Deposition of Davita M. Key dated June 20, 2022:  Photos of Key (Key 000271-000276). | No Objection |
| 30 | Exhibit 32 to Deposition of Davita M. Key dated June 20, 2022: Key Resume (Key 000034-000036). | No Objection |
| 31 | Contract for Services between Hyundai Motor Manufacturing Alabama, LLC & Hyundai AMCO America Inc (HMMA000013-76). | No objection to the extent the Defendant can authenticate the document pursuant to Rule 901. The Plaintiff does not waive her right to raise an objection under Rule 901 of the Federal Rules of Evidence. |
| 32 | Hyundai Motor Manufacturing Alabama, LLC Policies (HMMA000001-2) | Plaintiff objects to this document under Rule 106 of the Federal Rule of Evidence as being incomplete. Plaintiff further objects to this exhibit under Rule 901. Defendant's 30(b)(6) deponent as not able to authenticate this document other than to say it "has the appearance, appearance of a handbook," but he did not know what version of the handbook from which it came. . (Doc. 68-2, pp. 47-48 at 177:1-182:22).He testified that speaking on behalf of |

| | | |
|---|---|---|
| | | HMMA, he could not say with certainty its source, but it looked like a team member handbook. (Id.).He could not testify to the timeframe or period in which the pages may have been used. (Id.). HMMA's lawyer stated on the record during the deposition that the policy did not apply to contractors, and the corporate representative testified consistently with the statement of the company's lawyer. Based on the testimony of the Defendant's 30(b)(6) deponent and statement of HMMA's lawyer, Plaintiff objects to this exhibit as being irrelevant and risking undue prejudice and confusion. Plaintiff objects pursuant to Rules 401-403 of the Federal Rules of Evidence. |
| 33 | Individual Employee Schedule for Courtney Dixon (Dynamic-Key 000969). | Plaintiff objects to this request under Rules 401, 402, 403, 801, 802, 803, and 901 of the Federal Rules of Evidence. This is an out-of-court statement generated in August 2022 purporting to be a work schedule for a person who has not been identified as a witness in this action for a time period after Defendants removed Plaintiff from working at HMMA. |
| 34 | Declaration of Cassandra Williams dated May 8, 2019 (F00048). | Plaintiff objects to this request under Rules 401, 402, 403, 801, 802, and 803 of the Federal Rules of Evidence. This is an out of court statement that contains hearsay and other inadmissible evidence. Williams will be a live witness at her trial, so a declaration would be cumulative of her live testimony and put undue emphasis on the testimony that would be within the declaration. |
| 35 | HEA's Response to Plaintiff's Requests for Admission, RFA #2 | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat discovery responses as they would treat a deposition transcript at trial, and rather than entering the entire document into evidence, permit the document to be used to impeach or refresh a witness's memory by showing the witness the relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5-6 (M.D. Fla. Nov. 12, 2019)(sustaining objections to written discovery responses being used as trial |

| | | |
|---|---|---|
| | | exhibits but permitting relevant portions to be read at trial to the extent relevant). |
| 36 | Secretary of State Records for Hyundai ENG America, Inc. | Plaintiff objects to this request under Rules 106, 401-403, 801-803, and 901. This designation is too vague to identify which records the designation encompasses. The exhibit is not relevant to issues before the Court and risks confusion. Further, the documents are out-of-court statements, and it is not clear the Defendant will be able to authenticate the records. |
| 37 | Secretary of State Records for HEA. | Plaintiff objects to this request under Rules 106, 401-403, 801-803, and 901. This designation is too vague to identify which records the designation encompasses. The exhibit is not relevant to issues before the Court and risks confusion. Further, the documents are out-of-court statements, and it is not clear the Defendant will be able to authenticate the records. |
| 38 | Secretary of State Records for Hyundai Motor Manufacturing Alabama, LLC. | Plaintiff objects to this request under Rules 106, 401-403, 801-803, and 901. This designation is too vague to identify which records the designation encompasses. The exhibit is not relevant to issues before the Court and risks confusion. Further, the documents are out-of-court statements, and it is not clear the Defendant will be able to authenticate the records. |
| 39 | Secretary of State Records – Word Search "Hyundai". | Plaintiff objects to this request under Rules 106, 401-403, 801-803, and 901. This designation is too vague to identify when the purported search was done, by whom, for what purpose, and what specifically was searched. The exhibit is not relevant to issues before the Court and risks confusion. Further, the documents are out-of-court statements, and it is not clear the Defendant will be able to authenticate the records. |
| 40 | Plaintiff's Second Supplemental Responses to HMMA's Request for Production of Documents, #8. | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat discovery responses as they would treat a deposition transcript at trial, and rather than entering the entire document into evidence, permit the document to be used to impeach or refresh a witness's memory by showing the witness the |

11

| | | |
|---|---|---|
| | | relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5-6 (M.D. Fla. Nov. 12, 2019)(sustaining objections to written discovery responses being used as trial exhibits but permitting relevant portions to be read at trial to the extent relevant). |
| 41 | Declaration of Gloria Robinson dated August 25, 2022 | Plaintiff adopts and incorporates by reference her prior objections to this declaration as set forth in Doc. 82, pp. 9-15. Plaintiff further objects to this exhibit as being hearsay and containing information that is irrelevant and or that is more prejudicial than probative. Plaintiff objects to this declaration under Rules 401-403 and 801-803 of the Federal Rules of Evidence. |
| 42 | Sworn Certification of Plaintiff's EEOC Charge file produced by the EEOC dated December 18, 2019. | Plaintiff has been unable to locate where she has received this exhibit from Defendant HMMA. Plaintiff and requested defense counsel to provide her with a copy of this exhibit on February 8, 2023. Defense counsel emailed Plaintiff's counsel a two-page affidavit signed by Bradley Anderson of the EEOC dated December 18, 2019. Plaintiff Plaintiff objects to the exhibit (and Mr. Anderson) as not being timely disclosed or produced as required by Rule 26 of the Federal Rules of Civil Procedure.<br><br>Plaintiff objects to the affidavit as hearsay under Rules 801-803 of the Federal Rules of Evidence.<br><br>Plaintiff objects to the exhibit as being incomplete under Rule 106 of the Federal Rules of Evidence; it references attached documents, but no attached documents were provided to the Plaintiff with this exhibit.<br><br>It appears the attached documents may be an EEOC investigative file for the Plaintiff's claims. To the extent the Defendant is seeking to move into evidence the entire EEOC file(s), the Plaintiff objects to the exhibit under Rules 401, 402, 403, 801, 802, and 803. The file will contain not only hearsay but also information that is irrelevant and/or that its probative value is outweighed by the potential for confusion and/or undue prejudice. |

| 43 | Potential exhibits identified by Plaintiff in her Exhibit List, and the Exhibit Lists of Defendants Dynamic Security, Inc. and Hyundai Engineering America, Inc. that are not excluded by motion. | Plaintiff adopts and incorporates by reference her objections filed to the other parties' exhibit lists. |
|---|---|---|
| 44 | HEA's invoices to Hyundai Motor Manufacturing Alabama, LLC for July 2017 and August 2017 (HEA0219-HEA0230). | No Objection. |

RESPECTFULLY SUBMITTED BY
THE ATTORNEYS FOR THE PLAINTIFF:

*/s Heather Newsom Leonard*
Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421- voice
(205) 278-1400 - facsimile
Email:
Heather@HeatherLeonardPC.com

 */s/ Leslie A. Palmer*
Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system on February 9, 2023:

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, PC
P.O. Box 11945
Birmingham, AL 35202-1945

Wesley C. Redmond
Susan W. Bullock
Ford Harrison, LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203

T. Matthew Miller
Cortlin L. Bond
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203


/s Heather Newsom Leonard
COUNSEL FOR PLAINTIFF