IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) |
| HONDA MANUFACTURING ALABAMA, LLC, HYUNDAI ENGINEERING AMERICA, INC., AND DYNAMIC SECURITY, INC., | ) 2:19-cv-767-ECM-SMD ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OBJECTIONS
TO DYNAMIC SECURITY, INC'S EXHIBIT LIST (Doc. 105)**

COMES NOW the Plaintiff and files the following objections to Defendant Dynamic Security, Inc.'s Exhibit List (Doc. 105):

1. Because the Plaintiff does not know the context in which the Defendant may offer these exhibits and/or through which witness the Defendant would offer the exhibits, the Plaintiff raises general objections under Rules 401-403, 801-803, and 901 to all the exhibits in order to preserve them for trial so that the Plaintiff may raise the objection if it appears that the objection applies at the time the exhibit is offered at trial.

2. With respect to the numbered exhibits, the Plaintiff specifically objects as follows:

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
1

| Exhibit No. | Name of Exhibit | Plaintiff's Objection(s) |
|---|---|---|
| 1 | Deposition Transcript of Plaintiff Davita Key | Plaintiff objects to the use of this deposition transcript at trial unless its use complies with Federal Rule of Civil Procedure 32(a) and this Court's orders.<br><br>Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony and evidence presented at trial. |
| 2 | Dynamic Pre-Employment Screening form for Plaintiff (DX 2 to Plaintiff's Deposition) | No Objection |
| 3 | Plaintiff's Paycheck Stub from Dynamic totaling 2.25 hours on July 21, 2017, and August 1, 2017) (DX 3 to Plaintiff's Deposition) | No Objection |
| 4 | Email dated 7-21-2017 from Robinson to Plaintiff | No Objection |
| 5 | HEA Appearance Standards for Security Personnel (DX 8 to Plaintiff's Deposition/PX 9 to Williams' Deposition | No Objection |
| 6 | HMMA PPE and Dress Code Matrix (DX 9 to Plaintiff's Deposition) | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. HMMA's 30(b)(6) deponent testified that the contents of this document applied to persons working in the production areas (stamping, welding, painting, general assembly, and engine shops) at the HMMA plant as opposed to persons working in the administrative building, like the Plaintiff. (Doc. 68-2, pp. 59-30, at 228:14-231:16). Because the contents of this document would not apply to the Plaintiff, it is not relevant to the factual disputes to be resolved by the jury and it risks confusion and undue prejudice. |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
United States District Court for the Middle District of Alabama
Civil Action: 2:19-cv-00767-ECM-SMD
2

| | | |
|---|---|---|
| 7 | Dynamic Policy Acknowledgement and Receipt of Employee Handbook signed by Plaintiff July 21, 2017; Harassment policy; Security Officer's Handbook(DX 10 to Plaintiff's Deposition) | No Objection |
| 8 | HEA's Employee Handbook Cover and Table of Contents (DX 11 to Plaintiff's Deposition) | Plaintiff objects to this exhibit as violating Federal Rule of Evidence 106. It is not complete and leads to speculation about the contents of the handbook. Therefore, in its incomplete form, the Plaintiff further objects under Rules 401-403. While the Plaintiff objects to the Defendants moving into this exhibit into evidence in its incomplete form. Plaintiff has no objection to it coming into evidence in its complete form. |
| 9 | HMMA Contractor Safety, Security, and Fire Protection Handbook (DX 12 to Plaintiff's Deposition) | No Objection |
| 10 | EEOC Intake Questionnaire dated August 2, 2017, against Hyundai (DX 13 to Plaintiff's Deposition) | No Objection |
| 11 | EEOC Charge Number 846-2017-32787 dated August 3, 2017, against Dynamic Security (DX 14 to Plaintiff's Deposition) | No Objection |
| 12 | EEOC Charge Number 420-2019-00128 filed October 16, 2018 against HMMA (DX 15 to Plaintiff's | No Objection |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
3

| | | |
|---|---|---|
| | Deposition) | |
| 13 | Handwritten letter from Plaintiff dated August 8, 2017, to EEOC refuting items in statement of Gloria Robinson "concerning my discharge from HMMA." (DX 17 to Plaintiff's Deposition) | No Objection |
| 14 | Plaintiff's "official complaint of discrimination against Hyundai, Ms. Cassandra Williams, and Ms. Gloria Robinson" (DX 18 to Plaintiff's Deposition) handwritten complaint - 8-1-2017 | No Objection |
| 15 | Signed Acknowledgement of Dynamic Security Officer's Manual dated 07-21-2017 ((DX 19 to Plaintiff's Deposition) | No Objection |
| 16 | Signed Acknowledgment of Dynamic's Harassment Policy dated 07-21-2017 (DX 20 to Plaintiff's Deposition) | No Objection |
| 17 | Signed Acknowledgement of Dynamic's Rules and Regulations dated 07-21-2017 (DX 21 to Plaintiff's Deposition) | No Objection |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
Civil Action: 2:19-cv-00767-ECM-SMD
4

| 18 | "Dismissal and Notice of Rights" (EEOC Charge No. 846-2017-32787) finding no reasonable cause for discrimination by Dynamic mailed by the EEOC to Plaintiff and Dynamic on March 1, 2019. (DX 22 to Plaintiff's Deposition). | The Plaintiff objects to the Defendants' use of this exhibit under Rules 401, 402, and 403 of the Federal Rules of Evidence. The EEOC's lack of determination as to whether or not there had been a violation of federal anti-discrimination law is not probative on an issue to be resolved by the jury, and because of the Plaintiff's testimony she did not receive this document, risks confusing the jury and/or causing undue prejudice.

However, if it is admitted, it should be accompanied with the determination reached by the EEOC as to the claims against HMMA. The admissibility of EEOC findings is subject to the sound discretion of the district court, and a court can refuse to admit an EEOC report if it contains legal conclusions in addition to its factual content, or if presents issues of trustworthiness. *Barfield v. Orange Cnty*, 911 F.2d 644, 650 (11th Cir. 1990). The Eleventh Circuit has held a district court does not abuse its discretion in admitting an EEOC determination that concerns the same discrimination as before the jury where sufficient evidence was adduced at trial to place the determination in its proper context, and the district court instructed the jury as to the appropriate use of the determination by explaining that it is not an adjudication of rights and liabilities. *See Blanton v. Univ of Fla.*, 273 Fed. Appx. 797, 804 (11th Cir. 2008); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288-1289 (11th Cir. 2008). |
| --- | --- | --- |
| 19 | Letter of Determination mailed by the EEOC (EEOC Charge No. 420-2019-00128) to Plaintiff and HMMA on June 10, 2019, reporting a finding of reasonable cause to conclude Respondent HMMA violated Title VII (DX 23 to Plaintiff's Deposition) | No Objection |
| 20 | Letter mailed by the EEOC (EEOC Charge No. 420- | No Objection |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama
Civil Action: 2:19-cv-00767-ECM-SMD**
5

| | | |
|---|---|---|
| | 2019-099128) to Plaintiff and HMMA on July 12, 2019, reporting unsuccessful conciliation efforts (DX 24 to Plaintiff's Deposition) | |
| 21 | Notice of Right to Sue – Conciliation Failure (EEOC Charge No. 420-2019-099128) mailed by the EEOC to Plaintiff and Respondent HMMA on July 12, 2019 (DX 25 to Plaintiff's Deposition) | No Objection |
| 22 | "Rebuttal" letter from Plaintiff to EEOC dated "October 4, 2017" responding to Dynamic's Statement of Position (Charge Number 846-2017-32787) (DX 26 to Plaintiff's Deposition) | The Plaintiff objects to this exhibit under Rules 801-803 of the Federal Rules of Evidence to the extent the Defendant is using this document to get into hearsay statements made by its employees and/or the Defendant that were submitted to the EEOC. In this Rebuttal, the Plaintiff references or summarizes arguments raised by the Defendant to the EEOC so that she can then provide her response. |
| 23 | Letter from Plaintiff dated October 4, 2017, to Alabama Department of Labor asserting she was wrongfully terminated and was not offered other employment by Dynamic (Exhibit 29 to Plaintiff's Deposition) | The Defendant has identified this document as a letter from the Plaintiff to the Alabama Department of Labor, but Exhibit 29 to the Plaintiff's deposition is a notice from the Alabama Department of Labor to the Plaintiff that her application for unemployment benefits were denied. The Plaintiff objects to the use of Exhibit 29 to her deposition as an exhibit at trial under Federal Rules of Evidence 401, 402, 403. The issue(s) of whether she experienced unlawful discrimination were not part of the Alabama Department of Labor's determination, the Rules of Evidence did not attach to the Alabama Department of Labor's hearing, and unemployment benefits are not relevant to calculating backpay losses. This document serves no probative value in resolving in factual disputes |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
6

| | | |
|---|---|---|
| | | which will be submitted to the jury. It risks confusion and undue prejudice to the Plaintiff. |
| 24 | Letter of Intent | Plaintiff objects to this document under Rule 901 of the Federal Rules of Evidence in that it cannot be authenticated by any witness that will be called to testify at trial. Plaintiff further objects to this document. Plaintiff |
| 25 | Invoice for Security Services | No Objection |
| 26 | HEA Organizational Chart | No Objection |
| 27 | August 1, 2017, email from Cassandra Williams to Gloria Robinson and Ray Curenton | No Objection |
| 28 | Security Officer's Handbook | No Objection |
| 29 | HEA Appearance Standards for Security Contractors (PX 63 to Williams' Depo.) | No Objection |
| 30 | Internal Email dated March 20, 2019, establishing Dynamic's receipt of Notice of Right to Sue on or before March 20, 2019 (PX 32 to Riddle Depo.) | Plaintiff objects to this exhibit under Rules 401-403 and 801-803 as being irrelevant, confusing, unduly prejudicial, and hearsay. This document, which consists of out-of-court statements by this Defendant offered for the proof of the matter asserted, does not prove when or if the Plaintiff received the Notice of Right to Sue. |
| 31 | Envelope from EEOC to Dynamic Security that contained Dynamic's copy of Right to Sue, postmarked February 28 2019 (PX 54 to Riddle Depo.) | Plaintiff objects to this exhibit under Rules 401-403 as being irrelevant and unduly prejudicial. This document does not prove when or if the Plaintiff received the Notice of Right to Sue. |
| 32 | Exhibits to Deposition of Ray Cureton - Part 1 of 2 | Plaintiff objects to this "catchall" of exhibits as containing hearsay, irrelevant and unduly prejudicial information, incomplete information, and documents which cannot be authenticated. Plaintiff objects to this exhibit under Rules |

**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
7

| | | 106, 401-403, 801-803, and 901 of the Federal Rules of Evidence. |
|---|---|---|
| 33 | Exhibits to Deposition of Ray Cureton – Part 2 of 2 | Plaintiff objects to this "catchall" of exhibits as containing hearsay, irrelevant and unduly prejudicial information, incomplete information, and documents which cannot be authenticated. Plaintiff objects to this exhibit under Rules 106, 401-403, 801-803, and 901 of the Federal Rules of Evidence. |
| 34 | Exhibits to Deposition of Kristal Riddle | Plaintiff objects to this "catchall" of exhibits as containing hearsay, irrelevant and unduly prejudicial information, incomplete information, and documents which cannot be authenticated. Plaintiff objects to this exhibit under Rules 106, 401-403, 801-803, and 901 of the Federal Rules of Evidence. |
| 35 | Exhibits to Deposition of Sherry Spires | Plaintiff objects to this "catchall" of exhibits as containing hearsay, irrelevant and unduly prejudicial information, incomplete information, and documents which cannot be authenticated. Plaintiff objects to this exhibit under Rules 106, 401-403, 801-803, and 901 of the Federal Rules of Evidence. |
| 36 | Exhibits to Deposition of Ray Cureton – Part 2 of 2 | Plaintiff objects to this "catchall" of exhibits as containing hearsay, irrelevant and unduly prejudicial information, incomplete information, and documents which cannot be authenticated. Plaintiff objects to this exhibit under Rules 106, 401-403, 801-803, and 901 of the Federal Rules of Evidence. |
| 37 | July 31, 2017, email from Ray Curenton to Gloria Robinson | No Objection |
| 38 | July 31, 2017, email from Gloria Robinson to Ray Curenton | No Objection |
| 39 | Gloria Robinson statement regarding removal | Plaintiff objects to this exhibit, if offered by this Defendant, under Federal Rules of Evidence 801-803 as being and containing hearsay. |
| 40 | Assignment Refusal Forms | Plaintiff objects to this exhibit, if offered by this Defendant, under Federal Rules of Evidence 401-403 and 801-803 as being irrelevant, unduly prejudicial, and containing hearsay. |
| 41 | Plaintiff's Application for Employment | No Objection |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama
Civil Action: 2:19-cv-00767-ECM-SMD**
8

| 42 | Latunya Howell Statement | No Objection |
|---|---|---|
| 43 | Ray Curenton Statement | Plaintiff objects to this exhibit, if offered by this Defendant ,under Federal Rules of Evidence 801-803 as containing and constituting hearsay. |
| 44 | Nicole Scavella Statement | Plaintiff objects to this exhibit, if offered by this Defendant ,under Federal Rules of Evidence 801-803 as containing and constituting hearsay. |
| 45 | HMMA Mailroom Job Description | No Objection |
| 46 | Picture of Plaintiff | No Objection |
| 47 | Emails between J. Baxter and Cassandra Williams and Gloria Robinson | No Objection |
| 48 | Plaintiff's Response to Dynamic's Interrogatories | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat interrogatory answers as they would treat a deposition transcript at trial because both are sworn testimony covering a variety of topics, including information which may not be relevant or admissible, and sending the testimony in its full form back to the jury can add emphasis to some testimony over others and results in inadmissible evidence potentially be considered in deliberations. Instead, the interrogatories can be used to impeach or refresh a witness's memory by showing the witness the relevant interrogatory response and reading it into evidence.<br>*Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5 (M.D. Fla. Nov. 12, 2019)(" The Court does not admit into evidence the written answers to interrogatories and corresponding exhibits, but the parties may read them into evidence at trial to the extent relevant."). |
| 49 | Plaintiff's Response to Dynamic's Request for Production | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided. |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
9

| | | Courts should treat discovery responses as they would treat a deposition transcript at trial, and rather than entering the entire document into evidence, permit the document to be used to impeach or refresh a witness's memory by showing the witness the relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5-6 (M.D. Fla. Nov. 12, 2019)(sustaining objections to written discovery responses being used as trial exhibits but permitting relevant portions to be read at trial to the extent relevant). |
|---|---|---|
| 50 | Plaintiff's Response to Dynamic's Request for Admissions | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat discovery responses as they would treat a deposition transcript at trial, and rather than entering the entire document into evidence, permit the document to be used to impeach or refresh a witness's memory by showing the witness the relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5-6 (M.D. Fla. Nov. 12, 2019)(sustaining objections to written discovery responses being used as trial exhibits but permitting relevant portions to be read at trial to the extent relevant). |
| 51 | Key Description of Incident | No Objection |
| 52 | Key's 2017-2022 Tax Forms | No Objection |
| 53 | Key's 2021 W2 | No Objection |
| 54 | Key's job search emails | No Objection |
| 55 | Email from Gloria Robinson to Key | No Objection |
| 56 | Email from Gloria Robinson to Sherry Spires and Ray Curenton dated August 2, 2017 | No Objection |
| 57 | Emails between Gloria Robinson and Ray Curenton | No Objection |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
10

| 58 | August 2, 2017, email from Gloria Robinson to Ray Curenton and Sherry Spires | No Objection |
| 59 | Key response to Department of Labor | To the extent the Defendant would offer this exhibit to get into evidence the statements made by Nicole Scavella and Ray Cureton (to which the Plaintiff is responding), the Plaintiff objects to the Defendant's use of this document under Rules 801-803 of the Federal Rules of Evidence as containing hearsay. |
| 60 | Contract for Services between HEA and HMMA | Plaintiff objects to this request under Rule 901 of the Federal Rules of Evidence. |
| 61 | July 27, 2016, letter of extension of Contract | Plaintiff objects to this request under Rule 901 of the Federal Rules of Evidence. |
| 62 | Key W-2 from Kelly Services | No Objection |
| 63 | Determination of ADOL Hearing Officer | Plaintiff objects to this exhibit under Rules 401-403 of the Federal Rules of Evidence. The determination of the ALDOL Hearing Officer is not binding on the jury and did not focus on the issue of whether the Defendant's decision was tainted by discrimination or retaliation. Unemployment benefits are not part of any backpay compensation analysis. Further Federal Rules of Evidence do not attach to unemployment hearings |
| 64 | PowerPoint – sexual harassment in the workplace | Plaintiff objects to this exhibit under Rules 401-403 and 801-803 as being irrelevant, confusing, unduly prejudicial, and hearsay. Plaintiff further objects to this document under Rule 901. |
| 65 | PowerPoint - EEOC – what does it mean to me | Plaintiff objects to this exhibit under Rules 401-403 and 801-803 as being irrelevant, confusing, unduly prejudicial, and hearsay. Plaintiff further objects to this document under Rule 901. |
| 66 | Dynamic – Policies and Procedures AA & EEOC 2-1500A - Revision #1 March 2013- Revised: June 2020 | Plaintiff objects to this exhibit under Rules 401-403. The document shows a purported policy as it existed from 2020 forward. |
| 67 | Dynamic - Policies and Procedures – Harassment in | No Objection |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama
Civil Action: 2:19-cv-00767-ECM-SMD
11**

| | | |
|---|---|---|
| | the Workplace 2-1600 – Revision #2 - Revised- August 2012 | |
| 68 | Dynamic – Policies and Procedures Affirmative Action & EEOC 2-1500 – Revision #3 Revised – March 2013 | No Objection |
| 69 | Dynamic Policies and Procedures – Harassment in the Workplace 2-1600 – Revision #4 - Revised June, 2020 | Plaintiff objects to this exhibit under Rules 401-403. The document shows a purported policy as it existed from 2020 forward. |
| 70 | Dynamic – Policies and Procedures AA & EEOC PROGRAM 2-1500A Revision # March 2013 | No Objection |
| 71 | Dynamic Security, Inc. job description | No Objection |
| 72 | Email dated 8/2/2017 re: personnel briefing posted in roll call room | No Objection |
| 73 | Email dated 8/10/2017 re: offer of available job sites to Plaintiff | No Objection |
| 74 | Key Resume | No Objection |
| 75 | Emails between Key and EEOC | No Objection |
| 76 | Correspondence received from EEOC | No Objection |
| 77 | November 29, 2019, email to EEOC | No Objection |
| 78 | Emails to and from EEOC and Key | No Objection |
| 79 | February 25, 2019, email from EEOC | No Objection |
| 80 | June 12, 2019, email to EEOC | No Objection |

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
Civil Action: 2:19-cv-00767-ECM-SMD
12

| | | |
|---|---|---|
| 81 | July 1, 2019, email to EEOC | No Objection |
| 82 | September 30, 2019, email to EEOC | No Objection |
| 83 | March 22, 2018, email to EEOC | No Objection |
| 84 | August 21, 2018, email to EEOC | No Objection |
| 85 | Emails between Key and EEOC re Hyundai | No Objection |
| 86 | Emails between Key and EEOC dated July 1 and July 2, 2019, regarding Charge 420-2019-00128 | No Objection |
| 87 | Picture of Key's Hair | No Objection |
| 88 | Transcript of unemployment compensation hearing | The Plaintiff objects to this transcript being admitted as an exhibit under Rules 801-802 as being and containing hearsay. The Plaintiff objects to this exhibit under Rules 401-403 because it contains information that is not relevant to issues to be determined by the jury and risks creating confusing and undue prejudice. However, Plaintiff does not object to the testimony from the transcript being used to impeach a witness and/or refresh a witness's memory. |
| 89 | Signed Acknowledgement of Dynamic's Performance Standards dated 07-21-2017 | No Objection |
| 90 | Email from Sherry Spires to Ray Curenton dated August 9, 2017 | No Objection |
| 91 | Email from Ray Curenton to Sherry Spires dated August 9, 2017 | No Objection |
| 92 | Email from Ray Curenton to Sherry Spires dated August 8, 2017 | No Objection |

**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama
Civil Action: 2:19-cv-00767-ECM-SMD
13**

| | | |
|---|---|---|
| 93 | August 1, 2017, email from Sherry Spires to Gloria Robinson to Ray Curenton | No Objection |
| 94 | July 31, 2017, email from Gloria Robinson with excerpt of policy | No Objection |
| 95 | July 31, 2017, email from Tracy Peoples | No Objection |
| 96 | August 1, 2017, email from Ray Curenton to Sherry Spires | No Objection |
| 97 | August 29, 2017, email from Ray Curenton to Sherry Spires | No Objection |
| 98 | August 1, 2017, email from Ray Curenton to Sherry Spires | No Objection |
| 99 | August 1, 2017, email from Sherry Spires to Ray Curenton and Gloria Robinson | No Objection |
| 100 | Ray Curenton email to Sherry Spires dated August 30, 2017 | No Objection |
| 101 | Any exhibits identified by any other party | The Plaintiff objects to this catch-all by adopting her objections raised to the other parties' exhibit lists. |
| 102 | Any exhibits needed for rebuttal or impeachment | Without knowing the specific exhibit, the Plaintiff cannot formulate an objection. |

RESPECTFULLY SUBMITTED BY
THE ATTORNEYS FOR PLAINTIFF:
*/s Heather Newsom Leonard*
Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111

---

**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
14

Birmingham, AL 35243
(205) 977-5421- voice
(205) 278-1400 - facsimile
Email:
Heather@HeatherLeonardPC.com

 /s/ Leslie A. Palmer
Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

_____
**Plaintiff's Objections to Dynamic's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama
Civil Action: 2:19-cv-00767-ECM-SMD**
15

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system on February 9, 2023:

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, PC
P.O. Box 11945
Birmingham, AL 35202-1945
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
Phone (205) 326-3002
Counsel for Hyundai Motor Manufacturing Alabama, LLC

Wesley C. Redmond
Susan W. Bullock
Ford Harrison, LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

T. Matthew Miller
Cortlin L. Bond
Sarahanne Young Vaughan
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
mmiller@bradley.com
cbond@bradley.com
Counsel for Hyundai ENG America, Inc.

/s Heather Newsom Leonard
OF COUNSEL

Plaintiff's Objections to Dynamic's Exhibit List
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
United States District Court for the Middle District of Alabama
Civil Action: 2:19-cv-00767-ECM-SMD
16