IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER: |
| ) | |
| HONDA MANUFACTURING ) | 2:19-cv-767-ECM-SMD |
| ALABAMA, LLC, HYUNDAI ) | |
| ENGINEERING AMERICA, INC., AND ) | |
| DYNAMIC SECURITY, INC., ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S OBJECTIONS
TO DEFENDANT HYUNDAI ENG AMERICA, INC.'S
AMENDED EXHIBIT LIST (Doc. 121)

COMES NOW Plaintiff Davita Key and files the following objections to the *Hyundai Eng America, Inc.'s Trial Exhibit List* (Doc. 87):

| Exhibit # | Name of Exhibit | Plaintiff's Objection(s) |
|---|---|---|
| HEA 001 | Appearance Standards for Security Personnel (HEA 001-0003) | No objection |
| HEA 002 | Hyundai Eng America, Inc. – Appearance Standards for Security Contractors (HEA0163-0166) | No objection |
| HEA 003 | HEA Employee Handbook (HEA0004-0048) | No Objection |

_____
**Plaintiff's Objections to HEA's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
1

| HEA 004 | Photos of Davita Key's Hair (Key000271-276 and HEA 0193) | No Objection |
|---|---|---|
| HEA 005 | Davita Key Dynamic Security Paycheck 8/22/2017 (Key00001) | No Objection |
| HEA 006 | Davita Key Resume (Key000034-36) | No Objection |
| HEA 007 | Davita Key Kelly Services Pay Records (Key000114-000127) | No Objection |
| HEA 008 | Davita Key Pike Road School Pay records (Key00128) | No Objection |
| HEA 009 | December 6, 2021, Plaintiff's Response to Defendant HMMA's Interrogatories | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat interrogatory answers as they would treat a deposition transcript at trial because both are sworn testimony covering a variety of topics, including information which may not be relevant or admissible, and sending the testimony in its full form back to the jury can add emphasis to some testimony over others and results in inadmissible evidence potentially be considered in deliberations. Instead, the interrogatories can be used to impeach or refresh a witness's memory by showing the witness the relevant interrogatory response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5 (M.D. Fla. Nov. 12, 2019)(" The Court does not admit into evidence the written answers to interrogatories and corresponding exhibits, but the parties may read them into evidence at trial to the extent relevant."). |

**Plaintiff's Objections to HEA's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
2

| | | |
|---|---|---|
| HEA 010 | January 14, 2022 Plaintiff's Supplemental Response to Defendant HMMA's Interrogatories | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat interrogatory answers as they would treat a deposition transcript at trial because both are sworn testimony covering a variety of topics, including information which may not be relevant or admissible, and sending the testimony in its full form back to the jury can add emphasis to some testimony over others and results in inadmissible evidence potentially be considered in deliberations. Instead, the interrogatories can be used to impeach or refresh a witness's memory by showing the witness the relevant interrogatory response and reading it into evidence.<br>*Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5 (M.D. Fla. Nov. 12, 2019)(" The Court does not admit into evidence the written answers to interrogatories and corresponding exhibits, but the parties may read them into evidence at trial to the extent relevant."). |
| HEA 011 | January 28, 2022, Plaintiff's Supplemental Response to Defendant HMMA's Interrogatories | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat interrogatory answers as they would treat a deposition transcript at trial because both are sworn testimony covering a variety of topics, including |

_____
**Plaintiff's Objections to HEA's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
3

| | | |
|---|---|---|
| | | information which may not be relevant or admissible, and sending the testimony in its full form back to the jury can add emphasis to some testimony over others and results in inadmissible evidence potentially be considered in deliberations. Instead, the interrogatories can be used to impeach or refresh a witness's memory by showing the witness the relevant interrogatory response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5 (M.D. Fla. Nov. 12, 2019)(" The Court does not admit into evidence the written answers to interrogatories and corresponding exhibits, but the parties may read them into evidence at trial to the extent relevant."). |
| HEA 012 | Plaintiff's Response to Defendant Dynamic Security Inc.'s First Request for Admissions | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, does not relate to a dispute fact, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat responses to requests for admission as they would treat a deposition transcript trial. Instead of entering the entire document into evidence, the specific admission can be used to impeach or refresh a witness's memory by showing the witness the relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5-6 (M.D. Fla. Nov. 12, 2019)(" The Court does not admit into evidence written responses to request for admissions and corresponding exhibits, but the parties may read them into evidence at trial to the extent relevant."). |

_____
**Plaintiff's Objections to HEA's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
4

| HEA 013 | Plaintiff's Response to Defendant Dynamic Security Inc.'s First Interrogatories | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat interrogatory answers as they would treat a deposition transcript at trial because both are sworn testimony covering a variety of topics, including information which may not be relevant or admissible, and sending the testimony in its full form back to the jury can add emphasis to some testimony over others and results in inadmissible evidence potentially be considered in deliberations. Instead, the interrogatories can be used to impeach or refresh a witness's memory by showing the witness the relevant interrogatory response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5 (M.D. Fla. Nov. 12, 2019)(" The Court does not admit into evidence the written answers to interrogatories and corresponding exhibits, but the parties may read them into evidence at trial to the extent relevant."). |
| HEA 014 | Plaintiff's Discovery Responses to HEA | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat discovery responses as they would treat a deposition transcript at trial, and rather than entering the entire document into evidence, permit the |

_____
**Plaintiff's Objections to HEA's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
5

| | | |
|---|---|---|
| | | document to be used to impeach or refresh a witness's memory by showing the witness the relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5-6 (M.D. Fla. Nov. 12, 2019)(sustaining objections to written discovery responses being used as trial exhibits but permitting relevant portions to be read at trial to the extent relevant). |
| HEA 015 | June 20, 2022 Deposition of Davita Key | Plaintiff objects to the use of this deposition transcript at trial unless its use complies with Federal Rule of Civil Procedure 32(a) and this Court's orders.<br><br>Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony and evidence presented at trial. |
| HEA 016 | Declaration of Gloria Robinson (Doc. 68-5) | Plaintiff objects to this document under Rules 801, 802, and 803 of the Federal Rules of Evidence as containing and constituting inadmissible hearsay. Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony and evidence presented at trial. Further the Plaintiff objects to the presentation of a witness through a declaration or affidavit because it deprives the Plaintiff of the ability to cross examine the witness and/or confront this witness who would be providing testimony that is likely adverse to her. |
| HEA 017 | Key Handwritten Complaint (Dynamic-Key 32) | No objection |

_____
**Plaintiff's Objections to HEA's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
6

RESPECTFULLY SUBMITTED BY
THE ATTORNEYS FOR PLAINTIFF:
*/s Heather Newsom Leonard*
Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421- voice
(205) 278-1400 - facsimile
Email:
Heather@HeatherLeonardPC.com

 /s/ Leslie A. Palmer
Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

**Plaintiff's Objections to HEA's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama
Civil Action: 2:19-cv-00767-ECM-SMD**
7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system on February 9, 2023:

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, PC
P.O. Box 11945
Birmingham, AL 35202-1945
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
Phone (205) 326-3002
Counsel for Hyundai Motor Manufacturing Alabama, LLC

Wesley C. Redmond
Susan W. Bullock
Ford Harrison, LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

T. Matthew Miller
Cortlin L. Bond
Sarahanne Young Vaughan
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
mmiller@bradley.com
cbond@bradley.com
Counsel for Hyundai ENG America, Inc.

/s Heather Newsom Leonard
OF COUNSEL

**Plaintiff's Objections to HEA's Exhibit List**
*Key v Hyundai Motor Manufacturing Alabama, LLC, et al*
**United States District Court for the Middle District of Alabama**
**Civil Action: 2:19-cv-00767-ECM-SMD**
8