IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA KEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HYUNDAI MOTOR ) <br> MANUFACTURING, ALABAMA, ) <br> LLC; HYUNDAI ENG AMERICA, ) <br> INC. and DYNAMIC SECURITY, ) <br> INC., ) <br> ) <br> Defendants. ) | Civil Action No.: <br> 2:19-cv-00767-ECM |

## HYUNDAI ENG AMERICA, INC.'S
## OBJECTIONS TO DEPOSITION DESIGNATIONS

Plaintiff Davita Key, Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), and Defendant Dynamic Security, Inc. ("Dynamic") filed deposition excerpts from the deposition transcripts of Davita Key (Plaintiff), Cassandra Williams (Hyundai Eng America, Inc. 30(b)(6)), Ray Cureton (Former Operations Manager at Dynamic), Kristal Riddle (Dynamic 30(b)(6)), Sherry Spiers (Dynamic 30(b)(6)), and Robert Burns (HMMA 30(b)(6)), which the filing parties seek to read at trial. Defendants also filed counter-designations. Pursuant to this Court's Scheduling Order, Defendant Hyundai Eng America, Inc. ("HEA") objects to certain of the designated excerpts for the reasons set forth below. The chart attached as Exhibit A, contains HEA's objections, by page and line, to each of the designated depositions. The deposition excerpts referenced in the chart are attached as Exhibit B.

1

1. **Deposition Testimony from Witnesses Available At Trial Should be Excluded.**

As an initial matter, the designated excerpts from the depositions of Davita Key, Cassandra Williams, Ray Cureton, Kristal Riddle, Sherry Spiers, and Robert Burns, who are identified in at least one of the four Trial Witness Lists of the parties and are presumably available to testify live at trial if needed, are not necessary. With the exception of Dynamic's Corporate Representatives, Spiers and Riddle, all other deponents reside or work in or around the Montgomery, Alabama area and are, therefore, within the subpoena power of this Court. As such, each witness should be available at trial. As for Riddle and Spiers, Dynamic will presumably have a corporate representative to testify at trial to support their defense. As such, the testimony from these witnesses can be provide live and reading the deposition transcripts would result in duplication of testimony, would waste time, and would potentially confuse the jury. There is no need for any party to read the designated excerpts to the jury unless such deposition is necessary for impeachment purposes. To the extent deposition testimony is allowed of the other witnesses, HEA objects to allowing other parties to both read the deposition testimony and to examine Ms. Williams, HEA's corporate representative and a fact witness, live at trial.

2. **Some of the Designated Excerpts Fail to Satisfy Any of the Fed.R.Civ.P. 32(a) Requirements for Use at Trial.**

HEA also objects to certain designated excerpts from the proffered deposition testimony, as specified below and detailed in the chart attached as Exhibit A, because it

does not meet the requirements for the use of depositions at trial. FEDERAL RULE OF EVIDENCE 32(a), which governs the use of depositions at trial, provides as follows:

> (a) USING DEPOSITIONS.
>
> (1)   *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
>> (A)   the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>
>> (B)   it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>
>> (C)   the use is allowed by Rule 32(a)(2) through (8)….

HEA's objections are based on Rule 32(a)(1)(B) and (C).

### a.   Deposition Testimony that is Not Relevant to the Claims Should Be Excluded pursuant to Fed. R. Evid. 401.

A portion of the designated excerpts from various testimony is not relevant to the claims in this case. The primary example of this is testimony that relates to HEA's actions regarding Ms. Key's Title VII claims, including the Pregnancy Discrimination Act and retaliation claims ("Title VII claims"), and the EEOC administrative process underlying such claims. The excerpts are not relevant because the Title VII claims against HEA were dismissed by this Court. *See* Doc. 38. Rule 32(a) requires that designated excerpts be admissible under the FEDERAL RULES OF EVIDENCE. Relevant is evidence that "has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible under Federal Rule of Evidence 402 and should be excluded from trial. Because the Title VII claims as to HEA have been dismissed, testimony related to HEA's actions,

to Key's pregnancy, or to any EEOC-related testimony is not relevant to the claims against HEA.

Even if the excerpts were relevant, the Court should exclude the designated testimony related to the Title VII claims and the EEOC administrative process underlying such claims because its probative value is substantially outweighed by undue prejudice and the testimony is likely to mislead the jury as to the claims at issue. Testimony related to the EEOC charges against HMMA and Dynamic is immaterial to the remaining claims against HEA. Additionally, because there are no pregnancy claims against HEA, action or inaction by HEA's employees related to her pregnancy is not material to any claim at issue against HEA. Allowing admission of such evidence would be prejudicial to HEA and is likely to confuse the jury as to the claims against HEA. As such, the designated testimony should be excluded. Alternatively, HEA respectfully requests a limiting instruction to the jury explaining that the Title VII claims, including the pregnancy claims, are not to be considered as against HEA.

      **b.    The following evidence is minimally relevant, if at all, and should be excluded under Federal Rule of Civil Procedure 403.**

Even if the evidence is relevant under Rule 402, Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* FED. R. EVID. 402 & 403.

### *i.    Deposition testimony that is unduly prejudicial should be excluded.*

Deposition excerpts that are unduly prejudicial should be excluded. More specifically, deposition testimony related to the EEOC's administrative process and testimony related to the outcome of the EEOC process against HMMA, including the cause finding, is unduly prejudicial and should be excluded. The EEOC's determination has no bearing on whether or not any defendant discriminated or retaliated against Ms. Key and testimony related to same is therefore not relevant and is unduly prejudicial as to all defendants. The EEOC's determination is minimally probative and unduly prejudicial as it lacks citations to evidence, did not have the benefit of facts developed through the adversarial discovery process, draws legal conclusions meant to be decided through the factfinding process by the jury, is not primary evidence of the underlying facts, and is likely to be given excess weight by a jury. *See, e.g., Wiggins v. City of Montgomery, Alabama*, No. 2:17-CV-425-KFP, 2020 WL 13015933, at *4 (M.D. Ala. Dec. 23, 2020) (excluding EEOC determination letter and notice of right to sue); *Matthews v. City of Dothan,* No. 1:04-CV-640-WKW, 2006 WL 3742237, at *11 (M.D. Ala. Dec. 18, 2006) (finding EEOC determination letter unreliable). Admission of the determination against HMMA would prejudice all defendants due to the overlapping facts at issue in this case. As such, deposition testimony related to the EEOC's administrative process and determination should be excluded.

### ii. *Deposition testimony that is confusing and would mislead the fact finder should be excluded.*

Deposition testimony that is unclear as to the entity or person who it references should be excluded under Federal Rule 403 as confusing and likely to mislead the jury. Defendants HMMA and HEA both have "Hyundai" in their legal names, however, HMMA and HEA are not related entities. Throughout the depositions Plaintiff's counsel and various witnesses referred to "Hyundai" without specifying which entity was being referenced. Defense counsel frequently objected to the form in an effort to clarify the term, however, despite counsel's best efforts, Plaintiff's counsel often did not clarify or rephase the question. As such, the unclear deposition testimony should be excluded to prevent confusion and misleading the jury.

Additionally, certain deposition testimony designated by the various parties assumes facts not in evidence and should be excluded as confusing or likely to mislead the jury pursuant to Rule 403.

Finally, incomplete deposition testimony that could cause confusion should be excluded. Specifically, Davita Key's deposition testimony designated at 159:11-160:12 refers to "she" without clarifying who "she" is. Without additional context from 158:9-15 the testimony is incomplete, unclear, and likely to cause confusion as to who the actor is within the testimony. As such, the deposition testimony should either be excluded or revised to include 158:9-15 to provide context and clarification.

      **c.**      **Many of the Designated Excerpts are Hearsay and Should Not Be Permitted at Trial.**

Deposition testimony that is hearsay under Federal Rule of Evidence 801(c) should be excluded. Exhibit A sets forth objections to deposition excerpts that are hearsay as they are out of court statements offered to "prove the truth of the matter asserted." Hearsay testimony is inadmissible under Federal Rule of Evidence 802. *See* Fed. R. Evid. 801, 802. Because no exception under the Federal Rules of Evidence apply, the deposition excerpts objected to as hearsay in Exhibit A should be excluded.

      **d.**      **Deposition testimony that calls for speculation should be excluded.**

Federal Rule of Evidence 602 requires a witness to have personal knowledge of the matters she testifies to. The designated testimony listed as "speculative" in Exhibit A should thus be excluded. For example, certain designated testimony involves one entity's representative testifying about another entity's agent, representative, or employee's actions, without personal knowledge of the basis or reason for such actions. Because the witness does not have knowledge of the matters she testifies to, speculative testimony should be excluded.

      **e.**      **Deposition testimony that is merely reading documents into the record or regurgitating what is in a document should be excluded pursuant to Federal Rule of Evidence 1002.**

Federal Rule of Evidence 1002 provides: "An original writing, recording, or photograph is required in order to prove its contents" unless otherwise allowed by the rules. Certain of the designated deposition excerpts are merely regurgitations of the contents of the document or call for opinion testimony as to the language of such text and should be

excluded because the original writings are available as evidence at trial and are the best evidence for examination. The fact finder will be able to review the documents to make a determination as to what the various text means. As such, deposition testimony listed as "Document Speaks for Itself/Best Evidence" should be excluded pursuant to Rule 1002.

      **f.    Deposition testimony that calls for a legal conclusion or improper opinion testimony should be excluded.**

Deposition testimony that calls for a legal conclusion or for inappropriate opinion testimony from lay witnesses should be excluded. A lay witness may only provide testimony limited to an opinion that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact at issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [expert testimony]." Fed. R. Evid. 701. For example, testimony related to whether an action or inaction is discrimination or retaliation is a legal conclusion as it relates to the "legal implications of conduct". *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citation omitted). Because "the court must be the jury's only source of law[,]" the testimony should be excluded. *Id.*

For all of the above reasons, the deposition excerpts listed in Exhibit A should be excluded at trial.

Respectfully submitted this 9th day of February 2023.

                                                                */s/ T. Matthew Miller*
                                                                T. Matthew Miller (ASB-2129-I66T)
                                                                *One of the Attorneys for Defendant*
                                                                *Hyundai ENG America, Inc.*

**OF COUNSEL**
Cortlin Bond (ASB-6096-X12M)
Sarahanne Vaughan (ASB-1515-Q08B)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
mmiller@bradley.com
cbond@bradley.com
svaughan@bradley.com
*Attorneys for Defendant*
*Hyundai ENG America, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Heather Leonard, P.C.
2105 Deveraux Circle, Ste 111
Birmingham, AL 35243
Heather@HeatherLeonardPC.com

Leslie Palmer
104 23rd Street South, Site 100
Birmingham, AL 35233
leslie@palmerlegalservices.com
*Attorneys for Plaintiff*

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL 35202
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
*Attorneys for Defendant*
*Hyundai Motor Manufacturing Alabama, LLC*

Wesley C. Redmond
Susan W. Bullock
Ford Harrison LLC
420 20th Street North, Ste 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
*Attorneys for Defendant Dynamic Security, Inc.*

            /s/ T. Matthew Miller
              OF COUNSEL