**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **DAVITA KEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | **2:19-cv-00767-ECM** |
| | ) | |
| **HYUNDAI MOTOR** | ) | |
| **MANUFACTURING, ALABAMA,** | ) | |
| **LLC; HYUNDAI ENG AMERICA,** | ) | |
| **INC. and DYNAMIC SECURITY,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**HYUNDAI ENG AMERICA, INC.'S
OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST**

Defendant Hyundai Eng America, Inc. ("HEA") objects to the following proposed exhibits contained on Plaintiff's Exhibit List (Doc. 102).

**1.      Objection applicable to the designated names of all proposed exhibits.**

HEA objects to the presentation to the jury of Plaintiff's designated exhibits using the names assigned to the documents by Plaintiff. The Plaintiff's assigned titles for the documents on her Exhibit List may confuse or mislead the jury and the best evidence of the contents of the documents, if admitted, are the documents themselves.

**2.      This Court should not permit, or should provide a limiting instruction to the jury as to, Plaintiff's proposed exhibits A31-32, A36-37, B11-20, B22, B24-26 and B32-33[1], because they Relate to Plaintiff's Title VII claims which have been dismissed as to HEA.**

---

[1] Plaintiff designates in Section A of her Exhibit List, those documents Plaintiff expects to offer at trial and in Section B of her Exhibit List, those documents Plaintiff may use at trial. Plaintiff numbers the proposed exhibits separately in Sections A and B sequentially beginning with the number 1. Defendant references the documents accordingly, e.g., A1 or B1.

Federal Rule of Evidence 402 provides that irrelevant evidence is not admissible. Even if evidence is relevant, Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A number of Plaintiff's listed exhibits relate to her Title VII claims, including the Pregnancy Discrimination Act claims ("Title VII claims"), and the EEOC administrative process underlying such claims. The Court granted HEA's Motion to Dismiss Plaintiff's Title VII claims and, as such, EEOC-related documents are not relevant under Federal Rule of Evidence 402 as to the remaining claims against HEA. Even if they were relevant, the Court should exclude them because under Rule 403, the probative value is substantially outweighed by the danger of confusing the issues and misleading the jury as to the claims in the case as against HEA. Allstate objects to Exhibits A31-32, A36-37, B11-20, B22, B24-26 and B32-33 for these reasons. Alternatively, HEA respectfully requests a limiting instruction to the jury explaining that the Title VII claims are not to be considered as against HEA.

Proposed Exhibits at Issue:

A. – Plaintiff's Expected Exhibits

31.   E-mail 8/11/17 Notice of EEOC Charge to Dynamic (Dynamic-Key 3224-3226)

32.   E-mail 8/11/17 Spires, Cureton, and others Concerning EEOC (Dynamic-Key 3227-3230)

36.   E-mail 11/13/18 regarding EEOC charges (HEA 173-176)

37.  E-mail 11/13/18 concerning EEOC charges (Dynamic-Key 3280-3282) and (Dynamic-Key 3227-3230)

B. – Plaintiff's "May Use" Exhibits

11.  HMMA EEOC Determination (F001-002)

12.  EEOC Notice of Failed Conciliation (F003-004)

13.  HMMA Notice of Right to Sue (F005)

14.  HMMA EEOC Charge and Intake Questionnaire (F007-016)

15.  EEOC Charge Dynamic Security (Dynamic-Key 046-047)

16.  Dynamic Security Notice of Right to Sue (Dynamic-Key 044)

17.  EEOC Letter to HMMA Finding Retaliation (F022)

18.  HMMA Position Statement (F027-48)

19.  Dynamic Security Position Statement (HEA 053-056)

20.  Various E-mails between Plaintiff and EEOC investigators concerning pending charge (Key 093-113)

22.  Prior EEOC Charges (HMMA 078-134)

24.  E-mails and Letter Regarding HMMA Charge and indemnification request to HEA (HMMA 236-245)

25.  E-mails Regarding Dynamic Charge (HMMA 246-249)

26.  E-mails Regarding Dynamic Charge (HMMA 250-251).

32.  E-mail Between Whitehead and Dynamic Concerning Cause Finding for HMMA (HEA 215-216)

33.  E-mail dated 5/8/19 regarding Williams Declaration (HEA 217-218)

**3.    Proposed Exhibits A13, B1, and B29 should be excluded as hearsay**

Plaintiff's proposed exhibits A13, B1, and B29 are hearsay and thus should be excluded under Federal Rule of Evidence 801.

Proposed Exhibits at Issue:

A13   Key statement to unemployment (S0093-00096).
      This document comprises an out of court statement regarding Plaintiff's assignment at the HMMA location and her employment with Dynamic. The document is an out of court statement which appears to be offered for the truth of the matters asserted.

B1    Various E-mails re job searches (Key 131-268).
      These documents comprise out of court statements purporting to establish that Plaintiff engaged in particular job searches. These out of court statements are hearsay and have not been authenticated.

B29   HMMA letter re extension of contract – unsigned (HMMA 543).
      This document is an unexecuted copy of a letter purporting to be from HMMA to HEA relating to a proposed extension of an expired contract between the parties. The letter is not authenticated, is hearsay and is not relevant to Plaintiff's claims in the case. This document is also listed as proposed Exhibit 61 by Dynamic Security, but should not be permitted for the same reasons as set out above.

**4.    Proposed Exhibits B31, B46 and B49 are not relevant**.

Plaintiff's proposed Exhibits B31, B46 and B49 are not relevant to the claims against HEA.

Proposed Exhibits at Issue:

B31   Email re appearance standard. (HEA 213-214).
      This document is an email from 2019 relating to appearance standards for employees of a third party not involved in this lawsuit. Plaintiff last worked at the HMMA location in 2017 and did not work for the third party identified in the email. Events occurring years after Plaintiff's assignment ended are not relevant to the claims in this case and would only serve to confuse the jury.

B46   Email re difficulty filling mailroom positions. (Dynamic-Key 145).
      This document is an email string relating to time off for mailroom security staff post-dating Plaintiff's assignment to the HMMA location. The document does not relate to Plaintiff and is not relevant to Plaintiff's claims in this case.

B49   Email 12/11/16 between Williams and Hargrove concerning pay increases (Dynamic-Key 289-293).

This document is an email string regarding potential pay raises by Dynamic Security for its security employees assigned to the HMMA location prior to Plaintiff's employment with Dynamic. This document is not relevant to Plaintiff's claims in this case as it predates her employment by Dynamic and assignment at the HMMA location.

**5.      Proposed Exhibit A23 is incomplete.**

Plaintiff's proposed exhibit A23 – "Key Removal from Hyundai – Discipline Report (Dynamic-Key 064)" references only one page of a multi-page document. The exhibit, as proposed, is incomplete and should not be admitted in this form.

**6.      HEA objects to Plaintiff's unprovided demonstratives**

In Section C of Plaintiff's Exhibit List, Plaintiff identifies four "demonstratives" (C. 1-4), that Plaintiff states she may use at trial. Plaintiff has not provided these demonstratives and thus HEA does not have any information upon which to evaluate them. HEA thus objects to the demonstratives.

Respectfully submitted this 9th day of February 2023.

/s/ T. Matthew Miller
T. Matthew Miller (ASB-2129-I66T)
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
mmiller@bradley.com
*One of the Attorneys for Defendant*
*Hyundai ENG America, Inc.*

**OF COUNSEL**
Cortlin Bond (ASB-6096-X12M)
Sarahanne Vaughan (ASB-1515-Q08B)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
cbond@bradley.com
svaughan@bradley.com
*Attorneys for Defendant*
*Hyundai ENG America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Heather Leonard, P.C.
2105 Deveraux Circle, Ste 111
Birmingham, AL 35243
Heather@HeatherLeonardPC.com

Leslie Palmer
104 23rd Street South, Ste 100
Birmingham, AL 35233
leslie@palmerlegalservices.com
*Attorneys for Plaintiff*

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL 35202
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
*Attorneys for Defendant*
*Hyundai Motor Manufacturing Alabama, LLC*

Wesley C. Redmond
Susan W. Bullock
Ford Harrison LLC
420 20th Street North, Ste 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
*Attorneys for Defendant*
*Dynamic Security, Inc.*

*/s/ T. Matthew Miller*
OF COUNSEL