IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:19-cv-767-ECM |
| | ) |
| HYUNDAI MOTOR MANUFACTURING, ALABAMA, LLC, *et al.*, | ) ) |
| | ) |
|    Defendants. | ) |

## **DEFENDANT DYNAMIC SECURITY, INC.'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST**

Defendant Dynamic Security, Inc.'s ("Dynamic") hereby submits Objections to Plaintiff's Exhibit List (doc. 102) in compliance with the Uniform Scheduling Order (doc. 51) entered November 19, 2021, as amended by the Court's Order entered March 28, 2022. (Doc. 57).

Dynamic reserves the right to supplement, modify or withdraw any of the objections made herein. In addition, Dynamic reserves the right to object to the limited admissibility of any exhibit and to interpose objections to any exhibit that may have previously been identified as exhibits by Plaintiff based on pretrial rulings and rulings during the course of the trial and to object to any exhibit not identified by witnesses at trial. Finally, Dynamic reserves the right to interpose a specific

objection at trial to any exhibit that was not previously identified by Plaintiff or was inaccurately described.

Defendant Dynamic incorporates herein all objections to Plaintiff's Exhibit List asserted by Defendants HMMA and HEA.

**Dynamic's Objections to Exhibits Plaintiff Expects to Offer at Trial[1]**

| Exhibit Number | Exhibit Description | Bates numbers | Objections to Exhibits |
|---|---|---|---|
| Exhibit 1 | Dynamic Security Paycheck | Key 001 | |
| Exhibit 2 | Photos of Plaintiff's Hairstyle | Key 271-276 | Relevancy - FRE[2] 401, 402<br><br>The Eleventh Circuit has held that dreadlocks are not an immutable characteristic associated with race but are a mutable hairstyle choice. *EEOC v. Catastrophic Management Solutions*, 852 F.2d 1018 (11th Cir. 2016). Therefore, pictures of Plaintiff's dreadlocks are not relevant to her race discrimination termination claim. |

---

[1] Defendant Dynamic incorporates herein all objections asserted by Defendants HMMA and HEA to Plaintiff's Exhibit List.
[2] Federal Rules of Evidence

|  |  |  | FRE 401, 402. Pictures would also serve to unfairly prejudice Dynamic, confuse the issues, and mislead the jury because dreadlocks, regardless of how styled, is not an immutable trait associated with race. FRE 403. |
|---|---|---|---|
| Exhibit 3 | HMMA Service Contract | HMMA 013-076 |  |
| Exhibit 4 | HMMA Mailroom Site Map | HMMA 077 |  |
| Exhibit 5 | Appearance Standards for Security Personnel | HEA 001-003 |  |
| Exhibit 6 | Appearance Standards for Security Contractors | HEA 163-166 |  |
| Exhibit 7 | HEA Organization Chart | HEA 167 |  |
| Exhibit 8 | HMMA Mailroom Duties and Responsibilities | HEA 194-195 |  |
| Exhibit 9 | Mailroom Employee Uniform Photo | HEA 205 |  |
| Exhibit 10 | Email Between Robinson and Key Re: Interview | Key 1049-1050 | Hearsay –FRE 801(c), 802 |
| Exhibit 11 | Email Between Robinson and Key Re: Interview Time | Key 251-253 | Hearsay –FRE 801(c), 802 |
| Exhibit 12 | Email from Robinson to Key Offering Position | Key 254-255 |  |

| Exhibit 13 | Key Statement to Unemployment | S0093-00096 | Hearsay – FRE 801(c), 802 as to S0093-0094 and S0095-0096<br><br>Relevancy - FRE 401, 402 |
|---|---|---|---|
| Exhibit 14 | Dynamic Unemployment Denial | S0049 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |
| Exhibit 15 | September/October 2017 Email between Gloria Robinson, Jazemen Baxter, and Cassandra Williams RE: styled hair | HEA 206-212 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |
| Exhibit 16 | E-mail 8/2/17 between Cureton, Robinson and others asking Key not to return to site for hair | Dynamic-Key 31 |  |
| Exhibit 17 | Key Handwritten Internal Complaint | Dynamic-Key 32 | Hearsay –FRE 801(c), 802<br><br>Prejudicial – FRE 403 |
| Exhibit 18 | Robinson Removal Memorandum | Dynamic-Key 33-35 | Hearsay –FRE 801(c), 802 |
| Exhibit 19 | Dynamic Statements RE: Key 8/14/17 | Dynamic-Key 36-37 |  |
| Exhibit 20 | E-mail 8/8/17 Between Cureton, Spires, and others with Key Internal | Dynamic-Key 054-055 | Hearsay - FRE 801(c), 802 |

|  | Complaint Dynamic-Key 054-55 |  |  |
|---|---|---|---|
| Exhibit 21 | E-mail 8/8/17 Between Cureton and HR with Statement Attached | Dynamic-Key 056-057 | To the extent Plaintiff attempts to incorporate statement from Ex. 22: Hearsay – FRE 801(c), 802<br><br>Prejudicial – FRE 403 |
| Exhibit 22 | Key 8/8/17 Statement to Dynamic Security HR | Dynamic-Key 058-063 | Hearsay – FRE 801(c), 802<br><br>Prejudicial – FRE 403 |
| Exhibit 23 | Key Removal from Hyundai – Discipline Report | Dynamic-Key 064 |  |
| Exhibit 24 | Latunya Howell Statement | Dynamic-Key 067 | Hearsay - FRE 801(c), 802 |
| Exhibit 25 | E-mail 8/7/17 Between Cureton, Spires, others Notifying of Threats to Sue | Dynamic-Key 069-070 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402<br><br>Probative value substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay. FRE 403. |
| Exhibit 26 | E-mail 8/1/17 between Cureton, Robinson, | Dynamic-Key | Hearsay - FRE |

| | Spires, and others Regarding Reason for Removal | 073-77 | 801(c), 802 |
|---|---|---|---|
| Exhibit 27 | E-mail 8/1/17 Cureton, Williams, and Others | HEA 168-172 | Hearsay – FRE 801(c), 802 |
| Exhibit 28 | E-mail between Robinson, Hargrove and others Concerning Pregnancy and Hair including Return to Work Note | Dynamic-Key 078-081 | Hearsay – FRE 801(c), 802 |
| Exhibit 29 | E-mail Dynamic Transmittal to HR with Complaint | Dynamic-Key 082-084 | Hearsay – FRE 801(c), 802<br><br>Probative value substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay. FRE 403. |
| Exhibit 30 | E-mail 7/31/17 Robinson to Hargrove and others Concerning Recourse for Not Reporting Pregnancy | Dynamic-Key 085-087 | Hearsay – FRE 801(c), 802 |
| Exhibit 31 | E-mail 8/11/17 Notice of EEOC Charge to Dynamic | Dynamic-Key 3224-3226 | |
| Exhibit 32 | E-mail 8/11/17 Spires, Cureton, and others Concerning EEOC Response | Dynamic-Key 3227-3230 | Hearsay -FRE 801(c), 802<br><br>Probative value substantially outweighed by danger of unfair prejudice, confusing the issues, misleading |

6

| | | | |
|---|---|---|---|
| | | | the jury, and/or undue delay. FRE 403. |
| Exhibit 33 | E-mail 8/11/17 Spires, Cureton, and others Concerning Work Verification of Key for Government Benefits | Dynamic-Key 3233-3239 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |
| Exhibit 34 | E-mail 8/22/17 Spires, Cureton and Others Concerning Unemployment | Dynamic-Key 3241-3245 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |
| Exhibit 35 | E-mail 8/29/17 Spires, Cureton and Others Concerning Unemployment Rebuttal | Dynamic-Key 3248-3251 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |
| Exhibit 36 | E-mail 11/13/18 Williams, Spires, and others Concerning Dynamic EEOC Charge and Notice of HMMA Charge | HEA 173-176 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |
| Exhibit 37 | E-mail 11/13/18 Williams, Spires, and others Concerning Dynamic EEOC Charge and Notice of HMMA Charge | Dynamic-Key 3280-3282 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |
| Exhibit 38 | Assignment Refusal Forms | Dynamic-Key 029-030 | |

## Dynamic's Objections to Exhibits the Plaintiff May Offer[3]

| Exhibit Number | Exhibit Description | Bates Numbers | Objections to Exhibits |
|---|---|---|---|
| Exhibit 1 | Various E-mails for Job Searches | Key 131-248 | Hearsay – FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |
| Exhibit 2 | HMMA Safety Manual | Key 277-331 | |
| Exhibit 3 | Dynamic Security Officer's Handbook | Dynamic-Key 1-27 | |
| Exhibit 4 | Hyundai Employee Handbook | HEA 4-48 | |
| Exhibit 5 | 2017 Tax Return | Key 386-390 | |
| Exhibit 6 | 2018 Tax Return | Key 391-394 | |
| Exhibit 7 | 2019 Tax Return | Key 395-401 | |
| Exhibit 8 | 2020 Tax Return | Key 402-406 | |
| Exhibit 9 | 2021 W-2 Kelly Services | Key 407 | |
| Exhibit 10 | 2021 W-2 Pike Road | Key 408 | |
| Exhibit 11 | HMMA EEOC Determination | | Hearsay - FRE 801(c), 802<br><br>Relevancy - FRE 401, 402, with regard to any determination implying complaints about dreadlocks are protected activity. *See EEOC v. Catastrophic Management Solutions*, 852 F.2d 1018 (11th Cir. 2016). |

---

[3] Defendant Dynamic incorporates herein all objections asserted by Defendants HMMA and HEA to Plaintiff's Exhibit List as to Exhibits Plaintiff may offer.

8

| Exhibit 12 | EEOC Notice of Failed Conciliation | F003-004 | |
|---|---|---|---|
| Exhibit 13 | HMMA Notice of Right to Sue | F005 | |
| Exhibit 14 | HMMA EEOC Charge and Intake Questionnaire | F007-016 | Hearsay - FRE 801(c), 802, with regard to the statements by Plaintiff in the body of the Intake Questionnaire and with regard to the two statements written by Plaintiff that she attached to the Intake Questionnaire<br><br>Prejudicial – FRE 403 |
| Exhibit 15 | EEOC Charge Dynamic Security | Dynamic-Key 046-047 | Hearsay - FRE 801(c), 802<br><br>Plaintiff's EEOC Charge against Dynamic contains inadmissible hearsay to the extent Plaintiff intends to use it or any statement by another person included therein (double hearsay) to prove the truth of the matter asserted. FRE 801(c), FRE 802.<br><br>Further, Dynamic's EEOC Charge is not relevant to Plaintiff's purported claim that Dynamic terminated her employment because the Charge did not allege that Dynamic terminated her employment or took any adverse employment action against her. Thus, the Charge can have "no tendency to make [it] more or less |

| | | | |
|---|---|---|---|
| | | | probable" that Dynamic terminated her employment "than it would be without the evidence" FRE 401(a) and (b). |
| | | | Even if relevant, the court should exclude with regard to Plaintiff's termination claim on grounds that its "probative value is substantially outweighed by a danger of . . . unfair prejudice," FRE 403, because Plaintiff's presentation to the jury of her Charge would imply that it is probative of Dynamic's reasons for terminating her employment when she does not have a termination claim against Dynamic, and the evidence shows Dynamic did not terminate her employment. Admission of the EEOC Charge against Dynamic would thus confuse the issues and mislead the jury as to its significance. FRE 403 |
| | | | Plaintiff's EEOC Charge against Dynamic should also be excluded on the additional ground that such evidence is irrelevant and immaterial because the trial is a de novo proceeding. FRE 401, 402 |
| | | | Prejudicial – FRE 403 |

| Exhibit 16 | Dynamic Security Notice of Right to Sue | Dynamic-Key 044 | |
|---|---|---|---|
| Exhibit 17 | EEOC Letter to HMMA Finding Retaliation | F02 | |
| Exhibit 18 | HMMA Position Statement | F027-48 | |
| Exhibit 19 | Dynamic Security Position Statement | HEA 053-056 | Dynamic's position statement contains inadmissible hearsay to the extent Plaintiff intends to use it or any statement by another person included therein (double hearsay) to prove the truth of the matter asserted. FRE 801(c), FRE 802.<br><br>Further, Dynamic's position statement is not relevant to Plaintiff's purported claim that Dynamic terminated her employment. Dynamic's position statement was written in response only to the allegations included in her Charge. Plaintiff's Charge did not allege that Dynamic terminated her employment; thus Dynamic's position statement was not prepared in response to any allegation that Dynamic terminated her employment, and it can have "no tendency to make [it] more or less probable" that Dynamic terminated her employment "than it would be without the evidence" FRE |

11

|  |  |  | 401(a) and (b). |
|---|---|---|---|
|  |  |  | Even if relevant, the court should exclude with regard to Plaintiff's termination claim on grounds that its "probative value is substantially outweighed by a danger of . . . unfair prejudice," FRE 403, again, because the position statement was not in response to Plaintiff's Charge against HMMA in which she alleged HMMA terminated her employment. Rather, it was prepared only in response to Plaintiff's Charge against Dynamic in which she did not allege Dynamic terminated her employment or engaged in any adverse employment action against her that would satisfy any prima facie case for any claim included in her Complaint, as amended. |
|  |  |  | Plaintiff's presentation to the jury of Dynamic's position statement would imply that Dynamic's response is probative of Dynamic's reasons for termination, when she does not have a termination claim against Dynamic, and the evidence shows Dynamic did not terminate her employment. Admission of Dynamic's position statement would thus confuse the issues and |

| | | | |
|---|---|---|---|
| | | | mislead the jury as to the significance of the position statement.  FRE 403 |
| | | | Dynamic's position statement to the EEOC should also be excluded on the additional ground that such evidence is irrelevant and immaterial since the trial is a de novo proceeding. FRE 401, 402. |
| | | | *See Davis v. Infinity Ins. Co., Inc*., Case No.: 2:15-cv-01111-JHE, 2021 WL 1208761 *19 (N.D. Ala. March 31, 2021) ("[T]he EEOC [position] statement is not evidence."); *Gage v. Metropolitan Water Reclamation District of Greater Chicago*, 365 F. Supp. 2d 919 (N.D. Ill. April 14, 2005) (granting the defendant's motion in limine to exclude evidence because "statements made to the EEOC do not carry significance independent of possible impeachment"). |
| Exhibit 20 | Various E-mails between Plaintiff and EEOC investigators concerning pending charge | Key 093-113 | Hearsay - FRE  801(c), 802 |
| Exhibit 21 | HMMA Handbook Excerpts / Team Member Conduct | HMMA 001-00 | |
| Exhibit 22 | Prior EEOC Charges | HMMA 078- | |

|  |  | 134 |  |
|---|---|---|---|
| Exhibit 23 | HMMA Contractor Safety Book | HMMA 135-235 |  |
| Exhibit 24 | E-mails and Letter Regarding HMMA Notice of Charge and HEA Indemnification Requirement | HMMA 236-245 | With regard to the EEOC Charge against Dynamic reasserts the same objection |
| Exhibit 25 | E-mails Regarding Dynamic Charge to HEA | HMMA 246-249 | Relevancy - FRE 401, 402<br><br>Hearsay - FRE 801(c), 802 |
| Exhibit 26 | E-mails Regarding Dynamic Charge Status to HEA | HMMA 250-251 | Relevancy - FRE 401, 402<br><br>Hearsay - FRE 801(c), 802 |
| Exhibit 27 | Security Detail Reports dated 7/19/17, 7/21/17, 7/24/17, 7/31/17, 8/1/17, 8/29/17 | HMMA 355-356, 360-362, 368-371, 393-398, 467-471 | Relevancy - FRE 401, 402<br><br>Hearsay - FRE 801(c), 802 |
| Exhibit 28 | HMMA Teammember Handbook | HMMA 511-54 |  |
| Exhibit 29 | HEA Letter Extending Service Contract | HMMA 543 |  |
| Exhibit 30 | Cassandra Williams Employment Agreement with HEA | HEA 196-20 |  |
| Exhibit 31 | E-mail between Williams and Yu RE: appearance standards and meeting with contractor | HEA 213-214 | Hearsay - FRE 801(c), 802 |
| Exhibit 32 | E-mail Between Whitehead and Dynamic Concerning Cause | HEA 215-216 | Hearsay - FRE 801(c), 802<br><br>Relevancy – FRE 401, 402 |

|            | Finding for HMMA                                                                    |                        |                                                                                                                                                          |
|------------|-------------------------------------------------------------------------------------|------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------|
| Exhibit 33 | E-mail dated 5/8/19 between Whitehead and Williams regarding Declaration            | HEA 217-218            |                                                                                                                                                          |
| Exhibit 34 | Security Invoices and Subcontractor Request for Payment 8/2/17                      | HEA 219-224            |                                                                                                                                                          |
| Exhibit 35 | HMMA Policy Regarding Appearance 2004                                               | HEA 247-251            |                                                                                                                                                          |
| Exhibit 36 | Unexecuted Contract for Services Between Dynamic and HEA                            | HEA 252-278            |                                                                                                                                                          |
| Exhibit 37 | Dynamic Security Harassment Powerpoint                                              | Dynamic-Key 093-111    |                                                                                                                                                          |
| Exhibit 38 | Dynamic Security EEOC Powerpoint                                                    | Dynamic-Key 112-139    |                                                                                                                                                          |
| Exhibit 39 | Dynamic Security Rules and Regulations                                              | Dynamic-Key 38-39      |                                                                                                                                                          |
| Exhibit 40 | Dynamic Security Discipline Guidelines                                              | Dynamic-Key 40         |                                                                                                                                                          |
| Exhibit 41 | Dynamic Security Harassment Policy                                                  | Dynamic-Key 4          | Relevancy, FRE 401, 402. Dynamic Security's Harassment Policy is not relevant to Plaintiff's claims, as she has no claim against Dynamic for harassment |
| Exhibit 42 | Key Acknowledgment of Handbook Receipt                                              | Dynamic-Key 41         |                                                                                                                                                          |

| Exhibit 43 | E-mail 8/1/1 Cureton to Dynamic Security Regarding Key Internal Complaint | Dynamic-Key 143-144 | Hearsay - FRE 801(c), 802<br><br>Relevancy - FRE 401, 402<br><br>Probative value substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay. FRE 403.<br><br>Prejudicial – FRE 403 |
|---|---|---|---|
| Exhibit 44 | E-mail 8/10/17 Between Cureton, Spires and others Regarding Key current complaint status and placements | Dynamic-Key 3220-3223 | Hearsay - FRE 801(c), 802<br><br>Relevancy - FRE 401, 402<br><br>Probative value substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay. FRE 403.<br><br>Prejudicial – FRE 403 |
| Exhibit 45 | E-mail 8/29/17 Cureton RE: Unemployment Rebuttal | Dynamic-Key 140-141 | Hearsay - FRE 801(c), 802<br><br>Relevancy - FRE 401, 402 |
| Exhibit 46 | E-mail Re: Difficulty Filling Mailroom Positions | Dynamic-Key 145 | Hearsay -FRE 801(c), 802<br><br>Relevancy - FRE 401, 402. Email communications in February 2017, which was six months prior to Plaintiff's application for a security position in the mailroom at HMMA, are not relevant to Plaintiff's claims that she was discriminated against in |

| | | | |
|---|---|---|---|
| | | | August 2017. |
| Exhibit 47 | Dynamic Security AA&EEOC Policies | Dynamic-Key 270-283 | |
| Exhibit 48 | Security Officer Job Description | Dynamic-Key 284 | |
| Exhibit 49 | E-mail 12/11/16 Between Williams and Hargrove Concerning Pay Raises | Dynamic-Key 289-293 | Hearsay - FRE 801(c), 802<br><br>Relevancy - FRE 401, 402<br><br>Emails in 2016 regarding pay raises are not relevant to Plaintiff's claims based on alleged events in July and August 2017. |
| Exhibit 50 | Gloria Robinson Resume | Dynamic-Key 428-431 | Hearsay -FRE 801(c), 802<br><br>Relevancy, FRE 401, 402 |
| Exhibit 51 | Gloria Robinson Employment Discipline or Complaints | Dynamic-Key 464-468 | Hearsay - FRE 801(c), 802<br><br>Relevancy - FRE 401, 402<br><br>Disciplinary actions against Robinson in February 2018 and the three statements by other Dynamic employees attached to the disciplinary document are inadmissible hearsay, and they are not relevant to whether Dynamic violated Plaintiff's rights under Title VII or 42 U.S.C. § 1981 in August 2017.<br><br>Prejudicial – FRE 403 |
| Exhibit 52 | Any document necessary for rebuttal and/or | | |

|  | impeachment |  |  |
|---|---|---|---|
| Exhibit 53 | Without conceding the admissibility of any exhibit identified on the Defendants' exhibit lists or waiving any objections, Plaintiff reserves the right to use any non-objectionable exhibit identified on the Defendants' exhibit lists. |  |  |

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on 9th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
P.O. Box 11945
Birmingham, AL  35202

*Counsel for Hyundai Motor Manufacturing Alabama, LLC*

T. Matthew Miller
Bradley
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203

*Counsel for Hyundai ENG America, Inc.*

                                            */s/Wesley C. Redmond*
                                            Wesley C. Redmond

WSACTIVELLP:13759843.1