IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-767-ECM |
| | ) | |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING, ALABAMA, | ) | |
| LLC; HYUNDAI ENG AMERICA, | ) | |
| INC.; and DYNAMIC SECURITY, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS TO DYNAMIC SECURITY INC.'S DEPOSITION DESIGNATIONS

COMES NOW the Plaintiff, Davita Key, and gives notice to this Court of her objections to Dynamic Security Inc.'s ("Dynamic Security") Deposition Designations. Plaintiff has attached a series of charts created in TranscriptPad for iPad as exhibits which set forth the specific designated testimony proposed by Dynamic Security. Specific objections will be made identifying the number on the far-left column of each Exhibit Sheet.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

## Designations for Deposition of Kristal Riddle, 30(b)(6) witness for

## Defendant, Dynamic Security (Attached as Exhibit "A")

1. Plaintiff objects to this designation. The designation cites only to blank pages and Plaintiff is unable to ascertain what content Dynamic Security intended to include.

2. No Objection.

3. No Objection.

4. Plaintiff objection to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial

5. Plaintiff objection to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

6. No Objection.

7. No Objection.

8. Plaintiff objection to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

privilege are reserved for trial. Plaintiff has no objection to the remaining contents of this designation.

9. Plaintiff objects to this designation as the testimony calls for speculation and hearsay. The deponent is testifying to out of court statements between herself and other employees. The testimony related to whether Plaintiff was communicative calls for speculation, relies on hearsay, is irrelevant, and is prejudicial and confusing to a jury under Rule 403

10. Plaintiff objects to this designation as the testimony, taken out of context is confusing and prejudicial under Rule 403. Which parties had employment control over the Plaintiff goes to the ultimate issues to be determined by the jury.

11. No Objection. Plaintiff requests this portion of the designation be "cleaned up" before being read to the jury to remove the discussion of exhibit handling of prior used exhibits.

12. Plaintiff objection to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

13. Plaintiff objection to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Plaintiff has no objection to the remainder of the content of this designation.

14. Plaintiff objects to this designation as the testimony, taken out of context is confusing and prejudicial under Rule 403.

15. Plaintiff objects to this testimony as the testimony, taken out of context is confusing and prejudicial under Rule 403. The issuance and/or existence of an EEOC dismissal has no relevancy to the issues before the jury.

16. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

17. Plaintiff objects to this designation as the testimony calls for speculation and relies on inadmissible hearsay. The inclusion of this testimony stands to confuse and prejudice the jury under Rule 403.

**Designations for Deposition of Sherry Spires, 30(b)(6) witness for Defendant, Dynamic Security (Attached as Exhibit "B")**

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

1. Plaintiff objects to this designation in part. 9:4-12:14 contains unnecessary information related to the identification of counsel, prior deposition testimony in unrelated matters, and deposition instructions. This testimony would be wasteful and could stand to confuse or prejudice the jury under Rule 403. Plaintiff has no objection to 12:15-12:23. Plaintiff objects to 13:1-14:20 as unnecessary background information related to documents brought by the deponent to the deposition and her preparedness to testify. Plaintiff does not object to 14:21-19:20 except that counsel objections should be excluded from being read into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Plaintiff objects to additional statements from the transcript in an effort to "clean-up" the testimony to prevent confusion of context to the jury and to exclude statements of counsel and the Court Reporter. The portions Plaintiff objects to specifically are 16:4-20; 16:23-17:10; 18:6; 18:19-20; 18:22-19:7. Plaintiff objects to 19:21-20:22 as eliciting speculative testimony and as creating prejudice and confusion to the jury under Rule 403 and relying on inadmissible hearsay.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 5 -

2. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

3. Plaintiff objects to this designation as taken out of context under Rule 106 Plaintiff proposes the complete context of the testimony included in 22:17-23:11.

4. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

5. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

6. No objection.

7. Plaintiff objects to this designation as relying on inadmissible hearsay and making conclusory statements to the ultimate issue likely to confuse or prejudice the jury under Rule 403.

8. Plaintiff objects to this request in the context that it cites to earlier testimony and my prejudice or confuse the jury under Rule 403. Plaitniff

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 6 -

objects to 35:1-5 as incomplete, the line of questioning continues in the full context under Rule 106 the designation should include 35:1-9.

9. Plaintiff does not object to 35:20-37:13 except to the extent that objections in the transcript are improper designations to read into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Accordingly, Plaintiff objects to 37:10. Plaintiff also objects to the designation of 37:14-38:01 as taken out of context and non-responsive. The designation is likely to lead to confusion and prejudice with the jury under rule 403.

10. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

11. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

12. No objection.

13. Plaintiff objects to this designation as relying on inadmissible hearsay.

14. Plaintiff objects to this designation as relying on inadmissible hearsay.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 7 -

15. Plaintiff objects to this designation as relying on inadmissible hearsay.

16. Plaintiff objects to this designation as relying on inadmissible hearsay.

17. No objection.

18. Plaintiff object to this designation as taken out of context likely to prejudice or confuse the jury under rule 403.

19. Plaintiff objects to this designation as relying on inadmissible hearsay and calling for speculation.

20. Plaintiff objects to this request as irrelevant and likely to lead to prejudice or confusion of the jury under rule 403.

21. Plaintiff objects to this request as relying on inadmissible hearsay.

## **Designations for Deposition of Ray Cureton (Attached as Exhibit "C")**

1. No objection.

2. Plaintiff objects to this designation as irrelevant and likely to prejudice the jury under Rule 403. The designation also contains inadmissible character evidence under 404(b).

3. No Objection.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 8 -

4. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

5. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

6. Plaintiff objects to this designation as lacking context. The designation includes only a portion of an answer with no question and is likely to confuse or mislead the jury and should be exclude under Rule 403.

7. Plaintiff has no objection except to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

8. Plaintiff objects to this designation to the extent it elicits testimony that is speculative or outside the scope of this deponent's personal knowledge. The testimony involves policies that were in place after his employment end and are not relevant to this litigation but would likely confuse or prejudice the jury under Rule 403.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 9 -

9.  Plaintiff objects to this designation in that it relies on inadmissible hearsay.

10. Plaintiff objects to this designation in that it relies on inadmissible hearsay and speculation. Additionally, Plaintiff objects to the extent the designation includes the reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

11. Plaintiff objects to this designation in that the testimony is taken out of context and likely to confuse or prejudice a jury under Rule 403. In the interest of completeness under Rule 106, the designation should include 51:20-53:03.

12. No objection except to the extent that the designation includes reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

13. Plaintiff objects to the extent that the designation includes the reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Plaintiff also

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 10 -

objects that the designation is taken out of context and under Rule 106 should continue through 68:03.

14. Plaintiff objects as the designation relies on inadmissible hearsay.

15. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Plaintiff further objects to this request as calling for speculation and containing answers that are non-responsive or evasive. The inclusion of this testimony would likely mislead or prejudice the jury.

16. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

17. Plaintiff objects to this designation in that it relies on inadmissible hearsay. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 11 -

18. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

19. No Objection to the extent this designation completes Plaintiff's designation of the immediately preceding material.

20. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Plaintiff also objects to the extent the testimony is taken out of context and should include the testimony through 96:3.

21. No objection to the extent this designation includes designation Number 20.

22. Plaintiff objects to the inclusion of 97:14-17 as creating a confusing or prejudicial context. Plaintiff objects to the extent the designation includes the reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Plaintiff objects to the inclusion of 99:4-100:9 in that it elicits speculative testimony that may confuse or mislead the jury under Rule 403.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 12 -

23. Plaintiff objects to this designation in that the answer is non-responsive or evasive and is likely to prejudice or mislead the jury.

24. Plaintiff objects to this designation in that the answer is non-responsive, narrative, and likely to lead to prejudice or confusion with the jury. Plaintiff additionally objects that the statement is taken out of context by ending the designation without including the testimony through 103:14.

25. Plaintiff objects to this designation as relying on inadmissible hearsay and speculation. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

26. Plaintiff objects to this designation because the previous designation is necessary to understand the context but relies on inadmissible hearsay and speculation.

27. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Plaintiff further objects to the designation as likely to prejudice or mislead the jury under Rule 403 and relying on inadmissible hearsay.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 13 -

28. No objection.

29. Plaintiff objects to this designation as it relies on inadmissible hearsay.

30. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

31. No objection.

32. No objection.

## Designations for Deposition of Cassandra Williams, 30(b)(6) witness for Defendant, HEA (Attached as Exhibit "D")

1. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

2. No objection.

3. No objection.

4. Objection calls for inadmissible hearsay. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 14 -

5.  Plaintiff objects to this designation as it lacks context and contains only a question with no answer.

6.  No objection.

7.  Plaintiff objects to this designation as the testimony is no relevant to the issues in the case and is likely to mislead or confuse the jury under Rule 403.

8.  Plaintiff objects to this designation in that it relies on inadmissible hearsay.

9.  No objection.

10. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

11. Plaintiff objects to this designation as it calls for inadmissible hearsay.

12. Plaintiff objects to this designation as it calls for inadmissible hearsay.

## **Designations for Deposition of Davita Key, Plaintiff (Attached as Exhibit "E")**

a.  There has been no showing that the Plaintiff is unavailable for trial; she will be at trial. At trial, the witnesses' testimony must be taken in open

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 15 -

court. *Fed. R. Civ. P. 43(a)*. The Rules prefer live, in-person testimony. *Id.* at advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."). Plaintiff's testimony should be presented live, in Court, and Plaintiff objects to it being presented via deposition where the jury may not have the benefit of the context of the question/testimony recorded in the deposition. Presenting the Plaintiff's deposition by deposition after she has already testified live will be cumulative, risk confusing the jury, and put undue emphasis on some testimony over other.

b. Plaintiff objects to this testimony being shown to the jury. In the Court's instructions to the jury, they will be told they will not receive the Court's transcript of the testimony they hear. By showing portions of prior testimony, it gives greater weight to that testimony since the jury is hearing the testimony and seeing a transcript compared to simply hearing the testimony of a witness.

c. The Plaintiff raises the following objects to Dynamic Security's designations of Key's testimony (attached as Exhibit "E").

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 16 -

1. Plaintiff objects to this designation as not being testimony and being irrelevant under Rule 401 of the Federal Rules of Evidence. This is the case style and introductory language from the Court Reporter.

2. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

3. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

4. Plaintiff objects to this section under Rule 403 of the Federal Rules of Evidence. The exchange, asking about the Plaintiff applying for the mailroom position at the HMMA facility, is vague, confusing, and unclear. The Plaintiff's live testimony will be able to provide a clearer context for the jury to understand. Subject to this and Plaintiff's objection set forth in 1(a) above, no objection.

5. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

6. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

7. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

8. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

9. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

10. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

11. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 17 -

12. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

13. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

14. The testimony in question is confusing and out of context because it makes reference to prior testimony which has not been designated. Further there is testimony where the Plaintiff is asked to read or testify to the contents of a document. That testimony, therefore  is objectionable as being cumulative and hearsay. It is objectionable under Rules 401-403 and  801-803. Subject to this and the Plaintiff's objection set forth in 1(a) above, no objection.

15. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

16. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

17. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

18. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

19. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

20. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

21. Subject to the Plaintiff's objection set forth in 1(a) above, and the stipulation that the line of questioning be completed at the end of this designation, no objection.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 18 -

22. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

23. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

24. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

25. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

26. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

27. Plaintiff objects to this designation as incomplete and out of context. The designation contains only a partial question with no response. The designation should be 117:14-117:25.

28. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

29. Plaintiff objects to this designation as being incomplete; it is solely testimony without a question.

30. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

31. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

32. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

33. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

34. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

35. Plaintiff objects to this designation as incomplete. The designation begins with an answer without a question.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 19 -

36. Plaintiff objects to this designation as taken out of context. The testimony out of context would lead to confusion and prejudice under Rule 403.

37. Plaintiff objects to this designation as incomplete and taken out of context. The designation will lead to confusion and prejudice under Rule 403.

38. Plaintiff objects to this designation as incomplete and taken out of context. The designation will lead to confusion and prejudice under Rule 403.

39. Plaintiff objects to this designation as incomplete the designation contains only part of a question with no response.

40. Plaintiff objects to this designation as incomplete the designation contains only part of the appliable testimony to this line of questioning and ends with a question without providing the answer.

41. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

42. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

43. Plaintiff objects to this designation as incomplete it ends with a partial answer.

44. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 20 -

45. Plaintiff objects to this designation as incomplete, it begins in the middle of a question and ends before the completion of the answer.

46. No objection.

47. Plaintiff objects to this designation as irrelevant and taken out of context. The testimony regards a broken cell phone and data that may be on that phone. Introduction of this testimony would prejudice and confuse the jury under Rule 403.

48. Plaintiff objects to this testimony in that it calls for a legal conclusion. Permitting this testimony would be prejudicial and stand to confuse the jury and should be prohibited under Rule 403.

49. Plaintiff objects to this designation as incomplete, it contains only a portion of a question with no answer.

50. Plaintiff objects to this designation as incomplete, it contains only a portion of an answer with no question.

51. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

52. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 21 -

53. Plaintiff objects to this designation as incomplete and taken out of context. The testimony discusses a series of events and failure to include the full series would lead to confusion for the jury.

54. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

55. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

56. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

57. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

58. Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

*/s/ Leslie A. Palmer.*
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 22 -

(205) 285-3050
leslie@palmerlegalservices.com

## **Certificate of Service**

I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 9th day of February, 2023.

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
PO Box 11945
Birmingham, AL 35202
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
Phone: (205) 326-3002
Counsel for Hyundai Motor Manufacturing Alabama, LLC

T. Matthew Miller
Cortlin Bond
Sarahanne Vaughan
Bradley, Arant, Boult Cummings, LLP
One Federal Place
1819 5th Avenue North

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 23 -

Birmingham, AL 35203
mmiller@bradley.com
cbond@bradley.com
svaughan@bradley.com
Phone: (205) 521-8000
Counsel for Hyundai ENG America, Inc.

/s/ Leslie A. Palmer
OF COUNSEL

Plaintiff's Objection to Dynamic Security Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 24 -