**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DAVITA M. KEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 2:19-CV-767-ECM** |
| | ) |
| **HYUNDAI MOTOR** | ) |
| **MANUFACTURING, ALABAMA, LLC;** | ) |
| **HYUNDAI ENG AMERICA, INC.; and** | ) |
| **DYNAMIC SECURITY, INC.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

---

### PLAINTIFF'S OBJECTIONS TO HYUNDAI MOTOR MANUFACTURING, ALABAMA, LLC'S DEPOSITION DESIGNATIONS

---

COMES NOW the Plaintiff, Davita Key, and gives notice to this Court of her objections to Hyundai Motor Manufacturing Alabama, LLC's ("HMMA") Deposition Designations. Plaintiff has attached a series of charts created in TranscriptPad for iPad as exhibits which set forth the specific designated testimony proposed by HMMA. Specific objections will be made identifying the number on the far-left column of each Exhibit Sheet.

**Designations for Deposition of Robert Burns, 30(b)(6) witness for Defendant, HMMA (Attached as Exhibit "A")**

    a.  Mr. Burns testified as HMMA's 30(b)(6) deponent as well as in his individual capacity There is an important distinction to be drawn from this because in most of the deposition he was speaking as the voice of HMMA and testifying as to HMMA's

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

knowledge, as opposed to his knowledge.  Under Rule 32(a)(3), an "adverse party" may use at trial the deposition of a party's designee under Rule 30(b)(6). But Mr. Burns is HMMA's own representative, and Rule 32(a)(3) does not allow a party to use its own designee in this manner. *See Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907-08 (5th Cir. 2010) ("Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition,  and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial. However, a corporate representative may not testify to matters outside his own personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions." (citation, quotation, and alteration omitted)); *see also* Fed. R. Civ. P. 32(a)(1)(B) (stating that a deposition may be used under this rule "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying"). Even if Mr. Burns is available to testify at trial, the Plaintiff should be able to present his 30(b)(6) testimony via deposition since that is the deposition of HMMA, not Mr. Burns.

b. The Plaintiff raises the following objects to HMMA's designations of Key's testimony (attached as Exhibit "A").

1. Plaintiff objects to this designation as not being testimony and being irrelevant under Rule 401 of the Federal Rules of Evidence. This is a statement by the court reporter.

2. No objection.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

3.      Plaintiff objects to this testimony as being irrelevant and confusing because it to not of consequence to an issue to be resolved by the jury. Plaintiff objects under Rules 401-403 of the Federal Rules of Evidence.

4.      Plaintiff objects to this testimony as being speculative and/or hearsay. When Burns was asked in his deposition if he had any knowledge as to whether there was any type of ownership relations between HEA and HMMA, he responded, "No, I don't' have any clear knowledge on that relationship." (Doc. 68-2, Burns Depo 17:6-11).

5.      No objection.

6.      The Plaintiff objects to this testimony under Rules 401-403 as being irrelevant, confusing, and/or unduly prejudicial. There is no evidence showing Defendant HMMA providing any training on avoiding discriminatory conduct to anyone involved in making decisions that affected the Plaintiff. Its training efforts that would have not affected the Plaintiff, therefore, are not of consequence and risk misleading or confusing the jury.

7.      No objection.

8.      No objection.

9.      Plaintiff objects to this designation as being incomplete; it does not include the question to which the initial testimony designated is responsive.

10.     Plaintiff objects to this designation because it is not testimony. It is the witness reading a portion of a document into the record at the instruction of his lawyer.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

The witness is not answering a question. The reading of the policy is both hearsay and cumulative of evidence (an exhibit/policy) which may or may not be admitted into evidence. Plaintiff therefore objects under Rules 401-403 and 801-803.

11.    No objection.

12.    The Plaintiff objects to this designation as incomplete. It begins with an answer, but does not include the question to which the answer is responsive. Subject to that objection, no objection.

13.    This testimony hinges on whether the exhibit about which the witness is testifying is admitted into evidence. If the chart in question is not in evidence at the time this testimony is presented, the Plaintiff objects to this testimony as hearsay. If the chart in question is in evidence, no objection. Because the Court will rule on any objections prior to trial, the Plaintiff objects to any of the objections contained in the designations being read to the jury.

14.    The Plaintiff objects to this designation under Rules 401-403. The witness is equating his lack of knowledge of a subject with a negative, but there is no foundation laid for this testimony that this is the type of knowledge he would have.

15.    No objection

16.    No objection.

17.    No objection.

18.    No objection

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

19.    The Plaintiff objects to this testimony as being speculative. He answers a question about grooming standards by stating what was "likely." He admits in the testimony that despite grooming standards being a topic for the 30(b)(6) deposition , he did not looking into what documents reflected what HMMA found to be acceptable appearance in 2017. The Defendant wants to present this testimony to draw the inference there were not grooming standards in place that would have affected the Plaintiff based on the witness's lack of knowledge, but because the witness had an obligation to education himself on this topic and did not, the jury could be misled by the testimony. Therefore, the Plaintiff further objects under Rules 401-403.

20.    Plaintiff objects to this testimony as being speculative and/or hearsay. When Burns was asked in his deposition if he had any knowledge as to whether there was any type of ownership relations between HEA and HMMA, he responded, "No, I don't' have any clear knowledge on that relationship." (Doc. 68-2, Burns Depo 17:6-11).

21.    No objection

22.    No objection

23.    No objection

24.    Plaintiff objects to this testimony as being speculative and/or hearsay. When Burns was asked in his deposition if he had any knowledge as to whether there was any type of ownership relations between HEA and HMMA, he responded,

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 5 -

"No, I don't' have any clear knowledge on that relationship." (Doc. 68-2, Burns Depo 17:6-11).

25.   No objection

26.   Plaintiff objected to this answer during the deposition as being non-responsive and moved to strike. (Doc. 68:2m o, 48 at 181:22-23)

27.   No objection

28.   No objection

29.   Plaintiff objects to any testimony after the answer on lines 185:16-17, "I'm going to say I don't have specific knowledge of that." Any testimony after that point is speculative, irrelevant, and risks confusion and undue prejudice.

30.   Plaintiff objects to this testimony as incomplete and narrative. There is no question included with the designation. Instead, it is something the witness volunteered at the prompting of HMMA's counsel after a break in the deposition. (Doc. 68-2, p 51 at 195:2-9)

31.   Plaintiff objects to this testimony on the grounds that it is not based on the witnesses or defendant's knowledge. It involves defense counsel volunteering that there are not any complaints from HMMA team members for grooming policy.

32.   Plaintiff objects to this testimony under Rules 401-403. The testimony involves a policy that did not apply to the Plaintiff. (Doc. 68-2, p. 60 at 230:11-231:16).

33.   No objection

34.   No objection

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 6 -

35.     No objection

36.     No objection

37.     The Plaintiff objects to this designation as being incomplete; it begins with an
        answer without including the question.

38.     No objection.

39.     No objection

40.     No objection

41.     The Plaintiff objects to the statements of counsel, which are out of court and
        unsworn, being included in the designation. Plaintiff, therefore, objects under
        Rules 801-803 of the Federal Rules of Evidence.

42.     No objection

43.     No objection

44.     No objection

45.     No objection

46.     The Plaintiff objects to this designation as being incomplete; it begins with an
        answer without including the question.

47.     No objection

48.     The Plaintiff objects to this designation as being incomplete; it begins with an
        answer without including the question.

49.     No objection

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 7 -

50.    No objection

**ERRATA (Attached as Exhibit "B")** Plaintiff objects to the designation of the ERRATA to the extent it changes substantive testimony. A deponent may not use ERRATA sheets to change the content of their testimony given under oath. Plaintiff does not object to the minor corrections of designated portions included in the ERRATA for misspellings but does object to the addition of words or phrases.

**Designations for Deposition of Cassandra Williams, 30(b)(6) witness for Defendant, HEA (Attached as Exhibit "C")**

1.    Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

2.    Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

3.    Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

4.    No objection.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM
- 8 -

5.      Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

6.      Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

7.      Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

8.      Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

9.      Plaintiff objects to the extent this designation elicits inadmissible hearsay.

10.     Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

11.     Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 9 -

12.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

13.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

14.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

15.  No objection.

16.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

17.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

18.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

19.  No objection.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 10 -

20. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

21. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

22. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

23. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

24. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

25. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

26. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 11 -

27.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

28.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

29.  Plaintiff objects to this requests as irrelevant and likely to lead to confusion and prejudice the jury.

30.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

31.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

32.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

33.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 12 -

34.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

35.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

36.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

37.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

38.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

39.   No Objection to the extent the context is complete.

40.   Plaintiff objects to the extent this designation elicits testimony of inadmissible hearsay and documents not produced during discovery.

41.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 13 -

42.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

43.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

44.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

45.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

46.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

47.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

48.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 14 -

49. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

50. No objection.

51. No objection.

52. No objection in so far as the context makes clear the building being identified in the question.

53. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

54. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

55. Plaintiff objects to this designation in that the context is incomplete and references documents that are inadmissible hearsay and cannot be authenticated.

56. Plaintiff objects to this designation as it is taken out of context and includes a response with no question. Plaintiff does not object to the extend the question is asked prior to the answer.

57. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 15 -

58.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

59.   No objection to the extent this designation is read with the complete context included in Plaintiff's designations. 99:6-99:16.

60.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

61.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

62.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

63.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

64.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 16 -

65.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

66.   No objection.

67.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

68.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

69.   No objection.

70.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

71.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

72.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 17 -

73.  Plaintiff objects to the extent this designation calls for hearsay. Plaintiff further objects to the question calling for the witness to make a statement as to the ultimate issues for the jury related to the employee employer relationship.

74.  Plaintiff objects to the extent this designation relies on inadmissible hearsay or includes summarization or "recapping" of testimony by counsel. The context of this designation may lead to confusion or prejudice the jury.

75.  No objection.

76.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

77.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

78.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

79.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 18 -

80.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

**ERRATA (Attached as Exhibit "D")** Plaintiff objects to the designation of the ERRATA to the extent it changes substantive testimony. A deponent may not use ERRATA sheets to change the content of their testimony given under oath. Plaintiff does not object to the minor corrections of designated portions included in the ERRATA for misspellings but does object to the addition of words or phrases.

**Designations for Deposition of Sherry Spires, 30(b)(6) witness for Defendant, Dynamic Security (Attached as Exhibit "E")**

1.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

2.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

3.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 19 -

4.      Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

5.      Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

6.      Plaintiff objects to this designation to the extent it relies on or references a sworn statement that is inadmissible hearsay.

7.      Plaintiff objects to this designation in that it references inadmissible hearsay.

8.      Plaintiff objects to this designation to the extent it calls for speculation and is likely to lead to prejudice or confusion with the jury and should be excluded under Rule 403.

**Designations for Deposition of Kristal Riddle, 30(b)(6) witness for Defendant, Dynamic Security (Attached as Exhibit "F")**

1.      Plaintiff objection to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

2.      Plaintiff objects to this designation as the testimony is taken out of context and will lead to confusion and prejudice with the jury under Rule 403. To ensure a clear understanding of the testimony under the doctrine of completeness in Rule 106, Plaintiff proposes the designation include the contextual testimony making

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 20 -

the designation 121:1-121:20 but excluding objections and discussion among attorneys at lines 12-15.

3.    Plaintiff objects to this designation as the testimony is taken out of context and will lead to confusion and prejudice with the jury under Rule 403. To ensure a clear understanding of the testimony under the doctrine of completeness in Rule 106, Plaintiff proposes the designation include the contextual testimony making the designation 121:1-121:20 but excluding objections and discussion among attorneys at lines 12-15.

4.    Plaintiff objects to this designation as the testimony calls for a legal conclusion. The business relationship between the entities and employment control goes to the ultimate issues to be determined by the jury.

5.    No Objection.

6.    Plaintiff objects to this designation of approximately twelve pages of testimony that, taken as a whole will cause prejudice and confusion with the jury under Rule 403. The testimony relies throughout on hearsay and speculation, calls for a legal conclusion, and goes to the ultimate issues to be determined by the jury.

7.    Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 21 -

**Designations for Deposition of Ray Cureton (Attached as Exhibit "G")**

1.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

2.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

3.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

4.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

5.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

6.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 22 -

7.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

8.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

9.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

10.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

11.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

12.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

13.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 23 -

14.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

15.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

16.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

17.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

18.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

19.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

20.  Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 24 -

21. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

22. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

23. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

24. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

25. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

26. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

27. Plaintiff objects to the extent this designation includes discussion between the witness and court reporter. Plaintiff does not object to the inclusion of 94:20-21 to the extent it completes Plaintiff's designation of 94:6-94:19 and can be read in

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 25 -

context. Plaintiff objects to line 22 as an irrelevant statement made by the witness non-responsive to the question and likely to confuse the jury in this context.

28.   Plaintiff object to this request as evasive and likely to confuse or mislead the jury.

29.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

30.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

31.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

32.   Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

33.   No objection.

34.   Plaintiff objects to this designation as it elicits testimony related to a sworn, inadmissible hearsay statement.

35.   Plaintiff objects to this designation to the extent it requires the witness to make a legal conclusion as to the definition of employee and speaks to the ultimate issue

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 26 -

for the jury. Inclusion of this testimony is likely to prejudice, mislead, or confuse the jury.

36.     Plaintiff objects to this request as seeking testimony about a business relationship from non-corporate representatives. Plaintiff further objects to the extent it seeks or relies on hearsay an improper classification or verbose from counsel. Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

37.     Plaintiff objects to this request to the extent it contains re-caps or summaries of prior testimony. Counsel cannot testify.

38.     Plaintiff objects to this request to the extent it contains re-caps or summaries of prior testimony. Counsel cannot testify. Plaintiff also objects to the extent the designation contains testimony related to the legal conclusion of the employment relationship at issues in this litigation. Presenting testimony on the ultimate issue would lead to confusion and prejudice with the jury.

39.     Plaintiff objects to this request to the extent it contains re-caps or summaries of prior testimony. Counsel cannot testify. Plaintiff also objects to the extent the designation contains testimony related to the legal conclusion of the employment relationship at issues in this litigation. Presenting testimony on the ultimate issue would lead to confusion and prejudice with the jury.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 27 -

40.    Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial. Plaintiff objects to the extent it contains speculation and issues that will prejudice or mislead the jury.

41.    Plaintiff objects to the inclusion of reading objections into the record. Under the stipulations of the deposition, all objections but to form or privilege are reserved for trial.

**Designations for Deposition of Davita Key, Plaintiff**

a.    In its exhibit list, Doc. 116, HMMA designated portions of the Plaintiff's deposition to read at trial. There has been no showing that the Plaintiff is unavailable for trial; she will be at trial. At trial, the witnesses' testimony must be taken in open court. *Fed. R. Civ. P. 43(a).* The Rules prefer live, in-person testimony. *Id.* at advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."). Plaintiff's testimony should be presented live, in Court, and Plaintiff objects to it being presented via deposition where the jury may not have the benefit of the context of the question/testimony recorded in the deposition. Presenting the Plaintiff's deposition by deposition after she has already testified live will be cumulative, risk confusing the jury, and put undue emphasis on some testimony over other.

b.    Plaintiff objects to this testimony being shown to the jury. In the Court's instructions to the jury, they will be told they will not receive the Court's transcript of the

---

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 28 -

testimony they hear. By showing portions of prior testimony, it gives greater weight to that testimony since the jury is hearing the testimony and seeing a transcript compared to simply hearing the testimony of a witness.

c.  The Plaintiff raises the following objects to HMMA's designations of Key's testimony (attached as Exhibit "H")

1.  Plaintiff objects to this designation as not being testimony and being irrelevant under Rule 401 of the Federal Rules of Evidence. This is the case style and introductory language from the Court Reporter.

2.  Plaintiff objects to this designation as not being testimony and being irrelevant under Rule 401 of the Federal Rules of Evidence. This is the identification of who appeared at the deposition.

3.  Plaintiff objects to this designation as not being testimony and being irrelevant under Rule 401 of the Federal Rules of Evidence. This section has the lawyers attending the deposition identifying themselves.

4.  Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

5.  Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

6.  Plaintiff objects to this section under Rule 403 of the Federal Rules of Evidence. The exchange, asking about the Plaintiff applying for the mailroom position at the HMMA facility, is vague, confusing, and unclear. The Plaintiff's live testimony will be able to provide a clearer context for the jury to understand. Subject to this and Plaintiff's objection set forth in 1(a) above, no objection.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 29 -

7.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

8.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

9.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

10.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

11.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

12.    Plaintiff objects to lines 29:08-15 under Rules 401-403 and Rules 801-803 of the Federal Rules of Evidence. It is a set of questions asking the Plaintiff to testify to the substance of an email.

13.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

14.    Plaintiff objects to this as being incomplete. The designation begins with an answer but does not include the question or questions leading up to the answer. Subject to this and the Plaintiff's objection set forth in 1(a) above, no objection.

15.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

16.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

17.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

18.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

19.    Plaintiff objects to this designation as being confusing and vague. The testimony elicited, therefore, is objectionable under Rules 401-403. The testimony lacks context making it misleading and irrelevant.

20.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 30 -

21.    The testimony in question is confusing and out of context because it makes reference to prior testimony which has not been designated. Further there is testimony where the Plaintiff is asked to read or testify to the contents of a document. That testimony, therefore  is objectionable as being cumulative and hearsay. It is objectionable under Rules 401-403 and  801-803. Subject to this and the Plaintiff's objection set forth in 1(a) above, no objection.

22.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

23.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

24.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

25.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

26.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

27.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

28.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

29.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

30.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

31.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

32.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

33.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

34.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 31 -

35.     Plaintiff objects to this designation as being incomplete; it is solely testimony without a question.

36.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

37.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

38.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

39.     Plaintiff objects to this designation as being incomplete; it cuts off the Plaintiff's testimony which begins on line 127:25 without providing the full answer. Subject to this and the Plaintiff's objection set forth in 1(a) above, no objection.

40.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

41.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

42.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

43.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

44.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

45.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

46.     The Plaintiff objects to this as being incomplete. The designation ends with a question but does not include the Plaintiff's answer to that question. Subject to this and the Plaintiff's objection set forth in 1(a) above, no objection.

47.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

48.     Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 32 -

49.    Plaintiff objects to this designation as being incomplete and misleading because it omits the following question and answer. Without that inclusion, this testimony is objectionable under Rules 401-403.  What is omitted from the designation is page 160:21 to 160:23 that reads:

      21    Q.  Was it your understanding that she was

      22    referring to your pregnancy?

      23      A.  Yes.

50.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

51.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

52.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

53.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

54.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

55.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

56.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

57.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

58.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

59.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

60.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

61.    Subject to the Plaintiff's objection set forth in 1(a) above, no objection.

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 33 -

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

*/s/ Leslie A. Palmer.*
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

## Certificate of Service

I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 9th day of February, 2023.

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
PO Box 11945

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 34 -

Birmingham, AL 35202
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
Phone: (205) 326-3002
Counsel for Hyundai Motor Manufacturing Alabama, LLC

T. Matthew Miller
Cortlin Bond
Sarahanne Vaughan
Bradley, Arant, Boult Cummings, LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
mmiller@bradley.com
cbond@bradley.com
svaughan@bradley.com
Phone: (205) 521-8000
Counsel for Hyundai ENG America, Inc.

/s/ Leslie A. Palmer
OF COUNSEL

Plaintiff's Objections to HMMA's Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 35 -