IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-767-ECM |
| | ) | |
| HYUNDAI MOTOR MANUFACTURING, | ) | |
| ALABAMA, LLC; HYUNDAI ENG | ) | |
| AMERICA, INC.; and DYNAMIC | ) | |
| SECURITY, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT G TO**

**PLAINTIFF'S OBJECTIONS TO HYUNDAI MOTOR MANUFACTURING, ALABAMA, LLC'S DEPOSITION DESIGNATIONS**

**RAY CURETON**

| Case | Key, Davita |
|---|---|
| Issue Code | HMMA Designation |

| CURETON, RAY 8/30/22 VOL 1 |||
|---|---|---|
| 1 | 017:01 - 017:03 | 017:01        MR. REDMOND:  Object to the form.<br>02            MS. BROWN:  Object to the form.<br>03            MR. MILLER:  Same objection. |
| 2 | 017:13 - 017:15 | 017:13        MR. REDMOND:  Object to the form.<br>14            MS. BROWN:  Same objection.<br>15            MR. MILLER:  Same objection. |
| 3 | 031:05 - 031:06 | 031:05        MS. BROWN:  Object to the form.<br>06            MR. MILLER:  Object to the form. |
| 4 | 045:20 - 045:22 | 045:20        MS. BROWN:  Object to the form.<br>21            MR. REDMOND:  Object to the form.<br>22            MR. MILLER:  Object to the form. |
| 5 | 047:07 - 047:07 | 047:07        MS. BROWN:  Object to the form. |
| 6 | 054:04 - 054:04 | 054:04        MS. BROWN:  Object to the form. |
| 7 | 058:20 - 058:23 | 058:20        MS. BROWN:  Object to the form.<br>21     A.    The only thing I can think of --<br>22            MR. MILLER:  Object to the form.<br>23            MR. REDMOND:  Same objection. |
| 8 | 062:10 - 062:11 | 062:10        MS. BROWN:  Object to the form.<br>11            MR. MILLER:  Object to the form. |
| 9 | 062:17 - 062:20 | 062:17        MS. BROWN:  Object to the form.<br>18            MR. MILLER:  Object to the form.<br>19            MR. REDMOND:  Same objection to the<br>20  form. |
| 10 | 069:19 - 069:21 | 069:19        MS. BROWN:  Object to the form.<br>20     A.    Yes, it is.<br>21            MR. MILLER:  Object to the form. |
| 11 | 072:10 - 072:12 | 072:10        MS. BROWN:  Object to the form.<br>11            MR. MILLER:  Object to the form.<br>12            MR. REDMOND:  Same objection to form. |
| 12 | 072:16 - 072:18 | 072:16        MS. BROWN:  Object to the form.<br>17            MR. MILLER:  Object to the form.<br>18            MR. REDMOND:  Object to the form. |
| 13 | 073:05 - 073:07 | 073:05        MS. BROWN:  Object to the form.<br>06            MR. MILLER:  Object to the form. |

| | | | |
|---|---|---|---|
| | | 07 | MR. REDMOND:  Object to the form. |
| 14 | 075:10 - 075:12 | 075:10 | MR. MILLER:  Object to the form. |
| | | 11 | MS. BROWN:  Object to the form. |
| | | 12 | MR. REDMOND:  Same objection. |
| 15 | 075:18 - 075:20 | 075:18 | MR. MILLER:  Object to the form. |
| | | 19 | MS. BROWN:  Object to the form. |
| | | 20 | MR. REDMOND:  Objection to form. |
| 16 | 076:03 - 076:03 | 076:03 | MS. BROWN:  Object to the form. |
| 17 | 076:05 - 076:05 | 076:05 | MR. MILLER:  Object to form. |
| 18 | 076:20 - 076:20 | 076:20 | MS. BROWN:  Object to the form. |
| 19 | 078:04 - 078:06 | 078:04 | MS. BROWN:  Object to the form. |
| | | 05 | MR. MILLER:  Object to the form. |
| | | 06 | MR. REDMOND:  Object to the form. |
| 20 | 079:23 - 080:02 | 079:23 | MS. BROWN:  Object to the form. |
| | | 080:01 | MR. MILLER:  Object to the form. |
| | | 02 | MR. REDMOND:  Same objection. |
| 21 | 080:15 - 080:17 | 080:15 | MR. MILLER:  Objection to form. |
| | | 16 | MS. BROWN:  Object to the form. |
| | | 17 | MR. REDMOND:  Objection. |
| 22 | 082:04 - 082:04 | 082:04 | MS. BROWN:  Object to the form. |
| 23 | 084:23 - 085:02 | 084:23 | MS. BROWN:  Object to the form. |
| | | 085:01 | MR. MILLER:  Object to the form. |
| | | 02 | MR. REDMOND:  Same objection. |
| 24 | 090:10 - 090:11 | 090:10 | MS. BROWN:  Object to the form. |
| | | 11 | MR. MILLER:  Object to the form. |
| 25 | 090:21 - 090:23 | 090:21 | MS. BROWN:  Object to form. |
| | | 22 | MR. MILLER:  Object to form. |
| | | 23 | MR. REDMOND:  Objection to form. |
| 26 | 091:19 - 091:20 | 091:19 | MS. BROWN:  Object to the form. |
| | | 20 | MR. MILLER:  Object to the form. |
| 27 | 094:20 - 095:03 | 094:20 | A.  I think, if that's the case.  Again, |
| | | 21 | I may be mistaken about that. |
| | | 22 | So I did interview -- |
| | | 23 | THE REPORTER:  Say that again. |
| | | 095:01 | THE WITNESS:  I'm sorry.  I know you |
| | | 02 | have to write down everything I say.  I've been |
| | | 03 | mumbling.  I'm sorry.  I did interview Ms. Keys. |
| 28 | 101:23 - 102:06 | 101:23 | Q.  It could be.  When would it not be? |
| | | 102:01 | A.  I guess ultimately when it didn't |

| | | | |
|---|---|---|---|
| | | 02 | happen.  I mean, you could take somebody's word |
| | | 03 | or somebody's statement or somebody's |
| | | 04 | off-the-cuff remark or even a remark like this in |
| | | 05 | this e-mail and make much more of it than it |
| | | 06 | actually was.  We did offer her other positions. |
| 29 | 104:10 - 104:12 | 104:10 | MS. BROWN:  Object to the form. |
| | | 11 | MR. MILLER:  Object to the form. |
| | | 12 | MR. REDMOND:  Same objection to form. |
| 30 | 123:08 - 123:08 | 123:08 | MS. BROWN:  Object to the form. |
| 31 | 123:17 - 123:19 | 123:17 | MS. BROWN:  Object to the form. |
| | | 18 | MR. REDMOND:  Object to the form. |
| | | 19 | MR. MILLER:  Object to the form. |
| 32 | 127:02 - 127:02 | 127:02 | MS. BROWN:  Object to the form. |
| 33 | 130:19 - 130:23 | 130:19 | Q.   Who was Dynamic's lead client contact |
| | | 20 | with respect to Ms. Key's assignment? |
| | | 21 | A.   At Hyundai? |
| | | 22 | Q.   Your lead client contact, yes, sir. |
| | | 23 | A.   Ms. Williams, Cassandra Williams. |
| 34 | 131:16 - 133:15 | 131:16 | (Defendant's Exhibit 3 was marked for |
| | | 17 | identification and a copy of same is attached |
| | | 18 | hereto.) |
| | | 19 | MS. BROWN:  If you'll pass that copy |
| | | 20 | to him. |
| | | 21 | Q.   (BY MS. BROWN:)  Do you know Ms. |
| | | 22 | Williams' signature? |
| | | 23 | A.   I've seen it many times, yes. |
| | | 132:01 | Q.   Is this Ms. Williams' signature? |
| | | 02 | A.   It is. |
| | | 03 | Q.   And what this is is it's a sworn |
| | | 04 | declaration of Ms. Williams, and she states, As |
| | | 05 | of the date executed, May 8th, 2019, that she was |
| | | 06 | employed by Hyundai Engineering America, Inc., |
| | | 07 | and was also employed by them in July and August |
| | | 08 | of 2017.  Do you see that? |
| | | 09 | A.   I do. |
| | | 10 | Q.   Do you have any reason to dispute |
| | | 11 | that, those dates? |
| | | 12 | A.   I do not. |
| | | 13 | Q.   I am not now or have I ever been |
| | | 14 | employed by Hyundai Motor Manufacturing Alabama, |
| | | 15 | LLC.  Do you see that? |

| | | | |
|---|---|---|---|
| | | 16 | A.  I do. |
| | | 17 | Q.  Do you have any basis to dispute that |
| | | 18 | statement? |
| | | 19 | A.  I do not. |
| | | 20 | Q.  Do you have any basis to say that Ms. |
| | | 21 | Williams was employed by HMMA, my client? |
| | | 22 | MS. PALMER:  Object to the form. |
| | | 23 | A.  Can you repeat it?  I didn't hear |
| | | 133:01 | you. |
| | | 02 | Q.  Yes.  Do you have any basis to say |
| | | 03 | that Ms. Williams was employed by HMMA, my |
| | | 04 | client? |
| | | 05 | MS. PALMER:  Object to the form. |
| | | 06 | A.  Not legally, so no. |
| | | 07 | Q.  Are you a lawyer? |
| | | 08 | A.  No. |
| | | 09 | Q.  Have you studied corporate law? |
| | | 10 | A.  I have not. |
| | | 11 | Q.  Have you studied employment law? |
| | | 12 | A.  I do not. |
| | | 13 | Q.  Do you have any basis to say that Ms. |
| | | 14 | Williams was employed by HMMA? |
| | | 15 | A.  No. |
| 35 | 143:18 - 144:20 | 143:18 | Did you have any other customer or |
| | | 19 | client contact at the HMMA physical location |
| | | 20 | other than Ms. Williams? |
| | | 21 | A.  There -- she was the only contact |
| | | 22 | that I really dealt with.  I mean, I knew some |
| | | 23 | people out there, but no, she was the one I dealt |
| | | 144:01 | with when it came to Dynamic Security issues. |
| | | 02 | Q.  Right.  When it came to business |
| | | 03 | issues, requests for changes, raises, et cetera, |
| | | 04 | Ms. Williams was going to be the contact point, |
| | | 05 | correct? |
| | | 06 | A.  That's correct.  At my level.  Now, |
| | | 07 | when you get above that, there's other folks |
| | | 08 | involved. |
| | | 09 | Q.  Sure, sure.  But if you've made any |
| | | 10 | reference to a client contact today relative to |
| | | 11 | Dynamic's relationships relative to Ms. Key's |
| | | 12 | employment, you've always been referring to Ms. |
| | | 13 | Williams, correct? |

| | | | |
|---|---|---|---|
| | | 14 | A. That is correct. |
| | | 15 | Q. And you would agree with me that Ms. |
| | | 16 | Williams was HEA's employee in July and August |
| | | 17 | 2017? |
| | | 18 | MS. PALMER: Object to the form. |
| | | 19 | A. Obviously. That's, yeah, what we've |
| | | 20 | just been determining. |
| 36 | 147:11 - 148:09 | 147:11 | Q. And keeping in mind that no such |
| | | 12 | agreement has been produced or found to exist in |
| | | 13 | this lawsuit, are you specifically aware of any |
| | | 14 | agreement directly between Dynamic and HMMA? |
| | | 15 | A. I've never seen anything personally. |
| | | 16 | Q. Has anyone ever told you that an |
| | | 17 | agreement between Dynamic and HMMA specifically |
| | | 18 | exists? |
| | | 19 | A. Such was assumed by those of us |
| | | 20 | underlings who don't rise to the level of getting |
| | | 21 | that information. |
| | | 22 | Q. Right. Other than sloppily confusing |
| | | 23 | HEA and HMMA because of their shared first name, |
| | | 148:01 | there's no basis to say that Dynamic ever |
| | | 02 | contracted with HMMA, correct? |
| | | 03 | MS. PALMER: Object to the form. |
| | | 04 | MR. MILLER: Object to the form. |
| | | 05 | A. I have no idea. |
| | | 06 | Q. Other than Ms. Williams, did anyone |
| | | 07 | ever request the removal of Ms. Key from the HMMA |
| | | 08 | site? |
| | | 09 | A. Not to my knowledge. |
| 37 | 148:14 - 149:06 | 148:14 | Any time today where you referenced |
| | | 15 | HMMA as setting pay for the mailroom at HMMA's |
| | | 16 | facility, do you have any evidence that HMMA |
| | | 17 | directly set that pay versus HEA? |
| | | 18 | A. I do not. |
| | | 19 | Q. Every time you referenced HMMA as |
| | | 20 | setting hours worked in the HMMA mailroom as |
| | | 21 | assigned to Dynamic employees, do you have any |
| | | 22 | evidence that HMMA directly set those hours |
| | | 23 | worked? |
| | | 149:01 | A. I do not. |
| | | 02 | Q. When you talked about HMMA having an |
| | | 03 | appearance standard, are you aware of HMMA |

| | | | |
|---|---|---|---|
| | | 04 | directly setting any appearance standard versus |
| | | 05 | HEA? |
| | | 06 | A.   Not now. |
| 38 | 149:14 - 150:04 | 149:14 | Q.   And any reference of HMMA is based on |
| | | 15 | a misunderstanding about Cassandra Williams' |
| | | 16 | employer, correct? |
| | | 17 | MR. MILLER:  Object. |
| | | 18 | A.   I agree and would correct the record |
| | | 19 | on that. |
| | | 20 | Q.   Okay.  At any point when you said |
| | | 21 | that HMMA could set employment decisions for |
| | | 22 | Dynamic staffing -- for Dynamic staffing, you |
| | | 23 | meant Cassandra Williams and her employer, |
| | | 150:01 | correct? |
| | | 02 | A.   That's correct.  Actually, just to |
| | | 03 | clarify, I would defer to Cassandra Williams |
| | | 04 | period.  That was the person I contacted.  As far |
| 39 | 150:08 - 150:20 | 150:08 | Q.   Okay.  And it was only an assumption |
| | | 09 | on your part that she worked for HMMA, correct? |
| | | 10 | A.   That is correct. |
| | | 11 | Q.   Nothing she ever represented, |
| | | 12 | correct? |
| | | 13 | A.   She did -- no, she didn't.  Looking |
| | | 14 | back, she didn't. |
| | | 15 | Q.   And nothing that anyone at HMMA ever |
| | | 16 | said to you? |
| | | 17 | A.   No. |
| | | 18 | Q.   Really, you wouldn't know anyone at |
| | | 19 | HMMA, right? |
| | | 20 | A.   You're correct in your statement. |
| 40 | 158:14 - 158:23 | 158:14 | Q.   And you are just today learning that |
| | | 15 | there's an entity called Hyundai Engineering |
| | | 16 | America or Hyundai HEA; is that right? |
| | | 17 | MR. MILLER:  Object to the form. |
| | | 18 | MS. BROWN:  Object to the form. |
| | | 19 | A.   Everybody else may have realized it. |
| | | 20 | I didn't realize it.  It's as plain as the nose |
| | | 21 | on your face in the paperwork, but I didn't catch |
| | | 22 | it, because we just -- we talked in terms of |
| | | 23 | Hyundai.  That's who we worked for.  That's who |
| 41 | 159:08 - 159:09 | 159:08 | MS. BROWN:  Object to the form. |

| | | 09 | MR. MILLER:  Object to the form. |