IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| ALABAMA, LLC, *et al*., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT DYNAMIC SECURITY, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO ITS EXHIBIT LIST

Defendant Dynamic Security, Inc. ("Dynamic" or "Defendant") responds to

"Plaintiff's Objections to Dynamic Security, Inc.'s Exhibit List (Doc. 105)" (Doc.

126) as follows:

| Ex. No. | Exhibit Description | Plaintiff's Objection(s) | Dynamic's Responses to Plaintiff's Objections |
|---|---|---|---|
| 1 | Deposition Transcript of Plaintiff Davita Key | Plaintiff objects to the use of this deposition transcript at trial unless its use complies with Federal Rule of Civil Procedure 32(a) and this Court's orders.<br><br>Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The | The portions of the deposition designated by Dynamic and any ports needed for impeachment are statements of a party allowed by Rule 32(a)(1) of the Federal Rules of Evidence and is a statement of a party opponent and therefore not hearsay. FRE 801(d)(2)<br><br>This testimony was made under penalty of perjury at a |

| | | document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony and evidence presented at trial. | deposition and was subject to cross-examination and is therefore admissible nonhearsay pursuant to FRE 801(d)(1)(A).<br><br>Nonhearsay pursuant to FRE Rule 801(d)(2).<br><br>The deposition is relevant as it contains information to address the sole claim left to be tried, plaintiff's basis for that claim, and plaintiff's damages. |
|---|---|---|---|
| 6 | HMMA PPE and Dress Code Matrix (DX 9 to Plaintiff's Deposition)<br><br>HMMA 000003 | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. HMMA's 30(b)(6) deponent testified that the contents of this document applied to persons working in the production areas (stamping, welding, painting, general assembly, and engine shops) at the HMMA plant as opposed to persons working in the administrative building, like the Plaintiff. (Doc. 68-2, pp. 59-30, at 228:14-231:16). Because the contents of this document would not apply to the Plaintiff, it is not relevant to the factual disputes to be resolved by the jury | Withdrawn |

| | | and it risks confusion and undue prejudice. | |
|---|---|---|---|
| 8 | HEA's Employee Handbook Cover and Table of Contents (DX 11 to Plaintiff's Deposition) | Plaintiff objects to this exhibit as violating Federal Rule of Evidence 106. It is not complete and leads to speculation about the contents of the handbook. Therefore, in its incomplete form, the Plaintiff further objects under Rules 401-403. While the Plaintiff objects to the Defendants moving into this exhibit into evidence in its incomplete form. Plaintiff has no objection to it coming into evidence in its complete form. | Dynamic will use the complete form of the handbook. |
| 18. | "Dismissal and Notice of Rights" (EEOC Charge No. 846-2017-32787) finding no reasonable cause for discrimination by Dynamic mailed by the EEOC to Plaintiff and Dynamic on March 1, 2019. (DX 22 to Plaintiff's Deposition). | Moot | Withdrawn based on the Court's 2/10/2022 Memorandum Opinion and Order |
| 22. | "Rebuttal" letter from Plaintiff to EEOC dated "October 4, 2017" responding to Dynamic's Statement of Position (Charge | The Plaintiff objects to this exhibit under Rules 801-803 of the Federal Rules of Evidence to the extent the Defendant is using this document to get into hearsay statements | Statement of Party opponent and therefore not hearsay. Rule 801(d)(2), Federal Rules of Evidence |

| | | | |
|---|---|---|---|
| | Number 846-2017-32787) (DX 26 to Plaintiff's Deposition) | made by its employees and/or the Defendant that were submitted to the EEOC. In this Rebuttal, the Plaintiff references or summarizes arguments raised by the Defendant to the EEOC so that she can then provide her response. | |
| 23. | Letter from Plaintiff dated October 4, 2017, to Alabama Department of Labor asserting she was wrongfully terminated and was not offered other employment by Dynamic (Exhibit 29 to Plaintiff's Deposition) | Moot | Withdrawn |
| 24. | Letter of Intent – HEA0280 | | Plaintiff cannot determine prior to trial whether the document can be authenticated. |
| 30. | Internal Email dated March 20, 2019, establishing Dynamic's receipt of Notice of Right to Sue on or before March 20, 2019 (PX 32 to Riddle Depo.)<br><br>Dynamic-Key 000043-000048 | Moot | Withdrawn based on the Court's 2/10/2022 Memorandum Opinion and Order. |
| 31. | Envelope from EEOC to Dynamic Security that contained | Moot | Withdrawn based on the Court's 2/10/2022 Memorandum Opinion and Order. |

|  | Dynamic's copy of Right to Sue, postmarked February 28 2019 (PX 54 to Riddle Depo.)<br><br>Dynamic-Key 000285 |  |  |
|---|---|---|---|
| 32. | Exhibits to Deposition of  Ray Cureton - Part 1 of 2 | Moot | Withdrawn |
| 33. | Exhibits to Deposition of Ray Cureton – Part 2 of 2 | Moot | Withdrawn |
| 34. | Exhibits to Deposition of Kristal Riddle | Moot | Withdrawn |
| 35. | Exhibits to Deposition of Sherry Spires | Moot | Withdrawn |
| 39. | Gloria Robinson statement regarding removal<br><br>Dynamic-Key 000033-00035 | Plaintiff objects to this exhibit, if offered by this Defendant, under Federal Rules of Evidence 801-803 as being and containing hearsay. | This statement is a business record, which is a record of Dynamic's regularly conducted  activity and is an exception to hearsay. FRE 803(6)(A)-(E). It was made at or near the time by — or from information transmitted by — someone with knowledge; it was kept in the course of a regularly conducted activity of a Dynamic's business; making such a statement was a regular practice of that activity; all these conditions |

| | | | |
|---|---|---|---|
| | | | are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.<br><br>This statement is a recorded recollection and is an exception to hearsay. FRE 803(5).<br><br>This statement may also be used to refresh the witness's memory while testifying or before testifying. FRE 612(a).<br><br>To the extent these are offered not for the truth of the matter asserted they are not hearsay and are admissible under 801(c)(2). |
| 40. | Assignment Refusal Forms<br><br>Dynamic-Key 000029-000030 | Plaintiff objects to this exhibit, if offered by this Defendant, under Federal Rules of Evidence 401-403 and 801-803 as being irrelevant, unduly prejudicial, and containing hearsay.dd | These forms are business records, which are records of Dynamic's regularly conducted activity and therefore an exception to hearsay. FRE 803(6)(A)-(E). It was made at or near the time by — or from information transmitted by — someone with knowledge; it was kept in the course of a |

| | | | regularly conducted activity of a Dynamic's business; making such a statement was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.<br><br>The information on these forms is a recorded recollection and therefore an exception to hearsay. FRE 803(5).<br><br>To the extent these are offered not for the truth of the matter asserted they are not hearsay and are admissible under 801(c)(2).<br><br>These forms are relevant to the issue of whether plaintiff suffered an adverse action by Dynamic. |
|---|---|---|---|
| 43. | Ray Curenton Statement<br><br>Dynamic-Key 000036 | Plaintiff objects to this exhibit, if offered by this Defendant, under Federal Rules of Evidence 801-803 as containing and constituting hearsay. | This statement is admissible pursuant to the "present sense impression" exception to hearsay because it describes and explains an event and the declarant made |

the statement immediately after perceiving the event. FRE 803(1).

This statement is admissible because it is a business record, which is a record of Dynamic's regularly conducted activity and therefore an exception to hearsay. FRE 803(6)(A)-(E). It was made at or near the time by — or from information transmitted by — someone with knowledge; it was kept in the course of a regularly conducted activity of a Dynamic's business; making such a statement was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

This statement is a recorded recollection and therefore an exception to hearsay. FRE 803(5)(A)-(C): it is on a matter Dynamic expects the witness once knew about but

| | | | |
|---|---|---|---|
| | | | may not now recall well enough to testify fully and accurately; it was made by the witness when the matter was fresh in the witness's memory; and it accurately reflects the witness's knowledge.<br><br>This statement may also be used to refresh the witness's memory while testifying or before testifying. FRE 612(a).<br><br>The statement is also not hearsay under Rule 801(d)(1)(B) Federal Rules of Evidence. |
| 44. | Nicole Scavella Statement (Dynamic-Key 000037) | Plaintiff objects to this exhibit, if offered by this Defendant ,under Federal Rules of Evidence 801-803 as containing and constituting hearsay. | This statement is admissible pursuant to the "present sense impression" exception to hearsay because it describes and explains an event and the declarant made the statement immediately after perceiving the event. FRE 803(1).<br><br>This statement is admissible because it is a business record, which is a record of Dynamic's regularly conducted activity and therefore an exception to hearsay. FRE 803(6)(A)-(E). It was made at or near the time by — or from |

| | | | | information transmitted by — someone with knowledge; it was kept in the course of a regularly conducted activity of a Dynamic's business; making such a statement was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.<br><br>This statement is a recorded recollection and therefore an exception to hearsay. FRE 803(5)(A)-(C): it is on a matter Dynamic expects the witness once knew about but may not now recall well enough to testify fully and accurately; it was made by the witness when the matter was fresh in the witness's memory; and it accurately reflects the witness's knowledge.<br><br>This statement may also be used to refresh the witness's memory while testifying or |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | before testifying. FRE 612(a).<br><br>The statement is also not hearsay under Rule 801(d)(1)(B) Federal Rules of Evidence. |
| 48. | Plaintiff's Response to Dynamic's Interrogatories | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat interrogatory answers as they would treat a deposition transcript at trial because both are sworn testimony covering a variety of topics, including information which may not be relevant or admissible, and sending the testimony in its full form back to the jury can add emphasis to some testimony over others and results in inadmissible evidence potentially be considered in deliberations. Instead, the interrogatories can be used to impeach or refresh a witness's memory by | Contains information addressing the sole claim left to be tried, plaintiff's basis for that claim, and plaintiff's damages. |

| | | showing the witness the relevant interrogatory response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5 (M.D. Fla. Nov. 12, 2019)(" The Court does not admit into evidence the written answers to interrogatories and corresponding exhibits, but the parties may read them into evidence at trial to the extent relevant."). | |
|---|---|---|---|
| 49. | Plaintiff's Response to Dynamic's Request for Production | Plaintiff objects to this document under Rules 401, 402, and 403 of the Federal Rules of Evidence. The document contains information that is not relevant, risks confusing the jury, could create unfair prejudice, and would be cumulative of testimony provided.<br><br>Courts should treat discovery responses as they would treat a deposition transcript at trial, and rather than entering the entire document into evidence, permit the document to be used to impeach or refresh a witness's memory by showing the witness the | Contains information addressing the sole claim left to be tried, plaintiff's basis for that claim, and plaintiff's damages. |

| | | relevant response and reading it into evidence. *Farley v. State Farm Mut. Auto. Ins. Co.*, No. 8:18-cv-171-T-30SPF, 2019 U.S. Dist. LEXIS 227657, at *5 (M.D. Fla. Nov. 12, 2019)( sustaining objections to written discovery responses being used as trial exhibits but permitting relevant portions to be read at trial to the extent relevant). | |
|---|---|---|---|
| 50. | Plaintiff's Response to Dynamic's Request for Admissions | Identical to Plaintiff's objection to Exhibit 49. | Contains information addressing the sole claim left to be tried, plaintiff's basis for that claim, and plaintiff's damages. Under Rule 36 (b) an admission is treated as conclusive for purposes of the trial. |
| 59. | Key response to Department of Labor  Key000024-000029 | To the extent the Defendant would offer this exhibit to get into evidence the statements made by Nicole Scavella and Ray Cureton (to which the Plaintiff is responding), the Plaintiff objects to the Defendant's use of this document under Rules 801-803 of the Federal Rules of Evidence as containing hearsay. | Statement of a party opponent and therefore not hearsay.  As set forth above, the statements are admissible as the statements are admissible pursuant to the "present sense impression" exception to hearsay because it describes and explains an event and the declarant made the statement immediately after perceiving the event. FRE 803(1). |

The statements are admissible because they are a business record, which is a record of Dynamic's regularly conducted activity and therefore an exception to hearsay. FRE 803(6)(A)-(E). It was made at or near the time by — or from information transmitted by — someone with knowledge; it was kept in the course of a regularly conducted activity of a Dynamic's business; making such a statement was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

The statements are a recorded recollection and therefore an exception to hearsay. FRE 803(5)(A)-(C): it is on a matter Dynamic expects the witness once knew about but may not now recall well enough to testify fully and accurately; it was made by the witness when

| | | | the matter was fresh in the witness's memory; and it accurately reflects the witness's knowledge.<br><br>The statements are also not hearsay under Rule 801(d)(1)(B) Federal Rules of Evidence. |
|---|---|---|---|
| 60. | Contract for Services between HE and HMMA<br><br>HMMA000013-000039 | Plaintiff objects to this request under Rule 901 of the Federal Rules of Evidence. | Plaintiff cannot determine prior to trial whether the document can be authenticated. |
| 61. | July 27, 2016, letter of extension of Contract HMMA000543 | Plaintiff objects to this request under Rule 901 of the Federal Rules of Evidence. | Plaintiff cannot determine prior to trial whether the document can be authenticated. |
| 63. | Determination of ADOL Hearing Officer | Plaintiff objects to this exhibit under Rules 401-403 of the Federal Rules of Evidence. The determination of the ALDOL Hearing Officer is not binding on the jury and did not focus on the issue of whether the Defendant's decision was tainted by discrimination or retaliation. Unemployment benefits are not part of any backpay compensation analysis. Further Federal Rules of Evidence do not attach to unemployment hearings | This document is an exception to hearsay under the public records exception. Rule 803(8).<br><br>*See Fitch v. R.J. Reynolds Tobacco Co.*, 675 F.Supp. 133, 138 (S.D.N.Y.1987) (unemployment board's administrative law judge made a finding favorable to the employee-plaintiff; court noted only that this was admissible and would be "given weight in accordance with the nature of the administrative proceeding"); *Altman v. Port Authority of New York and New Jersey*, 879 F.Supp. 345, 349 |

| | | | |
|---|---|---|---|
| | | | (S.D.N.Y. 1995) (jury in an ADEA case had properly considered a New Jersey Department of Labor decision that, inter alia, the plaintiff had been "harassed by his supervisors"). |
| 64. | PowerPoint – sexual harassment in the workplace Dynamic-Key 000093-000111 | Plaintiff objects to this exhibit under Rules 401-403 and 801-803 as being irrelevant, confusing, unduly prejudicial, and hearsay. Plaintiff further objects to this document under Rule 901. | Not hearsay as not being offered for the truth of the matter asserted;<br><br>A business record exception to hearsay. FRE 803(6)(A)-(E). It was made at or near the time by — or from information transmitted by — someone with knowledge; it was kept in the course of a regularly conducted activity of a Dynamic's business; making such a statement was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.<br><br>The document can be authenticated by the author. |

| | | | |
|---|---|---|---|
| | | | The document is relevant to Plaintiff's claim for punitive damages and Dynamic's *Kolstad* defense. |
| 65. | PowerPoint - EEOC – what does it mean to me Dynamic-Key 000112-000139 | Plaintiff objects to this exhibit under Rules 401-403 and 801-803 as being irrelevant, confusing, unduly prejudicial, and hearsay. Plaintiff further objects to this document under Rule 901. | Not hearsay as not being offered for the truth of the matter asserted;<br><br>A business record exception to hearsay. FRE 803(6)(A)-(E). It was made at or near the time by — or from information transmitted by — someone with knowledge; it was kept in the course of a regularly conducted activity of a Dynamic's business; making such a statement was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.<br><br>The document can be authenticated by the author.<br><br>The document is relevant to Plaintiff's claim for punitive damages and Dynamic's *Kolstad* defense. |

| 66. | Dynamic – Policies and Procedures **AA & EEOC 2-1500A - Revision #1 March 2013-Revised: June 2020** – Dynamic-Key 0270-000271 | Plaintiff objects to this exhibit under Rules 401-403. The document shows a purported policy as it existed from 2020 forward. | Withdrawn |
|---|---|---|---|
| 69. | Dynamic Policies and Procedures – **Harassment in the Workplace 2-1600 – Revision #4 - Revised June, 2020 -** Dynamic-Key 000276-000279 | Plaintiff objects to this exhibit under Rules 401-403. The document shows a purported policy as it existed from 2020 forward. | Withdrawn |
| 88. | Transcript of unemployment compensation hearing Key 1051-1075 | The Plaintiff objects to this transcript being admitted as an exhibit under Rules 801-802 as being and containing hearsay. The Plaintiff objects to this exhibit under Rules 401-403 because it contains information that is not relevant to issues to be determined by the jury and risks creating confusing and undue prejudice. However, Plaintiff does not object to the testimony from the transcript being used to impeach a witness and/or refresh a witness's memory. | Statement of a party opponent and therefore not hearsay. Relevant as it had information from plaintiff about her employment and termination of her employment and to rebut plaintiff's possible testimony regarding what was said at the hearing. |

Respectfully submitted,


*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on 16th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

/s/Wesley C. Redmond
Wesley C. Redmond

WSACTIVELLP:13797257.1