# Exhibit 48

# Plaintiff's Response to Dynamic's Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVITA M. KEY,                          )
                                        )
   Plaintiff,                            )
                                        )
v.                                      ) Case No. 2:19-CV-767-ECM
                                        )
HYUNDAI MOTOR                           )
MANUFACTURING, ALABAMA,                 )
LLC; HYUNDAI ENG AMERICA,               )
INC.; and DYNAMIC SECURITY, INC.        )
                                        )
   Defendants.                           )

## PLAINTIFF'S RESPONSE TO DEFENDANT
## DYNAMIC SECURITY INC.'S FIRST INTERROGATORIES

Plaintiff, Davita Key, submits the following responses to Defendant Dynamic Security Inc.'s First Interrogatories pursuant to the agreement of the parties and Rule 33 of the Federal Rules of Civil Procedure.

## GENERAL RESPONSES

1. The word usage and sentence structure of the Responses is that of the attorney for Plaintiff who assisted in the preparation of the Responses and is not that of the person executing the response.

2. The Responses are based on information now available to Plaintiff.

3. Plaintiff has not completed her discovery in this lawsuit, nor has she completed her investigation into the claims which are the subject of this action

1

and other matters relevant to this litigation.

4. In providing these Responses, Plaintiff does not waive or intend to waive, but rather preserve and intend to preserve:

   a. All objections as to competency, relevancy, materiality, and admissibility;

   b. The right to object on any ground to the use or admissibility of any of the answers herein or documents produced by Plaintiff in connection with the Answers in any subsequent proceedings, including the trial of this or any other action;

   c. All objections as to vagueness and ambiguity; and

   d. The right to object on any ground to any further Discovery Requests involving or related to any of the Individual Discovery Requests.

5. Plaintiff reserves the right to supplement any responses.

6. To the extent any response varies from a response provided to another defendant's requests in this same action, these responses are intended to supplement as opposed to contradict any prior response.

## **INTERROGATORIES**

1. Identify with particularity each and every person you believe has knowledge of the matters alleged in your lawsuit by providing his or her name; contact information (address and phone number); job held at Dynamic, if any; the

particular facts, matters, and allegations of which he or she has knowledge; and

whether or not he or she has provided a statement related to your employment or

termination.

**RESPONSE:**     **Plaintiff objects to this request to the extent it seeks information protected by the attorney work product. Discovery is still ongoing and not all witnesses have been identified. Plaintiff will follow all orders of the court and the Federal Rules of Civil procedure related to disclosures of witnesses and exhibits. Additionally, Plaintiff cannot speak to the knowledge of other individuals but subject to and without waiving this objection, Plaintiff restates that the individuals listed on her initial disclosures are believed to have knowledge related to her claims. As already stated in response to Defendant HMMA's requests, Plaintiff sent e-mails seeking to raise awareness related to natural hair discrimination to Rapper/Activist MC Lyte, the Dove Crown Act campaign, Colorofchange.org, the NAACP, Somerlyn Stoval with the United Council of Negro Women, Kelli Joy Richardson Lawson with the JOY collective, Equal Rights Advocates, Charisse Jones with USA Today, Author/Activist Ava DuVernay, and Essence Magazine as disclosed in her responses to HMMA's interrogatories. Her physician Dr. Latoya Clark, OBGYN would have knowledge of her 2017 pregnancy and work capabilities 1758 Pine Park Pl., Ste 301, Montgomery, AL 36106. Also disclosed in her response to HMMA's interrogatories, Plaintiff has shared her feelings around this experience with  the following family members:**
**Quartez Key**
**160 Stone Park Blvd, Apt 2009**
**Pike Road, AL 36064**
**(404)561-8464**

**Susie James-Mindingall**
**1008 Chris Circle**
**Tuskegee, Alabama 36083**
**(334)727-7273**

**Bertha Clark**
**1007 Chris Circle**
**Tuskegee, AL 36083**
**(334)549-3840**

**Mary Cade**
**P.O. Box 944**
**Tuskegee Institute, AL 36087**
**(334)727-5108**

**To the extent this information varies from response provided to any other defendant's request, this response is meant to supplement, not replace or contradict any earlier responses.**

2.  Describe in detail every effort you have made to secure employment from July 1, 2017, to the present. Your answer should include a description of each such action you took with the following details as to each: the name of the prospective employer or employment agency, the date of contact was made, the person you contacted or who contacted you, the nature/form of the contact (submission of job application, telephone call, e-mail, on-line message, in-person meeting, interview, and the like), and the outcome of the attempt to secure employment (whether or not you received a job offer, title of the job offered, and pay offered).

**RESPONSE:    Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff cannot recall each and every action taken to secure employment after her discriminatory termination. Subject to and without waiving this objection Plaintiff put in hundreds of applications through indeed.com Plaintiff has disclosed all of her subsequent employment in response to interrogatories from other defendants and again below. See specifically HMMA IROG #14.**

3.   Identify all employers for which you have worked (whether as regular employee or as contract employee) since July 1, 2017, including in your response, the name of the employer; dates of employment; the address of the employer; your job title(s) during your employment; the names and titles of your direct supervisor(s) during your employment; compensation and benefits received; and, if separated, the reason for separation.

**RESPONSE:**

- **Doordash from 2018 to 2019 as supplemental income while searching for substantially similar work to the Dynamic/Hyundai position.**

- **Jim Massey's cleaners from a couple of months in 2018 (May – July) while looking for employment. Resigned from the cleaners to accept a position at a daycare. 531 E South Street, Montgomery, AL 36104**

- **Daycare, July 2018. Left the daycare position to pursue a position in public education – more in line with education. PO Box 11645, Montgomery AL 36111.**

- **Kelly Services – educational temp/paraprofessional position. August 2018 – August 2021 – placed at Pike Road Elementary 500 Avenue of Learning, Pike Road, Alabama 36064 – Acutal Address 999 W Big Beaver Rd., Ste 601A, Troy, MI 48084**

- **Applied for and was offered a job as an administrative assistant with the Alabama Dept of Education in November 2020 but declined the offer because the date was pushed back and paperwork was lost. I was able to revoke my notice and keep my other job through Kelly Services at Pike Road Elementary.**

- **Resigned from Kelly Services when hired to work directly with Pike Road Elementary in August 2021.**

- **Resigned from Pike Road Elementary in April of 2022 with an effective date of June 1, 2022 after accepting a higher paying position as a Flex Teacher with Phalen Leadership Academies with an assignment of Nixon Elementary at 1000 Edgar D. Nixon Ave, Montgomery, AL 36104, my tentative start date is August 8, 2022. the home office address is 2323 N. Illinois St., Indianapolis, IN 46208.**

**To the extent this information varies from response provided to any other defendant's request, this response is meant to supplement, not replace or contradict any earlier responses.**

4.   State whether you are currently employed and, if you are, state the name and address of your present employer, the date you became employed, your job title, your job description, your rate of pay, and your compensation and benefits received.

**RESPONSE:   Currently employed as a PreK Auxillary teacher at Pike Road Elementary through the Pike Road Board of Education, 500 Avenue of Learning, Pike Road, AL 36064 since August 9, 2021. Salary $20,816 annually. Retirement and Health insurance through Alabama Teacher's Retirement.**

**Job Description:**

- **Creates and advocates positive support systems for student achievement**

- **Teaches a small group three days out of the week on literacy and language**

- **Use response-to-intervention strategies in order to improve learning and behavior outcomes**

- **Work one-on-one with Pre-K special education students and encourage student mastery and achievement in the general education curriculum**

- **Assists the Lead Learner in implementing lesson plan activities**

- **Supports children's emotional and social development**

**I have resigned this position after accepting a position with Phalen Leadership Academies as stated above in Interrogatory # 3. My tennative start date is August 8, 2022 with an annual salary of $44,000, my job duties should remain similar.**

To the extent this information varies from response provided to any other defendant's request, this response is meant to supplement, not replace or contradict any earlier responses.

5.  Since your separation from employment with Dynamic, describe any instances where you have declined or rejected any offer of new or continued employment, including the employer name, the job offered, associated pay and benefits offered, and each and every reason you did not accept the offered employment.

**RESPONSE:   Plaintiff refers to her response to IROG #3 and 4 and further states that her income at each position since 2017 has been provided in response to interrogatories from other defendants and in her tax returns and below in response to #7. Plaintiff has benefits with Pike Road but had no benefits with other employers. Plaintiff's most recent employment acquisition will increase pay and benefits above Pike Road Elementary.**

6.  Since your separation from employment with Dynamic to the present, state all sources of income and the total amount of compensation you have received from each source.

**RESPONSE:   2018 - $2,295 from Jimmy Massey's Cleaners, $73 from Career Personnel Service, $3,959 from Kelly Services USA, LLC; 2019 - $7,312.28 from Kelly Services USA, LLC, $1,048.04 from Doordash; 2020 -**

**$8,878 from Kelly Services USA, LLC; 2021 - $8,445.44 from Kelly Services USA, LLC; $6,404.92 from Pike Road Elementary School; 2022 – earning $20,816 annually at Pike Road Elementary School.  Will earn $44,000 annually after tentative start date of August 8, 2022 with Phalen Leadership Academies.**

**To the extent this information varies from response provided to any other defendant's request, this response is meant to supplement, not replace or contradict any earlier responses.**

7.  For all damages which you claim in this lawsuit, state with specificity the nature of the damage claimed (e.g., compensatory damages, punitive damages, attorneys' fees, etc.) and, for each item of damage, state the amount of money 7 claimed, identify with particularity all facts, documents, or other evidence which relate to or which will substantiate your claim for damages, and state with particularity your method of computing claimed damages.

**RESPONSE:   Plaintiff objects to this request to the extent it seeks information subject to the attorney work product. Subject to and without waiving this objection Plaintiff suffered lost wages as a result of discriminatory termination from the Dynamic through the date of trial to be determined through discovery. Plaintiff suffered mental anguish damages to be determined by a jury. Plaintiff's back pay is based on her hiring by**

Dynamic at $13.00 per hour, full time, for at least 40 hours per week totaling $520 per week. Plaintiff was terminated on August 1, 2017. Without any consideration for lost benefits, potential raises, overtime, bonuses or other amounts, Plaintiff has estimated her lost wages/backpay at $153,400 for the above weekly rate for 295 weeks (through the end of 1st Quarter 2023 with a current trial date projected in late March).  Plaintiff also asserts she will be entitled to Mental anguish/punitive damages to be determined by a jury, attorney's fees and costs and interest. Plaintiff may also be entitled to future wages related to the earning and promotional potential. Plaintiff refers to her supplemental initial disclosures from January 2022 for more detailed figures.

To the extent this information varies from response provided to any other defendant's request, this response is meant to supplement, not replace or contradict any earlier responses.

8.  Other than the damages listed in response to the preceding interrogatory, describe with particularity all other relief you are seeking in this lawsuit.

RESPONSE:   In addition to back pay, plaintiff will seek compensatory damages in the form of emotional distress damages related to among other things: embarrassment, shame, humiliation, damage to professional reputation, and loss of enjoyment. Plaintiff will seek interest, costs, attorney's fees and front pay and punitive damages where appropriate.

9.   Identify and describe in detail (including, but without limitation, the date, author, recipient, whereabouts if known, and substance) each and every document of which you are aware that reflects in any way the damages you seek to recover in this lawsuit, and identify any supporting documents.

**RESPONSE: Plaintiff objects to this request to the extent it seeks information protected by attorney work product. Plaintiff objects to this request as overly broad and unduly burdensome and ambiguous as to "damages suffered by you." Subject to and without waiving this objection Dynamic Security is in possession of paychecks and on-boarding documents reflecting my agreed pay rate. Dynamic, HMMA, or HEA have my time sheets related to the dates worked and the time sheets of plaintiff's replacement(s). Subsequent paychecks and tax returns that show earnings to date have been produced. Plaintiff is not aware of any documents showing a particular amount of damages for mental distress.**

10. State the name, address, and telephone number of each and every person you believe may have knowledge regarding the damages sought by you in this lawsuit.

**RESPONSE:   Plaintiff refers to her initial disclosures. Related specifically to mental anguish damages, Plaintiff refers to the individuals identified in Request #1.**

11.Identify any and all medical providers and mental health providers (see definition) from whom you have sought counseling or treatment related to the suffering you described in Count One (paragraphs 106, 107, and 108 and the following "Relief" paragraph); Count Two (paragraphs 122, 123, and 124 and the following "Relief" paragraph); Count Three (paragraphs 136, 127, and 138 and the following "Relief" paragraph); Count Four (paragraphs 148, 149, and 150 and the following "Relief" paragraph); Count Five (paragraphs 160, 161, and 162 and the 8 following "Relief" paragraph); and any other physical, mental and/or emotional distress and anguish that you allege in this lawsuit.

12.    RESPONSE:      **Plaintiff was treated by Dr. Latoya Clark,  OBGYN during her pregnancy in 2017 that is related to the subject matter of this case. 1758 Pine Park Pl., Ste 301, Montgomery, AL 36106. Plaintiff has received therapy services from Lillian Sanchez, Sabree Therapeutic Services, 4110 Wall St., Montgomery, AL 36106 since 2021**. **To the extent this information varies from response provided to any other defendant's request, this response is meant to supplement, not replace or contradict any earlier responses.**

13.Identify all medications that you have been prescribed and/or that you have taken related to the suffering you described in Count One (paragraphs 106, 107, and 108 and the following "Relief" paragraph); Count Two (paragraphs 122, 123, and 124 and the following "Relief" paragraph); Count Three (paragraphs 136, 127,

and 138 and the following "Relief" paragraph); Count Four (paragraphs 148, 149, and 150 and the following "Relief" paragraph); Count Five (paragraphs 160, 161, and 162 and the following "Relief" paragraph); and any other physical, mental and/or emotional distress and anguish that you allege in this lawsuit; including in your response the name of the medication, dosage, prescribing physician, date first prescribed and the name and address of the pharmacy that filled it.

**RESPONSE:   Plaintiff objects to this request as overly broad and not proportional to the needs of the case in that it seeks private information regarding mental health treatment that is subject to confidentiality.**

14. Other than those identified in response to another interrogatory, identify any and all medical providers (see definition) that have evaluated or treated you since July 1, 2007, including the name and address of each provider, date of each and every such evaluation or treatment, the reasons for seeking such evaluation or treatment, any diagnoses related to such treatment, and the scope of time under which you were under treatment.

**RESPONSE: Plaintiff objects to this requests as overly broad and not proportional to the needs of the case in that it seeks information related to medical treatment not related to the claims in this case.**

15. Other than those identified in response to another interrogatory, identify any and all mental health providers (see definition) from whom you have received 9

treatment (evaluation, treatment, counseling, therapy, advice, or other treatment) since July 1, 2007; including the name and address of the provider, the type of each and every such treatment, the date of each and every such treatment, the reasons for seeking such treatment, any diagnoses related to such treatment, and the scope of time under which you were under treatment.

**RESPONSE:   Plaintiff objects to this requests as overly broad and not proportional to the needs of the case in that it seeks information related to mental health treatment not related to the claims in this case.**

16. Other than those identified in response to another interrogatory, identify all medications that you have been prescribed and/or that you have taken related to your mental health since July 1, 2007, including in your response the name of the medication, dosage, prescribing physician, date first prescribed and the name and address of the pharmacy that filled it.

**RESPONSE:   Plaintiff objects to this requests as overly broad and not proportional to the needs of the case in that it seeks information related to medical and mental health treatment not related to the claims in this case.**

17. Other than the claims involved in this action, identify any judicial or legal actions you have filed or have been a party to (including civil, bankruptcy and criminal actions). As to each judicial action or lawsuit, identify the court in which the action was brought; the case action number, the date the complaint or action

was filed; the name and address of the person or company against whom the complaint or action was filed; the date(s) of the incident(s) or event(s) which was the basis of the complaint or action; the details of the incident(s) or event(s) which was the basis of the complaint or action; the final resolution or present status of the complaint or action; and all documents related to such complaint or action.

**RESPONSE: Plaintiff objects to this request as not limited in time and scope and not proportional to the needs of the case. Subject to and without waiving this objection Plaintiff states: she filed for unemployment when Hyundai and Dynamic fired her and when necessary for COVID-19 layoffs. She had a garnishment related to a collection from Midland Funding in 2019 in Montgomery, Alabama. Plaintiff refers to IROG #9 and #10 in response to HMMA.**

**To the extent this information varies from response provided to any other defendant's request, this response is meant to supplement, not replace or contradict any earlier responses.**

18. Other than the EEOC Charges you filed against Dynamic and HMMA, identify all other EEOC Charges you have filed, including in your response, the name and address of the person or company against whom you filed the Charge; the date you filed the charge; a description of the allegations in the Charge; the

final resolution or present status of the Charge; and all documents related to such

complaint or action.

**RESPONSE:   Plaintiff objects to this request to the extent it is not limited**

**in time to the appropriate 5-year period and to the extent it assumes Plaintiff**

**did not file against "Hyundai" which included HMMA and HEA.  Subject to**

**and without waiving this objection, plaintiff has not filed any other EEOC**

**charges.**

19. State the name, address and qualifications of each and every expert witness

whom you expect to call in the trial of this matter. As to such expert witness,

answer the following: (a) State the subject matter on which said expert is expected

to testify; (b) State the substance of the facts and opinions to which the expert is

expected to testify; and (c) State a summary of the grounds for each opinion.

**RESPONSE: Plaintiff objects to this request to the extent it seeks**

**information protected by attorney work product. Discovery is still ongoing,**

**and Plaintiff will follow all orders of the Court and the Federal Rules of Civil**

**Procedure related to disclosure of experts.**

20. Identify all written or verbal statements provided to you or anyone acting on

your behalf concerning the allegations in your lawsuit, including full name and

contact information (address and telephone number) of the person who gave the

statement, the date each statement was made; the full name and contact

information of the person taking the statement, the form of the statement (written or oral), the present location of the statement; and a description of all non-privileged documents relating to each statement.

**RESPONSE:** **Plaintiff objects to this request to the extent in seeks information protected by the attorney work product. Discovery is still ongoing and not all witnesses have been identified. Subject to and without waiving this objection, Plaintiff has no persons to identify at this time and will supplement as necessary. Plaintiff has not withheld any information on the basis of the objections.**

21. Please identify each and every of Plaintiff's mailing addresses between July 2017 and October 2019, providing the specific date range for each.

**RESPONSE: Plaintiff's mailing address from July 2017 through October 2019 was 6940 Wrangler Road, Apt. C, Montgomery, AL 36117.**

22. Please identify each and every of Plaintiff's mailing addresses during the following months, providing the specific date range for each: March 2019 and July 2019.

RESPONSE: **Plaintiff's only mailing address from March 2019 through July 2019 was 6940 Wrangler Road, Apt. C, Montgomery, AL 36117.**

23. Please describe any problems or issues you had with receipt of mail during March 2019, identifying the exact dates on which you had such problems, the

17

mailing address at which you had such problems, and a list of any and all mailed

items for which you claim delayed receipt.

**RESPONSE:   Plaintiff objects to this request as overly broad and unduly**

**burdensome and ambiguous. Plaintiff cannot identify each and every**

**"problem" or "issue" as a recipient of mail does not always know whether**

**mail has not been received. To the extent this request seeks information**

**related to the Dismissal and Notice of Rights, this request assumes that the**

**EEOC mailed the document and the issue was with the postal services when**

**plaintiff can cannot identify where the issue arose, only that she did not**

**receive any Dismissal and Notice of Rights related to Dynamic Security until it**

**was filed as part of this lawsuit.**


As to interrogatory responses:

_Davita Key_
Davita Key
Plaintiff

STATE OF ALABAMA          )
JEFFERSON COUNTY          )
Etowah

     Before me, the undersigned, a Notary Public in and for said County and
State, personally appeared Davita Key, who on her oath stated the matters and facts
alleged in the foregoing are turn and correct.

     Sworn and subscribed before me this 11th day of April, 2022.

_Bond Clay_

Notary Public
My Commission Expires: 11/5/24

As to objections:

Attorneys for Plaintiff
/s/ Heather Leonard
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir. Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

/s/ Leslie A. Palmer
Leslie A. Palmer
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

## Certificate of Service

I hereby certify that I have served the foregoing on all counsel of record by e-mail as agreed among the parties on this 11th day of April, 2022 as follows:

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Secuirty, Inc.

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
PO Box 11945
Birmingham, AL 35202
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
Phone: (205) 326-3002
Counsel for Hyundai Motor Manufacturing Alabama, LLC

T. Matthew Miller
Cortlin Bond
Bradley, Arant, Boult Cummings, LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
mmiller@bradley.com
cbond@bradley.com
Phone: (205) 521-8000
Counsel for Hyundai ENG America, Inc.

/s/ Leslie A. Palmer
OF COUNSEL