# Exhibit 49

# Plaintiff's Response to Dynamic's Request for Production

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-767-ECM |
| | ) |
| HYUNDAI MOTOR MANUFACTURING, ALABAMA, LLC; HYUNDAI ENG AMERICA, INC.; and DYNAMIC SECURITY, INC. | ) ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT
DYNAMIC SECURITY INC.'S FIRST REQUEST FOR PRODUCTION**

Plaintiff, Davita Key, submits the following responses to Defendant Dynamic Security Inc.'s First Requests for Production of Documents and Things pursuant to the agreement of the parties and Rule 34 of the Federal Rules of Civil Procedure.

**GENERAL RESPONSES**

1. The word usage and sentence structure of the Responses is that of the attorney for Plaintiff who assisted in the preparation of the Responses and is not that of the person executing the response.

2. The Responses are based on information now available to Plaintiff.

3. Plaintiff has not completed her discovery in this lawsuit, nor has she completed her investigation into the claims which are the subject of this action

1

and other matters relevant to this litigation.

4. In providing these Responses, Plaintiff does not waive or intend to waive, but rather preserve and intend to preserve:

   a. All objections as to competency, relevancy, materiality, and admissibility;

   b. The right to object on any ground to the use or admissibility of any of the answers herein or documents produced by Plaintiff in connection with the Answers in any subsequent proceedings, including the trial of this or any other action;

   c. All objections as to vagueness and ambiguity; and

   d. The right to object on any ground to any further Discovery Requests involving or related to any of the Individual Discovery Requests.

5. Plaintiff reserves the right to supplement any responses.

6. To the extent any response varies from a response provided to another defendant's requests in this same action, these responses are intended to supplement as opposed to contradict any prior response.

## **REQUESTS FOR PRODUCTION**

1.     Any and all documents (including but not limited to records, writings, notes, audio or video recordings, e-mails, text messages, personal messages, Facebook messages, correspondence, notes, diary, journal entry, electronic notes in your phone or elsewhere, memoranda, physical evidence, and as further defined in the definitions section above) that reflect or relate to any and all communications by and between you and Dynamic (including any of its current or former employees,

2

representatives, or agents) regarding your employment with Dynamic, your EEOC charges against Dynamic, and/or your lawsuit against Dynamic.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome in that Plaintiff cannot recall or produce each and every conversation she has had with dynamic or touching on her employment and claims against dynamic. Plaintiff objects that the request is vague and ambiguous regarding "reflect or relate." Plaintiff objects that the request seeks information subject to attorney work product and/or attorney client privilege. Subject to and without waiving these objections, Plaintiff refers Defendant to her voluminous documents already produced in this action in response to other Defendants' requests and initial disclosures and to any documents produced herewith. Plaintiff further states she kept journal notes on a phone that is currently not functional related to her feelings during the relevant time period. Plaintiff has not withheld identification of any responsive document**.

2.      Any and all documents (including but not limited to records, writings, notes, audio or video recordings, e-mails, text messages, personal messages, Facebook messages, correspondence, notes, diary, journal entry, electronic notes in your phone or elsewhere, memoranda, physical evidence, and as further defined in the definitions section above) that reflect or relate to your employment with Dynamic, your EEOC charges against Dynamic, and/or your lawsuit against Dynamic.

**RESPONSE: Plaintiff objects to this request as vague and ambiguous regarding "reflect or relate." Plaintiff objects that the request seeks information subject to attorney work product and/or attorney client privilege. Subject to and without waiving these objections, Plaintiff refers Defendant to her voluminous documents already produced in this action in response to other Defendants' requests and initial disclosures and to any documents produced herewith. Plaintiff further states she kept journal notes on a phone that is currently not functional related to her feelings during the relevant time period. Plaintiff has not withheld identification of any responsive document**.

3.      Any and all documents sent to or received from Dynamic (including any of its current or former employees, representatives, or agents) during your employment (including but not limited to performance evaluations, disciplinary or counseling forms or notices, handbooks, policies, memoranda, e-mails, notices,

3

correspondence, notes, compensation records, and as further defined in the definitions section above).

**RESPONSE:** **Plaintiff has produced all responsive documents in her possession.**

4.     Any and all documents (including but not limited to records, writings, notes, audio or video recordings, e-mails, text messages, personal messages, Facebook messages, correspondence, notes, diary, journal entry, electronic notes in your phone or elsewhere, memoranda, physical evidence, and as further defined in the definitions section above) that you and/or your attorney will rely upon (or is considering relying upon) to support any of the factual or legal allegations you make against Defendant in this lawsuit.

**RESPONSE: Plaintiff objects to this request as overly broad, unduly burdensome, and seeking information subject to the attorney client privilege or attorney work product. Discovery is still ongoing, and Plaintiff has not identified all supporting documents which she intends to rely on.  Subject to and without waiving this objection, Plaintiff has produced all responsive documents in her possession in response to other requests by this and other defendants. Plaintiff will supplement as necessary and will follow all orders of the court related to trial exhibits.**

5.     Any and all documents (e.g., records, writings, notes, audio or video recordings, e-mails, correspondence, notes, diary, journal entry, electronic notes in your phone or elsewhere, memoranda, physical evidence, and as further defined in the definitions section above) which record or relate to your receipt of income from July 1, 2017, to present, including, but not limited to, paycheck stubs, correspondence, notes, memoranda, W-2 forms, 1099 forms, and any other documents filed with the Internal Revenue Service or the State of Alabama relating to your income taxes.

**RESPONSE: Plaintiff has produced all responsive documents in her possession.**

6.     Any and all documents relating to any salary, wages, income, payment, or monies received by you from whatever source from July 1, 2017, to the present to the extent that those documents were not requested in the prior RFP, including but not limited to workers' compensation benefits, unemployment compensation

4

benefits, short or long-term disability benefits, life insurance benefits, and social security benefits.

**RESPONSE: Plaintiff has produced all responsive documents in her possession.**

7. Any and all documents which relate to any efforts to seek employment (and/or temporary, contract, or PRN work) from July 1, 2017, to the present, including, but not limited to, resumes, job applications (on-line or hard copy), emails, cover letters, phone messages, and all documents which reflect whether such efforts were successful or unsuccessful. (This also encompasses any attempts to gain employment through an employment or placement agency.)

**RESPONSE: Plaintiff has produced her resume as Key 34-36 and job search e-mails as Key 131-248. Plaintiff is not in possession of any applications and those documents would remain in the possession of the third-party company to which she applied.**

8. Any and all documents in your possession relating to any and all lawsuits or judicial actions (not omitting bankruptcy proceedings) you have filed in any state or federal court other than the present action.

**RESPONSE: Plaintiff is not in possession of any responsive documents.**

9. Each and every statement or report you have made or you have obtained (in any form) from any person(s) regarding (or in any way related to or concerning) any factual or legal allegation you make against Defendant in this lawsuit.

**RESPONSE: Plaintiff objects to this request to the extent in seeks information protected by the attorney work product. Discovery is still ongoing and not all witnesses have been identified. Subject to and without waiving this objection, Plaintiff has no persons to identify at this time and will supplement as necessary. Plaintiff has not withheld any information on the basis of the objections.**

10. Any and all documents (including but not limited to records, writings, notes, audio or video recordings, e-mails, text messages, personal messages, Facebook messages, correspondence, notes, diary, journal entry, electronic notes in your

5

phone or elsewhere, memoranda, physical evidence, and as further defined in the definitions section above) relating to your claim that Dynamic retaliated against you for protected activity.

**RESPONSE: Plaintiff objects to this request as vague and ambiguous regarding "relate." Plaintiff objects that the request seeks information subject to attorney work product and/or attorney client privilege. Subject to and without waiving these objections, Plaintiff refers Defendant to her voluminous documents already produced in this action in response to other Defendants' requests and initial disclosures and to any documents produced herewith. Plaintiff further states she kept journal notes on a phone that is currently not functional related to her feelings during the relevant time period. Plaintiff has not withheld identification of any responsive document**.

11.     Any and all documents (including but not limited to records, writings, notes, audio or video recordings, e-mails, text messages, personal messages, Facebook messages, correspondence, notes, diary, journal entry, electronic notes in your phone or elsewhere, memoranda, physical evidence, and as further defined in the definitions section above) relating to every EEOC charge or complaint you made against Dynamic Security, Inc. or a Dynamic employee.

**RESPONSE: Plaintiff objects to this request as vague and ambiguous regarding "relate." Plaintiff objects that the request seeks information subject to attorney work product and/or attorney client privilege. Subject to and without waiving these objections, Plaintiff refers Defendant to her voluminous documents already produced in this action in response to other Defendants' requests and initial disclosures and to any documents produced herewith. Plaintiff further states she kept journal notes on a phone that is currently not functional related to her feelings during the relevant time period. Plaintiff has not withheld identification of any responsive document**.

12.     All documents relating to the damages which you claim to have suffered and for which you seek recovery in this action (this request also encompasses all documents relating to any steps you have taken to mitigate damages).

**RESPONSE: Plaintiff has produced her pay and job search information.**

13.     All medical records and mental health records (see definitions above) related to the suffering you described in Count One (paragraphs 106, 107, and 108 and the following "Relief" paragraph); Count Two (paragraphs 122, 123, and 124 and the

6

following "Relief" paragraph); Count Three (paragraphs 136, 127, and 138 and the following "Relief" paragraph); Count Four (paragraphs 148, 149, and 150 and the following "Relief" paragraph); Count Five of your Amended Complaint (and any other suffering you have alleged in this lawsuit), which includes both mental and emotional humiliation and anguish and any physical manifestations of the same.

**RESPONSE: Plaintiff objects to this request as overly broad and not proportional to the needs of the case in that it seeks private information regarding mental health treatment that is subject to confidentiality. Defendants are in possession of the original doctor's letter related to Plaintiff's pregnancy. No other medical or mental health information is relevant or proportional to the needs of the case.**

14. All prescription and pharmacy records related to the suffering you described in Count One (paragraphs 106, 107, and 108 and the following "Relief" paragraph); Count Two (paragraphs 122, 123, and 124 and the following "Relief" paragraph); Count Three (paragraphs 136, 127, and 138 and the following "Relief" paragraph); Count Four (paragraphs 148, 149, and 150 and the following "Relief" paragraph); Count Five of your Amended Complaint (and any other suffering you have alleged in this lawsuit), which includes both mental and emotional humiliation and anguish and any physical manifestations of the same.

**RESPONSE: Plaintiff objects to this request as overly broad and not proportional to the needs of the case in that it seeks private information regarding medical and mental health treatment that is subject to confidentiality.**

15. All your medical and mental health records (see definitions above) from August 1, 2007, to the present.

**RESPONSE: Plaintiff objects to this request as not limited to the relevant and appropriate time period. Plaintiff objects to this request as overly broad and not proportional to the needs of the case in that it seeks private information regarding medical and mental health treatment that is subject to confidentiality.**

16. All your prescription and pharmacy records from August 1, 2007, to the present.

**RESPONSE: Plaintiff objects to this request as not limited to the relevant and appropriate time period. Plaintiff objects to this request as overly broad and not proportional to the needs of the case in that it seeks private information regarding medical and mental health treatment that is subject to confidentiality.**

17.    To the extent not produced in response to another RFP, all documents of any medical or mental health provider which reflect the invoicing/charges for all medical or mental health services related to the suffering you describe in Count One (paragraphs 106, 107, and 108 and the following "Relief" paragraph); Count Two (paragraphs 122, 123, and 124 and the following "Relief" paragraph); Count Three (paragraphs 136, 127, and 138 and the following "Relief" paragraph); Count Four (paragraphs 148, 149, and 150 and the following "Relief" paragraph); Count Five of your Amended Complaint (and any other suffering you have alleged in this lawsuit), which includes both mental and emotional humiliation and anguish and any physical manifestations of the same and all documents which reflect payment for those services either by you, your insurance carrier, or from some other source.

**RESPONSE: Plaintiff is not in possession of or aware of any documentation reflecting the amount of damages related to mental and emotional humiliation and anguish.**

18.    Any and all documents (including but not limited to records, writings, notes, audio or video recordings, e-mails, text messages, personal messages, Facebook messages, correspondence, notes, diary, journal entry, electronic notes in your phone or elsewhere, memoranda, physical evidence, and as further defined in the definitions section above) related to your separation from Dynamic, including but not limited to records of calls to/from, or visits with, any member of Dynamic management.

**RESPONSE: Plaintiff objects to this request as vague and ambiguous regarding "related." Plaintiff objects that the request seeks information subject to attorney work product and/or attorney client privilege. Subject to and without waiving these objections, Plaintiff refers Defendant to her voluminous documents already produced in this action in response to other Defendants' requests and initial disclosures and to any documents produced herewith. Plaintiff further states she kept journal notes on a phone that is currently not functional related to her feelings during the relevant time period. Plaintiff has not withheld identification of any responsive document.**

8

19. All audio or video recordings of any employee of Dynamic related to any aspect of your employment.

**RESPONSE: Plaintiff is not in possession of or aware of any responsive documents.**

20. All reports prepared by any expert witness in this action and any documents upon which such reports are based.

**RESPONSE: Plaintiff objects to this request as it seeks information subject to the attorney work product. Discovery is still ongoing. Plaintiff will follow all orders of the Court and the Federal Rules of Civil Procedure regarding expert report disclosure. Subject to and without waiving this objection Plaintiff has not withheld any responsive documents on the basis of this objection.**

21. Any document you intend to use at any deposition in this matter, regardless of whether such documents were requested by Defendant or were identified in Plaintiff's Rule 26 disclosures.

**RESPONSE: Plaintiff objects to this request as overly broad, unduly burdensome, and seeking information subject to the attorney client privilege or attorney work product. Discovery is still ongoing, and Plaintiff has not identified all supporting documents which she intends to rely on. Subject to and without waiving this objection, Plaintiff has produced all responsive documents in her possession in response to other requests by this and other defendants. Plaintiff will supplement as necessary and will follow all orders of the court.**

22. Each and every document Plaintiff consulted in answering Defendant's First Interrogatories to Plaintiff or referenced in her answers.

**RESPONSE: Plaintiff has produced all responsive documents in her possession.**

Submitted this 11th day of April, 2022.

                                                  Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir. Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

                                      */s/ Leslie A. Palmer*
Leslie A. Palmer
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

## Certificate of Service

  I hereby certify that I have served the foregoing on all counsel of record by e-mail as agreed among the parties on this 11th day of April, 2022 as follows:

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Secuirty, Inc.

David J. Middlebrooks
Whitney R. Brown
Lehr Middlebrooks Vreeland & Thompson, P.C.
PO Box 11945
Birmingham, AL 35202
dmiddlebrooks@lehrmiddlebrooks.com
wbrown@lehrmiddlebrooks.com
Phone: (205) 326-3002
Counsel for Hyundai Motor Manufacturing Alabama, LLC

T. Matthew Miller
Cortlin Bond
Bradley, Arant, Boult Cummings, LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
mmiller@bradley.com
cbond@bradley.com
Phone: (205) 521-8000
Counsel for Hyundai ENG America, Inc.

              */s/ Leslie A. Palmer*
              OF COUNSEL