IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVITA M. KEY,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  ) CIVIL CASE NO. 2:19-cv-767-ECM
                                        )
HYUNDAI MOTOR MANUFACTURING             )
ALABAMA, LLC, *et al*.,                 )
                                        )
            Defendants.                 )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
DYNAMIC SECURITY INC.'S DEPOSITION DESIGNATIONS**

Defendant Dynamic Security, Inc. responds to Plaintiff's Objections to

Dynamic Security Inc.'s Deposition Designations as follows:

**Dynamic's Responses to Plaintiff's Objections to Its Counter-Designations
for the Deposition Transcript of the 30(b)(6) Deposition of Kristal Riddle.[1]**

    1.    Designation withdrawn.

    2.    Plaintiff raised no objection.

    3.     Plaintiff raised no objection.

    4.    Objections may be reserved until trial, but the objections must be

included to avoid any waiver of the objections as to form.

---

[1] These pages all related to counter designations offered by Dynamic. (Doc. 112).

5. Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

6. Plaintiff raised no objection.

7. Plaintiff raised no objection.

8. Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

9. The question was responsive to Plaintiff's counsel's question and is offered as a counter to deposition testimony offered by Plaintiff. The answer is not offered for the truth of the matter asserted, but to show the deponent's knowledge and the source of that knowledge. The testimony is not speculative, but is based on Plaintiff's actions. The testimony also identified business records, which are records of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6). The information is relevant and not unduly prejudicial.

10. The question was responsive to Plaintiff's counsel's question and is offered as a counter to deposition testimony offered by Plaintiff. Plaintiff was a Dynamic employee and, therefore, the information is relevant.

11. Plaintiff raised no objection.

12. Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

13.   The portions of the deposition testimony attached by Plaintiff does not include any testimony. The question was responsive to Plaintiff's counsel's question and is offered as a counter to deposition testimony offered by Plaintiff.  The answer is clear to counsel's question and is not taken out of context, confusing or prejudicial.  It is admissible lay opinion by Dynamic management. Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

14.    The question was responsive to Plaintiff's counsel's question and is offered as a counter to deposition testimony offered by Plaintiff.  The answer is clear to counsel's question and is not taken out of context, confusing or prejudicial.

15.   The question was responsive to Plaintiff's counsel's question and is offered as a counter to deposition testimony offered by Plaintiff.  The answer is clear to counsel's question and is not taken out of context, confusing or prejudicial.

16.   Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

17.   The question was responsive to Plaintiff's counsel's question and is offered as a counter to deposition testimony offered by Plaintiff.  The answer is not offered for the truth of the matter asserted, but to show the

deponent's knowledge and the source of that knowledge. The testimony is not speculative, but is based on Plaintiff's actions and Dynamic's actions. The testimony also identified business records, which are records of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6). The information is relevant and not unduly prejudicial. Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

## A.    **SHERRY SPIRES**

1.    Dynamic has no objection to cleaning up the record to remove discussions among counsel that is not testimony or objections.  To the extent the objections are based on objections made to testimony, objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form,   The testimony referenced on pages 19 and 20 is not speculation but is based on information from reliable sources, the witness's own personal knowledge regarding her actions and directions, the fact of her communications with others, and her reliance on business records, which are records of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6). This information was offered in response to pages designated by Plaintiff.  The information is not hearsay if it is not offered for the truth of the matter asserted.

4

2.    Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

3.    Dynamic has no objection to including for context the additional deposition pages proposed by Plaintiff, pages 22:17-23:11 of Spires's deposition transcript.

4.    Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

5.    Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

6.    Plaintiff raised no objection.

7.    These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are not out-of-court statements offered for the truth of the matter asserted and, therefore, are not hearsay. The fact that the answer may go to an issue in the trial does not make the information inadmissible.

8.    These answers are in response to questions posed by Plaintiff's counsel. They are based on the witness's personal knowledge. The fact that the answer may go to an issue in the trial does not make the information inadmissible. Dynamic objects to including the additional pages unless Plaintiff has designated them pursuant to this Court's prior Orders.

9.      Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.  The testimony at 37:14-38:01 is responsive to the question as it demonstrates that the question is based on a false factual assumption.

10.     Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

11.     Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

12.     Plaintiff raised no objection.

13.     These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are not out-of-court statements offered for the truth of the matter asserted and, therefore, are not hearsay.  The document referenced is a business record, which is a record of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6).

14.     These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are not out-of-court statements offered for the truth of the matter asserted and, therefore, are not hearsay.  The document referenced is a business record, which is a

record of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6).

15.     These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are not out-of-court statements offered for the truth of the matter asserted and, therefore, are not hearsay.  The document referenced is a business record, which is a record of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6).

16.     Dynamic withdraws this designation.

17.     Plaintiff raised no objection..

18.     These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.  They are also admissible as a present sense impression, statement of then-existing mental condition, and a recorded recollection.  They are not taken out of context, but are responsive to show the acts the witness took and the reasons for the action. The document referenced is a business record, which is a record of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6).

19.    These answers are in response to questions posed by Plaintiff's counsel. They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.  It is not an out-of-court statement offered for the truth of the matter asserted or shown to be based on an out-of-court statement.   The statement does not call for speculation, but the witness's own knowledge.

20.    The testimony is relevant to Dynamic's policies on discrimination and harassment (and the witness's knowledge thereof) and, therefore, relevant to its defenses, including defenses to punitive damages.

21.    These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions. The information is not inadmissible hearsay, but is a business record, which is a record of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6). The information is also not hearsay to the extent it is not being offered for the truth of the matter asserted.

## B.    **RAY CURETON**

1.    Plaintiff raised no objection.

2.    This is admissible and relevant evidence regarding the witness's current employment and background.

3.      Plaintiff raised no objection.

4.      Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

5.      Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

6.      Dynamic withdraws this designation.

7.      Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

8.      These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.  Dynamic agrees that any testimony related exclusively to policies in 2020 can be excluded.

9.      These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are not based on inadmissible hearsay.  The document at issue is not hearsay as it is not being offered for the truth of the matter asserted, but as a policy provided by Dynamic's client.  If the document is hearsay, it is a business record, which is a record of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6).

10.     These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are not based on inadmissible hearsay.  The document at issue is not hearsay as it is not being offered for the truth of the matter asserted, but as a policy provided by Dynamic's client.  If the document is hearsay, it is a business record, which are records of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6). Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

11.     Dynamic has no objection to including the additional pages requested by Plaintiff.

12.     Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

13.     Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.  Dynamic objects to including the additional requested pages as they are not necessary to place the prior testimony in context.

14.     These answers are in response to questions posed by Plaintiff's counsel.  They are not based on inadmissible hearsay and are not being offered for the truth of the matter asserted.

15.    Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.  These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.  The testimony is responsive to the question as the testimony demonstrates that the question is based on a false factual assumption.

16.    Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

17.    The information relied on is not inadmissible hearsay.  It is not offered for the truth of the matter asserted, but for the fact that certain statements were made or that certain policies were presented.  The document referenced is a business record, which is a record of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6).Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

18.    Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

19.    Plaintiff raised no objection.

20.     Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.  Dynamic agrees the testimony should include the testimony Plaintiff referenced, which continues through 96:03.

21.     Plaintiff raised no objection.

22.     Dynamic included 97:14-17 in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.  Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.  Dynamic also included 99:4-100:9 in response to certain deposition testimony Plaintiff designated to clarify the designated testimony and to place it in the proper context.  These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.  There is no confusion or misleading information in the answers. The answer also explains certain statements made by the witness.

23.     These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.  The question is responsive and does not evade the question.

24.     Dynamic included this information in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.  These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.  The question is responsive and does not evade the question.  There is no confusion or misleading information in the answers. The answer also explains certain statements made by the witness.  The testimony the Plaintiff asks to be included does not need to be included as it is not relevant to any issue in this case as the witness testimony is that he does not remember the information requested.

25.     Dynamic included this information in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.  These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.  The information relied on is not inadmissible hearsay.  It is not offered for the truth of the matter asserted, but for the fact that certain statements were made.  The document referenced is a business record, which are records of Dynamic's regularly conducted activity and subject to an

exception from the hearsay rule pursuant to FRE 803(6). Dynamic incorporates its responses to the objections contained in the previous paragraph.

26.    Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.  Dynamic included this information in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.   These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's questions.   The information relied on is not inadmissible hearsay. The statements testified to are statements by a party opponent, and the documents are business records, which are records of Dynamic's regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6).

27.    No objection is made to this one.

28.    Dynamic included this information in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.  These answers are in response to questions posed by Plaintiff's counsel.  They are based on the witness's personal knowledge and are a straight–forward answer to Plaintiff's counsel's

questions. The information relied on is not inadmissible hearsay. No statement is being offered for the truth asserted. Instead, the statement references an act taken.

29. Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

30. No objection was made to this one.

31. No objection was made to this one.

## C.   **CASSANDRA WILLIAMS**

1. Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

2. No objection was made to this one.

3. No objection was made to this one.

4. The testimony is not inadmissible hearsay offered for the truth of the matter asserted, but is offered for the fact the statement was made. Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objections as to form.

5. Dynamic included the designated pages in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context. Plaintiff's designation of the

testimony around these pages did not include the question, but only the answer.

6.     No objection was made to this one.

7.     Dynamic included the designated pages in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.  Plaintiff made this issue possibly relevant by designating certain pages relating to this testimony.

8.     Dynamic included the designated pages in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.  Plaintiff offered testimony regarding the statements made and these questions are simply to clarify and determine exactly what was said during the conversation.

9.     No objection was made to this one.

10.    Objections may be reserved until trial, but the objections must be included to avoid any waiver of the objection as to form.

11.    Dynamic included the designated pages in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.  No hearsay testimony was elicited, and the question was not intended to elicit an out-of-court statement

for the truth of the matter asserted but to determine if any such statement was made.

12.     Dynamic included the designated pages in response to certain deposition testimony Plaintiff designated (doc. 101) to clarify the designated testimony and to place it in the proper context.  No hearsay testimony was elicited, and the question was not intended to elicit an out-of-court statement for the truth of the matter asserted but to determine if any such statement was made.  Plaintiff offered testimony regarding the statements made and these questions are simply to clarify and determine exactly what was said during the conversation.

### D.     <u>PLAINTIFF DAVITA M. KEY</u>

Dynamic responds to Plaintiff's general objections to use of her deposition transcript. Rule 32, Fed. R. Evid. permits use of a deposition against a party under certain conditions: "At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8)." The portions of the deposition designated by Dynamic and any parts needed for

impeachment are statements of a party allowed by Rule 32(a)(1) of the Federal Rules of Evidence.

Plaintiff's deposition testimony may be used for impeachment pursuant to Rule 32(a)(2), Fed. R. Evid., which provides, "[a]ny party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence."

Rule 32(a)(3) provides that an "adverse party may use for any purpose the deposition of a party."

This testimony was made under penalty of perjury at a deposition and was subject to cross-examination and is therefore admissible nonhearsay pursuant to FRE 801(d)(1)(A).

Plaintiff's deposition testimony is a statement of a party opponent and therefore nonhearsay pursuant to FRE Rule 801(d)(2).

The deposition is relevant as it contains information address the sole claim left to be tried, plaintiff's basis for that claim, and plaintiff's damages.

1.     Withdrawn.

2.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

3.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

4.   Rule 32(a)(3) provides that an "adverse party may use for any purpose the deposition of a party."  Plaintiff's deposition testimony may be used for impeachment pursuant to Rule 32(a)(2), Fed. R. Evid., which provides, "[a]ny party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence."

5.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

6.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

7.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

8.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

9.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

10.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

11.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

12. Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

13. Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

14. Dynamic reasserts its general objections set forth above this numbered list. Dynamic has no objection to cleaning up the record to remove discussions among counsel that is not testimony or objections. This testimony is relevant because it addresses the grooming policies that applied to her assignment to Hyundai. It includes testimony about the dreadlocks policy Plaintiff saw on Cassandra Williams' computer, which she testified in deposition was never printed. The testimony also identified business records, which are records of regularly conducted activity and subject to an exception from the hearsay rule pursuant to FRE 803(6). The information is relevant, not cumulative, and not unduly prejudicial.

15. Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

16. Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

17. Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

18.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

19.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

20.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

21.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list. Dynamic intended this designation to end at Line 14.

22.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

23.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

24.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

25.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

26.    Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

27.    Withdrawn.

28.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

29.     Withdrawn.

30.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

31.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

32.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

33.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

34.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

35.     Withdrawn due to Memorandum Order dismissing Title VII claims.

36.     Withdrawn due to Memorandum Order dismissing Title VII claims.

37.     Withdrawn due to Memorandum Order dismissing Title VII claims.

38.     Withdrawn due to Memorandum Order dismissing Title VII claims.

39.     Withdrawn due to Memorandum Order dismissing Title VII claims.

40.     Withdrawn.

41.     Withdrawn due to Memorandum Order dismissing Title VII claims.

42.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

43.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

44.     Withdrawn due to Memorandum Order dismissing Title VII claims.

45.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

46.     Dynamic agrees to extend the designation to encompass the entire answer, which is through 228:05.

47.     Plaintiff raised no objection.

48.     This testimony describes the origin of the Plaintiff's selfie photographs of hair and the fact that she kept the photos but not the journal or

email related to the photos in which she testified she was told her hair as depicted in the photos was acceptable. All of this testimony is relevant to the dispute regarding that her hair violated grooming policies. Rule 403 does not apply because this testimony is simple and would not prejudice or confuse the jury.

49.   This testimony reflects that Plaintiff was asked a question regarding her knowledge; it does not call for any legal conclusion and would not prejudice her or confuse the jury.

50.   Withdrawn.

51.   Withdrawn.

52.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

53.   Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

54.   This is not an incomplete passage but simple questions with simple answers provided by Plaintiff in which she admitted she did not comply with requested alternations to the manner in which she wore her hair to permit it to comply with the grooming policy, which is relevant to HMMA asking her not to return to the facility.

55.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

56.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

57.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

58.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

59.     Plaintiff raised no objection other than as set forth in 1(a). Dynamic reasserts its general objections set forth above this numbered list.

Respectfully submitted,

*/s/Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: 205-244-5905
        205-244-5904
Facsimile: 205-244-5901

*Counsel for Dynamic Security, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 16th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System, and a true and correct copy to counsel of record:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

*/s/ Wesley C. Redmond*
Wesley C. Redmond

WSACTIVELLP:13799584.1