IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-767-ECM |
| | ) | |
| HYUNDAI MOTOR MANUFACTURING, ALABAMA, LLC; HYUNDAI ENG AMERICA, INC.; and DYNAMIC SECURITY, INC. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSES TO
## DEFENDANT DYNAMIC SECURITY, INC.'S OBJECTIONS TO
## PLAINTIFF'S DEPOSITION DESIGNATIONS

COMES NOW the Plaintiff, pursuant to this Court's amended scheduling Order

(Doc. 57) and files these responses to Defendant Dynamic Security, Inc.'s

("Dynamic") objections (Doc. 130) to Plaintiff's Deposition Designations (Doc.

101) to permit the Court to rule on the objections before trial:

First, in response to Dynamic's objection to any designation beyond the

corporate representatives of Dynamic (Riddle and Spires) as hearsay, Plaintiff

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

asserts that the designation of other Defendant (HMMA and HEA) corporate representatives is not hearsay because it was made as an admission by party opponent under Fed. R. Evid. 801(d)(2). The testimony was credible as taken during the deposition of the corporate representative for each Defendant where the deponent was expected to testify truthfully, completely, and accurately, on behalf of the respective defendant. Regarding designations of deponent Ray Cureton, former employee of Dynamic Security, the testimony would fall under a hearsay exception because as noted in Plaintiff's original filing, the designation would only be used if Mr. Cureton was otherwise unavailable to testify live, or in the event of impeachment or prior inconsistent statement. Fed. R. Evid. 803-804.

Plaintiff responds to Dynamic's specific objections as further set out below, noting Dynamics objects followed by Plaintiff's response immediately below each objection:

**A.    Dynamic's 30(b)(6) Deponent, Kristal Riddle (included at Doc. 101-1):**

| PAGES AND LINES | OBJECTIONS |
|---|---|
| 053:20-053:23 | Lack foundation<br>Seeks a Lack of personal knowledge FRE 602 and seeks an improper legal conclusion<br>Relevance FRE, 401, 402 |

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

This testimony seeks the witness' understanding of what constitutes discrimination. This information is relevant as this witness was designated to testify as to Dynamics policies and procedures related to complaints and retaliation. The witness in early designated testimony identifies herself as the chief legal officer. This is a retaliation case so the defendant's understanding of what constitutes discrimination, in order to note a complaint of discrimination is relevant. A corporate representative is not required to have personal knowledge. The proper foundation was laid in the deponent's background.

| 055:22-056:01 | Lack of personal knowledge FRE 602 and seeks an improper legal conclusion<br>Relevance FRE, 401, 402<br>Assumes facts not in evidence |
|---|---|

This testimony asks specifically how the deponent, as chief legal officer would determine if discrimination had occurred based on a complaint. Plaintiff takes the same position as above that personal knowledge is not necessary for a corporate representative and the testimony is relevant to determine who the Defendant would assess and address Complaints of discrimination.

| 094:14-095:22 | Question calls for narrative<br>Vague |
|---|---|

This testimony seeks Dynamic's version of what happened with Plaintiff's assignment at Hyundai. The testimony is responsive to the question and not vague.

| 097:02-097:11 | Lack of personal knowledge FRE 602 and asks witness to speculate about the mental operations of<br>a third party |
|---|---|

This testimony asks who at Dynamic knew of Plaintiff's complaint. A corporate representative does not have to have personal knowledge. The corporation can form informed responses to questions of knowledge of its employees based on information available to the corporation. The response makes it clear that the deponent knew (and was not speculating) that the listed people had knowledge of Plaintiff's complaint.

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

| 119:23-120:01 | Object to the document and the other testimony on grounds that it contains hearsay FRE 801(c) Relevance FRE 401, 403 |
|---|---|
| This testimony relates to Plaintiff's Title VII claim. ||

| 127:10-127:17 | No foundation Lack of personal knowledge FRE 602 and seeks an improper legal conclusion Relevance FRE, 401, 402 |
|---|---|
| This testimony seeks Dynamic's position on what constitute retaliation. The proper foundation was laid concerning the deponent's background and whether she was authorized to testify to this topic. The deponent is a corporate representative and does not need to have personal knowledge. The topic is relevant to Plaintiff's remaining claim of race retaliation. ||

| 171:16-171:20 | Assumes facts not in evidence Vague |
|---|---|
| This testimony relates to Plaintiff's Title VII claim and receipt of the right to sue. ||
| 173:04-173:18 | Relevance FRE, 401, 402 |
| This testimony relates to how many EEOC charges the company receives. The testimony is relevant in a retaliation claim to show pattern or practice. ||

## B.   Dynamic's 30(b)(6) Deponent, Sherry Spires (included at Doc. 101-2)

| PAGES AND LINES | OBJECTIONS |
|---|---|
| 016:21 - 016:22 | Vague as to the terms "appropriate" and "handling" and confusing |
| This testimony answers what the deponent would consider the appropriate handling of a complaint and came after the deponent stated she would have made sure they "handled [the] complaint appropriately." The terms used in the question were first used by the deponent in response to a prior question and were therefore ||

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

not vague or confusing.  Additionally, the deponent was instructed at the beginning of the deposition to state if she was unclear what a question was asking.

| 018:15-018:21 | Compound question |
|---|---|

This question asks wither the deponent personally requested a copy of a policy or otherwise directed an employee to and the deponent answered clearly without requesting any clarification "not that I recall."

| 024:13-024:19 | Hearsay FRE 801(c) |
|---|---|

The e-mail referenced in this testimony contains an admission by party opponent, a present sense impression and an excited utterance and is therefore excepted from Hearsay.

| 025:02-025:13 | Lack of personal knowledge FRE 602 and asks witness to speculate about the mental operations of a third party |
|---|---|

A corporate representative does not need to have personal knowledge. Additionally, the question asked did not elicit speculation or mental impressions of a third party and instead only asked what issue would there have been with the plaintiff working in the mailroom.

| 025:14-026:25 | Lack of personal knowledge FRE 602 and asks witness to speculate about the mental operations of a third party |
|---|---|

A corporate representative does not need to have personal knowledge. Additionally, the question asked did not elicit speculation or mental impressions of a third party and instead only asked if the plaintiff could return without restrictions, if there would be any other issues.

| 036:05-036:13 | Hearsay FRE 801(c) FRE 801(c) |
|---|---|

The email referenced in this testimony contains an admission by part opponent, presents sense impression and is not offered for the truth of the matter asserted, but instead to show motive.

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 5 -

| 037:07-037:13 | Assumes facts not in evidence<br>Lack of personal knowledge FRE 602 and seeks an improper legal conclusion<br>Argumentative<br>Misleading |
|---|---|
| This testimony asks what the deponent did after an employee statement. The deponent had personal knowledge (though it is not necessary in a corporate representative) and did not assume facts not in evidence. The employee did not want to offer the employee another job because of her complaint and the testimony asks if the deponent notified him that was discriminatory. This testimony relates to Dynamics defense of training, following federal EEO laws, and relates to claims for punitive damages. | |
| 038:02-038:14 | Argumentative<br>Assume facts not in evidence<br>Lack of personal knowledge FRE 602 and seeks an improper legal conclusion |
| This testimony is similar to above. The deponent admitted that the statement was discriminatory and testified she did not remember how she instructed the employee. The question is not argumentative and does not assume facts not in evidence, but instead relates to the content of an e-mail and Dynamic's response. This goes to damages and defenses. | |
| 038:15-038:19 | Argumentative<br>Assume facts not in evidence<br>Lack of personal knowledge FRE 602 and seeks an improper legal conclusion |
| This testimony is similar to above. The deponent admitted that the statement was discriminatory and testified she did not remember how she instructed the employee. The question is not argumentative and does not assume facts not in evidence, but instead relates to the content of an e-mail and Dynamic's response. This goes to damages and defenses. | |
| 038:20-039:01 | Relevance FRE, 401, 402 |

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 6 -

| | |
|---|---|
| This testimony relates to Dynamic's actions in training its management team. It is relevant to the issue of damages and Dynamic's claimed defenses. | |
| 039:07-039:16 | Relevance FRE, 401, 402 |
| This testimony relates to the effectiveness of Dynamic's EEO training. The information is relevant to the issue of damages and Dynamic's claimed defenses. | |

### C.   Hyundai Eng America's 30(b)(6) deponent, Cassandra Williams (included at Doc. 103-4)

| PAGES AND LINES | OBJECTIONS |
|---|---|
| 033:04-033:19 | Lack of personal knowledge FRE 602 and asks witness to speculate about the mental operations of a third party<br>Relevance FRE, 401, 402<br>Hearsay FRE 801(c) |
| This testimony asks if the deponent is aware of why a Dynamic employee is no longer in the position she was in in 2017. The deponent answered honestly and was aware so it did not ask her to speculate. It is not being offered for the truth of the matter asserted but for the effect on the listener. | |
| 033:20-033:22 | Hearsay FRE 801(c) |
| This testimony seeks whether a third party told the deponent why she was stepping down from her position – it is not offered for the truth of the matter asserted but for the effect on the listener. Additionally, the declarant of the original statement is unavailable as out of the jurisdiction of the Court. | |
| 045:13-045:20 | Assume facts not in evidence<br>Argumentative |
| This testimony seeks the deponent's position related to her understanding of a policy. It is not argumentative or assuming facts not in evidence. | |

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 7 -

| 045:23-046:04 | Compound question<br>Assumes facts not in evidence |
|---|---|
| This is not a compound question and does not assume facts not in evidence. | |

| 048:09-048:18 | Assumes facts not in evidence |
|---|---|
| This does not assume facts not in evidence but states the facts as plead in plaintiff's complaint and supported in earlier depositions and asks when the deponent became aware of the plaintiff's complaint. | |

| 049:08-049:20 | Assumes facts not in evidence |
|---|---|
| This testimony relates to the timing of knowledge of complaints and hiring of Plaintiff's replacement – all facts in evidence or that can otherwise be proven. | |

| 049:23-050:07 | Assumes facts not in evidence |
|---|---|
| Same as above. | |

| 076:20-077:01 | Compound question |
|---|---|
| The question relates to HMMA and HEA which Plaintiff's had contended were integrated enterprises. The deponent answered the question without issue and the inclusion of both companies did not create confusion or ambiguity because the deponent qualified her answer. | |

| 077:18-078:01 | Misstates facts |
|---|---|
| Does not misstate facts. | |

| 078:04-078:05 | Lack of foundation that had personal knowledge FRE 602 |
|---|---|
| A corporate representative does not need personal knowledge. However, the deponent did have personal knowledge and testified that she came into the interview at some point where she could witness who was present. | |

| 080:09-080:16 | Assume facts not in evidence<br>Vague |
|---|---|

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 8 -

This testimony seeks the deponent's opinion on what was unacceptable about the Plaintiff's appearance – there is no vagueness or assumption of unadmitted facts.

| 083:09-083:16 | Vague and incomplete<br>Argumentative |
|---|---|

This testimony was cleaned up to clarify the portions of crosstalk and is not argumentative. The testimony seeks why the deponent believes the appearance of mailroom staff matters and the answer refers to an early answer by stating "My answer is going to be the same" where the earlier answer was "they're part of the security force."

| 083:19-083:23 | Argumentative<br>Relevance FRE, 401, 402 |
|---|---|

This testimony is relevant to why the deponent has opinions about the hairstyle of the security force. A key issue in this case. The question is not argumentative and is clear "Why do you care what the security force looks like." The deponent answered "Professional appearance."

| 095:07-095:10 | Hearsay FRE 801(c) |
|---|---|

This question seeks what the deponent was told by another co-worker about Plaintiff's complaint. This is not hearsay because it is not offered for the truth of the matter asserted but instead for the effect on the listener and to show motive.

| 095:11-095:20 | Hearsay FRE 801(c) |
|---|---|

This question seeks what the deponent was told by another co-worker about Plaintiff's complaint. This is not hearsay because it is not offered for the truth of the matter asserted but instead for the effect on the listener and to show motive.

| 096:08-096:14 | Hearsay FRE 801(c)<br>Lack of  personal knowledge FRE 602 and asks witness to speculate about the mental operations of a third party |
|---|---|

This question asks the deponent IF she knows why the reporting individual came to her. The answer is not speculative, but instead is truthful of "I can't answer

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 9 -

why she came to me, no." The question was not meant to elicit speculation but knowledge. There is no statement to be considered hearsay.

| 096:20-096:22 | Lack of personal knowledge FRE 602 and asks witness to speculate about the mental operations of a third party |
|---|---|

Same as above.

| 100:12-100:21 | Assumes facts not in evidence<br>Misstates prior testimony |
|---|---|

This testimony references an e-mail. If this designation is used, the proper foundation will be laid for the e-mail before this testimony is admitted. This testimony does not misstate any prior testimony.

| 118:13-118:19 | Relevance FRE, 401, 402<br>Vague<br>Argumentative<br>Assumes facts not in evidence<br>Lack of personal knowledge FRE 602 and seeks an improper legal conclusion |
|---|---|

This testimony seeks the deponent's knowledge of what the reporting duties between companies. It is not vague or argumentative. A corporate representative does not have to have personal knowledge.

| 151:17-151:22 | Lack of personal knowledge FRE 602 and asks witness to speculate about the mental operations of a third-party<br>Hearsay Rule 801(c) |
|---|---|

A corporate representative does not need personal knowledge. The witness is not asked to speculate but instead the question seeks the witness' knowledge. The statement is not hearsay because it is not offered for the truth of the matter asserted but for the effect on the listener, an excited utterance, present sense impression, or to show motive. Additionally, the declarant is unavailable as beyond the subpoena power of the Court.

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 10 -

| 151:23-152:07 | Lack of personal knowledge FRE 602 and asks witness to speculate about the mental operations of a third party |
|---|---|
| A corporate representative does not need personal knowledge. The witness is not asked to speculate but instead the question seeks the witness' knowledge. ||

| 152:16-152:23 | Lack of personal knowledge FRE 602 and asks witness to speculate about the mental operations of a third party |
|---|---|
| A corporate representative does not need personal knowledge. The witness is not asked to speculate but instead the question seeks the witness' knowledge. ||

D. Designations of Ray Cureton (available at Doc. 101-5)

Plaintiff cannot adequately respond to the objections to Cureton's deposition.

At this time, Plaintiff only intends to use this deposition if the witness is

unavailable or for impeachment or to refresh the recollection of the witness. If the

deponent is unavailable, the designations may be necessary but the evidentiary

burden will have changed and the Plaintiff can adequality respond at that time.


Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111

---

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 11 -

Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

/s/ Leslie A. Palmer.
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

## Certificate of Service

I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 16th Day of February, 2023.

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

/s/ Leslie A. Palmer
OF COUNSEL

Plaintiff's Response to Dynamic Security Objections to Deposition Designations
*Key v. Hyundai Motor Manufacturing, et al*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 12 -