IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| ALABAMA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S DYNAMIC SECURITY, INC.'S
MOTION TO RECONSIDER**

Defendant Dynamic Security, Inc. ("Dynamic") requests this Court to reconsider the portions of its Memorandum Opinion (doc. 138) denying Dynamic's Motion for Summary Judgment with respect to Count V[1] of the Amended Complaint; this motion is based on Dynamic's position that Count V does not assert a claim against Dynamic. In support of this motion, Dynamic states as follows:

1. Dynamic's Motion for Summary Judgment moved on multiple grounds for dismissal of all claims against Dynamic, including dismissal of Count V of the Amended Complaint ("Complaint") on the grounds that Count V does not assert a claim under for retaliation pursuant to 42 U.S.C. § 1981 against Dynamic, but that

---

[1] The Amended Complaint referred to this count as "Count Five," but this Motion refers to it as "Count V" for consistency with the Court's usage in the Memorandum Opinion and Order. (Doc. 138).

the Amended Complaint asserted this claim only against former Co-Defendants Hyundai Motor Manufacturing, Inc. ("HMMA") and Hyundai Engineering America, Inc. ("HEA") (Doc. 73 at 2); *See also* Doc. 74, Dynamic's Memorandum of Law in Support of Its Motion for Summary Judgment as to All Claims, at 2, 2 n.1, 25-26.

2. The Court's Memorandum Opinion (doc. 138) did not explicitly address this basis for dismissal of Count V, and the Court did not explicitly address Dynamic's analogous argument that Count V asserts no termination claim against Dynamic.[2]

3. As Dynamic pointed out in its Motion for Summary Judgment (doc. 74 at 25-26), Count V asserts only that "Defendants HMMA and HEA <u>terminated</u> Key's employment from the Hyundai Plant on August 2, 2017, after she left to file a complaint." (Doc. 28 at 25, ¶ 157) (emphasis added).

4. The only allegation Plaintiff asserted in Count V specifically about Dynamic is that "Defendant Dynamic made statements demeaning or undermining Plaintiff's complaint and discouraging her from filing a formal complaint." (*Id*. at 25, ¶158). Nowhere in Count V does Plaintiff allege that Dynamic terminated

---

[2] Dynamic certainly recognizes that the Court may have implicitly denied this argument by addressing Count V on its merits (doc. 138 at 34-39) and by stating that "Plaintiff Davita M. Key ('Key') brings five claims against all three Defendants" including "race retaliation pursuant to Title VII and §1981" (*id*. at 1) (referring to Counts IV and V) and "Key brings retaliation claims against Dynamic and HMMA pursuant to Title VII, and against all three defendants pursuant to §1981. She maintains all three defendants fired her in retaliation for filing a complaint about race discrimination." (*Id*. at 31) (referring to Counts IV and V). The Court dismissed Count IV against Dynamic.

2

Plaintiff's employment or, more specifically, that it terminated Plaintiff in retaliation for any protective activity.

5. In contrast, other dismissed Counts (although otherwise deficient as Dynamic has explained) alleged explicitly that Dynamic took specific employment actions against Plaintiff. In Count I, Plaintiff alleged, "Defendant Dynamic did not assign Key to any other assignments upon her Hyundai termination." (*Id*. at 28, ¶103). In Count II, Plaintiff alleged, "Defendant Dynamic was aware of Hyundai's alleged concern around Key's hair and allowed Hyundai to prevent Key from working." (*Id*. at 28, ¶ 115). These allegations are distinct from Count Five, which does not identify Dynamic as having taken any employment action or having terminated Plaintiff's employment.

6. The explicit references in Count V to HMMA and HEA and the absence of any explicit references to Dynamic in Count V[3] permits only one conclusion: that Count V of the Complaint does not attempt to state a retaliation claim against Co-Defendant Dynamic.

7. The only possibly relevant allegation Plaintiff incorporated into Count V is that "Dynamic never placed Key into any further assignments." (*Id*. at 24, ¶151 and 13, ¶ 93). Yet no language in the Complaint, particularly in Count V, states this

---

[3] The allegations in the preceding paragraph were not incorporated into Count V of the Amended Complaint. (*Id*. at 24, ¶151).

3

act amounted to, or resulted in, Plaintiff's termination. Further, no language in the Complaint alleged Dynamic never placed Key into further assignments in retaliation for complaints of race discrimination.

8. In Plaintiff's Opposition to Defendants' Motions for Summary Judgment ("Plaintiff's Opposition") (doc. 82), Plaintiff argues that she asserted Count V of the Complaint against Dynamic, but she does not support this argument with a citation to the Complaint or to any other portion of the record. Neither does Plaintiff provide support for any argument that Dynamic's participation in the proceedings cured her failure to assert Count V against Dynamic. (Doc. 82 at 55-56).[4]

9. Plaintiff's Opposition also argued that Plaintiff alleged in Count V that "Defendants' terminated plaintiff for engaging in protected activity. . ." (Doc. 82 at 55) (Doc. 28 at 25, ¶ 158). This collective reference in Count V to all Defendants, particularly where the same count explicitly states that "HEA and HMMA terminated Plaintiff" (doc. 28 at 25, ¶ 157), is not a factual or legal allegation at all against Dynamic, as Dynamic has previously argued. *See* Doc. 74 at 25; *see also Joseph v. Bernstein,* 612 Fed. Appx. 551, 555 (11th Cir. 2015) ("If the complaint

---

[4] Plaintiffs' Opposition in addressing this issue further states that Dynamic "was aware of Key's EEOC Charge as early as August 11, 2017." (Doc. 82 at 55). But nowhere in Count V or elsewhere in the Amended Complaint does Plaintiff allege Dynamic took any actions against her in retaliation for her filing of an EEOC Charge, and the factual allegations Plaintiff incorporated into Count V (doc. 28 at 6-13, ¶¶ 37- 95) contain no reference to Plaintiff's EEOC Charge.

4

indiscriminately groups the defendants together, it fails to comply with the minimum standard of Rule 8."), *cert denied* 577 U.S. 1103 (2016).

10. The Court's Memorandum Opinion and Order states that Plaintiff "maintains that all three defendants fired her in retaliation for filing a complaint about race discrimination" (doc. 138 at 31) and that "by August 11, 2017, Dynamic knew that Key filed an EEOC Charge against Dynamic for, in part, 'race discrimination.'" (*Id*. at 37). But there is no allegation in the Amended Complaint that Dynamic fired Plaintiff; there is no allegation that Dynamic's alleged failure to provide any further assignments was effectively a termination (Plaintiff did not allege constructive discharge); and, most importantly, there is no allegation that Dynamic fired Plaintiff because she filed a complaint about race discrimination.

11. Further, the Amended Complaint does not hint or imply that Plaintiff is alleging she was fired or otherwise retaliated against because she filed her EEOC Charge.[5]

12. Prior to the Court's February 10, 2023, Memorandum Opinion and Order (doc. 138), Dynamic raised and presented to the Court each of the grounds for dismissal and arguments contained in the instant Motion. *See* Defendant Dynamic

---

[5] As Dynamic pointed out in Defendant Dynamic Security, Inc.'s Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment (doc. 87 at 8-13), Plaintiff could not properly amend the Amended Complaint by raising this claim for the first time in response to Dynamic's Motion for Summary Judgment. *Sanders v. City of Union Springs*, 405 F. Supp. 2d 1358, 1371 (M.D. Ala. 2005), *aff'd*, 207 F. App'x 960 (11th Cir. 2006) ("It is axiomatic that a party cannot amend its pleadings by arguments made in briefs in opposition to summary judgment.")

Security, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment as to All Claims and Defendant Dynamic Security, Inc.'s Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. (Doc. 74 at 25-26; Doc. 87 at 13-18). This motion raises no new arguments and no new grounds for dismissal.

13. A motion to reconsider an Order is appropriate "to correct clear error or manifest injustice." *Hinton v. Alabama State University*, Case No. 2:18-CV-00994-RAH, 2021 WL 922176 *1 (M.D. Ala. March 10, 2021).

14. The Court's Order is clear error and works a manifest injustice against Dynamic to the extent it requires Dynamic to defend against Count V at trial because the Amended Complaint did not direct Count V against Dynamic. Plaintiff brought Count V only against HMMA and HEA, explicitly alleging that those former Co-Defendants terminated Plaintiff but not making the same allegation against Dynamic.

15. The Court's Order is clear error and works a manifest injustice against Dynamic to the extent it requires Dynamic to defend at trial a claim that that Dynamic retaliated against Plaintiff because she filed an EEOC Charge because such a claim appears nowhere in the Amended Complaint against Dynamic or any other Defendant.

16. As Dynamic has explained in prior briefing, the issue before the Court is not whether Count V fails to meet the Rule 12(b)(6) failure to state a claim standard. The issue before this Court on Dynamic's Motion to Reconsider is more fundamental than whether a plaintiff sufficiently pled a particular claim. The issue is that the operative Complaint does not even attempt to aim or assert the claim under Count V against Dynamic. A Court, whether by bench trial or by jury, cannot rule on a claim or submit a claim to a jury when that claim does not exist.

WHEREFORE, premises considered, Defendant Dynamic Security, Inc. respectfully requests the Court reconsider the portion of its Memorandum Opinion and Order denying Dynamic's motion for summary judgment with respect to Count V and grant summary judgment as to Count V because Plaintiff did not assert that Count against Dynamic.

Respectfully submitted,

/s/Wesley C. Redmond
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: 205-244-5905
            205-244-5904
Facsimile: 205-244-5901

*Counsel for Dynamic Security, Inc.*

7

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 20th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System, and a true and correct copy to counsel of record:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

>*/s/ Wesley C. Redmond*
>Wesley C. Redmond

WSACTIVELLP:13803765.1