# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | 2:19-cv-767-ECM-SMD |
| DYNAMIC SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW the Plaintiff and files the following proposed jury instructions for the trial in the above matter:

CHARGE 1: Limiting/Curative instruction on pregnancy discrimination ............... 2

CHARGE 2: Limiting/Curative Instruction on References to Hyundai .................. 3

CHARGE 3: Curative Instruction on Unemployment Compensation References .... 4

CHARGE 4 – Retaliation ........................................................................................ 5

**CHARGE 1: Limiting/Curative instruction on pregnancy discrimination references**

You have heard testimony and/or seen evidence that Ms. Key complained of pregnancy discrimination as it relates to the decision to remove her from her assignment at Hyundai. The issues of whether Ms. Key experienced pregnancy discrimination and/or why the decision to remove her from her assignment at Hyundai are not before you for you to decide. You should not form any opinion on this issue or consider it in your decision. You have heard this evidence so that you could hear Ms. Key's complaint made to Dynamic Security in context and in its complete form. The only issue that you are to determine is whether Dynamic Security retaliated against Ms. Key for complaining of race discrimination by refusing to place her in another employment assignment after August 1, 2017.

**CHARGE 2: Limiting/Curative Instruction on References to Hyundai**

You have heard testimony and/or seen evidence about decision made and/or actions taken by Hyundai.[1] You are not here to make any decisions about Hyundai's decisions or actions. The issues of whether Hyundai discriminated against or retaliated against Ms. Key are not before you, and you should not form any opinion on those issues or consider them in your decision. You have heard this evidence so that you could hear the facts of what happened to Ms. Key in context and in their complete form. The only issue that you are to determine is whether Dynamic Security retaliated against Ms. Key for complaining of race discrimination by refusing to place her in another employment assignments after August 1, 2017.

---

[1] The reference to Hyundai refers collectively to Hyundai Motor Manufacturing Alabama, LLC and Hyundai Engineering America, Inc.

**CHARGE 3: Curative Instruction on Unemployment Compensation References if Ray Cureton is Impeached with His Testimony in The Key Unemployment Hearing**

You have heard references to the fact that Ms. Key sought unemployment compensation benefits. Whether or not she received unemployment compensation benefits is not relevant to your determination in this matter. This case in no way concerns whether Ms. Key received or was entitled to unemployment compensation.[2] Unemployment compensation benefits should not be deducted from any backpay or lost wages claims.[3] You heard this evidence because Dynamic Security, through Mr. Cureton, gave sworn testimony in a hearing before the Alabama Department of Labor concerning Ms. Key's efforts to obtain benefits, and that testimony concerned whether or not Dynamic Security offered Ms. Key assignments after August 1, 2017. You heard that testimony because one of the factual issues you are asked to resolve is whether Dynamic Security placed her in another assignment after August 1, 2017,

---

[2] *Dagnesses v. Target Media Ptnr. Operating Co.*, No. 1:15-cv-23989-UU, 2016 U.S. Dist. LEXIS 199581, at *12-13 (S.D. Fla. Nov. 14, 2016)(granting motion in limine in employment discrimination case to exclude unemployment determination as being irrelevant to the employment discrimination claims).

[3] *Brown v. A.J. Gerrard Manufacturing Co.*, 715 F.2d 1549, 1550 (11th Cir. 1983) (en banc)(holding unemployment compensation benefits should not be deducted from Title VII back pay awards).

**CHARGE 4 – Retaliation**

In this case, Ms. Key claims that Dynamic Security retaliated against Ms. Key because she took steps to enforce her lawful rights under a federal law which prohibits race discrimination.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Ms. Key merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Ms. Key claims that Dynamic Security terminated her employment by not place her in another employment assignment after her assignment at Hyundai because Ms. Key complained of discrimination at Hyundai.

Dynamic Security denies Ms. Key's claim and asserts that it offered her positions which she refused.

To succeed on her claim, Ms. Key must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:   Ms. Key engaged in a protected activity;

<u>Second</u>:   Dynamic Security then took an adverse employment action;

<u>Third</u>:   Dynamic Security took the adverse employment action because of Ms. Key's protected activity; and

<u>Fourth</u>:   Ms. Key suffered damages because of the adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Ms. Key claims that she engaged in protected activity when she complained to Ray Cureton and filed a formal Charge with the Equal Employment Opportunity Commission ("EEOC").

Protected activity is not limited to formal complaints or EEOC Charges, but also includes voicing informal complaints to superiors or using internal grievance

procedures.[4] Ms. Key can show she engaged in a protected activity if her complaint explicitly or implicitly communicates a belief that the practice about which she is complaining constitutes unlawful employment discrimination.[5]

That action is "protected activity" if it was based on Ms. Key's good-faith, reasonable belief that Hyundai and/or Dynamic Security discriminated against her because of her race. Ms. Key had a "good faith" belief if she honestly believed that Hyundai or Dynamic Security discriminated against her because of her race. Ms. Key had a "reasonable" belief if a reasonable person would, under the circumstances, believe that Hyundai or Dynamic Security discriminated against her because of her race. Ms. Key does not have to prove that Hyundai or Dynamic Security actually discriminated against her because of her race. But she must prove that she had a good-faith, reasonable belief that Hyundai or Dynamic Security did so.

For the second element, Ms. Key claims that Dynamic Security took an adverse employment action against her when Dynamic Security did not place her in a comparable employment assignments to what she had at Hyundai. You must decide whether not placing her a comparable employment assignment is an adverse employment action.

---

[4] *Rollins v. State of Fla. Dep't of Law Enf't*, 868 F.2d 397, 400 (11th Cir. 1989).

[5] *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016).

An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Dynamic Security would not place her in a comparable job assignment, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

For the third element, if you find that Ms. Key engaged in protected activity and that Dynamic Security took an adverse employment action against her, you must decide whether Dynamic Security took that action because of Ms. Key's protected activity. Put another way, you must decide whether Ms. Key's protected activity was a reason for Dynamic Security's decision.

To determine that Dynamic Security took an adverse employment action because of Ms. Key's protected activity, you must decide that Dynamic Security would not have taken the action had Ms. Key not engaged in the protected activity but everything else had been the same.

Dynamic Security claims that it did not refuse to place her in another employment assignment.

As I have explained, Ms. Key has the burden to prove that Dynamic Security's decision to not place her in another assignment was because of Ms. Key's protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether Dynamic Security's decision to not place Ms. Key in another employment assignment after Hyundai was because of Ms. Key's protected activity, you may consider the circumstances of Dynamic Security's decision. For example, you may consider whether you believe the reason that Dynamic Security gave for the decision. If you do not believe the reason, you may consider whether the reason was so unbelievable that it was a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Dynamic Security's acts were the proximate cause of damages that Ms. Key sustained. Put another way, you must decide, if Dynamic Security decided to not place her in another assignment, would these damages have occurred?

If you find that Dynamic Security's acts were the proximate cause of damages that Ms. Key sustained, you must determine the amount of damages.

If you find in Ms. Key's favor for each fact she must prove, you must consider Ms. Key's compensatory damages.

When considering the issue of Ms. Key's compensatory damages, you should determine what amount, if any, has been proven by Ms. Key by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Key's damages as a result of Dynamic Security not placing her in another assignment, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Dynamic Security. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Key's has proved them by a preponderance of the evidence, and no others:

(a) net lost wages and benefits from August 1, 2017, to the date of your verdict; and

(b) emotional pain and mental anguish.

To determine the amount of Ms. Key's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Ms. Key should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Ms. Key does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what

amount fairly compensates her for her claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Key to be reasonably diligent in seeking substantially equivalent employment to the position she held with Dynamic Security. "Reasonable diligence" does not require an employee to search indefinitely for substitute employment; the employee must merely use reasonable diligence in finding other suitable employment.[6] To meet this requirement, Ms. Key "need not go into another line of work, accept a demotion, or take a demeaning position." [7]

To prove that Ms. Key failed to mitigate damages, Dynamic Security must prove by a preponderance of the evidence that (1) work comparable to the position Ms. Key held with Dynamic Security was available, and (2) Ms. Key did not make reasonably diligent efforts to obtain it. If, however, Dynamic Security shows that

---

[6] *Sennello v. Res. Life Ins. Co.*, 667 F. Supp. 1498, 1513 (S.D. Fla. 1987) (citing *Ford Motor Co. v. Equal Employment Opportunity Commission*, 458 U.S. 219, 231, 73 L. Ed. 2d 721, 102 S. Ct. 3057 (1982)).

[7] *Sennello*, 667 F. Supp. at 1513 (citing *Ford Motor Co. v. EEOC*, 458 U.S. at 231).

Ms. Key did not make reasonable efforts to obtain any work, then Dynamic Security does not have to prove that comparable work was available.

If you find that Dynamic Security proved by a preponderance of the evidence that Ms. Key failed to mitigate damages, then you should reduce the amount of Ms. Key's damages by the amount that could have been reasonably realized if Ms. Key had taken advantage of an opportunity for substantially equivalent employment.

Ms. Key also asks you to award punitive damages. The purpose of punitive damages is not to compensate Ms. Key but, instead, to punish Dynamic Security for wrongful conduct and to deter similar wrongful conduct. You will only reach the issue of punitive damages if you find for Ms. Key and award her compensatory damages.

To be entitled to an award of punitive damages Ms. Key must prove by a preponderance of the evidence that Dynamic Security acted with either malice or with reckless indifference toward Ms. Key's federally protected rights. Specifically, Ms. Key's must show that an employee of Dynamic Security, acting in a managerial capacity, either acted with malice or with reckless indifference to Ms. Key's federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity"

based upon the type of authority Dynamic Security gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Dynamic Security acted with malice, Ms. Key must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Ms. Key anyway. To show that Dynamic Security acted with reckless indifference to Ms. Key's federally protected rights, Ms. Key must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Ms. Key to an award of punitive damages; Ms. Key need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Dynamic Security acted with malice or with reckless indifference to Ms. Key's federally protected rights. In

determining whether to award punitive damages, you may consider factors such as: (1) whether Dynamic Security engaged in a pattern of discrimination toward its employees; (2) whether Dynamic Security acted spitefully or malevolently; (3) whether Dynamic Security showed a blatant disregard for civil legal obligations; (4) whether Dynamic Security failed to investigate reports of discrimination; (5) whether Dynamic Security failed to take corrective action concerning discriminatory acts or comments by its employees; and (6) whether the person accused of retaliation was included in the employer's decision making process concerning whether to place Ms. Key an assignment.

If you find that punitive damages should be assessed against Dynamic Security, you may consider the evidence regarding Dynamic Security's financial resources in fixing the amount of such damages.

*Taken from Eleventh Circuit Pattern Instructions 4.9 and 4.22*

RESPECTFULLY SUBMITTED BY
THE ATTORNEYS FOR PLAINTIFF:
*/s Heather Newsom Leonard*
Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421- voice
(205) 278-1400 - facsimile
Email:
Heather@HeatherLeonardPC.com

      */s/ Leslie A. Palmer*
Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system on February 24, 2023:

Wesley C. Redmond
Susan W. Bullock
Ford Harrison, LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

                                    /s Heather Newsom Leonard
                                    OF COUNSEL