IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | 2:19-cv-767-ECM-SMD |
| DYNAMIC SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SECOND MOTION IN LIMINE
MOTION TO ECXLUDE REFERENCE TO AND/OR EVIDENCE OF THE
COURT'S DISMISSAL OF ANY OF THE PLAINTIFF'S CLAIMS**

COMES NOW the Plaintiff and moves this Court to enter an Order that no party or witness shall refer to the fact that the Plaintiff pursued and/or the Court dismissed the Plaintiff's pregnancy discrimination claims under Title VII, race discrimination claims under Title VII and/or 42 U.S.C. § 1981, retaliation claims under Title VII, claims against Hyundai Motor Manufacturing of Alabama, LLC, and/or Hyundai Engineering.

This motion should be granted for the following reasons:

1. The fact that Plaintiff pursued claims which were dismissed by this Court is not material nor probative to determining whether Dynamic Security retaliated against Key by not offering employment assignments after August 1, 2017. *See Debose v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-2787-EAK-AEP, 2018 U.S. Dist. LEXIS 228703, at *5-7 (M.D. Fla. Sep. 9, 2018) (finding evidence that claims were dismissed was not probative to remaining claims); *Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361 (VAB), 2017 U.S. Dist. LEXIS 23681, 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017) ("[W]here claims have been dismissed on summary judgment, therefore, it is appropriate to preclude testimony in evidence regarding those same previously dismissed claims during a jury trial") (citing *Morales v. N.Y. Dep't of Labor*, No. 06-CV-899 (MAD), 2012 U.S. Dist. LEXIS 92075, 2012 WL 2571292, at *4 (N.D.N.Y. July 3, 2012) (finding "that any testimony or evidence about plaintiff's previously dismissed discrimination claim is excluded" as irrelevant and prohibiting evidence regarding events prior to February 16, 2006 where a "prior Order narrowed the scope of plaintiff's retaliation claim to protected activities that occurred [*6] on or after February 16, 2006"); *Hamza v. Saks Fifth Ave., Inc.*, No. 07 CIV. 5974 (FPS), 2011 U.S. Dist. LEXIS 139132, 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011) ("Any testimony and/or evidence relating to the plaintiff's previously dismissed disability discrimination claim is wholly irrelevant to any issue in contention in her current retaliatory discharge claim, and thus . . . is hereby precluded from introduction at trial pursuant to Federal Rules of Evidence 401 and 402")); *Anderson v. Brown Indus.*, No. 4:11-cv-0225-HLM, 2014 U.S. Dist. LEXIS 198916, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014) ("Generally, evidence concerning previously dismissed claims is not relevant and, consequently, is not admissible.") (citations omitted); *Andazola v. Logan's Roadhouse, Inc.*, No. CV-10-S-316-NW, 2013 U.S. Dist. LEXIS 60541, 2013 WL 1834308, at *5 (N.D. Ala. Apr. 29, 2013) (granting motion in limine to exclude evidence relevant only to previously dismissed claims); *Williams v. Hooker*, No.

      4:02CV01250 ERW, 2008 U.S. Dist. LEXIS 40313, 2008 WL 2120771, at *3 (E.D. Mo. May 19, 2008) ("Plaintiff may not reference claims that were dismissed by the Court in the Summary Judgment Order"); *Bryce v. Trace, Inc.*, 2008 U.S. Dist. LEXIS 27310, 2008 WL 906142, at *3 (W.D. Okla. Mar. 31, 2008) (excluding "all references to claims asserted in the Complaint that the Court has resolved by summary judgment" and noting that "shielding such matters from the jury is common practice"); *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. CIV.98-2364(RHK/AJB), 2003 U.S. Dist. LEXIS 3634, 2003 WL 1610781, at *13 (D. Minn. Mar. 8, 2003) (granting motion in limine to exclude references to dismissed claims because "dismissal of certain claims has no relevance to the . . . claim the jury must decide").

2.   This motion does not limit the ability of the parties or witnesses to testify as to facts which are admissible and relevant to Plaintiff's remaining claims, even if those facts would also have been relevant to the dismissed claims. "If, however, the claims share the same underlying facts, it is possible that those underlying *facts* themselves may be admissible." *Anderson*, 2014 U.S. Dist. LEXIS 198916, 2014 WL 12521732, at *4 (emphasis in original).

3.   Reference to the fact that the Plaintiff pursued claims which this Court dismissed serves no valid purpose in this case, would confuse the jury as to why certain claims were dismissed or are not being pursued and would prejudice the Plaintiff in the presenting evidence of her good faith belief supporting her discrimination complaint. Therefore, evidence and reference to the fact that the Plaintiff pursued certain claims which this Court

      dismissed should be excluded under Rules 401-403 of the Federal Rules of Evidence.

4. A jury trial is a complicated undertaking. Mistakes can happen. Some are small; others are big. And despite the issuance of an in limine order, a party can inadvertently rely upon a document or elicit testimony that touches on topics covered by an in limine order. This should not automatically "open the door" for the other party to offer otherwise inadmissible evidence. As the Eleventh Circuit held in *Bearint ex rel Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1349 (11th Cir. 2004), "Under [the curative admissibility] doctrine, when a party offers inadmissible evidence before a jury, the court may in its discretion allow the opposing party to offer otherwise inadmissible evidence on the same matter to rebut any unfair prejudice created." *Id*. (citations omitted). Thus, "the extent to which otherwise inadmissible evidence is permitted must correspond to the unfair prejudice created. Further, the trial court must also weigh the need for and value of the rebuttal evidence against the potential for undue delay, confusion, and prejudice." *Id*. (citations omitted). As Chief Justice Rehnquist noted in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 177 n. 2 (1988), "opening the door" "calls for an exercise of judicial discretion."

5.  Because offering otherwise inadmissible evidence requires the exercise of judicial discretion, Plaintiff seeks an order that, whenever counsel believes that a party has "opened the door" to the admission of otherwise inadmissible evidence, counsel must first approach the Bench and obtain a ruling from the Court, outside the presence and hearing of all prospective or actual jurors, as to the propriety of introducing such otherwise inadmissible evidence. In instances where a party believes that another party has "opened the door," the parties and witnesses nevertheless should also be instructed to refrain from making any comment, reference or allusion, directly or indirectly, in any manner whatsoever, concerning any of the matters which are the subject of an order in limine until such time as the Court determines that curative admissibility is required to rebut any alleged unfair prejudice. This includes any follow-up comment, mention, or question that is premised upon the belief that one party has "opened the door" to the question through its conduct.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff moves this Court to enter an Order that no party or witness shall refer to the fact that the Plaintiff pursued and/or the Court dismissed the Plaintiff's pregnancy discrimination claims

under Title VII, race discrimination claims under Title VII and/or 42 U.S.C. § 1981, retaliation claims under Title VII, claims against Hyundai Motor Manufacturing of Alabama, LLC, and/or Hyundai Engineering.

RESPECTFULLY SUBMITTED BY
THE ATTORNEYS FOR PLAINTIFF:

/s Heather Newsom Leonard
Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421- voice
(205) 278-1400 - facsimile
Email:
Heather@HeatherLeonardPC.com

/s/ Leslie A. Palmer
Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system on February 24, 2023:

Wesley C. Redmond
Susan W. Bullock
Ford Harrison, LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

/s Leslie A. Palmer
OF COUNSEL