IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | 2:19-cv-767-ECM-SMD |
| DYNAMIC SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S THIRD MOTION IN LIMINE
MOTION TO ECXLUDE REFERENCE TO AND/OR EVIDENCE OF THE
EEOC'S DETERMINATION**

COMES NOW the Plaintiff and moves this Court to enter an Order that no party or witness shall refer to the fact that the United States Equal Employment Opportunity Commission ("EEOC") issued a "no-cause" finding with respect to the Charge of Discrimination Davita Key filed against Dynamic Security, Inc. ("Dynamic Security").

This motion should be granted for the following reasons:

---
*Key v Dynamic Security*
**2:19-CV-767-ECM-SMD
Plaintiff's Third Motion in Limine – EEOC Finding**
1

1. The jury will determine whether Dynamic Security retaliated against the Key in violation of 42 U.S.C. § 1981 when it did not offer her employment assignments after she complained of race discrimination and then filed a Charge of Discrimination complaining of race discrimination.

2. This Court should exclude reference of evidence relating to the EEOC's findings, or lack thereof, because (1) the EEOC's "no-cause" finding constitutes inadmissible hearsay; (2) the EEOC's investigation is inherently unreliable; and (3) any such evidence would be unfairly prejudicial, confusing, misleading, and should be excluded on Rule 403 grounds.

    a. The finding is an out-of-court, unsworn statement which Dynamic would be offering for the truth of the matter asserted. Therefore, it would be inadmissible hearsay and should be excluded under Rules 801-802 of the Federal Rules of Evidence.

    b. Because the EEOC's conclusion is not necessarily based on the evidence which will be presented to the jury, involves claims that are not before the jury, and is essentially that it could not make a conclusion as to whether or not the law was violated, it is unreliable. Any potential probative value would be outweighed by its potential

        for undue prejudice and confusion under Rule 403 of the Federal Rules of Evidence.

c.    In an employment discrimination case where the jury was asked to determine if the Plaintiff experienced unlawful retaliation, the United States District Court for the Southern District of Florida explained why evidence of the EEOC's no-cause determination should be excluded in *Alvarez v. Royal Atl. Developers, Inc.*, No. 07-21333-CIV-LENARD/GARBER, 2011 U.S. Dist. LEXIS 162859, at *9 (S.D. Fla. May 31, 2011) (granting motion in limine concerning EEOC's no-cause determination because it would violate Rule 403). The Court wrote:

> The Court finds the EEOC Notice should be excluded as irrelevant and potentially misleading pursuant to Rule 403. The EEOC Notice states "[t]he EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." Defendant argues the EEOC Notice is relevant to determine whether Plaintiff's October 3, 2006, complaint was statutorily protected conduct. Specifically, Defendant claims evidence pertaining to the EEOC Notice is probative as to whether Plaintiff held a good faith, objectively reasonable belief that discriminatory

> conduct had occurred. Nevertheless, the EEOC's "non-finding" is minimally relevant, if at all, to the issue of whether Plaintiff engaged in statutorily protected conduct. It is not relevant to her subjective belief that Defendant engaged in unlawful discrimination and is only minimally relevant to whether such belief was objectively reasonable. Significantly, it is difficult to determine how the EEOC reached its "non-finding" decision and upon what documents or evidence it relied. Moreover, the Court is concerned that even with an instruction a jury may be confused or misled as to how it should interpret the EEOC's determination. There is also a danger of unfair prejudice to Plaintiff. Given that the EEOC possesses relatively little probative value and carries with it a real danger of misleading the jury, the Court finds the EEOC Notice should be excluded and Plaintiff's motion should be granted.

*Alvarez*, 2011 U.S. Dist. LEXIS 162859 at *9.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff moves this Court to enter an Order that no party or witness shall refer to the fact that the United States Equal Employment Opportunity Commission ("EEOC") issued a "no-cause" finding with respect to the Charge of Discrimination Davita Key filed against Dynamic Security, Inc. ("Dynamic Security").

        RESPECTFULLY SUBMITTED BY
        THE ATTORNEYS FOR PLAINTIFF:

        */s Heather Newsom Leonard*
        Heather Newsom Leonard
        HEATHER LEONARD, P.C.

2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421- voice
(205) 278-1400 - facsimile
Email:
Heather@HeatherLeonardPC.com

/s/ Leslie A. Palmer
Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system on February 24, 2023:

Wesley C. Redmond
Susan W. Bullock
Ford Harrison, LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

/s Leslie A. Palmer
OF COUNSEL