IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | 2:19-cv-767-ECM-SMD |
| DYNAMIC SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S PROPOSED VOIR DIRE**

COMES NOW The Plaintiff and presents to this Court the following proposed voir dire because a biased decision maker is "constitutionally unacceptable," and our legal system has always endeavored to prevent the probability of bias among jurors because a "fair trial in a fair tribunal is a basic requirement of due process." *Withr*ow v. Larkin, 421 U.S. 35, 46, 95 S. Ct. 1456, 43 L.Ed. 2d 712 (1975). The purpose of voir dire is "to ascertain whether a potential juror can render a verdict solely on the basis of the evidence presented and the charge of the trial court." *Wilcox v. Ford*, 813 F.2d 1140, 1150 (11th Cir. 1987); *see also Mu'Min v. Virginia*, 500 U.S. 415, 431, 111 S. Ct. 1899, 114 L. Ed.

2d 493 (1991) ("Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."). Trial judges are afforded "discretion in determining how best to conduct the voir dire." *Rosales-Lopez v. United States*, 451 U.S. 182, 189, 101 S. Ct. 1629, 68 L. Ed. 2d 22 (1981).

The Plaintiff requests that the Court ask, or permit Plaintiff's counsel, to ask the following questions:

1. Have any of you worked for or used the services of Dynamic Security?

2. Do any of you know anyone who has worked for Dynamic Security?

3. Do any of you know the lawyers or law firms for the Defendant:

    a. Wesley Redmond of Ford Harrison

    b. Susan Bullock of Ford Harrison

4. Do any of you know any of these persons who may be called as witnesses in this action:

    a. Maurice Chambliss

    b. Ray Cureton

    c. Latunya Howell

    d. Tracy Peoples

    e. Kristal Riddle

      f. Gloria Robinson

      g. Nicole Scavella

      h. Sherry Spires

      i. Cassandra Williams

5. This case involves a retaliation claim where Ms. Key alleges Dynamic Security retaliated against her for complaining of discrimination. In the last few years, the topic of discrimination has been in the news a lot, and many people have strong opinions on the issue. There is nothing wrong with that because everyone has a right to their own opinion. However, because this case involves facts about the Plaintiff making a claim of discrimination, both sides are entitled to explore whether any opinion you may hold about complaints of discrimination. For that reason, please raise your hand in response to the following questions if your answer is yes. Please keep your hands raised so that we can read your juror number into the record:

      a. Is there anyone here that feels that the allegation of discrimination is abused or overused when someone experiences something bad or negative?

      b. Is there anyone here that feels that employers do not discriminate against employees based on race?

      c. Do you feel so strongly on the issue of discrimination that you cannot sit and listen to the evidence presented and make a decision impartially?

6. Is there anyone here who has strong feelings against natural or dreadlocked hair.

7. Have you or any member of your family, including our spouse or children ever owned a company with employees? If so, please state the name(s) of the company, the type of business it was, how many employees you had, and whether any of those employees ever made any legal claims against the Company.

8. Have you, your spouse, your parents, and/or your children ever worked in Human Resources? If so, please give us the details of that experience, to the best of your knowledge.

9. If you are a juror in this case, you will have some rights. It is extremely important that you understand these rights, and that you will exercise them as often as the need arises. First you will have the right to hear all the testimony. So if a witness says something you don't hear, will you be comfortable raising your hand and telling the judge, "Your Honor, I did not hear what the witness said." Will you do that?

10.   If you are a juror in this case, you will have a second right, the right to understand the law.  Nothing can be more important.  But every so often during deliberations, jurors disagree over what the law is.  Sometimes a juror is just not sure.  Sometimes a discussion will start about what the law really is.  So, if any of that happens, instead of trying to decide it among yourselves, will you be comfortable telling your foreperson to knock on the jury room door and ask the bailiff to tell the judge that there is something about the law you need to hear about again?

RESPECTFULLY SUBMITTED BY
THE ATTORNEYS FOR PLAINTIFF:

*/s Heather Newsom Leonard*
Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421- voice
(205) 278-1400 - facsimile
Email:
Heather@HeatherLeonardPC.com

 */s/ Leslie A. Palmer*
Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system on February 24, 2023:

Wesley C. Redmond
Susan W. Bullock
Ford Harrison, LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

                                        /s Heather Newsom Leonard
                                        OF COUNSEL

*Key v Dynamic Security*
2:19-CV-767-ECM-SMD
**Plaintiff's Proposed Voir Dire**
6