IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  v. | )   CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S FIRST MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S TESTIMONY ABOUT GLORIA ROBINSON'S ALLEGED COMMENTS ABOUT THE CONTENT OF MEMOS SENT BY "THE KOREANS"**

Counsel for Defendant Dynamic Security, Inc. ("Dynamic") moves this Court in limine to prevent Plaintiff from offering any evidence concerning Plaintiff's anticipated testimony that Gloria Robinson relayed to Plaintiff "the Koreans'" interpretation of HMMA's grooming policy against dreadlock hairstyle, which she had derived from memos sent by "the Koreans" on the following grounds:

A. **Deposition Questioning by Plaintiff's Counsel and Plaintiff's Witness and Exhibit Lists Indicate Plaintiff Intends to Offer Inadmissible Testimony by Plaintiff Regarding Statements Made by Gloria Robinson to Her.**

Deposition questioning of Plaintiff, Plaintiff's witness and exhibit lists, and Plaintiff's arguments on summary judgment indicate she intends to offer into evidence testimony regarding a statement purportedly made by Dynamic employee Gloria Robinson. Plaintiff's Amended Complaint refers to Robinson's alleged

statement as follows: "Robinson told Key the Koreans (HMMA and HEA) were a 'different breed of animals and they send little memos saying that they do not want African-Americans wearing their hair in dreadlock hairstyles' because they have VIP clients." (Doc. 28 at ¶ 82). Plaintiff's Intake Questionnaire submitted to the EEOC similarly states: "Ms. Robinson went on to inform me that the Koreans were a different breed of animals and that they send little memos stating that do not want African-Americans wearing their hair in the dreadlock hairstyle because they have VIP clients, such as the mayor of Montgomery, Alabama and it is not a good look." (Doc. 68-12 at 88). Plaintiff's Opposition to Defendants' Motions for Summary Judgment contains similar representations of Robinson's statement:

- "Robinson said 'the Koreans were a different breed of animals' that 'send little memos' and do not want African Americans wearing their hair in dreadlocks because of the VIP clientele like Mayor Todd Strange." (Doc. 82 at 25) (citing Doc. 68-12, Pl. Depo. 158:18-160:23).

- "The evidence viewed in the light most favorable to Key shows that during the August 1. 2017, discussion about Key's hair. Robinson told Key 'the Koreans were a different breed of animals' that 'send little memos' and do not want African Americans wearing their hair in dreadlocks because of the VIP clientele like Mayor Todd Strange."

(Doc. 82 at 68).

The deposition testimony cited by Plaintiff in the Opposition was as follows: "the Koreans were a different breed of animals and that they send little memos and they don't want African Americans, you know, wearing their hair like this because of the clientele they have." (Doc. 68-12, Pl. Depo. 158:24-159:3). Earlier in her

deposition, Plaintiff had testified that Robinson told Plaintiff that she (Robinson) knew the Koreans did not want blacks to wear their hair a certain way because "[s]he said they send memos." (Doc. 68-12, Pl. Depo. 63:20-64:10). Plaintiff also testified she had never seen the memos, did not know who "they" was, and did not know who were the Koreans she alleged Robinson had referenced. (Id. 64:11-65:1). Thus, it is clear that any testimony by Plaintiff regarding Robinson's statement that the Koreans do not want African Americans to wear their hair in dreadlocks or any other fashion is solely based on Robinson's statement regarding what the alleged, unproduced or discovered, and unseen memos said.

B.     **Plaintiff**'s **Testimony is Excluded under the Best Evidence Rule as It Attempts to Testify about the Content of a Document or Documents.**

Robinson's statement should be excluded from trial first because it is an attempt to show the content of a document in violation of the best evidence rule. Under Rule 1002 of the Federal Rules of Evidence – known as the best evidence rule – "an original writing, recording, or photograph is required in order to prove its contents unless [the Federal Rules of Evidence] or a federal statute provides otherwise." *See United States v. Guevara*, 894 F.3d 1301, 1309 (11th Cir, 2018) ("The best evidence rule, codified as Federal Rule of Evidence 1002, requires the production of the original to prove the content of any writing, recording or photograph.") "This rule applies when a witness seeks to testify about the contents of a recording when the witness was not privy to the events described." *Roundtree*

*v. Bowers*. No. 22-1157, 2022 WL 17986182 *3 (11th Cir. December 29, 2022) (excluding internal investigation report that described the contents of a video). *See also BJ's Bail Bonds v. United Surety Services*, CASE NO. 2:20-CV-305-WKW, 2022 WL 213859 *3 (M.D. Ala. January 24, 2022) (affidavit testimony at summary judgment inadmissible under best evidence rule to prove court minutes).

"'The purpose of the best evidence rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing.'" *United States v. Maradiaga*, 860 Fed. Appx. 650, 654 (11th Cir, 2021) (quoting *United States v. Guevara*, 894 F.3d at 1309-10)). The testimony by Plaintiff of the Robinson statement is clearly reporting the content of specific documents, the memos regarding the grooming policy. There is no recognized exception. The document has not been shown to be lost or unable to be located. The testimony is not about an event of which the Plaintiff has personal knowledge, but of a purported event that is recorded in a document. There is no state of mind exception to the best evidence rule.

The testimony has no relevance other than to prove the contents of the document. It is classic oral evidence offered to prove the contents of a document that is barred by the best evidence rule. Furthermore, there has been no evidence other than the statement from the Plaintiff that such a document exists. No party has any such document listed as an exhibit. The lack of any evidence the document exists demonstrates even further the reason the best evidence rule should be applied to

prevent Plaintiff from being able to create oral testimony about the contents of a document when there is no evidence that such a document exists. There is no method to test the accuracy of the statement relayed. Any exception to the best evidence rule requires competent evidence that the document existed. *See Klein v. Frank*, 534 F.2d 1104-1107-08 (5th Cir. 1976); *Corwin v. Walt Disney World Co.*, Case No. 6:02-cv-1377-Orl-19KRS, 2005 WL 8165579 *13 (M.D. Fla. April 28, 2005) (Plaintiff "can produce secondary evidence if Plaintiff can prove that the writing existed and has been lost or destroyed.")

Similar to the plaintiff in *Walker v. United Parcel Service*, Case No. 18-62713-CIV-ALTMAN, 2021 WL 1089872 *16 (S.D. Fla. March 22, 2021), Key has not previously attempted to establish and is not expected to attempt to prove that such a document exists. The court in that case barred under Rule 1002 the plaintiff's attempted testimony of the FMLA documentation plaintiff claimed his doctor submitted. *Id.* In excluding the testimony, the court found that no one "has any record of this (supposed) documentation" and that plaintiff had not even attempted to show the original had been destroyed. *Id. See also United States v. Jerra*, No. 06-50081, 2007 WL 580099 *2 (9th Cir. January 9, 2007) (Court barred under the best evidence rule oral testimony from defendant's ex-wife regarding a check she allegedly was shown). Thus, the statement that Plaintiff relies on in attempt to establish that "the

5

Koreans" sent memos about the grooming policy and its application to African Americans is inadmissible under Rule 1002 of the Federal Rules of Evidence.

C. **Testimony by Plaintiff that Gloria Robinson Relayed Opinions of "the Koreans" That She Derived from Memoranda She Had Received from Them is Inadmissible Hearsay.**

The Robinson statement about the memos from "the Koreans" is also inadmissible hearsay and is not able to be admitted for the truth of the matter asserted. The statement by Robinson, although perhaps a statement by a party opponent, contains hearsay testimony from the memos allegedly generated by "the Koreans" who are no longer a party opponent. The testimony does not identify who the "Koreans" are, but presuming they are employed by one of the Hyundai entities that previously were parties in this action, either Hyundai Motor Manufacturing, Inc. ("HMMA") or Hyundai Engineering, LLC ("HEA") neither of those entities are still defendants in this case, as the Court dismissed all claims against them.

"Hearsay" is defined by the Federal Rules of Evidence as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010). Such statements, written or oral, are prohibited under Rule 802. The memos referenced in the alleged Robinson statement are out-of-court statements that cannot be admitted for the truth of the matter contained therein.

6

**D. Any Probative Value of Testimony and Evidence Regarding the Purported Comment by Robinson to Plaintiff about "the Koreans" Would Be Outweighed by the Danger of Unfair Prejudice.**

Assuming such testimony would be relevant, such evidence should be excluded because it would only confuse the issues, mislead the jury, waste the Court's time, and unfairly prejudice Dynamic. The Middle District of Alabama held that "even relevant evidence must be excluded if it will confuse the issues, mislead the jury, waste time, or cause delay, or if its 'probative value is substantially outweighed by the danger of unfair prejudice.'" *United States v, Johnson*, 904 F. Supp. 1303, 1307 (M.D. Ala. 1995). Further, it is proper to exclude evidence if it will send "the trial down a sidetrack," or if the evidence appears to have been "dragged in by the heels for the sake of its prejudicial effect." *Id.* (citing, *United States v. Cole,* 670 F.2d 35, 37 (5th Cir. 1982); *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979), *cert. denied*, 444 U.S. 862 (1979)). This evidence fits squarely in to that definition.

As stated above, there is no evidence that the memos exist or that they single out African American employees regarding any grooming policies. The testimony also is not about a *Dynamic* memo, but about a memo by unidentified *Koreans*. To allow Plaintiff to testify about these alleged memos without any corroboration could have a prejudicial impact on Dynamic, which has to defend itself against a document that will not be in evidence and there will be no evidence that the document exists.

7

That is not outweighed by any probative value the Plaintiff has to offer as the statement does not establish any fact. At most, that statement may indicate the Plaintiff had some subjective belief that her hair and her race were related, but that is outweighed by the prejudicial impact to Dynamic.

**WHEREFORE**, Dynamic respectfully moves the Court for an Order precluding the admission of, or reference to any statement from Gloria Robinson relating to the alleged Koreans' description of the grooming policy as that is based solely on the contents of a document, is inadmissible hearsay, and is more prejudicial than probative.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 28th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

                                                                              */s/Wesley C. Redmond*
                                                                              Wesley C. Redmond

WSACTIVELLP:13788579.1