IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) | |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DYNAMIC SECURITY, INC.'S SECOND MOTION IN LIMINE TO EXCLUDE ITS STATEMENT OF POSITION SUBMITTED TO THE EEOC

Counsel for Defendant Dynamic Security, Inc. ("Dynamic"), pursuant to Rules 401(a), 401(b), 402, 403, 801(c), and 802 of the Federal Rules of Evidence, moves this Court in limine to enter a ruling on the admissibility of certain evidence that Plaintiff has indicated she may offer into evidence, which is the statement of position Dynamic submitted to the EEOC in response to Plaintiff's EEOC Charge. Defendant's motion is based on the following grounds.

1.     Plaintiff Davita Key ("Plaintiff" or "Key") has brought this civil action against Defendant Dynamic Security, Inc. ("Defendant" or "Dynamic") pursuant to 42 U.S.C. § 1981.

2.     Plaintiff has included on "Plaintiff's Exhibit List" (doc. 102) Exhibit 19: "Dynamic Security Position Statement (HEA 053-056)" (Plaintiff's "May Offer"

List).

3.      Dynamic objected to this exhibit in "Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Exhibit List" (doc. 133) as irrelevant and unduly prejudicial under Rules 402 and 403, Fed. R. Evid., and because it contains inadmissible hearsay under Rule 401(a) and (b), Fed. R. Evid.

4.      Any evidence or testimony regarding Dynamic's Statement of Position to the EEOC should be excluded on the ground that the Title VII claim against Dynamic was dismissed, and the satisfaction of the EEOC's administrative remedies is not at issue in this case. Accordingly, Plaintiff's administrative charge of discrimination and related documents are irrelevant and inadmissible under Rule 402 of the Federal Rules of Evidence on those separate and independent grounds.

5.      Neither Plaintiff's Amended Complaint nor the statement of claims she included in the initial proposed Order On Pretrial Hearing contended that her EEOC Charge was protected activity for the purpose of establishing her retaliation claim against Dynamic. In fact, the first time Plaintiff ever made this contention was in her statement of claims that she included in the proposed Order On Pretrial Hearing the parties filed after the Court granted all parties' motions for summary judgment except for the § 1981 retaliation claim against Dynamic. Allowing Plaintiff to admit Dynamic's statement of position in response to that EEOC Charge that Plaintiff throughout the entirety of this litigation never alleged amounted to protected activity

2

with regard to Count V.

6.      Further, any evidence or testimony regarding Dynamic's statement of position to the EEOC should be excluded pursuant to Rule 403, Fed. R. Evid., on the ground that any marginal probative value it may have clearly is outweighed by the confusing and prejudicial effect it would have on the jury.

7.      Even if Plaintiff's Title VII claim against Dynamic had not been dismissed or she had previously alleged that the underlying EEOC Charge amounted to protected activity, a position statement prepared by a respondent in response to an EEOC Charge is not evidence. *See Davis v. Infinity Ins. Co., Inc*., Case No.: 2:15-cv-01111-JHE, 2021 WL 1208761 *19 (N.D. Ala. March 31, 2021) ("[T]he EEOC [position] statement is not evidence."); *see also Gage v. Metropolitan Water Reclamation District of Greater Chicago*, 365 F. Supp. 2d 919 (N.D. Ill. April 14, 2005) (granting the defendant's motion in limine to exclude evidence because "statements made to the EEOC do not carry significance independent of possible impeachment.").

8.      Even if relevant, the court should exclude the position statement because its "probative value is substantially outweighed by a danger of . . . unfair prejudice confusion of the issues or misleading the jury and would cause a needless presentation of cumulative evidence. Courts are obliged to provide a judical "forum for the ultimate resolution of the discriminatory employment claim [at issue] and

base [ ] judgment on the evidence presented . . . at trial," not during an administrative proceeding.  *Tulloss v. Near North Montessori School, Inc.,* 776 F.2d 150 (7th Cir. 1985), citing, *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 n. 21 (1974) (documents submitted to the EEOC which contain such potentially prejudicial material as personal statements by the plaintiff, newspaper articles, statements by plaintiff's professional and personal supporters, and letters relating to settlement negotiations should not be admitted)).  The *Tulloss* Court reiterated the longstanding and well settled principal that in determining the admissibility of EEOC records at a trial in a United States district court, we must "ever be mindful that Congress, in enacting Title VII, thought it necessary to provide a judicial forum for the ultimate resolution of discriminatory employment claims. It is the duty of courts to assure the full availability of this forum."  *Id.* at 152.  A jury's function is to act as an independent fact-finder.  Courts are in agreement that it is not error to exclude documents submitted to the EEOC, "in order to insure a fair and independent determination of the facts by the court." *Id.* at 154.  As the Second Circuit noted in *Gillin v. Federal Paper Bd. Co.*, 479 F.2d 97, 99 (2nd Cir. 1973), documents submitted to the EEOC contain a "mish-mash of self-serving and hearsay statements . . .; . . . justice requires that the testimony of the witnesses be given in open court, under oath, and subject to cross-examination."

Here, Plaintiff will have the ability to call as witnesses and cross-examine anyone who may testify as to the conduct or statements contained in the position statement and admit any relevant evidence to support her claim of discrimination. To admit Dynamic's position statement would be tantamount to telling the jury that all of the information contained therein and attached thereto is competent evidence, which should be considered in making its determination, without engaging in a balancing test for each part and parcel of the information contained therein.  All of the information contained in the position statement could be presented to the jury in some other form or fashion and therefore, the only purpose to be served by admitting into evidence the position statement, would be to suggest to the jury that it should reach the same conclusion as the agency to which it was submitted, without the benefit of the agency determination. And the position statement should also be excluded as it would be highly prejudicial and misleading to jurors who would be unable to evaluate the administrative process through which the information was submitted and who might place undue emphasis on the same.

9.     Dynamic's position statement is inadmissible because it contains hearsay to the extent Plaintiff intends to use it or any statement by another person included therein (double hearsay) to prove the truth of the matter asserted. Fed. R. Evid. 801(c), 802.

10.     Dynamic's position statement to the EEOC should also be excluded on

the additional ground that such evidence is irrelevant and immaterial since the trial is a de novo proceeding. FRE 401, 402.

WHEREFORE, on the basis of the foregoing, and for the reasons set forth in the accompanying Memorandum of Law, Defendant respectfully prays that this Court grant Defendant's Motion in Limine, find the above evidence inadmissible and enter an Order prohibiting the Plaintiff from introducing, or in any way referring to, such evidence during the trial of this case.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 28th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*


                                        */s/Wesley C. Redmond*
                                        Wesley C. Redmond


WSACTIVELLP:13814742.1