IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S THIRD MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DISMISSED CLAIMS**

Counsel for Defendant Dynamic Security, Inc. ("Dynamic") moves this Court in limine pursuant to Rules 401 and 402, Fed. R. Evid., to exclude testimony or evidence of other claims against Dynamic that this Court dismissed at the summary judgment stage, including but not limited to any evidence that Plaintiff asserted or complained of pregnancy discrimination, stating as follows:

1. Plaintiff's Amended Complaint appeared to have alleged the following counts against Dynamic: Count I for Title VII pregnancy discrimination, Count II for Title VII retaliation for complaining about discrimination based on pregnancy, Count III for Title VII race discrimination, Count IV for Title VII retaliation for complaining about HMMA's dreadlocks policy, and Count V for retaliation pursuant to pursuant to 42 U.S.C. § 1981.

2. In its Memorandum Opinion and Order, the Court dismissed all counts against Dynamic except for Count V. (Doc. 138).

3. The counts dismissed by the Court are not relevant to the remaining § 1981 retaliation claim, which is the only one to be decided by the jury. *See, e.g. Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, No. CV 18-1702 (RC), 2022 WL 7002841, at *2 (D.D.C. Oct. 12, 2022) (excluding as irrelevant evidence that was the basis for the claims that the Court had already dismissed). *See also* cases cited by Plaintiff in her Second Motion in Limine (doc. 151 at 2), which included *Debose v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-2787-EAK-AEP, 2018 U.S. Dist. LEXIS 228703, at *5-7 (M.D. Fla. Sep. 9, 2018) (finding evidence that claims were dismissed was not probative to remaining claims); *Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361 (VAB), 2017 U.S. Dist. LEXIS 23681, 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017) ("[W]here claims have been dismissed on summary judgment, therefore, it is appropriate to preclude testimony in evidence regarding those same previously dismissed claims during a jury trial") (citing *Morales v. N.Y. Dep't of Labor*, No. 06-CV-899 (MAD), 2012 U.S. Dist. LEXIS 92075, 2012 WL 2571292, at *4 (N.D.N.Y. July 3, 2012) (finding "that any testimony or evidence about plaintiff's previously dismissed discrimination claim is excluded" as irrelevant and prohibiting evidence regarding events prior to February 16, 2006 where a "prior

Order narrowed the scope of plaintiff's retaliation claim to protected activities that occurred on or after February 16, 2006.")[1]

4. Further, any probative value of evidence or testimony as to the dismissed claims would be outweighed by the danger of unfair prejudice and could serve to confuse the issues and the jury. *Andazola v. Logan's Roadhouse, Inc.*, No. CV-10-S-316-NW, 2013 WL 1834308, at *7–8 (N.D. Ala. Apr. 29, 2013) (granting defendant's motion in limine to exclude evidence of plaintiff's five dismissed claims on the grounds that such evidence is not relevant to the two remaining claims and that its probative value is substantially outweighed by the risk of unfair prejudice, confusion, or delay.)

**WHEREFORE**, Dynamic respectfully moves the Court for an Order precluding the admission of, or reference to, any of the dismissed claims or evidence that formed the basis of Plaintiff's dismissed claims against Dynamic, including but not limited to any evidence that Plaintiff asserted or complained of pregnancy discrimination.

                                      Respectfully submitted,

                                      */s/ Wesley C. Redmond*
                                      Wesley C. Redmond
                                      Susan W. Bullock
                                      FordHarrison LLP

---

[1] Dynamic reserves the right, however, to offer evidence of the dismissed claims to the extent the claims pursued are relevant under the but-for standard for 42 U.S.C. § 1981 claims.

           420 20th Street North, Suite 2560
           Birmingham, AL  35203
           wredmond@fordharrison.com
           Phone: 205-244-5905
           sbullock@fordharrison.com
           Phone: 205-244-5904

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 28th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

                                                          */s/Wesley C. Redmond*
                                                          Wesley C. Redmond

WSACTIVELLP:13814748.1