IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S FOURTH MOTION IN LIMINE TO EXCLUDE QUESTIONS ASKED BY RAY CURETON RELATED TO ASSIGNMENTS FOR THE PLAINTIFF**

Counsel for Defendant Dynamic Security, Inc. ("Dynamic") moves this Court in limine to exclude evidence concerning Ray Cureton's questions and comments related to Plaintiff's assignments that made following her removal from the Hyundai facility.

**A.  Deposition Questioning by Plaintiff's Counsel and Plaintiff's Witness and Exhibit Lists Indicate Plaintiff Intends to Offer Testimony Regarding Questions Asked by Ray Cureton Regarding Assignments to Plaintiff Following Her Removal by Hyundai.**

Plaintiff has listed as either will call or may call exhibits certain questions asked by Ray Cureton regarding providing assignments to Plaintiff following her removal by Hyundai. These assignments are the subject of Count V of Plaintiff's Amended Complaint. The questions are as follows:

- Exh. 25 of Plaintiff's Expect to Offer at Trial – "[I]s it advisable

> to try to move her to a different site when she is making threats to sue HMMA over the appearance standards?"

- Exh. 44 of Plaintiff's May Offer at Trial - "[I]n light of her current complaint, am I free to offer her a position with Dynamic should we be able to agree on a place for her to work?"

**B.    The Questions Asked by Ray Cureton Regarding Assignments for Plaintiff are Not Relevant Evidence and Are More Prejudicial Than Probative**

Under the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is deemed irrelevant if it does not have "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is considered relevant, the district court may still "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

These questions by Cureton are not evidence relevant to motive or intent. They are questions by a supervisor seeking advice and direction regarding the next steps he should take. They are not probative of any intent by Cureton and cumulative as to any other relevant fact.  As a question, they are not probative of any state of mind by Mr. Cureton, and employers should not be in fear of asking questions on the basis that it might be used as evidence.  Moreover, the question that Plaintiff

identifies as one that it may use at trial is a statement that specifically references not a threat to sue Dynamic but a threat to sue a separate entity.

In *Collier v. Harland Clarke Corp.*, 820 Fed. Appx. 874, 879 (11th Cir. 2020), the court considered a question by the decision-maker asking how the plaintiff was doing after his surgery. The Court found that, although this question shows that the decision maker was aware that the plaintiff was disabled, it contains nothing to suggest that the decision-maker acted, or had any motive to act, because the plaintiff was disabled. *Cf. DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2015 WL 5123652 * 7 (N.D. Ill. Sept. 1, 2015) ("'Merely asking a lawyer a question is not in itself probative evidence of good faith.'") (quoting *Dorr-Oliver Inc. v, Fluid-Quip, Inc.*, 834 F. Supp. 1008, 1011 (N.D. Ill. 1993)).

Cureton's questions are insufficient to allow a rational juror to find that the decision maker intended to retaliate; rather, it only establishes Cureton had knowledge that the plaintiff made a complaint. The prejudicial impact particularly outweighs its probative value because: 1) the evidence will show the only complaint made internally to Cureton did not reference race[1]; and 2) the evidence will show Cureton was not aware of the statement about "the Koreans" Plaintiff alleges Robinson made to her.

---

[1] Although Dynamic contends that the Plaintiff's EEOC Charge should not be part of this case and has filed a separate motion in limine relate to that issue, it should be noted that the statements challenged in this motion are prior to the receipt by Dynamic of the Plaintiff's EEOC Charge.

3

C. **The Statement Made by Ray Cureton Regarding Assignments for Plaintiff are Not Relevant Evidence and are More Prejudicial than Probative**

In addition, Plaintiff has listed on Exhibit 43 a statement made by Ray Cureton that "I can attempt to reassign Key to a different site, but I don't think that is advisable at this time, especially if she is to carry through with the stated 'official complaint' of discrimination against Hyundai, Ms. Williams, and Ms. Robinson." For the reasons stated above related to Cureton's knowledge at the time these statements were made, this statement should be excluded under Rule 403 as being more prejudicial than probative. At the time of this statement, the evidence will be that Cureton was not aware of any allegations of race discrimination.

**WHEREFORE**, Defendant Dynamic Security, Inc. ("Dynamic") respectfully moves the Court for an Order precluding the admission of, or reference to any of the two questions or the statement set forth above.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

4

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 28th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*


                                            */s/Wesley C. Redmond*
                                            Wesley C. Redmond

WSACTIVELLP:13814761.1