IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S FIFTH MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO PLAINTIFF FILING AN EEOC CHARGE AGAINST DEFENDANT DYNAMIC SECURITY, INC.

Counsel for Defendant Dynamic Security, Inc. ("Dynamic") moves this Court in limine to remove any reference to Plaintiff filing an EEOC Charge against Dynamic Security, Inc. as part of Plaintiff's allegation of protected activity on the grounds that it would be more prejudicial than probative since the Plaintiff's filing of an EEOC Charge was never part of the allegations in this case and there will be no evidence of any adverse action taken after Dynamic was made aware of Plaintiff's EEOC Charge.

The Plaintiff's Amended Complaint (Doc. 28) does not mention Plaintiff's EEOC Charge as one of the protected activities engaged in by Plaintiff or as an action

for which Dynamic engaged in any retaliation.[1] The relevant allegations relating to any complaints made by Plaintiff (none of which reference Plaintiff's EEOC Charge) are:

- "Tanya confirmed she had stated Key felt discriminated against. Tanya called Robinson again, but Key stepped out of the mailroom. When Key returned, Key wrote up a formal complaint against Hyundai, Robinson, and Williams and told Chambliss she wanted to file a complaint with human resources. Chambliss told her to talk to Williams or Robinson. When she expressed concern about speaking with them Chambliss told her to go to Dynamic's facility and speak with Ray Curenton." (Doc. 28 ¶ 84).

- "Chambliss gave her permission to leave to speak with Curenton. She went immediately to the Dynamic facility to speak with Curenton." (Doc. 28 ¶ 85).

- "Curenton had Scavella sit in on the meeting and she shared her complaint." (Doc. 28 ¶ 86).

- "Curenton stated he would send a copy of her complaint to the HR office in Birmingham and get back to her in a couple of days so she could review the Hyundai dismissal paperwork." (Doc. 28 ¶ 89).

- "Dynamic never placed Key in any other assignments." (Doc. 28 ¶ 93).

- "Defendants discriminated against Plaintiff in retaliation for engaging in protected activity in violation of 42 USC § 1981, by terminating Plaintiff's employment when she complained of discrimination on the basis of her race because of her African-

---

[1] The Amended Complaint references Plaintiff's EEOC Charge in the section titled "Conditions Precedent" to attempt to show Plaintiff satisfied her administrative prerequisites. (Doc. 28 ¶¶ 24-36). The Amended Complaint contains no further reference to the Plaintiff's EEOC Charge.

>    American hairstyle and because of a racially disparate grooming policy." (Doc. 28 ¶ 152).
>
> - "Defendants HMMA and HEA called Plaintiff into the office on August 1, 2017 because another employee said Plaintiff felt discriminated against." (Doc. 28 ¶ 153).
>
> - "Defendants stated she (Key) was going to be a problem." (Doc. 28 ¶ 154).
>
> - "Plaintiff requested to file a formal discrimination complaint on August 1, 2017." (Doc. 28 ¶ 155).
>
> - "Plaintiff left the Hyundai facility (with permission) to file a formal complaint with Dynamic at the Dynamic facility." (Doc. 28 ¶ 156).
>
> - "Defendants HMMA and HEA terminated Key's employment from the Hyundai Plant August 2, 2017 after she left to file a complaint." (Doc. 28 ¶ 157).
>
> - "Defendant Dynamic made statements demeaning or undermining Plaintiff's complaint and discouraging her from filing a formal complaint." (Doc. 28 ¶ 158).
>
> - "Defendants terminated Plaintiff because she complained of race discrimination and a racially disparate policy." (Doc. 28 ¶ 159).

All of these allegations relate to internal complaints made by Plaintiff to Dynamic; none of these allegations refer to Plaintiff's EEOC Charge. That allegation first appeared in the recently submitted proposed Order on Pretrial Hearing that was e-mailed to the Court on February 23, 2023, at 4:28 p.m. The original joint draft of the Proposed Order on Pretrial Hearing e-mailed to the Court at 11:47 a.m. on February 10, 2023, also contained no reference to the Plaintiff's EEOC Charge. "A

plaintiff cannot circumvent the consequences of failure to timely amend the complaint by adding new claims or factual bases for a claim through the submission of a proposed pretrial order containing them. This is especially true where, as here, the defendant objects to the new claims or contentions."[2] *Sanders v. City of Montgomery*, 319 F. Supp. 2d 1296, 1300 (M.D. Ala. 2004); *see also Gaddy v. American Interstate Ins. Co.*, 1;14-cv-1928-WSD, 2018 WL 1659156 *3 (N.D. Ga. April 5, 2018) (striking new claim contained in pretrial order: "Beyond these brief references, the Complaint is completely devoid of any facts surrounding an alleged negligent recall, any mention of the SN608 Area or the hinge pin area, or any description of how the alleged negligent recall was deficient in manner and scope. . . . To permit Plaintiff to assert this claim now-after the close of discovery and after dispositive motions have been briefed and decided-would almost certainly result in prejudice to Defendants.")

To allow Plaintiff to pursue at this late date a claim that she was retaliated against because she filed an EEOC Charge would unduly prejudice Dynamic. This case has proceeded on the theory that Plaintiff was retaliated against due to her

---

[2] In the proposed Order on Pretrial Hearing submitted to the Court on February 23, 2023, Dynamic specifically objected to any claim that Plaintiff was retaliated against for filing an EEOC Charge as not being included in the Amended Complaint. ("Count V does not [allege] (nor is it alleged anywhere in the Amended Complaint) that Dynamic retaliated against Key for filing an EEOC Charge under either an opposition or a participation theory. Thus, Plaintiff should not be allowed to proceed to trial on any of those purported theories or any claim or theory under Count V because she failed to plead them against Dynamic.')

internal complaints. That is a distinctly different theory under a different time table than the claim that Plaintiff was retaliated against because she made internal complaints with Dynamic.

Moreover, the EEOC Charge is irrelevant because there will be no evidence of any adverse action taken following Dynamic's notice of the EEOC Charge and will be more prejudicial than probative. Although Dynamic contends it offered Plaintiff other positions, Plaintiff has not identified and presumably will not identify at trial any positions not offered to Plaintiff after Dynamic received notice of the EEOC Charge.

Under the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is deemed irrelevant if it does not have "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is considered relevant, the district court may still "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Assuming such testimony would be relevant, such evidence should be excluded because it would only confuse the issues, mislead the jury, waste the Court's time, and unfairly prejudice Dynamic. The Middle District of Alabama held

5

that "even relevant evidence must be excluded if it will confuse the issues, mislead the jury, waste time, or cause delay, or if its 'probative value is substantially outweighed by the danger of unfair prejudice.'" *United States v, Johnson*, 904 F. Supp. 1303, 1307 (M.D. Ala. 1995).  Further, it is proper to exclude evidence if it will send "the trial down a sidetrack," or if the evidence appears to have been "dragged in by the heels for the sake of its prejudicial effect." *Id.* (citing, *United States v. Cole,* 670 F.2d 35, 37 (5th Cir. 1982); *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979), *cert. denied*, 444 U.S. 862 (1979)). This evidence fits squarely in to that definition.

**WHEREFORE**, Dynamic respectfully moves the Court for an Order precluding the admission of, or reference to the Plaintiff's EEOC Charge or any contention that Dynamic retaliated against Plaintiff due to her filing of an EEOC Charge against Dynamic.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

6

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 28th day of February, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

                                                */s/Wesley C. Redmond*
                                                Wesley C. Redmond

WSACTIVELLP:13820380.1