IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) | |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT DYNAMIC SECURITY INC.'S</u>
## <u>PROPOSED JURY INSTRUCTIONS</u>

Counsel for Defendant Dynamic Security, Inc., submits the following proposed jury instructions for consideration by this Court.

## 1.1  General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court

3

may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

4

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case with a single claim that Defendant Dynamic Security, Inc. violated 42 U.S.C. §1981 by retaliating against Key when it effectively terminated her employment by not offering her a new assignment after she complained to Dynamic that she felt discriminated against on the basis of her hairstyle (dreadlocks) after Hyundai removed her from the jobsite for violation of its grooming policy. Even if the plaintiff satisfies her burden to prove her claim, there are specific elements of affirmative defenses the defendant can establish to prevent liability. At the appropriate time, I will instruct you in more detail as to the plaintiff's burden of proof and the defendant's affirmative defenses.

To help you follow the evidence, I'll summarize the parties' positions. Dynamic Security is a staffing company that places security officers with clients who need those roles filled. Dynamic provided security officers to a company called Hyundai Engineering America, Inc. ("HEA"), who then placed them to

work at Hyundai Motor Manufacturing Alabama ("HMMA"), an automotive assembly plant located in Montgomery, Alabama that produces vehicles.

Plaintiff Key applied for employment with Dynamic to work as a security officer assigned to the mailroom at the Hyundai plant. Plaintiff Key was removed from the Hyundai plant by HMMA because she wore her hair in a dreadlocks style, which was in violation of HMMA's grooming policy. Plaintiff alleges she complained to Dynamic Security that she felt discriminated against on the basis of her dreadlock hairstyle. She alleges that Dynamic refused to reassign her to a different client because of her complaint, which she claims amounted to retaliation that violated 42 U.S.C. § 1981.

Dynamic asserts multiple defenses to Plaintiff's claim.

Dynamic substantively denies Plaintiff's claim and contends that, while Ms. Key made a complaint about HMMA's grooming policy, her complaint was not protected activity because she did not allege that her removal was based on her race or that he removal on that basis of her hair was a proxy for a complaint of race discrimination.

Dynamic contends that, even if the jury were to find Ms. Key's complaint to Robinson about HMMA's grooming policy were a proxy for race discrimination, the Dynamic employee who made decisions regarding job assignments had no knowledge that Plaintiff believed her complaint about her hair amounted to anything other than a complaint about HMMA's grooming policy. Thus, Dynamic contends that it was not possible for the decision-maker to have any illegal retaliatory motive because he had no knowledge of any complaint about race.

Dynamic also contends that it offered Ms. Key other assignments but that she declined those other assignments and thereafter never requested any further work with Dynamic.

Please keep in mind this is an overview of the claim and defenses, and I will provide specific elements later in these instructions and again in the jury charges you receive at the conclusion of the evidence.

<u>Burden of proof</u>:

Plaintiff Davita Key has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Ms. Key must prove that, in light of all the evidence, it is more likely true than not **that Dynamic would have offered her a new assignment "but for" her complaint about HMMA's policy against wearing dreadlocks, which she contends amounted to a proxy for complaining about race discrimination.** So, if you could put the evidence favoring Ms. Key and the evidence favoring Dynamic on opposite sides of balancing scales, Ms. Key needs to make the scales tip to her side **in order for you to rule in her favor**. If Ms. Key fails to meet this burden, you must find in favor of Dynamic.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Dynamic has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Dynamic must prove for any affirmative defense. After

considering all the evidence, if you decide that Dynamic has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of witnesses may be presented to you by a video or by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**3.8.1 Duty to Deliberate**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**4.22 Retaliation – Section 1981[1]**

In this case, Key claims that Dynamic retaliated against her because she took steps to enforce her lawful rights under 42 U.S.C. §1981.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Ms. Key merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Ms. Key claims that, after HMMA removed her from its jobsite for violating the grooming policy,  Dynamic never offered her a new employment assignment, effectively terminating her employment and that Dynamic did not offer her another assignment because she engaged in activity protected by 42 U.S.C. §1981 when

---

[1] Modified

she complained to Dynamic that she felt discriminated against on the basis of her hairstyle (dreadlocks) and also when she filed an EEOC Charge against Dynamic making a similar complaint.[2]

Dynamic denies Ms. Key's claim and asserts that Ms. Key's complaint about the grooming policy did not amount to protected activity because she complained only about her hair without mentioning discrimination or race, because the law is employers may apply grooming policies that do not permit employees to wear a dreadlock style because it is a choice and not an immutable trait of race; and because Dynamic offered Key other assignments but she declined to accept them.

---

[2] Proposed Order on Pretrial Hearing, p. 3 ("Summary of Plaintiff's Claims and Damages").

## <u>Elements Plaintiff Must Prove to Establish a Retaliation<br>Claim Pursuant to 42 U.S.C. § 1981</u>

To succeed on her only claim, Ms. Key must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:     Key engaged in complaining about HMMA disallowing her from wearing her hair in a dreadlock style because it violates the grooming policy and that wearing dreadlocks is protected by law;

<u>Second</u>:   Dynamic subjected Key to a materially adverse employment action. An action is materially adverse if it is likely to deter a reasonable worker from making or supporting a charge of discrimination. Material means significant as opposed to trivial;

<u>Third</u>:    Dynamic would not have taken the adverse action but for Key's protected activity; and

<u>Fourth</u>:   Key suffered damages because of the adverse employment action.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

16

**First Element: Protected Activity**

To establish the first element required to prove a prima facie case of retaliation pursuant to § 1981, Key must present sufficient evidence to prove she engaged in "protected activity," meaning activity protected by § 1981.

Plaintiff contends that she complained to Dynamic that she felt discriminated against on the basis of her hairstyle (dreadlocks) and also when she filed an EEOC Charge against Dynamic making a similar complaint.[3]  Dynamic contends that the complaint Key made during her employment was only that she protested HMMA's grooming policy because it did not permit her hairstyle, dreadlocks, and that she did not complain to anyone at Dynamic that she believed she was being discriminated against because of her race.[4]

The law provides that her complaint was "protected activity" if she articulated that she was opposing illegal race discrimination. No matter how the complaint is made, it must communicate a belief that an employer is engaged in unlawful discrimination based on race.[5]

---

[3] Proposed Order on Pretrial Hearing, p. 3 ("Summary of Plaintiff's Claims and Damages").

[4] *Id.*, p. 4

[5] *Biggers v. Koch Foods of Alabama*, LLC, 461 F. Supp. 3d 1176, 1186–88 (M.D. Ala. 2020) ("No matter how the complaint is made, it must communicate a belief that an employer is engaged in unlawful discrimination.") *See also Singleton v. City of Montgomery*, CIVIL CASE NO. 2:20-CV-898-ECM, 2022 WL 1216074 *20 (M.D. Ala. April 25, 2022) (Court found no protected activity as "Singleton has produced insufficient evidence demonstrating that he explicitly or implicitly communicated to Ms. Douglas or Mr. Pierce that his treatment 'was in any way related to [Mr. Singleton's] race.'" (citing *Jeronimus v. Polk Cnty. Opportunity Council*, 145 Fed. App'x 319, 326 (11th Cir. 2005)(per curium) (no protected activity based **on** complaints

17

### **Plaintiff Must Prove That the Prohibiting Her from Wearing Dreadlocks Actually Violated § 1981 or, Alternatively, That She Held Both a Good Faith Belief That Such Act Was Racially Discriminatory and That Her Belief Was Objectively Reasonable.**

To qualify as protected activity, the conduct Key complains about must actually violate § 1981 or, alternatively, she must show that her complaint was based on a good faith belief that the alleged race discrimination actually existed, and her belief must have been objectively reasonable.[6]

The law in the Eleventh Circuit Court of Appeals,  which is the court that interprets federal law for the states of Alabama, Florida, and Georgia, has held that dreadlocks are a hairstyle, not "an immutable characteristic of race," even though they "are a 'natural outgrowth' of the texture of black hair"[7] and that a race-neutral grooming policy to prohibit dreadlocks, without evidence of racially discriminatory application, is not race discrimination.[8]

If you find that what Plaintiff actually complained about was something that did not violate § 1981, you must answer the following questions.

You must then determine if Key's opposition to the grooming policy as it applied to her was based on a good-faith, reasonable belief that Dynamic

---

of being "singled out," subject to "a campaign of harassment," and working in a "hostile environment," but no suggestion that complaint was related to race or sex)).

[6] *See Jefferson v. Sewon Am., Inc*., 891 F.3d at 924; Butler v. Alabama Dep't of Transp., 536 F.3d 1209, 1213 (11th Cir. 2008).

[7] *E.E.O.C. v. Catastrophe Mgmt. Sols*., 852 F.3d 1018, 1030 (11th Cir. 2016).

[8] *Id.*

discriminated against her because of her race. To qualify as "protected activity," Key must establish she had a "good faith" belief, which requires you to answer the question of whether she honestly believed that Dynamic discriminated against her because of her race.

If you find Key subjectively believed she was complaining about an employment action that violated § 1981, you must also determine if a reasonable person would, under the circumstances, believe that Dynamic discriminated against her because of her race. Key does not have to prove that Dynamic actually discriminated against her because of her race, but she must prove that it was reasonable for her to believe what she complained about violated § 1981.

In determining whether her belief was objectively reasonable, you must again take into consideration the law that dreadlocks are a hairstyle, not "an immutable characteristic of race" and that a race-neutral grooming policy to prohibit dreadlocks, without evidence of racially discriminatory application, is not race discrimination.

Thus, if you find that, in light of the law in this Circuit, it was not objectively reasonable for Key to believe HMMA's grooming policy prohibiting dreadlocks was a violation of the law, your analysis must end here, and you must rule in favor of Dynamic.

**Authority**: Memorandum Opinion (doc. 138 at 28): "Absent evidence of discriminatory application of restrictions on dreadlocks, the Eleventh Circuit treats

race neutral no-dreadlocks grooming policies as nondiscriminatory. *E.E.O.C. v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 (11th Cir. 2016). The court in *Catastrophe Management* held that dreadlocks are a hairstyle, not "an immutable characteristic of race," even though they "are a 'natural outgrowth' of the texture of black hair." *Id.* (rejecting plaintiff's argument that a race-neutral grooming policy to prohibit dreadlocks, without evidence of racially discriminatory application, constitutes intentional race discrimination); *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997); 11TH CIR. PATTERN JURY INSTRUCTION (modified). Where a plaintiff's retaliation claim arises from the opposition to an allegedly unlawful practice, "a plaintiff must show that he 'had a good faith, reasonable belief that the employer was engaged in unlawful employment practices.'" *Boyland v. Corr. Corp. of Am.*, 390 F. App'x 973, 975 (11th Cir. 2010) (per curiam). The plaintiff "need not prove the underlying claim of discrimination which led to [his] protest." *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1494 (11th Cir. 1989). The plaintiff must show that he held a reasonable, good faith belief that the discrimination existed. *Id.* To demonstrate that he held a reasonable, good faith belief that discrimination occurred, the plaintiff must show not only that he subjectively believed that his employer's behavior was discriminatory, "but also that his belief was objectively reasonable in light of the facts and record presented." *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d at 960).

**Second Element Plaintiff Must Prove: Adverse Employment Action**

For the second element, Key claims that Dynamic took an adverse employment action against her when Dynamic did not offer her a different assignment after HMMA removed her from that assignment. You must decide whether Dynamic did not offer her a different assignment after HMMA removed her from that assignment and whether failure to offer a different assignment is an adverse employment action.

An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Dynamic would not offer her a new employment assignment, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

Next, you must decide if Dynamic failed to offer Plaintiff new assignments after HMMA removed her from its jobsite. If you determine Dynamic did offer Key new assignments, the second element of her claim is not satisfied, and you must find in favor of Dynamic.

**Third Element Plaintiff Must Prove: "But For" Causation**

If you find that Key engaged in protected activity and that Dynamic took an adverse employment action against her, you must decide the third element of a § 1981 claim, which is causation. To satisfy this element, you must find that Dynamic would not have failed to offer her new assignments "but for" her protected activity. "But for" means that the alleged protected activity was a determinative influence on the alleged adverse action.  In other words, that the alleged adverse action would not have occurred without the complaints or protected activity.

Dynamic contends it did not fail to offer her a new assignment and that Key's complaint was not the "but for" cause of any action it may have taken.

If you do not find that the alleged adverse action would not have occurred "but for" Key's complaints or protected activity, the third element is not satisfied, and you must find in favor of Dynamic.

**Authority:**  A "§ 1981 plaintiff 'bears the burden of showing that race was a but-for cause of its injury' and that the burden remains constant throughout the life of the suit." *Biggers v. Koch Foods of Alabama, LLC*, 461 F. Supp. 3d 1176, 1183 (M.D. Ala. 2020) (quoting *Comcast Corp. v. National Association of African American Owned Media*, —— U.S. ——, ——, 140 S. Ct. 1009, 1014, 206 L.Ed.2d 356 (2020)); *Ziyadat v. Diamondrock Hospitality Co*., 3 F. 4th 1291, 1297-98 (11th Cir. 2021); *Scott v. Harris*, CIVIL ACT. NO. 2:20-cv-596-ECM, 2022 WL 2161493 * 4 (M.D. Ala. June 15, 2022); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013) "[A]n action is not regarded as a cause of an event if the particular event would have occurred without it.")

**Another Reason Besides a Complaint of Race
Discrimination Requires Verdict for Dynamic**

An employer may not take an adverse action against an employee because of the employee's protected activity. Section 1981 does not impose a general civility code on employers.[9] Thus, the law permits Dynamic to choose not to reassign Key for any other reason, good or bad, fair or unfair. If you believe Dynamic would not have failed to reassign her "but for" a complaint of race discrimination, <u>but instead took that action for another reason,</u> you must not second guess that decision, and you must not substitute your own judgment for Dynamic's judgment – even if you do not agree with it.

If you find that Dynamic took any action against Plaintiff for a reason other than a complaint of race discrimination, you must find in favor of Dynamic.

---

[9] *Gupta v. Fla. Bd. Of Regents*, 212 F.3d 571, 588 (11th Cir. 2000).

## Intentional Retaliation Required

In order to state a claim under § 1981, Key must prove not only that her complaint was the but-for cause of any alleged adverse action, but she also must prove that Dynamic's actions were intentionally due to her complaint.

**Authority**:   *Scott v. Harris*, CIVIL ACT. NO. 2:20-cv-596-ECM, 2022 WL 2161493 * 4 (M.D. Ala. June 15, 2022) ("Plaintiff 'must simply provide enough factual matter to plausibly suggest intentional discrimination.'") (quoting *Evans v. Ga. Reg'l Hosp*., 850 F.3d 1248, 1253 (11th Cir. 2017) abrogated on other grounds by *Bostock v. Clayton Cnty., Georgia*, 207 L. Ed. 2d 218, 140 S. Ct. 1731 (2020).

**To Establish Intentional Retaliation, the Decision-Maker Must Have Had Knowledge Plaintiff Specifically Complained about Race Discrimination.**

In order for Plaintiff to satisfy the third causation element, she must establish that the Dynamic employee who made the [purported] decision not to offer her a new assignment had, at the time he made that decision, knowledge that Plaintiff engaged in protected activity.

It is not possible for a decision-maker to take employment action because of an employee's protected activity when the decision-maker was unaware of the protected activity.

Thus, it is not sufficient for Plaintiff to establish that Dynamic Security's District Manager Ray Cureton, who was responsible for assigning security guards to clients' jobsites, had knowledge Plaintiff had complained to Dynamic's Account Manager assigned to HMMA, Gloria Robinson, about HMMA not permitting her to wear her hair in dreadlocks style.

Key must also prove that Mr. Cureton had knowledge that Plaintiff's complaint about dreadlocks was a proxy for a complaint about race discrimination.

Thus, if you find that Mr. Cureton, at the time he purportedly failed to offer her a new assignment, knew that she complained to Robinson about her hair but did not know that Plaintiff had complained to Robinson about race discrimination, she cannot establish the element of causation, and you cannot rule in her favor.

25

<u>Authority</u>: To qualify as protected opposition activity, the plaintiff must have opposed conduct that is an "unlawful employment practice." 42 U.S.C. § 2000e-2(a)("unlawful employment practice" is, inter alia, discrimination against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.") *Duncan v. Alabama*, 734 F. App'x 637, 641 (11th Cir. 2018) (unpublished) ("Although the record indicates the decisionmaker had actual knowledge that [the plaintiff] filed some type of complaint with the [defendant], there is no evidence in the record that [the decision-maker] was actually aware the internal complaint raised any allegations of race discrimination, such that it constituted a protected expression.") (citing *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999)); "To engage in protected activity as required to satisfy the prima face case, 'the employee must still, 'at the very least, communicate her belief that discrimination is occurring to the employer,' and cannot rely on the employer to 'infer that discrimination has occurred.'" *Pate v. Chilton Cty Bd. of Educ.*, 2012 WL 12872 at *17 (M.D. Ala. 2012) (quoting *Demers v. Adar Homes of NW, Fla., Inc.*, 321 Fed. Appx. 847, 852 (11th Cir. 2009)); *see also Cartwright v. Tacala*, Inc., CIVIL ACTION NO. 99-W-663-N, 2000 U.S. Dist. LEXIS 20500, at *29-30 (M.D. Ala. Nov. 1, 2000) (Court found no protected activity as there is no evidence to indicate that plaintiff suggested in any way that the manipulation occurred because of the race of any of the employees."). *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1355–56 (11th Cir. 1999) ("In sum, because [the plaintiff] failed to present sufficient evidence either that: (1) Miller was aware of her protected conduct or (2) anyone other than Miller was a decision-maker, we conclude she did not present sufficient evidence to permit a jury to reasonably find the requisite causal connection between her protected activity and her termination"; and, "[b]ecause [the plaintiff] was required to establish that causal connection in order to prevail on her retaliation claim, the district court erred in denying [the defendant's] motion for judgment as a matter of law."); *Joyce v. Sewon C&A Inc.*, No. 2:21-CV-355-WKW, 2022 WL 6766144, at *6 (M.D. Ala. Oct. 11, 2022) (rule "comes with a threshold requirement: The plaintiff must first establish that "the decisionmaker was aware of [the] protected conduct at the time of the adverse employment action.") (quoting *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000); *Stone v. Geico Gen. Ins. Co.*, 279 F. App'x 821, 824 (11th Cir. 2008) ("*Breeden* is consistent with our rule that the protected activity must be known to the decision-maker who takes the adverse action. See Bass, 256 F.3d at 1119 ("[I]t is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected expression.") (citing *Clark County Sch. Dist. V. Breeden*, 532

U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam)); *Gupta*, 212 F.3d at 590 ("To establish a causal connection, a plaintiff must show that the decisionmakers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated.") (citation and internal marks omitted); *Bass v. Bd. of Cnty. Comm'rs, Orange Cnty*., Fla., 256 F.3d 1095, 1119 (11th Cir. 2001) ("[i]t is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected expression) (citing *Raney v. Vinson Guard Service, Inc*., 120 F.3d 1192, 1196 (11th Cir. 1997)); *Fields v. S. Union State Cmty. Coll*., No. 3:18-CV-1053-JTA, 2022 WL 403283, at *11 (M.D. Ala. Feb. 9, 2022) (where the plaintiff presented no evidence showing that the decision-maker "knew or was informed of" the plaintiff's complaints of race discrimination to other employees, the plaintiff failed to establish the causal link element of a prima facie case, requiring dismissal of her retaliation claim).

## Pretext

If you find Key has established a prima facie case of retaliation, the burden of proof shifts to Dynamic to produce legitimate, nonretaliatory reasons for its actions. *Tolar v. Bradley Arant Boult Cummings*, LLP, 997 F.3d 1280, 1289 (11th Cir. 2021). Dynamic contends that it offered Key other assignments but that she refused to take any further job due to her unwillingness to work part-time, or second or third shifts.

If you find this to be true, to find in favor of Key, you must determine that Dynamic's legitimate, non-discriminatory reason was a pretext for illegal retaliatory motive.

**Fourth Element of § 1981 Claim: Damages**

For the fourth element, you must decide whether Dynamic's acts were the proximate cause of damages that Key sustained. Put another way, you must decide, if Dynamic had not failed to offer new assignments to Key, would these damages have occurred?

If you find that Dynamic's acts were not the proximate cause of the damages that Key claims, you must find in favor of Dynamic.

If you find that Dynamic's acts were the proximate cause of damages that Key sustained, you must determine the amount of damages.

**Compensatory Damages**

When considering the issue of Key's compensatory damages, you should determine what amount, if any, has been proven by Key by a preponderance of the evidence as full, just and reasonable compensation for all of Key's damages as a result of Dynamic's failure to offer her new assignments because she engaged in protected activity, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Dynamic. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Key has proved them by a preponderance of the evidence, and no others:

(a) net lost wages and benefits from the date of Dynamic's failure to offer her new assignments to the date of your verdict; and

(b) emotional pain and mental anguish.

**Actual Net Lost Wages and Benefits**

To determine the amount of Key's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

**Emotional Pain and Anguish**

To determine whether and how much Key should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Key does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

## Mitigation of Damages

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Key to be reasonably diligent in seeking substantially equivalent employment to the position she held with Dynamic. To prove that Key failed to mitigate damages, Dynamic must prove by a preponderance of the evidence that (1) work comparable to the position Key held with Dynamic was available, and (2) Key did not make reasonably diligent efforts to obtain it. If, however, Dynamic shows that Key did not make reasonable efforts to obtain any work, then Dynamic does not have to prove that comparable work was available.

If you find that Dynamic proved by a preponderance of the evidence that Key failed to mitigate damages, then you should reduce the amount of Key's damages by the amount that could have been reasonably realized if Key had taken advantage of an opportunity for substantially equivalent employment.

If you determine it was reasonable for Key to request another assignment by Dynamic but she failed to make reasonable efforts to do so, she has failed to mitigate damages.

**Punitive Damages**

Key also asks you to award punitive damages. The purpose of punitive damages is not to compensate Key but, instead, to punish Dynamic for wrongful conduct and to deter similar wrongful conduct. You will only reach the issue of punitive damages if you find for Key and award her compensatory damages.

To be entitled to an award of punitive damages Key must prove by a preponderance of the evidence that Dynamic acted with either malice or with reckless indifference toward Key's federally protected rights. Specifically, Key must show that an employee of Dynamic, acting in a managerial capacity, either acted with malice or with reckless indifference to Key's federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Dynamic gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Dynamic acted with malice, Key must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Key anyway. To show that Dynamic acted with reckless indifference to Key's federally protected rights, Key must show that an employee acting in a managerial capacity acted with serious disregard for whether the

conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Key to an award of punitive damages; Key need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Dynamic acted with malice or with reckless indifference to Key's federally protected rights. In determining whether to award punitive damages, you may consider factors such as: [(1) whether Dynamic engaged in a pattern of discrimination toward its employees]; [(2) whether Dynamic acted spitefully or malevolently]; [(3) whether Dynamic showed a blatant disregard for civil legal obligations]; [(4) whether Dynamic failed to investigate reports of discrimination]; [(5) whether Dynamic failed to take corrective action concerning discriminatory acts or comments by its employees]; and [(6) whether the person accused of discrimination was included in the employer's decision making process concerning Dynamic's failure to offer Key new assignments.

**Punitive Damages Not Available When Employer
Made Good Faith Efforts to Comply with the Law**

The law recognizes that, despite a company's best efforts, employees may still violate policies designed to protect other employees from unlawful retaliation. Therefore, a company cannot be held liable for punitive damages where it has made good faith efforts to comply with the laws against discrimination and retaliation and employees have acted in violation of these efforts. In other words, if Dynamic Security took what actions it reasonably could to comply with the law as a Company, it will not be responsible in punitive damages for the actions of offending employees.

In deciding whether Dynamic Security made good faith efforts to comply with the laws against discrimination, you may consider whether it adopted antidiscrimination policies and whether it educated its employees on the federal antidiscrimination laws.

If you conclude that Dynamic Security made good faith efforts to comply with the laws against discrimination, you may not hold the Company liable for punitive damages even if you find a particular agent of Dynamic acted with malice or reckless indifference.

**Authority**: *Kolstad v. American Dental Ass'n* 119 S.Ct. 2118 (1999).

36

**Awarding Punitive Damages**

If you find that Key has proven each of the elements, then you are permitted, but not required, to assess punitive damages against Dynamic Security. Punitive damages are awarded in exceptional cases as a punishment to the defendant and a warning to others not to engage in similar unlawful conduct.

The amount of punitive damages, if appropriate, is within your discretion. Punitive damages must bear a reasonable relationship to Key's actual injury. However, no single numerical equation exists to easily relate punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1.     The impact or severity of Dynamic Security's conduct,

2.     The amount of time Dynamic Security conducted itself in this manner,

3.     The amount of compensatory damages,

4.     The potential profits Dynamic Security may have made from this conduct,

5.     The attitudes and actions of Dynamic Security's top management after the misconduct was discovered,

6.     The effect of the damages award on Dynamic Security's financial condition, and

7.     Any punishment Dynamic Security may receive from other sources.

37

Respectfully submitted,


*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on 28th day of February, 2023, she electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

/s/Susan W. Bullock
Susan W. Bullock

WSACTIVELLP:13823878.1