IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | 2:19-cv-767-ECM-SMD |
| DYNAMIC SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT DYNAMIC SECURITY, INC.'S PROPOSED *VOIR DIRE* QUESTIONS (DOC. 155)**

COMES NOW the Plaintiff and raises the following objections to Defendant Dynamic Security, Inc.'s Proposed *Voir Dire* Questions (Doc. 155):

1. The Plaintiff objects under Rule 403 of the Federal Rules of Evidence to Defendant's proposed questions 12-20 referencing dismissed parties and juror experiences with them because as they are phrased or worded to suggest or imply that Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and/or Hyundai Engineering America, Inc. ("HEA") have been

parties to this action and/or are responsible for the allegation of retaliation the jury is to resolve (Defendant not assigning the Plaintiff to a job assignment after she complained). Before the jury ever hears any evidence or instruction from this Court about how they are to discharge their duties as jurors, these questions open the door the inference that HEA and/or HMMA may somehow be responsible for actions the Plaintiff is challenging in this action. The Plaintiff does not object to the Defendant asking the following as a substitute to questions 12-20:

    a.    Dynamic Security is a staffing company, and in July 2017, it placed Ms. Key in an assignment at the Hyundai Plant. Have you or any of your close relatives or friends worked at the plant and/or for Hyundai Motor Manufacturing Alabama, LLC ("HMMA") or Hyundai Engineering America, Inc. ("HEA"), which I am collectively referring to as Hyundai? If so:

        i. What is the relationship between you and/or that person?

        ii. In what capacity did you and/or that person work?

2. The Plaintiff objects to the Defendant's proposed question 23 and 40 that talk about presumptions that could exist because a lawsuit has been filed as argument and efforts to instruct the jury on the law. *See Wai v. Fed. Exp.*

*Corp*, 461 F. App'x 876, 884 n.3 (11th Cir. 2012) (noting the jury was required to follow the district court's instructions that what lawyers say in a case is not evidence and that they are to follow the law as given to them by the court); *Strickland v. Royal Lubricant Co.*, 911 F. Supp. 1460, 1469 (M.D. Ala. 1995) ("It is not for the witnesses to instruct the jury as to the applicable principles of law, but for the judge.") (citing *Marx & Co., Inc. v. Diners' Club, Inc.,* 550 F.2d 505, 509–10 (2nd Cir. 1977), *cert. denied,* 434 U.S. 861, 98 S. Ct. 188, 54 L.Ed.2d 134 (1977)). Plaintiff will be unfairly prejudiced if Defendant's attorneys are allowed to ask the jury these question where it very likely would allow them to appear more informed and knowledgeable to the jury and to suggest that the Plaintiff has exhibited a feeling of entitlement.

3. The Plaintiff objects to question 29 concerning false accusations of discrimination or retaliation under Rules 401 through 403 as improper argument and creating undue prejudice. The question suggests the Plaintiff made a false complaint of discrimination and places her in the position of having to prove that the conduct she experienced legally constituted discrimination to overcome the suggestion and inference created by the Defendant's question. This is unduly prejudicial to the Plaintiff and

inconsistent with the instructions the Court will give to the jury that for the Plaintiff to show she engaged in statutorily protected activity she must show she had a good faith, reasonable belief the employer engaged in unlawful conduct, but she does not have to show that the conduct about she complained was actually unlawful. *See Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016)(citation omitted).

4. The Plaintiff objects to question 32 relating to union membership under Rules 401-403 of the Federal Rules of Evidence. There is not any issue involving a union in this action. The question seeks irrelevant information and risks confusing the jury that there may be an issue involving a union or that the Plaintiff should have sought the assistance of a union with her complaint.

RESPECTFULLY SUBMITTED BY
THE ATTORNEYS FOR PLAINTIFF:

*/s Heather Newsom Leonard*
Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421- voice
(205) 278-1400 - facsimile
Email:
Heather@HeatherLeonardPC.com

/s/ Leslie A. Palmer
Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
Phone: (205) 285-3050
leslie@palmerlegalservices.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system on March 1, 2023:

Wesley C. Redmond
Susan W. Bullock
Ford Harrison, LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com


/s Heather Newsom Leonard
OF COUNSEL