IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND TO CONTINUE TRIAL SETTING**

Defendant Dynamic Security, Inc. ("Dynamic" or "Defendant") files this motion pursuant to 28 U.S.C. § 1292(b), seeking certification for an interlocutory appeal the portion of the Court's February 21, 2023, Order (doc. 147) that denies "Defendant Dynamic Security, Inc.'s Motion to Strike Jury Trial" (doc. 89) and requesting continuation of the trial setting, on the following grounds:

**I.   INTRODUCTION**

This Court's February 21, 2023, Order denied Dynamic's motion to strike Plaintiff's jury demand. The Court issued the Order without opinion. At the hearing on the motion, the Court articulated two reasons for denying the motion. First, while the Court recognized the evidence that Plaintiff had signed an acknowledgement that she received and read the employee handbook contained an explicit written jury trial waiver, it determined the Plaintiff's handbook acknowledgement was not a

1

"knowing and voluntary" waiver because the page she signed did not also include the waiver language contained in the handbook, and no page containing the Plaintiff's signature referenced the jury trial waiver. Second, this Court found it problematic that, while Plaintiff testified in deposition that she had read the explicit jury waiver contained in the employee handbook and that she understood its meaning, Dynamic did not elicit through Plaintiff's testimony the date on which Plaintiff read and understood it.  The only issue the Court appeared to be concerned with was whether the waiver was knowing and voluntary

Dynamic asks this Court to certify for interlocutory appeal whether the Plaintiff's jury trial waiver was knowing and voluntary which involves two questions arising out of the Court's findings: 1) whether an individual must sign a paper or page from a document that includes on the signature page the specific jury trial waiver language or reference to the jury trial waiver in order to make a "knowing and voluntary" waiver of the Seventh Amendment right to a jury trial and 2) which party bears the burden of proving a jury trial waiver was "knowing and voluntary."

This is motion rests on an appealable interlocutory order, satisfying a 28 U.S.C. §1292(b) analysis because it involves a Constitutional question of a right to trial by jury and a matter of law arising out of contract; it involved a substantial ground for difference of opinion because the circuits are split with regard to which

party bears the burden of proof, and the law in the Eleventh Circuit is not clear; and an immediate appeal would materially advance the litigation's end because, if an appeal is allowed and the trial court is reversed, trial of the facts would take place only one in the same forum, a bench trial rather than a jury trial.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. **The Plaintiff's Wavier Was Knowing and Voluntary Even Though the Signature Page Did Not Repeat the Jury Waiver Referenced in Her Acknowledgement of the Document Clearly Articulating Such a Waiver Arising out of Employment Disputes.**

As a condition of her employment, Plaintiff Davita Key ("Plaintiff" or "Ms. Key") agreed in writing to waive a trial by jury in the event of litigation arising out of her employment. Dynamic gave Ms. Key its Security Officer's Handbook ("Handbook") to read, and it included a section entitled "Waiver of Trial By Jury Policy" ("Jury Waiver Policy") (Doc. 89-1, Security Officer's Handbook excerpt entitled, "Waiver of Trial by Jury Policy," pp. 37-39, Key 000373-000375). A two-page "Contents" index at the beginning of the Handbook listed seven "Policies," one of which was "Waiver of Jury Trial Policy" directing the reader to page 37. (*Id.* at *ii*, Key 000336). The Jury Waiver Policy beginning on page 37 of the Handbook states in full:

**WAIVER OF TRIAL BY JURY POLICY**

> It is the desire of Dynamic Security to resolve disputes, whenever possible, in a fair and expeditious manner reflecting the interest of the concerned parties. Although

there is no outstanding dispute at this time between the parties, it is recognized that as in any relationship, difference may arise which are not resolved and result in litigation.

In consideration of Dynamic Security, Inc. offering you employment and employing you, you and Dynamic Security each agree that in the event either party (or its successors or assigns) brings an action against the other relating to your recruitment, employment, or termination of employment from Dynamic Security Inc. the plaintiff in such action agrees to waive his/her rights to a trial by jury and future [*sic*] agrees that no demand, request or motion will be made for trial by jury.

This waiver of jury trial will cover:

1.  All actions, claims, and demands directly or indirectly related to recruitment, employment or termination from Dynamic Security Inc.

2.  All issues and causes of actions brought in any lawsuit in which an employment related claim is made.

3.  Initial, subsequent, and future proceeding related to (1) and (2) above….

By waiving the right to a jury trial an employee is not limiting their rights to trial by judge. However, the right to a jury is of value. Security Officers may wish to consult an attorney prior to signing this agreement. If so, the Officer may take this handbook with him/her; however, employment will not be offered until this is agreed upon; and in the event that the individual does not agree to the Rules and Regulations outlined in this handbook, the handbook must be returned immediately.

(Doc. 89-1, pp. 37-39); Doc. 89-4, Plaintiff's Depo. Transcript, pp. 53-54, referring to Deposition Exhibit 10, which included the Handbook and her signed Acknowledgment). Notably, the Jury Waiver Policy specifically informed Ms. Key that she could choose to take the handbook with her to consult with an attorney prior to accepting it. (Doc. 89-1, p. 7).

On July 21, 2017, Ms. Key signed an "Acknowledgement and Receipt of Employee Handbook" that stated she had received and read the Handbook and agreed to be bound by the rules, regulations, and policies set forth in the Handbook, which included the Jury Waiver Policy. (Doc. 89-2, Plaintiff's Acknowledgment and Receipt of Employee Handbook).

> Q. I show you what's marked as Defendants' Exhibit Number 10. Ms. Key, this is
>
> Bates-numbered Dynamic-Key D41 through on the first page, which is an acknowledgment. And then on the next page, it's also Dynamic-Key Bates number 42. Then the third page starts with Bates numbers Key 332 through 382. Now, this appears to be an acknowledgment for your receipt of Dynamic Security's employee handbook; is that correct?
>
> A. Yes.
>
> Q. That's your signature at the bottom?
>
> A. Yes.
>
> Q. And did you read it before you signed it, the acknowledgment?
>
> A. Yes.

> Q. And the second page, which is Dynamic-Key Bates number 42, that's your signature as well?
>
> A. Yes.
>
> Q. And after that is the Dynamic handbook you were provided by Dynamic?
>
> A. Yes.
>
> Q. Did you read their handbook?
>
> A. Yes.

(Exhibit 89-4, Plaintiff's Depo. Transcript, pp. 53-54, referring to Deposition Exhibit 10). Ms. Key specifically testified that she read the Jury Waiver Policy and understood what it meant.

> Q. . . . Look, if you would, at Key number 373. And it's the policy, "Waiver of Trial by Jury Policy." Did you read that policy?
>
> A. Yes.
>
> Q. What was your understanding as to what it meant?
>
> A. Waiver of trial by jury.

(Ex. 89-4, p. 55). In its Motion to Strike, Defendant argued that the above testimony establishes that Ms. Key confirmed under oath she signed the acknowledgement of having received the Jury Waiver Policy and that she also had read and understood the Jury Waiver Policy.

B. **Procedural History**

Dynamic filed Defendant Dynamic Security Inc.'s Motion to Strike Jury Trial on December 27, 2022. (Doc. 89). Plaintiff filed Plaintiff's Response to Defendant Dynamic Security's Motion to Strike Jury Trial on January 19, 2023. (Doc. 91). The Court heard oral arguments on this Motion at the pretrial conference on February 21, 2023. (Doc. 148). The Court then issued an Order on February 22, 2023, denying, among other motions, Defendant's Motion to Strike Jury Trial. (*Id.*).

III. **APPELLATE JURISDICTION**

Authority for this interlocutory appeal arises from 28 U.S.C. § 1292(b). A district court's rulings generally are not reviewable by the court of appeals until after entry of final judgment in the action." *Chao v. Meixner*, No. 1:07-CV-0595 WSD, 2008 WL 2691019, at *2 (N.D. Ga. July 3, 2008) (citing 28 U.S.C. § 1291 and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). A district court is empowered, however, to certify its orders for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not

> stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292 (West).

"By its terms, the statute requires that the legal issue involve a controlling question of law, as to which there is substantial ground for difference of opinion, and of which an immediate appeal would materially advance the ultimate termination of the action." *Chao v. Meixner*, at * 2 (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004)). "The Eleventh Circuit has held that it should deny certification for appeal if resolution of an issue is too fact-intensive, but grant certification if the appeal would present a pure question of law." *Id.* (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d at 1258). "There must also be a 'substantial dispute about the correctness' of district court's original ruling on the issue. Id. (citing *McFarlin* at 1259). "'The legal question [also] must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case.'" *Id.* (quoting *McFarlin* at 1259). "The party seeking appeal must also persuade the appellate court that exceptional circumstances exist sufficient to justify departing from the normal procedure of only appealing a district judge's rulings once the action proceeds to final judgment." *Chao* at *2 (citing *Coopers*, 437 U.S. at 475).

## IV. STANDARD OF REVIEW ON APPEAL

The Eleventh Circuit "review[s] the grant of a motion to strike a jury demand de novo." *Aponte v. Brown & Brown of Fla., Inc.*, 806 F. App'x 824, 827 (11th Cir. 2020) (affirming the district court's granting of a motion to strike jury demand) (quoting *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1352 (11th Cir. 2019)).

## V. ARGUMENT AND CITATION OF AUTHORITY

### A. The Court's February 2_, 2023, Order and Statements during Oral Argument of Motion to Strike Was Based on a Controlling Question of Law.

The Seventh Amendment to the United States Constitution provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of jury shall be preserved." U. S. Const. amend. VII. "[B]ecause the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." *Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Properties, Inc.*, No. 216CV206FTM38MRM, 2018 WL 3817763, at *2 (M.D. Fla. Aug. 10, 2018) (quoting *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (citations omitted)). Even so, "[a] party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) (citing *Brookhart v. Janis*, 384 U.S. 1, 4-5 (1966)).

Courts consider a number of factors in determining whether a jury trial waiver was made knowingly and voluntarily. In assessing whether a waiver was knowing and voluntary, courts consider "the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the waiver were negotiable." *Bakrac* at 823-24. These factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; and (4) the relative bargaining power of each party. *Id*. [1]No single factor is conclusive. *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012). Moreover, the Court is not bound by the number of factors that have been satisfied. *Id*. (citation omitted). "In this consideration, it is not whether any particular number of factors have been satisfied, but whether, 'in light of all of the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Brown v. Board*, No. CV 16-093-KD-M, 2016 WL 4870541, at *2 (S.D. Ala. Aug. 22, 2016), report and recommendation adopted, No. CV 16-093-KD-M, 2016 WL 4771085 (S.D. Ala. Sept. 13, 2016) (citing *Allyn v. Western United Life Ass. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

---

[1] The court in *Allyn v. Western United Life Ass. Co.*, 347 F. Supp. 2d at 1252, also considered whether the party signing the waiver had an attorney.

The district court addressed only the factor regarding the "conspicuousness of the provision" amounting to a knowing and voluntary waiver, leading to a presumption that the other factors were satisfied. In reviewing this issue, "[i]t is well settled that the actual language used in the contract is the best evidence of the intent of the parties and, thus, the plain meaning of that language controls." *Apple Glen Inv'rs, L.P. v. Express Scripts, Inc.*, 700 F. App'x 935, 939 (11th Cir. 2017) (citations omitted). Whether the jury trial waiver has to be referenced on the signature page or which party bears the burden of proof are controlling questions of law.

**B.     There Are Substantial Grounds for Difference of Opinion on Which Party Bears the Burden of Proof to Establish That a Jury Trial Waiver Was Knowing and Voluntary.**

The district court denied Dynamic's motion to strike jury trial based on Plaintiff's waiver, and, even though it did not articulate which party bore the burden of proof, placed that burden on Dynamic by requiring it to establish when Plaintiff read and understood the jury trial waiver in spite of the fact that there is no clear burden of proof in this Circuit. The circuits are split regarding whether the burden of proof to establish a jury waiver was knowing and voluntary lies on party seeking or opposing enforcement of a jury trial waiver. *See Parris v. Wyndham Vacation Resorts, Inc.*, No. CIV. 11-00258 SOM, 2013 WL 1296231, at *1 (D. Haw. Mar. 28, 2013) ("The Ninth Circuit has not addressed [the burden] issue, and there is a split among circuits regarding which party has the burden of proof.") (citing cases and

11

placing burden on the party seeking enforcement of the waiver); *Century 21 Real Estate LLC v. AllProf'l Realty, Inc.*, 2012 WL 2682761, at *3 (E.D. Cal. July 6, 2012) (citing *Breham v. Asset Acceptance, LLC*, No. CV-09-1474-PHX-GMS, 2010 WL 1735147, at *2 (D. Ariz. Apr. 28, 2010) (noting disagreement between circuits with respect to which party bears the burden of proving the same general factors)); *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir. 1986) (agreeing "with those courts that have held that the party seeking enforcement of the waiver must prove that consent was both voluntary and informed.") (citing *Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977); *K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752, 758 (6th Cir. 1985) (objecting party carries burden to prove that consent to waiver was not knowing and voluntary).

Even within the Eleventh Circuit courts have required a plaintiff opposing a jury trial waiver to produce "some evidence" that the waiver was not knowing and voluntary. In determining whether a waiver was "knowing and voluntary," courts in the Eleventh Circuit must consider whether, in light of the circumstances, the waiver was "unconscionable, contrary to public policy, or simply unfair." *Collins v. Countrywide Home Loans, Inc*, 680 F. Supp. 2d 1287, 1294 (M.D. Fla. 2010); *see also Gulati v. Countrywide Home Loans, Inc.*, No. 6:05–CV–1097–Orl–28DAB, 2006 WL 6300891, at *1–2 (M.D. Fla. Feb. 17, 2006). "The Eleventh Circuit has not ruled on the issue of which party has the burden of proving that the waiver was

or was not given knowingly and voluntarily." *Murphy v. Cimarron Mortg. Co.*, No. 8:06CV2142 T24TBM, 2007 WL 294229, at *1 (M.D. Fla. Jan. 29, 2007) (citing *Bakrac* at 824, n. 1). More importantly, courts in this circuit have stated that, ". . . regardless of where the burden lies, the plaintiff must come forward with some proof which calls into question whether the waiver was knowing and knowing and voluntarily given." *Rob-Wal Inv. Co. v. Jacobsen*, No. 2:09-CV-00055-HGD, 2009 WL 10689142, at *1 (N.D. Ala. Aug. 6, 2009) (enforcing jury-trial waiver located on "page 10 of the 11-page" agreement) (quoting *Bank of America v. Florida Glass*, Case No. 8:16-cv-02104-27AAS, 2017 WL 11017883 * 3 (M.D. Fla. August 8. 2017) (quoting *Krinks v. Suntrust Bank*, No. 8:09-cv-909-T-27EAJ, 2010 WL 11479157 *1 (M.D. Fla. January 11, 2010)).

In *Collins v. Countrywide Home Loans, Inc.*, the District Court for the Middle District of Florida noted that "[t]he Eleventh Circuit has not decided whether the party seeking to enforce a jury trial waiver or the party opposing the waiver bears the burden of proving the validity of the waiver. . ." 680 F. Supp. at 1294. The *Countrywide* Court further stated that courts in this Circuit instead consider the *Bakrac/Allyn* factors, but that those factors *are not determinative*. *Id*. (articulating the standard as "whether, in light of the circumstances, the waiver was 'unconscionable, contrary to public policy, or simply unfair.'") (quoting *Allyn*, 347 F. Supp. 2d at 1252) (other citation omitted); *Panarella v. Citimortgage, Inc.*, 2011

13

WL 12848536 (M.D. Fla. 2011) ("Plaintiffs must come forward with some proof that calls into question whether the waiver was knowingly and voluntarily given," granting defendant's motion to strike jury trial demand that was included in the body of a mortgage agreement) (quoting *Murphy*, at *1). In *Kenison v. Schellman & Co., LLC*, the court found enforceable a jury trial waiver that was in capital letters and bold type using plain language, but was contained within a 12-page employment agreement that the plaintiff signed electronically. No. 8:20-CV-1139-MSS-JSS, 2020 WL 10354995, at *1 (M.D. Fla. Nov. 20, 2020).

It is clear that courts in this Circuit have not applied the same legal standard and burden of proof to the issue of the validity of a jury waiver. This Court stated that the waiver was not knowing and voluntarily because the jury trial waiver language did not appear on the same page as the Plaintiff's signature. The Court also found problematic that, even though Plaintiff testified under oath that she read and understood that the "Waiver of Trial by Jury Policy" meant that she waived her right to a trial by jury in a dispute with Dynamic, Dynamic did not present evidence of *when* she gained this knowledge. The Court did not turn to Plaintiff to present evidence that that she did not "knowingly and voluntarily" waive her right to a trial by jury, even though her signature appears on a the acknowledgement page with the date of July 21, 2017, which was before she began work, and she clearly testified she understood it. The Court effectively placed the entire burden on Dynamic to

14

prove that the demonstrative evidence was sufficient and did not shift the burden to Plaintiff to show that it was not.

### C. There Is a Difference of Opinion Regarding Whether to Be Knowing and Voluntary the Plaintiff Must Sign a Page That Has the Jury Trial Waiver or a Reference to the Jury Trial Waiver.

There are many examples in this Circuit where district courts have applied different burdens of proof, but have not required the signature page to be on the same page as the jury trial waiver or a reference to the jury trial waiver. In *Brown v. Bd.*, the Southern District of Alabama upheld a jury trial waiver that was included in an employee handbook, which is consistent with the facts of this case. *Brown* at *2. *See also Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d at 1294-95 (waiver was conspicuous where contained in a separate paragraph on the eleventh page of a twelve-page mortgage, was in a typeface and style consistent with the rest of the document, was not obscured by other language, was not hidden in a footnote, and where it was on the page preceding signatures and not on the signature page); *Collins v Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010)[2] (jury trial waiver was conspicuous where the waiver provision was "present in a separate paragraph, printed in a font that is the same size as the rest of the

---

[2] In *Countrywide*, the court noted that the jury trial waiver was located directly above the signatures, but did not require that for a court to find a waiver to be "knowing and voluntary." *Collins v. Countrywide Home Loans, Inc.*, 680 F.Supp. 2d at 1295.

document, located in the last paragraph of a relatively short document, and worded in clear and unambiguous language.") (citations omitted). Notably, in *Kenison v. Schellman & Co., LLC*, the court found enforceable a jury trial waiver contained within a 12-page employment agreement that the plaintiff signed electronically, where the waiver was in capital letters, bold type, and plain language. No. 8:20-CV-1139-MSS-JSS, 2020 WL 10354995, at *1 (M.D. Fla. Nov. 20, 2020). Finally, in *Balchunas v. Bank of Am., N.A.*, the Southern District of Florida granted the defendant's motion to strike a jury trial demand, finding the jury trial waiver was conspicuous when it was included in an entirely separate document than the acknowledgement. No. 2:20-CV-14106, 2020 WL 4718435, at *1 (S.D. Fla. Aug. 13, 2020) (jury trial waiver was contained in a depositor's agreement, which the plaintiff did not sign, instead signing a signature card on her account that itself made no mention of a jury trial waiver). *See Rivera v. Aaron Rents, Inc.*, found No. 8:07-CV-2190T30TGW, 2008 WL 638353, at *4 (M.D. Fla. Mar. 5, 2008) (jury trial waiver provision was conspicuous and valid where it was included in a single page document, was in the same size font as the rest of the document, and stated in clear and unambiguous language that the plaintiff was waiving right to a jury trial) (citing *Murphy v. Cimarron Mortg. Co.*, 2007 WL 294229 *2 (M.D. Fla. Jan. 29, 2007) ("holding jury trial waiver to be conspicuous where it was in its own separate paragraph, was in the same size font as the rest of the document, was located in the

last paragraph of a twelve page document, and stated in clear and unambiguous language that the plaintiffs were waiving their right to a jury trial.")).

> **D. An Immediate Appeal Will Materially Advance the Ultimate Termination of This Litigation by Avoiding the Need to a Jury Trial before Appellate Review of Ms. Key's Right to a Jury Trial.**

In denying Dynamic's Motion to Strike Jury Demand, the Court set the trial of this case to proceed before a jury. If Dynamic is required to wait until after a jury verdict and judgment to appeal this Order, a reversal by the Eleventh Circuit will require retrial of the case before the Court without a jury. *See, e.g., In re Trans–Industries, Inc.,* 2010 WL 727971 (Bankr.E.D.Mich.2010) (slip copy) (applying 28 U.S.C. § 1292(b) and recognizing split of authority and finding determination in advance as to whether a jury trial is permitted would materially advance the litigation); *Wilshire Associates, Inc. v. Ashland Partners & Co.*, 2009 WL 10671718 (C.D. Cal. 2009) (finding deciding the issue of a bench trial versus a jury trial on interlocutory appeal would material advance or speed the ultimate termination of the litigation) (citing *Chao,* 2008 WL 2691019, * 4 (certifying jury trial issue to Eleventh Circuit for appeal)). Finally, allowing the trial to proceed as a jury trial on March 27, 2023, would moot this motion and render any relief useless. Accordingly, Dynamic requests that is this Court grants the motion that it also continue the current trial setting until the Eleventh Circuit has had an opportunity to address these important issues.

17

## VI. CONCLUSION

On the grounds set forth above, the two issues, whether an individual must sign a paper or page from a document that includes on the signature page the specific jury trial waiver language or reference to the jury trial waiver in order to make a "knowing and voluntary" waiver of the Seventh Amendment right to a jury trial and which party bears the burden of proving a jury trial waiver was "knowing and voluntary," are appropriate for interlocutory appeal. Dynamic therefore requests certification of these two issues for interlocutory appeal and that the Court continue the trial until after the Eleventh Circuit resolves these issues of law.

Respectfully submitted,

/s/ Wesley C. Redmond
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 2nd day of March, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

                                                */s/Wesley C. Redmond*
                                                Wesley C. Redmond

WSACTIVELLP:13832688.1