IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DAVITA M. KEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) |
| | ) 2:19-cv-767-ECM-SMD |
| **DYNAMIC SECURITY, INC.,** | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S SECOND MOTION IN LIMINE SEEKING TO
EXCLUDE DYNAMIC SECURITY'S EEOC POSITION STATEMENT
FROM EVIDENCE (DOC. 157)**

COMES NOW Plaintiff Davita M. Key and responds to the *Defendant's Second Motion in Limine* (Doc.157) as follows:

**I.      Motion In Limine**

**A.      Summary of the Case**

This is an employment discrimination action in which the Plaintiff Davita Key ("Key") alleges the Defendant, Dynamic Security, Inc. ("Dynamic Security") retaliated against her in violation of 42 U.S.C. § 1981 for complaining of race

discrimination and filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") that alleged race discrimination. Key maintains Dynamic Security retaliated against her by not assigning her to any assignments after August 1, 2017.

Key filed her EEOC Charge in early August 2017. Dynamic Security, through its Legal Affairs Coordinator Kristal Riddle,[1] submitted its response to the EEOC on September 1, 2017. (See Exhibit A, attached hereto – Dynamic Security Position Statement (HEA 053-056)). The first sentence of the documents reads in part that "Dynamic Security, Inc. states that it did not discriminate or retaliate in any way against [Key] . . ." (Id.). The position discusses Dynamic's purported reason(s) as to why, as of September 1, 2017, it had not reassigned Key to another assignment (Id.). The position statement also discusses Key's race discrimination complaints received by Dynamic. (Id).

### B. Standard of Review

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB,

---

[1]   Ms. Riddle served as one of Dynamic Security's 30(b)(6) deponents during the discovery phase of this case.

2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.* (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (internal quotation omitted).

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *In re Seroquel*, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id.* The evidence sought to be excluded by the Defendant requires a determination of relevancy or prejudice which the court cannot assess in a vacuum absent the context provided at trial. "A court should only grant a motion *in limine* when the evidence at issue is clearly inadmissible on all potential grounds . . . and may reserve judgment until trial, so that the motion is placed in the appropriate factual context." *United States v. Perry*, 8:09cr78, 2009 U.S. Dist. LEXIS 56383, 2009 WL 1952776, at *2 (M.D.

Fla. 2009) (slip. op.) (internal quotations omitted). Thus, this Court should deny the motion and reserve ruling on the admissibility of the Defendant's EEOC position statement until the trial at which time the relevance or prejudice of the exhibit can be examined in context. *Doe v. Sch. Bd. for Santa Rosa Cty.*, No. 3:08cv361/MCR/EMT, 2009 U.S. Dist. LEXIS 137087, at *7-8 (N.D. Fla. Nov. 30, 2009) (deferring ruling on a motion in limine until the evidence could be examined in the context of which it was being offered).

    **C.**    **The Defendant's motion seeks to limit probative and admissible evidence.**

The Defendant's motion should be denied because Dynamic Security has not carried the very high burden of showing that its EEOC position statement is clearly inadmissible on all potential grounds. Because the document speaks to the Defendant's stated motives/reasons for the actions challenged in this case, it is probative. The Plaintiff does not intend on referencing the position statement in opening argument but reserves the right to use it as evidence in examining Kristal Riddle (the author of the document/one of Dynamic Security's 30(b)(6) deponents), Sherry Spires (one of Dynamic Security's 30(b)(6) deponents), and/or Ray Cureton (the purported decision maker concerning Key's assignments).

    **1.**    **The position statement contains information relevant to the Defendant's motive.**

Generally, an employer's position statement to the EEOC setting forth its reasons for its actions and defenses to the employee's allegations is relevant and probative to the veracity of employer's asserted positions and defenses. *See Amador v. Jones Lang Lasalle Americas, Inc.*, 763 F. App'x 821, 823-24, 826 (11th Cir. 2019) (affirming district court's determination that position statement at trial was prohibited in part because it included issues related to claims previously dismissed but allowed it to be used in cross-examination and potentially to impeach witnesses on their knowledge of certain areas of inquiry found within the position statement); *EEOC v. NDI Office Furniture LLC,* No. 2:18-cv-01592-RDP, 2021 U.S. Dist. LEXIS 118908, at *11 (N.D. Ala. June 25, 2021)*; EEOC. v. Unit Drilling Co.*, 2014 U.S. Dist. LEXIS 97122, 2014 WL 3548845, at *7 (N.D. Okla. July 17, 2014); ; *Armstrong v. Marathon Petroleum Co., LP*, No. 3:16-CV-00115, 2018 U.S. Dist. LEXIS 99127, 2018 WL 2976732, at *3 (S.D. Tex. May 1, 2018), *report and recommendation adopted*, No. 3:16-CV-00115, 2018 U.S. Dist. LEXIS 98758, 2018 WL 2967327 (S.D. Tex. June 13, 2018); *Swartz v. Wabash Nat. Corp.*, 674 F. Supp. 2d 1051, 1057 n.6 (N.D. Ind. 2009) ("An EEOC position statement is admissible to the extent that it is inconsistent with other evidence in the record."); *Am. Ctr. for Int'l Lab. Solidarity v. Fed. Ins. Co.*, 518 F. Supp. 2d 163, 168-69 (D.D.C. 2007), *aff'd*, 548 F.3d 1103, 383 U.S. App. D.C. 416 (D.C.

Cir. 2008) ("Position Statements may be admissible as evidence of party admissions or *for purposes of witness impeachment*." (emphasis added)); *Buckley v. Dolgencorp, Inc.*, No. C2-CV-04-483, 2005 U.S. Dist. LEXIS 64427, 2005 WL 8161919, at *2 (S.D. Ohio Dec. 22, 2005) ("Simply stated, '[a]n employer's position statement in an EEOC proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretexts.'") (citation omitted); *Gage v. Metro. Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 936-37 (N.D. Ill. 2005) (same); *Forsberg v. Pefanis*, No. 1:07-CV-3116, 2009 U.S. Dist. LEXIS 33594, 2009 WL 901015, at *1 n.4 (N.D. Ga. Jan. 26, 2009), *report and recommendation rejected on other grounds*, No. 1:07-CV-3116, 2009 U.S. Dist. LEXIS 26598, 2009 WL 901012 (N.D. Ga. Mar. 27, 2009), *aff'd*, 634 F. App'x 676 (11th Cir. 2015) (a "plaintiff may introduce defendants' position statements in response to her own EEOC charge 'to the extent [they] constitute an admission, or to show that the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretexts.'") (citation omitted).

Dynamic Security's position statement is probative to the issues for the jury to resolve in this case. It speaks to Dynamic's knowledge of her race discrimination complaint (protected activity) and its stated reasons/motives for not assigning her to another job contemporaneous with that decision being made. Because the document is Dynamic representing why it acted/did not act, it is relevant to issues to be resolved by the jury.

Despite the document being the Defendant's justification as to why it did not assign Key to another job (the decision challenged in this case), Dynamic Security argues it is not relevant because Ms. Key's Title VII claims were dismissed, the EEOC Charge was not specifically identified as protected activity in the pleadings, the position statement is not evidence, and admitting the document into evidence would confuse the jury by telling everything in it is relevant.

First, the fact that the jury is not being asked to resolve a claim arising under Title VII is not a reason to exclude the position statement. Like Title VII, Section 1981 provides a cause of action for retaliation. The same legal standard applies to retaliation claims under both Title VII and § 1981. *Worley v. City of Lilburn*, 408 F. App'x 248, 250 (11th Cir. 2011) (per curiam) (unpublished) (citations omitted) ("The elements required to establish retaliation claims under § 1981 are the same as those required for Title VII claims."); *Goldsmith v. Bagby Elevator*

*Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (applying the same three-part test to retaliation claims under § 1981 and Title VII); *Wilson v. Farley*, 203 F. App'x 239, 247 (11th Cir. 2006) (per curiam) (unpublished) (citing *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)) ("A claim brought under 42 U.S.C. § 1981 is analyzed under the same framework as a Title VII claim because both statutes have the same requirements of proof."). Because the position statement addresses whether the Defendant retaliated against Key, it is relevant. Any potential confusion that could be created by references to dismissed parties and/or the pregnancy discrimination claim can be eliminated with the proposed curative jury instructions filed by the Plaintiff. (Doc. 149, pp. 2-3).

Second, Defendant's pleading argument is the same argument the Defendant raised, and this Court rejected, in its motion to reconsider. (Docs. 145 and 147).

Third Defendant's argument that an EEOC position statement is not evidence is in direct contradiction to the authority cited *supra.* Defendant's reliance on *Davis v. Infinity Ins. Co.*, No. 2:15-cv-01111-JHE, 2021 U.S. Dist. LEXIS 62723 (N.D. Ala. Mar. 31, 2021) for the proposition that an employer's EEOC position could never be admissible evidence is misplaced. In *Davis*, the Court examined a summary judgment motion filed in an employment discrimination case and relied on *Moore v. Hale*, 2010 U.S. Dist. LEXIS 152123,

2010 WL 11507178, *12 n.13 (N.D. Ala. 2010) to conclude the position statement was not evidence. In *Whitlow v. WestRock Servs., LLC*, No. 3:20-cv-00451-SRW, 2021 U.S. Dist. LEXIS 241989, at *3-5 (M.D. Ala. Dec. 20, 2021), Magistrate Judge Susan Walker rejected this argument and the proposition that *Moore* creates a bar to the use of a position statement as evidence in an exhaustive citation to authority (including authority from Judge R. David Proctor who authored *Moore*) finding position statements to be competent evidence.[2] As argued above, the relevance of the document makes it evidence.

---

[2] Magistrate Judge Walker wrote:

> Defendant contends that its confidential EEOC position statement submitted to the Commission in response to Plaintiff's charge of discrimination should be stricken because pleadings may not be considered as evidence. *Id.* at 1-2. Defendant asserts, in essence, that there is a blanket prohibition against any consideration of an EEOC position statement when the court analyzes a summary judgment motion. It somewhat misleadingly states that "[t]he stance in the Eleventh Circuit is clear" that "EEOC Position Statements may not be considered as evidence in opposition to Defendant's Motion for Summary Judgment and may not be used to create an issue of fact," Doc. 26, at 3-4 and, in support, cites to *Moore v. Hale*, No. 2:08-CV-202, 2010 U.S. Dist. LEXIS 152123, 2010 WL 11507178, at *5 n.13 (N.D. Ala. Aug. 30, 2010), *aff'd*, 461 F. App'x 909 (11th Cir. 2012), a lone unpublished district court case, which determined that an EEOC position statement was not evidence in the case and could not be used to create an issue of fact.3 However, *Moore* does not set out the definitive law in the Eleventh Circuit; courts from various circuits, including the Eleventh Circuit, do not recognize such a blanket prohibition. *See Amador v. Jones Lang Lasalle Americas, Inc.*, 763 F. App'x 821, 823-24, 826 (11th Cir. 2019) (affirming district court's determination that position statement at trial was prohibited in part because it included issues related to claims previously dismissed but allowed it to be used in cross-examination and potentially to impeach witnesses on their knowledge of certain areas of inquiry found within the position statement); *Swartz v. Wabash Nat. Corp.*, 674 F. Supp. 2d 1051, 1057 n.6 (N.D. Ind. 2009) ("An EEOC position statement is admissible to the extent that it is inconsistent with other evidence in

Fourth, any potential prejudice or assumption by the jury that it must accept

---

the record."); *EEOC v. NDI Office Furniture LLC*, No. 2:18-CV-01592-RDP, 2021 U.S. Dist. LEXIS 118908, 2021 WL 2635356, at *4 (N.D. Ala. June 25, 2021) ("Defendant's position statement does not emphasize Alicia's qualifications, but rather her failure to complete an application and submit a resume to the proper employee. . . . Of course, Defendant is free to explain why it did not address Alicia's qualifications. But, this evidence is nevertheless relevant and probative to the veracity of Defendant's asserted defenses."); *US Equal Emp. Opportunity Comm'n v. Rent-A-center E., Inc.*, No. 16-2222, 2018 U.S. Dist. LEXIS 243998, 2018 WL 11326934, at *5 (C.D. Ill. Jan. 25, 2018) ("Even if the document was hearsay, Defendant's position statement to the EEOC is admissible to the extent that it constitutes an admission by a party opponent. An employer's position statement to the EEOC may be admissible as an admission of a party opponent or a prior inconsistent statement and the jury can determine what weight to give it."); *Armstrong v. Marathon Petroleum Co., LP*, No. 3:16-CV-00115, 2018 U.S. Dist. LEXIS 99127, 2018 WL 2976732, at *3 (S.D. Tex. May 1, 2018), *report and recommendation adopted*, No. 3:16-CV-00115, 2018 U.S. Dist. LEXIS 98758, 2018 WL 2967327 (S.D. Tex. June 13, 2018); *Mugavero v. Arms Acres, Inc.*, No. 03CIV05724, 2009 U.S. Dist. LEXIS 56214, 2009 WL 1904548, at *4 (S.D.N.Y. July 1, 2009) ("Defendants' position statements--if offered by Plaintiff--are not hearsay because they are admissions [under Fed.R.Evid. 801(d)(2)(D)]. . . . Defendants have not identified any specific prejudice they would suffer if their own statements to the EEOC concerning Plaintiff's charges were admitted into evidence."); *Buckley v. Dolgencorp, Inc.*, No. C2-CV-04-483, 2005 U.S. Dist. LEXIS 64427, 2005 WL 8161919, at *2 (S.D. Ohio Dec. 22, 2005) ("Simply stated, '[a]n employer's position statement in an EEOC proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretexts.'") (citation omitted); *Gage v. Metro. Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 936-37 (N.D. Ill. 2005) (same); *Forsberg v. Pefanis*, No. 1:07-CV-3116, 2009 U.S. Dist. LEXIS 33594, 2009 WL 901015, at *1 n.4 (N.D. Ga. Jan. 26, 2009), *report and recommendation rejected on other grounds*, No. 1:07-CV-3116, 2009 U.S. Dist. LEXIS 26598, 2009 WL 901012 (N.D. Ga. Mar. 27, 2009), *aff'd*, 634 F. App'x 676 (11th Cir. 2015) (a "plaintiff may introduce defendants' position statements in response to her own EEOC charge 'to the extent [they] constitute an admission, or to show that the employer has given inconsistent statements in justifying its challenged decision, which may tend to prove that its stated reasons are pretexts.'") (citation omitted).

*Whitlow v. WestRock Servs., LLC*, No. 3:20-cv-00451-SRW, 2021 U.S. Dist. LEXIS 241989, at *3-5 (M.D. Ala. Dec. 20, 2021)

the entire document as relevant can be cured through curative instructions. In a case almost directly on point to this issue, the United States Court of Appeals for the Eleventh Circuit concluded that it was erroneous for a district court to exclude a defendant's EEOC position statement in a similar situation. *Chapman v. AI Transport*, 180 F.3d 1244, 1252 (11th Cir.1999), *vacated on other grounds,* 229 F.3d 1012, 1038 (11th Cir. 2000) (*en banc*). The Eleventh Circuit panel stated:

> It is unclear why the defendants' erroneous statement on an EEOC position statement regarding the nature of Chapman's transfer would be confusing to a jury; indeed, the jury could infer from the evidence either that the defendants had made a simple mistake or that the "mistake" was an indication of mendacity. Though this evidence might have been somewhat prejudicial to the defendants, neither the defendants nor the district court has explained adequately why it would have been unduly prejudicial or unnecessarily confusing to the jury.

*Chapman,* 180 F.3d at 1252.

The relevance of Dynamic's representations about Key's complaints and its reasons for not assigning her to other jobs are material to the issues of protected activity and motive. Dynamic has not carried its burden of showing the document is clearly inadmissible for any purpose, so its motion in limine should be denied.

## 2. The position statement should not be excluded as hearsay.

Dynamic Security's position statement is not hearsay because it is admissible as an admission or statement by a party opponent. *See US Equal Emp.*

*Opportunity Comm'n v. Rent-A-Center E., Inc.*, No. 16-2222, 2018 U.S. Dist. LEXIS 243998, 2018 WL 11326934, at *5 (C.D. Ill. Jan. 25, 2018) ("Even if the document was hearsay, Defendant's position statement to the EEOC is admissible to the extent that it constitutes an admission by a party opponent. An employer's position statement to the EEOC may be admissible as an admission of a party opponent or a prior inconsistent statement and the jury can determine what weight to give it."); *Mugavero v. Arms Acres, Inc.*, No. 03CIV05724, 2009 U.S. Dist. LEXIS 56214, 2009 WL 1904548, at *4 (S.D.N.Y. July 1, 2009) ("Defendants' position statements--if offered by Plaintiff--are not hearsay because they are admissions [under Fed.R.Evid. 801(d)(2)(D)]. . . . Defendants have not identified any specific prejudice they would suffer if their own statements to the EEOC concerning Plaintiff's charges were admitted into evidence.").

Dynamic Security argued generally that the document contained hearsay because it referenced out of court statements, but Dynamic did not specifically identify which out of court statements it contends renders the document inadmissible.[3] This makes it impossible to know to which purported statements in the document the Defendant is objecting, and therefore impossible to respond.

---

[3] The totality of Dynamic Security's argument is "Dynamic's position statement is inadmissible because it contains hearsay to the extent Plaintiff intends to use it or any statement by another person included therein (double hearsay) to prove the truth of the matter asserted. Fed. R. Evid. 801(c), 802." (Doc. 157, p. 5).

However, any such statements would not render the document inadmissible because Key would not be offering the document to prove the truth of any out of court statements but rather to show the admissions of Dynamic Security as to its motives when it was arguing to the EEOC it did not retaliate against Key. Defendant's hearsay objection does not demonstrate that the EEOC position statement is clearly inadmissible for any purpose, so the Defendant's motion in limine should be denied.

WHEREFORE, PREMISES CONSIDERED, the Defendant's *Second Motion in Limine* should be denied.

Submitted on March 7, 2023.

Respectfully submitted,

/s/ Heather Newsom Leonard
Heather Newsom Leonard
Attorney for the Plaintiff

OF COUNSEL:

HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421 – voice
(205) 278-1400 – facsimile
Heather@HeatherLeonardPC.com

/s/ Leslie A. Palmer.
Leslie A. Palmer
Attorney for the Plaintiff

OF COUNSEL:

PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document has been served on the following via the court's electronic filing service on March 7, 2023:

Wesley Clyde Redmond
Susan Ware Bullock
Ford Harrison, LLP
420 20th Street North
Suite 2650
Birmingham, AL 35203

                              /s/ Heather Newsom Leonard
                              OF COUNSEL