IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S OBJECTIONS TO PLAINTIFF'S FIRST MOTION IN LIMINE TO EXCLUDE RELATED TO RAY CURETON'S PROFESSION AS A MINISTER**

Defendant Dynamic Security, Inc.'s ("Dynamic") hereby submits its objections to "Plaintiff's First Motion in Limine to Exclude Evidence Related to Ray Cureton's Profession as Minister" (doc. 150), stating as follows:

**A.   Scope of Plaintiff's Motion in Limine.**

Plaintiff moves in limine that this Court enter an order "to exclude any evidence, whether testimonial, by deposition designation, or mention by counsel in opening or closing, to the profession of possible witness Ray Cureton as a minister." (Doc. 151 at 1).

## B. Plaintiff's Motion in Limine Must Be Denied to the Extent Dynamic May Elicit Testimony as to Cureton's Profession as a Minister.

Plaintiff presents three grounds for exclusion of testimony or reference to Cureton's profession as a minister. First, she argues his status as a minister is not relevant to the subject of his testimony, which she articulates as whether or not Dynamic offered assignments to Plaintiff or Dynamic's motivation with regard to decisions related to her. (Doc. 150 at 1-2) (citing Rule 402, Fed. R. Evid.). Second, Plaintiff argues that any testimony or reference to Cureton's job as a minister is an effort by Dynamic to vouch for, or bolster, his credibility and would create unfair prejudice against Plaintiff, confusion of the issues, or misleading the jury as to what weight his testimony should be given. (*Id.* at 2) (citing Rule 403, Fed. R. Evid.). Finally, Plaintiff argues that the jury learning Cureton is a minister amounts to inadmissible character evidence to bolster the reliability of Cureton's statement over Plaintiff's. (*Id.* at 3) (citing Rule 404, Fed. R. Evid.).

### 1. Cureton's Status as a Minister Is Relevant to Provide General Background Information about His Employment.

Dynamic agrees that, under Rule 402, Cureton's status as a minister does not make it more or less likely that he offered new assignments to Plaintiff after HMMA and HEA removed her from the Hyundai plant. Dynamic agrees that, under Rule 404, it should not and will not attempt to elicit testimony about Cureton's identity as

2

a minister for the purpose of showing he acted on any particular occasions in accordance with his religious beliefs.

However, Cureton's status as a minister should not be wholly excluded pursuant to Rule 402 because it is relevant for the purpose of providing general background information about Cureton, including about his employment and employment history, as is allowed for every other witness. *See Vargas v. Michaels Stores, Inc.*, No. 8:16-CV-1949-T-33JSS, 2017 WL 3723655, at *4 (M.D. Fla. Aug. 29, 2017) (master's degree in theology is relevant to witness's background); *Duval v. L. Off. of Andreu, Palma & Andreu, PL*, No. 09-22636-CIV, 2010 WL 11506699, at *1 (S.D. Fla. June 30, 2010) (permitting a party to inquire into the plaintiff's occupation for establishing background information because "[t]here is nothing improper about foundation questions that disclose that a witness is a minister, priest, or other religious functionary, and generally either the calling party or the adverse party may ask a witness about his calling or occupation.") (quoting 3 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 6:59 (3d ed. 2010)). Other courts have held that a witness who holds a religious position can wear ministerial clothing during trial or testify that he is a minister. *Westfahl v. D.C.*, No. 11-CV-02210 (CRC), 2015 WL 13697453, at *2 (D.D.C. July 24, 2015) (permitting a plaintiff to wear ordinary religious clothing during a trial and testify to the fact that he is a minister, mitigating the threat of

prejudice through voir dire and a limiting instruction) (citing *O'Reilly v. New York Times*, 692 F.2d 863, 869–870 n.8 (2d Cir. 1982) (permitting pro se plaintiff priest to wear his religious garb during trial); *Ryslik v. Krass*, 652 A.2d 767, 769–72 (N.J. App. Div. 1995) (finding it an abuse of discretion to order a new trial based on defendant priest's having worn his roman collar during trial); *State v. Fergerstrom*, 101 P.3d 652, 665 (Haw. Ct. App. 2004), aff'd, 101 P.3d 225 (Haw. 2004) (ordering new trial where lower court prevented witness from wearing traditional religious garb during testimony); *State v. Allen*, 832 P.2d 1248, 1249–50 (Or. Ct. App. 1992) (same); *Close–It Enters., Inc. v. Mayer Weinberger*, 64 A.D.2d 686 (N.Y. App. Div. 2d Dept. 1978) (same)).

    2.    <u>Cureton's Status as a Minister Is Not Prejudicial to Plaintiff</u>.

The Eleventh Circuit in *United States v. Davis* addressed the credibility issue raised by Ms. Key – that testimony or reference to Cureton being a minister is an effort to vouch for or bolster his credibility and should therefore be excluded due to unfair prejudice against Ms. Key. *United States v. Davis*, 779 F.3d 1305, 1308–11 (11th Cir. 2015). The *Davis* Court, while the plaintiff moved to exclude such evidence only pursuant to Rule 610, found no abuse of discretion by the trial court pursuant to Rule 403 in permitting testimony by a key witness that he was both an officer and a chaplain. *United States v. Davis*, 779 F.3d at 1308–11. The *Davis* Court also noted that other cases have shown "that witnesses with religious positions have

4

routinely disclosed their positions, apparently without objection or controversy." (citing *United States v. Holloman*, Nos. 99–4391, 99–4392, 238 F.3d 416, 2000 U.S. App. LEXIS 33952, at *1 (4th Cir. Dec. 29, 2000) ("The sound quality was not good and a defense witness, a volunteer prison minister, testified that he did not recognize Holloman's voice on the tapes."); *United States v. Pasillas–Gaytan*, 192 F.3d 864, 866 (9th Cir. 1999) ("A minister testified that she had filled out part of the naturalization application for Gaytan, and that his English was very limited."); United States v. Jeffries, 854 F.2d 254, 256 (7th Cir. 1988) ("A minister testified how the defendant had led a mission group to Canada."); *United States v. Polsinelli*, 649 F.2d 793, 794 (10th Cir. 1981) ("Counsel for Polsinelli called three character witnesses, a Catholic priest, a long-time family friend, and Polsinelli's 86–year–old grandmother."); *Payne v. United States*, 546 F.Supp.2d 1312, 1322 n. 5 (M.D. Fla. 2008) ("David Wine, himself a pastor, testified that he got involved in the Faith Promises Program through his church and its missionary program because he thought the program was 'very spiritual' and he wanted to pool resources and draw from those resources to use for missionary work (CR Dkt. 838 at 60–64).")). *See also Gibbons v. Vill. of Sauk Vill.*, No. 15 CV 4950, 2017 WL 4882334, at *3 (N.D. Ill. Oct. 30, 2017) (In a Title VII case, the court permitted a witness to reference his status as a Baptist minister only for the limited purpose of providing standard background information because "[e]vidence regarding a party's employment is

typically relevant and is not unfairly prejudicial, whether or not that employment is church-related.")).

3. Cureton's Status as a Minister Is Not Impermissible Character Evidence when Offered Only to Provide General Background Information about His Employment.

Under Federal Rule of Evidence 404, Cureton's role as a minister is not admissible to show that he acted on a particular occasion in accordance with a particular character trait. *See Gibbons* at *3. But offering or eliciting evidence that Cureton was in fact employed as a minister while also working for Dynamic and currently works as a minister is a permissible reason for it, and a limiting instruction would cure any potential misapplication of this information by the jury.

**WHEREFORE**, on the above grounds, Dynamic opposes Plaintiff's motion in limine to exclude any testimony or reference to Cureton's employment history and employment status as a minister and opposes an instruction by the Court to Cureton that he should not volunteer or spontaneously testify to his experience as a minister.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203

wredmond@fordharrison.com  
Phone: 205-244-5905  
sbullock@fordharrison.com  
Phone: 205-244-5904

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 7th day of March, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard  
Heather Leonard, P.C.  
2105 Devereaux Cir., Suite 111  
Birmingham, AL 35243

Leslie A. Palmer, LLC  
Palmer Law, LLC  
104 23rd Street South, Suite 100  
Birmingham, AL  35233

*Counsel for Plaintiff*

/s/Wesley C. Redmond  
Wesley C. Redmond

WSACTIVELLP:13842814.1