IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S OBJECTIONS TO PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE REFERENCE TO AND/OR EVIDENCE OF THE COURT'S DISMISSAL OF ANY OF THE PLAINTIFF'S CLAIMS**

Defendant Dynamic Security, Inc.'s ("Dynamic") hereby submits its objections to "Plaintiff's Second Motion in Limine to Exclude Reference to and/or Evidence of the Court's Dismissal of any of the Plaintiff's Claims" (doc. 151), stating as follows:

### A. Scope of Plaintiff's Motion in Limine.

Plaintiff moves in limine that this Court enter an order that "no party or witness shall refer to the fact that the Plaintiff pursued and/or the Court dismissed the Plaintiff's pregnancy discrimination claims under Title VII, race discrimination claims under Title VII and/or 42 U.S.C. §1981, retaliation claims under Title VII, claims against Hyundai Motor Manufacturing of Alabama, LLC, and/or Hyundai Engineering." (Doc. 151 at 1).

1

### B.     Plaintiff's Motion in Limine Must Be Denied as to Claims against Dynamic That This Court Previously Dismissed.

This Court has denied a plaintiff's motion in limine to exclude evidence of claims previously dismissed. In *Perry v. Alabama Alcoholic Beverage Control Bd.*, this Court held that the defendant employer may introduce evidence related to plaintiff's dismissed claims, including allegations in the complaint, and evidence that plaintiff's other claims were dismissed:

> Evidence related to Perry's dismissed claims could also be relevant to causation, the third element of the retaliation claim. Perry must prove that her protected conduct was the but-for cause of an adverse employment action. Specifically, she must prove that ABC acted with retaliatory animus prompted by the June 2011 lawsuit. Thus, the *allegations* in the Complaint are admissible under Federal Evidence Rule 402 because they are relevant to an element of the offense. . . Finally, to further mitigate the potential for confusion or unfair prejudice, ABC may introduce evidence establishing that Perry's other claims were dismissed.

No. 2:11 CV 464, No. 2:11 CV 464, 2017 WL 8778820, at *3 (M.D. Ala. Nov. 16, 2017) (emphasis in original), *aff'd by Perry v. Alabama Beverage Control Bd.*, 786 F. App'x 204, 211 (11th Cir. 2019) (affirming jury verdict for defendant and finding no abuse of discretion or reversible error in the district court's evidentiary rulings). Going beyond denying the plaintiff's motion in limine, the Court's Order stated that it would include an instruction to the jury prior to opening statements, which it derived from the proposed jury instructions and the Eleventh Circuit's decision in

*Perry v. Rogers*, 627 F. App'x 823, 825 - 27 (11th Cir. 2015).[1]

### C. The Fact That Plaintiff Brought Other Claims Alleging Other Reasons for the Same Challenged Employment Action Is Relevant to § 1981's "But For" Burden of Proof.

The same issue this Court found in *Perry v. Alabama Beverage Control Bd*. Is before this Court in the instant case, and the result should be the same. Plaintiff argues that the fact she "pursued claims which were dismissed by this Court is not material nor probative to determining whether Dynamic Security retaliated against [her] by not offering employment assignments after August 1, 2017." (Doc. 151 at 2). Plaintiff is incorrect due to her burden of proving "but for" causation. The fact that Plaintiff pursued claims based on other reasons for Dynamic's failure to offer her new assignment makes those dismissed claims relevant to the issue of causation and her "but for" burden of proving a § 1981 retaliation claim. *See Gogel v. Kia Motors Manufacturing of Georgia, Inc.*, 967 F.3d 1121, 1135 n.13, 2020 Fair Empl. Prac. Cas. (BNA) 282576, 104 Empl. Prac. Dec. (CCH) P 46562 (11th Cir. 2020)(en banc) (to establish the necessary causation, plaintiff asserting retaliation must demonstrate that her protected activity was a "but-for cause" of the adverse action, which means that had she not engaged in the protected conduct she would not have been fired, and throughout the process the ultimate burden of persuasion remains on the employee. . .) (citing *Univ. of Tx. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362,

---

[1] The district court's jury instruction is set forth in Section F.

133 S.Ct. 2517, 186 L.Ed.2d 503 (2013); *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018); *Sims v. MVM, Inc.*, 704 F.3d 1327, 1333 (11th Cir. 2013)).

Plaintiff's dismissed claims against Dynamic are relevant to the adverse employment action that is the subject of her § 1981 claim that Dynamic would have offered her new assignments "but for" her complaint about dreadlocks (as a proxy for race discrimination) are: Dynamic and the other former defendants terminated her (by not offering her new assignments) based on her pregnancy (Count I pursuant to Title VII) (Doc. 28, ¶ 103); and based on her race (Count II pursuant to Title VII and Count III pursuant to § 1981) (Doc. 28, ¶¶ 11, 133). It is relevant that Plaintiff did not voluntarily dismiss these claims but that the Court dismissed them as a matter of law in response to Dynamic's motion for summary judgment. Thus, following the close of discovery, Plaintiff continued to maintain that Dynamic failed to offer her new assignments for at least three reasons: her pregnancy, her race, and her complaint about race discrimination. Involuntary dismissal of those claims does not eliminate her own testimony and zealous pursuit of claims that Dynamic took the same adverse employment action for those reasons. These multiple reasons are relevant to her ability to satisfy her "but for" burden of proving her § 1981 retaliation claim. While the jury will not rule on the dismissed claims, Plaintiff's belief that Dynamic had those motivations for the challenged adverse action is relevant to, and probative of, her claim that Dynamic would have offered her new assignments "but

for" her purported complaint to Dynamic about race discrimination.

### D. Exclusion of Reference or Testimony as to the Dismissed Claims Would Unfairly Prejudice Dynamic, Not Plaintiff.

Plaintiff argues that "[r]eference to the fact that the Plaintiff pursued claims which this Court dismissed serves no valid purpose in this case, would confuse the jury as to why certain claims were dismissed or are not being pursued and would prejudice the Plaintiff in the presenting evidence of her good faith belief supporting her discrimination complaint." (Doc. 151 at 3). Plaintiff may regret her pursuit of multiple claims and testimony as to multiple reasons for the same adverse employment action, and she may feel prejudiced by this choice after realizing she is left with a sole claim in which she must satisfy § 1981's "but for" burden, but it will not unfairly prejudice her. The Eleventh Circuit has held that, "[w]hile alternative pleading under Rule 8 may be enough to permit multiple 'but-for' claims on a motion to dismiss, "[a] party may **not**, however, recover separately on inconsistent theories when one theory precludes the other or is mutually exclusive of the other." *Jones v. Allstate Ins. Co.*, 281 F. Supp. 3d 1211, 1216 (N.D. Ala. 2016), aff'd, 707 F. App'x 641 (11th Cir. 2017) (quoting *Brookhaven Landscape & Grading Co. v. J. F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982), adhered to, 681 F.2d 734 (11th Cir. 1982)) (emphasis added in *Jones*). "The pleading will not amount to an election unless a choice is made with the **full and clear understanding of the problem, facts and remedies essential to the exercise of an intelligent choice**." *Jones v.*

*Allstate Ins. Co.*, 281 F. Supp. 3d at 1216 (citing *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1541 (11th Cir. 1986) (citing *Guy James Constr. Co. v. Trinity Industries, Inc.*, 644 F.2d 525 (5th Cir. May 8, 1981) (emphasis added by *Jones*) (other citations omitted).

In this case the parties have concluded discovery fully and briefed the motions for summary judgment filed by all three defendants, and Plaintiff continued to maintain inconsistent theories in spite of having "a full and clear understanding of the problem, facts, and remedies essential to the exercise of an intelligent choice necessary to make an informed election of remedies for the 'but-for' cause of her injury. *Jones v. Allstate*, at 1216-17 (citing *Guy James Const. Co. v. Trinity Indus., Inc.*, 644 F.2d 525, 530 (5th Cir.), modified, 650 F.2d 93 (5th Cir. 1981)). At summary judgment, the Court dismissed Plaintiff's Title VII claims against Dynamic on procedural grounds and her § 1981 race discrimination claim on lack of evidence to support it and did not consider the issue of Plaintiff having maintained inconsistent theories for the challenged employment action. Plaintiff is not prejudiced by the strategic choices she made, particularly in light of *Jones v. Allstate*.

If the Court grants Plaintiff's motion in limine, the only unfair prejudice will fall on Dynamic, as it would inhibit Dynamic's ability to defend itself under this "but for" standard. The Court should therefore deny Plaintiff's motion in limine to exclude evidence that Plaintiff maintained other claims alleging other reasons

Dynamic took the adverse employment action. Dynamic particularly notes the prejudice that would befall Dynamic in its defense if, in granting Plaintiff's motion in limine, she attempts at trial to use this motion as a back door to object to admission of Plaintiff's EEOC Charge against Dynamic on grounds that it would permit the jury to infer that Plaintiff had brought other claims and conclude that those claims must have been dismissed.

### E. Cases Cited by Plaintiff

In the case cited by Plaintiff, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, the claims that were the subject of the defendant's motion in limine dismissed at summary judgment, which the Court held were not relevant or probative as to the plaintiff's claims to be tried by a jury, did not appear to arise out of the adverse actions. 2018 WL 8919981, at *2 (M.D. Fla. Sept. 9, 2018). The *Debose* court denied summary judgment on all claims challenging denial of reappointment to a particular job, and the claims for which the court entered summary judgment were based on other adverse employment actions (termination and denial of promotion) and other factual allegations (breach of employment contract, conspiracy, disparate impact, and tortious interference with business relations) than the claims that remained.[2]

Plaintiff's motion in limine before this Court differs in key respects. The claims Plaintiff asks the Court to exclude arise from both the same employment

---

[2] *See* Case No.: 8:15-cv-2787-EAK-AEP, Doc. 210 at 26.

decision and a decision by two other former defendants that was distinct but intertwined. In *Debose*, the dismissed claims did not appear to arise out of the same adverse action and would not be relevant or probative of the remaining claims. Here, Plaintiff's remaining claim is that Dynamic chose not to offer her new assignments in retaliation for making a complaint about the reason the other defendants asked her to be removed from the jobsite. The dismissed claims, that Dynamic took the same action because of her pregnancy and race, and that the other two defendants terminated her employment by removing her from the jobsite because of her pregnancy, race, and in retaliation for complaining about pregnancy and race discrimination, are inextricably intertwined with her remaining claim against Dynamic.

Of the other cases cited by Key, five of them were on motions to exclude filed by the defendant and, therefore, are not applicable to the issue Dynamic has raised in this case. *Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361 (VAB), 2017 WL 690179, at *2-3 (D. Conn. Feb. 21, 2017); *Morales v. N.Y. Dep't of Labor*, No. 06-CV-899 (MAD), 2012 WL 2571292, at *4 (N.D.N.Y. July 3, 2012); *Hamza v. Saks Fifth Ave., Inc.*, No. 07 CIV. 5974 (FPS), 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011); *Andazola v. Logan's Roadhouse, Inc.*, No. CV-10-S-316-NW, 2013 WL 1834308, at *5 (N.D. Ala. Apr. 29, 2013); *Williams v. Hooker*, No. 4:02CV01250 ERW, 2008 WL 2120771, at *3 (E.D. Mo. May 19, 2008). In *Bryce*

*v. Trace, Inc.*, 2008 WL 906142, at *3 (W.D. Okla. Mar. 31, 2008), the defendant did not oppose the plaintiff's motion. In *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. CIV.98-2364(RHK/AJB), 2003 U.S. Dist. LEXIS 3634, 2003 WL 1610781, at *13 (D. Minn. Mar. 8, 2003), the defendant's only argument for admitting the evidence went to the issue of attorney fees, which was an issue for the judge to decide. And in *Anderson v. Brown Indus.*, No. 4:11-cv-0225-HLM, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014), the court held that the evidence of other claims was not relevant to emotional distress damages. None of these cases addressed whether evidence of dismissed claims was relevant to causation under a but-for standard.

### F. <u>Limiting Instruction.</u>

Plaintiff acknowledges that her motion in limine "does not limit the ability of the parties or witnesses to testify as to facts which are admissible and relevant to Plaintiff's remaining claims, even if those facts would also have been relevant to the dismissed claims." Doc. 151 at 3 (quoting *Anderson v. Brown Indus.*, No. 4:11-cv-0225-HLM, 2014 U.S. Dist. LEXIS 198916, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014) ("[i]If, however, the claims share the same underlying facts, it is possible that those underlying facts themselves may be admissible.") Because the underlying facts are intertwined with her allegation of protected activity, and she claims (for the first time in the proposed joint pretrial order) that her EEOC Charge serves as protected activity, a limiting instruction to the jury that there were other

9

claims that were dismissed [on procedural grounds] with a limiting instruction is necessary to avoid confusing the jury and prevent the jury from spending unnecessary time and distraction from guessing at what claims Plaintiff brought and what claims the Court dismissed.

A limiting instruction similar to the instruction quoted in *Perry v. Alabama Alcoholic Beverage Control Bd*. would be appropriate here:

> This Court's jury instruction addressing dismissed claims was:
>
> Kesia Perry claims that the Alabama Alcoholic Beverage Control Board (ABC) retaliated against her because she took steps to enforce her rights under Title VII of the Civil Rights Act of 1964. Title VII is a federal law which prohibits workplace discrimination. Laws that prohibit discrimination in the workplace also prohibit an employer from taking retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.
>
> During her employment at ABC, Perry made several complaints alleging discrimination in the workplace. For example:
>
> • In May 2010, Perry verbally complained to several supervisors that a recently hired white woman was paid more than her.
>
> • In August 2010, Perry filed an internal complaint with the State Personnel Department (SPD) alleging discrimination based on race in promotion and disciplinary procedures. She also filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging race discrimination in wages, work assignments, and transfers, as well as other harassment. The EEOC later dismissed the complaint.
>
> • In June 2011, Perry filed this lawsuit. She claimed that she was subjected to race discrimination, a hostile work environment, and retaliation. Her discrimination, hostile work environment, and some of her retaliation claims were later dismissed. This trial is about Perry's claim that she was retaliated against for filing this lawsuit.

> I share this information with you merely as background and context for Perry's retaliation claim. You may well hear testimony and argument about the nature of Perry's other allegations and complaints. In other words, you may hear what prompted her to file this lawsuit.
>
> But let me be clear: you are not here to decide whether ABC discriminated against Perry or subjected her to a hostile work environment based on her race. Those claims have been dismissed. Your job is limited to deciding whether ABC retaliated against Perry for filing this lawsuit.

Dynamic requests that the Court deny Plaintiff's motion but issue a limiting instruction and that the Court give Dynamic the opportunity to prepare and submit for consideration by the Court a proposed instruction.

**WHEREFORE**, Dynamic objects to Plaintiff's motion in limine and requests that the Court deny it in all respects except to the extent the Court issues a limiting instruction and gives Dynamic the opportunity to prepare and submit a proposed instruction for consideration by the Court.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on 7th day of March, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

                                                */s/Wesley C. Redmond*
                                                Wesley C. Redmond

WSACTIVELLP:13842816.1

3/6/23 11:10 PM