IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S OBJECTIONS TO PLAINTIFF'S THIRD MOTION IN LIMINE TO EXCLUDE REFERENCE TO AND/OR EVIDENCE OF THE EEOC'S DETERMINATION**

Defendant Dynamic Security, Inc.'s ("Dynamic") hereby submits Objections to Plaintiff's Third Motion in Limine to Exclude Reference to and/or Evidence of the EEOC's Determination (doc. 152). In support of this motion, Defendant states as follows:

In her Motion, Plaintiff argues that "[t]his Court should exclude reference of evidence relating to the EEOC's findings, or lack thereof, because (1) the EEOC's "no-cause" finding constitutes inadmissible hearsay; (2) the EEOC's investigation is inherently unreliable; and (3) any such evidence would be unfairly prejudicial, confusing, misleading, and should be excluded on Rule 403 grounds.

Plaintiff's arguments do not justify exclusion. In the first case before the Eleventh Circuit on this issue, the Court affirmed the trial court's admissibility of

the EEOC "no cause" determination in a jury trial over objections based on Rule 403 and Rule 803(8)(C). *Barfield v. Orange Cnty.*, 911 F.2d 644, 649 (11th Cir. 1990). The plaintiff in *Barfield* filed a motion in limine prior to trial seeking to exclude the EEOC report and the report of the unemployment compensation proceedings from being introduced in the trial before the jury on the same grounds as Plaintiff Key: that the EEOC report was hearsay, was of minimal probative value, and that its admission would prolong the trial and unduly prejudice the plaintiff. *Id*. at 648.

The *Barfield* Court admitted the EEOC determination in spite of the plaintiff making the same arguments Plaintiff Key makes. First, the Court stated that "EEOC reports and findings have been held to be admissible evidence and 'highly probative.'" *Barfield* at 649 (citing *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir.1972), *Bell v. Birmingham Linen Service*, 715 F.2d 1552, 1554, n. 4 (11th Cir. 1983) (abrogated on other grounds by *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989)); *Garcia v. Gloor*, 618 F.2d 264, 272 (5th Cir. 1980), cert. denied, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981); and *Peters v. Jefferson Chemical Co.*, 516 F.2d 447, 450 (5th Cir. 1975).

Next, the *Barfield* Court noted that, in *Garcia* the court explained that EEOC investigative reports (and determinations and a transcript of proceedings involving an unemployment compensation claim, which is the subject of Plaintiff's Fourth

2

Motion in Limine) were admissible under Fed. R. Evid. 803(8), the exception to the hearsay rule for reports of public agencies. Rule 803(8) reads:

> Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

*Barfield* at 649, n. 4 (quoting Rule 803(8)). Like the plaintiff in *Barfield*, Plaintiff Key "offers no evidence that the EEOC materials . . . suffer from any defects in trustworthiness." *Barfield*, at 648.

While the *Barfield* Court stated that there may be circumstances in which the "highly probative" value of EEOC determinations could be outweighed by the danger of creating unfair prejudice in the minds of a jury (citing *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1308 (8th Cir. 1984)), Plaintiff has not shown that the circumstances before this Court create that danger.

**WHEREFORE**, Dynamic respectfully moves the Court to deny Plaintiff's Third Motion in Limine to exclude the EEOC's determination.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

4

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 7th day of March, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*


                                        */s/Wesley C. Redmond*
                                        Wesley C. Redmond

WSACTIVELLP:13831546.1