IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DYNAMIC SECURITY, INC.'S OBJECTIONS
TO PLAINTIFF'S FOURTH MOTION IN LIMINE
TO EXCLUDE REFERENCE TO AND/OR EVIDENCE OF THE
FINDINGS OF THE ALABAMA DEPARTMENT OF LABOR**

Defendant Dynamic Security, Inc.'s ("Dynamic") hereby submits its objections to "Plaintiff's Fourth First Motion in Limine to Exclude Reference to and/or Evidence of the Findings of the Alabama Department of Labor Concerning the Plaintiff's Efforts to Obtain Unemployment Compensation" (doc. 153), stating as follows:

Plaintiff moves in limine that this Court enter an order that "no party or witness shall refer to determination(s) made by the Alabama Department of Labor concerning the Plaintiff's efforts to obtain unemployment compensation benefits" (doc. 153 at 1) because it is inadmissible under Rules 401-402, *Ala. R. Evid.*, because it would only serve to confuse and/or mislead the jury.

Plaintiff's arguments do not justify exclusion. In analyzing the same issue, the Eleventh Circuit affirmed the trial court's denial of the plaintiff's motion in limine and admitting an unemployment compensation report into evidence during the trial of an employment discrimination claim. *Barfield v. Orange Cnty.*, 911 F.2d 644, 649 (11th Cir. 1990). Court stated that "EEOC reports and findings have been held to be admissible evidence and 'highly probative.'" *Barfield* at 649 (citing *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir.1972), *Bell v. Birmingham Linen Service*, 715 F.2d 1552, 1554, n. 4 (11th Cir. 1983) (abrogated on other grounds by *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989)); *Garcia v. Gloor*, 618 F.2d 264, 272 (5th Cir. 1980), cert. denied, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981); and *Peters v. Jefferson Chemical Co.*, 516 F.2d 447, 450 (5th Cir. 1975)).

Next, the *Barfield* Court noted that, in *Garcia* the court explained that a transcript of proceedings involving an unemployment compensation claim were admissible under Fed. R. Evid. 803(8), the exception to the hearsay rule for reports of public agencies. Rule 803(8) reads:

> Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made

2

   pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

*Barfield* at 649, n. 4 (quoting Rule 803(8)). The Court further stated that "'[t]he rule also "makes no distinction between federal and nonfederal offices and agencies,' Fed.R.Evid. 803 advisory committee's note." *Barfield* at 649, n. 7. The *Barfield* Court held that, "for that reason, and because a finding of misconduct is clearly relevant to a charge that an employee has been fired not for any proper reason but because of racial discrimination, this discussion is also applicable to the admission of the report of the Florida Unemployment Appeals Commission." *See also Baldwin v. Rice*, 144 F.R.D. 102, 105–07 (E.D. Cal. 1992), as amended (Oct. 26, 1992) (denying the plaintiff's motion in limine to exclude an ALJ's California Unemployment Appeals Board decision, finding it to be relevant evidence which is not unduly prejudicial in light of its probative value and finding it is not confusing or misleading).

  Like the plaintiff in *Barfield*, Plaintiff Key offers no evidence that the unemployment compensation report suffers from any defects in trustworthiness. *Barfield*, at 648. Neither has she shown that the circumstances before this Court create that danger.[1] One of the highly contested issues in this case is whether

---

[1] Plaintiff also included in her Exhibit List documents related to the unemployment compensation proceeding:  1) Key Statement to Unemployment (Ex. 13); 2) Dynamic Unemployment Denial (Ex. 14); 3) E-mail 8/22/17 Spires, Cureton and Others Concerning Unemployment (Ex. 34); 4)

3

Dynamic offered other employment to Key following her removal from the Hyundai plant. The unemployment determination – which was made in September 2017, which was two years prior to Plaintiff filing this lawsuit and much closer in time to the actual events than any testimony in this case – addresses that issue directly. Plaintiff Key was present during the hearings that resulted in the determination and allowed to give testimony.

**WHEREFORE**, Dynamic respectfully requests this Court deny Plaintiff's Fourth Motion in Limine.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

---

E-mail 8/29/17 Spires, Cureton and Others Concerning Unemployment Rebuttal (Ex. 35); and 5) E-mail 8/29/17 Cureton RE: Unemployment Rebuttal (Ex. 45 from "may call"). Inclusion of these exhibits undermines her argument that the finding itself is not relevant and is prejudicial.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 7th day of March, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

                                                 */s/Wesley C. Redmond*
                                                 Wesley C. Redmond

WSACTIVELLP:13831578.1