IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
FIRST MOTION IN LIMINE TO EXCLUDE
PLAINTIFF'S TESTIMONY ABOUT GLORIA ROBINSON'S
ALLEGED COMMENTS ABOUT THE CONTENT OF MEMOS SENT BY
"THE KOREANS" (DOC. 156)**

COMES NOW Plaintiff, Davita Key, and opposes the Defendant's motion seeking to exclude Plaintiff's testimony about Gloria Robinson's alleged comments about the content of memos sent by "the Koreans."

## SUMMARY OF THE CASE

This is a race retaliation case. Plaintiff, Davita Key ("Key"), alleges Defendant Dynamic Security, Inc. ("Dynamic Security") violated 42 U.S.C. § 1981 when it retaliated against her by not reassigning her to any other full-time position

Plaintiff's Response to Defendant 1st Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

after learning about her internal complaint of race discrimination against Dynamic Security and others and EEOC charge against Dynamic Security.

## STANDARD OF REVIEW

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.* (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." *LSQ Funding Grp. v. EDS Field Servs.*, 879 F.Supp. 2nd 1320, 1337 (M.D. Fla. 2012) (internal citations omitted). "[A] motion in limine should not be used to resolve factual disputes or weigh evidence." *Burkhart v. R.J. Reynolds Tobacco Co.*, 2014 U.S.

Plaintiff's Response to Defendant 1st Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

Dist. LEXIS 200593, 2014 WL 12617550, *4 (M.D. Fla. Apr. 30, 2014). The court should deny a motion in limine if the court "cannot determine whether the evidence in question should be excluded outside the trial context." *In re Seroquel*, 2009 U.S. Dist. LEXIS 134900, at *1762 (M.D. Fla. Feb. 4, 2009).

## ARGUMENT

Dynamic Security did not reassign Key to any full-time position after she engaged in protected activity by filing an internal complaint and an EEOC charge alleging race discrimination. Both her internal complaint and the EEOC charge state she felt discriminated against "on the basis of [her] current hairstyle (dreadlocks)." To succeed on her claim for race retaliation, Key has to prove she had a reasonable belief that her complaints were about race. Accordingly, Key's state of mind and the surrounding circumstances are directly relevant to her reasonable belief.

Dynamic Security seeks to exclude any testimony from Key related to what she heard from Gloria Robinson, Dynamic Security's account manager, about memos the Koreans sent related to African-Americans and dreadlocked hair. Despite Dynamic Security's assertion to the contrary, Key does not intend to offer this testimony to prove any content of any alleged memo. The testimony is relevant

Plaintiff's Response to Defendant 1st Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

and necessary to this case to show the effect the statement had on Key, the listener, and to support her state of mind at the time she made her internal complaint and EEOC charge. As this Court noted at summary judgment, "[t]aking Key's complaint about being discriminated based on her dreadlocks 'in its social context" – with its temporal proximity to the alleged statement about how 'the Koreans' do not want 'African Americans' wearing dreadlocks – a reasonable jury could find that Key reasonably believed such a complaint was about discrimination." (Doc. 138 at 34-35, Memorandum Opinion and Order).

Because the context of the statement relates to Key's state of mind and reasonable belief, the statement is not automatically inadmissible hearsay. Key's potential testimony about what she heard from Gloria Robinson may be admissible under a number of hearsay exceptions or exclusions depending on the circumstances of the testimony. "Generally, an out-of-court statement admitted to show its effect on the listener is not hearsay." *United States v. Trujillo*, 561 F. App'x 840, 842 (11th Cir. 2014). As noted above, the entire evidentiary purpose of the Gloria Robinson statement is related to the effect on Key and her reasonable belief that her complaint was about race. Accordingly, the statement is not inadmissible hearsay.

Plaintiff's Response to Defendant 1st Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

Finally, the potential testimony carries a significant probative value because it relates to the context and circumstances surrounding Key's complaint and EEOC charge and could relate to a jury's reading of whether Key had a reasonable belief that her complaint and EEOC charge was related to race.

## CONCLUSION

This Court should deny Dynamic's motion (Doc. 156) because the evidence is relevant to Key's state of mind and the reasonableness of her belief that she was engaging in protected activity.

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

*/s/ Leslie A. Palmer.*
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233

Plaintiff's Response to Defendant 1st Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 5 -

(205) 285-3050
leslie@palmerlegalservices.com

Plaintiff's Response to Defendant 1st Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 6 -

- 7 -

## Certificate of Service

I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 7th day of March 2023.

    Wesley C. Redmond
    Susan W. Bullock
    FordHarrison LLC
    420 20th Street North, Suite 2560
    Birmingham, AL 35203
    wredmond@fordharrison.com
    sbullock@fordharrison.com
    Phone: (205) 244-5905
    Counsel for Dynamic Security, Inc.

    /s/ Leslie A. Palmer
    OF COUNSEL

Plaintiff's Response to Defendant 1st Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 7 -