IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-CV-767-ECM |
| DYNAMIC SECURITY, INC. | ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
THIRD MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF DISMISSED CLAIMS (DOC. 158)**

COMES NOW Plaintiff, Davita Key, and opposes the Defendant's motion seeking to exclude all evidence of Plaintiff's dismissed claims.

### SUMMARY OF THE CASE

This is a race retaliation case. Plaintiff, Davita Key ("Key"), alleges Defendant Dynamic Security, Inc. ("Dynamic Security") violated 42 U.S.C. § 1981 when it retaliated against her by not reassigning her to any other full-time position after learning about her internal complaint of race discrimination against Dynamic Security and others and EEOC charge against Dynamic Security.

Plaintiff's Response to Defendant 3rd Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

## STANDARD OF REVIEW

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.* (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." *LSQ Funding Grp. v. EDS Field Servs.*, 879 F.Supp. 2nd 1320, 1337 (M.D. Fla. 2012) (internal citations omitted). "[A] motion in limine should not be used to resolve factual disputes or weigh evidence." *Burkhart v. R.J. Reynolds Tobacco Co.*, 2014 U.S. Dist. LEXIS 200593, 2014 WL 12617550, *4 (M.D. Fla. Apr. 30, 2014). The court should deny a motion in limine if the court "cannot determine whether the

Plaintiff's Response to Defendant 3rd Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

evidence in question should be excluded outside the trial context." *In re Seroquel*, 2009 U.S. Dist. LEXIS 134900, at *1762 (M.D. Fla. Feb. 4, 2009).

## ARGUMENT

Key engaged in protected activity by filing a handwritten internal complaint and filing a charge of discrimination with the EEOC. While the liability on the Title VII claims is not longer at issue in this case, the existence of the EEOC charge is relevant to support both Key's state of mind – her reasonable belief that she was complaining about race discrimination, and Dynamic Security's knowledge of Key's protected activity. As the Court noted at summary judgment "by August 11, 2017, Dynamic knew that Key filed an EEOC Charge against Dynamic for, in part, 'race discrimination.'" (Doc. 138 at p 37, Memorandum Opinion and Order).

Plaintiff agrees that the discussion of other legal claims or the dismissal of other legal claims is not proper for presentation to the jury. However, in the instant action, *facts* related to the content and context of Key's complaints and the mere act of filing an EEOC charge is relevant to show her reasonable belief and Dynamic Security's knowledge of her protected activity.

Plaintiff's Response to Defendant 3rd Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

Additionally, and importantly, any potential prejudice to the jury created by the necessary mention of the full content of her complaint, other actors, her EEOC Charge is cured by the Plaintiff's proposed curative jury instruction.

## CONCLUSION

This Court should deny Dynamic's motion (Doc. 158) to the extent it seeks to preclude any mention the facts surrounding Key's complaint and her filing of an EEOC charge.

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

*/s/ Leslie A. Palmer.*
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

Plaintiff's Response to Defendant 3rd Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

- 5 -

## Certificate of Service

      I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 7th day of March 2023.

      Wesley C. Redmond
      Susan W. Bullock
      FordHarrison LLC
      420 20th Street North, Suite 2560
      Birmingham, AL 35203
      wredmond@fordharrison.com
      sbullock@fordharrison.com
      Phone: (205) 244-5905
      Counsel for Dynamic Security, Inc.

                                          /s/ Leslie A. Palmer
                                          OF COUNSEL

Plaintiff's Response to Defendant 3rd Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 5 -