IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-767-ECM |
| | ) | |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
FOURTH MOTION IN LIMINE TO EXCLUDE
QUESTIONS ASKED BY RAY CURETON RELATED TO
ASSIGNEMNTS FOR PLAINTIFF (DOC. 159)**

---

COMES NOW Plaintiff, Davita Key, and opposes the Defendant's motion

seeking to exclude evidence concerning Ray Cureton's questions and comments

related to Plaintiff's reassignment.

### SUMMARY OF THE CASE

This is a race retaliation case. Plaintiff, Davita Key ("Key"), alleges

Defendant Dynamic Security, Inc. ("Dynamic Security") violated 42 U.S.C. § 1981

when it retaliated against her by not reassigning her to any other full-time position

Plaintiff's Response to Defendant 4th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

after learning about her internal complaint of race discrimination against Dynamic Security and others and EEOC charge against Dynamic Security.

## STANDARD OF REVIEW

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Id.* (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." *LSQ Funding Grp. v. EDS Field Servs.*, 879 F.Supp. 2nd 1320, 1337 (M.D. Fla. 2012) (internal citations omitted). "[A] motion in limine should not be used to resolve factual disputes or weigh evidence." *Burkhart v. R.J. Reynolds Tobacco Co.*, 2014 U.S.

Plaintiff's Response to Defendant 4th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

Dist. LEXIS 200593, 2014 WL 12617550, *4 (M.D. Fla. Apr. 30, 2014). The court should deny a motion in limine if the court "cannot determine whether the evidence in question should be excluded outside the trial context." *In re Seroquel*, 2009 U.S. Dist. LEXIS 134900, at *1762 (M.D. Fla. Feb. 4, 2009).

## ARGUMENT

Dynamic Security did not reassign Key to any full-time position after she engaged in protected activity by filing an internal complaint and an EEOC charge alleging race discrimination. Key will need to convince a jury that the decision to not reassign her to any full-time position was related to her complaint and EEOC charge.

Dynamic Security seeks to exclude evidence related to questions and comments made by Ray Cureton about reassigning Key after her complaints. The e-mails proposed as Plaintiff's exhibits contain questions and comments where Ray Cureton, the decision maker in the decision to not reassign Key to any full-time position after her complaints, portrays his state of mind. The evidence Dynamic Security seeks to exclude is directly relevant to the decision maker's state of mind.

Plaintiff's Response to Defendant 4th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

The cases cited by Dynamic Security are not on point with the issue in this case because they did not contain statements that suggested the decision maker's motive or intent. However, the potential evidence in this case supports exactly that, Ray Cureton didn't know if it was advisable to reassign Key "when she is making threats to sue" and believed he should not reassign her "in light of her current complaint[.]" The state of mind of the decision maker is directly relevant in retaliation cases. Further the statements show that Dynamic Security had knowledge of Key's protected activity because she wanted to file an "'official complaint' of discrimination" with human resources and was going through Cureton to do so.

The evidence is of course prejudicial to Dynamic Security's position – otherwise there would be little benefit to the plaintiff in offering it. However, the standard is not if it is prejudicial to the position, but instead if the probative value is *substantially* outweighed by the prejudice of confusing the issues, misleading the jury or undue delay through waste of time or cumulative evidence. This evidence does not meet any of those categories of prejudice. It is not cumulative or a waste of time and will not mislead the jury but will instead provide the jury relevant and pointed information it may need to weigh the credibility and state of mind of

Plaintiff's Response to Defendant 4th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

Cureton – which is directly at issue in this case. Contrary to Dynamic Security's assertion, this evidence goes directly to motive or intent. Additionally, Cureton's belief that Key's threat was to sue another entity is not controlling because (1) nothing in §1981 requires the protected activity to be against the current defendant and (2) the EEOC Charge that Cureton received specifically named Dynamic Security.

The statements Dynamic Security seeks to exclude are a series of similar statements made by Cureton. The context of the statements is relevant to Cureton's state of mind. To the extent that Cureton's state of mind has been placed at issue and disputed, evidence related to such is relevant and admissible. *See Metal Grp. USA LLC v. Seapack, Inc.*, 2019 U.S. Dist. LEXIS 237060, at *10 (S.D. Fla. Nov. 22, 2019) (finding that testimony that may have otherwise been hearsay could be admissible toward the state of mind of the declarant if state of mind is at issue and disputed). Additionally, the statements show that Cureton was aware of Plaintiff's protected activity because he acknowledged her '"official complaint' of discrimination" when reporting it to human resources (See Doc. 138 p 38, Memorandum Opinion and Order, discussing causal connection in retaliation given the summary judgment evidence).

Plaintiff's Response to Defendant 4th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM
- 5 -

## CONCLUSION

This Court should deny Dynamic's motion (Doc. 159). The evidence Dynamic Security seeks to exclude is relevant to the decision makers state of mind, motive and knowledge and necessary for a jury's consideration.

Respectfully submitted,

Attorneys for Plaintiff
/s/ Heather Leonard
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

/s/ Leslie A. Palmer.
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

Plaintiff's Response to Defendant 4th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 6 -

## <u>Certificate of Service</u>

I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 7th day of March 2023.

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

/s/ Leslie A. Palmer
OF COUNSEL

Plaintiff's Response to Defendant 4th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 7 -