IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-767-ECM |
| | ) | |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
FIFTH MOTION IN LIMINE TO REFERENCE TO PLAINTIFF
FILING AN EEOC CHARGE AGAINST DYNAMIC SEURITY (DOC. 160)**

COMES NOW Plaintiff, Davita Key, and opposes the Defendant's motion

seeking to exclude any reference to Plaintiff filing an EEOC Charge against

Dynamic Security.

**SUMMARY OF THE CASE**

This is a race retaliation case. Plaintiff, Davita Key ("Key"), alleges

Defendant Dynamic Security, Inc. ("Dynamic Security") violated 42 U.S.C. § 1981

when it retaliated against her by not reassigning her to any other full-time position

Plaintiff's Response to Defendant 5th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

after learning about her internal complaint of race discrimination against Dynamic

Security and others and EEOC charge against Dynamic Security.

**STANDARD OF REVIEW**

"A motion in limine presents a pretrial issue of admissibility of evidence that

is likely to arise at trial, and as such, the order, like any other interlocutory order,

remains subject to reconsideration by the court throughout the trial." *In re Seroquel*

*Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB,

2009 U.S. Dist. LEXIS 134900, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

"The real purpose of a motion in limine is to give the trial judge notice of the

movant's position so as to avoid the introduction of damaging evidence which may

irretrievably effect the fairness of the trial." *Id.* (internal quotation omitted). "A

court has the power to exclude evidence in limine only when evidence is clearly

inadmissible on all potential grounds." *Id.* (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to

test issues of law, or to address or narrow the issues to be tried." *LSQ Funding*

*Grp. v. EDS Field Servs.*, 879 F.Supp. 2nd 1320, 1337 (M.D. Fla. 2012) (internal

citations omitted). "[A] motion in limine should not be used to resolve factual

disputes or weigh evidence." *Burkhart v. R.J. Reynolds Tobacco Co.*, 2014 U.S.

Plaintiff's Response to Defendant 5th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

Dist. LEXIS 200593, 2014 WL 12617550, *4 (M.D. Fla. Apr. 30, 2014). The court should deny a motion in limine if the court "cannot determine whether the evidence in question should be excluded outside the trial context." *In re Seroquel*, 2009 U.S. Dist. LEXIS 134900, at *1762 (M.D. Fla. Feb. 4, 2009).

## ARGUMENT

Key engaged in protected activity by filing a handwritten internal complaint *and* filing a charge of discrimination with the EEOC. Dynamic Security has taken the position that Key did not engage in protected activity. Because a dispute exists as to whether Key's EEOC charge amounts to protected activity, it is necessary for a jury to consider the evidence. The liability related to any Title VII claims is not at issue in trial, however, the existence of an EEOC charge alleging race discrimination can and does support a claim for race retaliation under §1981.

The existence and content of the EEOC charge is relevant to support Key's state of mind as to her reasonable belief that she was complaining about race discrimination. Additionally, the EEOC charge is evidence of Dynamic Security's knowledge of Key's protected activity. As the Court noted at summary judgment "by August 11, 2017, Dynamic knew that Key filed an EEOC Charge against

Plaintiff's Response to Defendant 5th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

Dynamic for, in part, 'race discrimination.'" (Doc. 138 at p 37, Memorandum

Opinion and Order).

Because Dynamic Security has placed "protected activity" at issue in this

case, a jury is required to view and weigh the evidence to determine whether Key's

EEOC charge amounts to protected activity. Should Dynamic Security agree to

stipulate that Key engaged in protected activity, the evidence could then be

excluded from a jury.

## CONCLUSION

This Court should deny Dynamic's motion (Doc. 160) to the extent it seeks

to preclude any mention or introduction of Key's EEOC Charge. Dynamic has

placed the protected activity in question and the evidence is relevant and necessary

to that dispute.

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

Plaintiff's Response to Defendant 5th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

*/s/ Leslie A. Palmer.*
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com


## **Certificate of Service**

I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 7th day of March 2023.

   Wesley C. Redmond
   Susan W. Bullock
   FordHarrison LLC
   420 20th Street North, Suite 2560
   Birmingham, AL 35203
   wredmond@fordharrison.com
   sbullock@fordharrison.com
   Phone: (205) 244-5905
   Counsel for Dynamic Security, Inc.

/s/ Leslie A. Palmer
OF COUNSEL

Plaintiff's Response to Defendant 5th Motion in Limine
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 5 -
