IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-767-ECM |
| | ) | |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS (DOC. 161)

COMES NOW Plaintiff, Davita Key, and OBJECTS the Defendant's proposed jury instructions (Doc. 161). Plaintiff's objections are more specifically stated below.

Plaintiff's retaliation case revolves around whether Plaintiff had a reasonable belief that her internal complaint and EEOC charge were complaints of race discrimination, whether Defendant had knowledge of her protected activity, and whether Defendant's failure to reassign her to a similar position after her complaints was because of her protected activity. This type of retaliation is clearly anticipated and covered in the Eleventh Circuit's Pattern Jury Instructions and

Plaintiff's Objections Defendant's Proposed Jury Instructions
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

requires little to no deviation. Plaintiff broadly objects to Defendant's proposed instructions to the extent the deviate from the Eleventh Circuit's Pattern Jury Instructions on the issues.

## 1.1 –General and Preliminary

Plaintiff objects to Defendant's General and Preliminary instructions. At the Court's pretrial conference, the Court instructed the parties to submit jury instructions, excluding preliminary instructions. Defendant's submission includes the preliminary instructions the Court stated should be excluded. Additionally, to the extent that the Defendant provides a description of the case, the description is not factually neutral, muddies the issues, and was not agreed upon by the parties. The proposed instruction deviates from the pattern instruction. The mention of the history between Dynamic Security, HMMA, and HEA will only stand to confuse the jury as to the issues in the case. Additionally, Plaintiff's reason for removal from the Hyundai plant is not at issue in this case and should not be presented to the jury. Finally, the Defendant's position as to the failure to reassign Plaintiff does not fully state the Plaintiff's position as to adverse action, even if a jury finds that Plaintiff had been offered the two part-time positions, the jury could find that

Plaintiff's Objections Defendant's Proposed Jury Instructions
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

Defendant's failure to place the Plaintiff in a full-time position equivalent to her previous position was an adverse action.

## 2.2 – Depositions

Plaintiff objects to these instruction to the extent they were not requested by the Court at the pretrial conference, to the extent they differ from the Pattern Jury Instructions, and to the extent they do not apply once the case has concluded.

## 3.2.2 – Duty to Follow Instructions

Plaintiff objects to these instruction to the extent they were not requested by the Court at the pretrial conference, to the extent they differ from the Pattern Jury Instructions, and to the extent they do not apply once the case has concluded.

## 3.3 –Direct and Circumstantial Evidence, Arguments of Counsel, Comments of Court

Plaintiff objects to these instruction to the extent they were not requested by the Court at the pretrial conference, to the extent they differ from the Pattern Jury Instructions, and to the extent they do not apply once the case has concluded.

## 3.8.1. – Duty to Deliberate

Plaintiff objects to these instruction to the extent they were not requested by the Court at the pretrial conference, to the extent they differ from the Pattern Jury Instructions, and to the extent they do not apply once the case has concluded.

Plaintiff's Objections Defendant's Proposed Jury Instructions
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

**4.22 Retaliation – Section 1981**

Plaintiff objects to Defendant's proposed instruction on Retaliation as a whole. The instruction deviates from the Eleventh Circuit Pattern Jury Instruction and presents the information in a manner that seeks to confuse the jury as to the issues in the case.

The instruction references Plaintiff's removal from the Hyundai plant which is not an issue in this case and will only confuse the jury. The only issues are Plaintiff's complaints and Defendant's failure to reassign her to an equivalent position.

Defendant inserts substantial portions of law and comments related to grooming practices and the legality or illegality of grooming policies. This is not an appropriate presentation to the jury. The pattern jury instructions simply ask if the plaintiff engaged in protected activity and if her belief that she engaged in protected activity was reasonable. It is not necessary to mine into the particulars of whether hair is protected in the Eleventh Circuit because Plaintiff need only establish a good faith reasonable belief. *See Alkins v. Sheriff of Gwinnett County*, 2022 U.S. Dist. LEXIS 3899, 11th Cir. Feb. 11, 2022 (holding the Plaintiff's belief

Plaintiff's Objections Defendant's Proposed Jury Instructions
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

that one open mouth kiss a number of years before the complaint was reasonable for purposes of engaging in protected activity).

Defendant materially altered the elements a Plaintiff must prove in a manner that will confuse the issues to a jury and hold the Plaintiff to a higher burden than required under the law and under the Pattern Jury Instructions.

Plaintiff objects to Defendant's proposed instruction reference to "prima facie case". The prima facie case is not relevant to a jury and should not be presented to a jury to decide.

Page 18 of Defendant's proposed instructions present proof of prohibited racial conduct as an alternative for good faith reasonable belief. This is not a proper issue to be raised with the jury. The issue in the direct case is Key's good faith reasonable belief. Any alternative position would only stand to confuse or mislead the jury.

Defendant's instruction related to adverse action does not include Plaintiff's position that the failure to place her in an equivalent full-time position is adverse. An adverse employment action is merely one that would dissuade a reasonable person. A jury could rightfully and reasonably find that even if Defendant offered

Plaintiff's Objections Defendant's Proposed Jury Instructions
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 5 -

Plaintiff the two, part-time, weekend positions, it's failure to offer her any full-time or equivalent position was an adverse employment action.

Defendant's instructions asserting "but for" causation alter the Pattern Jury Instructions and stand to confuse the jury. The United States Supreme Court in *Bostock v. Clayton County, GA*, __ U.S. __, 140 S.Ct. 1731, 1739 (2020) discussed the meaning of "because of" in context of Title VII stating that it meant the reason must be a but-for cause and going on to state that there can be more than one but-for cause for an adverse employment action. This decision confirms that the "because of" language in the Eleventh Circuit's Pattern Jury instruction for Section 1981 is appropriate and the most accurate way to relay the elements of the claim to a jury for consideration. By substituent the "but for" language in place of "because of" and claiming that retaliation was not "the 'but for' cause of any action[,]" the Defendant seeks to confuse the jury and place a higher burden on the Plaintiff than anticipated by the pattern instructions or required under the law. (quoted language at Doc. 161 p.22 ¶ 2).

Plaintiff's Objections Defendant's Proposed Jury Instructions
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 6 -

## CONCLUSION

For the foregoing reasons, Plaintiff objects to Defendant's proposed jury instructions and requests instead that the Court provide the pattern instructions and Plaintiff's proposed instructions (Doc. 149) to the jury.

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

*/s/ Leslie A. Palmer.*
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

Plaintiff's Objections Defendant's Proposed Jury Instructions
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

## **Certificate of Service**

I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 7th day of March 2023.

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

/s/ Leslie A. Palmer_____
OF COUNSEL

Plaintiff's Objections Defendant's Proposed Jury Instructions
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM