IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) | (WO) |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

The matter is before the Court on Defendant Dynamic Security, Inc.'s ("Dynamic")

motion to certify for interlocutory appeal and continue trial setting. (Doc. 163).   On

December 27, 2022, Dynamic filed a motion to strike Plaintiff Davita M. Key's ("Key")

demand for a trial by jury. (Doc. 89).  The Court held oral argument on this motion on

February 21, 2023. (Doc. 148).

The motion was based on a provision in an employee handbook given to Key by

Dynamic before she began employment with Dynamic.  The provision stated, in part, "[i]n

consideration of Dynamic Security offering employment and the acceptance of

employment, . . . the [employee] agrees to waive their rights to a trial by jury." (Doc. 89-1

at 6–7).  On the day she received this handbook, Key signed a form acknowledging that it

was her "responsibility to read this handbook and become familiar with the contents."

(Doc. 89-2).  The acknowledgment form did not mention the waiver of her right to a trial by jury.

At deposition, Key provided the following answers to questions regarding this handbook:

> Q.  [I]is [this] the Dynamic handbook you were provided by Dynamic?
> A.  Yes.
> Q.  Did you read their handbook?
> A.  Yes.
> . . .
> Q.  Look, if you would, at . . . the policy, "Waiver of Trial by Jury Policy."
> Did you read that policy?
> A.  Yes.
> Q.  What was your understanding as to what it meant?
> A.  Waiver of trial by jury.

(Doc. 89-4 at 3).  As Dynamic recognized at oral argument on its motion to strike Key's jury demand, though the question at deposition may have *implied* that Key read the handbook before she signed the acknowledgment form, nothing in the dialogue *explicitly* established that Key did so.

At the oral argument, the Court denied the motion to strike Key's jury demand because it did not find evidence that Key "knowingly and intentionally" waived her Seventh Amendment right to a trial by jury. (*See* Doc. 147).  The Court reasoned that based on the facts of this case, although Key admitted she understood the employee handbook contained a provision waiving her right to a jury, there is nothing in the evidence to indicate that she read and understood the meaning of this provision *before* she signed the acknowledgment form.  Specifically, the acknowledgment form specified that Key agreed to be bound by "the rules, regulations, and policies set forth in th[e] handbook." (Doc. 89-

2

2).  Nowhere on the form did Key agree to a jury waiver, which is neither a rule, regulation, nor a policy.  There is no evidence indicating when Key read the employee handbook or, specifically, the jury waiver provision.  Nor was there a signature or manifestation of assent by Key on the pages containing the jury waiver provision itself or elsewhere in the handbook.  Therefore, the Court denied Dynamic's motion to strike the jury demand because there is insufficient evidence to show that Key "knowingly and voluntarily" waived her right to a jury.

Dynamic now asks the Court to certify a question for interlocutory appeal to the Eleventh Circuit Court of Appeals.  Based on the Court's findings at the oral argument, Dynamic asks whether Key's jury trial waiver was knowing and voluntary even though she did not "sign a paper or page from a document that includes on the signature page the specific jury trial waiver language or reference to the jury trial waiver," and Dynamic asks "which party bears the burden of proving a jury trial waiver was 'knowing and voluntary.'" (Doc. 163 at 2).  Because the Court's order denying Dynamic's motion to strike Key's jury demand was an interlocutory—i.e., non-final—order, Dynamic asks the Court to certify this question for interlocutory appeal under 28 U.S.C. § 1291.

## II.  DISCUSSION

Generally, a district court's ruling is not reviewable by the court of appeals until after entry of final judgment in the action. 28 U.S.C. § 1291; *Microsoft Corp. v. Baker*, 582 U.S. 23, 26 (2017).  Interlocutory appeals are strongly disfavored. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("[P]ermitting piecemeal appeals is bad

policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").  Courts should deny certification for appeal if resolution of an issue is too fact-intensive but grant certification if the appeal would present a pure "question of law." *Id.* at 1258.  A district court may certify an order for immediate interlocutory appeal if it is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

To the first two elements, a pure "question of law" justifying a § 1292(b) certification "must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case" and give it "general relevance to other cases in the same area of law." *McFarlin*, 381 F.3d at 1259.  The antithesis of a pure question of law proper for a "§ 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.*  And there must be "substantial ground for difference of opinion" as to that controlling question of law. 28 U.S.C. § 1292(b).

As to the final element, the court may certify a § 1292(b) appeal if it finds the immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The Eleventh Circuit approaches this element practically, asking, would the "resolution of a controlling legal question . . . serve to avoid a trial or otherwise substantially shorten the litigation"? *Id.*

Dynamic's request fails on all three elements of a § 1292(b) justification for certifying an interlocutory appeal. The "question of law" offered by Dynamic for appeal is too fact-intensive to certify for consideration on appeal. *See id.* at 1258. For example, Dynamic's proposed question asks whether, based on "the Court's findings" in this case, Key's signature demonstrated she knowingly and voluntarily waived her Seventh Amendment right to a jury. To put it another way, Dynamic seeks permission to ask the court of appeals whether this Court correctly applied the specific facts in this case to the legal standard for jury waivers. Such an appeal may be appropriate after the entry of final judgment, but it is not appropriate to justify a § 1292(b) certification. *McFarlin*, 381 F.3d at 1259 (holding "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case"). Dynamic does not offer a pure, "controlling question of law as to which there is substantial ground for difference of opinion" on which "the court of appeals can rule." *Id.* Instead, the court of appeals would have to "delve beyond the surface of the record in order to determine the facts." *Id.* Therefore, the question for which Dynamic seeks interlocutory appeal is inappropriate.

Furthermore, immediate appeal here would not "materially advance the ultimate termination of the litigation." This matter is set for jury trial to begin on March 27, 2023— less than three weeks from the date of this order. If the Court were to certify the proposed question for interlocutory appeal, termination of this litigation would be pushed back substantially, much later than if a jury were to ultimately resolve this matter in a matter of

weeks.  Dynamic's request, therefore, for the court of appeals to decide whether trial in this case should be by bench or by jury would substantially lengthen the litigation, and therefore does not "materially advance the ultimate termination of the litigation." *Id.*  Thus, Dynamic has not demonstrated that a § 1292(b) certification is warranted for interlocutory appeal of the Court's order denying its motion to strike Key's jury demand.

### III.  CONCLUSION

Accordingly, and for good cause, it is

ORDERED that Dynamic's motion (doc. 163) is DENIED.

Done this 8th day of March, 2023.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE