IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| ) | |
| DYNAMIC SECURITY, INC. ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on February 21, 2023, wherein the following actions were taken:

1. <u>PARTIES AND TRIAL COUNSEL</u>:

   a. Plaintiff:   Davita M. Key represented by Leslie Ann Palmer and Heather Newsom Leonard

   b. Defendant:   Dynamic Security, Inc. represented by Susan Ware Bullock and Wesley Clyde Redmond

   <u>COUNSEL APPEARING AT PRETRIAL HEARING</u>:

   a. Plaintiff:   Leslie Ann Palmer and Heather Newsom Leonard

   b. Defendant:   Wesley Clyde Redmond

2. <u>JURISDICTION AND VENUE</u>:

   U.S. District Court for the Middle District of Alabama, Northern Division

3. <u>PLEADINGS</u>: The following pleadings and amendments were allowed:

   Complaint (Doc. 1)

   Amended Complaint (Doc. 28)

Answer to Amended Complaint by Dynamic Security, Inc. (Doc. 43)

4. <u>CONTENTIONS OF THE PARTIES</u>:

   a. Plaintiff:

   - Defendant Dynamic Security violated 42 U.S.C. § 1981 by retaliating against Key when it effectively terminated her employment. Key engaged in activity protected by 42 U.S.C. § 1981 when she complained to Dynamic that she felt discriminated against on the basis of her hairstyle (dreadlocks) and also when she filed an EEOC Charge against Dynamic making a similar complaint. Following her complaints, Dynamic never offered Key a new employment assignment, effectively terminating her employment.
   - Key seeks the remedies authorized by 42 U.S.C. § 1981 including backpay calculated on a quarterly basis, less interim earnings, and inclusive of interest, compensatory damages; punitive damages; nominal damages, injunctive relief (including backpay, reinstatement and/or reasonable front pay, training, correction/modification of her employment record, and that relief which is fair and equitable), and costs including a reasonable attorneys' fee.

   b. Defendant:

   - Dynamic maintains all defenses asserted in its Answer(s), Motion to Dismiss, and Motion for Summary Judgment. This summary is simply that, a summary, and does not serve to waive any defense or defensive theory.
   - Count V of the Amended Complaint alleges HMMA and HEA terminated her employment in retaliation for having engaged in protected activity. Count V does not assert a retaliation claim against Dynamic. Specifically, Count V does not assert that Dynamic retaliated against her; it does not assert that Dynamic terminated her employment; it does not assert that Dynamic failed to reassign her to another client; and it does not assert that Dynamic constructively discharged her. Also, Count V does not (nor is it alleged anywhere in the Amended Complaint) that Dynamic retaliated against Key for filing an EEOC Charge under either an opposition or a participation theory. Thus, Plaintiff should not be allowed to proceed to

trial on any of those purported theories or any claim or theory under Count V because she failed to plead them against Dynamic.

- The evidence will show that the complaint Key made during her employment was only about her hairstyle, dreadlocks. The Eleventh Circuit has clearly held that wearing a dreadlock hairstyle is a choice and thus an elective, mutable trait and that an employer's prohibition against its employees wearing dreadlock hairstyles is therefore not a racially discriminatory action.

- Thus, the only evidence Key can present—that she complained about HEA and HMMA's disallowance of her wearing her hair in a dreadlock style—cannot satisfy her burden to prove a prima facie case of retaliation because 42 U.S.C. § 1981 does not protect an employee's choice to wear their hair in dreadlocks style nor does that statute prohibit employers from disallowing it. The Plaintiff will not be able to show she engaged in any protected activity because any complaints Plaintiff made about not being allowed to wear dreadlocks was not activity protected by or prevented by § 1981 that can satisfy a prima facie case of retaliation.

- Following Key's removal from the Hyundai facility, Dynamic offered Key two additional positions. Key did not agree to accept either position, and she never sought any further positions from Dynamic.

- Key failed to mitigate her damages. She is not entitled to punitive damages, as Dynamic has taken actions to prevent and detect discriminatory actions.

- As a staffing company providing employees to HEA, Dynamic cannot be held liable for the acts taken by its client to end an assignment, where Dynamic only removed Plaintiff at its client's request and reported its client's wishes.

- Dynamic denies that a manager for Dynamic told Key that "the Koreans" send around memos stating they did not like for African-American employees to wear their hair in dreadlocks. Further, Dynamic submits that such statements are inadmissible.

- The same individuals who hired Key were also involved in any other employment decisions all of which occurred during a short time, thus creating a strong inference that discrimination was not the determining factor (although Dynamic denies making any decision to end Plaintiff's assignment).

- Key did not suffer any adverse employment action or damages because

of any alleged retaliation, and Dynamic did not subject her to any adverse terms or conditions of her employment.

- Plaintiff cannot establish that Key complained that Dynamic applied the hair or any other policy differently or took any actions based on race.
- Any alleged damages suffered by Plaintiff were caused by and/or were contributed to by the acts or omissions of Plaintiff or those other than Dynamic.
- Policies restricting certain hairstyles, including dreadlocks, are not unlawful. *See, e.g.*, *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018 (11th Cir. 2016).
- Plaintiff failed to state a claim for unlawful retaliation against Dynamic in violation of 42 U.S.C. § 1981.
- Plaintiff cannot establish against Dynamic a prima facie case of retaliation for any complaint of discrimination.
- Plaintiff failed to engage in protected activity by complaining of race discrimination under 42 U.S.C. § 1981 with regard to Dynamic.
- Plaintiff did not engage in any protected activity generally because she held no good faith reasonable belief that a policy against dreadlocks or any other action taken was unlawful race discrimination. Plaintiff cannot satisfy the subjective or the objective component that she had a good faith reasonable belief that Dynamic was engaged in an unlawful employment practice. Plaintiff could not in good faith have believed Dynamic was engaged in unlawful employment practices. Any belief by Key that her complaints were about unlawful race discrimination were not objectively reasonable based on the facts and the binding precedent at the time of the alleged complaints. Key's complaints that her hair and any actions relating to it were unlawful was unreasonable.
- Dynamic cannot be liable for a retaliation claim because it was not informed of protected activity made by Plaintiff prior to the actions alleged.
- No causal connection exists between any alleged protected activity and any alleged adverse action by Dynamic.
- Some or all of Plaintiff's claims are barred because Dynamic maintained, disseminated, and enforced a clear policy against discrimination and retaliation, establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory or retaliatory, and because Dynamic acted in accordance with this policy at all times.

- Plaintiff's retaliation claims fail because she cannot establish that her complaints were the "but for" cause of her purported termination or any other adverse action. *See Nassar v. Univ. of Tex. Sw. Med. Ctr.*, 570 U.S. 338 (2013).
- Any alleged engagement in protected activity was not the "but for" cause of any adverse decision against Plaintiff or any alleged injury suffered by Plaintiff.
- Dynamic denies that it impeded any right of Plaintiff to make, enforce, modify, perform or terminate a contract pursuant to 42 U.S.C. § 1981. Dynamic denies that it took any action to inhibit Plaintiff from the enjoyment of any benefit, privilege, term, or condition of any contractual relationship.
- Dynamic is entitled to offset to the extent that Plaintiff recovers any damages from any other defendant.
- Dynamic denies that any alleged complaints of discrimination played any role with respect to any employment decision, practice, or term or condition of employment complained of by Plaintiff.
- Dynamic, without admitting that any employees engaged in any of the acts or conduct attributed to it in the Amended Complaint, Dynamic neither knew nor reasonably should have known of the purported unlawful conduct and did not authorize, ratify, or consent to any unlawful conduct.
- Assuming, *arguendo*, any employee of Dynamic engaged in discrimination, retaliation, or any unlawful conduct toward Plaintiff, that conduct was contrary to Dynamic's express policies against retaliation, occurred outside the scope of any employment relationship, and cannot be attributed to Dynamic.
- Dynamic affirmatively has made a good faith effort to comply with all federal and state laws, and all of its actions with regard to Plaintiff were taken in good faith.
- Plaintiff cannot establish that Dynamic engaged in intentional retaliation.
- Dynamic made any employment decision affecting Plaintiff on the basis of legitimate, job related, and non-retaliatory reasons or factors.
- Dynamic denies that unlawful discrimination was a factor in any of the decisions at issue and denies that it unlawfully discriminated against Plaintiff.
- Even if Plaintiff could prove intentional retaliation or a jury concludes

5

that that protected activity influenced any decision made by Dynamic impacting her employment, which Dynamic denies, Dynamic would have taken the same employment actions in the absence of any unlawful factors.

- Plaintiff has not suffered any injuries or damages caused by Dynamic, but were the result of Plaintiff's own actions or actions of other entities.
- Plaintiff has failed or refused to mitigate her damages, so she is not entitled to relief.
- Plaintiff's claims are barred or limited to the extent it seeks remedies beyond those that she could be entitled to receive under the statutory provisions at issue.
- To the extent Plaintiff failed to make any reasonable attempts to mitigate her damages, Defendant is entitled to a setoff, should it prevail. In addition, any recovery must be set off and/or reduced by wages, commissions, pay and benefits, other earning or remuneration, regardless of form received, that were paid or due to Plaintiff or receivable with exercise of due diligence.
- Dynamic adopts all defenses under Alabama statutory law and common law and under federal law relating to limitation of punitive damages.
- Any award of punitive damages in this case would violate Dynamic's rights under the United States Constitution and the State of Alabama Constitution.
- Plaintiff's claims for punitive damages are barred because she cannot prove by clear and convincing evidence that Dynamic acted with actual malice relative to her.
- Dynamic is not liable for punitive damages as it has made good faith efforts to enforce any anti-discrimination laws and policies. Defendant cannot be held vicariously liable for punitive damages for any allegedly discriminatory decision of its agents where such decisions are contrary to Defendant's good faith efforts to prevent discrimination in the workplace and comply with the federal anti-discrimination laws. Defendant, in no way, acted with malice or reckless disregard for the federal laws preventing harassment and discrimination. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 546, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999).
- To the extent that Plaintiff's Complaint could be interpreted to raise a demand for punitive damages, this demand violates the Constitution and/or common law or public policies of the United States on the

6

following grounds:
- It is a violation of the Due Process and Equal Protection Clauses of the 14th Amendment to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff satisfying a burden of proof that is less than beyond a reasonable doubt standard required in criminal cases.
- The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of punitive damages against a defendant, which violates this defendant's rights to Due Process guaranteed by the United States Constitution.
- The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the 14th Amendment of the United States Constitution.
- The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the 14th Amendment of the United States Constitution and Dynamic's Due Process rights.
- Any claim for punitive damages cannot be sustained because an award of punitive damages under existing standards violates rights guaranteed by the 5th, 8th, and 14th Amendments to the United States Constitution.
- The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the 8th Amendment of the United States Constitution and in violation of Dynamic's Due Process rights.
- Plaintiff's claim for punitive damages against Dynamic cannot be sustained because any award of punitive damages would violate Dynamic's Due Process rights inasmuch as juries are not guided by adequate or specific standards concerning the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.
- The claim of punitive damages, and the provisions of law governing the right to recover punitive damages, are unconstitutionally vague, and definite and uncertain, and deprive

> > this defendant of due process of law.
> > - Plaintiff's claim of punitive damages, and the provisions of law governing any right to recover punitive damages under the allegations made in the Complaint, caused Dynamic to be treated differently from other similarly-situated persons and/or entities by subjecting Dynamic to liability beyond actual loss, if any, caused by any act or omission, if any, and to liability determined without clearly defined principles, standards, and limits on the amounts of such awards.
> > - Plaintiff is not entitled to recover punitive damages under the circumstances alleged, if based on current standards of civil litigation would violate the self-incrimination clause of the 5th Amendment to the United States Constitution to impose against Dynamic punitive damages, which are penal in nature, yet compelled Dynamic to disclose potentially incriminating evidence.
> > - An award of punitive damages in this case would cause a deprivation of property without due process of law.
> > - The procedures pursuant to which punitive damages are awarded under the statutes alleged are not rationally related to legitimate government interests.
> > - The procedures pursuant to which punitive damages are awarded subject the defendant to punishment under a law not fully established before the alleged offense.
> > - The 11th Amendment of the United States Constitution prohibits Plaintiff's recovery of damages or of any other monetary relief in this action.
> - Plaintiff is not entitled to any damages and has no evidence to support any compensatory or punitive damages.
> - Plaintiff's claims for damages may be barred by the after-acquired evidence doctrine.

5.  **STIPULATIONS BY AND BETWEEN THE PARTIES:**

    a. At times relevant to this Complaint, Hyundai Motor Manufacturing, LLC ("HMMA") owned and operated an automotive assembly plant at 700 Hyundai Boulevard in Montgomery, Alabama ("the Facility"), which produced the Hyundai Sonata, Elantra, and Santa Fe automobiles. The Facility included a

    Stamping Shop, a Welding Shop, a Paint Shop, a General Assembly Shop, three Engine Shop, and a two-mile test track.

  b. Hyundai Engineering America, Inc. ("HEA") provides a variety of services to HMMA including security, janitorial, landscaping, and construction.

  c. HEA provided security services at the plant per an arrangement with HMMA.

  d. HEA employed Cassandra Williams, who is African American, as the Manager of Security Services in the Facilities Management Department.

  e. Dynamic Security, Inc. ("Dynamic") employs approximately 1300 individuals over numerous states in various security roles for commercial clients.

  f. Dynamic provided people to HEA to work at the HMMA location in 2017.

  g. In 2017, Key submitted a job application to Dynamic requesting assignment to a position working in the mailroom at HMMA.

  h. Key is a Black female.

  i. Key last worked on the assignment at HMMA on August 1, 2017.

It is further ORDERED that:

1. The jury selection and trial of this case, which is set to last 2 days, is set for **March 27, 2023**, at 10:00 a.m. in the United States District Court in Courtroom 2A of the United States District Court in Montgomery, Alabama. Trial counsel and parties are to be present in the Courtroom no later than **8:30 a.m.** on the morning of trial.

2. Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and two extra copies of each photostatically reproducible exhibit. Any publication of exhibits to the jury will be done through use of the ELMO in the courtroom, and no exhibit is to be shown or published to the jury without it being admitted into evidence. Any exhibits which the parties wish to use in their opening statements can be shown to the jury if the parties jointly stipulate that the exhibit is admitted into evidence in advance of trial. With respect to demonstratives, they may be used in voir dire, opening statements, examination of witnesses, and in closing statements if (a) they accurately reflect the evidence, and (b) they have been shown to opposing counsel in advance of trial such that opposing counsel has sufficient time to review the demonstrative and timely raise any objections to the Court

with respect to the use thereof.

      3.     Verdict Forms and Special Interrogatories. Proposed verdict forms and special interrogatories shall be filed not later than the morning of trial.

      4.     All other deadlines not otherwise affected by this Order will remain as set forth by prior orders of this Court.

      5.     All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by an Order of the Court.

      DONE this 24th day of March, 2023.

                                              /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE