IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT DYNAMIC SECURITY, INC.'S
## MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant Dynamic Security, Inc. ("Dynamic"), pursuant to Rule 50 of the Federal Rules of Civil Procedure, requests this Court to enter a verdict directing that the Plaintiff's claim of retaliation under 42 U.S.C. § 1981 in this case be dismissed. In support of this motion, Dynamic states as follows:

1. Plaintiff has not put forth substantial evidence that Plaintiff complained of race discrimination with all of the evidence being that Plaintiff complained about her hair and not her race. *Biggers v. Koch Foods of Alabama*, LLC, 461 F. Supp. 3d 1176, 1186–88 (M.D. Ala. 2020) ("No matter how the complaint is made, it must communicate a belief that an employer is engaged in unlawful discrimination.") *See also Singleton v. City of Montgomery*, CIVIL CASE NO. 2:20-CV-898-ECM, 2022 WL 1216074 *20 (M.D. Ala. April 25, 2022) (Court found no protected activity as "Singleton has produced insufficient evidence demonstrating that he explicitly or

implicitly communicated to Ms. Douglas or Mr. Pierce that his treatment 'was in any way related to [Mr. Singleton's] race.'" (citing *Jeronimus v. Polk Cnty. Opportunity Council*, 145 Fed. App'x 319, 326 (11th Cir. 2005)(per curium) (no protected activity based **on** complaints of being "singled out," subject to "a campaign of harassment," and working in a "hostile environment," but no suggestion that complaint was related to race or sex)).

2. Plaintiff has not offered substantial evidence that she had both an objective and subjective belief that she was subjected to race discrimination. *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (quoting *Little v. United Techs., Carrier Transicold Div.*, (103 F.3d at 960) (To demonstrate that he held a reasonable, good faith belief that discrimination occurred, the plaintiff must show not only that he subjectively believed that his employer's behavior was discriminatory, "but also that his belief was objectively reasonable in light of the facts and record presented."); *E.E.O.C. v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 (11th Cir. 2016).

3. Plaintiff has not put forth substantial evidence that complaints of race discrimination were the but-for reason for any adverse action. A "§ 1981 plaintiff 'bears the burden of showing that race was a but-for cause of its injury' and that the burden remains constant throughout the life of the suit." *Biggers v. Koch Foods of Alabama, LLC*, 461 F. Supp. 3d 1176, 1183 (M.D. Ala. 2020) (quoting *Comcast*

*Corp. v. National Association of African American Owned Media*, ⸺ U.S. ⸺, ⸺⸺, 140 S. Ct. 1009, 1014, 206 L.Ed.2d 356 (2020))

    4.    Plaintiff has not put forth substantial evidence on causation, particularly that the decision maker was aware Plaintiff complained of race discrimination nor aware of the reason Plaintiff subjectively believed she was subject to race discrimination. *Duncan v. Alabama*, 734 F. App'x 637, 641 (11th Cir. 2018) (unpublished) ("Although the record indicates the decisionmaker had actual knowledge that [the plaintiff] filed some type of complaint with the [defendant], there is no evidence in the record that [the decision-maker] was actually aware the internal complaint raised any allegations of race discrimination, such that it constituted a protected expression.") (citing *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999)); *Clover v. Total Sys. Servs., Inc.*, 176 F.3d at 1355–56 ("In sum, because [the plaintiff] failed to present sufficient evidence either that: (1) Miller was aware of her protected conduct or (2) anyone other than Miller was a decision-maker, we conclude she did not present sufficient evidence to permit a jury to reasonably find the requisite causal connection between her protected activity and her termination"; and, "[b]ecause [the plaintiff] was required to establish that causal connection in order to prevail on her retaliation claim, the district court erred in denying [the defendant's] motion for judgment as a matter of law."); *Joyce v. Sewon C&A Inc.*, No. 2:21-CV-355-WKW, 2022 WL 6766144, at *6 (M.D. Ala.

Oct. 11, 2022) (rule "comes with a threshold requirement: The plaintiff must first establish that "the decisionmaker was aware of [the] protected conduct at the time of the adverse employment action.") (quoting *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)); *Fields v. S. Union State Cmty. Coll.*, No. 3:18-CV-1053-JTA, 2022 WL 403283, at *11 (M.D. Ala. Feb. 9, 2022) (where the plaintiff presented no evidence showing that the decision-maker "knew or was informed of" the plaintiff's complaints of race discrimination to other employees, the plaintiff failed to establish the causal link element of a prima facie case, requiring dismissal of her retaliation claim).

5. Plaintiff has not put forth substantial evidence that Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights and thus any claim for punitive damages should be dismissed.

6. Count V of Plaintiff's Amended Complaint does not assert against Dynamic any retaliation claim pursuant to 42 U.S.C. § 1981.

**WHEREFORE**, Dynamic requests the Court to enter judgment against Plaintiff as a matter of law dismissing with prejudice all of the Plaintiff's claims in this action.

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

5

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on 28th day of March, 2023, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*


                                               */s/Wesley C. Redmond*
                                               Wesley C. Redmond

WSACTIVELLP:13894225.1