IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| ) | |
| DYNAMIC SECURITY, INC. ) | |
| ) | |
| Defendant. ) | |

**CLOSING INSTRUCTIONS TO THE JURY**

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the arguments of counsel, it is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions. In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy or prejudice against anyone. You must follow the law as I explain it—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law. Both the public and the parties expect that you will carefully and impartially consider all of the evidence without prejudice or bias or sympathy, follow the law as stated by me the court, and render a just

verdict regardless of the consequences. Our system of law does not permit jurors to be governed by bias, prejudice, or sympathy, or by public opinion.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you. You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide what and whether you believe what each witness had to say, and how important that testimony was. You must decide what facts have been proved in this case.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of

3

your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

You heard testimony of a witness by deposition during trial. To reiterate, a deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition of Gloria Robinson, taken on March 20, 2023, has been presented to you by video. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Some of you took notes during the trial. These notes should be used only as aids to your memory; and if your memory should later differ from your notes, you should rely upon your memory and not your notes. In relying upon your own independent recollection or memory of what the testimony was, you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

Now, this is a civil case, not a criminal case. Some of you may know that in a criminal case the burden of proof is "beyond a reasonable doubt." This is not the burden of proof in this case because it is a civil case. In this case, it is the responsibility of Ms. Key, as the plaintiff, to prove every essential part of its claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence," as I told you earlier in this trial, simply means an amount of evidence that is enough to persuade you that a claim or contention is more

4

likely than not true. In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If Ms. Key fails to establish any element of her claim by a preponderance of the evidence, then you should find against Ms. Key and for the Defendant, Dynamic, as to that claim.

In this case, Ms. Key claims that Dynamic retaliated against her because she took steps to enforce her lawful rights under 42 U.S.C. § 1981. Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Ms. Key merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

5

Ms. Key claims that Dynamic terminated her employment by not placing her in another reemployment assignment after her assignment ended at the Hyundai plant because Ms. Key complained of race discrimination.

Dynamic denies Ms. Key's claim and asserts that it offered her further employment positions, that she declined these positions, and that she did not engage in a protected activity because she did not complain about race discrimination.

To succeed on her claim, Ms. Key must prove each of the following facts by a preponderance of the evidence:

(1) Ms. Key engaged in a protected activity;

(2) Dynamic then took an adverse employment action;

(3) Dynamic took the adverse employment action because of Ms. Key's protected activity; and

(4) Ms. Key suffered damages because of the adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, protected activity, Ms. Key claims that she engaged in protected activity when she complained to Dynamic that she felt discriminated against based on her race. That action is "protected activity" if it was based on Ms. Key's good-faith, reasonable belief that she was discriminated against because of her race. Ms. Key had a "good faith" belief if she honestly believed that she was discriminated against because of her race. Ms. Key had a "reasonable" belief if a reasonable person would, under the circumstances, believe that she was discriminated against because of her race. Ms. Key

6

does not have to prove that she was actually discriminated against because of her race. But she must prove that she had a good-faith, reasonable belief that discrimination occurred.

For the second element, adverse employment action, Ms. Key claims that Dynamic engaged in an adverse employment action when Dynamic did not offer her any new employment assignments. You must decide whether failing to place her at a new assignment is an adverse employment action.

An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Dynamic would not offer her new employment assignments, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

For the third element, if you find that Ms. Key engaged in protected activity and that Dynamic took an adverse employment action against her, you must decide whether Dynamic took that action because of Ms. Key's protected activity. Put another way, you must decide whether Ms. Key's protected activity was the main reason for Dynamic's decision.

To determine that Dynamic took an adverse employment action because of Ms. Key's protected activity, you must decide that Dynamic would not have taken the action had Ms. Key not engaged in the protected activity but everything else had been the same.

Dynamic claims that it did not refuse to place Ms. Key at another employment assignment because of her complaint to Cureton, and that it, in fact, did offer her new assignments.

As I have explained, Ms. Key has the burden to prove that Dynamic never offered her further employment assignments, and that its decision to do this was because of Ms. Key's protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether Dynamic failed to offer Ms. Key further employment assignment, and that this was because of Ms. Key's protected activity, you may consider the circumstances of Dynamic's decision. For example, you may consider whether you believe the reason that Dynamic gave for the decision. If you do not believe the reason that it gave for the decision, you may consider whether the reasons was so unbelievable that it was a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, damages, you must decide whether Dynamic's acts were the proximate cause of damages that Ms. Key sustained. Put another way, you must decide, if Dynamic had not failed to offer her further employment assignments to Ms. Key, would these damages have occurred?

If you find that Dynamic's acts were the proximate cause of damages that Ms. Key sustained, you must determine the amount of damages. If you find in Ms. Key's favor for each fact she must prove, you must consider Ms. Key's compensatory damages.

When considering the issue of Ms. Key compensatory damages, you should determine what amount, if any, has been proven by Ms. Key by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Key's damages as a result

of Dynamic not placing her in another employment assignment, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Dynamic. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Key has proved them by a preponderance of the evidence, and no others:

(1) Net lost wages and benefits from August 1, 2017, to the date of your verdict; and

(2) Emotional pain and mental anguish.

To determine the amount of Ms. Key's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Ms. Key should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury—tangible and intangible. Ms. Key does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Key to be reasonably diligent in seeking substantially equivalent employment to the position she held with

9

Dynamic. To prove that Ms. Key failed to mitigate damages, Dynamic must prove by a preponderance of the evidence that:

(1) Work comparable to the position Ms. Key held with Dynamic was available, and

(2) Ms. Key did not make reasonably diligent efforts to obtain it.

If, however, Dynamic shows that Ms. Key did not make reasonable efforts to obtain any work, then Dynamic does not have to prove that comparable work was available.

If you find that Dynamic proved by a preponderance of the evidence that Ms. Key failed to mitigate damages, then you should reduce the amount of Ms. Key's damages by the amount that could have been reasonably realized if Ms. Key had taken advantage of an opportunity for substantially equivalent employment.

Ms. Key also asks you to award punitive damages. The purpose of punitive damages is not to compensate Ms. Key but, instead, to punish Dynamic for wrongful conduct and to deter similar wrongful conduct. You will only reach the issue of punitive damages if you find for Ms. Key and award her compensatory damages.

To be entitled to an award of punitive damages, Ms. Key must prove by a preponderance of the evidence that Dynamic acted with either malice or with reckless indifference toward Ms. Key's federally protected rights. Specifically, Ms. Key must show that an employee of Dynamic, acting in a managerial capacity, either acted with malice or with reckless indifference to Ms. Key's federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the

type of authority Dynamic gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Dynamic acted with malice, Ms. Key must show that an employee acting in a managerial capacity knew that federal law prohibits retaliation and retaliated against Ms. Key anyway. To show that Dynamic acted with reckless indifference to Ms. Key's federally protected rights, Ms. Key must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Ms. Key to an award of punitive damages; Ms. Key need not prove both.

An employer may not be held liable for punitive damages because of retaliatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful retaliation in the workplace. However, the mere existence of policies prohibiting retaliation does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Dynamic acted with malice or with reckless indifference to Ms. Key's federally protected rights. In determining whether to award punitive damages, you may consider factors such as:

(1) Whether Dynamic engaged in a pattern of retaliation toward its employees;

(2) Whether Dynamic acted spitefully or malevolently;

(3) Whether Dynamic showed a blatant disregard for civil legal obligations;

(4) Whether Dynamic failed to investigate reports of retaliation;

11

 (5) Whether Dynamic failed to take corrective action concerning retaliatory acts or comments by its employees; and

 (6) Whether the person accused of retaliation was included in the employer's decision-making process concerning whether to place Ms. Key's at an assignment.

If you find that punitive damages should be assessed against Dynamic, you may consider the evidence regarding Dynamic's financial resources in fixing the amount of such damages.

You have heard testimony or seen evidence that Ms. Key complained of pregnancy discrimination as it relates to the decision to remove her from her assignment at Hyundai. The issues of whether Ms. Key experienced pregnancy discrimination and/or why the decision to remove her from her assignment at Hyundai are not before you for you to decide. You should not form any opinion on this issue or consider it in your decision. You have heard this evidence so that you could hear Ms. Key's complaint made to Dynamic Security in context and in its complete form. The only issue that you are to determine is whether Dynamic Security retaliated against Ms. Key for complaining of race discrimination by refusing to place her in another employment assignment after August 1, 2017.

You have heard testimony or seen evidence about decision made or actions taken by Hyundai Motor Manufacturing Alabama, LLC and Hyundai Engineering America, Inc. You are not here to make any decisions about Hyundai's decisions or actions. The issues of whether Hyundai discriminated against or retaliated against Ms. Key are not before you, and you should not form any opinion on those issues or consider them in your decision.

You have heard this evidence so that you could hear the facts of what happened to Ms. Key in context and in their complete form. The only issue that you are to determine is whether Dynamic Security retaliated against Ms. Key for complaining of race discrimination by refusing to place her in another employment assignments after August 1, 2017.

I will give you a written verdict form, and you will use that form to report your decision in the case. At the end of these instructions, I will tell you how to use the form. Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because the others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as a foreperson. The foreperson will direct your deliberations and speak for you in court. Verdict forms have been prepared for your convenience.

[Explain Verdict Form]

You will take this form to the jury room and when you have reached a unanimous agreement as to your verdict, have your foreperson fill in, date, and sign the form that sets

forth the verdict upon which you unanimously agreed; then you will return with your verdict to the courtroom, escorted by the court security officer.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you if you desire to communicate with me, **do not** indicate the numerical division of the jury, or how any jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Nothing that I have said in these instructions and nothing that I have said or done during the trial in making rulings on evidence or otherwise, has been said or done to suggest to you what I think your verdict should be. What the verdict should be is your exclusive duty and responsibility.

You may now begin your deliberations.