IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-767-ECM |
| | ) |
| DYNAMIC SECURITY, INC. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR EQUITABLE RELIEF OF REINSTATEMENT AND INTEREST**

COMES NOW the Plaintiff and moves this Court to enter an order awarding equitable relief in the forms of (1) reinstating the Plaintiff to her employment with the Defendant and directing the Defendant to place in her a full-time, first-shift position, paying at least $13/hour, within a 45 mile area of Montgomery, Alabama, and (2) awarding interest on the Plaintiff's backpay claim.

This motion should be granted for the following reasons:

*Key is entitled to interest on her backpay award.*

1.  Plaintiff prevailed at trial on her retaliation claim against the Defendant and is the prevailing party. In its award, the jury calculated Key's net lost wages and

Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

benefits to be $85,200. (Doc. 185). Key is entitled to interest on her backpay award in order to fully compensate her for the loss of her money and restore the situation, as nearly as possible, to that which it would have been but for the statutory violation, to effectuate the remedial purpose of § 1981. *See Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1379 (5th Cir.1974) (interest on backpay recovered for violation of 42 USC § 1981).

2. An award of prejudgment interest is within the discretion of the court. In order to make the Plaintiff whole and adjust the backpay award for inflation and reflect the present-day value of income that should have been paid to her, this Court should exercise its discretion to award prejudgment interest. *See Garner v. G. D. Searle Pharm. & Co.*, No. 2:90cv688-MHT (WO), 2013 U.S. Dist. LEXIS 19892, at *15-18 (M.D. Ala. Feb. 14, 2013) (awarding prejudgment interest on backpay); *Stone v. Geico Ins. Co.*, No. 8:05cv636-T-30TBM, 2009 U.S. Dist. LEXIS 109236, 2009 WL 3720954, *2 (M.D. Fla. 2009) (same). Prejudgment interest is simply a part of providing full compensation to the plaintiffs. *Garner¸*2013 U.S. Dist. LEXIS 19892, at * 16; *see also Saulpaugh v. Monroe Cmty Hosp.* 4 F.3d 134, 145 (2d Cir. 1993) (the purpose of prejudgment interest is to prevent employer from attempting to enjoy interest-free loan for as long as it can

Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

delay paying out back wages); *Robinson v. Instructional Sys., Inc.*, 80 F. Supp. 2d 203, 207 (S.D.N.Y. 2000) (employee was entitled to prejudgment interest on back pay award in Title VII retaliation action against employer; interest would help insure that employee was made whole, that employer would not profit from any delay in paying wages, and that remedial purposes of Title VII would be served); *Davis v. Rutgers Casualty Ins. Co.*, 964 F. Supp. 560, 575 (D.N.J. 1997) ("Prejudgment interest in a Title VII case is an equitable remedy meant to compensate for the plaintiff's loss of the value of money over time, and to avoid a windfall to defendant in paying lost wages in current dollars while having enjoyed the use of the capital [*17] over the years."); *Ford v. Rigidply Rafters, Inc.*, 984 F. Supp. 386, 391 (D. Md. 1997) ("An award of [prejudgment] interest [on backpay] ensures that inflation does not consume the value of a back pay award, and ensures that a discriminating employer does not reap an unfair benefit from 'the inherent delays of litigation.'"); *Iannone v. Frederic R. Harris, Inc.*, 941 F. Supp. 403, 413 (S.D.N.Y. 1996) (determining "it is generally an abuse of discretion not to award interest, since that would reward the employer who has violated Title VII by effectively providing it with an interest-free loan")).

Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

3.	Thus, this Court should compute prejudgment interest consistent with the policy and practice of the National Labor Relations Board (NLRB) at the applicable IRS prime rate. *See, e.g., Weaver v. Gallardo, Inc.*, 922 F.2d 1515, 1528 (11th Cir. 1991); *McKelvy v. Metal Container Corp.*, 854 F.2d 448, 453 (11th Cir. 1988) (citing 28 U.S.C. § 1961); *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987) (determining that, consistent with the policy and practice of the National Labor Relations Board, IRS prime rates are to be used in calculating the amount of prejudgment interest on back pay awards in Title VII cases); *Baldwin v. City of Prichard*, No. CA 07-0789-C, 2009 U.S. Dist. LEXIS 37843, 2009 WL 1211385, * 6 (S.D. Ala. May 4, 2009).

4.	Plaintiff's interest calculation is attached as Exhibit A.

*Key is entitled to reinstatement.*

5.	The Eleventh Circuit has "fashioned a rule of 'presumptive reinstatement' in wrongful discharge cases for victorious plaintiffs." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1338-39 (11th Cir. 1999); *see also Williams v. Roberts,* 904 F.2d 634, 639 (11th Cir.1990) (explaining that this rule "follows the notion that money damages will seldom suffice to make whole persons who are unlawfully

Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

discriminated against in the employment environment") (citing *Darnell v. City of Jasper,* 730 F.2d 653, 655 (11th Cir.1984)); *Williams v. City of Valdosta,* 689 F.2d 964, 977 (11th Cir.1982) (holding that "in this circuit, the law is clear that a plaintiff so discriminated against in the employment context is normally entitled to reinstatement and back pay, absent special circumstances warranting the denial of equitable relief").

6.   Because of the opportunities that could be afforded her through placement by the Defendant, she seeks reinstatement to a position that is comparable to the one from which she was discharged. She seeks reinstatement to a full-time, first-shift position, paying at least $13/hour, within a 45 mile area of Montgomery, Alabama.

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks an order awarding her equitable relief in the forms of (1) reinstating the Plaintiff to her employment with the Defendant and directing the Defendant to place in her a full-time, first-shift position, paying at least $13/hour, within a 45 mile area of Montgomery, Alabama, and (2) awarding interest on the Plaintiff's backpay claim.

Respectfully submitted,

Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

|  |  |
|---|---|
|  | Attorneys for Plaintiff |
|  | */s/ Heather Leonard* |
|  | Heather Newsom Leonard |
|  | ASB-1152-061H |
| OF COUNSEL: | |
| Heather Leonard, P.C. | |
| 2105 Devereaux Cir., Suite 111 | |
| Birmingham, AL 35243 | |
| Phone: (205) 977-5421 | |
| heather@heatherleonardpc.com | |
|  | */s/ Leslie A. Palmer.* |
|  | ASB-0436-L40P |
| OF COUNSEL: | |
| Palmer Law, LLC | |
| 104 23rd Street South, Suite 100 | |
| Birmingham, AL 35233 | |
| (205) 285-3050 | |
| leslie@palmerlegalservices.com | |

Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 6 -

## Certificate of Service

    I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 25th day of April 2023.

    Wesley C. Redmond
    Susan W. Bullock
    FordHarrison LLC
    420 20th Street North, Suite 2560
    Birmingham, AL 35203
    wredmond@fordharrison.com
    sbullock@fordharrison.com
    Phone: (205) 244-5905
    Counsel for Dynamic Security, Inc.

    /s/ Leslie A. Palmer
    OF COUNSEL

Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 7 -