# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DAVITA M. KEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-CV-767-ECM ) |
| DYNAMIC SECURITY, INC. | ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S REPLY TO DEFENDANT DYNAMIC SECURITY, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR EQUITABLE RELIEF OF REINSTATEMENT AND INTEREST

COMES NOW the Plaintiff and files this REPLY to Defendant Dynamic Security, Inc.'s Response to Plaintiff's Motion for Equitable Relief of Reinstatement and Interest (Doc. 207). Plaintiff's motion is due to be GRANTED awarding Plaintiff (1) reinstatement of her employment with the Defendant to a full-time, first-shift position, paying at least $13/hour, within a 45-mile area of Montgomery, Alabama, and (2) interest on the Plaintiff's backpay claim.

In reply to Defendant's arguments, Plaintiff states as follows:

Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 1 -

### *The jury based <u>Key's backpay award on the testimonial evidence of her quarterly earnings and losses.</u>*

1.  Defendant opposes Plaintiff's motion seeking equitable relief and interest by first arguing that there is not a basis for computing quarterly earnings.

    a.  Defendant's argument ignores that in the Eleventh Circuit, the appropriate calculation methodology for backpay awards in retaliation cases calls for a computation on a quarter-by-quarter basis. *See Johnson v. TMI Mgmt. Sys.*, No. 11-0221-WS-M, 2012 U.S. Dist. LEXIS 111395, at *6-8 (S.D. Ala. Aug. 7, 2012). "Loss of pay shall be determined by deducting from a sum equal to that which [the employee] would normally have earned for each such quarter or portion thereof, [her] net earnings, if any, in other employment during that period. Earnings in one particular quarter shall have no effect upon the back-pay liability for any other quarter." *Kendrick v. Jefferson County Bd. of Educ.*, 13 F.3d 1510, 1512 (11th Cir. 1994) (citation omitted). Each quarter's back pay figure may then be adjusted in the court's discretion to allow for prejudgment interest at the rate specified by the National Labor Relations Board ("NLRB"). *See E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987) (following NLRB guidance and determining that IRS prime rate should be used to calculate

Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 2 -

prejudgment interest on back pay awards in Title VII cases); *Richardson v. Tricom Pictures & Productions, Inc.*, 334 F. Supp.2d 1303, 1318 (S.D. Fla. 2004) ("The NLRA method is to use the adjusted federal rate established by the IRS .... An award of interest should therefore be calculated [in a Title VII case] based on the IRS prime rates that prevailed during the relevant period.").

   b. Key testified at trial that her hourly rate with Dynamic Security was $13 per hour with a 40 hour per week assignment. She further testified that she was seeking backpay for a 5-year period from August 2017 to August 2022. Key testified that she had earned about $50,000 in the interim. Through an extraordinarily lengthy cross-examination, Key testified to approximate amounts and dates providing testimonial evidence of each quarter's losses.

2. Defendant's assertion that the jury's reduction from Plaintiff's counsel's requested amount makes the amount too tenuous is misplaced. While we do not know exactly what the jury based its award on, the evidence supports that the award of $85,200 in back wages is likely a calculation of Plaintiff's hourly rate for 40 hour per week for 260 weeks (5 years) less the $50,000 interim earnings.

- 13 x 40 x 260 = 135,200
- 135,200 – 50,000 = 85,200

Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 3 -

These amounts were shown to the jury during Plaintiff's testimony via the court's ELMO document camera and are not to be discredited simply because the jury did not award the exact amount requested in closing arguments (which they were instructed was not evidence).

3. Plaintiff's Exhibit "A" Back Wages Chart (Doc 193-1) is based on testimonial evidence of Plaintiff's expected wages while employed with Defendant calculated quarterly ($13 x 40 hours x 13 weeks per quarter) at $6,760. Plaintiff's interim earnings for the period from Partial Third Quarter 2017 through Partial Third Quarter 2022 are approximations based on Plaintiff's testimony of her interim earnings totaling approximately $50,000.

4. Calculating backpay on a quarterly basis is appropriate because earnings in one quarter do not offset losses in another. *See Darnell v. Jasper*, 730 F.2d 653, 656-57 (11th Cir. 1984).

### ***The Eleventh Circuit adopted the IRS prime rate as the multiplier for interest.***

5. The United States Court of Appeals for the Eleventh Circuit consistently recognizes that district courts are within their discretion to utilize the IRS prime rate for pre-judgment interest calculations. *See, e.g., Weaver v. Gallardo, Inc.*, 922

Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 4 -

F.2d 1515, 1528 (11th Cir. 1991); *McKelvy v. Metal Container Corp.*, 854 F.2d 448, 453 (11th Cir. 1988) (citing 28 U.S.C. § 1961); *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987) (determining that, consistent with the policy and practice of the National Labor Relations Board, IRS prime rates are to be used in calculating the amount of prejudgment interest on backpay awards in Title VII cases); *Armstrong v. Charlotte Cty. Bd. of Cty. Comm'rs*, 273 F. Supp. 2d 1312, 1320-21 (M.D. Fla. 2003) (citing *Smith v. American International Life Assurance Co., of New York*, 50 F.3d 956, 958 (11th Cir. 1994)) (adopting the IRS prime underpayment rate and rejecting the Defendant's proposed Treasury rate in 28 U.S.C. § 1961(a) as only applicable to *post-judgment* interest); Baldwin *v. City of Prichard*, No. CA 07-0789-C, 2009 U.S. Dist. LEXIS 37843, 2009 WL 1211385, * 6 (S.D. Ala. May 4, 2009). Because prejudgment interest is an equitable award meant to make the plaintiff whole and account for her loss of use of the wages at the time of the discrimination, the prime rate set by the IRS, which is utilized in all lending and interest yield platforms, is the most equitable and accurate rate. To lower the rate would deny Ms. Key full use and enjoyment of her lost wages and provide a windfall for the Defendant in the form of a nearly interest free loan. The Defendant offered no compelling argument or authority to deviate

Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 5 -

from the Eleventh Circuit's precedent of applying the IRS prime interest rate to backpay awards.

### *Key is entitled to reinstatement.*

6.      Ms. Key is presumptively entitled to reinstatement where she has been wrongfully discharged. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1338-39 (11th Cir. 1999); *see also Williams v. Roberts,* 904 F.2d 634, 639 (11th Cir.1990) (explaining that this rule "follows the notion that money damages will seldom suffice to make whole persons who are unlawfully discriminated against in the employment environment") (citing *Darnell v. City of Jasper,* 730 F.2d 653, 655 (11th Cir.1984)); *Williams v. City of Valdosta,* 689 F.2d 964, 977 (11th Cir.1982) (holding that "in this circuit, the law is clear that a plaintiff so discriminated against in the employment context is normally entitled to reinstatement and back pay, absent special circumstances warranting the denial of equitable relief"). Defendant's argument that Plaintiff should not be reinstated because she ultimately ended up in a higher paying job is misplaced. Plaintiff testified, without Defendant requesting detail, that she would quit a higher paying job for a lower paying job if the circumstances were right. She is making the request to have the relief authorized to her under § 1981 to be reinstated.

Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 6 -

7. Ms. Key testified that her position with Dynamic would place her in opportunities for growth and advancement. The position she was placed in with Hyundai was a longstanding, full-time contract, not the "come and go" jobs that Dynamic asserts may leave Ms. Key without employment when an assignment ends. She seeks reinstatement to a similar, full-time, first-shift position, paying at least $13/hour, within a 45-mile area of Montgomery, Alabama. Plaintiff asserts the Court heard *ore tenus* enough testimony and evidence by which it can order reinstatement of the Plaintiff without further hearing.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff seeks an order awarding her equitable relief in the forms of (1) reinstatement to a full-time, first-shift position, paying at least $13/hour, within a 45-mile area of Montgomery, Alabama, similarly stable to her placement at Hyundai and (2) interest at the applicable IRS Prime Rate on the Plaintiff's backpay claim.

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 7 -

Phone: (205) 977-5421
heather@heatherleonardpc.com

                                                   */s/ Leslie A. Palmer.*
                                                   ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

## Certificate of Service

     I hereby certify that I have filed the foregoing on the Court's CM/ECF electronic filing system which will provide notice to all counsel of record on this 10th day of July 2023.

    Wesley C. Redmond
    Susan W. Bullock
    FordHarrison LLC
    420 20th Street North, Suite 2560
    Birmingham, AL 35203
    wredmond@fordharrison.com
    sbullock@fordharrison.com
    Phone: (205) 244-5905
    Counsel for Dynamic Security, Inc.

                                                   /s/ Leslie A. Palmer
                                                   OF COUNSEL

Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Equitable Relief
*Key v. Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
Civil Action 2:19-CV-767-ECM

- 8 -