## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:19-cv-767-ECM-SMD |
| | ) | |
| DYNAMIC SECURITY, INC., | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR
## AN AWARD OF ATTORNEY'S FEES AND EXPENSES

As a prevailing party in this action under 42 U.S.C. § 1981, Plaintiff Davita M. Key moves this Court for an award of her attorney's fees and costs. For the reasons stated below, the Plaintiff's fee petition should be granted.

### I.    Introduction

Plaintiff Davita M. Key prevailed on her claim brought under 42 U.S.C. § 1981 for retaliation against Defendant  Dynamic Security, Inc.  as set forth in the Court's Final Judgment. (Doc. 186). "[T]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This amount is known as the lodestar amount. Once a court has determined the lodestar, the court may then adjust the lodestar to reflect the results obtained. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

## II.     Plaintiff is entitled to reasonable attorneys' fees and costs.

The success and effectiveness of our nation's anti-discrimination laws hinge on the creation of an economic market in which attorneys can afford to represent victims of discrimination and retaliation and take their cases to Court with the expectation of full compensation for their efforts if they prevail. See *Hidle v. Geneva County Board of Educ.*, 681 F.Supp. 752, 758-59 (M.D. Ala. 1988). The provisions of Section 1981 allows the Court, within its discretion, to award the prevailing party a reasonable attorney's fee and court costs. *See Williams v. Packaging Corp. of Am.*, Civil Action No. 7:06-CV-111(HL), 2009 U.S. Dist. LEXIS 23619, at *10 (M.D. Ga. Mar. 20, 2009) (In 42 U.S.C. § 1988(b), Congress provided that courts have discretion to award reasonable attorney's fees to prevailing parties in suits brought to enforce, among other things, § 1981.") The purpose of the attorney fee provision in the statute is to "effectuate thecongressional policy against [ ] discrimination." *Johnson v. Georgia HighwayExpress, Inc.*, 488 F.2d 714, 716 (5th Cir. 1974),

_____

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**2**

citing *Clark v. American Marine Corp*, 320F.Supp. 709 (E.D.La. 1970), aff'd, 437 F.2d 959 (5th Cir. 1971).

"The first step in the computation of the lodestar is determining the reasonable hourly rate." *Loranger*, 10 F.3d at 781. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988).

In seeking the award of attorneys' fees, the burden lies with the fee applicant to establish entitlement to and documenting the appropriate hours and hourly rates. See *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). This burden includes the following: (1) supplying the court with specific evidence from which the court can determine the reasonable hourly rate, (2) maintenance of records showing the time spent on the claims, setting forth the general subject matter of the time expenditures such that the court can assess the time spent on the activity, and (3) a summary, grouping the time entries by the nature of the activity or stage of the case. See *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427(11th Cir. 1999). When considering the petitioner's evidence offered in support of her request for fees, "[i]t is perfectly proper to award attorneys' fees

_____
**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**3**

based solely on affidavits in the record." *Norman*, 836 F.2d at 1303, citing *Mesa Petroleum Company v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980); *Accord*, *Mendoza v. City of Miami*, 483 F.2d 430, 431 (5th Cir. 1973).

Similarly, the party opposing fee application has a burden to meet, as well. Any objections from a fee opponent must be "specific and 'reasonably precise.'" *Barnes*, 168 F.3d at 428, quoting *Norman*, 836 F.2d at 1301). The general rule in this Circuit with regard to expenses is stated in *Dowdell v. City of Apopka*:

> with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs.

698 F.2d 1181, 1192 (11th Cir. 1983).

Ms. Key requests the following hourly rates:

| | |
|---|---|
| Leslie Palmer (attorney) | $400 |
| Heather Leonard (attorney) | $500 |
| Christine Poynter (paralegal) | $125 |
| Jim Leonard (office manager) | $50 |

## III.   Argument

The United States Court of Appeals for the Eleventh Circuit set out in *Dillard v. City of Greensboro* that establishing a prevailing plaintiff's entitlement

_____

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**4**

to attorney's fees requires: (1) determining whether the plaintiff has prevailed, (2) calculation of the "lodestar," or the number of hour spent in the legal work on the case multiplied by a reasonable rate, and (3) the adjustment of the "lodestar" to account for considerations not made in the mathematical computation, including "the relation of the results obtained for the work done." 213 F. 3d 1347, 1353 (11th Cir. 2000). In "rare and exceptional circumstances," the court may award an enhancement to the lodestar amount in "circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A*., 559 U.S. 542, 554 (2010) (internal quotes omitted); *Dillard*, 213 F.3d at 1353.

### A. Plaintiff prevailed at trial.

The Supreme Court clarified that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *City of Greensboro*, 213 F.3d at 1353-54 (quoting *Farrar v.Hobby*, 506 U.S. 103, 111-112 (1992)). A plaintiff is not required to obtain the full relief sought in order to have "prevailed," as "getting something suffices to authorizean award of attorney fees." *Id.* at 1354 (citing *Farrar*, 506 U.S. at 111). Plaintiff Key achieved a favorable judgment, so she is a "prevailing party" entitled to statutory attorney's fees.

_____
**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**5**

**B. Plaintiff's requested attorneys' fee is reasonable.**

As discussed above, the Court's determination of a plaintiff's entitlement to attorney's fees is a three-step process, with the second step being the calculation of the "lodestar" fee to which a prevailing party is entitled. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). *See also Barnes*, 168 F.3d at 427. The lodestar figure is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Hensley*, 461 U.S. at 434); see also *Gay Lesbian Bisexual Alliance v. Sessions*, 930 F.Supp. 1492, 1494 (M.D. Ala. 1996). The lodestar calculation is meant to be "objective," and to produce "an award that *roughly* approximates the fee that the prevailing attorney would have received if she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551 (emphasis in original).

The Supreme Court has noted that the 12-factor test set out in *Johnson*, 488 F.2d at 717-19, has been superseded by the "lodestar approach" first pioneered in *Lindy Bros. Builders, Inc. Of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973). *Perdue*, 559 U.S. at 551. "Most, if not all, of the relevant factors constituting a `reasonable' attorney's fee," such as the novelty and complexity of a case and the quality of an attorney's performance are subsumed in the

_____
**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**6**

lodestar calculation." *Aventis CropScience, NV v. Pioneer Hi-Bred International, Inc.*, 2010 WL 2306677, fn7 (M.D.N.C. 2010) (quoting *Perdue*, 130 S. Ct. at 1662.)) After *Perdue*, the *Johnson* factors remain relevant to help the trial court determine the reasonable number of hours and reasonable rate for the purposes of the lodestar calculation. *Aventis*, fn7 (quoting *Daly v. Hill*, 790 F.2d 1071, 1078 (4th Cir. 1986)) ("The proper point at which the *Johnson* factors are to be considered is in determining the reasonable rate and the reasonable hours. A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall.") *See also Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989); *Hensley*, 461 U.S. at 434 n. 9.

The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19. The fee applicant bears the burden of establishing entitlement and documenting the

_____

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**7**

appropriate hours and hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11 Cir. 1999).

### a. Reasonableness of the Hours Claimed

In assessing the reasonableness of the hours claimed by the plaintiffs' attorneys, the Court considers three *Johnson* factors - the time and labor required, the novelty and difficulty of the case, and the amount involved, and the results obtained. *Doucet v. Chilton County,* 65 F. Supp. 2d 1249, 1260 (M.D.Ala. 1999). A reasonable fee"is "a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue*, 130 S.Ct. 1662 at 1672 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565(1986)).

Ms. Key seeks the following time for the work performed on her case as it relates to Dynamic Security:

| Leslie Palmer (attorney) | 382.6 hours |
| Heather Leonard (attorney) | 318.5 hours |
| Christine Poynter (paralegal) | 102.9 hours |
| Jim Leonard (office manager) | 0.6 hours |

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**8**

Ms. Key has supported this request by supplying the Court with detailed documentation of the hours for which she is seeking reimbursement, as well as a detailed breakdown of the number of hours spent on each aspect of the case, showing that those hours were reasonably spent. (See Ex 2, Palmer Declaration; Ex 3, Leonard Declaration).

As noted by this and other Courts, fee applicants must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. That means fee applicants must exclude from their fee applications "excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Barnes* at 427 (internal citations omitted). However, it is well-settled that compensation for time expended in the pursuit of attorneys' fees is proper. *Doucet* at 1260 (citing *Johnson,* 606 F.2d at 638).

As explained in detail in this Memorandum and Declarations of Palmer and Leonard, Plaintiff's counsel has exercised billing judgment in making its request by excluding any task which could arguably be duplicative and/or unnecessary.

This case was both novel and difficult in that with the exception of the Defendant's corporate representative, all witnesses with first-hand knowledge were

_____
**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**9**

either former employees of the Defendant or employed by another entity. The Defendant argued the Plaintiff's complaint which formed the basis of her purported protected activity was not a complaint of race discrimination, so arguing that point of the case required knowledge of this Circuit's legal analysis of when a grooming policy can serve as a proxy for race discrimination. The Defendant aggressively defended the case filing not only a motion to dismiss and motion for summary judgment, but also a motion to strike the Plaintiff's jury demand.

With respect to the result obtained, Plaintiff obtained a substantial verdict. There is a "strong presumption" that the lodestar figure is reasonable, but the presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 553-554. "An enhancement may be appropriate where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation." *Id.* at 554. As stated above, the Plaintiff was vindicated on her 42 U.S.C. § 1981 claim, and the jury awarded her backpay, emotional damages, and punitive damages. (Doc. 185). Plaintiff is not seeking an

_____

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**10**

enhancement of the attorney fee but is simply requesting payment of all her attorney's fees and expenses for the time properly expended on her claims.

As the Supreme Court reasoned in *Hensley v. Eckerhart, et al.*, 103 S.Ct. 1933,1940 (1983):

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on thelitigation, and indeed in some cases of exceptional successan enhanced award may be justified. In these circumstances the fee award should not be reduced simplybecause the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

The Court in *Hensley* also made clear that using a mathematical approach to comparethe total number of issues in the case with the number of those prevailed on is not helpful: "Such ratio provides little aid in determining what is a reasonable fee in lightof all the relevant factors. Nor is it necessarily significant that a prevailing plaintiffdid not receive all the relief requested.  For example, a plaintiff who failed to recoverdamages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." 103 S. Ct. at 1940-41 n.11.

_____

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**11**

The former Fifth Circuit has noted that "in fixing the fee, the district court should be mindful that in complex civil rights litigation ... issues are overlapping and intertwined. In order to represent their clients adequately, attorneys must explore every aspect of the case, develop all the evidence and present it to the court." *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981). "Where evidence gathered in preparing an unsuccessful issue may also have been relevant to the successful claim, compensation should be provided for the time spent gathering that evidence." *Marion v. Barrier,* 694 F.2d 229, 232 (11th Cir. 1982). Following these principles, the Eleventh Circuit upheld an award that included hours expended on claims which were dismissed with prejudice. *Dowdell v. City of Apopka*, 698 F.2d 1181 (1983).  In *Dowdell*, the plaintiffs charged the city with discrimination in the provision of seven public services. The claims involving two of the services were settled, and the district court found in the plaintiffs' favor on claims regarding three of the five services brought to trial. The district court refused to reduce the fee award for the two unsuccessful claims. The Eleventh Circuit affirmed, approving the district court's finding that the claims "were intertwined in that they constituted logical, integrated parts of a single action challenging discrimination in the provision of municipal services." *Id.* at 1187 (quoting *Dowdell*, 521 F. Supp. 297, 301 (M.D. Fla. 1981)).

_____

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**12**

The Eleventh Circuit has also held that district courts may abuse their discretion in reducing fees for time spent on unsuccessful claims and has overturned district court orders reducing fee awards where successful and unsuccessful claims are factually or legally intertwined. In *Morgado v. Birmingham-Jefferson County Civil Defense Corps.*, 706 F.2d 1184 (1983), for instance, the Eleventh Circuit reversed a district court's reduction of a fee award for hours spent investigating an ultimately unsuccessful claim.  In that case, the plaintiff claimed discrimination both in pay and promotion. Ultimately, the plaintiff prevailed on the pay issues, but did not on the issues concerning her promotion. The district court awarded fees but reduced the number of hours compensated by those spent pursuing the promotion claims. The Eleventh Circuit reversed, explaining:

> [Plaintiff's attorney] was obliged to investigate and prosecute the matters relating to [plaintiff's] promotion...Such matters were too closely related to matters on which [plaintiff] prevailed: If [plaintiff] was discriminated against by the [defendants] in one facet of her career, there was, on [her attorney's] part, reason to consider that there had been discrimination throughout that career...Conditioning an award of attorneys' fees upon the ability of the attorney to portend the ultimate outcome of the case could result in many meritorious claims never being prosecuted.

*Id.* at 1192 (quoting *Dowdell*, 521 F.Supp. at 301).

_____

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**13**

In *Goldsmith v. Bagby Elevator Co.,* the Eleventh Circuit reiterated that district courts act within their discretion when they decline to reduce fees where the plaintiffs prevailed on some claims for relief but not others, even where the unsuccessful claims might potentially have added to the plaintiffs' recovery and were not redundant with the successful claims:

> The evidence regarding Goldsmith's failure to promote claim provided the basis for Goldsmith's first EEOC charge, which was in turn necessary for Goldsmith to prove his claim of retaliation. The evidence regarding the EEOC investigation and cause determination supported all of Goldsmith's claims. Because Goldsmith's successful claims were related to his unsuccessful claims and he "won substantial relief," we conclude that the refusal of the district court to reduce the amount of attorney's fees and costs was not an abuse of discretion."

513 F.3d 1261, 1292 (11th Cir. 2008).

Here, just as with the overlapping claims in *Goldsmith*, the Plaintiff's retaliation claims were factually intertwined with her race discrimination claims. Accordingly, the factual and legal issues underlying the unsuccessful claim and theory were nonetheless intertwined with the claims and theories on which Plaintiff did succeed. Accordingly, the Plaintiff is entitled to a fully compensatory fee, and the Court should award her the full requested lodestar amount, which constitutes a "reasonable attorney's fee" as set forth below.

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**14**

A reasonably hourly rate is the "prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Doucet* at 1260. Leonard seeks approval at an hourly rate of $500 and Palmer at a rate of $400 an hour.

To determine the prevailing market rate, the court may consider the following *Johnson* factors: customary fee; whether the fee is fixed or contingent; the novelty and difficulty of the questions; the skill required to perform the legal services properly; the experience, reputation, and ability of the attorneys; time limitations; preclusion of other employment; undesirability of the case; nature and length of professional relationship with the client; and awards in similar cases. *Doucet* at 1260-1261.

The requested rates of $400 for Palmer and $500 per hour for Leonard are reasonable and consistent with what has been awarded in other cases. (*See Exhibit 2 – Palmer Declaration; Exhibit 4 – Declaration of Candis McGowan; Exhibit 5 – Declaration of Alicia Haynes; Exhibit 6 – Declaration of Jim Roberts; Exhibit 7 – Declaration of Sonya Edwards; Exhibit 8 – Declaration of Cynthia Wilkinson*). Leonard's two most recent fee awards are $500 an hour and $400 an hour (*Exhibit 3 – Leonard Declaration*)[1]. *See Doucet* at 1263, citing *Johnson*, 488 F.2d at 719 ("The reasonableness

---

[1]     It is also reasonable to adjust a prior awarded rate for inflation. *See Miles v. Walmart Assocs.*, No. 4:19-cv-00756-CLM, 2022 U.S. Dist. LEXIS 15895, at *9

*Plaintiff's Motion for Attorney's Fees*
*Key v Dynamic Security, Inc.*
United States District Court for the Middle District of Alabama
2:19-cv-767-ECM-SMD
15

of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit.").

"The customary fee for similar work in the community should be considered." *Johnson*, 488 F.2d at 718. "Because 'reasonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), the issue is the legal "market rate," not an individual lawyer's rate." *Doucet* at 1261. *See also Norman*, 836 F.2d at 1299 ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"); *Public Interest Group of N.J., Inc. v. Windall*, 51 F.3d 110, 1185 (3d Cir. 1995) ("the attorneys' usual billing rate . . . is not dispositive").  A "reasonable fee" is "a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."  *Perdue*, 130 S.Ct. 1662 at 1672 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

In determining the appropriate rate, it would be inappropriate for the Court to limit its consideration to the Montgomery market. While Ms. Key's attorneys maintain offices in Birmingham, they have state-wide practices and frequently

---

(N.D. Ala. Jan. 28, 2022) (adjusting a previously awarded rate by 2.5% per year for inflation).

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**16**

practice in the United States District Court for the Middle District of Alabama. Ms. Key was unable to find representation in the Montgomery market. (*See Exhibit 1 – Key Declaration*), and the number of attorneys practicing employment law on the Plaintiff's side in Montgomery has dramatically shrunk. *(See Exhibit 3 – Leonard Declaration; Exhibit 5 – Haynes Declaration; Exhibit 8 – Wilkinson Declaration)*. It is common for attorneys whose offices are in Birmingham to practice in the Middle and Southern Districts.[2] *See Gartman v. Brady,* 2022 WL 4000349 at * 6 (M.D. Ala. Sept. 1, 2022); *Wiggins v. City of Montgomery*, No.2:17-cv-425-KFP, Doc. 165, pp. 7-8 (M.D. Ala. July 1, 2022). Because the market for plaintiff's employment discrimination attorneys is state-wide, that is the appropriate market to use in evaluating the rates for Ms. Key's lawyers.

Counsel represented Plaintiff on a contingency fee basis. "This factor focuses judicial scrutiny solely on the existence of any contract for fees that may have been executed between the party and his attorney." *Medders v. Autauga County Bd. of Educ.*, 858 F.Supp. 1118, 1127 (M.D.Ala.1994) (Thompson,J.) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S.at 723, 107 S.Ct. at

---

[2]    Defense counsel is located in Birmingham. Indeed, after one Hyundai Engineering's initial attorneys withdrew and were replaced by Birmingham attorneys, all defense counsel in this case was located in Birmingham. (*See Ex 2 – Palmer Declaration*).

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**17**

3085). As recognized by the Eleventh Circuit, "few practitioners who regularly defend the poor and disadvantaged have the opportunity to bill and collect on an hourly basis." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1300 (11 Cir. 1988). Nevertheless, "[t]he fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorneys' fee expectations when he accepted the case." *Johnson*, 488 F.2d at 718.

Key's contingency fee is to be split equally between Palmer and Leonard. Given the risk an attorney takes in accepting a case on contingency basis with no guarantee of ever being paid for her work, the court should award Palmer and Leonard a fee sufficient to induce other attorneys to accept similar cases and to associate other attorneys on those cases to provide their clients with strong representation.

"Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant.... Oftentimes [his or her] decision to help eradicate discrimination is not pleasantly received by the community or [his or her] contemporaries." *Johnson*, 488 F.2d at 718. Additionally, civil rights litigation is often characterized "as very undesirable because it stigmatizes an attorney as a 'civil rights lawyer' and thus tends to deter fee-paying clients, particularly high-paying

_____
**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**18**

commercial clients, from seeking assistance from that lawyer." *Stokes v. City of Montgomery*, 706 F.Supp. 811, 815 (M.D.Ala.1988) (Thompson, J.), aff'd,891 F.2d 905 (11th Cir.1989). "The results of such litigation tend to arouse the emotions of all concerned, and frequently the attorneys who bring these cases are the subjects of prolonged and vitriolic hostility." *Doucet* at 1263. This factor "can have an economic impact on [an attorney's] practice which can be considered by the Court." *Johnson*, 488 F.2d at 718.

This case would have been seen as undesirable to many because it involved complex legal issues and was filed in a forum where summary judgment is granted at a high rate. (*See Ex 8 – Wilkinson Declaration; Ex 3 – Leonard Declaration*). Indeed, when Ms. Key sought representation, she was turned away by numerous attorneys. (*Ex 1 – Key Declaration*). This undesirability weighs in favor of the requested rates for Leonard and Palmer.

Further, Leonard had to decline other cases and income to accept this case. Leonard, who bills at $500 for mediation services had to decline mediations due to conflicts with this case as well as decline to meet with potential new clients. (*Ex 3 – Leonard Declaration*). This factor weighs in favor of awarding Leonard's requested

_____
**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**19**

rate of $500 an hour because she lost income that would have paid her at that rate by accepting this case.

With respect to the rate claimed for Poynter's paralegal work, Poynter is an experienced paralegal with decades of experience. (*Ex 3 – Leonard Declaration*). Last year, Judge Huffaker in this district found that a rate of $125 per hour is reasonable for paralegals. *See Valley Nat'l Bank v. Czapla*, No. 2:20-CV-961-RAH-KFP, 2023 U.S. Dist. LEXIS 77259, at *10 (M.D. Ala. May 3, 2023).

### C. Plaintiff is entitled to fees and costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs... shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Eleventh Circuit has specified that "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988... [T]he standard of reasonableness is to be given a liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). The issue of which expenses are properly charged to a defendant must be settled on a case-by-case basis considering the nature and context of specific litigation. *Id.* At 1189.

_____
**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**20**

However, costs such as telephone, postage, travel, food, lodging, mileage, and duplication are liberally awarded by courts within the Eleventh Circuit. *Id.* at 1191.

Plaintiff seeks reimbursement of total expenses. Leonard seeks $10,763 for copies, process server fee, witness fees, deposition transcripts (Key, Williams, Cureton), and hotel for her and Palmer during the trial.[3] Palmer seeks reimbursement of $2,101.59 for copies and transcripts.

## IV.    Conclusion

For the reasons stated herein, Plaintiff requests this Court enter an Order approving her request for attorney fees and costs though an Order:

a.

b.   Setting the hourly rate for Leslie Palmer as $400

c.   Setting the hourly rate for Heather Leonard as $500 per hour.

d.   Setting the hourly rate for paralegal Christine Poynter at $125 per hour

---

[3]    "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). So more costs are recoverable under § 1988 than § 1920. *See Evans v. Books-A-Million*, 762 F.2d 1288, 1298–99 (11th Cir. 2014). Still, it is the fee applicant's burden to establish that the court should award expenses under § 1988. *See Barnes*, 168 F.3d at 435. Because Palmer and Leonard live in the Birmingham area, it was necessary for them to have hotel rooms during the trial.

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**21**

e.  Setting the hourly rate for Jim Leonard as $50 an hour

f.  Finding that the 804.6  hours claimed in this case by the attorney are

    reasonable.

g.  Awarding fees of $ 153,040 to Palmer.

h.  Awarding fees of $ 172,142.50 to Leonard for her, Poynter's, and J.

    Leonard's work

i.  Awarding expenses

Respectfully submitted,

Attorneys for Plaintiff
*/s/ Heather Leonard*
Heather Newsom Leonard
ASB-1152-061H

OF COUNSEL:
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243
Phone: (205) 977-5421
heather@heatherleonardpc.com

*/s/ Leslie A. Palmer.*
ASB-0436-L40P

OF COUNSEL:
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050

**Plaintiff's Motion for Attorney's Fees**
*Key v Dynamic Security, Inc.*
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**22**

leslie@palmerlegalservices.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April _____ 2023, I officially filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Wesley C. Redmond
Susan W. Bullock
FordHarrison LLC
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905
Counsel for Dynamic Security, Inc.

/s/ _____

---

**Plaintiff's Motion for Attorney's Fees**
***Key v Dynamic Security, Inc.***
**United States District Court for the Middle District of Alabama**
**2:19-cv-767-ECM-SMD**
**23**