APPEAL,CLOSED,CONFLICT_STMT,ECM–Clerk5

# U.S. District Court
## Alabama Middle District (Montgomery)
## CIVIL DOCKET FOR CASE #: 2:19–cv–00767–ECM–SMD
### *Internal Use Only*

| | |
|---|---|
| Key v. Dynamic Security, Inc. | Date Filed: 10/10/2019 |
| Assigned to: Chief Judge Emily C. Marks | Date Terminated: 03/30/2023 |
| Referred to: Magistrate Judge Stephen Michael Doyle | Jury Demand: Plaintiff |
| Cause: 42:2000 Job Discrimination | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Davita M. Key**        represented by    **Heather Newsom Leonard**
Heather Leonard, PC
2105 Devereux Circle; Suite 111
Birmingham, AL 35242
205–977–5421
Fax: 205–278–1400
Email: heather@heatherleonardpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Leslie Ann Palmer**
Palmer Law, LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
205–285–3050
Email: leslie@palmerlegalservices.com
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

V.

**Defendant**

**Hyundai Motor Manufacturing Alabama, LLC**    represented by    **David James Middlebrooks**
*TERMINATED: 02/10/2023*
Lehr Middlebrooks Vreeland & Thompson PC
PO Box 11945
Birmingham, AL 35202–1945
205–326–3002
Fax: 205–326–3008
Email: dmiddlebrooks@lehrmiddlebrooks.com
*TERMINATED: 02/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Whitney Ryan Brown**
Lehr Middlebrooks Price & Vreeland, PC
2021 Third Avenue North
Birmingham, AL 35203
205–323–9274
Fax: 205–326–3008
Email: wbrown@lehrmiddlebrooks.com
*TERMINATED: 02/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Defendant**

| **Hyundai Engineering America, Inc.** | represented by | **Cortlin Lee Bond** |
| *TERMINATED: 02/10/2023* | | Bradley Arant Boult Cummings LLP |

Bradley Arant Boult Cummings LLP
One Federal Pl – 1819 Fifth Ave N
Birmingham, AL 35203
205–521–8206
Fax: 205–521–8800
Email: cbond@bradley.com
*TERMINATED: 02/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Richard Leon DeWeese , Jr.**
DeWeese & Bae LLC
8191 Seaton Pl
Montgomery, AL 36117
334–239–7994
Email: richard@deweesebae.com
*TERMINATED: 01/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Sarahanne Young Vaughan**
Bradley Arant Boult Cummings
One Federal Pl; 1819 Fifth Ave N.
Birmingham, AL 35203–2119
205–521–8000
Fax: 205–521–8800
Email: svaughan@bradley.com
*TERMINATED: 02/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Thomas Matthew Miller**
Bradley Arant Boult Cummings LLP
One Federal Place; 1819 Fifth Avenue

North
Birmingham, AL 35203–2119
205–521–8000
Fax: 205–521–8800
Email: mmiller@bradley.com
*TERMINATED: 02/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Yurie Yeoul Bae**
DeWeese & Bae LLC
8191 Seaton Pl
Montgomery, AL 36116
334–239–7994
Email: yurie@deweesebae.com
*TERMINATED: 01/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: Active**

**Defendant**

| | | |
|---|---|---|
| **Dynamic Security, Inc.** | represented by | **Susan Ware Bullock**<br>Ford Harrison LLP<br>420 20th Street North; Suite 2560<br>Birmingham, AL 35203<br>205–244–5904<br>Fax: 205–244–5901<br>Email: sbullock@fordharrison.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>**Bar Status: Active** |
| | | **Wesley Clyde Redmond**<br>Ford Harrison, LLP<br>420 20th Street North; Suite 2560<br>Birmingham, AL 35203<br>205–244–5905<br>Fax: 404–244–5901<br>Email: wredmond@fordharrison.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>**Bar Status: Active** |

**Movant**

| | | |
|---|---|---|
| **Equal Employment Opportunity Commission** | represented by | **Gerald Lee Miller**<br>U.S. Equal Employment Opportunity Commission<br>Ridge Park Place– Suite 2000<br>1130 22nd Street, South<br>Birmingham, AL 35205 |

205–212–2047
Fax: 205–212–2041
Email: gerald.miller@eeoc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: US Attorney–and other
Special**

**Kurt Sethu Fischer**
United States Equal Employment
Opportunity Commission
EEOC, Birmingham District Office, Ridge
Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
205–212–2043
Fax: 205–212–2084
Email: kurt.fischer@eeoc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: US Attorney–and other
Special**

**Marsha Lynn Rucker**
EEOC–Birmingham District
1130 22nd Street South
Ridge Park Place
Birmingham, AL 35205
205–212–2046
Fax: 205–212–2041
Email: marsha.rucker@eeoc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**Bar Status: US Attorney–and other
Special**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/10/2019 | 1 | COMPLAINT against Dynamic Security, Inc., Hyundai Engineering America, Inc., Hyundai Motor Manufacturing Alabama, LLC ( Filing fee $ 400.00 receipt number 4602055239.), filed by Davita M. Key. (Attachments: # 1 EEOC Letter and Right to Sue Letter, # 2 Civil Cover Sheet, # 3 Filing Fee Receipt)(dmn, ) (Entered: 10/11/2019) |
| 10/10/2019 | | DEMAND for Trial by Jury by Davita M. Key. (dmn, ) (NO PDF, see Doc. 1 for pdf.) (Entered: 10/11/2019) |
| 10/10/2019 | 2 | Corporate/Conflict Disclosure Statement by Davita M. Key. (dmn, ) (Entered: 10/11/2019) |
| 10/15/2019 | 3 | **(VACATED PURSUANT TO THE COURT'S 26 ORDER) ORDER REFERRING CASE to Magistrate Judge Honorable Judge Stephen Michael** |

| | | |
|---|---|---|
| | | **Doyle for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. Signed by Chief Judge Emily C. Marks on 10/15/2019.(kh, )** Modified on 5/27/2020 (kh, ). (Entered: 10/15/2019) |
| 01/06/2020 | 4 | Summons Issued as to Dynamic Security, Inc., Hyundai Engineering America, Inc., Hyundai Motor Manufacturing Alabama, LLC., mailed CMRRR with copy of 1 Complaint. (cnw, ) (Entered: 01/06/2020) |
| 01/09/2020 | 5 | Return Receipt Card showing service of Summons and 1 Complaint signed by Jennifer Lockwood for Hyundai Engineering America, Inc. served on 1/7/2020, answer due 1/28/2020. (kh, ) (Entered: 01/09/2020) |
| 01/14/2020 | 6 | Return Receipt Card showing service of Summons and 1 Complaint signed by Gail Arrington for Dynamic Security, Inc. served on 1/9/2020, answer due 1/30/2020. (kh, ) (Entered: 01/14/2020) |
| 01/14/2020 | 7 | Return Receipt Card showing service of Summons and 1 Complaint signed by M.C. for Hyundai Motor Manufacturing Alabama, LLC served on 1/9/2020, answer due 1/30/2020. (kh, ) (Entered: 01/14/2020) |
| 01/27/2020 | 8 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Hyundai Engineering America, Inc.. (Bae, Yurie) (Entered: 01/27/2020) |
| 01/27/2020 | 9 | Corporate/Conflict Disclosure Statement by Hyundai Engineering America, Inc.. (Bae, Yurie) (Entered: 01/27/2020) |
| 01/30/2020 | 10 | NOTICE of Appearance by Whitney Ryan Brown on behalf of Hyundai Motor Manufacturing Alabama, LLC (Brown, Whitney) (Entered: 01/30/2020) |
| 01/30/2020 | 11 | MOTION to Dismiss , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Middlebrooks, David) (Entered: 01/30/2020) |
| 01/30/2020 | 12 | Corporate/Conflict Disclosure Statement by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 01/30/2020) |
| 01/30/2020 | 13 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion to Dismiss by Defendant Dynamic Security* by Dynamic Security, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bullock, Susan) (Entered: 01/30/2020) |
| 01/31/2020 | 14 | Corporate/Conflict Disclosure Statement by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 01/31/2020) |
| 01/31/2020 | 15 | **ORDER: Upon consideration of Defendant Hyundai Engineering America, Inc.'s Motion to Dismiss (Doc. 8 ); Defendant Hyundai Motor Manufacturing Alabama, LLC's Motion to Dismiss (Doc. 11 ); and Defendant Dynamic Security, Inc.s Motion to Dismiss (Doc. 13 ), it is ORDERED that, on or before February 21, 2020, Plaintiff shall file written responses showing cause why Defendants' Motions should not be dismissed. Plaintiff shall file separate responses to each of the motions. Further, it is ORDERED that Defendants may file replies to Plaintiff's responses on or before March 6, 2020. Signed by Honorable Judge Stephen Michael Doyle on 1/31/2020.(kh, )** (Entered: 01/31/2020) |
| 02/18/2020 | 16 | |

| | | |
|---|---|---|
| | | MOTION for Extension of Time To Respond To Defendant's 13 Motion To Dismiss by Davita M. Key. (kh, ) (Entered: 02/19/2020) |
| 03/04/2020 | 17 | **ORDERED that the Motion (Doc. 16 ) is GRANTED. Plaintiff's deadline to show cause as to why Defendants' Motions to Dismiss (Docs. 8 , 13 ) should not be granted is extended to March 21, 2020. Signed by Honorable Judge Stephen Michael Doyle on 3/4/2020. (kh, )** (Entered: 03/04/2020) |
| 03/06/2020 | 18 | MOTION for Extension of Deadline to Reply to Plaintiff's Responses to their Respective Motions to Dismiss by Hyundai Motor Manufacturing Alabama, LLC by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 03/06/2020) |
| 03/06/2020 | 19 | **ORDER: Upon consideration of Defendants HMMA's and HEA's Motion to Extend Time to Reply to Respond to Plaintiff's Responses to Their Respective Motions to Dismiss (Doc. 18 ), it is ORDERED that the Motion (Doc. 18 ) is GRANTED. Defendants may file replies to Plaintiff's response(s) to Defendants' Motions to Dismiss on or before April 6, 2020.Signed by Honorable Judge Stephen Michael Doyle on 3/6/2020. (kh, )** (Entered: 03/06/2020) |
| 03/09/2020 | 20 | MOTION for Extension of Time To Respond To Defendant's Motion to Dismiss by Davita M. Key. (Attachments: # 1 Supporting Document)(kh, ) (Entered: 03/10/2020) |
| 03/10/2020 | 21 | **ORDER: Upon consideration of Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (Doc. 20 ), it is ORDERED that the Motion (Doc. 20 ) is GRANTED. Plaintiff may file a response to Defendants' Motion to Dismiss on or before May 20, 2020. Defendants may reply to Plaintiff's response on or before June 3, 2020. Signed by Honorable Judge Stephen Michael Doyle on 3/10/2020. (kh, )** (Entered: 03/10/2020) |
| 05/20/2020 | 22 | NOTICE of Appearance by Heather Newsom Leonard on behalf of Davita M. Key (Leonard, Heather) (Entered: 05/20/2020) |
| 05/20/2020 | 23 | MOTION to Amend/Correct 1 Complaint, by Davita M. Key. (Attachments: # 1 Exhibit 1 – Proposed Amended Complaint)(Leonard, Heather) (Entered: 05/20/2020) |
| 05/20/2020 | 24 | RESPONSE in Opposition re 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion to Dismiss by Defendant Dynamic Security*, 11 MOTION to Dismiss MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Davita M. Key. (Leonard, Heather) (Entered: 05/20/2020) |
| 05/20/2020 | 25 | NOTICE of Appearance by Leslie Ann Palmer on behalf of Davita M. Key (Palmer, Leslie) (Entered: 05/20/2020) |
| 05/27/2020 | 26 | **ORDERED that the Court's Order of Referral, dated October 15, 2019 (doc. 3 ), is VACATED. Signed by Chief Judge Emily C. Marks on 5/27/2020. (kh, )** (Entered: 05/27/2020) |
| 05/27/2020 | | Motions No Longer Referred: 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion to Dismiss by Defendant Dynamic Security*, 11 MOTION to Dismiss MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 23 MOTION to Amend/Correct 1 Complaint, , 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (kh, ) (Entered: 05/27/2020) |
| 05/29/2020 | 27 | |

| | | |
|---|---|---|
| | | **ORDERED that the Plaintiff's motion (doc. <u>23</u> ) is GRANTED. It is further ORDERED that the Plaintiff shall file her amended complaint on or before June 5, 2020 in compliance with this Court's local rules. See L.R.M.D.Ala.15.1. Signed by Chief Judge Emily C. Marks on 5/29/2020. (kh, ) (Entered: 05/29/2020)** |
| 06/01/2020 | 28 | AMENDED COMPLAINT against All Defendants, filed by Davita M. Key.(Palmer, Leslie) (Entered: 06/01/2020) |
| 06/02/2020 | 29 | **ORDER: it is ORDERED that the Defs' motions to dismiss (doc. <u>8</u> ); (doc. <u>11</u> ); (doc. <u>13</u> ), are DENIED as moot. Signed by Chief Judge Emily C. Marks on 6/2/2020. (Attachments: # <u>1</u> Civil Appeals Checklist) (cwl, ) (Entered: 06/02/2020)** |
| 06/12/2020 | 30 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 06/12/2020) |
| 06/15/2020 | 31 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Hyundai Engineering America, Inc.. (Bae, Yurie) (Entered: 06/15/2020) |
| 06/15/2020 | 32 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Dynamic Security, Inc.. (Attachments: # <u>1</u> Exhibit Exhibit A)(Bullock, Susan) (Entered: 06/15/2020) |
| 06/15/2020 | | ***PURSUANT TO THE <u>31</u> MOTION – Attorney Richard Leon DeWeese, Jr for Hyundai Engineering America, Inc. added. (No pdf attached to this entry) (cwl, ) (Entered: 06/16/2020) |
| 06/15/2020 | | ***PURSUANT TO THE <u>32</u> MOTION – Attorney Wesley Clyde Redmond for Dynamic Security, Inc. added. (no pdf attached to this entry) (cwl, ) (Entered: 06/16/2020) |
| 06/17/2020 | 33 | **ORDER: Now pending before the Court are the Defendants' Motions to Dismiss. (Doc. <u>30</u> ); (Doc. <u>31</u> ); (Doc. <u>32</u> ). Upon consideration of the motions and for good cause, it is ORDERED that on or before July 8, 2020, the Plaintiff shall show cause why the Defendants' motions (docs. <u>30</u> , <u>31</u> & <u>32</u> ), should not be granted. The Defendants may file replies on or before July 15, 2020. Signed by Chief Judge Emily C. Marks on 6/17/2020. (kh, ) (Entered: 06/17/2020)** |
| 07/08/2020 | 34 | RESPONSE in Opposition re <u>30</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , <u>32</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , <u>31</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Davita M. Key. (Palmer, Leslie) (Entered: 07/08/2020) |
| 07/15/2020 | 35 | REPLY to Response to Motion re <u>30</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 07/15/2020) |
| 07/15/2020 | 36 | REPLY to Response to Motion re <u>30</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , <u>32</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 07/15/2020) |
| 07/15/2020 | 37 | REPLY to Response to Motion re <u>31</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Hyundai Engineering America, Inc.. (Bae, Yurie) (Entered: 07/15/2020) |
| 08/31/2021 | 38 | **MEMORANDUM OPINION AND ORDER: it is ORDERED as follows: 1) Defendant HMMA's <u>30</u> motion to dismiss, is DENIED in its entirety; 2)** |

| | | |
|---|---|---|
| | | **Defendant HEA's <u>31</u> motion to dismiss, is GRANTED with respect to the Plaintiff's Title VII claims contained in Counts 1, 2, and 4; The motion is DENIED with respect the Plaintiff's 1981 claims contained in Counts 3 and 5; and 3) Defendant Dynamic's <u>32</u> motion to dismiss, is DENIED in its entirety, as further set out in Order. Signed by Chief Judge Emily C. Marks on 8/31/2021. (am, )** (Main Document 38 replaced on 8/31/2021 to correct heading in main pdf previously attached by clerk's office) (am, ). (Entered: 08/31/2021) |
| 08/31/2021 | <u>39</u> | NOTICE of Correction re <u>38</u> Memorandum Opinion and Order to correct the case caption only. (Attachments: # <u>1</u> Corrected Main Document <u>38</u> )(am, ) (Entered: 08/31/2021) |
| 09/01/2021 | <u>40</u> | **Rule 26(f) ORDER: DIRECTING that that the FED.R.CIV.P. 26(f) report containing the discovery plan shall be filed as soon as practicable but not later than 9/22/2021, as further set out in Order. Signed by Chief Judge Emily C. Marks on 9/1/2021. (am, )** (Entered: 09/01/2021) |
| 09/13/2021 | <u>41</u> | ANSWER to <u>28</u> Amended Complaint by Hyundai Motor Manufacturing Alabama, LLC.(Brown, Whitney) (Entered: 09/13/2021) |
| 09/14/2021 | <u>42</u> | ANSWER to <u>28</u> Amended Complaint by Hyundai Engineering America, Inc..(Bae, Yurie) (Entered: 09/14/2021) |
| 09/14/2021 | <u>43</u> | ANSWER & Defenses <u>28</u> Amended Complaint by Dynamic Security, Inc..(Bullock, Susan) Modified on 9/15/2021 to clarify text as reflected in pleading (am, ). (Entered: 09/14/2021) |
| 09/22/2021 | <u>44</u> | MOTION for Extension of Time to File *Report of Parties' Planning Meeting* by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 09/22/2021) |
| 09/23/2021 | 45 | **TEXT ORDER: GRANTING the <u>44</u> MOTION for Extension of Time to File Report of Parties' Planning Meeting. Signed by Chief Judge Emily C. Marks on 9/23/2021. (NO PDF attached to this entry)(am, )** (Entered: 09/23/2021) |
| 09/23/2021 | <u>46</u> | REPORT of Rule 26(f) Planning Meeting. (Palmer, Leslie) (Entered: 09/23/2021) |
| 09/23/2021 | <u>47</u> | Joint MOTION for Protective Order by Davita M. Key, Hyundai Motor Manufacturing Alabama, LLC, Hyundai Engineering America, Inc., & Dynamic Security, Inc.. (Attachments: # <u>1</u> Text of Proposed Order)(Leonard, Heather) Modified on 9/24/2021 to add filers (am, ). (Entered: 09/23/2021) |
| 09/24/2021 | <u>48</u> | **PRIVACY PROTECTIVE ORDER: GRANTING the <u>47</u> Joint Motion for Protective Order, as further set out in Order. Signed by Honorable Judge Stephen Michael Doyle on 9/24/2021. (am, )** (Entered: 09/24/2021) |
| 11/08/2021 | <u>49</u> | **ORDER: it is ORDERED that this matter is SET for a hearing by status and scheduling conference on 11/19/2021 at 11:00 a.m. in Courtroom 2A, US Courthouse Complex, One Church Street, Montgomery, AL; DIRECTING the Clerk to provide a court reporter for this proceeding. Signed by Chief Judge Emily C. Marks on 11/8/2021. (Furnished: Calendar & WS)(am, )** (Entered: 11/08/2021) |
| 11/19/2021 | <u>50</u> | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Status Conference held on 11/19/2021 (PDF available for court use only). (Court Reporter Katie Sears Silas.) (ws, ) (Entered: 11/19/2021) |

| 11/19/2021 | 51 | **UNIFORM SCHEDULING ORDER:** **Final Pretrial Conference set for 9/22/2022, at 2:30 PM, in Courtroom 2A, before Chief Judge Emily C. Marks; Jury Selection & Trial set for 11/14/2022, at 10:00 AM, in Montgomery, AL, before Chief Judge Emily C. Marks; Amended Pleadings due by 2/4/2022; Discovery due by 4/25/2022; Mediation Notice due by 4/30/2022; Dispositive and Daubert Motions due by 5/25/2022; Proposed Pretrial Order due by 9/15/2022, as further set out in order. Signed by Chief Judge Emily C. Marks on 11/19/2021. (Furnished: Calendar & WS) (amf, )** (Entered: 11/19/2021) |
|---|---|---|
| 01/13/2022 | 52 | MOTION to Substitute Attorney by Hyundai Engineering America, Inc., construed as a Motion to Withdraw Counsel pursuant to the Court's 53 Order. (Miller, Thomas) Modified on 1/14/2022 (am, ). (Entered: 01/13/2022) |
| 01/13/2022 | | ***PURSUANT TO THE 52 MOTION – Attorney Cortlin Lee Bond for Hyundai Engineering America, Inc. added. (NO PDF attached to this entry) (am, ) (Entered: 01/13/2022) |
| 01/14/2022 | 53 | **ORDER: Construing the 52 Motion to Substitute Counsel as a Motion to Withdraw as Counsel; GRANTING the 52 Motion to Withdraw; DIRECTING Defendant's new counsel to file a notice of appearance in this matter. Signed by Chief Judge Emily C. Marks on 1/14/2022. (am, )** (Entered: 01/14/2022) |
| 01/14/2022 | | *** PURSUANT TO THE COURT'S 53 ORDER – Attorney Yurie Yeoul Bae and Richard Leon DeWeese, Jr terminated. (NO PDF attached to this entry) (am, ) (Entered: 01/14/2022) |
| 01/14/2022 | 54 | NOTICE of Appearance by Thomas Matthew Miller on behalf of Hyundai Engineering America, Inc. (Miller, Thomas) (Entered: 01/14/2022) |
| 01/14/2022 | 55 | NOTICE of Appearance by Cortlin Lee Bond on behalf of Hyundai Engineering America, Inc. (Bond, Cortlin) (Entered: 01/14/2022) |
| 03/28/2022 | 56 | MOTION to Amend 51 Scheduling Order by Davita M. Key. (Leonard, Heather) Modified on 3/28/2022 to clarify text as reflected in pleading (am, ). (Entered: 03/28/2022) |
| 03/28/2022 | 57 | **ORDER it is ORDERED that the 56 motion to amend is GRANTED; It is further ORDERED as follows: The pretrial conference presently scheduled for 9/22/2022, is RESET to 2/2/2023, @ 11:00 a.m. in the Courtroom 2A, FMJ US Courthouse, Montgomery, AL; DIRECTING the parties to jointly prepare a Proposed Pretrial Order due on or before 1/26/2023; This cause, presently set for jury selection and trial during the term of court commencing on 11/14/2022, is hereby RESET to the trial term commencing on 3/27/2023, @ 10:00 a.m. in Montgomery, AL; Dispositive & Daubert Motions due by 10/5/2022; Mediation Notice not more than 5 days after the Settlement Conference; Discovery Cutoff due on or before 9/2/2022, as further set out in Order. Signed by Chief Judge Emily C. Marks on 3/28/2022. (Furnished: Calendar & WS; Terminates: PTC – 9/22/2022; Jury Selection & Jury Trial – 11/14/2022)(am, )** (Entered: 03/28/2022) |
| 04/12/2022 | 58 | NOTICE of Appearance by Kurt Fischer on behalf of by Equal Employment Opportunity Commission (Fischer, Kurt) (Entered: 04/12/2022) |
| 04/12/2022 | 59 | MOTION to Quash *Subpoena* by Equal Employment Opportunity Commission. (Attachments: # 1 Exhibit Ex A: Defendant HMMA's Subpoena to EEOC, # 2 Exhibit Ex B: Defendant HMMA's Ltr to EEOC dated March 30, 2022)(Fischer, |

| | | |
|---|---|---|
| | | Kurt) (Entered: 04/12/2022) |
| 04/12/2022 | 60 | **TEXT ORDER TO SHOW CAUSE: Upon consideration of the <u>59</u> Motion to Quash Subpoena filed by non–party Equal Employment Opportunity Commission, it is ORDERED that, on or before 4/15/2022, Dft Hyundai Motor Manufacturing, LLC, shall show cause, if any there be, why the Motion should not be granted. Signed by Honorable Judge Stephen Michael Doyle on 4/12/2022. (No pdf attached to this entry) (wcl, )** (Entered: 04/12/2022) |
| 04/12/2022 | | ***PURSUANT TO THE <u>59</u> MOTION – Attorney Marsha Lynn Rucker and Gerald Lee Miller for Equal Employment Opportunity Commission added. (No pdf attached to this entry) (wcl, ) (Entered: 04/12/2022) |
| 04/12/2022 | | MEMORANDUM in Support of <u>59</u> MOTION to Quash *Subpoena* filed by Equal Employment Opportunity Commission. (NO PDF – See doc <u>59</u> ) (am, ) (Entered: 04/15/2022) |
| 04/15/2022 | <u>61</u> | RESPONSE to Motion re <u>59</u> MOTION to Quash *Subpoena* filed by Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G)(Brown, Whitney) (Entered: 04/15/2022) |
| 04/19/2022 | <u>62</u> | **ORDER: it is ORDERED that the Board's <u>59</u> Motion to Quash is DENIED, as further set out in Order. Signed by Honorable Judge Stephen Michael Doyle on 4/19/2022. (am, )** (Entered: 04/19/2022) |
| 08/19/2022 | <u>63</u> | MOTION to Take Depositions of Cassandra Williams/Hyundai Engineering America, Inc.'s 30(B)(6) Deponent Outside of the Discovery Deadline *on September 6, 2022* by Davita M. Key. (Leonard, Heather) Modified on 8/22/2022 to reflect actual title. (dmn, ) (Entered: 08/19/2022) |
| 08/22/2022 | <u>64</u> | **ORDER: Now pending before the Court is Plaintiff Davita M. Key's motion to take depositions outside of the discovery deadline (doc. <u>63</u> ) filed on 8/19/2022. Upon consideration of the motion, and for good cause, it is ORDERED that the motion (doc. <u>63</u> ) is GRANTED to the extent that the discovery deadline is extended to 9/9/2022, for the sole purpose of taking the deposition of Cassandra Williams. It is further ORDERED that the dispositive motion deadline is extended to 10/12/2022. Signed by Chief Judge Emily C. Marks on 8/22/2022. (dmn, )** (Entered: 08/22/2022) |
| 09/15/2022 | <u>65</u> | Notice of Mediation and Settlement Conference by Davita M. Key (Leonard, Heather) (Entered: 09/15/2022) |
| 10/12/2022 | <u>66</u> | MOTION for Summary Judgment by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 10/12/2022) |
| 10/12/2022 | <u>67</u> | BRIEF/MEMORANDUM in Support re <u>66</u> MOTION for Summary Judgment filed by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 10/12/2022) |
| 10/12/2022 | <u>68</u> | Evidentiary Submission re <u>66</u> MOTION for Summary Judgment , <u>67</u> BRIEF/MEMORANDUM in Support filed by Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # <u>1</u> Exhibit 1 – Declaration of R. Burns, # <u>2</u> Exhibit 2 – Depo Transcript of R. Burns, # <u>3</u> Exhibit 3 – Depo Transcript of K. Riddle, # <u>4</u> Exhibit 4 – Depo Transcript of S. Piers, # <u>5</u> Exhibit 5 – Declaration of G. Robinson, # <u>6</u> Exhibit 6 – Depo Transcript of C. Williams, # <u>7</u> Exhibit 7 – HEA's Response – |

| | | |
|---|---|---|
| | | RFA#2, # 8 Exhibit 8 – SOS Records Hyundai ENG, # 9 Exhibit 9 – SOS Records HEA, # 10 Exhibit 10 – SOS Records HMMA, # 11 Exhibit 11 – SOS "Hyundai" Word Search, # 12 Exhibit 12 – Plf's Depo Transcript (1 of 2), # 13 Exhibit 12 – Plf's Depo Transcript (2 of 2), # 14 Exhibit 13 – Declaration of C. Williams, # 15 Exhibit 14 – Plf's Second Supp Response to HMMA RFP #8)(Brown, Whitney) (Entered: 10/12/2022) |
| 10/12/2022 | 69 | MOTION for Summary Judgment by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 10/12/2022) |
| 10/12/2022 | 70 | BRIEF/MEMORANDUM in Support re 69 MOTION for Summary Judgment *Hyundai ENG America, Inc.'s Memorandum of Law in Support of its Motion for Summary Judgment* filed by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 10/12/2022) |
| 10/12/2022 | | ***PURSUANT TO THE 69 MOTION – Attorney Sarahanne Young Vaughan for Hyundai Engineering America, Inc. added. (No PDF attached to this entry) (bes, ) (Entered: 10/12/2022) |
| 10/12/2022 | 71 | Evidentiary Submission re 70 BRIEF/MEMORANDUM in Support, 69 MOTION for Summary Judgment – *Hyundai ENG America, Inc.'s Evidentiary Submission in Support of its Motion for Summary Judgment* filed by Hyundai Engineering America, Inc.. (Attachments: # 1 Exhibit 1_Part01 – Deposition of Davita Key, # 2 Exhibit 1_Part02 – Deposition of Davita Key, # 3 Exhibit 1_Part03 – Deposition of Davita Key, # 4 Exhibit 1_Part04 – Deposition of Davita Key, # 5 Exhibit 1_Part05 – Deposition of Davita Key, # 6 Exhibit 1_Part06 – Deposition of Davita Key, # 7 Exhibit 1_Part07 – Deposition of Davita Key, # 8 Exhibit 1_Part08 – Deposition of Davita Key, # 9 Exhibit 1_Part09 – Deposition of Davita Key, # 10 Exhibit 1_Part10 – Deposition of Davita Key, # 11 Exhibit 1_Part11 – Deposition of Davita Key, # 12 Exhibit 1_Part12 – Deposition of Davita Key, # 13 Exhibit 2 – Deposition of Cassandra Williams, # 14 Exhibit 3 – Declaration of Cassandra Williams)(Miller, Thomas) (Entered: 10/12/2022) |
| 10/12/2022 | 72 | MOTION for Leave to File *Supplemental Brief* by Hyundai Motor Manufacturing Alabama, LLC. (Middlebrooks, David) (Entered: 10/12/2022) |
| 10/12/2022 | 73 | MOTION for Summary Judgment by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 10/12/2022) |
| 10/12/2022 | 74 | BRIEF/MEMORANDUM in Support re 73 MOTION for Summary Judgment filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 10/12/2022) |
| 10/12/2022 | 75 | Evidentiary Submission re 73 MOTION for Summary Judgment , 74 BRIEF/MEMORANDUM in Support filed by Dynamic Security, Inc.. (Attachments: # 1 Exhibit Deposition Transcript of Plaintiff Davita Key, # 2 Exhibit Dynamic Pre–Employment Screening Form, # 3 Exhibit Plaintiffs Check Stub from Dynamic, # 4 Exhibit July 21, 2017, email from Gloria Robinson to Plaintiff, # 5 Exhibit HEA Appearance Standards for Security Personnel, # 6 Exhibit HMMA PPE and Dress Code Matrix, # 7 Exhibit Dynamic Acknowledgement and Receipt of Employee Handbook, # 8 Exhibit HEA Employee Handbook, # 9 Exhibit HMMA Contractor Safety, Security, and Fire Protection Handbook, # 10 Exhibit EEOC Intake Questionnaire – HMMA, # 11 Exhibit Dynamic EEOC Charge, # 12 Exhibit HMMA EEOC Charge, # 13 Exhibit Handwritten letter from Plaintiff to EEOC dated August 8, 2017, # 14 Exhibit Plaintiff's complaint of discrimination, # 15 Exhibit Dynamics Security Officers Manual Acknowledgement, # 16 Exhibit Signed acknowledgement |

11

|  |  | of Dynamics Harassment Policy, # 17 Exhibit Signed acknowledgement of Dynamics Rules and Regulations, # 18 Exhibit Dynamic Dismissal and Notice of Right to Sue, # 19 Exhibit EEOC HMMA Letter of Determination, # 20 Exhibit EEOC Letter to Plaintiff and HMMA, # 21 Exhibit HMMA Notice of Right to Sue, # 22 Exhibit Rebuttal Letter from Plaintiff to EEOC, # 23 Exhibit Letter from Plaintiff to Alabama DOL, # 24 Exhibit Deposition Transcript of Cassandra Williams, # 25 Exhibit Deposition Transcript of Ray Curenton, # 26 Exhibit Deposition Transcript of Dynamic – Riddle, # 27 Exhibit Deposition Transcript of Dynamic – Spires, # 28 Exhibit Deposition Transcript of HMMA – Burns, # 29 Exhibit HEA Appearance Standards for Security Contractors, # 30 Exhibit Internal Dynamic Email Attaching Notice of Right to Sue, # 31 Exhibit Postmarked Envelope from EEOC to Dynamic, # 32 Exhibit Exhibits to Deposition Transcript of Ray Curenton Part 1 of 2, # 33 Exhibit Exhibits to Deposition Transcript of Ray Curenton Part 2 of 2)(Bullock, Susan) (Entered: 10/12/2022) |
|---|---|---|
| 10/13/2022 | 76 | **ORDER TO SHOW CAUSE, by the PLF, as to why the 66 , 69 , & 73 Motions for Summary Judgment filed by Hyundai Engineering America, Inc. should not be granted; Show Cause Response due by 11/3/2022; further ORDERED that the Dfts may file replies to the Plf's responses on or before 11/10/2022. Signed by Chief Judge Emily C. Marks on 10/13/2022. (bes, )** (Entered: 10/13/2022) |
| 10/13/2022 | 77 | **(VACATED PURSUANT TO THE COURT'S 78 ORDER) ORDER TO SHOW CAUSE, by the PLF, as to why the 72 Motion for Leave to File Supplemental Brief filed by Hyundai Motor Manufacturing Alabama, LLC should not be granted; Show Cause Response due by 11/20/2022. Signed by Chief Judge Emily C. Marks on 10/13/2022. (bes, )** Modified on 10/18/2022 (es, ). (Entered: 10/13/2022) |
| 10/18/2022 | 78 | **ORDER: it is ORDERED that the 77 Order dated 10/13/2022, is VACATED; it is ORDERED that on or before 10/25/2022, the Plaintiff shall show cause why the 72 motion should not be granted. Signed by Chief Judge Emily C. Marks on 10/18/2022. (es, )** (Entered: 10/18/2022) |
| 10/25/2022 | 79 | RESPONSE in Opposition re 72 MOTION for Leave to File *Supplemental Brief* filed by Davita M. Key. (Attachments: # 1 Exhibit 1 – HMMA's Rule 26 Disclosures, # 2 Exhibit 2 – HMMA's Interrogatory Answers)(Leonard, Heather) (Entered: 10/25/2022) |
| 10/27/2022 | 80 | **ORDER: it is ORDERED that Dft's 72 Motion for Leave to File Supplemental Brief is DENIED without prejudice with leave to refile. Signed by Chief Judge Emily C. Marks on 10/27/2022. (bes, )** (Entered: 10/27/2022) |
| 11/03/2022 | 81 | Evidentiary Submission re 73 MOTION for Summary Judgment , 69 MOTION for Summary Judgment , 66 MOTION for Summary Judgment filed by Davita M. Key. (Attachments: # 1 Exhibit 1 – HMMA's Rule 26 Disclosures, # 2 Exhibit 2 – HMMA's Interrogatory Answers, # 3 Exhibit 3 – HMMA's RPD Responses, # 4 Exhibit 4 – Email Composite, # 5 Exhibit 5 – Howell Statement, # 6 Exhibit 6 – HEA 30(b)(6) Notice, # 7 Exhibit 7 – Robinson Memo, # 8 Exhibit 8 – Williams Email, # 9 Exhibit 9 – HMMA Safety Handbook, # 10 Exhibit 10 – Robinson Email, # 11 Exhibit 11 – Unemployment Hearing Transcript, # 12 Exhibit 12 – Invoices, # 13 Exhibit 13 – Dynamic Security's EEOC Position Statement, # 14 Exhibit 14 – Notice of Charge to HMMA, # 15 Exhibit 15 – HMMA Mailroom Duties, # 16 Exhibit 16 – Williams Email re EEOC Filings, # 17 Exhibit 17 – Email re Causing Finding, # 18 Exhibit 18 – Email re Key's Unemployment, # 19 Exhibit 19 – Key |

| | | |
|---|---|---|
| | | Declaration, # 20 Exhibit 20 – Peoples July 31 Email)(Leonard, Heather) (Entered: 11/03/2022) |
| 11/03/2022 | 82 | BRIEF/MEMORANDUM in Opposition re 68 Evidentiary Submission,,, 70 BRIEF/MEMORANDUM in Support, 66 MOTION for Summary Judgment , 73 MOTION for Summary Judgment , 71 Evidentiary Submission,,,, 75 Evidentiary Submission,,,,,,, 69 MOTION for Summary Judgment , 67 BRIEF/MEMORANDUM in Support, 74 BRIEF/MEMORANDUM in Support filed by Davita M. Key. (Palmer, Leslie) (Entered: 11/03/2022) |
| 11/09/2022 | 83 | MOTION for Extension of Time to File Response/Reply as to 82 BRIEF/MEMORANDUM in Opposition, *Defendant Dynamic Security, Inc.'s Motion for Enlargement of Time to File Reply to Plaintiff's Opposition to Its Motion for Summary Judgment* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 11/09/2022) |
| 11/10/2022 | 84 | **TEXT ORDER granting 83 Motion for Extension of Time; the deadline for Dft Dynamic Security, Inc. to file a reply to Plf's Opposition to its Motion for Summary Judgment is extended to 11/14/2022. Signed by Chief Judge Emily C. Marks on 11/10/2022. (No PDF attached to this entry) (bes, )** (Entered: 11/10/2022) |
| 11/10/2022 | 85 | REPLY BRIEF *in Response to Plaintiff's Brief* filed by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 11/10/2022) |
| 11/10/2022 | 86 | REPLY BRIEF re 70 BRIEF/MEMORANDUM in Support, 71 Evidentiary Submission,,,, 69 MOTION for Summary Judgment – *Hyundai ENG America, Inc.'s Reply in Support of its Motion for Summary Judgment* filed by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 11/10/2022) |
| 11/14/2022 | 87 | REPLY BRIEF re 73 MOTION for Summary Judgment , 75 Evidentiary Submission,,,,,,, 74 BRIEF/MEMORANDUM in Support, 82 BRIEF/MEMORANDUM in Opposition, filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 11/14/2022) |
| 11/14/2022 | 88 | MOTION to Strike 82 BRIEF/MEMORANDUM in Opposition, *Plaintiff's Declaration* by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 11/15/2022) |
| 12/27/2022 | 89 | MOTION to Strike *Plaintiff's Demand for Jury Trial* by Dynamic Security, Inc.. (Attachments: # 1 Exhibit 1 – Waiver of Trial by Jury Policy Handbook Excerpt, # 2 Exhibit 2 – Signed Handbook Acknowledgement, # 3 Exhibit 3 – Signed Pre–Application Employment Screening, # 4 Exhibit 4 – Deposition Excerpts of Plaintiff with Exhibits 2 and 10)(Bullock, Susan) (Entered: 12/27/2022) |
| 01/05/2023 | 90 | **ORDER: it is ORDERED that the Plaintiff shall file a response to Dynamic's 89 motion on or before 1/19/2023. It is further ORDERED that Dynamic shall file a reply to the Plaintiff's response on or before 1/26/2023. Signed by Chief Judge Emily C. Marks on 1/5/2023. (cwl, )** (Entered: 01/05/2023) |
| 01/19/2023 | 91 | RESPONSE in Opposition re 89 MOTION to Strike *Plaintiff's Demand for Jury Trial* filed by Davita M. Key. (Attachments: # 1 Exhibit Ex1 – Full Dynamic Security Officer's Handbook, # 2 Exhibit Ex 2 – Dynamic Security Signed Policies)(Palmer, Leslie) (Entered: 01/19/2023) |
| 01/25/2023 | 92 | **ORDER: it is ORDERED that the pretrial conference presently set for 2/2/2023, is RESET to 11:00 AM on 2/17/2023, in Courtroom 2A; The parties are** |

| | | |
|---|---|---|
| | | **DIRECTED to jointly prepare a proposed pretrial order, and the Plf shall ensure that the original of the proposed pretrial order is received by the Court on or before 2/10/2023, by transmitting an electronic copy of the proposed pretrial order to the Court as an attachment to an email message sent to propord_marks@almd.uscourts.gov.The Clerk is DIRECTED to provide a court reporter for this proceeding. Signed by Chief Judge Emily C. Marks on 1/25/2023. (Furn: calendar, cs) (Term: FPC set for 02/02/2023)(bes, )** (Entered: 01/25/2023) |
| 01/26/2023 | 93 | Witness List by Hyundai Motor Manufacturing Alabama, LLC. (Middlebrooks, David) (Entered: 01/26/2023) |
| 01/26/2023 | 94 | Deposition Designations by Hyundai Motor Manufacturing Alabama, LLC.. (Middlebrooks, David) (Entered: 01/26/2023) |
| 01/26/2023 | 95 | Exhibit List by Hyundai Motor Manufacturing Alabama, LLC.. (Middlebrooks, David) (Entered: 01/26/2023) |
| 01/26/2023 | 96 | Witness List by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 01/26/2023) |
| 01/26/2023 | 97 | Exhibit List by Hyundai Engineering America, Inc... (Miller, Thomas) (Entered: 01/26/2023) |
| 01/26/2023 | 98 | Witness List by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 01/26/2023) |
| 01/26/2023 | 99 | Exhibit List by Dynamic Security, Inc... (Redmond, Wesley) (Entered: 01/26/2023) |
| 01/26/2023 | 100 | Deposition Designations by Dynamic Security, Inc... (Redmond, Wesley) (Entered: 01/26/2023) |
| 01/26/2023 | 101 | Witness List by Davita M. Key. (Attachments: # 1 Exhibit Ex A – Depo Designations Dynamic Riddle, # 2 Exhibit Ex B – Depo Designations Dynamic Spires, # 3 Exhibit Ex C – Depo Designations HMMA Burns, # 4 Exhibit Ex D – Depo Designations HEA Williams, # 5 Exhibit Ex E – Depo Designations Cureton)(Palmer, Leslie) (Entered: 01/26/2023) |
| 01/26/2023 | 102 | Exhibit List by Davita M. Key.. (Palmer, Leslie) (Entered: 01/26/2023) |
| 01/26/2023 | 103 | REPLY to Response to Motion re 89 MOTION to Strike *Plaintiff's Demand for Jury Trial* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 01/26/2023) |
| 01/27/2023 | 104 | MOTION to Continue – *Unopposed Motion to Continue Pre−Trial Setting* by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 01/27/2023) |
| 01/27/2023 | 105 | Exhibit List *Defendant Dynamic Security, Inc.'s Amended Exhibit List* by Dynamic Security, Inc... (Redmond, Wesley) (Entered: 01/27/2023) |
| 01/30/2023 | 106 | **ORDER: it is ORDERED that unopposed motion to continue (doc. 104 ) is GRANTED and the pretrial conference presently set for February 17, 2023, is RESET to 2:00 p.m. on February 21, 2023, in Courtroom 2A, in the Frank M. Johnson, Jr. U.S. Courthouse, One Church Street, Montgomery, Alabama. No other deadlines are extended. The Clerk of the Court is DIRECTED to provide a court reporter for this proceeding. Signed by Chief Judge Emily C. Marks on 01/30/2023. (furnished: calendar and cs) (terminated: PTC for 2/17/2023).(amf, )** (Entered: 01/30/2023) |

| 02/01/2023 | 107 | MOTION for Leave to File *Amended Exhibit List* by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 02/01/2023) |
|---|---|---|
| 02/02/2023 | 108 | **ORDER: it is ORDERED that on or before 2/6/2023, the Plaintiff shall show cause why the 107 motion should not be granted. Signed by Chief Judge Emily C. Marks on 2/2/2023. (cwl, )** (Entered: 02/02/2023) |
| 02/02/2023 | 109 | Deposition Designations *(Responsive Designations of Deposition/Trial Excerpts)* by Hyundai Motor Manufacturing Alabama, LLC.. (Middlebrooks, David) (Entered: 02/02/2023) |
| 02/02/2023 | 110 | Deposition Designations – *Defendant Hyundai ENG America, Inc.'s Responsive Designation of Deposition Trial Excerpts* by Hyundai Engineering America, Inc... (Miller, Thomas) (Entered: 02/02/2023) |
| 02/02/2023 | 111 | MOTION for Leave to File – *Defendant Hyundai ENG America, Inc.'s Motion for Leave to Amend its Trial Exhibit List* by Hyundai Engineering America, Inc.. (Miller, Thomas) (Entered: 02/02/2023) |
| 02/02/2023 | 112 | Deposition Designations *Defendant Dynamic Security, Inc.'s Deposition Counter–Designations* by Dynamic Security, Inc... (Redmond, Wesley) (Entered: 02/02/2023) |
| 02/03/2023 | 113 | Response to Order re 108 Order to Show Cause, 107 MOTION for Leave to File *Amended Exhibit List* filed by Davita M. Key. (Leonard, Heather) (Entered: 02/03/2023) |
| 02/03/2023 | 114 | **ORDER granting 107 Motion for Leave to Amend Exhibits List. Signed by Chief Judge Emily C. Marks on 2/3/2023. (amf, )** (Entered: 02/03/2023) |
| 02/03/2023 | 115 | **ORDER: it is ORDERED that on or before February 7, 2023, the Plaintiff shall show cause why the 111 motion for leave to amend trial exhibit list should not be granted. Signed by Chief Judge Emily C. Marks on 2/7/2023. (amf, )** (Entered: 02/03/2023) |
| 02/03/2023 | 116 | Exhibit List *(As Amended)* by Hyundai Motor Manufacturing Alabama, LLC.. (Middlebrooks, David) (Entered: 02/03/2023) |
| 02/07/2023 | 117 | RESPONSE TO ORDER TO SHOW CAUSE re 115 Order to Show Cause filed by Davita M. Key. (Leonard, Heather) (Entered: 02/07/2023) |
| 02/07/2023 | 118 | (STRICKEN – ENTERED IN WRONG CASE) Partial Filing fee: $ 6.00, receipt number 1417 (tha, ) Modified on 2/7/2023 (tha, ). (Entered: 02/07/2023) |
| 02/07/2023 | 119 | NOTICE of Error re 118 Filing Fee Received, which is STRICKEN from the record. This document was filed in the wrong civil action. (tha,) (Entered: 02/07/2023) |
| 02/08/2023 | 120 | **TEXT ORDER granting 111 Motion for Leave to Amend Trial Exhibit List. Signed by Chief Judge Emily C. Marks on 2/8/2023. (No pdf attached) (cwl, )** (Entered: 02/08/2023) |
| 02/08/2023 | 121 | Exhibit List – *Amended Trial Exhibit List* by Hyundai Engineering America, Inc... (Miller, Thomas) (Entered: 02/08/2023) |
| 02/09/2023 | 122 | Witness List by Hyundai Motor Manufacturing Alabama, LLC. (Brown, Whitney) (Entered: 02/09/2023) |

| 02/09/2023 | 123 | Objections to Plaintiff's 101 Witness List and Defendant Dynamic's 100 Deposition Designation List (Doc. 100) by Hyundai Motor Manufacturing Alabama, LLC.. (Brown, Whitney) Modified on 2/10/2023 to clarify the docket text(bes, ). (Entered: 02/09/2023) |
|---|---|---|
| 02/09/2023 | 124 | Objections to Plaintiff's 102 Exhibit List and Dynamic's 105 Amended Exhibit List by Hyundai Motor Manufacturing Alabama, LLC.. (Brown, Whitney) Modified on 2/10/2023 to clarify the docket text (bes, ). (Entered: 02/09/2023) |
| 02/09/2023 | 125 | Objection to re 93 Witness List, 116 Exhibit List filed by Davita M. Key. (Leonard, Heather) (Entered: 02/09/2023) |
| 02/09/2023 | 126 | Objection to re 105 Exhibit List filed by Davita M. Key. (Leonard, Heather) (Entered: 02/09/2023) |
| 02/09/2023 | 127 | Objection to re 121 Exhibit List filed by Davita M. Key. (Leonard, Heather) (Entered: 02/09/2023) |
| 02/09/2023 | 128 | Deposition Designations *Hyundai ENG America, Inc.'s Objections to Deposition Designations* by Hyundai Engineering America, Inc... (Attachments: # 1 Exhibit A – HEA's Chart of Depo Designation Objections, # 2 Exhibit B – Deposition Excerpts)(Miller, Thomas) (Entered: 02/09/2023) |
| 02/09/2023 | 129 | Exhibit List *Hyundai ENG America, Inc.'s Objections to Plaintiff's Exhibit List (Doc. 102)* by Hyundai Engineering America, Inc... (Miller, Thomas) (Entered: 02/09/2023) |
| 02/09/2023 | 130 | Objection to re 94 Deposition Designations, 101 Witness List, *Defendant Dynamic Security, Inc.'s Objections to Deposition Testimony Designations* filed by Dynamic Security, Inc.. (Attachments: # 1 Exhibit A – Excerpts (Kristal Riddle), # 2 Exhibit B – Excerpts (Sherry Spires, # 3 Exhibit C – Excerpts (Cassandra Williams), # 4 Exhibit D – Excerpts (Ray Cureton), # 5 Exhibit E – Excerpts (Davita Key))(Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 131 | Objection to re 97 Exhibit List *Defendant Dynamic Security, Inc.'s Objections to Defendant Hyundai ENG America, Inc.'s Exhibit List* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 132 | Objection to re 95 Exhibit List *Defendant Dynamic Security, Inc.'s Objections to Defendant HMMA's Exhibit List* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 133 | Objection to re 102 Exhibit List *Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Exhibit List* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 134 | Objection to re 101 Witness List, *Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Witness List* filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/09/2023) |
| 02/09/2023 | 135 | Objections to Dynamic Security Designations by Davita M. Key.. (Attachments: # 1 Exhibit Ex A – Depo Designations Dynamic Riddle, # 2 Exhibit Ex B – Depo Designations Dynamic Spires, # 3 Exhibit Ex C – Depo Designations Dynamic Cureton, # 4 Exhibit Ex D – Depo Designations Dynamic Williams, # 5 Exhibit Ex E – Depo Designations Dynamic Key)(Palmer, Leslie) Modified on 2/10/2023 to clarify the docket text (bes, ). (Entered: 02/09/2023) |

| 02/09/2023 | 136 | Objection to HEA Designations by Davita M. Key.. (Attachments: # 1 Exhibit Ex A – Depo Designations HEA Williams, # 2 Exhibit Ex B – Depo Designations HEA Williams Errata, # 3 Exhibit Ex c –Depo Designations HEA Cureton, # 4 Exhibit Ex D – Depo Designations HEA Spires, # 5 Exhibit Ex E – Depo Designations HEA Riddle)(Palmer, Leslie) Modified on 2/10/2023 to clarify the docket text (bes, ). (Entered: 02/09/2023) |
|---|---|---|
| 02/09/2023 | 137 | Objections to HMMA Designations by Davita M. Key.. (Attachments: # 1 Exhibit Ex A – Depo Designations HMMA Burns, # 2 Exhibit Ex B – Depo Designations HMMA Burns Errata, # 3 Exhibit Ex C – Depo Designations HMMA Williams, # 4 Exhibit Ex D – Depo Designations HMMA Williams Errata, # 5 Exhibit Ex E – Depo Designations HMMA Spires, # 6 Exhibit Ex F – Depo Designations HMMA Riddle, # 7 Exhibit Ex G – Depo Designations HMMA Cureton, # 8 Exhibit Ex H – Depo Designations HMMA Key)(Palmer, Leslie) Modified on 2/10/2023 to clarify the docket text (bes, ). (Entered: 02/09/2023) |
| 02/10/2023 | 138 | **MEMORANDUM OPINION AND ORDER: it is ORDERED that: 1) Dynamic's 88 motion to strike the declaration of Davita Key is DENIED; 2) HMMA's 66 motion for summary judgment is GRANTED, and all Plf's claims against HMMA are DISMISSED; 3) HEA's 69 motion for summary judgment is GRANTED, and all Plf's claims against HEA are DISMISSED; 4) Dynamic's 73 motion for summary judgment is GRANTED, to the extent that Plf's Counts I, II, III, and IV are DISMISSED as to Dynamic; and 5) Dynamic's 73 motion for summary judgment is DENIED in all other respects. Signed by Chief Judge Emily C. Marks on 2/10/2023. (bes, )** (Entered: 02/10/2023) |
| 02/10/2023 | 139 | **ORDER: it is ORDERED that the 89 motion to strike Plf's jury demand is hereby SET for oral argument on 2/21/2023, at 2:00 PM in Courtroom 2A; Oral argument will take place at the same time and place as the pretrial conference. Signed by Chief Judge Emily C. Marks on 2/10/2023. (Furn: Calendar, cs)** (bes, ) (Entered: 02/10/2023) |
| 02/16/2023 | 140 | Response to PLF's 105 Objections to Exhibit List by Dynamic Security, Inc... (Attachments: # 1 Exhibit 1 – Deposition Transcript of Plaintiff Davita Key, # 2 Exhibit 22 – Rebuttal Letter from Plaintiff to EEOC dated October 4, 2017, # 3 Exhibit 24 – Letter of Intent – HEA0280, # 4 Exhibit 39 – Gloria Robinson Statement regarding removal, # 5 Exhibit 40 – Assignment Refusal Forms, # 6 Exhibit 43 – Ray Cureton Statement, # 7 Exhibit 44 – Nicole Scavell Statement, # 8 Exhibit 48 – Pl Discovery Resp to Dynamic IROG signed (4–11–22), # 9 Exhibit 49 – Pl Discovery Resp to Dynamic RFP (4–11–22), # 10 Exhibit 50 – Pl Discovery Resp to Dynamic RFA (4–11–22), # 11 Exhibit 59 – Key Response to Depart of Labor, # 12 Exhibit 60 – Contract for Services btween HE and HMMA., # 13 Exhibit 61 – July 27, 2015, letter of extension of Contract., # 14 Exhibit 64 – PowerPoint – Sexual harassment in the workplace., # 15 Exhibit 65 – PowerPoint – EEOC – What does it mean to me., # 16 Exhibit 88 – Transcript of Unemployment Compensation hearing)(Redmond, Wesley) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/16/2023 | 141 | Response to Plf's 135 Objections to Deposition Designations by Dynamic Security, Inc... (Redmond, Wesley) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/16/2023 | 142 | Resposne to 135 Objections to Exhibit List by Davita M. Key.. (Attachments: # 1 Exhibit Px 2 Hair Photos, # 2 Exhibit Px 10 Email, # 3 Exhibit Px 11 Email, # 4 |

| | | |
|---|---|---|
| | | Exhibit Px 13 Statement to Unemployment, # 5 Exhibit Px 14 Unemployment, # 6 Exhibit Px 15 Email, # 7 Exhibit Px 17 Complaint, # 8 Exhibit Px 18 Removal Memo, # 9 Exhibit Px 20 Email, # 10 Exhibit Px 21 Email, # 11 Exhibit Px 22 Statement, # 12 Exhibit Px 24 Howell Statement, # 13 Exhibit Px 25 Email, # 14 Exhibit Px 26 Email, # 15 Exhibit Px 27 Email, # 16 Exhibit Px 28 Email, # 17 Exhibit Px 29 Email, # 18 Exhibit Px 30 Email, # 19 Exhibit Px 32 Email, # 20 Exhibit Px 33 Email, # 21 Exhibit Px 34 Email, # 22 Exhibit Px 35 Email, # 23 Exhibit Px 36 Email, # 24 Exhibit Px 37 Email, # 25 Exhibit May Use Px 14 Charge Questionnaire, # 26 Exhibit May use Px 15 EEOC Charge, # 27 Exhibit May use Px 19 Position Statement, # 28 Exhibit May use Px 27 Security Detail Reports, # 29 Exhibit May use Px 41 Harassment Policy, # 30 Exhibit May use Px 43 Email, # 31 Exhibit May use Px 44 Email, # 32 Exhibit May use Px 45 Email)(Palmer, Leslie) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/16/2023 | 143 | Response to 134 Objections to Witness List by Davita M. Key. (Palmer, Leslie) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/16/2023 | 144 | Response to 130 Objections to Deposition Designations by Davita M. Key.. (Palmer, Leslie) Modified on 2/17/2023 to clarify the docket text (bes, ). (Entered: 02/16/2023) |
| 02/20/2023 | 145 | MOTION for Reconsideration re 138 Memorandum Opinion and Order by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 2/21/2023 to clarify the docket text (bes, ). (Entered: 02/20/2023) |
| 02/21/2023 | 146 | MOTION for Extension of Time to File *Defendant Dynamic Security, Inc.'s Motion for Enlargement of Time to File Jury Instructions, Voir Dire Questions, and Motions In Limine* by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/21/2023) |
| 02/21/2023 | 147 | **ORDER: it is ORDERED that: 1) The Dft's 89 Motion to Strike Plf's Jury Demand is DENIED; 2) The Dft's 145 Motion to Reconsider is DENIED; 3) The Dft's 146 Motion for Enlargement of Time to File Jury Instructions, Voire Dire Questions, and Motions in Limine is GRANTED, and the parties shall submit these filings on or before 2/28/2023; Objections to motions in limine, fully briefed, must be filed on or before 3/7/2023; 4) The parties are DIRECTED to jointly prepare a proposed pretrial order, and the Plf shall ensure that the original of the proposed pretrial order is received by the Court on or before 2/23/2023, by transmitting an electronic copy of the proposed pretrial order to the Court as an attachment to an email message sent to propord_marks@almd.uscourts.gov. Signed by Chief Judge Emily C. Marks on 2/21/2023. (bes, )** (Entered: 02/21/2023) |
| 02/21/2023 | 148 | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Oral Argument held on 2/21/2023, Final Pretrial Conference held on 2/21/2023 (PDF available for court use only). (Court Reporter Blanton Callen.) (cs, ) (Entered: 02/22/2023) |
| 02/24/2023 | 149 | Proposed Jury Instructions by Davita M. Key. (Leonard, Heather) (Entered: 02/24/2023) |
| 02/24/2023 | 150 | First MOTION in Limine *To Exclude Reference to Ray Cureton Profession as Minister* by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/24/2023 | 151 | Second MOTION in Limine *To Preclude Mention of Dismissed Claims or Parties* by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |

| 02/24/2023 | 152 | Third MOTION in Limine *To Exclude Reference to the EEOC Determination* by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/24/2023 | 153 | Fourth MOTION in Limine *To Exclude Reference to Unemployment Determination* by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/24/2023 | 154 | Proposed Voir Dire by Davita M. Key. (Palmer, Leslie) (Entered: 02/24/2023) |
| 02/28/2023 | 155 | Proposed Voir Dire by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 156 | First MOTION in Limine *Defendant Dynamic Security, Inc.'s First Motion In Limine to Exclude Plaintiff's Testimony About Gloria Robinson's Alleged Comments About the Content of Memos Sent by "The Koreans"* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 157 | Second MOTION in Limine *Defendant Dynamic Security, Inc.'s Second Motion in Limine to Exclude Its Statement of Position Submitted to the EEOC* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 158 | Third MOTION in Limine *Defendant Dynamic Security, Inc.'s Third Motion In Limine to Exclude Evidence of Dismissed Claims* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 159 | Fourth MOTION in Limine *Defendant Dynamic Security, Inc.'s Fourth Motion In Limine to Exclude Questions Asked by Ray Cureton Related to Assignment for the Plaintiff* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 160 | Fifth MOTION in Limine *Defendant's Fifth Motion In Limine to Exclude Any Reference to Plaintiff Filing an EEOC Charge Against Defendant Dynamic Security, Inc.* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 161 | Proposed Jury Instructions by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 02/28/2023) |
| 03/01/2023 | 162 | Objection to re 155 Proposed Voir Dire filed by Davita M. Key. (Leonard, Heather) (Entered: 03/01/2023) |
| 03/03/2023 | 163 | MOTION for Certificate of Appealability *to Certify the portion of the Court's 2/21/2023 147 Order for Interlocutory Appeal and to Continue Trial Setting* by Dynamic Security, Inc. (Bullock, Susan) Modified on 3/6/2023 to create link and include additional text. (dmn, ) (Entered: 03/03/2023) |
| 03/07/2023 | 164 | RESPONSE in Opposition re 157 Second MOTION in Limine *Defendant Dynamic Security, Inc.'s Second Motion in Limine to Exclude Its Statement of Position Submitted to the EEOC* filed by Davita M. Key. (Attachments: # 1 Exhibit A – Dynamic Security's EEOC Position Statement (HEA 0053–56))(Leonard, Heather) (Entered: 03/07/2023) |
| 03/07/2023 | 165 | (Objections) RESPONSE in Opposition re 150 First MOTION in Limine *To Exclude Reference to Ray Cureton Profession as Minister Defendant Dynamic Security, Inc.'s Objections to Plaintiff's First Motion in Limine to Exclude Related to Ray Cureton's Profession as a Minister* filed by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | 166 | (Objections) RESPONSE in Opposition re 151 Second MOTION in Limine *To Preclude Mention of Dismissed Claims or Parties Defendant Dynamic Security, Inc.'s* |

| | | |
|---|---|---|
| | | *Objections to Plaintiff's Second Motion in Limine to Exclude Reference to And/Or Evidence of the Court's Dismissal of Any of the Plaintiff's Claims* filed by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | [167](#) | (Objections) RESPONSE in Opposition re [152](#) Third MOTION in Limine *To Exclude Reference to the EEOC Determination Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Third Motion In Limine to Exclude Reference to And/Or Evidence of the EEOC's Determination* filed by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | [168](#) | (Objections) RESPONSE in Opposition re [153](#) Fourth MOTION in Limine *To Exclude Reference to Unemployment Determination Defendant Dynamic Security, Inc.'s Objections to Plaintiff's Fourth Motion In Limine to Exclude Reference to And/Or Evidence of the Findings of the Alabama Department of Labor* filed by Dynamic Security, Inc.. (Redmond, Wesley) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | [169](#) | RESPONSE in Opposition re [156](#) First MOTION in Limine *Defendant Dynamic Security, Inc.'s First Motion In Limine to Exclude Plaintiff's Testimony About Gloria Robinson's Alleged Comments About the Content of Memos Sent by "The Koreans"* filed by Davita M. Key. (Palmer, Leslie) (Entered: 03/07/2023) |
| 03/07/2023 | [170](#) | RESPONSE in Opposition re [158](#) Third MOTION in Limine *Defendant Dynamic Security, Inc.'s Third Motion In Limine to Exclude Evidence of Dismissed Claims* filed by Davita M. Key. (Palmer, Leslie) (Entered: 03/07/2023) |
| 03/07/2023 | [171](#) | RESPONSE in Opposition re [159](#) Fourth MOTION in Limine *Defendant Dynamic Security, Inc.'s Fourth Motion In Limine to Exclude Questions Asked by Ray Cureton Related to Assignment for the Plaintiff* filed by Davita M. Key. (Palmer, Leslie) (Entered: 03/07/2023) |
| 03/07/2023 | [172](#) | RESPONSE in Opposition re [160](#) Fifth MOTION in Limine *Defendant's Fifth Motion In Limine to Exclude Any Reference to Plaintiff Filing an EEOC Charge Against Defendant Dynamic Security, Inc.* filed by Davita M. Key. (Palmer, Leslie) (Entered: 03/07/2023) |
| 03/07/2023 | [173](#) | (Objections) BRIEF/MEMORANDUM in Opposition re [161](#) Proposed Jury Instructions filed by Davita M. Key. (Palmer, Leslie) Modified on 3/8/2023 to clarify the docket text (amf, ). (Entered: 03/07/2023) |
| 03/07/2023 | | Objections to [150](#) First MOTION in Limine *To Exclude Reference to Ray Cureton Profession as Minister* filed by Dynamic Security, Inc.. (No PDF attached to this entry – See doc [165](#) for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/07/2023 | | Objections to [151](#) Second MOTION in Limine *To Preclude Mention of Dismissed Claims or Parties* filed by Dynamic Security, Inc.. (No PDF attached to this entry – See doc [166](#) for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/07/2023 | | Objections to [152](#) Third MOTION in Limine *To Exclude Reference to the EEOC Determination* filed by Dynamic Security, Inc.. (No PDF attached to this entry – See doc [167](#) for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/07/2023 | | Objections to [153](#) Fourth MOTION in Limine *To Exclude Reference to Unemployment Determination* filed by Dynamic Security, Inc.. (No PDF attached to |

| | | |
|---|---|---|
| | | this entry – See doc <u>168</u> for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/07/2023 | | Objections to <u>161</u> Proposed Jury Instructions filed by Davita M. Key. (No PDF attached to this entry – See doc <u>173</u> for PDF) (amf, ) (Entered: 03/08/2023) |
| 03/08/2023 | <u>174</u> | **MEMORANDUM OPINION AND ORDER: This matter is before the Court on Defendant Dynamic Security, Inc.'s motion to certify for interlocutory appeal and continue trial setting. (Doc. <u>163</u> ). Dynamic's request failed on all three elements of a 1292(b) justification for certifying an interlocutory appeal. Furthermore, immediate appeal here would not "materially advance the ultimate termination of the litigation." For good cause, it is ORDERED that Dynamic's motion (doc. <u>163</u> ) is DENIED as further set out in the opinion and order. Signed by Chief Judge Emily C. Marks on 3/8/2023. (dmn, )** (Entered: 03/08/2023) |
| 03/16/2023 | <u>175</u> | NOTICE OF JURY LIST AND JURORS' PROFILES for Jury Selection and Trial commencing on 3/27/2023 (Attachments: # <u>1</u> Juror Certification)(cs, ) (Entered: 03/16/2023) |
| 03/17/2023 | <u>176</u> | BILL OF COSTS by Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # <u>1</u> Exhibit Costs)(Brown, Whitney) (Entered: 03/17/2023) |
| 03/17/2023 | <u>177</u> | BILL OF COSTS by Hyundai Engineering America, Inc., Hyundai Motor Manufacturing Alabama, LLC. (Attachments: # <u>1</u> Exhibit A)(Miller, Thomas) (Entered: 03/17/2023) |
| 03/24/2023 | <u>178</u> | **ORDER ON PRETRIAL HEARING: The jury selection and trial of this case, which is set to last 2 days, is set for 3/27/2023, at 10:00 AM in the United States District Court in Courtroom 2A of the US District Court in Montgomery, AL; Trial counsel and parties are to be present in the Courtroom no later than 8:30 AM on the morning of trial, as further set out in order. Signed by Chief Judge Emily C. Marks on 3/24/2023. (furn: Calendar, cs) (bes, )** (Entered: 03/24/2023) |
| 03/26/2023 | <u>179</u> | Proposed Jury Verdict Form by Davita M. Key. (Palmer, Leslie) (Entered: 03/26/2023) |
| 03/26/2023 | <u>180</u> | Deposition Designations *of Gloria Robinson* by Davita M. Key.. (Attachments: # <u>1</u> Exhibit A – Excerpts from Deposition of Gloria Robinson)(Leonard, Heather) (Entered: 03/26/2023) |
| 03/26/2023 | <u>181</u> | Proposed Jury Verdict Form by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 03/26/2023) |
| 03/27/2023 | | **ORAL ORDER granting in part and denying in part <u>150</u> First Motion in Limine To Exclude Reference to Ray Cureton Profession as Minister by Davita M. Key, as further stated on the record. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER granting <u>151</u> Second MOTION in Limine To Preclude Mention of Dismissed Claims or Parties by Davita M. Key. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER denying as moot <u>152</u> Third MOTION in Limine To Exclude Reference to the EEOC Determination by Davita M. Key.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |

| 03/27/2023 | | **ORAL ORDER granting 153 Fourth MOTION in Limine To Exclude Reference to Unemployment Determination by Davita M. Key.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
|---|---|---|
| 03/27/2023 | | **ORAL ORDER denying 156 First MOTION in Limine Defendant Dynamic Security, Inc.'s First Motion In Limine to Exclude Plaintiff's Testimony About Gloria Robinson's Alleged Comments About the Content of Memos Sent by "The Koreans" by Dynamic Security, Inc.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER denying as moot 157 Second MOTION in Limine Defendant Dynamic Security, Inc.'s Second Motion in Limine to Exclude Its Statement of Position Submitted to the EEOC by Dynamic Security, Inc.Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER granting in part and denying in part 158 Third MOTION in Limine Defendant Dynamic Security, Inc.'s Third Motion In Limine to Exclude Evidence of Dismissed Claims by Dynamic Security, Inc., as further stated on the record. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER denying 159 Fourth MOTION in Limine Defendant Dynamic Security, Inc.'s Fourth Motion In Limine to Exclude Questions Asked by Ray Cureton Related to Assignment for the Plaintiff by Dynamic Security, Inc.. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | **ORAL ORDER granting in part and denying in part 160 Fifth MOTION in Limine Defendant's Fifth Motion In Limine to Exclude Any Reference to Plaintiff Filing an EEOC Charge Against Defendant Dynamic Security, Inc. by Dynamic Security, Inc., as further stated on the record. Entered by Chief Judge Emily C. Marks on 3/27/2023. (cs, )** (Entered: 03/28/2023) |
| 03/27/2023 | | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Voir Dire, Jury Selection and Trial Began on 3/27/2023 (NO PDF ATTACHED, SEE FINAL MINUTE ENTRY). (Court Reporter Patricia Starkie.) (cs, ) (Entered: 03/28/2023) |
| 03/28/2023 | 182 | MOTION for Judgment as a Matter of Law *Defendant Dynamic Security Inc.'s Motion for Judgment as a Matter of Law* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 03/28/2023) |
| 03/28/2023 | | **ORAL ORDER Denying 182 Motion for Judgment as a Matter of Law. Entered by Chief Judge Emily C. Marks on 3/28/2023. (cs, )** (Entered: 03/28/2023) |
| 03/28/2023 | | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Jury Trial continued on 3/28/2023 (NO PDF ATTACHED, SEE FINAL MINUTE ENTRY). (Court Reporter Patricia Starkie.) (cs, ) (Entered: 03/28/2023) |
| 03/29/2023 | 183 | MOTION for Judgment as a Matter of Law *Defendant Dynamic Security, Inc.'s Renewed Motion for Judgment as a Matter of Law* by Dynamic Security, Inc.. (Redmond, Wesley) (Entered: 03/29/2023) |
| 03/29/2023 | | **ORAL ORDER Denying 183 Motion for Judgment as a Matter of Law. Entered by Chief Judge Emily C. Marks on 3/29/2023. (cs, )** (Entered: 03/29/2023) |
| 03/29/2023 | | |

| | | |
|---|---|---|
| | | ORAL MOTION to Strike Defendant's Affirmative Defense on Failure to Mitigate by Davita M. Key. (cs, ) (Entered: 03/29/2023) |
| 03/29/2023 | | **ORAL ORDER denying Oral Motion to Strike Defendant's Affirmative Defense on Failure to Mitigate. Entered by Chief Judge Emily C. Marks on 3/29/2023. (cs, )** (Entered: 03/29/2023) |
| 03/29/2023 | 184 | Closing Instructions to the Jury. (cs, ) (Entered: 03/30/2023) |
| 03/29/2023 | 185 | JURY VERDICT. (cs, ) (Entered: 03/30/2023) |
| 03/29/2023 | 187 | Minute Entry for proceedings held before Chief Judge Emily C. Marks: Jury Trial completed on 3/29/2023 (PDF available for court use only). (Court Reporter Patricia Starkie.) (Attachments: # 1 Witness List, # 2 Court's Exhibit List, # 3 CX−1 (Conventionally filed), # 4 CX−2 (Conventionally filed), # 5 Plaintiff's Exhibit List, # 6 Plaintiff's Exhibits (Conventionally filed), # 7 Defendant's Exhibit List, # 8 Defendant's Exhibits (Conventionally filed)) (cs, ) (Entered: 03/30/2023) |
| 03/30/2023 | 186 | **ORDER AND JUDGMENT: After this case had been presented to a jury, a verdict was returned, as further set out in order; It is, therefore, the ORDER, JUDGMENT, and DECREE of the Court, based on the jury verdict, that judgment is entered in favor of the Plf Davita M. Key and against the Dft Dynamic Security, Inc. as follows: 1. Compensatory damages in the amount of $300,064.00; 2. Punitive damages in the amount of $511,200.00; 3. Costs are taxed against the Defendant for which execution may issueThe Clerk of the Court is DIRECTED to enter this as a Final Judgment pursuant to Federal Rule of Civil Procedure 58. Signed by Chief Judge Emily C. Marks on 3/30/2023. (bes, )** (Entered: 03/30/2023) |
| 03/30/2023 | 188 | JUROR QUESTIONNAIRE CERTIFICATION received 3/27/2023 from Heather Newsom Leonard on behalf of Davita M. Key. (cs, ) (Entered: 03/30/2023) |
| 03/30/2023 | 189 | JUROR QUESTIONNAIRE CERTIFICATION received 3/27/2023 by Leslie Ann Palmer on behalf of Davita M. Key. (cs, ) (Entered: 03/30/2023) |
| 03/30/2023 | 190 | JUROR QUESTIONNAIRE CERTIFICATION received 3/27/2023 by Susan Ware Bullock on behalf of Dynamic Security, Inc.. (cs, ) (Entered: 03/30/2023) |
| 04/13/2023 | 191 | Costs Taxed in amount of $ 4,636.10 against Davita M. Key. (bes, ) (Entered: 04/13/2023) |
| 04/13/2023 | 192 | Costs Taxed in amount of $ 3,943.50 against Davita M. Key. (bes, ) (Entered: 04/13/2023) |
| 04/25/2023 | 193 | MOTION for Equitable Relief of Reinstatement of Interest by Davita M. Key. (Attachments: # 1 Exhibit A − Damages Calculation with Interest)(Palmer, Leslie) (Entered: 04/25/2023) |
| 04/26/2023 | 194 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial VOLUME I (PDF ACCESS RESTRICTED FOR 90 DAYS) held on 03/27/2023, before Judge Emily C. Marks. Court Reporter/Transcriber Patricia G. Starkie, Telephone number (334) 322−8053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE OF INTENT TO REQUEST REDACTION DUE WITHIN 7 BUSINESS DAYS. Redaction Request due 5/17/2023. Redacted Transcript Deadline set for 5/30/2023. |

| | | |
|---|---|---|
| | | Release of Transcript Restriction set for 7/25/2023. (bes, ) (Entered: 04/26/2023) |
| 04/26/2023 | <u>195</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial VOLUME II (PDF ACCESS RESTRICTED FOR 90 DAYS) held on 3/28/2023, before Judge Emily C. Marks. Court Reporter/Transcriber Patricia G. Starkie, Telephone number (334) 322–8053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE OF INTENT TO REQUEST REDACTION DUE WITHIN 7 BUSINESS DAYS. Redaction Request due 5/17/2023. Redacted Transcript Deadline set for 5/30/2023. Release of Transcript Restriction set for 7/25/2023. (bes, ) (Entered: 04/26/2023) |
| 04/26/2023 | <u>196</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial VOLUME III (PDF ACCESS RESTRICTED FOR 90 DAYS) held on 3/29/2023, before Judge Emily C. Marks. Court Reporter/Transcriber Patricia G. Starkie, Telephone number (334) 322–8053. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. NOTICE OF INTENT TO REQUEST REDACTION DUE WITHIN 7 BUSINESS DAYS. Redaction Request due 5/17/2023. Redacted Transcript Deadline set for 5/30/2023. Release of Transcript Restriction set for 7/25/2023. (bes, ) (Entered: 04/26/2023) |
| 04/26/2023 | <u>197</u> | MOTION for Renewed Judgment as a Matter of Law *as to Liability and Punitive Damages; MOTION To Vacate, Alter or Amend the Judgment; or, Alternatively, MOTION for a New Trial or Remittitur of Emotional Distress and Punitive Damages* by Dynamic Security, Inc.. (Redmond, Wesley). Added MOTION for New Trial, MOTION to Alter Judgment on 3/11/2024 (AM). (Entered: 04/26/2023) |
| 04/27/2023 | <u>198</u> | **ORDER: it is ORDERED that the Dft shall file a response to the Plf's <u>193</u> motion for equitable relief of reinstatement and interest on or before 5/11/2023; It is further ORDERED that the Plf shall file a reply to the Dft's response on or before 5/18/2023. Signed by Chief Judge Emily C. Marks on 4/27/2023. (bes, )** (Entered: 04/27/2023) |
| 04/27/2023 | <u>199</u> | **ORDER: it is ORDERED that the Plf shall file a response to the Dft's <u>197</u> motion for renewed judgment on or before 5/11/2023; It is further ORDERED that the Dft shall file a reply to the Plf's response on or before 5/18/2023. Signed by Chief Judge Emily C. Marks on 4/27/2023. (bes, )** (Entered: 04/27/2023) |
| 05/03/2023 | <u>200</u> | MOTION for Extension of Deadline Time to File Petition for Attorneys' Fees and Bill of Cost *Unopposed* by Davita M. Key. (Palmer, Leslie) (Entered: 05/03/2023) |
| 05/08/2023 | 201 | **TEXT ORDER granting <u>200</u> Motion to Extend Deadline to Submit Petition for Attorneys' Fees and Cost Bill. Signed by Chief Judge Emily C. Marks on 5/8/2023. (No PDF attached to this entry) (bes, )** Modified on 5/8/2023 to correct a typographical error contained with the original text order (bes, ). (Entered: 05/08/2023) |
| 05/10/2023 | <u>202</u> | Joint MOTION for Extension of Time to File Response/Reply as to <u>199</u> Order, <u>198</u> Order, *Responding to Post Judgment Motions* by Davita M. Key. (Palmer, Leslie) (Entered: 05/10/2023) |
| 05/10/2023 | <u>203</u> | **ORDER: it is ORDERED that the <u>202</u> joint motion to extend deadlines is GRANTED to the extent that all pending deadlines related to post judgment response briefing are CONTINUED GENERALLY; It is further ORDERED** |

|  |  | that the parties shall jointly report the status of mediation no later than noon on 6/12/2023; Thereafter, should it be necessary, the Court will reschedule the post judgment briefing deadlines. Signed by Chief Judge Emily C. Marks on 5/10/2023. (bes, ) (Entered: 05/10/2023) |
|---|---|---|
| 06/12/2023 | 204 | Joint REPORT *on Status of Mediation* by Dynamic Security, Inc., Davita M. Key. (Redmond, Wesley) Modified on 6/12/2023 to add as also filed on behalf of the Plaintiff (amf, ). (Entered: 06/12/2023) |
| 06/13/2023 | 205 | **ORDER: it is ORDERED as to the following: 1) On the Plf's 193 motion for equitable relief: a.) The Dft shall file a response to the Plf's motion on or before 6/27/2023; b.) The Plf shall file a reply to the Dft's response on or before 7/5/2023; 2) On the Dft's 197 motion for judgment as a matter of law: a.) The Plf shall file a response to the Dft's motion on or before 6/27/2023; b.) The Dft shall file a reply to the Plf's response on or before 7/5/2023. Signed by Chief Judge Emily C. Marks on 6/13/2023. (bes, )** (Entered: 06/13/2023) |
| 06/27/2023 | 206 | RESPONSE in Opposition re 197 MOTION for Judgment as a Matter of Law *Defendant Dynamic Security, Inc.'s Motion for Renewed Judgment as a Matter of Law as to Liability and Punitive Damages; To Vacate, Alter or Amend the Judgment; or, Alternatively, for a New Trial or Remitt filed by Davita M. Key. (Palmer, Leslie) (Entered: 06/27/2023)* |
| 06/27/2023 | 207 | RESPONSE in Opposition re 193 MOTION for Equitable Relief of Reinstatement of Interest filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 06/27/2023) |
| 06/29/2023 | 208 | MOTION for Extension of Time to File Response/Reply as to 206 Response in Opposition to Motion, 207 Response in Opposition to Motion *Dynamic Security Inc.'s Motion for Three−Day Enlargement of Time to File Its Reply as to Its Motion for Renewed Judgment as A Matter of Law and Motion for Three−Day Enlargement of Time for Plaintiff to File her Reply as to Her Motion for Equitable Relief* by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 06/29/2023) |
| 06/30/2023 | 209 | **TEXT ORDER granting 208 Motion for Extension of Time. Signed by Chief Judge Emily C. Marks on 6/30/2023. (No PDF attached to this entry) (bes, )** (Entered: 06/30/2023) |
| 07/10/2023 | 210 | REPLY to Response to Motion re 193 MOTION for Equitable Relief of Reinstatement of Interest filed by Davita M. Key. (Palmer, Leslie) (Entered: 07/10/2023) |
| 07/10/2023 | 211 | REPLY BRIEF re 206 Response in Opposition to Motion, 197 MOTION for Judgment as a Matter of Law *Defendant Dynamic Security, Inc.'s Motion for Renewed Judgment as a Matter of Law as to Liability and Punitive Damages; To Vacate, Alter or Amend the Judgment; or, Alternatively, for a New Trial or Remitt Defendant Dynamic Security, Inc.'s Reply to Plaintiff's Response to Its Motion for Renewed Judgment as a Matter of Law as to the Liability and Punitive Damages; To Vacate, Alter, Or Amend the Judgment; or, Alternatively, For A New Trial or Remittitur of Emotional Distress and Punitive Damages filed by Dynamic Security, Inc.. (Bullock, Susan) (Entered: 07/10/2023)* |
| 03/11/2024 | 212 | **MEMORANDUM OPINION AND ORDER: it is ORDERED that Dynamic's 197 motion is DENIED, as further set out in Order. Signed by Chief Judge Emily C. Marks on 3/11/2024. (AM)** (Entered: 03/11/2024) |

| 03/14/2024 | 213 | **MEMORANDUM OPINION AND ORDER: it is ORDERED that Key's 193 motion is GRANTED, in part, as to prejudgment interest and DENIED, in part, as to reinstatement; It is further ORDERED that prejudgment interest on Key's back pay award shall be paid in accordance with the chart appended to this order. Signed by Chief Judge Emily C. Marks on 3/14/2024. (AM)** (Entered: 03/14/2024) |
|---|---|---|
| 03/28/2024 | 214 | BILL OF COSTS by Davita M. Key. (Leonard, Heather) (Entered: 03/28/2024) |
| 03/28/2024 | 215 | MOTION for Attorney Fees by Davita M. Key. (Attachments: # 1 Exhibit 1 – Declaration of Davita Key, # 2 Exhibit 2 – Declaration of Leslie Palmer, # 3 Exhibit 3 – Declaration of Heather Leonard, # 4 Exhibit 4 – Declaration of Candis McGowan, # 5 Exhibit 5 – Declaration of Alicia Haynes, # 6 Exhibit 6 – Declaration of Jim Roberts, # 7 Exhibit 7 – Declaration of Sonya Edwardes, # 8 Exhibit 8 – Declaration of Cynthia Wilkinson) (Leonard, Heather) (Attachment 3 replaced on 3/29/2024 due to pages sideways/upside down) (DMN). Modified on 3/29/2024. (DMN) (Additional attachment(s) added on 3/29/2024: # 9 Corrected Certificate of Service) (DMN). (Entered: 03/28/2024) |
| 03/29/2024 | 216 | **(VACATED PURSUANT TO THE 219 ORDER) ORDER: Now pending before the Court is Plaintiff Davita M. Key's motion for attorney fees and expenses, filed on 3/28/2024. (Doc. 215 ). Upon consideration of the motion, and for good cause, it is ORDERED that the Defendant shall file a response to the Plaintiff's motion on or before 4/12/2024. It is further ORDERED that the Plaintiff shall file a reply to the Defendant's response on or before 4/19/2024. Signed by Chief Judge Emily C. Marks on 3/29/2024. (DMN)** Modified on 4/8/2024 (AM). (Entered: 03/29/2024) |
| 04/05/2024 | 217 | NOTICE OF APPEAL by Dynamic Security, Inc. as to 213 Memorandum Opinion and Order entered 3/14/2024, 212 Memorandum Opinion and Order entered 3/11/2024, 186 Order and Judgment entered 3/30/2023, 147 Order entered 2/21/2023, Oral Orders entered on 3/28/2023 and 3/29/2023, Oral Order entered 3/28/2023, Oral Order entered on 3/28/2023, denial of Defendant's Jury Verdict Form (Doc. 181 ) as reflected in Jury Verdict Form submitted to jury on 3/30/2023 (Doc. 185 ), Closing Jury Instructions to jury as entered by the Court on 3/30/2023 (Doc. 184 ), and 213 Memorandum Opinion and Order entered 3/14/2024. ( Filing fee $ 605 receipt number AALMDC–3617496.) (Redmond, Wesley) Modified on 4/8/2024 to clarify text and create links. (DMN) (Entered: 04/05/2024) |
| 04/08/2024 | 218 | Appeal Instructions sent to Wesley C. Redmond and Susan W. Bullock, counsel for Appellant Dynamic Security, Inc. re 217 Notice of Appeal. A copy of the Transcript Information Form must be mailed to each court reporter from whom you are requesting a transcript. (Attachments: # 1 Transcript Order Form)(DMN) (Entered: 04/08/2024) |
| 04/08/2024 | 219 | **ORDER: it is ORDERED that the Plaintiff's 215 motion is DENIED without prejudice with leave to refile, if appropriate, after the Eleventh Circuit has issued its final mandate in the Defendant's appeal; It is further ORDERED that the Court's briefing order on the Plaintiff's 216 motion is VACATED. Signed by Chief Judge Emily C. Marks on 4/8/2024. (AM)** (Entered: 04/08/2024) |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVITA M. KEY,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )   CIVIL CASE NO. 2:19-cv-767-ECM
                                        )
DYNAMIC SECURITY, INC.                  )
                                        )
            Defendants.                 )

## NOTICE OF APPEAL

Notice is hereby given that Dynamic Security, Inc., Defendant in the above named case, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from: (a) the final Order and Judgment entered in this action on the March 30, 2023, (Doc. 186); (b) the Memorandum Opinion and Order entered by the Court on March 11, 2024, denying Defendant's Motion for Renewed Judgment as a Matter of Law as to Liability and Punitive Damages; to Vacate, Alter or Amend the Judgment; or Alternatively, for a New Trial or Remittitur of Emotional Distress and Punitive Damages. (Doc. 212); (c) Order entered by the Court on February 21, 2023, denying Defendant's Motion to Strike Plaintiff's Jury Demand (Doc. 147); (d) the Oral Orders entered March 28, 2023, and March 29, 2023, denying Defendant's Motion for Judgment as a Matter of Law [no Doc. number]; (e) Oral Order entered March 28, 2023, denying Defendant's First Motion in Limine to exclude Plaintiff's

Testimony About Gloria Robinson's Alleged Comments about the Content of Memos Sent by "The Koreans" [no Doc. number]; (f) Oral Order entered March 28, 2023, denying Defendant's proposed jury instructions (Doc. 161), in particular the "Catastrophe Management" instructions, the instruction that Plaintiff has to complain of race discrimination to amount to protected activity, and the instruction that the decision-maker must have knowledge of the protected activity [no Doc. number]; (g) denial of Defendant's Jury Verdict Form (Doc. 181) as reflected in Jury Verdict Form submitted to jury on March 30, 2023 (Doc. 185); (h) Closing Jury Instructions to jury as entered by the Court on March 30, 2023 (Doc. 184); and (i) the Memorandum Opinion and Order entered by the Court on March 14, 2024, granting Plaintiff's Motion for Equitable Relief of Reinstatement and Interest as to prejudgment interest (Doc. 213).

Respectfully submitted,

*/s/ Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203
wredmond@fordharrison.com
Phone: 205-244-5905
sbullock@fordharrison.com
Phone: 205-244-5904

2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on 5th day of April, 2024, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL  35233

*Counsel for Plaintiff*

> */s/Wesley C. Redmond*
> Wesley C. Redmond

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVITA M. KEY,                          )
                                        )
           Plaintiff,                   )
                                        )
    v.                                  )   CIVIL CASE NO. 2:19-cv-767-ECM
                                        )              (WO)
DYNAMIC SECURITY, INC.,                 )
                                        )
           Defendant.                   )

## MEMORANDUM OPINION and ORDER

## I.  INTRODUCTION and BACKGROUND

Now pending before the Court is Plaintiff Davita M. Key's ("Key") motion for equitable relief of reinstatement and prejudgment interest. (Doc. 193).  For the reasons that follow, the motion is due to be GRANTED, in part, as to prejudgment interest and DENIED, in part, as to reinstatement.

This case arises out of Key's two-day employment as a security guard assigned to a position at a Hyundai car manufacturing plant through Defendant Dynamic Security, Inc. ("Dynamic"), a temporary employment agency.  Key claimed sex discrimination, race discrimination, and retaliation against Dynamic and two Hyundai defendants.  The only claim to survive summary judgment, however, was her race retaliation claim brought against Dynamic pursuant to 42 U.S.C. § 1981.  Accordingly, Key's retaliation claim was the sole claim in the Court's pretrial order. (Doc. 178 at 2).

At trial on this claim, Key presented evidence that Gloria Robinson ("Robinson"), an employee working for one of the Hyundai defendants, told her that the Koreans[1] sent memos about how they do not like African Americans wearing their hair in dreadlocks. Because of this comment, Key testified that she felt there was a hair policy specifically targeting African Americans, which constituted race discrimination. Based on that belief, Key complained to Dynamic's district manager, Ray Cureton ("Cureton"), that she felt Hyundai discriminated against her based on her hairstyle (dreadlocks). Key was subsequently removed from her position at the Hyundai plant.

Key also testified that she filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") soon after being removed from the plant, which detailed, among other claims, a claim of race discrimination based on Robinson's comment. The jury heard evidence that Dynamic received this Charge of Discrimination about a week later. The jury also saw an email conversation between Cureton and Dynamic's human resources director, Sherry Spires ("Spires"), about whether to place Key at another temporary position while her Charge of Discrimination was pending. Key testified that Dynamic never offered her another position, effectively terminating her employment.

Ultimately, the jury returned a verdict in favor of Key on her retaliation claim, awarding her $85,200 for net lost wages and benefits ("back pay"), $214,864 for emotional pain and mental anguish, and $511,200 for punitive damages. The Court

---

[1] Hyundai is a company based in South Korea. Throughout testimony and evidentiary materials in this case, individuals refer to Hyundai upper-level management as "the Koreans." (*See, e.g.*, doc. 68-12 at 41).

2

entered final judgment in accordance with the jury verdict. After the entry of final judgment, Key moved for equitable relief of reinstatement and prejudgment interest. (Doc. 193).

## II.  LEGAL STANDARD

As both parties have acknowledged, the award of prejudgment interest is within the discretion of the Court. *Tucker v. Hous. Auth. of Birmingham Dist.*, 507 F. Supp. 2d 1240, 1281 (N.D. Ala. 2006), *aff'd*, 229 F. App'x 820 (11th Cir. 2007) (citing *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985)); (doc. 193 at 2); (doc. 207 at 2).[2]  Specifically, such an award is meant to adjust back pay in a manner that accounts for inflation and the present-day value of income in the absence of the offending conduct which resulted in adverse employment action. Thus, courts factor in considerations such as mitigation of damages or whether back pay was readily ascertainable. *See Tucker*, 507 F. Supp. 2d at 1284.

Similarly, reinstatement or, in the alternative, front pay are equitable remedies available to be fashioned as the Court finds appropriate. *Id.* at 1281–82. As it relates to wrongful discharge cases, however, the Eleventh Circuit follows a presumption of reinstatement in the absence of "special circumstances warranting the denial of equitable relief." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1338 (11th Cir. 1999) (quoting *Williams v. City of Valdosta*, 689 F.2d 964, 977 (11th Cir. 1982)). Notably, a

---

[2] The Court here, and elsewhere in the opinion, cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

trial court must "carefully articulate its reasons for awarding front pay rather than reinstatement," if it chooses to do so. *Id.* at 1339.

### III.  DISCUSSION

**A.     Reinstatement**

In her motion, Key seeks reinstatement to her employment with Dynamic in a full-time, first-shift position, paying at least $13 an hour, within a forty-five-mile area of Montgomery, Alabama. (Doc. 193 at 5).  Dynamic, in its response, agrees to place Key in "any position that it has available that fits this criter[ion]," while also noting the difficulties in carrying out such a reinstatement. (Doc. 207 at 6).  For these reasons, and the ones discussed below, the Court finds reinstatement and front pay to be inappropriate in this case.

At bottom, reinstatement is meant to make a victorious plaintiff whole. *See Farley*, 197 F.3d at 1338–39.  Here, Key acknowledges that she ended up in a higher paying job, which is in the educational field associated with her master's degree. (Doc. 210 at 6). Additionally, the job to which she seeks reinstatement is, in reality, a series of temporary jobs subject to the whims of clients who contract with Dynamic.  This reality is the basis of Dynamic's concerns about reinstating Key to a position that inherently has gaps in employment and pay. (*See* doc. 207 at 6–7).  Thus, Key's previous position at Dynamic would not offer the stability and economic benefits tied to the teaching job obtained by Key following her effective termination from Dynamic.

4

Accordingly, the Court finds that reinstatement and front pay would be inequitable in light of the special circumstances of this case, as recounted above and in the parties' briefs. Further, the Court specifically finds that the remedies previously ordered, and are due to be ordered, will make Key whole in the absence of reinstatement or front pay. Therefore, Key's motion is due to be DENIED with respect to reinstatement.

## B. Prejudgment Interest

Key also moves for prejudgment interest on her back pay award. (Doc. 193 at 1). As previously discussed, prejudgment interest is squarely within the Court's sound discretion. *Tucker*, 507 F. Supp. 2d at 1281. Moreover, the manner and method of such prejudgment interest is in the Court's province. *See id.* at 1283–84.

The parties dispute both the equities of prejudgment interest and, if the Court finds it to be appropriate, the manner in which prejudgment interest should be calculated. Key urges the Court to utilize a methodology applying the Internal Revenue Service's ("IRS") prime rates compounded quarterly. While Dynamic cites to case law utilizing another method of calculating prejudgment interest, such a case appears to this Court to be an outlier. (*See* doc. 207 at 5–6 (citing *Mock v. Bell Helicopter Textron, Inc.*, 2007 WL 2774230 (M.D. Fla. Sept. 24, 2007), *aff'd*, 313 F. App'x 279 (11th Cir. 2009)). Indeed, Eleventh Circuit case law indicates that the methodology utilizing IRS prime rates, as implemented by the National Labor Relations Board, is the gold standard of prejudgment interest calculations as it best captures economic realities. *See E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987); *McKelvy v. Metal Container Corp.*,

5

854 F.2d 448, 453 (11th Cir. 1988); *Tucker*, 507 F. Supp. 2d at 1284.  Further, such a model is best suited towards being compounded quarterly. *See Darnell v. City of Jasper, Ala.*, 730 F.2d 653, 656–57 (11th Cir. 1984).  And typically, interest accrues from the date of the wrongful act until the entry of final judgement. *See Garner v. G.D. Searle Pharms. & Co.*, 2013 WL 568871, at *6 (M.D. Ala. Feb. 14, 2013).

In this case, the back pay amounts are readily accessible as Key testified to such at trial, and the jury largely agreed with these amounts in reaching its verdict.  Additionally, the Court finds the IRS prime rate methodology compounded quarterly to be the fair and just method of calculating Key's prejudgment interest.  To that end, the Court largely adopts the calculations attached to Key's motion (doc. 193-1 at 2) with the caveat that the "net lost wages" column totals an amount greater than the amount awarded by the jury. Further, the Court utilized the IRS quarterly interest rates published by the U.S. Office of Personnel Management.[3]  Accordingly, the Court adjusted the figures to account for the aforementioned discrepancy and provide Key the award granted by the jury.  The revised Back Wages Chart is attached to this order.

Therefore, for the reasons stated and for good cause, it is

ORDERED that Key's motion (doc. 193) is GRANTED, in part, as to prejudgment interest and DENIED, in part, as to reinstatement.  It is further

---

[3] These rates are maintained for the convenience of federal agencies and appear accurate to the Court. U.S. OFF. OF PERSONNEL MGMT., FACT SHEET: INTEREST RATES USED FOR COMPUTATION OF BACK PAY (2024), https://www.opm.gov/policy-data-oversight/pay-leave/pay-administration/fact-sheets/interest-rates-used-for-computation-of-back-pay/ (noting that the chart provides IRS quarterly interest rates used to compute back pay).

ORDERED that prejudgment interest on Key's back pay award shall be paid in accordance with the chart appended to this order.

Done this 14th day of March, 2024.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

7

# APPENDIX A: KEY'S BACK PAY and
# PREJUDGMENT INTEREST CALCULATIONS

| Back Wages Chart for Key | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Back Wages Chart for Key through Verdict with IRS Prime Rate Interest | | | | | | | | | | |
| Year | Quarter | Base Wage | Interim (Mitigating) Earnings | Adjustment to Reconcile with Jury Award | Net Lost Wages | Accumulated Principal | Office of Personnel Management Annual Interest Rate | Quarterly Interest | Amount of Interest | Total |
| 2017 | 3 | $4,680.00 | $ - | $ 663.73 | $ 4,016.27 | $ 4,016.27 | 4% | 1.00% | $ 40.16 | $ 4,056.43 |
| 2017 | 4 | $6,760.00 | $ - | $ - | $ 6,760.00 | $ 10,816.43 | 4% | 1.00% | $ 108.16 | $ 10,924.60 |
| 2018 | 1 | $6,760.00 | $ - | $ - | $ 6,760.00 | $ 17,684.60 | 4% | 1.00% | $ 176.85 | $ 17,861.44 |
| 2018 | 2 | $6,760.00 | $ - | $ - | $ 6,760.00 | $ 24,621.44 | 5% | 1.25% | $ 307.77 | $ 24,929.21 |
| 2018 | 3 | $6,760.00 | $ - | $ - | $ 6,760.00 | $ 31,689.21 | 5% | 1.25% | $ 396.12 | $ 32,085.33 |
| 2018 | 4 | $6,760.00 | $ 3,958.98 | $ - | $ 2,801.02 | $ 34,886.35 | 5% | 1.25% | $ 436.08 | $ 35,322.43 |
| 2019 | 1 | $6,760.00 | $ 2,090.07 | $ - | $ 4,669.93 | $ 39,992.36 | 6% | 1.50% | $ 599.89 | $ 40,592.24 |
| 2019 | 2 | $6,760.00 | $ 2,090.07 | $ - | $ 4,669.93 | $ 45,262.17 | 6% | 1.50% | $ 678.93 | $ 45,941.10 |
| 2019 | 3 | $6,760.00 | $ 2,090.07 | $ - | $ 4,669.93 | $ 50,611.03 | 5% | 1.25% | $ 632.64 | $ 51,243.67 |
| 2019 | 4 | $6,760.00 | $ 2,090.70 | $ - | $ 4,669.30 | $ 55,912.97 | 5% | 1.25% | $ 698.91 | $ 56,611.88 |
| 2020 | 1 | $6,760.00 | $ 2,219.49 | $ - | $ 4,540.51 | $ 61,152.39 | 5% | 1.25% | $ 764.40 | $ 61,916.80 |
| 2020 | 2 | $6,760.00 | $ 2,219.49 | $ - | $ 4,540.51 | $ 66,457.31 | 5% | 1.25% | $ 830.72 | $ 67,288.02 |
| 2020 | 3 | $6,760.00 | $ 2,219.49 | $ - | $ 4,540.51 | $ 71,828.53 | 3% | 0.75% | $ 538.71 | $ 72,367.25 |
| 2020 | 4 | $6,760.00 | $ 2,219.49 | $ - | $ 4,540.51 | $ 76,907.76 | 3% | 0.75% | $ 576.81 | $ 77,484.57 |
| 2021 | 1 | $6,760.00 | $ 3,619.20 | $ - | $ 3,140.80 | $ 80,625.37 | 3% | 0.75% | $ 604.69 | $ 81,230.06 |
| 2021 | 2 | $6,760.00 | $ 3,619.20 | $ - | $ 3,140.80 | $ 84,370.86 | 3% | 0.75% | $ 632.78 | $ 85,003.64 |
| 2021 | 3 | $6,760.00 | $ 4,408.95 | $ - | $ 2,351.05 | $ 87,354.69 | 3% | 0.75% | $ 655.16 | $ 88,009.85 |
| 2021 | 4 | $6,760.00 | $ 4,803.69 | $ - | $ 1,956.31 | $ 89,966.16 | 3% | 0.75% | $ 674.75 | $ 90,640.90 |
| 2022 | 1 | $6,760.00 | $ 4,803.69 | $ - | $ 1,956.31 | $ 92,597.21 | 3% | 0.75% | $ 694.48 | $ 93,291.69 |
| 2022 | 2 | $6,760.00 | $ 4,803.69 | $ - | $ 1,956.31 | $ 95,248.00 | 4% | 1.00% | $ 952.48 | $ 96,200.48 |
| 2022 | 3 | $6,760.00 | $ 8,934.57 | $ - | $ - | $ 96,200.48 | 5% | 1.25% | $ 1,202.51 | $ 97,402.99 |
| 2022 | 4 | $6,760.00 | $ 11,000.00 | $ - | $ - | $ 97,402.99 | 6% | 1.50% | $ 1,461.04 | $ 98,864.04 |
| 2023 | 1 | $6,760.00 | $ 11,000.00 | $ - | $ - | $ 98,864.04 | 7% | 1.75% | $ 1,730.12 | $100,594.16 |
| | | | | | $ 85,200.00 | | | | | |
| | | | | | | | | | Final Backpay Amount, Inclusive of Prejudgment Interest | $100,594.16 |

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVITA M. KEY,                          )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     CIVIL CASE NO. 2:19-cv-767-ECM
                                        )              (WO)
DYNAMIC SECURITY, INC.,                 )
                                        )
          Defendant.                    )

## MEMORANDUM OPINION and ORDER

## I. INTRODUCTION and BACKGROUND

Now pending before the Court is Defendant Dynamic Security, Inc.'s ("Dynamic") motion for renewed judgment as a matter of law as to liability and punitive damages; to vacate, alter or amend the judgment; or, alternatively, for a new trial or remittitur of emotional distress and punitive damages. (Doc. 197). For the reasons that follow, the motion is due to be DENIED.

This case arises out of Plaintiff Davita M. Key's ("Key") two-day employment as a security guard assigned to a position at a Hyundai car manufacturing plant through Dynamic, a temporary employment agency. Key claimed sex discrimination, race discrimination, and retaliation against Dynamic and two Hyundai defendants. The only claim to survive summary judgment, however, was her race retaliation claim brought against Dynamic pursuant to 42 U.S.C. § 1981. Accordingly, Key's retaliation claim was the sole claim in the Court's pretrial order. (Doc. 178 at 2).

At trial on this claim, Key presented evidence that Gloria Robinson ("Robinson"), an employee working for one of the Hyundai defendants, told her that Koreans[1] sent memos about how they do not like African Americans wearing their hair in dreadlocks. Because of this comment, Key testified that she felt there was a hair policy specifically targeting African Americans, which constituted race discrimination. Based on that belief, Key complained to Dynamic's district manager, Ray Cureton ("Cureton"), that she felt Hyundai discriminated against her based on her hairstyle (dreadlocks). Key was subsequently removed from her position at the Hyundai plant.

Key also testified that she filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") soon after being removed from the plant, which detailed, among other claims, a claim of race discrimination based on Robinson's comment. The jury heard evidence that Dynamic received this Charge of Discrimination about a week later. The jury also saw an email conversation between Cureton and Dynamic's human resources director, Sherry Spires ("Spires"), about whether to place Key at another temporary position while her Charge of Discrimination was pending. Key testified that Dynamic never offered her another position, effectively terminating her employment.

Dynamic, on the other hand, put forth evidence at trial to rebut much of Key's testimony. Robinson testified that she never told Key about memos from Koreans targeting African Americans and that such memos, to her knowledge, did not exist.

[1] Hyundai is a company based in South Korea. Throughout testimony and evidentiary materials in this case, individuals refer to Hyundai upper-level management as "the Koreans." (*See, e.g.*, doc. 68-12 at 41).

2

Spires testified that Cureton did offer Key further assignments, but that Key rejected them.  Cureton and Spires both testified that they did not consider a complaint about discrimination based on hairstyle to be a complaint about race discrimination.

After Key presented her case, Dynamic moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on Key's § 1981 retaliation claim.  Dynamic argued, in part, that there was no evidence to support a § 1981 retaliation claim because Key's internal complaint to Cureton did not constitute protected activity.  Dynamic argued that its employees never knew that Key's complaint about discrimination based on her dreadlock hairstyle was a complaint about race discrimination.  This argument was based largely on Dynamic's reading of *E.E.O.C. v. Catastrophe Management Solutions*, 852 F.3d 1018 (11th Cir. 2016).  Because *Catastrophe Management* held that a race-neutral grooming policy which prohibits dreadlocks did not constitute race discrimination, according to Dynamic, Key's complaint about discrimination based on her hairstyle did not qualify as protected activity, *i.e.*, a complaint about race discrimination.  Therefore, Dynamic argued that Key did not present evidence to satisfy the first element of her § 1981 retaliation claim.

The Court denied Dynamic's Rule 50(a) motion.  After Dynamic put on its evidence, but before the case was submitted to the jury, the Court denied Dynamic's renewed motion for judgment as a matter of law.  The jury returned a verdict in favor of Key, awarding her $85,200 for net lost wages and benefits, $214,864 for emotional pain and mental anguish, and $511,200 for punitive damages.  The Court entered final

3

judgment in accordance with the jury verdict.  After trial, pursuant to Federal Rule of Civil Procedure 50(b), Dynamic renewed its motion for judgment as a matter of law as to liability and punitive damages, or, alternatively, for a new trial. (Doc. 197).  It reiterated much of the same arguments which the Court has previously rejected throughout this litigation.[2]

## II. LEGAL STANDARD

The standard for granting a Rule 50(b) motion is "the same as the standard for granting the pre-submission motion under 50(a)." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (alteration adopted).  A court "confronting a renewed Rule 50(b) motion" must question "whether the evidence is 'legally sufficient to find for the party on that issue.'" *Id.* (alteration adopted) (quoting FED. R. CIV. P. 50(a)(1)).  To do so, "the court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1560 (11th Cir. 1995)). "[T]he non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000).  Accordingly, courts should only grant a motion under Rule 50 "when the evidence is so weighted in favor of one side that that party is entitled to succeed in his or her position as a matter of law." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

---

[2] The Court will not revisit every argument addressed in its prior decisions.  Instead, the Court will focus on key arguments raised by Dynamic in its motion which the Court seeks to further clarify.

4

Alternatively, a court may grant a losing party's motion for a new trial under Federal Rule of Civil Procedure 59 on the grounds that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *McGinnis*, 817 F.3d at 1254 (alteration adopted) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). Under Rule 59(a), a court has the discretion to grant a new trial if it finds "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984) (alteration adopted) (citation omitted). The Court "is free to weigh the evidence" on a motion for new trial, including both "that evidence favoring the jury verdict" and "evidence in favor of the moving party." *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982) (citation omitted).

### III. DISCUSSION

#### A. Dynamic's Renewed Motion for Judgment as a Matter of Law

Dynamic's renewed motion for judgment as a matter of law under Rule 50(b) is due to be denied on grounds nearly identical to those espoused by the Court in its prior decisions throughout this litigation. To begin, as the Court reasoned in its summary judgment order, this case is distinguishable from *Catastrophe Management*. In that case, the actual grooming policy itself was at issue, which the Circuit held did not constitute

5

race discrimination if it was applied "even handedly." *Catastrophe Mgmt.*, <u>852 F.3d at</u> <u>1032</u>–33. The jury heard evidence at this trial that Key *believed* a grooming policy was *not applied* even handedly. Key testified that Robinson told her Koreans sent memos saying they did not want African Americans to wear their hair in dreadlocks. Because this trial concerned a retaliation claim, whether there existed such a policy targeting African Americans was not at issue; rather, the concern was whether Key had a good faith belief that a racially targeted policy existed when she complained to Cureton about discrimination. *See Furcron v. Mail Ctrs. Plus, LLC*, <u>843 F.3d 1295, 1312</u> (11th Cir. 2016) ("[T]he plaintiff is not required to prove that the discriminatory conduct complained of was actually unlawful. The conduct opposed need only be close enough to support an objectively reasonable belief that it is." (quotations and citation omitted)). The jury found that she did.

Moreover, evidence supported Key's belief that a facially race-neutral grooming policy was being unevenly applied to African Americans, which takes this case outside of the scope of *Catastrophe Management*. A reasonable jury could take Key's complaint to Cureton "in its social context"—with its temporal proximity to the alleged statement about how "the Koreans" did not want "African Americans" wearing dreadlocks—to find that Key and Cureton reasonably believed such a complaint was about race discrimination. *See Furcron*, <u>843 F.3d at 1312</u>. Although the jury also heard contradicting evidence, it was precisely the jury's role to weigh the competing evidence. *See Lewis v. City of Union*, <u>934 F.3d 1169, 1179</u> (11th Cir. 2019) (explaining that, at

6

summary judgment, a court "may not weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge'" (quoting *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013)).  The Court will not now usurp the jury's role by finding one witness or version of events more credible than another.

Finally, Dynamic renews its motion for judgment as a matter of law on the basis that the award of punitive damages should not stand since Cureton, the decisionmaker who decided not to reassign Key, was not high enough in the corporate structure to attribute his actions to Dynamic as a whole.  However, Dynamic never raised the corporate hierarchy issue in connection with punitive damages in its Rule 50(a) motion, which precludes the granting of Dynamic's Rule 50(b) motion on such a basis. *Johnston v. Borders*, 36 F.4th 1254, 1270 n.31 (11th Cir. 2022) (noting that "[d]istrict courts lack authority to grant a Rule 50(b) motion on a ground not previously raised in a Rule 50(a) motion prior to the submission of the case to the jury.").

Therefore, as the Court concluded on Dynamic's two pre-submission motions for judgment as a matter of law, making all reasonable inferences in Key's favor, there was a "legally sufficient evidentiary basis for a reasonable jury to find" for Key on her § 1981 retaliation claim. *Beckwith*, 58 F.3d at 1560.  Further, such claim was properly asserted against Dynamic at trial as it was the sole claim in the Court's pretrial order. (Doc. 178 at 2); *see Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (noting that pre-trial orders supersede all prior pleadings).

7

**B.      Dynamic's Remaining Contentions**

Dynamic also moves to vacate, alter, or amend the judgment, or, alternatively, for a new trial under Rule 59 or remittitur of emotional distress and punitive damages. (Doc. 197 at 1).  Dynamic contends, in part, that a new trial is warranted due to errors in the Court's jury instructions and its failure to enforce a "jury waiver" purportedly signed by Key.

Restating the applicable standard, a court may grant a losing party's motion for a new trial under Federal Rule of Civil Procedure 59 on the grounds that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *McGinnis*, 817 F.3d at 1254 (alteration adopted) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

The Court does not find that the jury verdict is "against the weight of the evidence," nor that the amount of damages is "excessive" or the result of an unfair trial. *Id.* at 1245.  As with the Court's conclusion regarding Dynamic's Rule 50(b) motion, the jury heard competing evidence as to whether Key formed a reasonable, good faith belief that she complained about race discrimination.   The jury also heard evidence that Dynamic knew Key's complaint was based on race discrimination.  Therefore, the jury's choice to believe Key's version of events was based on evidence legally sufficient to return a verdict against Dynamic, and to award both compensatory and punitive damages.

8

Dynamic additionally takes issue with the jury instructions given at trial. Over the objection of Dynamic, the Court gave the Eleventh Circuit Pattern Jury Instructions for civil jury trials. To avoid confusing the jury, the Court gave the pattern jury instruction for a retaliation claim almost verbatim. Contrary to Dynamic's assertion, the pattern jury instruction accurately describes the law on what constitutes a protected activity, and this Court's instruction was consistent with that requirement. *See* 11TH CIR. PATTERN JURY INST. 4.22 ("For the first element, [name of plaintiff] claims that [he/she] engaged in protected activity when [he/she] [describe opposition clause activity]. That action is 'protected activity' if it was based on [name of plaintiff]'s good-faith, reasonable belief that [name of defendant] discriminated against [him/her/another employee] because of [protected trait]."); *see also Fields v. Dep't of Juvenile Just.*, 712 F. App'x 934, 937–38 (11th Cir. 2017) (holding the pattern jury instruction for retaliation claims does not misstate the law nor mislead the jury).

Similarly, the Court finds Dynamic's renewed arguments regarding Key's purported jury waiver to be unpersuasive. To that end, the Court adopts its reasoning articulated in denying Dynamic's initial motion to strike Key's jury trial demand, (doc. 147), and notes that there is not sufficient evidence that Key "knowingly and intentionally waived" her Seventh Amendment right to a trial by jury. *Aponte v. Brown & Brown of Fla., Inc.*, 806 F. App'x 824, 827 (11th Cir. 2020); *cf. Haynes v. W.C. Caye & Co.*, 52 F.3d 928, 930 (11th Cir. 1995) (holding the waiver of a jury right "is not to be lightly inferred" (citation omitted)); *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir.

9

1995) ("[C]ourts must indulge every reasonable presumption against waiver." (citation omitted)).  Specifically, although Key signed a document agreeing to be bound by the provisions in an employment handbook given to her at Dynamic's orientation, insufficient evidence was presented to show that she specifically read the "Waiver of Trial by Jury" provision on page thirty-seven of the handbook before beginning work. (Doc. 89-1 at 6).  In fact, Key testified at trial that she does not remember whether she read the jury waiver provision before beginning work.  The Court reiterates that this evidence is insufficient to constitute a knowing and voluntary waiver of Key's Seventh Amendment right to a trial by jury.

In sum, Dynamic restates many of its prior arguments to claim legal error and in seeking the Court to second guess the jury which found it liable for Key's § 1981 retaliation claim.  However, Dynamic fails to meet its burden under Rules 50 and 59. Accordingly, for the reasons stated and for good cause, it is

ORDERED  that Dynamic's motion (doc. 197) is DENIED.

Done this 11th day of March, 2024.


_____/s/ Emily C. Marks_____
EMILY  C.  MARKS
CHIEF  UNITED  STATES  DISTRICT  JUDGE

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) | |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND JUDGMENT

On March 29, 2023, after this case had been presented to a jury, a verdict was returned as follows:

## 41 U.S.C. § 1981 RETALIATION CLAIM

Do you find from a preponderance of the evidence:

1.  That Davita M. Key engaged in protected activity?

    a.  Answer:  <u>Yes</u>

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.

2.  That Dynamic Security, Inc. took an adverse employment action against Davita M. Key?

    a.  Answer:  <u>Yes</u>

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.

3.    That Dynamic Security, Inc. took the adverse employment action because of Davita M. Key's protected activity?

  a.  Answer:   <u>Yes</u>

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," go to the next question.

4.    That Davita M. Key suffered damages because of the adverse employment action?

  a.  Answer:   <u>Yes</u>

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.  If your answer is "Yes," then go to the next question.

5.    That Davita M. Key should be awarded damages to compensate for a net loss of wages and benefits to the date of your verdict?

  a.  Answer:   <u>Yes</u>

  b.  If your answer is "Yes," in what amount?  $ <u>85,200.00</u>

6.    That Davita M. Key should be awarded damages to compensate for emotional pain and mental anguish?

  a.  Answer:   <u>Yes</u>

  b.  If your answer is "Yes," in what amount?  $ <u>214,864.00</u>

If you did not award damages in response to either Question Nos. 5 or 6, this will end your deliberations, and your foreperson should go to the end of this verdict form to sign and date it.  If you awarded damages in response to Question Nos. 5 or 6 (or both), go to the next question.

7.    That punitive damages should be assessed against Dynamic Security, Inc.?

  a.  Answer:   <u>Yes</u>

  b.  If your answer is "Yes," in what amount?  $ <u>511,200.00</u>

2

SO SAY WE ALL, this the 29th day of March, 2023.

            /s/  William L. Gallahair
            Foreperson's Signature

It is, therefore, the ORDER, JUDGMENT, and DECREE of the Court, based on the jury verdict, that judgment is entered in favor of the Plaintiff Davita M. Key and against the Defendant Dynamic Security, Inc. as follows:

1.       Compensatory damages in the amount of $300,064.00

2.       Punitive damages in the amount of $511,200.00.

3.       Costs are taxed against the Defendant for which execution may issue.

The Clerk of the Court is DIRECTED to enter this as a Final Judgment pursuant to Federal Rule of Civil Procedure 58.

DONE this 30th day of March, 2023.

            /s/ Emily C. Marks
            EMILY C. MARKS
            CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVITA M. KEY,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )      CIVIL CASE NO. 2:19-cv-767-ECM
                                        )
DYNAMIC SECURITY, INC.                  )
                                        )
            Defendant.                  )

# **O R D E R**

The Court held a pretrial conference for this matter on February 21, 2023.  For the

reasons set forth by the Court during the pretrial conference, it is

ORDERED that:

1)      The Defendant's Motion to Strike Plaintiff's Jury Demand (doc. 89) is

        DENIED;

2)      The Defendant's Motion to Reconsider (doc. 145) is DENIED;

3)      The Defendant's Motion for Enlargement of Time to File Jury Instructions,

        Voire Dire Questions, and Motions in Limine (doc. 146) is GRANTED, and

        the parties shall submit these filings on or before **February 28, 2023**.

        Objections to motions in limine, fully briefed, must be filed on or before

        **March 7, 2023**.

4)      The parties are DIRECTED to jointly prepare a proposed pretrial order, and

        the Plaintiff shall ensure that the original of the proposed pretrial order is

        received by the Court on or before **February 23, 2023,** by transmitting an

electronic copy of the proposed pretrial order to the Court as an attachment

to an email message sent to propord_marks@almd.uscourts.gov.

Done this 21st day of February, 2022.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

2