IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) | |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DYNAMIC SECURITY, INC.'S REQUEST TO FILE A SUMMARY JUDGMENT MOTION AND TO SET BRIEFING SCHEDULE**

Defendant Dynamic Security, Inc. ("DSI") requests the Court to allow it to file a motion for summary judgment related to certain issues not addressed by the Court on DSI's Motion for Summary Judgment. In support of this motion, DSI states as follows:

1. Counsel for Defendant contacted Plaintiff's counsel to determine if Plaintiff opposed this motion, but as of the present time counsel for Plaintiff has not responded.

2. In the above-referenced matter, Plaintiff asserted claims for pregnancy discrimination, race discrimination, and racial retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and for race discrimination and racial retaliation under 42 U.S.C. § 1981. (Doc. 28).

3. On February 10, 2023, this Court entered an Order granting summary judgment in DSI's favor (the "Summary Judgment Order") on all of Plaintiff's Title VII claims on the basis that Plaintiff failed to file her suit within 90 days of Plaintiff's presumed receipt of the Equal Employment Opportunity Commission's Notice of Right to Sue ("NRTS"). (Doc. 138 at 19-24).

4. On August 5, 2006, the Eleventh Circuit reversed the Court's Order dismissing Plaintiff's Title VII claims. (Doc. 76-1 at 13). With the Title VII claims against DSI being reinstated, there are several issues that the Court did not address in the Summary Judgment Order that DSI briefed and that DSI requests be addressed.

5. Because this Court found that Plaintiff's Title VII claims were untimely filed, the Summary Judgment Order did not address the other arguments DSI raised for dismissal of Plaintiff's Title VII claims. Those arguments include that Plaintiff's claim that she was terminated or that certain acts resulted in a termination were due to her pregnancy was not included in Plaintiff's EEOC Charge, that certain Title VII claims were not asserted against DSI, and that Plaintiff had no substantial evidence of race discrimination.

6. Also, the Summary Judgment Order has already entered judgment on Plaintiff's § 1981 race discrimination claim against DSI (doc. 138 at 24-31), and that claim is identical to Plaintiff's Title VII race discrimination claim. The Summary

Judgment Order also has entered summary judgment for the other Defendants on Plaintiff's race discrimination claims under Title VII and § 1981 on grounds that would be applicable to DSI. (*Id.*)

7. Unless the Court decides to dismiss without a motion Plaintiff's Title VII race discrimination claims, DSI requests permission to brief that the Court's prior orders, which have been affirmed by the Eleventh Circuit Court of Appeals, require dismissal of Plaintiff's Title VII race discrimination claims.

8. DSI is not requesting the Court reconsider any of its prior rulings, but in order to narrow potentially the issues at trial and to avoid unnecessary use of resources by the Court or the Parties, DSI has three other arguments it wishes to raise on a motion for summary judgment.

9. DSI has also requested the Court reopen discovery and allow DSI to depose an EEOC representative regarding the EEOC's communications with Plaintiff, its mailing procedures for an NRTS generally, the mailing of the NRTS relating to Plaintiff's EEOC Charge against DSI specifically, and what its records show regarding the communications and mailing. If based on the information received during that deposition, DSI believes, consistent with the Eleventh Circuit's reversal on this specific issue, a motion for summary judgment on the timeliness of Plaintiff's Complaint is appropriate, DSI requests permission to file such a motion.

10. DSI also requests that it be allowed to file a motion for summary judgment with respect to whether Plaintiff has substantial evidence of any claim that Dynamic took adverse action against Plaintiff due to her pregnancy. DSI asserts that the evidence, particularly Plaintiff's deposition and trial testimony, will establish Plaintiff does not have substantial evidence to support that claim.

11. DSI also requests the opportunity to brief fully the issue of whether the statement on which Plaintiff bases her good faith belief to support her retaliation claim (Plaintiff's testimony that a Dynamic supervisor told her about memos "the Koreans" had that stated how they felt about African-Americans and dreadlocks) is barred by the Best Evidence Rule. Rule 1002, Fed. R. Evid. DSI raised this on a motion in limine (that was denied) and briefed it fully before the Eleventh Circuit, but the Eleventh Circuit did not address the issue in its Opinion.

12. The Best Evidence Rule applies not only to the admission of copies or to when a party needs to prove the existence or the contents of a document to establish the elements of a claim or defense, but, according to the Eleventh Circuit, applies whenever a party attempts to describe the contents of a writing without producing the document. *Roundtree v. Bowers*, No. 22-11557, 2022 WL 17986182 *3 (11th Cir. December 29, 2022) ("This rule applies when a witness seeks to testify about the contents of a recording when the witness was not privy to the events described."); *Benjamin v. Thomas,* 766 Fed. Appx. 834, 837 (11th Cir. 2019) ("[T]he

best evidence rule thus applies 'when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself - particularly when the witness was not privy to the events those contents describe."); *see also Medina v. Multaler*, No. CV 06-00107 MMM (AJWx), 2007 WL 5124009 *1 (C.D. Cal. February 7, 2007) (testimony describing an email stating "that [plaintiff's] pregnancy was 'bad' or 'bad timing' for the company" was barred; such testimony "triggers both of the evidentiary concerns that underpin the best evidence rule, i.e., 'guard[ing] against incomplete or fraudulent proof,' and preventing inaccuracies.") (quotation omitted).

WHEREFORE, for the reasons stated herein, DSI requests that it be allowed to file a motion for summary judgment to address the Title VII issues raised in DSI's prior summary judgment motion that were not ruled upon in the Summary Judgment Order, Plaintiff's Title VII race discrimination claim, the timeliness of all of Plaintiff's Title VII claims (following the EEOC's deposition if allowed by the Court), the merits of Plaintiff's pregnancy discrimination claim, and whether Rule 1002, Fed. R. Evid., bars the statement on which Plaintiff bases her good faith belief that she was subjected to race discrimination.

Respectfully submitted,

*/s/Wesley Redmond*
WESLEY C. REDMOND
SUSAN W. BULLOCK
FORDHARRISON LLP
420 20th Street North, Suite 2560
Birmingham, AL 35203
Phone: (205) 244-5905
(205) 244-5904
Email: wredmond@fordharrison.com
sbullock@fordharrison.com

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 22, 2026, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233

*Counsel for Plaintiff*

/s/Wesley C. Redmond
Wesley C. Redmond

WSACTIVELLP:115680336.1 - 10/21/2026 4:20 PM