IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVITA M. KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:19-cv-767-ECM |
| | ) | |
| DYNAMIC SECURITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DYNAMIC SECURITY, INC.'S REQUEST TO REOPEN DISCOVERY FOR A LIMITED PURPOSE**

Defendant Dynamic Security, Inc. ("DSI") requests the Court to reopen discovery for the limited purpose of deposing a representative of the Equal Employment Opportunity Commission (the "EEOC") regarding the EEOC's communications with Plaintiff, its procedures for mailing Notices of Right to Sue to Charging Parties, and whether that was followed in the Plaintiff's Charge of Discrimination filed with the EEOC and the resulting Notice of Right to Sue. In support of this motion, DSI states as follows:

1. Counsel for Defendant contacted Plaintiff's counsel to determine if Plaintiff opposed this motion, but as of the present time counsel for Plaintiff has not responded.

2. In the above-referenced matter, Plaintiff asserted claims for pregnancy discrimination, race discrimination, and racial retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). (Doc. 28 ¶¶ 96-108, 109 - 124, 139-150).

3. On February 10, 2023, this Court entered judgment in DSI's favor on all of Plaintiff's Title VII claims on the basis that Plaintiff failed to file her suit within 90 days of the presumed receipt of the EEOC's Notice of Right to Sue ("NRTS"). (Doc. 138 at 19-24).

4. On August 5, 2026, the Eleventh Circuit reversed that judgment and held that it is a jury question regarding when the Plaintiff received a copy of the NRTS. (Doc. 76-1 at 13).

5. The deposition of a representative from the EEOC to determine its communications with Plaintiff and to explain its mailing procedures is relevant to establishing when Plaintiff received or should be presumed to receive a copy of the NRTS. As the evidence established, Plaintiff received three other notices from the EEOC at her mailing address. (Doc. 74 at 16) (citing Ex. 1, Pl. Depo., 188:13-189:6, 189:20-190:6, 190:11-191:5; Ex. 20, DX 24: Ex. 21, DX 25; and Ex. 22, DX 26).

6. The Eleventh Circuit's opinion specifically noted that the evidence on summary judgment was that "the EEOC never notified [Plaintiff] that it had

dismissed the charge against Dynamic." (Doc. 76-1 at 13). DSI requests to take this one deposition to determine what communications the EEOC had with the Plaintiff.

7. Evidence that confirms the date the NRTS was mailed and that the same procedure was used as in the other notices is relevant to the issue of the timeliness of the Plaintiff's Title VII claims.

8. Also, the Eleventh Circuit has stated "[t]estimony concerning specific office procedures for preparing and mailing notices in addition to evidence of mail received from the purported sender at the same address (and by other designated recipients in the normal course) is sufficient to raise a presumption of properly mailed documents." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005).

9. DSI has already presented evidence of two of the factors needed to raise the presumption. It has produced undisputed evidence that Plaintiff has received other notices from the EEOC at that address and that DSI received the NRTS dismissing Plaintiff's Charge against DSI. DSI requests to be allowed to establish the specific office procedures used in mailing the NRTS from the DSI Charge to Plaintiff.

WHEREFORE, DSI requests the Court reopen discovery to allow the deposition of an EEOC representative on the subjects set forth in this motion.

Respectfully submitted,

*/s/Wesley C. Redmond*
WESLEY C. REDMOND
SUSAN W. BULLOCK
FORDHARRISON LLP
420 20th Street North, Suite 2560
Birmingham, AL 35203
Phone: (205) 244-5905
(205) 244-5904
Email: wredmond@fordharrison.com
sbullock@fordharrison.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 22, 2026, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to:

Heather Leonard
Heather Leonard, P.C.
2105 Devereaux Cir., Suite 111
Birmingham, AL 35243

Leslie A. Palmer, LLC
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233

*Counsel for Plaintiff*

*/s/Wesley C. Redmond*
Wesley C. Redmond

WSActiveLLP:115680371.1 - 10/21/2026 4:06 PM