**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **Davita Key,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 2:19-cv-767-ECM |
| | ) | |
| **Dynamic Security, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST TO REOPEN DISCOVERY AND RE-FILE SUMMARY JUDGMENT

Plaintiff Davita M. Key ("Key" or "Plaintiff"), pursuant to the Court's Order of October 22, 2026 (Doc. 244), responds in *opposition* to Defendant Dynamic Security, Inc.'s ("Dynamic" or "DSI") Request to Reopen Discovery for a Limited Purpose (Doc. 242) and Request to File a Summary Judgment Motion and to Set Briefing Schedule (Doc. 241). These matters have been decided or waived and both requests should be denied.

## I. INTRODUCTION

Dynamic's motions seeking to reopen discovery and re-brief summary judgment ask this Court to reopen issues previously decided or waived, seeking a second bite at the apple. The Eleventh Circuit's opinion and incorporated mandate addresses the EEOC timeliness issue for which Dynamic asks for discovery.

Additionally, the arguments Dynamic requests to brief on summary judgment were either ripe but not raised by Dynamic more than 4 years ago on summary judgment and therefore waived, or have already been ruled on by this Court

## II. RELEVANT BACKGROUND

1. Key has disputed receipt of the EEOC Right to Sue from the beginning of this litigation. Her Amended Complaint, filed June 1, 2020, pled that she never received a right-to-sue notice on her charge against Dynamic and believed her claims against Dynamic had been incorporated with her HMMA charge (Doc. 28 ¶¶ 31–33). More than two years later, on September 2, 2022, discovery closed without Dynamic seeking any discovery from the EEOC on the issue. (Doc. 57).
2. On October 12, 2022, Dynamic moved for summary judgment on all claims (Docs. 73, 74). On timeliness, Dynamic relied on the EEOC mailing date, its own receipt of the notice, and Key's receipt of other EEOC correspondence, and it cited *Kerr v. McDonald's Corp.*, 427 F.3d 947 (11th Cir. 2005), the same case on which its present motion relies (Doc. 74 at 15–18; Doc. 242 ¶ 8). Dynamic's remaining arguments were (a) failure to exhaust *any* termination claim, (b) that Counts Two through Five were not pled against Dynamic, (c) that a dreadlocks policy cannot support a race discrimination claim, and (d) that complaints about hairstyle are not protected activity (Doc.

74 at 18–32). Dynamic raised no argument on the merits of the Title VII pregnancy discrimination claim and no Best Evidence Rule argument.

3. Key's opposition noted that timeliness was "Dynamic's only challenge to Key's pregnancy discrimination claims" and that Dynamic "did not address the substantive allegations raised by Key alleging that [it] violated Title VII as amended by the Pregnancy Discrimination Act" (Doc. 82 at 48–49, 80). Dynamic's reply did not respond with any merits argument on the pregnancy claim (Doc. 87).

4. On appeal, the Eleventh Circuit issued a published opinion. It reversed the Title VII timeliness ruling, specifically stating "we find that Key has met her burden to establish that the failure to receive the right-to-sue letter was in no way her own fault . . ." and "at trial, the jury must determine the date by which Key was on notice of her right to sue." (Doc. 238 at 14-15). The court opinion remanded the case "for further proceedings consistent with this opinion" (Doc. 238 at 18).

5. Dynamic briefed and argued its Best Evidence Rule argument at trial, on posttrial motions, and on appeal; (Doc. 156, 197, 211).

6. The appeals court declined to reach the remaining trial arguments. (Doc. 238. at 18. It issued the mandate on October 7, 2026. (Doc. 239).

## III. ARGUMENT

### A. The Law of the Case Precludes any Reconsideration of the Timeliness Before trial.

Under the law-of-the-case doctrine, "the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *This That & The Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006); *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990). The doctrine serves to bring "an end to litigation" and to protect "against the agitation of settled issues." *This That & The Other*, 439 F.3d at 1283. It reaches "things decided by necessary implication as well as those decided explicitly." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005) (quoting *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir. 1984)).

The mandate rule is "a specific application of the 'law of the case' doctrine." *Transamerica*, 430 F.3d at 1331 (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985)). A district court receiving an appellate mandate "may not alter, amend, or examine the mandate, or give any further relief or review," but "must enter an order in strict compliance with the mandate" and "is bound to follow the appellate court's holdings, both expressed and implied." *Id.*

The Eleventh Circuit made a factual finding holding “we find that Key has met her burden to establish that the failure to receive the right-to-sue letter was in

no way her fault and that she took 'minimum responsibility . . . for an orderly and expeditious resolution of [her] claims.'" (Doc. 238 at 13). Adopting *Hayes v. N.J. Department of Human Services*, 108 F.4th 219 (3d Cir. 2024), the court held that Key "'introduced enough evidence to rebut the three-day presumption' and 'create[d] a dispute of material fact sufficient to defeat summary judgment on timeliness.'" (Doc. 238 at 15). It then told this Court what happens next: "Therefore, at trial, the jury must determine the date by which Key was on notice of her right to sue Dynamic." (Doc. 238 at 15). That is an express instruction. A renewed Rule 56 motion on timeliness, or reopening discovery to allow for additional evidence would ask this Court to "examine" and "give . . . further relief or review" on the very issue the mandate resolved. *Transamerica Leasing*, 430 F.3d at 1331. Dynamic acknowledges as much. Its own motion describes the ruling as holding "that it is a jury question regarding when the Plaintiff received a copy of the NRTS" (Doc. 242 ¶ 4), yet it asks for leave to file a timeliness summary judgment motion "consistent with the Eleventh Circuit's reversal on this specific issue" (Doc. 241 ¶ 9). No motion consistent with that reversal can take the question from the jury.

**B. Dynamic Has Not Shown Good Cause to Reopen Discovery Four Years After It Closed.**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). That standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted); *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). A remand for a new trial does not reset the discovery calendar. The question remains whether Dynamic could have obtained this evidence during the discovery period with reasonable diligence. It plainly could have. Reopening discovery would prejudice key by further delaying an already aged case. Discovery should not be reopened merely because Dynamic chose to not pursue it the first go-‘round.

**C. Dynamic Is Not Entitled to a Second Round of Summary Judgment.**

The dispositive motion deadline in this case passed in 2022, and Dynamic used it. Leave to file a new motion after that deadline requires the same Rule 16(b)(4) showing of good cause and diligence. *Sosa*, 133 F.3d at 1418. Dynamic's request falls into three groups. None warrants a new motion.

First, Dynamic forfeited any challenge to the merits of the Title VII pregnancy claim. It’s 2022 motion sought summary judgment on "all claims," yet it

offered no argument that Key lacked evidence of pregnancy discrimination (Doc. 74). Key noted this in her opposition (Doc. 82 at 48–49, 80). Dynamic's reply was its chance to respond, and it raised no merits argument on the pregnancy claim (Doc. 87). The first opportunity to make this argument was more than four years ago, and Dynamic let it pass.

Second, Dynamic's best evidence rule argument is an evidentiary issue the Court has already decided (that was never raised at summary judgment). Dynamic admits it raised its Best Evidence Rule objection by motion in limine, that the Court denied it, and that the Eleventh Circuit declined to address it (Doc. 241 ¶ 11; Doc. 238 at 18). The Court's ruling stands. Dynamic did not raise the objection in either of its 2022 summary judgment briefs, so it is not an "issue[] raised in DSI's prior summary judgment motion that w[as] not ruled upon" (Doc. 241 at 5). The admissibility of trial testimony is a matter for motions in limine and the pretrial order, not a basis for summary judgment. Summary judgment is not the proper vehicle.

Third, the remaining arguments (exhaustion of any termination claim, whether Counts Two through Five were pled against Dynamic, and whether a dreadlocks policy can support race discrimination) were already briefed, in full, and not entitled to a second round. (Doc. 74, opposed in Doc. 82, and answered in Doc. 87). Dynamic concedes these are issues "that DSI briefed" (Doc. 241 ¶ 4). If

the Court wishes to reach them, it can do so on the existing briefs. Key stands on her opposition (Doc. 82 §§ V.A.1, V.B, V.D–E). Re-briefing would add cost and delay without adding anything the Court does not already have.

The same is true of Dynamic's request to brief whether the affirmance of the § 1981 race discrimination ruling requires dismissal of the Title VII race discrimination claim (Doc. 241 ¶¶ 6–7). Dynamic briefed the race discrimination question under both statutes in 2022 (Doc. 74 at 26–28; Doc. 87 at 22–24). The Eleventh Circuit affirmed only "Key's § 1981 race discrimination claim against Dynamic" and, "as to Key's other claims against Dynamic," reversed and remanded (Doc. 238 at 18). The Title VII race claim is one of those other claims. The court did not expectedly exclude the Title VII race claim and does not therefore *require* dismissal. Additional briefing is not necessary on this issue.

## IV. CONCLUSION

The Eleventh Circuit held that Key rebutted the presumption of receipt and directed that "at trial, the jury must determine the date by which Key was on notice of her right to sue Dynamic." That holding is the law of the case, and the mandate rule forbids a second summary judgment proceeding designed to take the question back from the jury. Dynamic has shown no good cause to file a new summary judgment motion on arguments it either already briefed or chose not to make at the first opportunity. Plaintiff respectfully requests that the Court DENY Dynamic's

Request to Reopen Discovery for a Limited Purpose (Doc. 242) and its Request to File a Summary Judgment Motion and to Set Briefing Schedule (Doc. 241), and set this case for trial.

Respectfully submitted on November 5, 2026,

/s/Leslie Palmer
Attorney for Plaintiff
ASB-0436-L40P

Leslie Palmer
PALMER LAW, LLC
2 North 20th Street, Suite 900
Birmingham, AL 35203
Telephone: (205) 285-3050
Email: leslie@palmerlegalservices.com

Heather Newsom Leonard
HEATHER LEONARD, P.C.
1023 Edenton St.
Birmingham, AL 35242
Telephone: (205) 977-5421
Email: Heather@HeatherLeonardPC.com

**Certificate of Service**

I hereby certify that on this date, November 5, 2026, I served the foregoing document on Counsel of Record by electronically filing the same with the Court's CM/ECF system or via electronic mail as appropriate.

Counsel for Dynamic Security, Inc.
Wesley C. Redmond
Susan W. Bullock
FordHarrison, LLP
wredmond@fordharrison.com
sbullock@fordharrison.com

*/s/Leslie Palmer*
OF COUNSEL